# EXHIBIT A

## **EXHIBIT A**

## **DEFINITIONS**

1. The "Patents-in-Suit" means United States Patent Nos. 4,982,377 and 5,222,624.

2. "Related Patent" or "Related Application" means each patent or application, whether United States or foreign, and whether abandoned or issued, to which any Patent-in-Suit claims priority, or that claims priority to any of the Patents-in-Suit, or that claims priority to the same patents and applications to which any Patent-in-Suit claims priority, including any continuations, continuations-in-part, divisions, re-examinations, reissues, and any other patents or applications disclosing, describing, or claiming any invention or subject matter disclosed, described, or claimed in the Patents-in-Suit.

3. "GTECH" means plaintiff GTECH Corporation, its parents, subsidiaries and affiliated companies, including Interlott Technologies, Inc.

4. "Scientific Games" means defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation.

5. "Document" includes any written, printed, recorded, reproduced or graphically depicted matter in your actual or constructive possession, custody or control, whether stored on paper or otherwise, including, but not limited to, computer printouts, computer files, computer disks, computer tapes and database records, or any computerized information of any other kind, correspondence, e-mail, memoranda, reports, studies, statements, notes, computations, records and plans, further including every non-identical draft or copy thereof, and any physical specimen or tangible item in your actual or constructive possession, custody or

control, including, but not limited to, research and development samples, prototypes, production samples, and all other tangible things which come within the meaning of terms "documents" or "tangible things" used in Fed. R. Civ. P. 34 or "writings and recordings" used in Fed. R. Evid. 1001.

6. "Communicate" or "communication" means every manner or means of disclosure, transfer, transmission or exchange of information whether person-to-person, in a group, by telephone, by letter, facsimile, telex or telecopy, or by any other process, electric, electronic or otherwise, and includes any document as defined herein, including any medium that abstracts, digests, records, or transcribes any such communication, or any subsequent review or discussion of such communication.

## REQUESTS FOR PRODUCTION

1. All documents relating to either or both of the Patents-in-Suit, Related Patents, or Related Applications.

2. All documents relating to any past or current ownership of any right, title or interest in either or both of the Patents-in-Suit, including, but not limited to, any assignments, transfers, sales, licenses, or security agreements, and any and all exhibits, amendments, or appendices thereto.

3. All documents relating to the conception, reduction to practice, or development of the subject matter of the Patents-in-Suit, including, but not limited to, project proposals, memos, notes, emails, inventor notebooks, invention disclosures, communications regarding product development, revision histories, drawings, specifications, status reports, progress reports or summaries, development schedules or projections and technical documentation.

4. All documents relating to the preparation or prosecution of the applications for either or both of the Patents-in-Suit, Related Patents, or Related Applications, including, but not limited to, complete prosecution files, files of any attorney or other person involved in the preparation or prosecution, disclosures of the subject matter of the patent involved, all documents that provided the basis for or any part of the content of any such application, all communications between any inventor and any patent attorney or agent, all documents concerning any communication with a representative of the United States Patent and Trademark Office or foreign patent office in connection with the prosecution of any such application, and all documents concerning foreign proceedings such as oppositions.

5. All documents constituting or relating to prior art or possible prior art discovered or disclosed during the preparation or prosecution of, or litigation or other proceedings involving, any of the Patents-in-Suit, Related Patents, or Related Applications, including, but not limited to, prior art searches and things referred to therein, and all patents, publications, and other documents and things, whether or not considered to be prior art, referenced or otherwise identified in the Patents-in-Suit, Related Patents, Related Applications, or proceedings involving any such Patents or Applications.

6. All documents relating to any search, study, evaluation or opinion concerning the patentability, validity, novelty, enforceability, scope of the claims, or infringement of either or both of the Patents-in-Suit.

7. All documents constituting or relating to any prior art or possible prior art to any of the Patents-in-Suit, Related Patents, or Related Applications.

8. All documents identified as possibly being prior art, or as concerning any product or method that might possibly be prior art, with respect to each of the Patents-in-Suit,

Related Patents, or Related Applications, including, but not limited to, documents resulting from any prior art search, from examination in, or by, any patent office or other authority.

9. All documents relating to knowledge, manufacture or use in the United States, by anyone other than the inventors of the Patents-in-Suit, of any invention of the Patents-in-Suit before the inventors made or used the invention.

10. All documents relating to the commercial exploitation, possible commercial exploitation, or decision not to exploit the subject matter of the Patents-in-Suit, including, but not limited to, feasibility studies, marketing plans and forecasts, estimates or projections of market share, periodic research and development reports, and management reports.

11. All documents relating to any product that embodies or uses any invention of either or both of the Patents-in-Suit.

12. All documents relating to any decision to discontinue selling or marketing any product that embodies or practices the subject matter of either or both of the Patents-in-Suit.

13. All documents constituting or relating to communications with GTECH, or any representative of GTECH, concerning either or both of the Patents-in-Suit.

14. All documents constituting or relating to communications with Scientific Games, or any representative of Scientific Games, concerning either or both of the Patents-in-Suit.

15. All documents that refer to any infringement or potential infringement of either or both of the Patents-in-Suit by Scientific Games or any other person or entity.

16. All documents that refer or relate to this lawsuit, *GTECH Corp. v. Scientific Games International, Inc. et al.*, C.A. No. 04-138-JJF (D. Del.).

17. All documents relating to any review, testing or analysis of any Scientific Games product, including, but not limited to, the PlayCentral Kiosk.

18. All documents constituting or relating to communications with any lottery agency concerning either or both of the Patents-In-Suit, or any Scientific Games product, including, but not limited to, the PlayCentral Kiosk.

19. All documents constituting or relating to business plans concerning either or both of the Patents-in-Suit, including, but not limited to, plans to enforce, license, or otherwise exploit the Patents-in-Suit.

20. All documents constituting or relating to any license, or effort to license, or any agreement or covenant not to sue on the Patents-in-Suit, Related Patents, or Related Applications, or any intellectual property portfolio that would include such patents and applications, to any person or entity, including, but not limited to, documents concerning any negotiations regarding such patents and applications, notice letters, draft licenses or agreements, redlines, demand letters, and cease and desist letters.

21. All documents relating to any litigation, arbitration, interference, opposition, or other proceeding involving the Patents-in-Suit, Related Patents, or Related Applications.

22. Advertisements, promotions, product literature, catalogs, trade show exhibits, photographs, videotapes, data sheets, specifications, and like documents relating to the subject matter of the Patents-in-Suit.

23. All documents relating to any lottery ticket dispensing machines designed, manufactured or marketed before 1990, including, but not limited to, GTECH's Model GT-101F,

GT-401/OI, and Spectra terminal series (GT-401/OM, 402/OM and 403/OM) terminals, POST terminals, Express Bet system and Player Express terminal and system.

24. All documents relating to whether the inventions of the Patents-in-Suit, or any product or process that embodies or practices any such invention, have been commercially successful, praised or copied by others, acclaimed by the industry, or departed from accepted principles.

25. All documents relating to lottery ticket distribution and/or ticket dispensing technology that were authored, edited, published, submitted, presented, received, or witnessed by any inventor of either of the Patents-in-Suit or any other person involved in the development of the subject matter of the Patents-in-Suit, including, but not limited to, papers, patents, interviews, presentations, publications, correspondence, emails, memoranda, submissions, and requests for comments.

26. All documents relating to the relationship between GTECH and any inventor of any of the Patents-in-Suit or any other person involved in the development of any invention of the Patents-in-Suit.

27. All documents that refer to, or were received from, sent to, or written or authorized by, Robert L. Burr, including documents on which Robert L. Burr's name appears.

28. All diaries, calendars, daytimers, journals, log books, recording devices or other like documents kept by any of the inventors of the Patents-in-Suit or any other person involved in the development of any invention of the Patents-in-Suit in connection with their work in lottery ticket distribution and/or ticket dispensing technology.

29. All files and documents of any of the named inventors of the Patents-in-Suit relating to any of the Patents-in-Suit, Related Patents, Related Applications, the subject

matter of the Patents-in-Suit or this lawsuit, including papers, patents, interviews, presentations, publications, correspondence, emails, memoranda, submissions, and requests for comments.

30. All documents constituting or relating to proposals to lottery agencies for any products that compete with Scientific Games' PlayCentral Kiosk.

31. All documents relating to the assignment, sale, transfer, license or acquisition of the Patents-in-Suit, Related Patents or Related Applications, including, but not limited to, documents concerning the valuation of either or both of the Patents-in-Suit.

32. All business plans, marketing plans, sales plans, budgets, or forecasts relating to products or systems that embody or practice the subject matter of the Patents-in-Suit.

33. All market reports, studies, or analyses relating to the inventions of the Patents-in-Suit or products in competition with such inventions.