IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC.,<br>SCIENTIFIC GAMES HOLDINGS<br>CORPORATION, SCIENTIFIC GAMES<br>FINANCE CORPORATION, and SCIENTIFIC<br>GAMES CORPORATION,<br><br>    Defendants. | Civil Action No. 04-138-JJF |

### NOTICE OF SUBPOENA OF LAPIS SOFTWARE ASSOCIATES LLC

Plaintiff GTECH Corporation hereby gives notice that Plaintiff is serving the attached subpoena in a civil case on Lapis Software Associates LLC.

Dated: March 14, 2005    By: _____
              Josy W. Ingersoll (#1088)
              Karen E. Keller (#4489)
              YOUNG CONAWAY STARGATT & TAYLOR, LLP
              The Brandywine Building
              1000 West Street, 17th Floor
              P.O. Box 391
              Wilmington, Delaware 19899-0391
              Telephone: 302-571-6600
              Facsimile: 302-571-1253

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF      NEW JERSEY

| | |
|---|---|
| GTECH CORPORATION,<br>                   Plaintiff,<br>v<br>SCIENTIFIC GAMES INTERNATIONAL, INC.,<br>SCIENTIFIC GAMES HOLDINGS<br>CORPORATION, SCIENTIFIC GAMES<br>FINANCE CORPORATION,<br>SCIENTIFIC GAMES CORPORATION,<br>                   Defendants. | **SUBPOENA IN A CIVIL CASE**<br><br>Case No.: 04-138-JJF<br><br>NOW PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE |

TO:     Lapis Software Associates LLC
          601 Jefferson Road
          Parsippany, NJ 07054

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, which will be recorded in stenographic, audio and/or audiovisual formats.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below or at a mutually agreed to location (list documents or objects): See Schedule A attached hereto.

| PLACE | Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004 | DATE AND TIME<br>9:00 am<br>April 4, 2005 |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>     Attorney for GTECH Corporation *[signature]* | DATE<br><br>March 14, 2005 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER
     Andrew L. Reibman, Esq.
     Kenyon & Kenyon
     One Broadway
     New York, NY 10004
     (212) 908-6046

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

A. "Lapis Software Associates LLC" means Lapis Software Associates LLC, or any predecessor-in-interest of Lapis Software Associates LLC, or any other business, corporation, or other legal entity that is a subsidiary of Lapis Software Associates LLC; or any other business, corporation, or other legal entity which Lapis Software Associates LLC and/or its subsidiaries controls or holds a majority ownership interest in; or any officer, agent, representative, servant, employee, attorney, or other person acting on behalf of any of the foregoing persons and/or entities.

B. "GTECH" means GTECH Corporation; or any predecessor-in-interest or subsidiary of GTECH Corporation; or any officer, agent, representative, servant, employee, attorney, or other person acting on its behalf of GTECH Corporation or any predecessor-in-interest or subsidiary of GTECH Corporation.

C. "Scientific Games" means Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, or Scientific Games Corporation; or any predecessor-in-interest of the foregoing, including IGT Online Entertainment Systems, Inc. and Autotote Enterprises, Inc.; or any other business, corporation, or other legal entity that is a subsidiary of the previously listed entities; or any other business, corporation, or other legal entity which any of the previously listed entities controls or in which any of the preceding entities has a majority ownership interest; or any officer, agent, representative, servant, employee, attorney, or other person acting on behalf of any of the previously listed entities.

D. "Interlott" means Interlott Technologies, Inc., or any predecessor-in-interest of

Interlott Technologies, Inc., or any officer, agent, representative, servant, employee, attorney, or other person acting on behalf of Interlott Technologies, Inc. or on behalf of any predecessor-in-interest of Interlott Technologies, Inc.

E. "On-Point" means On-Point Technology System, Inc. or any predecessor-in-interest of On-Point Technology System, Inc., or any officer, agent, representative, servant, employee, attorney, or other person acting on behalf of On-Point Technology System, Inc. or on behalf of any predecessor-in-interest of On-Point Technology System, Inc.

F. As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

G. As used herein, the terms "any," "all," or "each" shall be construed as "any, all and each" inclusively.

H. "Including" means "including without limitation."

I. The past tense includes the present tense and the present tense includes the past tense. The use of the singular form of any word includes the plural form and vice versa. The masculine form of any word includes the feminine form and vice versa.

J. As used herein, the term "Patents-in-Suit" means either or both United States Patent Nos. 4,982,337 and 5,222,624.

K. "Patents Related to the Patents-in-Suit" means any and all domestic patents and patent applications, and any and all foreign patents and patent applications, that claim priority from the Patents-in-Suit or that claim priority from any patent(s) or patent application(s) from which the Patents-in-Suit claim priority.

L. As used herein, the term "document" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any

tangible record of intelligence or information, whether handwritten, typed, printed or otherwise visually or orally reproduced, including information stored on electronic, magnetic or optical media or in solid state storage devices, notes, drafts, reports, art-work, films, videotape, drawings, graphs, photographs, agreements, letters, test data, circuit diagrams, software structure charts, software flow charts, software code, data flow diagrams, hardware schematic diagrams, hardware logic diagrams, field maintenance print sets, timing diagrams, technical summaries, product description documents, software description documents, laboratory or engineers' notebooks, project or progress reports, database information, whether for prototypes or production products, and the like that are in the possession, custody or control of Lapis Software Associates LLC, or which Lapis Software Associates LLC otherwise has access. Any such documents bearing on any sheet (front or back), margins, attachment, enclosure thereof, or any mark that is not a part of the original text or reproduction thereof, is to be considered and produced in its entirety as a separate document.

      M.    As used herein, the term "person" shall refer to any natural person, as well as any other cognizable entity, including, but not limited to, any corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, quasi-public entities, societies, orders and any other specifically identifiable legal entity.

      N.    As used herein, the term "product" shall include, without limitation, products, devices, machines, apparatus, circuits, components, software, firmware, systems, methods and/or services (including software) that are, or were ever under development or that have been made available, or are intended to be made available, for use by Scientific Games or outside of Scientific Games, or for sale by Scientific Games or on behalf of Scientific Games, whether or

not such products are still available for sale or for use.

O.  "Concerning" shall mean, without limitation, relate(d) to, refer(s) or relate(s) to, embodying, directly or indirectly identifying, revealing, confirming, constituting, containing, referring or relating to, showing, reflecting, evidencing, representing, discussing, describing, involving or mentioning, being connected with or pertaining to in any way, directly or indirectly, or having any logical or factual connection with the subject matter in question.

P.  "Communication" shall mean, without limitation, any written, electronic or oral communication, including any conversation in person, by telephonic, electronic or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

Q.  "Sale" shall mean, without limitation, sale, donation, lease, rent, provided as part of a service contract, or any other exchanges of value, service, product or information for consideration.

R.  "Lawsuit" shall mean *GTECH Corporation v. Scientific Games International, Inc.*, 04-138-JJF (D. Del.).

S.  "TVM" shall mean lottery ticket vending or dispensing machines, instant lottery ticket vending or dispensing machines, and pull-tab or scratch-off game ticket vending or dispensing machines, including self-service or operator-attended machines, and including on-line, networked, or stand-alone machines.

T.  "PlayCentral Kiosk" shall mean the lottery ticket dispensing system manufactured by or for, distributed by, and/or sold by Scientific Games under the name PlayCentral Kiosk; and the same lottery ticket dispensing system manufactured, distributed, or sold under any other

name; and any lottery ticket dispensing system substantially similar to the system sold by Scientific Games under the name PlayCentral Kiosk.

U. "Scientific Games' TVM" shall mean the lottery ticket dispensing system manufactured by or for, distributed by, and/or sold by Scientific Games under the names PlayCentral Kiosk, C-Central, Convenience Central, or Extrema; and the same lottery ticket dispensing systems manufactured, distributed, or sold under any other name; and any lottery ticket dispensing system substantially similar to the systems sold by Scientific Games under the name PlayCentral Kiosk, C-Central, Convenience Central, or Extrema.

## INSTRUCTIONS

1. If any document responsive to these requests has been destroyed, describe the content of said document, the location of any copies of said document, the date of such destruction and the name of the person who ordered or authorized such destruction.

2. With respect to any documents otherwise responsive to this request that Lapis Software Associates LLC withholds or refuses to divulge on privilege grounds, provide a statement setting forth as to each:

   a. the names of the sender, author and recipient of the document and any persons to whom the document was shown;

   b. the date of the document, or if no date appears, the date on which the document was prepared;

   c. a general description of the nature and subject matter of the document;

   d. the name of the person who has custody of the document; and

   e. the grounds upon which the document is being withheld.

3. Documents produced pursuant to these requests are to be organized as they are kept in the usual course of business, and clearly designated so as to reflect the individual (and, as appropriate, his or her job title) from whose files each document was produced, the file from which each document was produced, and the location of such file.

4. Documents produced pursuant to these requests that are ordinarily kept in electronic form are to be produced in electronic form, where possible, with identification of the program(s) used to open and view such documents.

## DOCUMENT REQUESTS

**Discovery Request No. 1**

All documents concerning any specification, product, component, system, hardware, firmware, software or other tangible item which was designed, developed, produced, sold, or provided in whole or part by Lapis Software Associates LLC to Scientific Games for use with, in, or as part of a Scientific Games' PlayCentral Kiosk product.

**Discovery Request No. 2**

All documents concerning any communication between Lapis Software Associates LLC and Scientific Games where the document or communication also concerns Scientific Games' PlayCentral Kiosk product.

**Discovery Request No. 3**

All contracts, agreements, licenses, or proposals from or to Lapis Software Associates LLC concerning Scientific Games' PlayCentral Kiosk product.

**Discovery Request No. 4**

Documents sufficient to identify the relationship between Lapis Software Associates LLC and Scientific Games.

**Discovery Request No. 5**

Documents sufficient to identify all persons who have or had responsibility for any aspect, any specification, product, component, system, hardware, firmware, software or other tangible item which was designed, developed, produced, sold, or provided in whole or in part by Lapis Software Associates LLC to Scientific Games for use with, in, or as part of a Scientific Games' TVM product, including persons responsible for marketing, specification, design, development, and testing, provisioning, and field support.

**Discovery Request No. 6**

All documents concerning Scientific Games' PlayCentral Kiosk product.

**Discovery Request No. 7**

All documents concerning the Patents-In-Suit, or any Patents Related to the Patents-In-Suit.

**Discovery Request No. 8**

All documents concerning this Lawsuit.

**Discovery Request No. 9**

All documents concerning any specification, product, component, system, hardware, firmware, software or other tangible or intangible item which was designed, developed, produced, sold, or provided in whole or part by Lapis Software Associates LLC to Scientific Games for use with, in, or as part of a Scientific Games' TVM product.

**Discovery Request No. 10**

All documents concerning any communication between Lapis Software Associates LLC and Scientific Games where the document or communication also concerns a Scientific Games TVM product.

**Discovery Request No. 11**

All contracts, agreements, licenses, or proposals from or to Lapis Software Associates LLC concerning a Scientific Games TVM product.

**Discovery Request No. 12**

All documents concerning Scientific Games' TVM products.

**Discovery Request No. 13**

All documents concerning any communication between Lapis Software Associates LLC and Scientific Games where the document or the communication also concerns TVMs.

**Discovery Request No. 14**

All contracts, agreements, licenses, or proposals from or to Lapis Software Associates LLC concerning Scientific Games also concerning TVMs.

**Discovery Request No. 15**

All documents concerning any communication between Lapis Software Associates LLC and Scientific Games where the document or the communication also concerns GTECH.

**Discovery Request No. 16**

All documents concerning any communication between Lapis Software Associates LLC and Scientific Games where the document or the communication also concerns Interlott.

**Discovery Request No. 17**

All documents concerning any communication between Lapis Software Associates LLC and Scientific Games where the document or the communication also concerns On-Point.

**Discovery Request No. 18**

All documents concerning GTECH's TVMs, On-Point's TVMs, or Interlott's TVMs.

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2005, I caused to be electronically filed a true and correct copy of the NOTICE OF SUBPOENA OF LAPIS SOFTWARE ASSOCIATES LLC with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>Wilmington, DE 19801

I further certify that on March 14, 2005, I caused a copy of the NOTICE OF SUBPOENA OF LAPIS SOFTWARE ASSOCIATES LLC to be served by hand-delivery on the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>Wilmington, DE 19801

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_____
>Josy W. Ingersoll (No. 1088)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>
>P.O. Box 391
>Wilmington, DE 19899-0391
>(302) 571-6600
>jingersoll@ycst.com
>
>*Attorneys for GTECH Corporation*