IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| GTECH CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 04-138-JJF |
| v. | ) | |
| | ) | |
| SCIENTIFIC GAMES INTERNATIONAL, INC., | ) | |
| SCIENTIFIC GAMES HOLDINGS | ) | |
| CORPORATION, SCIENTIFIC GAMES | ) | |
| FINANCE CORPORATION, and SCIENTIFIC | ) | |
| GAMES CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY
PURSUANT TO FED. R. CIV. P. RULE 37(a)
(RE: PATENT APPLICATIONS AND RELATED DOCUMENTATION)**

Dated: April 22, 2005

                                Josy W. Ingersoll (#1088)
                                Karen E. Keller (#4489)
                                YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                The Brandywine Building
                                1000 West Street, 17th Floor
                                P.O. Box 391
                                Wilmington, Delaware 19899-0391
                                Telephone: 302-571-6600
                                Facsimile: 302-571-1253

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Plaintiff GTECH moves the Court to compel Defendants Scientific Games *et al.* to produce patent applications, invention records, and related documents which concern the accused PlayCentral product.[1]

GTECH has asserted that Scientific Games infringes two GTECH patents—U.S. Patent No. 5,222,624 ("the '624 patent"), (Ex. A), which claims a ticket dispenser machine and method, and U.S. Patent No. 4,982,337 ("the '337 patent"), (Ex. B), which claims a system for distributing lottery tickets—through Scientific Games' manufacture, use, sale, and offering for sale of certain lottery ticket vending machines, primarily Scientific Games' PlayCentral Kiosk ("the PlayCentral"), which is a vending machine for "scratch-off" lottery tickets.

GTECH has requested that Scientific Games produce patent applications, prosecution documents concerning those applications, and invention records, disclosures and other invention documents related to its ticket vending machines, including the accused PlayCentral Kiosk. (*See* Ex. G, *Pl.'s First Set of Reqs. for Prod. of Docs. and Things*, at Disc. Req. Nos. 19, 25, 72.) GTECH also requested documents, including patent application files, that reference or discuss the patents-in-suit. (*Id.* at Req. No. 41). Scientific Games unilaterally limited its responses to GTECH's requests for patent applications to "issued" patents, (*see* Ex. H, *Scientific Games' Resp. to Pl.'s First Set of Reqs. for Prod. of Docs. and Things*, at Gen. Obj. 7 and Resp. Nos. 25 and 72), and refused to produce inventions records, disclosures and other related documents on the grounds of overbreadth and relevance (*Id.* at Resp. No. 19.) Scientific Games confirmed its categorical refusal to produce patent applications concerning the accused PlayCentral product in response to follow-up requests from GTECH's counsel asking for those documents: "Scientific Games does not intend to produce documents concerning pending patent applications, and does

---

[1] This filing is made pursuant to the Discovery Dispute procedures set out in paragraph 4(a) of the Rule 16 Scheduling Order issued by the Court July 16, 2004.

1

not intend to list those documents on its privilege log." (*See* Ex. I, Letter from Smith to Soccoli of 4/15/05 at 2.)

Scientific Games' patent applications (U.S. and foreign), documents related to the prosecution of those patent applications, invention records and disclosures, and similar documents related to the accused PlayCentral are relevant and important documents because they are likely to reveal how Defendants characterize and describe the accused product. Where the accused infringer's patent applications concern the accused product, they are directly relevant to the infringement action and their production should be compelled. *See Zenith Elecs. v. ExZec, Inc.*, 1998 U.S. Dist. LEXIS 215, at *14 (N.D. Ill. January 2, 1998); *Paper Converting Machine Co. v. Magna-Graphics Corp.*, 207 U.S.P.Q. 1136 (E.D. Wis. 1980); *cf. Tristrata Tech. v. Neoteric Cosmetics, Inc.*, 35 F. Supp. 2d 370, 372 (Farnan, J.)(D. Del. 1998) (finding concerns about patent applications' confidentiality are adequately addressed by a protective order).

Defendants' patent applications, as well as other patent prosecution documents such as office actions, responses and information disclosure statements often identify and characterize prior art, which includes the patents-in-suit. How the Defendants characterize the patents-in-suit in their own patent applications is relevant to GTECH's infringement claim. These documents, as well as all other documents referring to or discussing the patents-in-suit, also show knowledge of the patents-in-suit by the Defendants. Knowledge of the patents-in-suit is relevant to GTECH's willful infringement claim. Patent applications and related documents such as invention records and disclosures also contain admissions about what Defendants consider to be novel and non-obvious. *See Zenith* at *14. Invention disclosure documents illustrate the original conception of the accused product, which is relevant to the issue of copying, a factor in a validity analysis.

2

Thus, the documents Scientific Games has withheld are relevant to a range of important issues in this case. Scientific Games' basis for withholding these documents is therefore without merit.

## CONCLUSION

Based on the foregoing, GTECH respectfully requests that this Court grant its motion to compel and order Scientific Games to (1) produce invention records, invention disclosure documents, inventor notebooks, patent applications, prosecution files related to such applications, and related documents concerning its ticket vending machine products, including the accused PlayCentral product, as well as any such documents referring to or discussing the patents-in-suit; (2) stay the close of fact discovery for GTECH on issues related to the materials compelled in the present motion; and (3) order that Scientific Games bear any costs GTECH incurs from having to reopen depositions as a result of Scientific Games improperly withholding the documents requested in this motion.

YOUNG, CONAWAY, STARGATT
& TAYLOR

Dated: April 22, 2005          By  /s/ Karen E. Keller
                                   Josy W. Ingersoll (#1088)
                                   Karen E. Keller (#4489)
                                   The Brandywine Building
                                   1000 West Street, 17th Floor
                                   P.O. Box 391
                                   Wilmington, Delaware 19889
                                   (302) 571-6600

                                   *Attorneys for Plaintiff*
                                   *GTECH Corporation*

3

*OF COUNSEL*
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

4

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on April 22, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on April 22, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Karen E. Keller
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>jingersoll@ycst.com
>
>Attorneys for Plaintiff

WP3:1094661.1                                                                                                               63055.1003