IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 04-138-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF GTECH'S MOTION TO COMPEL DISCOVERY
PURSUANT TO FED. R. CIV. P. RULE 37(a)
(RE: SOFTWARE AND RELATED DOCUMENTATION)**

Dated: April 22, 2005

          Josy W. Ingersoll (#1088)
          Karen E. Keller (#4489)
          YOUNG CONAWAY STARGATT & TAYLOR, LLP
          The Brandywine Building
          1000 West Street, 17th Floor
          P.O. Box 391
          Wilmington, Delaware 19899-0391
          Telephone: 302-571-6600
          Facsimile: 302-571-1253

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Plaintiff GTECH moves the Court to compel Defendants Scientific Games *et al.* to produce certain software and design documents in response to GTECH's document requests in this case.[1]

GTECH has asserted that Scientific Games infringes two GTECH patents— U.S. Patent No. 5,222,624 ("the '624 patent"), Ex. A, which claims a ticket dispenser machine and method, and U.S. Patent No. 4,982,337 ("the '337 patent"), Ex. B, which claims a system for distributing lottery tickets—through Scientific Games' manufacture, use, sale, and offering for sale of certain lottery ticket vending machines, primarily Scientific Games' PlayCentral Kiosk ("the PlayCentral"), which is a vending machine for "scratch-off" lottery tickets.

GTECH's '624 patent infringement claim implicates Scientific Games' PlayCentral user interface and screen display. An important issue in that regard is the nature of the graphics displayed on the PlayCentral, *e.g.*, whether certain of these graphics are "ticket images" and whether the display of these graphics includes "an array". Discovery of the PlayCentral user interface, and the creation, management, and control of the graphical data which is displayed on the PlayCentral when it operates, are therefore highly relevant.

GTECH's '337 patent infringement claim implicates the PlayCentral ticket dispensing mechanism or "burster". The burster is used to separate individual tickets from a web or book of tickets which are connected by perforations. GTECH contends the burster used by the PlayCentral is covered by the claims of the '337 patent. How the PlayCentral burster is designed and the manner in which it operates is therefore highly material information.

This motion specifically concerns GTECH's requests that Scientific Games produce software used on and related to the operation of the PlayCentral, and related documentation. As discussed in more detail below, this software and documentation are relevant to GTECH's infringement claims and

---

[1] This filing is made pursuant to the Discovery Dispute procedures set out in paragraph 4(a) of the Rule 16 Scheduling Order issued by the Court July 14, 2004.

1

are certainly within the scope of discovery.[2] Yet, to date, Scientific Games has failed to provide these documents.[3]

### 1. PlayCentral Software

Scientific Games has failed to produce any of the software used on the PlayCentral or the related software documentation. Such documents are responsive to several document requests. (*See* Ex. G, *Scientific Games' Resp. to Pl.'s First Set of Reqs. for Prod. of Docs. and Things* at, *e.g.*, Req. Nos. 9-13, 16, 24.)

In response to GTECH's document requests, Scientific Games refused to produce any documents concerning the testing of the PlayCentral on relevance grounds, (*see* Ex. H at Resp. No. 12), and subsystems or components of PlayCentral and suppliers thereof.[4] (*Id.* at 24.) As for the remainder of the technical and design documents GTECH requested in requests 9-11, 13, 16, Scientific Games objected to the purported overbreadth of the requests, but it ostensibly agreed to provide such documentation.

In an effort to address Scientific Games "overbreadth" concerns with regard to these requests, GTECH, in good faith and in the spirit of compromise, agreed to narrow the focus of its Request Nos. 9-12 and 24 to the following: (1) documents, including software, concerning the burster and/or ticket dispensing mechanisms, user interface and display, (2) documents, including software, concerning the creation or management of graphics information for the ticket vending machines, and (3) documents, including software, concerning loading or downloading of graphical information to and from the

---

[2] Scientific Games has generally acknowledged that documents relating to the PlayCentral are relevant and discoverable in this matter. (*See* Ex. C, *Def.'s Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)* at 2.)

[3] GTECH's counsel has conferred with Scientific Games' counsel in an effort to resolve this dispute without Court intervention. (*See, e.g.,* Ex. D, Letter from Soccoli to Smith of 3/24/05; Ex. E, Letter from Soccoli to Smith of 4/1/05; Ex. F, Letter from Soccoli to Smith of 4/12/05, Ex. K, Letter from Soccoli to Smith of 4/20/05, Ex. L letter from Smith to Soccoli of 4/22/05.)

[4] GTECH believes that the "burster" may be supplied by a third party. Yet Scientific Games has failed to identify that third party supplier or provide any documents concerning the supplier. The supplier of the burster is not self-evident from the review of the documents that have been received to date. Therefore, GTECH has not been able to conduct third party discovery from the supplier either.

2

machine. (*See* Ex. D, Letter from Soccoli to Smith of 3/24/05 at 5, 6.) Scientific Games has, nevertheless, failed to produce even this narrowed category of documents.

After further letters inquiring about the PlayCentral software (*see* Ex. J, Letter from Soccoli to Smith of 4/19/05; Ex. K, Letter from Soccoli to Smith of 4/20/05), Scientific Games finally admitted that it "ha[s] not produced the software or related documentation concerning the PlayCentral Kiosk". (Ex. L, Letter from Smith to Soccoli of 4/22/04 at 1.) Further, Scientific Games asserted that this material was not relevant to the issues in this litigation. *See id.*

The PlayCentral software and related documentation are highly relevant to GTECH's infringement claims on both the '624 (ticket image) and '337 (burster) patents. Such software controls the "burster" dispensing mechanism and therefore will indicate how the burster is actually used in the PlayCentral. The software also controls the user interface and therefore will provide an understanding of the nature of the graphics displayed on the user interface and the manner in which they are displayed. The software and related documentation also show how the programmers or engineers working on the software characterized the displayed graphics. Accordingly, the software and related documentation should be produced.

### 2. Software that Communicates Graphics Information to the PlayCentral

Scientific Games has also failed to produce any of the software used to download graphics to the PlayCentral, used to manage and store these graphics prior to downloading, or used for "priority mapping," *i.e.*, to control the arrangement of the graphical images on the PlayCentral from a central controller. The software documentation, data definitions, and other similar materials related to this software have also not been produced. These documents are also responsive to Discovery Requests 9-13, 16, and 24, discussed above. (Ex. G.)

The nature of the graphics displayed and the manner in which they displayed on the PlayCentral is central to GTECH's claim that the PlayCentral infringes the '624 patent. The software used to store, manage, and download these graphics is therefore material, relevant and within the scope

3

of discovery. Scientific Games has not produced these documents, despite GTECH's requests (*See* Ex. D, Letter from Soccoli to Smith of 3/24/05 at 5; Ex. E, Letter from Soccoli to Smith of 4/1/05 at 2), instead responding with the incorrect assertion that the software and related documentation are not relevant to any issues in this litigation. (*See* Ex. L, Letter from Smith to Soccoli of 4/22/05 at 2, 3.) Scientific Games' withholding of these documents and information is therefore improper.

## CONCLUSION

Based on the foregoing, GTECH respectfully requests that this Court grant its motion to compel and order Scientific Games to (1) produce the source code and related documentation for all versions of the PlayCentral software; (2) produce the source code and all related documentation of all versions of software which are used to store, manage, or download graphics information to the PlayCentral; (3) stay the close of fact discovery for GTECH on issues related to the materials compelled in the present motion; and (4) order that Scientific Games bear any costs GTECH incurs from having to reopen depositions as a result of Scientific Games improperly withholding the documents requested in this motion.

Respectfully submitted,

YOUNG, CONAWAY, STARGATT
& TAYLOR, LLP

Dated: April 22, 2005    By /s/ Karen E. Keller
Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19889
(302) 571-6600
Attorneys for Plaintiff
GTECH Corporation

OF COUNSEL
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on April 22, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>Wilmington, DE 19801

I further certify that on April 22, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Karen E. Keller
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>kkeller@ycst.com
>
>Attorneys for GTECH Corporation