# EXHIBIT H

*copy*

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,                          )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )      C.A. No. 04-138-JJF
                                            )
SCIENTIFIC GAMES INTERNATIONAL, INC.,       )
SCIENTIFIC GAMES HOLDINGS CORPORATION,      )
SCIENTIFIC GAMES FINANCE CORPORATION,       )
and SCIENTIFIC GAMES CORPORATION,           )
                                            )
            Defendants.                     )

## SCIENTIFIC GAMES' RESPONSES TO PLAINTIFF'S
## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENT AND THINGS

Defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") hereby respond and object to plaintiff's First Set of Requests for the Production of Documents and Things as follows:

### GENERAL OBJECTIONS

1.    Scientific Games objects to the definition of "Scientific Games" as overly broad.

2.    Scientific Games objects to the definition of "TVM" as overly broad.

3.    Scientific Games objects to the definition of "Scientific Games' TVM" as overly broad to the extent it seeks to include products that have not been accused of infringement.

4.    Scientific Games objects to the Requests to the extent they seek production of documents not in the possession, custody or control of Scientific Games.

5.    Scientific Games objects to the Requests to the extent they seek production of Scientific Games confidential information.    Scientific Games will produce confidential information pursuant to D. Del. L.R. 26.2, until a Protective Order for confidential information has been entered by the Court.

6.    Scientific Games objects to the Requests to the extent they seek production of confidential information of third parties.

7.    Scientific Games objects to the Requests to the extent they seek production of documents relating to pending patent applications.

8.    Scientific Games objects to the Requests to the extent they seek production of documents that are publicly available or could be obtained more easily by other means of discovery.

9.    Scientific Games objects to the Requests to the extent they seek production of documents and things that are not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Scientific Games objects to the Requests to the extent they are overly broad, unduly burdensome, and repetitive.

11.    Scientific Games objects to the Requests to the extent they seek documents that are protected by the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

12.    Scientific Games will log withheld documents in accordance with the requirements of the Federal Rules of Civil Procedure and applicable case law. Scientific Games objects, however, to logging documents created after the filing date of this lawsuit.

2

13.    Scientific Games objects to the Requests to the extent they seek to impose obligations not required under the Federal Rules of Civil Procedure or the Local Rules of the District of Delaware.

14.    Any statements made herein that documents will be produced should not be construed as statements that such documents exist, but rather only that if such documents do exist and can be located by a reasonable search, they will be produced.

The foregoing General Objections are incorporated into each of the Specific Objections to the Requests.

## RESPONSES TO DOCUMENT REQUESTS

### REQUEST NO. 1:

All documents concerning Scientific Games' TVM products.

### RESPONSE TO REQUEST NO. 1:

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST NO. 2:

All documents concerning the process by which TVM products are exported to, imported into, and distributed in the United States, including all documents concerning any transaction between Scientific Games and any State Lottery Agency concerning Scientific Games' TVM products.

### RESPONSE TO REQUEST NO. 2:

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

3

**REQUEST NO. 3:**

All documents concerning the '898 Patent or Patents Related to the '898 Patent, including, without limitation, all documents concerning the prosecution, issuance, assignments, grants, licensing, acquisition, or evaluation of the '898 Patent or Patents Related to the '898 Patent.

**RESPONSE TO REQUEST NO. 3:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Scientific Games also objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Subject to these and the General Objections, Scientific Games will produce relevant nonprivileged documents concerning the '898 patent and any continuation patents and their prosecutions responsive to this request.

**REQUEST NO. 4:**

All documents concerning any communication by Scientific Games with a third party concerning Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 4:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

One copy of each document received by purchasers of each Scientific Games' TVM, including service manuals, instructions or instruction(al) manuals, operating instructions, operations manuals, training manuals or materials, specifications, datasheets and booklets.

4

**RESPONSE TO REQUEST NO. 5:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 6:**

All documents concerning any training or instruction of personnel by or on behalf
of Scientific Games concerning the sales, marketing, sales forecasts, market forecasts, service,
repair, maintenance, or technical support of Scientific Games' TVM products in the United
States.

**RESPONSE TO REQUEST NO. 6:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 7:**

All documents concerning business activities conducted by Scientific Games in
the United States concerning Scientific Games' TVM, including all documents concerning
marketing, sales forecasts, market forecasts, advertising, promotion, offers for sale, sales,
deliveries, customer service, and technical support directed to any person in the United States.

**RESPONSE TO REQUEST NO. 7:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

## REQUEST NO. 8:

 All documents prepared by or on behalf of Scientific Games concerning the marketing of Scientific Games' TVM in the United States, including, all marketing plans, marketing surveys, marketing forecasts, sales forecasts, competitive product analysis, promotional material, informational material, and advertising material.

## RESPONSE TO REQUEST NO. 8:

 Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

## REQUEST NO. 9:

 All documents and things concerning Scientific Games' conception, design, development, production and manufacture of any Scientific Games' TVM products including: (a) documents and things concerning the process used to manufacture any Scientific Games' TVM products; (b) documents and things concerning any technical, production, operational, or validation issues concerning any Scientific Games' TVM product; (c) all design, development, and engineering documents concerning any of the Scientific Games' TVM products; (d) all engineering notebooks, laboratory notebooks, invention disclosures, product proposals, drawings, specifications, product evaluations, test reports, and technical reports concerning any of Scientific Games' TVM products.

## RESPONSE TO REQUEST NO. 9:

 Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents concerning Scientific Games' PlayCentral Kiosk responsive to subparagraphs (b), (c) and (d) of this request.

**REQUEST NO. 10:**

All documents and things concerning Scientific Games' conception, design, development, production, manufacturing of the PlayCentral Kiosk product, including: (a) documents and things concerning the process used to manufacture PlayCentral Kiosk products; (b) documents and things concerning any technical, production, operational, or validation issues concerning PlayCentral Kiosk products; (c) all design, development, and engineering documents concerning PlayCentral Kiosk products; (d) all engineering notebooks, laboratory notebooks, invention disclosures, product proposals, drawings, specifications, product evaluations, test reports, and technical reports concerning PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 10:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents concerning Scientific Games' PlayCentral Kiosk responsive to subparagraphs (b), (c) and (d) of this request.

**REQUEST NO. 11:**

All documents and things concerning the testing or analysis of any Scientific Games' TVM product.

**RESPONSE TO REQUEST NO. 11:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

7

**REQUEST NO. 12:**

All documents and things concerning the testing or analysis of PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 12:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**

All documents and things concerning each and every design modification made to PlayCentral Kiosk products from its initial design, prototype, or development to the present.

**RESPONSE TO REQUEST NO. 13:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 14:**

All engineering change notices or equivalents thereof that concern PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 14:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

8

**REQUEST NO. 15:**

Documents sufficient to identify every person who has or had any responsibility for the design or development of PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 15:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 16:**

All documents and things prepared or distributed in connection with any meeting concerning the research, conception, design, or development of PlayCentral Kiosk products, including any agendas and any minutes or notes taken during such meetings.

**RESPONSE TO REQUEST NO. 16:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 17:**

A copy of each published article or literature produced by or on behalf of Scientific Games that concerns PlayCentral Kiosk and all documents concerning the preparation thereof including all drafts and notes.

**RESPONSE TO REQUEST NO. 17:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

9

**REQUEST NO. 18:**

A copy of each advertisement or promotional material used by or on behalf of Scientific Games that concerns PlayCentral Kiosk.

**RESPONSE TO REQUEST NO. 18:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 19:**

All invention records, invention disclosure documents, inventor notebooks, or similar documents representing or recording an invention, potential invention, or development for consideration as subject matter for a patent application, concerning PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 19:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20:**

Documents and things sufficient to identify all sales, purchases or leases of PlayCentral Kiosk products in the United States, including documents sufficient to identify the purchasers, lessees, lessors, date of purchase or lease, and items included in such purchases or leases.

**RESPONSE TO REQUEST NO. 20:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably

10

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request.

### REQUEST NO. 21:

Documents and things sufficient to identify all sales, purchases or leases of Scientific Games' TVMs in the United States, including documents sufficient to identify the purchasers, lessees, lessors, date of purchase or lease, and items included in such purchases or leases.

### RESPONSE TO REQUEST NO. 21:

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to the General Objections,

Scientific Games will produce nonprivileged documents responsive to this request concerning

Scientific Games' PlayCentral Kiosk.

### REQUEST NO. 22:

All design documents, engineering documents, specifications, and manuals concerning Scientific Games' TVM products, including the PlayCentral Kiosk.

### RESPONSE TO REQUEST NO. 22:

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to the General Objections,

Scientific Games will produce nonprivileged documents responsive to this request concerning

Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 23:**

All documents and things concerning any subsystem or component of Scientific Games' TVM products, any suppliers of those subsystems and components, and any contracts, licenses or agreements with those suppliers.

**RESPONSE TO REQUEST NO. 23:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 24:**

All documents and things concerning any subsystem or component of PlayCentral Kiosk products, any suppliers of those subsystems and components, and any contracts, licenses or agreements with those suppliers.

**RESPONSE TO REQUEST NO. 24:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

All documents concerning any patent or patent application concerning Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 25:**

Scientific Games objects to this request as seeking documents that are protected

by the attorney-client privilege, work product immunity or any other applicable privilege or

immunity. Scientific Games also objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.

12

**REQUEST NO. 26:**

Documents sufficient to identify the relationships between and among Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation, and any other entity which is part of, controlled by, or owned in whole or part by Scientific Games.

**RESPONSE TO REQUEST NO. 26:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning the relationships between and among the named defendants.

**REQUEST NO. 27:**

Documents sufficient to identify the management and organizational structure of Scientific Games, including, without limitation, documents concerning the functional relationships between and among management groups, divisions, departments, and any other business units of Scientific Games, including but not limited to any persons responsible for the design, development, manufacturing, sale, marketing, sales forecasts, market forecasts or any other aspect of Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 27:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning the management and organizational structure of Scientific Games relating to

PlayCentral Kiosk.

13

**REQUEST NO. 28:**

All contracts or agreements referring or relating to the design, development, exportation, importation, sale, use or distribution of Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 28:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 29:**

All documents concerning Scientific Games' business or marketing strategy relating to Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 29:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 30:**

Documents sufficient to identify any Scientific Games facility in the United States, where (a) orders for Scientific Games' TVM are processed; (b) Scientific Games' TVM are stored and handled for distribution; and (c) payments for Scientific Games' TVM are processed or made.

14

**RESPONSE TO REQUEST NO. 30:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 31:**

Documents sufficient to identify any facility owned, operated, managed, or used by Scientific Games for any purpose related to Scientific Games' TVM products, including the nature, function, and location of the office.

**RESPONSE TO REQUEST NO. 31:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 32:**

All documents concerning the Patents-In-Suit or any Patents Related to the Patents-In-Suit.

**RESPONSE TO REQUEST NO. 32:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

15

**REQUEST NO. 33:**

All documents concerning Scientific Games knowledge of the Patents-in-Suit, or of any Patents Related to the Patents-in-Suit, including any document concerning the date when, and the circumstances under which, Scientific Games became aware of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 33:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 34:**

All opinions of counsel concerning the Patents-in-Suit or concerning any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 34:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games states that if it decides to rely on advice of counsel in defending against GTECH's charges of willful infringement, Scientific Games will produce documents responsive to this request concerning the patents in suit.

16

**REQUEST NO. 35:**

All documents that concern any action taken by or on behalf of Scientific Games that was prompted by or motivated by the Patents-in-Suit or any Patents Related to the Patents-in-Suit, including any attempts to design around the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 35:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 36:**

All documents and things that comment upon or express any opinion about the Patents-in-Suit or any Patents Related to the Patents-in-Suit, or which concern any investigation of the infringement or any alleged noninfringement of the Patents-in-Suit or any Patents Related to the Patents-in-Suit, by Scientific Games or any other person.

**RESPONSE TO REQUEST NO. 36:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 37:**

All documents concerning opinions of counsel concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 37:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games states that if it decides to rely on advice of counsel in defending against GTECH's charges of willful infringement, Scientific Games will produce documents responsive to this request concerning the patents in suit.

**REQUEST NO. 38:**

All documents and things relied upon in any opinion of counsel concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 38:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games objects to this request as overly broad and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games states that if it decides to rely on advice of counsel in defending against GTECH's charges of willful infringement, Scientific Games will produce documents responsive to this request concerning the patents in suit.

18

**REQUEST NO. 39:**

All minutes taken at and documents and things distributed in connection with, any meeting of Scientific Games' boards of directors or other corporate committees or subcommittees concerning any of Scientific Games' TVM products, GTECH, the Patents-in-Suit, or Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 39:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 40:**

All documents and things concerning communications, either direct or indirect, between Scientific Games and any other person concerning the possibility that Scientific Games or their customers or potential customers may be subject to liability for infringement of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 40:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

19

**REQUEST NO. 41:**

All patents, patent applications, and patent prosecution files concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit, including any patent, patent application, or patent prosecution file which includes reference to or discussion of the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 41:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 42:**

Any communication by Scientific Games with a third party concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 42:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 43:**

All financial statements of Scientific Games, including, without limitation, all accounting, income, budgets, budget reports, pricing, price determination, profit and loss calculations, concerning Scientific Games' TVM, or any contract with any state lottery agency that concerns Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 43:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 44:**

All contracts, agreements, licenses between, or proposals from Scientific Games and any third party concerning Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 44:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 45:**

All documents concerning Scientific Games' business activities in the United States concerning Scientific Games' TVM, including documents concerning: (a) the number, type, and dollar volume of Scientific Games' TVM sold in the United States; (b) the number of Scientific Games' TVM customers in the United States; (c) quantity and type of advertising or other promotional activities concerning Scientific Games' TVM reaching persons in the United States; (d) any follow-up activity concerning any of the above business activities including technical support, maintenance, and servicing in the United States.

**RESPONSE TO REQUEST NO. 45:**

   Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents concerning Scientific Games' PlayCentral Kiosk responsive to subparagraphs (a), (b) and (c) of this request.

**REQUEST NO. 46:**

   Documents sufficient to identify the number, type, price, and dollar volume of each Scientific Games' TVM Scientific Games has sold in the United States.

**RESPONSE TO REQUEST NO. 46:**

   Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 47:**

   Documents sufficient to identify all recipients of Scientific Games' TVMs in the United States.

**RESPONSE TO REQUEST NO. 47:**

   Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 48:**

All documents concerning any GTECH, Interlott, or On-Point TVM.

**RESPONSE TO REQUEST NO. 48:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 49:**

All documents and things concerning any sale, offer for sale, attempted offer for sale, or service agreement by or for Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 49:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 50:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for PlayCentral Kiosks sold to entities in the United States from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 50:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 51:**

Documents sufficient to show Scientific Games' profit margins for sales of PlayCentral Kiosks from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 51:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 52:**

Documents sufficient to show Scientific Games' monthly and quarterly manufacturing volume for PlayCentral Kiosk and the location of such manufacturing from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 52:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 53:**

All documents concerning customer surveys concerning PlayCentral Kiosk.

**RESPONSE TO REQUEST NO. 53:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

24

**REQUEST NO. 54:**

All business plans concerning PlayCentral Kiosk.

**RESPONSE TO REQUEST NO. 54:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 55:**

All documents concerning the marketing of goods and services sold in conjunction with or incident to a sale of PlayCentral Kiosk in the United States, including marketing studies, marketing forecasts, marketing plans, sales training materials, and communications to or from sales personnel.

**RESPONSE TO REQUEST NO. 55:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 56:**

Documents sufficient to show the price paid by customers for goods and services sold in conjunction with or incident to a sale of PlayCentral Kiosk in the United States.

**RESPONSE TO REQUEST NO. 56:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 57:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for goods and services sold in conjunction with or incident to a sale of PlayCentral Kiosk sold to entities in the United States from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 57:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 58:**

Documents sufficient to show Scientific Games' profit margins for sales of goods and services sold in conjunction with or incident to sales of PlayCentral Kiosks from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 58:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 59:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for Scientific Games' TVM sold to entities in the United States from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 59:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 60:**

Documents sufficient to show Scientific Games' profit margins for sales of Scientific Games' TVM from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 60:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 61:**

Documents sufficient to show Scientific Games' monthly and quarterly manufacturing volume for Scientific Games' TVM and the location of such manufacturing from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 61:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 62:**

All documents concerning customer surveys concerning Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 62:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 63:**

All business plans concerning Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 63:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 64:**

All documents concerning the marketing of goods and services sold in conjunction with or incident to a sale of Scientific Games' TVM in the United States, including marketing studies, marketing forecasts, marketing plans, sales training materials, and communications to or from sales personnel.

**RESPONSE TO REQUEST NO. 64:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General

28

Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 65:**

Documents sufficient to show the price paid by customers for goods and services sold in conjunction with or incident to a sale of Scientific Games' TVM in the United States.

**RESPONSE TO REQUEST NO. 65:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 66:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for goods and services sold in conjunction with or incident to a sale of Scientific Games' TVM sold to entities in the United States from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 66:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 67:**

Documents sufficient to show Scientific Games' profit margins for sales of goods and services sold in conjunction with or incident to sales of Scientific Games' TVM from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 67:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 68:**

All documents concerning Scientific Games' factual basis for asserting that the Patents-in-Suit are invalid under 35 U.S.C. § 102.

**RESPONSE TO REQUEST NO. 68:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 69:**

All documents concerning Scientific Games' factual basis for asserting that the Patents-in-Suit are invalid under 35 U.S.C. § 103.

**RESPONSE TO REQUEST NO. 69:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or

immunity.  Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

## REQUEST NO. 70:

All documents concerning Scientific Games' factual basis for asserting that the Patents-in-Suit are invalid under 35 U.S.C. § 112.

## RESPONSE TO REQUEST NO. 70:

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

## REQUEST NO. 71:

All documents concerning any patent or patent application concerning Scientific Games' TVMs.

## RESPONSE TO REQUEST NO. 71:

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 72:

All documents concerning any patent or patent application concerning the PlayCentral Kiosk.

31

**RESPONSE TO REQUEST NO. 72:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning issued patents.

**REQUEST NO. 73:**

All documents and things requested to be identified in response to Plaintiff GTECH Corporation's First Set of Interrogatories to Scientific Games.

**RESPONSE TO REQUEST NO. 73:**

Subject to the General Objections, Scientific Games will produce nonprivileged documents identified in response to plaintiff's First Set of Interrogatories.

**REQUEST NO. 74:**

All documents identified in response to Plaintiff GTECH Corporation's First Set of Interrogatories to Scientific Games.

**RESPONSE TO REQUEST NO. 74:**

Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 75:**

All documents and things that Scientific Games will rely on at trial or in any hearing or motion in this proceeding.

**RESPONSE TO REQUEST NO. 75:**

Scientific Games objects to this request as premature. Subject to this and the General Objections, Scientific Games states that it will produce nonprivileged documents and things responsive to this request at such time as Scientific Games determines what documents and things it will rely on at trial or in any hearing or motion.

**REQUEST NO. 76:**

All documents concerning Scientific Games' acquisition of IGT Online Entertainment Systems, Inc. that also concern Scientific Games' TVMs or the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 76:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk or the patents in suit.

**REQUEST NO. 77:**

All documents concerning any litigation, arbitration, interference, opposition proceeding, or other legal proceedings concerning Scientific Games' TVMs.

**RESPONSE TO REQUEST NO. 77:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

33

## REQUEST NO. 78:

All documents and things concerning Louis P. Menna, Instant Technologies, Inc., or PMV Products, Inc.

## RESPONSE TO REQUEST NO. 78:

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

## REQUEST NO. 79:

All documents and things concerning Scientific Games' TVMs which also concern Interlott, On-Point or GTECH.

## RESPONSE TO REQUEST NO. 79:

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 80:

All documents concerning this lawsuit, including press releases, letters to customers, internal statements, litigation cost analysis, presentations to or minutes of the Scientific Games Board of Directors.

## RESPONSE TO REQUEST NO. 80:

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably

34

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 81:**

      All documents concerning Mr. Nolan Bushnell or Uwink, Inc. which also concern TVMs, Scientific Games' TVM products, the Patents-in-Suit, Interlott, On-Point, or GTECH.

**RESPONSE TO REQUEST NO. 81:**

      Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.

                    MORRIS, NICHOLS, ARSHT & TUNNELL

                    Jack B. Blumenfeld (#1014)
                    Rodger D. Smith II (#3778)
                    1201 N. Market Street
                    P.O. Box 1347
                    Wilmington, DE  19899
                    (302) 658-9200
                        Attorneys for Defendants Scientific Games
                        International, Inc., Scientific Games Holdings
                        Corporation, Scientific Games Finance
                        Corporation and Scientific Games Corporation

October 4, 2004
425186

35

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were caused to be served this 4th day of October 2004 upon the following in the manner indicated:

### BY HAND

Josy W. Ingersoll, Esquire
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

### BY FEDERAL EXPRESS

Thomas J. Meloro, Esquire
Kenyon & Kenyon
One Broadway
New York, NY  10004


Roger D. Smith II