

# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith
302 575 7205
302 498 6209 Fax
rsmith@mnat.com

April 15, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

> Re:    GTECH Corp. v. Scientific Games International, Inc., et al.,
> C.A. No. 04-138-JJF

Dear Larissa:

      I am writing in response to your March 24, 2005 letter in which you belatedly complain about the supposed "deficiencies" in Scientific Games' responses to GTECH's interrogatories and document requests, which were served on GTECH on October 4, 2004, nearly six months earlier.

## Interrogatory Responses

      *General Objection No. 3.* Scientific Games has conducted a reasonable search and produced responsive documents and information in its possession, custody and control concerning the development and deployment of the PlayCentral Kiosk.

      *General Objection No. 7.* No documents or information have been withheld based on third-party confidentiality agreements.

      *Interrogatory No. 1.* Scientific Games does not agree with your statements about the requirements of Rule 33(d). Nevertheless, Scientific Games will agree to supplement its response to Interrogatory No. 1 on April 29, 2005.

      *Interrogatories Nos. 2, 3, 6, 7 & 8.* Notwithstanding your protestations to the contrary, GTECH's interrogatory responses suffer from numerous glaring deficiencies, as

FROM MNA&T/302-658-3989                (FRI) 4.15'05 16:29/ST. 16:28/NO. 4261916352 P  3

Larissa A. Soccoli, Esquire
April 15, 2005
Page 2

detailed in my August 30, 2004 and September 28, 2004 letters to Tom Meloro. For example, nowhere in those responses does GTECH identify "where each element of the asserted claims are found in the accused product" (as you now suggest). Moreover, despite having been made aware of these deficiencies almost eight months ago, GTECH has failed to supplement its responses to provide meaningful contentions. Nevertheless, Scientific Games intends to supplement its interrogatory responses on April 29. 2005.

*Interrogatory No. 4.* If Scientific Games acquires additional information responsive to Interrogatory No. 4, Scientific Games will supplement its response as appropriate.

*Interrogatory No 5* Scientific Games will serve a supplemental response to Interrogatory No. 5 on April 15, 2005.

*Interrogatory No. 10.* Scientific Games does not intend to supplement its response to Interrogatory No. 10. It is our understanding that Scientific Games' relationship with Mr. Bushnell and uWink has nothing to do with the patents in suit or the PlayCentral Kiosk.

<u>Document Request Responses</u>

*General Objection No. 1.* Scientific Games has conducted a reasonable search and produced responsive documents and information in its possession, custody and control concerning the development and deployment of the PlayCentral Kiosk.

*General Objection No. 6.* No documents or information have been withheld based on third-party confidentiality agreements.

*General Objection No. 7.* Scientific Games does not intend to produce documents concerning pending patent applications, and does not intend to list those documents on its privilege log.

*Document Request No. 3.* As I discussed with Tom Meloro on March 11, 2005, Scientific Games has produced responsive documents concerning the prosecution, licensing, acquisition and evaluation of the patents identified in Document Request No. 3 to the extent such documents have been located following a reasonable search.

*Document Requests Nos. 9 & 10.* Scientific Games has produced documents responsive to subparts (b), (c) and (d) concerning the PlayCentral Kiosk to the extent such documents have been located following a reasonable search. Subpart (a) relates to the process for manufacturing the PlayCentral Kiosk, which is irrelevant to this litigation.

*Document Requests Nos. 11 & 12.* Scientific Games has produced documents concerning testing of the PlayCentral Kiosk to the extent such documents have been located following a reasonable search.

FROM MNA&T/302-658-3989                (FRI) 4.15'05 16:30/ST. 16:28/NO. 4261916352 P  4

Larissa A. Soccoli, Esquire
April 15, 2005
Page 3


        *Document Requests Nos. 19, 25 & 72.*  Scientific Games has produced responsive nonprivileged documents concerning issued patents related to the PlayCentral Kiosk, and has listed privileged documents on its privilege log concerning those patents. Scientific Games does not intend to produce documents concerning pending patent applications, and does not intend to list those documents on its privilege log.

        *Document Requests Nos. 23 & 24.*  These requests are vastly overbroad and duplicative of GTECH's other requests. To the extent these requests seek relevant documents, Scientific Games has produced those documents in response to GTECH's other requests.

        *Document Request No. 26.*  Scientific Games has produced documents sufficient to determine which entities are owned or controlled by Scientific Games, and documents sufficient to understand the relationships between and among the named defendants. Scientific Games does not intend to make any further production in response to this request.

        *Document Requests Nos. 32-39, 41 & 42.*  Scientific Games has produced responsive documents concerning the patents in suit. The foreign counterparts and other "related" patents are not at issue in this litigation.

        *Document Request No. 45.*  Scientific Games has produced documents responsive to subparts (a), (b) and (c) concerning the PlayCentral Kiosk. Subpart (d) is vague, ambiguous, overbroad and unduly burdensome insofar as it seeks "[a]ll documents concerning . . . any follow-up activity concerning any of the above business activities . . . ."

        *Document Request No. 48 & 79.*  Scientific Games has produced responsive documents concerning ITVM's sold or distributed by GTECH, Interlott and/or On-Point.

        *Document Request No. 53.*  Scientific Games has produced responsive documents concerning customer surveys involving PlayCentral Kiosk.

        *Document Request No. 78.*  Scientific Games has produced responsive documents concerning Louis Menna, Instant Technologies and PMV Products to the extent such documents have been located following a reasonable search.

Larissa A. Soccoli, Esquire
April 15, 2005
Page 4


       *Document Request No. 81.*   It is our understanding that Scientific Games'
relationship with Mr. Bushnell and uWink has nothing to do with the patents in suit or the
PlayCentral Kiosk.

                    Sincerely,

                    Rodger D. Smith

RDS/dal

460569

FROM MNA&T/302-658-3989                (FRI) 4.15' 05 16:29/ST. 16:28/NO. 4261916352 P  1

78

# MORRIS, NICHOLS, ARSHT & TUNNELL

**1201 N. Market Street**
**P.O. Box 1347**
**Wilmington, DE  19899-1347**
**(302) 658-9200**
**Fax (302) 658-3989**

## FAX COVER SHEET

DATE: 04/15/2005

TIME:

PAGE: 1 OF 5

### PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME:    Larissa A. Soccoli, Esquire

LOCATION: Kenyon & Kenyon

PHONE:    (212) 908-6019          FAX:   (212) 425-5288

FROM:    Rodger D. Smith

PHONE:    (302) 575-7205

MESSAGE:

**The documents accompanying this sheet may contain information that is confidential or that is privileged. If you are not the intended recipient of these documents, please note that the dissemination, distribution, use or copying of these documents is strictly prohibited. If you believe that you may have received these documents in error, please call (302) 575-7332.**

If you do not receive all the pages, <u>please call back as soon as possible</u>.

MATTER NO.: 51141

# EXHIBIT J



KENYON
&
KENYON
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 19, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:     ***GTECH Corp. v. Scientific Games International, Inc., et al.***
        ***(D. Del. C.A. No. 04-138-JJF)***

Dear Rodger:

We have your April 15, 2005 letter. Scientific Games' response regarding General Objection No. 3 is evasive. In Scientific Games' responses to GTECH's first set of interrogatories and first set of document requests, Scientific Games' refused to search for and produce documents from its subsidiaries and related entities. You confirmed that refusal during the telephone conference on Friday, March 11, 2004. Your April 15th letter does not make it clear whether you have now changed that position.

Accordingly, please specifically confirm today that responsive documents have been searched for and produced from Scientific Games subsidiaries such as Autotote (also called Scientific Games Racing) and Online Entertainment Systems (also called OES), and any other subsidiaries or related entities under defendants' control that are involved in the development, sale, and deployment of lottery ticket vending machines such as the PlayCentral Kiosk.

Sincerely,

Larissa A. Soccoli

```
*************** -COMM. JOURNAL- *************** DATE APR-19-2005 ***** TIME 11:01 *********

        MODE = MEMORY TRANSMISSION           START=APR-19 10:58    END=APR-19 11:01

        FILE NO.=654

   STN   COMM.    ONE-TOUCH/   STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES    DURATION
   NO.             ABBR NO.

   001   OK       s            7745#12406#104#13026583989                 002/002  00:00:53


                                          -KENYON & KENYON            -

*********************************** -KENYON & KENYON - ***** -            - *********
```



**KENYON & KENYON**
Intellectual Property Law

One Broadway
New York, NY 10004-1050
212.425.7200
Fax 212.425.6288

## Fax Transmission

| | | | |
|---|---|---|---|
| From: | Larissa A. Soccoli | Date: | April 19, 2005 |
| Direct Dial: | 212.908.6449 | Fax: | 212.425.5288 |
| Client/Matter: | 12406/104 | Total number of pages: (including cover) | 2 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|---|---|---|---|
| **Rodger D. Smith** | **Morris Nichols Arsht & Tunnell** | **302-658-3989** | **302-658-9200** |

Message:

☐ Original will not follow  ☐ Original will follow by  ☐ Regular Mail  ☐ Overnight Delivery  ☐ Hand Delivery

The information contained in this facsimile transmission, including any attachments, is subject to the attorney-client privilege, the attorney work product privilege or is confidential information intended only for the use of the named recipient. If the reader of this Notice is not the intended recipient or the employee or agent responsible for delivering this transmission to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, so that we may arrange for its return or destruction at our cost. Thank you.

New York   Washington, DC   Silicon Valley   www.kenyon.com

# EXHIBIT K



Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 20, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    ***GTECH Corp. v. Scientific Games International, Inc., et al.***
    ***(D. Del. C.A. No. 04-138-JJF)***

Dear Rodger:

    We have not received a response to my letter of yesterday.  Please advise us immediately whether Scientific Games has searched for and produced all documents responsive to GTECH's discovery requests in this case from Scientific Games subsidiaries such as Autotote (also called Scientific Games Racing) and Online Entertainment Systems (also called OES), and any other subsidiaries or related entities under defendants' control that are involved in the development, sale, and deployment of lottery ticket vending machines such as the PlayCentral Kiosk.  As I explained in my letter of yesterday, based upon Scientific Games' responses to GTECH's first set of interrogatories and first set of document requests, we understand that Scientific Games has refused to search for and produce documents from its subsidiaries and related entities.  You confirmed that refusal during the telephone conference on March 11, 2004.  We intend to file a motion to compel production of responsive documents from these entities unless you specifically confirm that such a search was conducted and all responsive documents were produced.

    Additionally, we understand from your April 15, 2005 letter that Scientific Games claims it has produced documents located after a "reasonable search" in response to GTECH's requests for software and related documentation for the PlayCentral, software used to store, manage or download graphics to the PlayCentral, and design documentation for the PlayCentral burster.  We find this statement to be dubious at best particularly since the software is currently in use in connection with the PlayCentral Kiosks and because we have received design documents for virtually every other component or subsystem of the PlayCentral *except* the burster and therefore would expect that Scientific Games possesses the design documents for the burster as well.

    We intend to file a motion to compel production of these documents unless you confirm

Rodger D. Smith, Esq.
April 20, 2005
Page 2



the following: (1) that Scientific Games' "reasonable" search included a search of subsidiaries and related entities as discussed above; (2) that *all* responsive documents have been produced; and (3) whether the reason for non-production of the burster design documents is base don an assertion that the documents are maintained by a third party; if so, identify who the third party or parties is/are; if not, provide an explanation of why those documents have not or allegedly cannot be produced by Scientific Games.

As depositions are starting next week, please provide us with your response to this letter and the attendant confirmations requested herein by close of business tomorrow so we will know whether motion practice on any of these issues can be avoided.

Sincerely,

Larissa A. Soccoli

# EXHIBIT L

04/22/2005    11:56    MORRIS NICHOLS ARSHT AND TUNNELL → 044A51141A12124255288A    NU.833    0002

# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith
302 575 7205
302 498 6209 Fax
rsmith@mnat.com

April 22, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

      Re:   GTECH Corp. v. Scientific Games International, Inc., et al.,
            C.A. No. 04-138-JJF

Dear Larissa:

      I am writing in response to your April 19 and 20, 2005 letters.

      As stated in my April 15, 2005 letter (and during my telephone conference with Tom Meloro on March 11, 2005), Scientific Games conducted a reasonable search and produced responsive documents and information in its possession, custody and control concerning the development and deployment of the PlayCentral Kiosk. It is our understanding that Autotote and Online Entertainment Systems were not involved in the development or deployment of the PlayCentral Kiosk. If you are aware of information to the contrary, please let us know.

      I do not understand the basis for the statement in your April 20 letter that "Scientific Games claims it has produced documents . . . in response to GTECH's requests for software and related documentation for the PlayCentral, [and] software used to store, manage or download graphics to the PlayCentral . . . ." My April 15 letter says nothing remotely close to that. We have not produced software or related documentation concerning the PlayCentral Kiosk, and do not see the relevance of such materials to the issues in this litigation. Please explain why GTECH believes such materials are relevant to this litigation.

Larissa A. Soccoli, Esquire
April 22, 2005
Page 2

     With respect to the design documents for the burster used in the PlayCentral Kiosk, Scientific Games has produced or will produce any such documents in its possession, custody or control.

          Sincerely,

          Rodger D. Smith

461662

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on April 22, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE  19899-1347

I further certify that on April 22, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
jingersoll@ycst.com

Attorneys for Plaintiff

WP3.1094661.1                                                              63055.1003