IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>    Defendants. | C.A. No. 04-138-JJF |

DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS AND OTHER MATERIALS FROM THE EARLIER *POLLARD* LITIGATION

    Pursuant to Fed. R. Civ. P. 37, D. Del. LR 37.1 and the Discovery Dispute procedure set forth in paragraph 4(a) of the Court's July 14, 2004 Scheduling Order (D.I. 12), defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") move to compel plaintiff GTECH Corporation ("GTECH") to produce documents and other materials from the earlier litigation between GTECH's predecessor, Interlott Technologies, Inc. ("Interlott"), and Pollard Banknote Limited and Pollard (U.S.) Ltd. (collectively, "Pollard") (the "*Pollard* litigation"), in which Interlott accused Pollard of infringing U.S. Patent No. 4,982,337 ("the '337 patent"), one of the patents in suit here.

The Earlier *Pollard* Litigation

    1.  GTECH's predecessor, Interlott, sued Pollard in the Northern District of Ohio on November 1, 2002, for infringement of the '337 patent. In the course of that litigation, three of the four named inventors of the '337 patent (Robert Burr, Donald Keagle and Alfred

Fulton) gave video depositions.[1] From the transcript of his deposition, it is also apparent that Mr. Burr produced documents in that litigation using the prefix "RB," including at least one document that was marked as an exhibit at his deposition. At least six other witnesses associated with Interlott -- Dennis Blazer, Bernard Hardy, Gregor Neff, David Nichols, Thomas Stokes and David Wagoner -- also gave video depositions in the *Pollard* litigation.

2. The *Pollard* litigation was dismissed on February 23, 2004, on the eve of trial. The parties had completed discovery and exchanged expert reports. Interlott's technical expert was Dr. Dennis Guenther, who is a Professor in the Department of Mechanical Engineering at Ohio State University. Interlott's damages expert was Glenn Newman from ParenteRandolph.

## GTECH's Failure To Produce Documents And Other Materials In This Litigation

3. GTECH filed this action against Scientific Games on March 4, 2004, alleging that Scientific Games infringes the '337 patent at issue in the *Pollard* litigation, as well as another patent (D.I. 1).

4. Almost ten months ago, on July 9, 2004, Scientific Games served GTECH with document requests, in which Scientific Games requested, *inter alia*, "[a]ll documents relating to any litigation, arbitration, interference, opposition or other proceeding involving the Patents-in-Suit, Related Patents, or Related Applications" (Ex. A at 11). GTECH responded that it would produce documents responsive to that request (*id*. at 12).

5. GTECH has produced the transcripts of the depositions taken in the *Pollard* litigation, but has failed to produce copies of the videotapes or the deposition exhibits.

---

[1] Messrs. Burr, Keagle and Fulton are all represented by GTECH's counsel, Kenyon & Kenyon, in this litigation.

GTECH has also failed to produce copies of the documents produced by the inventors in the earlier litigation. Finally, despite producing a copy of Mr. Newman's damages expert report (*see* GTECH 032793-827), GTECH has failed to produce any other expert reports or expert affidavits from the *Pollard* litigation, including any reports or affidavits from Dr. Guenther.

6.  During a March 11, 2005 telephone conference, Scientific Games asked GTECH why it had failed to produce documents and other materials from the *Pollard* litigation, including: (a) copies of the videotapes of the depositions taken in the *Pollard* litigation; (b) copies of the deposition exhibits from the *Pollard* litigation; and (c) copies of the expert reports and affidavits from the *Pollard* litigation (Ex. B).

7.  On March 31, 2005, Scientific Games again pointed out that GTECH had failed to produce: (a) copies of the videotapes of the depositions taken in the *Pollard* litigation; (b) copies of the deposition exhibits from the *Pollard* litigation; (c) copies of the expert reports and affidavits from the *Pollard* litigation; and (d) copies of documents produced by the inventors in the *Pollard* litigation (Ex. C).

8.  GTECH responded on April 4, 2005, that it had produced "all of the *Pollard* litigation documents," except "those containing confidential information of parties not within our control which are covered by the protective order entered in that case" (Ex. D).

9.  On April 15, 2005, Scientific Games asked GTECH to identify where in GTECH's document production the materials from the *Pollard* litigation could be found (Ex. E). Scientific Games also asked GTECH to provide a list of all documents that it was withholding based on the protective order in the earlier litigation (*id.*). GTECH has not responded to that request.

10. GTECH should have produced all the materials from the *Pollard* litigation months ago. Indeed, despite having produced many documents from that litigation, GTECH continues to withhold production of others based on the vague and unsubstantiated claim that they contain "confidential information" of third parties. That excuse is clearly not sufficient, especially in light of the Protective Order in place in this litigation to protect confidential information (D.I. 26). It is also plainly incorrect given that GTECH still has not produced the videotapes of the depositions.

## CONCLUSION

11. Scientific Games requests that the Court enter an order compelling GTECH to produce: (a) copies of the videotapes of the depositions taken in the *Pollard* litigation; (b) copies of the deposition exhibits from the *Pollard* litigation; (c) copies of all expert reports and affidavits from the *Pollard* litigation; and (d) copies of all documents produced by the inventors in the *Pollard* litigation. Scientific Games also requests that the Court stay the close of fact discovery for Scientific Games on issues related to the materials requested in this motion, and order GTECH bear any costs incurred in having to reopen depositions as a result of GTECH improperly withholding the documents and materials requested in this motion.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/    Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Rodger D. Smith (#3778)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
   Attorneys for Defendants

April 25, 2005

4

## RULE 7.1.1. CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the plaintiff, and that it has not been resolved.

                                                                                              /s/    *Jack B. Blumenfeld*

**CERTIFICATE OF SERVICE**

I, Jack B. Blumenfeld, hereby certify that on April 25, 2005, I caused to be electronically filed Defendants' Motion to Compel Plaintiff to Produce Documents and Other Materials from the Earlier *Pollard* Litigation with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

**BY HAND**

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE  19899

**BY FEDERAL EXPRESS**

>Thomas J. Meloro, Esquire
>Kenyon & Kenyon
>One Broadway
>New York, NY  10004

>*/s/ Jack B. Blumenfeld*
>Jack B. Blumenfeld (#1014)
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>jblumenfeld@mnat.com
>   Attorneys for Defendants