# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>        Plaintiffs,<br><br>  v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC.,<br>SCIENTIFIC GAMES HOLDINGS<br>CORPORATION, SCIENTIFIC GAMES<br>FINANCE CORPORATION, and SCIENTIFIC<br>GAMES CORPORATION,<br><br>        Defendants. | Civil Action No. 04-138-JJF |

**PLAINTIFF GTECH CORPORATION'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Plaintiff, GTECH Corporation ("GTECH"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits the following responses and objections to Defendants' First Set of Requests for the Production of Documents and Things.

**GENERAL OBJECTIONS**

1. GTECH generally objects to Defendants' requests and "Definitions" to the extent that they attempt to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and/or by the Local Rules of the United States District Court for the District of Delaware ("Local Rules").

RESPONSE TO REQUEST NO. 9:

GTECH objects to this request as overly broad and unduly burdensome in calling for "all documents." GTECH also objects to the use of the phrases "constituting or relating to" as being vague and ambiguous. GTECH further objects to this request in that it seeks information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this request as seeking information that is subject to the attorney-client privilege, work product doctrine and/or subject to non-disclosure by third party confidentiality agreements.

Subject to and without waiver of these objections and its General Objections, GTECH will produce non-privileged documents responsive to this request to the extent such documents exist.

REQUEST NO. 10:

All documents relating to any litigation, arbitration, interference, opposition, or other proceeding involving the Patents-in-Suit, Related Patents, or Related Applications.

RESPONSE TO REQUEST NO. 10:

GTECH objects to this request as overly broad and unduly burdensome in calling for "all documents." GTECH also objects to the use of the phrase "relating to" as being vague and ambiguous. GTECH further objects to this request in that it seeks information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. GTECH objects to this

request as seeking information that is publicly available. GTECH further objects to this request as seeking information that is subject to the attorney-client privilege, work product doctrine and/or subject to a protective order.

Subject to and without waiver of these objections and its General Objections, GTECH will produce non-privileged documents responsive to this request to the extent such documents exist.

REQUEST NO. 11:

All documents relating to the conception, reduction to practice, or development of the subject matter of the Patents-in-Suit, including but not limited to project proposals, memos, notes, emails, inventor notebooks, invention disclosures, communications regarding product development, revision histories, drawings, specifications, status reports, progress reports or summaries, development schedules or projections and technical documentation.

RESPONSE TO REQUEST NO. 11:

GTECH objects to this request as overly broad and unduly burdensome in calling for "all documents." GTECH also objects to the use of the phrase "relating to" as being vague and ambiguous. GTECH further objects to this request in that it seeks information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this request as seeking information that is subject to the attorney-client privilege and/or work product doctrine.

# Exhibit B

# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith
302 575 7205
302 498 6209 Fax
rsmith@mnat.com

March 16, 2005

BY FACSIMILE

Thomas J. Meloro, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

      Re:    GTECH Corp. v. Scientific Games International, Inc., et al.,
              C.A. No. 04-138-JJF

Dear Tom:

      I am writing to follow up on a number of issues that we discussed during our phone call last Friday.

      1.    <u>Depositions.</u>  We agreed to exchange dates and locations for the depositions of the witnesses that we each represent.  Please provide us as soon as possible with dates and locations for the depositions of Messrs. Roberts, Nealon, Wagoner, Turek and Fulton.  We are working on dates and locations for the Scientific Games witnesses whose depositions you have noticed, and we will provide you that information shortly.

      2.    <u>Documents from Messrs. Turek, Fulton and Burr.</u>  Consistent with your representations to me last Fall, you indicated once again that you would be producing documents in response to the *subpoenas duces tecum* that we issued last September to Messrs. Turek, Fulton and Burr.  Please forward those documents to us immediately.

      3.    <u>Materials from *Interlott v. Pollard* Litigation.</u>  As we discussed, please provide us with: (a) copies of the videotapes of the depositions taken in the *Pollard* litigation; (b) copies of the deposition exhibits from the *Pollard* litigation; and (c) copies of all expert reports and affidavits from the *Pollard* litigation.

Thomas J. Meloro, Esquire
March 16, 2005
Page 2

    4.    <u>Privilege Logs.</u> We agreed to exchange privilege logs on March 30, 2005.

Sincerely,

Rodger D. Smith

RDS/dal

# Exhibit C

# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith
302 575 7205
302 498 6209 Fax
rsmith@mnat.com

March 31, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

      Re:    GTECH Corp. v. Scientific Games International, Inc., et al.,
               C.A. No. 04-138-JJF

Dear Larissa:

      We still have not received copies of the videotapes of the depositions taken in the *Pollard* litigation, copies of the deposition exhibits from the *Pollard* litigation, copies of expert reports and affidavits from the *Pollard* litigation, or copies of any documents produced by the inventors in the *Pollard* litigation. Those materials should have been produced months ago in response to Scientific Games' document requests, which were served on GTECH on July 9, 2004. *See, e.g.,* Scientific Games' Document Request No. 10 ("All documents relating to any litigation, arbitration, interference, opposition or other proceeding involving the Patents-in-Suit, Related Patents, or Related Applications.").

      We also have not received documents in response to the *subpoenas duces tecum* issued last September to Messrs. Turek, Fulton and Burr, despite Tom Meloro's representations to me last Fall and during my March 11 conversation with him that we would be receiving those documents shortly.

Larissa A. Soccoli, Esquire
March 31, 2005
Page 2

      Depositions are scheduled to begin next week. Please confirm that we will receive these materials by the end of this week. If not, we intend to raise these issues with the Court.

      Sincerely,

      Rodger D. Smith

RDS/dal
458101

# Exhibit D



Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 4, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:   *GTECH Corp. v. Scientific Games International, Inc., et al.*
      *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

We have your March 31, 2005 letter. It is our understanding that we have received all of the *Pollard* litigation documents and have produced those to you, with the exception of those containing confidential information of parties not within our control which are covered by the protective order entered in that case. If we locate anything further, we will let you know.

As for the document subpoenas of Messrs. Turek, Fulton and Burr, you already have Mr. Turek's documents. They were produced with bates numbers GTECH 36095-38158 on March 23, 2005. Mr. Fulton has no responsive documents except the videotape of his deposition in the *Pollard* litigation which we are reviewing. As for Mr. Burr, as you know per his March 31, 2005 email to you, he is in the process of gathering relevant, responsive documents. We will process and produce those to you shortly after we receive them.

Sincerely,

Larissa A. Soccoli

New York    Washington, DC    Silicon Valley    www.kenyon.com

TOTAL P.02

# Exhibit E

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith
302 575 7205
302 498 6209 Fax
rsmith@mnat.com

April 15, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

Re:  GTECH Corp. v. Scientific Games International, Inc., et al.,
     C.A. No. 04-138-JJF

Dear Larissa:

I am writing in response to your April 4, 2005 letter. Please identify where in GTECH's document production we can find: (1) copies of the videotapes of the depositions taken in the *Pollard* litigation; (2) copies of the deposition exhibits from the *Pollard* litigation; (3) copies of expert reports and affidavits from the *Pollard* litigation; and (4) copies of any documents produced by the inventors in the *Pollard* litigation. Finally, to the extent you are withholding documents based on the protective order in the *Pollard* litigation, please provide us with a copy of the protective order and a list of the documents that are being withheld.

Sincerely,

Rodger D. Smith

RDS/dal
460695