IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>Defendants. | C.A. No. 04-138-JJF |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RE: SOFTWARE AND RELATED DOCUMENTATION**

Defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") oppose plaintiff GTECH Corporation's ("GTECH") request for production of source code and related software documentation concerning the accused PlayCentral product.

1.  GTECH would have the Court believe that the patents in suit are sophisticated computer science patents that require knowledge of the accused product's source code and software to determine whether Scientific Games infringes. In fact, the patents in suit are mechanical engineering patents from the 1980's that do not require any knowledge or understanding of the accused product's source code or software to determine infringement.

2.  The first patent, U.S. Patent No. 4,982,337 ("the '337 patent"), discloses the use of a dull "burster" wheel that rolls across a perforation between two lottery tickets to separate the tickets. In earlier litigation, GTECH's predecessor, Interlott Technologies, Inc.

2.

("Interlott"), explained that the '337 patent is "directed to a machine for dispensing lottery tickets," and argued that the '337 patent overcame the drawbacks of the prior art "by providing a unique burster mechanism that uses 'a dull edge bursting blade moveably mounted adjacent a predetermined bursting position'" (Ex. A at 1, 2). By contrast, Scientific Games' PlayCentral Kiosk does not use "a dull edge bursting blade moveably mounted." The PlayCentral Kiosk uses a stationary cutting blade.

   3. The second patent, U.S. Patent No. 5,222,624 ("the '624 patent"), discloses a lottery ticket vending machine that has windows on the front of the machine that permit a customer to view actual tickets, and to see the strip of tickets moving as tickets are dispensed. "Lottery tickets are displayed in the window and move past the window as they are being dispensed, thus allowing the buyer to see the messages and terms on the tickets themselves" (GTECH Ex. A, Abstract). By contrast, the PlayCentral Kiosk does not contain windows and does not display moving tickets. The PlayCentral Kiosk uses an LCD touchscreen that displays stationary icons corresponding to the tickets available for purchase in the machine.

   4. GTECH has asserted that Scientific Games is infringing claims 20, 21 and 28 of the '337 patent, and claim 18 of the '624 patent. Claims 20 and 21 of the '337 patent cover a "ticket dispensing machine" that includes a "housing means," a "means . . . for ordering a plurality of tickets," a "means for separating . . . tickets," a "dispensing means," and a "control means." Claim 28 of the '337 patent covers a "dispenser" that includes a "moving means," a "drive means," a "position detecting means," and a "means for severing a ticket." Claim 18 of the '624 patent covers a "lottery ticket vending machine" that includes a "housing," a "display means," an "acceptor means" for accepting currency, and a "means for dispensing." Not

surprisingly, those are mechanical engineering -- not software -- concepts. The patents in suit are mechanical engineering -- not software -- patents.

5. GTECH knows (or should know) how the accused PlayCentral machine works. Scientific Games has produced over 107,000 pages of documents concerning the PlayCentral machine, including electronic CAD (computer aided design) files concerning the design for the PlayCentral product (*see* SGI104995). Scientific Games has produced documents concerning the burster, the user interface, and the graphics displayed on the machine. The only documents that Scientific Games has refused to produce concerning the design and operation of the PlayCentral Kiosk are the highly sensitive source code and related software documentation, on the grounds that those materials are not relevant to the issues in this litigation.

6. GTECH simply refuses to face the facts. The source code and software for the PlayCentral Kiosk is not going to turn Scientific Games' stationary cutting blade into a movable dull burster wheel that moves across the tickets to separate them. The source code and software is also not going to turn Scientific Games' LCD touchscreen with stationary icons into windows with moving tickets.[1]

7. Even GTECH itself initially understood that source code and software are not relevant to this case. The words "source code" and "software" do not appear anywhere in GTECH's document requests (*see* GTECH Ex. G). In particular, those words do not appear in Request Nos. 9-12 and 24, which GTECH now argues require production of Scientific Games'

---

[1] GTECH's request for the source code and related software is like a basketball referee asking to inspect the team's playbook before deciding whether the basketball went through the hoop. The referee does not need to inspect the playbook before deciding whether the team has scored a basket. Similarly, GTECH does not need to inspect Scientific Games' source code and software to determine whether a stationary cutting blade is the same as a movable dull bursting wheel, or whether an LCD touchscreen with stationary icons is the same as windows with moving tickets.

4.

source code and related documentation.  Although those requests are vastly overbroad, they in no way implicate or require production of Scientific Games' "source code" or "software."[2]

## CONCLUSION

8.  For the foregoing reasons, Scientific Games respectfully requests that the Court deny GTECH's motion to compel.

          MORRIS, NICHOLS, ARSHT & TUNNELL

          */s/ Rodger D. Smith II*

          _____
          Jack B. Blumenfeld (#1014)
          Rodger D. Smith (#3778)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE  19899
          (302) 658-9200
          rsmith@mnat.com
             Attorneys for Defendants

April 29, 2005
462384

---

[2] When Scientific Games asked GTECH on April 22, 2005 to explain the relevance of source code and software to this litigation (GTECH Ex. L), GTECH refused -- stating only that "software and related documentation is highly relevant to GTECH's infringement claims" (Ex. B).  GTECH proceeded to file its motion to compel later that day, without any further efforts to meet-and-confer on the issue.

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on April 29, 2005, I caused to be electronically filed Defendants' Opposition To Plaintiff's Motion To Compel Discovery Re: Software And Related Documentation with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE  19899

### BY FEDERAL EXPRESS

>Thomas J. Meloro, Esquire
>Kenyon & Kenyon
>One Broadway
>New York, NY  10004

>*/s/ Rodger D. Smith II*
>Rodger D. Smith II (#3778)
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>rsmith@mnat.com
>   Attorneys for Defendants