IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| INTERLOTT TECHNOLOGIES, INC. | ) | |
| | ) | Case No. 1:02CV2157 |
| Plaintiff, | ) | |
| vs. | ) | Judge: Paul R. Matia |
| | ) | Magistrate Judge: Jack B. Streepy |
| POLLARD BANKNOTE LIMITED, and | ) | |
| POLLARD (U.S.) LTD. | ) | **PLAINTIFF'S, INTERLOTT** |
| | ) | **TECHNOLOGIES, INC.'S,** |
| Defendants. | ) | **CLAIM CONSTRUCTION BRIEF** |

GTech v. Scientific Games
04-128-JJF

GTECH 033530

I.  INTRODUCTION

Pursuant to the Case Management Order filed December 20, 2002, plaintiff Interlott Technologies, Inc. ("Interlott") hereby submits its Claim Construction Brief on the disputed terms of the patent in suit, U.S. Patent No. 4,982,337 (Exhibit 1, "the '337 patent"). There are two categories of claim terms in dispute: terms that will be referred to as "structural elements", and elements written in "means-plus-function" format. (See Exhibit 2, Joint Claim Construction and Prehearing Statement, hereinafter "Claim Statement".)

It is fundamental patent law that, to construe the structural elements, the Court need look no further than the plain, ordinary meaning of the claim terms themselves. The Court may not read limitations from the written description into those claim terms as Pollard asks the Court to do. With respect to the claim elements written in means-plus-function format, the Court must construe those elements as performing the function recited in the claim, and only that function; the Court may not add or subtract from that function. Then the Court must identify only the structure disclosed in the specification that is necessary to perform the recited function.

Following the above principles, the Court should adopt Interlott's construction of the disputed terms of the '337 patent.

II. THE '337 PATENT

The '337 patent is directed to a machine for dispensing lottery tickets that includes a unique burster mechanism to separate the lottery tickets from each other. The machine has a housing that includes a control panel 32 to permit the user to select the types and quantities of lottery tickets to be purchased. ('337 patent at col. 7, l. 3-col. 8, l. 9 and Fig. 3.) The housing includes a storage area 58 that holds lottery tickets in fan-fold form wherein the tickets are

1

separable along a line of weakness (*i.e.*, a perforated line). ('337 patent at col. 3, l. 43-48; col. 10, l. 16-25 and 32-34; Fig. 5.)

Lottery tickets are typically printed on a stiff and relatively thick card stock that is difficult to tear apart. (Exhibit 3, Certified File Wrapper of the Prosecution History of U.S. Patent No. 4,982,337, hereinafter "'337 Prosecution History", at p.284, Amendment dated May 17, 1989 at p. 30).)[1] Previous attempts at automatically dispensing lottery tickets cut the tickets, which could lead to the destruction of the lottery ticket when the cut is not made precisely between adjoining tickets. ('337 Prosecution History at p. 285, Amendment dated May 17, 1989 at p. 31.) The '337 patent overcame this drawback by providing a unique burster mechanism that uses "a dull edge bursting blade moveably mounted adjacent a predetermined bursting position". ('337 patent at col. 3, l. 55-57; col. 10, l. 57-61; Figs. 5 and 7.) The burster mechanism of the '337 patent "does not cut [the] stream of tickets 50, but rather exerts pressure against the top of [the] stream of tickets 50 in a direction to deflect it from the dispensing path 57". ('337 patent at col. 10, l. 61-63.) The lottery tickets, however, are held between sets of rollers 60,62 and 64,66 that prevent substantial deflection, which "enables the bursting force from the burster 68 to separate the tickets 52, 54." ('337 patent at col. 10, l. 64 – col. 11, l. 3; Figs. 8A and 8B.)

### III. THE DISPUTED CLAIM TERMS

Interlott has asserted that defendants Pollard Banknotes Limited and Pollard (U.S.) Ltd. (referred to collectively as "Pollard") are infringing each of claims 20-25 and 27-35 of the '337 patent. On May 21, 2003, the parties filed with the Court their Joint Claim Construction and Prehearing Statement (Exhibit 2), which sets forth Pollard's contentions as to the terms of those claims that Pollard contends require construction and Interlott's responses.

---

[1] The pages of the '337 Prosecution History have been consecutively numbered for the convenience of the Court.

GTech v. Scientific Games
04-128-JJF

GTECH 033536

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Plaintiff's, Interlott Technologies, Inc.'s, Claim Construction Brief** was served this 28th day of May, 2003, on counsel for defendants in the following manner indicated:

### Via E-Mail

Jennifer S. Roach (0074143)
Jennifer.Roach@ThompsonHine.com
THOMPSON HINE L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

Russell E. Levine, P.C.
rlevine@kirkland.com
Luke L. Dauchot
ldauchot@kirkland.com
Kristen J. Cerven
kcerven@kirkland.com
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601

/s/ Theodore R. Remaklus

29