**KENYON & KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 22, 2005

**By Facsimile**
Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:   *GTECH Corp. v. Scientific Games International, Inc., et al.*
      *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

We have your letter of today responding to mine of April 19 and 20th.

With regard to the design documents, your response makes it clear that Scientific Games has not been forthcoming concerning its document production in this case. First, in its responses to GTECH's document requests, Scientific Games refused to produce any documents concerning subsystems or components of PlayCentral and suppliers thereof. (*See, e.g.* responses to requests 23 and 24). In response to GTECH's follow-up inquiries concerning the design documents for the burster, Scientific Games responded that it had conducted a reasonable search and produced responsive documents, a statement which we believed to be dubious at best particularly since Scientific Games obviously possesses (and has produced) design documents for almost every subsystem in the PlayCentral *except* the burster. (*See* your April 15th letter to me at 2, 3). Your letter of today, which states that design documents for the burster "will be produced," has now confirmed our suspicions that such documents in fact exist and have been withheld to date. There is simply no excuse for this belated promise of production, particularly just days before depositions of Scientific Games witnesses are scheduled to go forward.

Please provide the design documents to us by tomorrow. If we have not received them by then, we reserve the right to hold open the depositions of Mr. Gilmore and Mr. Bartolone and any other depositions of Scientific Games' witnesses that transpire prior to receipt of the documents, and seek costs from Scientific Games for any continued depositions deemed necessary to inquire concerning those documents.

With regard to the software, we understand that you are now refusing to produce the software on (improper) relevancy grounds. The software and related documentation is highly relevant to the GTECH's infringement claims and is certainly discoverable information as we

Rodger D. Smith, Esq.
April 22, 2005
Page 2



have previously explained to you. We are taking this matter up with the Court.

    Finally, we understand from your letter that you have not searched the files of Scientific Games' subsidiaries and related entities (other than the named parties) for responsive documents. Documents Scientific Games has produced in discovery make it abundantly clear that at least the subsidiaries such as Autotote, Online Entertainment Systems and Scientific Games Racing are involved in the design, manufacture, and/or distribution of the accused PlayCentral. (*See, e.g., inter alia* SCI009917, SCI017771, SCI015458, SCI098894, SCI098916, SCI091171) Please reconsider your position and produce responsive documents from these subsidiaries and any other Scientific Games subsidiary or related entity immediately.

Sincerely,

Larissa A. Soccoli

TOTAL P.03