IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>Defendants. | C.A. No. 04-138-JJF |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RE: PATENT APPLICATIONS AND RELATED DOCUMENTATION**

Defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") oppose plaintiff GTECH Corporation's ("GTECH") request for production of patent applications and related documents concerning Scientific Games' accused PlayCentral product. Those documents are highly confidential, and there is no legitimate reason why GTECH should be able to obtain copies of those highly sensitive documents from a direct competitor.

1. "Courts agree that the secrecy of [patent] applications should be preserved when possible." *Central Sprinkler Co. v. Grinnell Corp.*, 897 F. Supp. 225, 227 (E.D. Pa. 1995). 35 U.S.C. § 122 requires that the U.S. Patent and Trademark Office must keep pending patent applications secret. Although the statute is not binding on the courts, courts have consistently recognized the important interest in maintaining the secrecy of patent applications. *See, e.g., Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 35 F. Supp. 2d 370, 372 (D. Del. 1998). Indeed,

2.

"courts have uniformly recognized that a heightened relevancy standard must be applied to patent applications and materials related thereto." *Microsoft Corp. v. Multi-Tech Sys. Inc.*, 62 U.S.P.Q.2d 1794, 1795 (D. Minn. 2002) (*quoting Fischer Imaging Corp. v. Lorad Corp.*, 148 F.R.D. 273, 274 (D. Colo. 1993)).

2.  Here, maintaining the confidentiality of Scientific Games' patent application is particularly important, because Scientific Games and GTECH are direct competitors. *See Microsoft Corp.*, 62 U.S.P.Q.2d at 1795 ("[T]he fact that parties are competitors weighs against disclosure."); *Tristrata*, 35 F. Supp. 2d at 372 ("[D]irect competition in the relevant marketplace by the parties favors secrecy."). Although GTECH professes that Scientific Games' patent applications are "relevant to a range of important issues in this case," it is clear that GTECH is only interested in obtaining Scientific Games' patent applications so that GTECH can find out what its competitor is doing and what new technology its competitor is patenting. *See Microsoft Corp.*, 62 U.S.P.Q.2d at 1795 (rejecting argument that "information in the sought patent applications 'may' be important to claim construction or relevant to the doctrine of equivalents").

3.  This is not the usual case, where an accused infringer seeks production of patent applications and other documents related to the patents in suit. For example, in *Tristrata*, 35 F. Supp. 2d at 371, this Court granted a motion to compel production of patent applications where defendants argued that the "applications which are pending or abandoned that emanated directly from the parents of the patents in suit are relevant, intrinsic evidence." *See also Central Sprinkler Co.*, 897 F. Supp. at 229 ("The most important factor in support of disclosure is that the requests seek information on patents that are directly relevant to this action. . . . Defendants have limited their requests to applications that are based on the two applications that resulted in

3.

the patent in suit."). Here, the requested documents have absolutely nothing to do with the patents in suit -- they are the patent applications of Scientific Games, the accused infringer, not GTECH, the patentee.

    4.  GTECH does not need access to Scientific Games' patent applications to understand how the accused PlayCentral product works, or to find out how Scientific Games "characterize[s] and describe[s] the accused product." This case involves mechanical engineering, and GTECH knows (or should know) how the PlayCentral machine works. Scientific Games has produced over 107,00 pages of documents concerning the PlayCentral machine, including electronic CAD (computer aided design) files concerning the design for the PlayCentral product (*see* SGI104995). *See Zenith Elec. Corp. v. ExZEC, Inc.*, 1998 WL 9181, at *3 (N.D. Ill. Jan. 5, 1998) ("[I]f the plaintiff can obtain sufficient information regarding the allegedly infringing product from other sources, discovery of defendant's patent application generally will be denied.").

## CONCLUSION

    5.  For the foregoing reasons, Scientific Games respectfully requests that the Court deny GTECH's motion to compel.

               MORRIS, NICHOLS, ARSHT & TUNNELL

               */s/ Rodger D. Smith II*
               _____
               Jack B. Blumenfeld (#1014)
               Rodger D. Smith (#3778)
               1201 N. Market Street
               P.O. Box 1347
               Wilmington, DE  19899
               (302) 658-9200
               rsmith@mnat.com
                 Attorneys for Defendants

April 29, 2005
462382

**CERTIFICATE OF SERVICE**

I, Rodger D. Smith II, hereby certify that on April 29, 2005, I caused to be electronically filed Defendants' Opposition To Plaintiff's Motion To Compel Discovery Re: Patent Applications And Related Documentation with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

**BY HAND**

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899

**BY FEDERAL EXPRESS**

> Thomas J. Meloro, Esquire
> Kenyon & Kenyon
> One Broadway
> New York, NY  10004

> */s/ Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com
>   Attorneys for Defendants