IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION, <br><br> Defendants. | Civil Action No. 04-138-JJF |

**GTECH'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF
TO PRODUCE DOCUMENTS AND OTHER MATERIALS
FROM THE EARLIER *POLLARD* LITIGATION**

Dated: May 3, 2005

Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

I.  **INTRODUCTION**

Contrary to Defendants' assertions in its motion to compel, GTECH is not refusing to produce documents from the prior litigation between Interlott Technologies, Inc. ("Interlott") and Pollard Banknote Limited and Pollard (U.S.) Limited ("the *Pollard* case").[1] In fact, the documents that Scientific Games alleges GTECH is withholding are: (1) documents which GTECH has already produced, (2) documents which are not in GTECH's possession, custody and control, and/or (3) documents which GTECH can not produce because they contain third-party Pollard's confidential information subject to the protective order entered in the *Pollard* case. Moreover, Defendants failed to pursue any other available avenue for obtaining the information it requests, and for avoiding Court involvement, before filing this motion.[2] Thus, there is no issue here that warrants this Court's intervention. Indeed, Defendants' Motion is really nothing more than a calculated attempt to deflect attention from Scientific Games' own significant, substantive withholding of relevant, responsive documents in this case. Tellingly, Defendants' filed this motion mere days after GTECH filed two motions to compel relating to Defendants' failure to produce highly material information central to the issues in this case.[3] The timing is not mere coincidence. Defendants motion, addressed herein, should be denied.

II.  **GTECH Has Produced The *Pollard* Litigation Materials It Has and Could Produce**

GTECH has requested and received from Wood, Herron & Evans, the law firm that handled the *Pollard* litigation on behalf of Interlott, the files they had from the *Pollard* litigation.

---

[1]  Interlott merged with GTECH Corporation in December of 2003. Pollard is a third party not within GTECH's control.

[2]  Defendants did not, for example, subpoena Pollard, or even request Pollard's consent to have GTECH release Pollard's third-party confidential documents.

[3]  See Ct. D.E. 53, *Plaintiff GTECH's Motion to Compel Discovery Pursuant to Fed. R. Civ. P. Rule 37(a) (Re: Software and Related Documentation)*; Ct. D.E. 52, *Plaintiff GTECH's Motion to Compel Discovery Pursuant to Fed. R. Civ. P. Rule 37(a) (Re: Patent Applications and Related Documentation)*.

Wood, Herron has represented that they have no further files beyond what GTECH has already received. In turn, GTECH has searched its own files, and the materials received from Wood, Herron, and produced the discoverable *Pollard* litigation materials it found. This is not an insignificant amount of material. GTECH produced over 100 motions and pleadings from the *Pollard* litigation. GTECH has produced the documents produced by Interlott in the *Pollard* litigation, which includes Interlott confidential material.[4] (Ex. 1, Letter from L. Soccoli dated April 4, 2005.) As acknowledged by Defendants, GTECH has also produced the deposition transcripts from the *Pollard* litigation.[5] (Ex. 2, *Defendants' Motion to Compel Plaintiff to Produce Documents and Other Materials from the Earlier Pollard Litigation ("Defendants' Motion")*, ¶ 5.) Further, GTECH has produced the deposition exhibits for Interlott's witnesses from the *Pollard* case.[6]

The only non-privileged documents in GTECH's possession which it has not produced are those containing confidential information of the third party, Pollard.[7] These documents are covered by the protective order entered in the *Pollard* case which prohibits use of that information for any purpose other than the *Pollard* lawsuit. (*See* Ex. 5, *Agreed Protective Order*, at 7) ("[c]onfidential Information may be used only for the purposes of the present litigation and

---

[4] Since Interlott merged with GTECH, GTECH can authorize production of Interlott confidential materials under the protective order entered in this case. GTECH has no such authority with regard to the materials of third party, Pollard, which Pollard designated as confidential in the *Pollard* litigation.

[5] GTECH has produced all deposition transcripts produced in the *Pollard* litigation that GTECH received from Wood, Herron and Evans, with the exception of those transcripts that contain confidential information pursuant to the protective order entered in the *Pollard* litigation.

[6] GTECH has not produced the deposition exhibits for the inventors because they are not within GTECH's possession.

[7] For example, GTECH can not produce eleven pleadings documents containing confidential information of Pollard. Certain of these eleven documents, including the Expert Report of Glenn Newmann which Defendants cite in their motion, were inadvertently produced by GTECH to Scientific Games. Promptly upon learning of the inadvertent disclosure, counsel for GTECH notified Scientific Games and requested the return of these documents. (*See* Ex. 3, Letter from L. Soccoli dated April 28, 2005, Ex. 4, Letter from L. Soccoli dated May 2, 2005.)

may not be used for any other purpose or in an other litigation or administrative proceeding.") Defendants' flippant comment that this is not a sufficient excuse should be rejected out of hand. GTECH has no discretion to disregard the order of the *Pollard* Court. In the interest of comity, neither should this Court disturb the *Pollard* Court's order. *See, e.g., Dart Indus., Inc. v. Liquid Nitrogen Processing Corp. of California,* 50 F.R.D. 286, 291-92 (D. Del. 1970).

### A. Deposition Videotapes

Wood, Herron and Evans has represented that, per GTECH's request, they have searched for and have not located any of the deposition videotapes from the *Pollard* litigation. GTECH has conducted a reasonable search of its own files and has not located the videotapes in its files. The deposition video of one of the inventors of the '337 patent-in-suit, Alfred Fulton, was obtained directly from Mr. Fulton as a result of his search for documents pursuant to a subpoena issued upon him by Scientific Games in this case. This video has been produced. (*See* Ex. 6, April 8, 2005 Letter from P. Lum).[8]

### B. Deposition Exhibits

Deposition exhibits from the *Pollard* litigation were produced to Scientific Games seven months ago on September 30, 2004 (GTECH 030435-032883). This production encompassed the deposition exhibits of Messrs. Chambers, Stokes, Wagoner, Turek, Blazer, Nichols, Hardy and Neff. These are the only deposition exhibits within GTECH's possession, custody or control.

### C. Expert Reports

Scientific Games insists GTECH be required to produce any expert reports and affidavits from the *Pollard* litigation, citing to the Expert Report of Glenn Newman which GTECH

---

[8] Notably, Defendants can not complain that they have not received the deposition testimony from the *Pollard* litigation. Defendants acknowledge that this has been produced. (*See* Ex. 2, *Defendants' Motion,* ¶5.)

produced. As explained above, GTECH produced that report inadvertently and has requested that all copies be returned. (*See* Ex. 3, Letter from L. Soccoli dated April 28, 2005.) The remaining expert reports and affidavits from the *Pollard* litigation are marked confidential pursuant to the *Agreed Protective Order* issued in the *Pollard* case (*see* Ex. 5), and contain Pollard's confidential information. Therefore, GTECH can not produce them.[9]

### D. Documents Produced by Inventors

To the extent GTECH has them in its possession, GTECH has produced copies of the documents produced by the inventors in the *Pollard* litigation.[10] The inventors have also fully responded to document subpoenas served on them in this case and produced responsive documents. (Burr documents produced at BURR 00001 – 00026, *see* Ex. 6, Letter from P. Lum dated April 8, 2005; Messrs. Fulton and Keagle had no responsive documents, *see* Ex 1, Letter from L. Soccoli dated April 4, 2005.) Thus, there is nothing further for GTECH to produce.

## III. CONCLUSION

Based on the foregoing, *Defendants' Motion to Compel Plaintiff to Produce Documents and Other Materials from the Earlier Pollard Litigation* should be denied.

---

[9] Furthermore, Defendants' have failed to show a "substantial need" for these documents containing third-party confidential information, or "undue hardship" if they are not produced. *Fed. R. Civ. P. 26(b)(3)*.

[10] Mr. Burr worked for Pollard in the *Pollard* litigation. Pollard's counsel was responsible for his document production in the *Pollard* litigation. Neither Wood, Heron nor GTECH have copies of his document production.

4

YOUNG, CONAWAY, STARGATT
& TAYLOR, LLP

Dated: May 3, 2005            By  /s/ Karen E. Keller
                                  Josy W. Ingersoll (#1088)
                                  Karen E. Keller (#4489)
                                  The Brandywine Building
                                  1000 West Street, 17th Floor
                                  P.O. Box 391
                                  Wilmington, Delaware 19889
                                  (302) 571-6600
                                  kkeller@ycst.com

                                  *Attorneys for Plaintiff*
                                  *GTECH Corporation*

OF COUNSEL
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

5

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on May 3, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>Wilmington, DE 19801

I further certify that on May 3, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Karen E. Keller*
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>kkeller@ycst.com
>
>Attorneys for GTECH Corporation