# EXHIBIT

# 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,

Plaintiff,

v.

SCIENTIFIC GAMES INTERNATIONAL,
INC., SCIENTIFIC GAMES HOLDINGS
CORPORATION, SCIENTIFIC GAMES
FINANCE CORPORATION, and
SCIENTIFIC GAMES CORPORATION,

Defendants.

C.A. No. 04-138-JJF

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS AND OTHER MATERIALS FROM THE EARLIER *POLLARD* LITIGATION

Pursuant to Fed. R. Civ. P. 37, D. Del. LR 37.1 and the Discovery Dispute procedure set forth in paragraph 4(a) of the Court's July 14, 2004 Scheduling Order (D.I. 12), defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") move to compel plaintiff GTECH Corporation ("GTECH") to produce documents and other materials from the earlier litigation between GTECH's predecessor, Interlott Technologies, Inc. ("Interlott"), and Pollard Banknote Limited and Pollard (U.S.) Ltd. (collectively, "Pollard") (the *"Pollard* litigation"), in which Interlott accused Pollard of infringing U.S. Patent No. 4,982,337 ("the '337 patent"), one of the patents in suit here.

### The Earlier *Pollard* Litigation

1.    GTECH's predecessor, Interlott, sued Pollard in the Northern District of Ohio on November 1, 2002, for infringement of the '337 patent. In the course of that litigation, three of the four named inventors of the '337 patent (Robert Burr, Donald Keagle and Alfred

Fulton) gave video depositions.[1]  From the transcript of his deposition, it is also apparent that Mr. Burr produced documents in that litigation using the prefix "RB," including at least one document that was marked as an exhibit at his deposition.  At least six other witnesses associated with Interlott -- Dennis Blazer, Bernard Hardy, Gregor Neff, David Nichols, Thomas Stokes and David Wagoner -- also gave video depositions in the *Pollard* litigation.

      2.      The *Pollard* litigation was dismissed on February 23, 2004, on the eve of trial.  The parties had completed discovery and exchanged expert reports.  Interlott's technical expert was Dr. Dennis Guenther, who is a Professor in the Department of Mechanical Engineering at Ohio State University.  Interlott's damages expert was Glenn Newman from ParenteRandolph.

### GTECH's Failure To Produce Documents And Other Materials In This Litigation

      3.      GTECH filed this action against Scientific Games on March 4, 2004, alleging that Scientific Games infringes the '337 patent at issue in the *Pollard* litigation, as well as another patent (D.I. 1).

      4.      Almost ten months ago, on July 9, 2004, Scientific Games served GTECH with document requests, in which Scientific Games requested, *inter alia*, "[a]ll documents relating to any litigation, arbitration, interference, opposition or other proceeding involving the Patents-in-Suit, Related Patents, or Related Applications" (Ex. A at 11).  GTECH responded that it would produce documents responsive to that request (*id*. at 12).

      5.      GTECH has produced the transcripts of the depositions taken in the *Pollard* litigation, but has failed to produce copies of the videotapes or the deposition exhibits.

---

[1]      Messrs. Burr, Keagle and Fulton are all represented by GTECH's counsel, Kenyon & Kenyon, in this litigation.

GTECH has also failed to produce copies of the documents produced by the inventors in the earlier litigation. Finally, despite producing a copy of Mr. Newman's damages expert report (*see* GTECH 032793-827), GTECH has failed to produce any other expert reports or expert affidavits from the *Pollard* litigation, including any reports or affidavits from Dr. Guenther.

6.    During a March 11, 2005 telephone conference, Scientific Games asked GTECH why it had failed to produce documents and other materials from the *Pollard* litigation, including:  (a) copies of the videotapes of the depositions taken in the *Pollard* litigation; (b) copies of the deposition exhibits from the *Pollard* litigation; and (c) copies of the expert reports and affidavits from the *Pollard* litigation (Ex. B).

7.    On March 31, 2005, Scientific Games again pointed out that GTECH had failed to produce:  (a) copies of the videotapes of the depositions taken in the *Pollard* litigation; (b) copies of the deposition exhibits from the *Pollard* litigation; (c) copies of the expert reports and affidavits from the *Pollard* litigation; and (d) copies of documents produced by the inventors in the *Pollard* litigation (Ex. C).

8.    GTECH responded on April 4, 2005, that it had produced "all of the *Pollard* litigation documents," except "those containing confidential information of parties not within our control which are covered by the protective order entered in that case" (Ex. D).

9.    On April 15, 2005, Scientific Games asked GTECH to identify where in GTECH's document production the materials from the *Pollard* litigation could be found (Ex. E). Scientific Games also asked GTECH to provide a list of all documents that it was withholding based on the protective order in the earlier litigation (*id.*).  GTECH has not responded to that request.

10.    GTECH should have produced all the materials from the *Pollard* litigation months ago.  Indeed, despite having produced many documents from that litigation, GTECH continues to withhold production of others based on the vague and unsubstantiated claim that they contain "confidential information" of third parties.  That excuse is clearly not sufficient, especially in light of the Protective Order in place in this litigation to protect confidential information (D.I. 26).  It is also plainly incorrect given that GTECH still has not produced the videotapes of the depositions.

<u>CONCLUSION</u>

11.    Scientific Games requests that the Court enter an order compelling GTECH to produce:  (a) copies of the videotapes of the depositions taken in the *Pollard* litigation; (b) copies of the deposition exhibits from the *Pollard* litigation; (c) copies of all expert reports and affidavits from the *Pollard* litigation; and (d) copies of all documents produced by the inventors in the *Pollard* litigation.  Scientific Games also requests that the Court stay the close of fact discovery for Scientific Games on issues related to the materials requested in this motion, and order GTECH bear any costs incurred in having to reopen depositions as a result of GTECH improperly withholding the documents and materials requested in this motion.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/    Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Rodger D. Smith (#3778)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
   Attorneys for Defendants

April 25, 2005

4

## RULE 7.1.1. CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the plaintiff, and that it has not been resolved.

/s/     Jack B. Blumenfeld

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on April 25, 2005, I caused to be electronically filed Defendants' Motion to Compel Plaintiff to Produce Documents and Other Materials from the Earlier *Pollard* Litigation with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

### BY FEDERAL EXPRESS

> Thomas J. Meloro, Esquire
> Kenyon & Kenyon
> One Broadway
> New York, NY 10004

> */s/ Jack B. Blumenfeld*
> Jack B. Blumenfeld (#1014)
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> jblumenfeld@mnat.com
>   Attorneys for Defendants

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GTECH CORPORATION, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 04-138-JJF |
| | ) |
| v. | ) |
| | ) |
| SCIENTIFIC GAMES INTERNATIONAL, INC., | ) |
| SCIENTIFIC GAMES HOLDINGS | ) |
| CORPORATION, SCIENTIFIC GAMES | ) |
| FINANCE CORPORATION, and SCIENTIFIC | ) |
| GAMES CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF GTECH CORPORATION'S RESPONSE TO DEFENDANTS' FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Plaintiff, GTECH Corporation ("GTECH"), pursuant to Rules 26 and 34 of the Federal

Rules of Civil Procedure, hereby submits the following responses and objections to Defendants'

First Set of Requests for the Production of Documents and Things.

**GENERAL OBJECTIONS**

1.    GTECH generally objects to Defendants' requests and "Definitions" to the extent

that they attempt to impose obligations beyond those imposed by the Federal Rules of Civil

Procedure and/or by the Local Rules of the United States District Court for the District of

Delaware ("Local Rules").

RESPONSE TO REQUEST NO. 9:

GTECH objects to this request as overly broad and unduly burdensome in calling for "all documents." GTECH also objects to the use of the phrases "constituting or relating to" as being vague and ambiguous. GTECH further objects to this request in that it seeks information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this request as seeking information that is subject to the attorney-client privilege, work product doctrine and/or subject to non-disclosure by third party confidentiality agreements.

Subject to and without waiver of these objections and its General Objections, GTECH will produce non-privileged documents responsive to this request to the extent such documents exist.

REQUEST NO. 10:

All documents relating to any litigation, arbitration, interference, opposition, or other proceeding involving the Patents-in-Suit, Related Patents, or Related Applications.

RESPONSE TO REQUEST NO. 10:

GTECH objects to this request as overly broad and unduly burdensome in calling for "all documents." GTECH also objects to the use of the phrase "relating to" as being vague and ambiguous. GTECH further objects to this request in that it seeks information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. GTECH objects to this

11

request as seeking information that is publicly available. GTECH further objects to this request as seeking information that is subject to the attorney-client privilege, work product doctrine and/or subject to a protective order.

Subject to and without waiver of these objections and its General Objections, GTECH will produce non-privileged documents responsive to this request to the extent such documents exist.


REQUEST NO. 11:

All documents relating to the conception, reduction to practice, or development of the subject matter of the Patents-in-Suit, including but not limited to project proposals, memos, notes, emails, inventor notebooks, invention disclosures, communications regarding product development, revision histories, drawings, specifications, status reports, progress reports or summaries, development schedules or projections and technical documentation.


RESPONSE TO REQUEST NO. 11:

GTECH objects to this request as overly broad and unduly burdensome in calling for "all documents." GTECH also objects to the use of the phrase "relating to" as being vague and ambiguous. GTECH further objects to this request in that it seeks information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this request as seeking information that is subject to the attorney-client privilege and/or work product doctrine.

12

# EXHIBIT B

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith
302 575 7205
302 498 6209 Fax
rsmith@mnat.com

March 16, 2005

BY FACSIMILE

Thomas J. Meloro, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

Re:     GTECH Corp. v. Scientific Games International, Inc., et al.,
        C.A. No. 04-138-JJF

Dear Tom:

I am writing to follow up on a number of issues that we discussed during our phone call last Friday.

1.      Depositions. We agreed to exchange dates and locations for the depositions of the witnesses that we each represent. Please provide us as soon as possible with dates and locations for the depositions of Messrs. Roberts, Nealon, Wagoner, Turek and Fulton. We are working on dates and locations for the Scientific Games witnesses whose depositions you have noticed, and we will provide you that information shortly.

2.      Documents from Messrs. Turek, Fulton and Burr. Consistent with your representations to me last Fall, you indicated once again that you would be producing documents in response to the *subpoenas duces tecum* that we issued last September to Messrs. Turek, Fulton and Burr. Please forward those documents to us immediately.

3.      Materials from *Interlott v. Pollard* Litigation. As we discussed, please provide us with:  (a) copies of the videotapes of the depositions taken in the *Pollard* litigation; (b) copies of the deposition exhibits from the *Pollard* litigation; and (c) copies of all expert reports and affidavits from the *Pollard* litigation.

Thomas J. Meloro, Esquire
March 16, 2005
Page 2

4. <u>Privilege Logs.</u>  We agreed to exchange privilege logs on March 30, 2005.

Sincerely,

Rodger D. Smith

RDS/dal

# EXHIBIT C

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH
302 575 7205
302 498 6209 FAX
rsmith@mnat.com

March 31, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

Re:   GTECH Corp. v. Scientific Games International, Inc., et al.,
        C.A. No. 04-138-JJF

Dear Larissa:

We still have not received copies of the videotapes of the depositions taken in the *Pollard* litigation, copies of the deposition exhibits from the *Pollard* litigation, copies of expert reports and affidavits from the *Pollard* litigation, or copies of any documents produced by the inventors in the *Pollard* litigation. Those materials should have been produced months ago in response to Scientific Games' document requests, which were served on GTECH on July 9, 2004. *See, e.g.,* Scientific Games' Document Request No. 10 ("All documents relating to any litigation, arbitration, interference, opposition or other proceeding involving the Patents-in-Suit, Related Patents, or Related Applications.").

We also have not received documents in response to the *subpoenas duces tecum* issued last September to Messrs. Turek, Fulton and Burr, despite Tom Meloro's representations to me last Fall and during my March 11 conversation with him that we would be receiving those documents shortly.

Larissa A. Soccoli, Esquire
March 31, 2005
Page 2

Depositions are scheduled to begin next week.  Please confirm that we will receive these materials by the end of this week.  If not, we intend to raise these issues with the Court.

Sincerely,

Rodger D. Smith

RDS/dal
458101

# EXHIBIT D

 **KENYON & KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 4, 2005

***By Facsimile***

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    ***GTECH Corp. v. Scientific Games International, Inc., et al.***
       ***(D. Del. C.A. No. 04-138-JJF)***

Dear Rodger:

We have your March 31, 2005 letter. It is our understanding that we have received all of the *Pollard* litigation documents and have produced those to you, with the exception of those containing confidential information of parties not within our control which are covered by the protective order entered in that case. If we locate anything further, we will let you know.

As for the document subpoenas of Messrs. Turek, Fulton and Burr, you already have Mr. Turek's documents. They were produced with bates numbers GTECH 36095-38158 on March 23, 2005. Mr. Fulton has no responsive documents except the videotape of his deposition in the *Pollard* litigation which we are reviewing. As for Mr. Burr, as you know per his March 31, 2005 email to you, he is in the process of gathering relevant, responsive documents. We will process and produce those to you shortly after we receive them.

Sincerely,

Larissa A. Soccoli

New York    Washington, DC    Silicon Valley    www.kenyon.com

TOTAL P.02

# EXHIBIT E

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH
302 575 7205
302 498 6209 FAX
rsmith@mnat.com

April 15, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

Re:    GTECH Corp. v. Scientific Games International, Inc., et al.,
       C.A. No. 04-138-JJF

Dear Larissa:

I am writing in response to your April 4, 2005 letter. Please identify where in GTECH's document production we can find: (1) copies of the videotapes of the depositions taken in the *Pollard* litigation; (2) copies of the deposition exhibits from the *Pollard* litigation; (3) copies of expert reports and affidavits from the *Pollard* litigation; and (4) copies of any documents produced by the inventors in the *Pollard* litigation. Finally, to the extent you are withholding documents based on the protective order in the *Pollard* litigation, please provide us with a copy of the protective order and a list of the documents that are being withheld.

Sincerely,

Rodger D. Smith

RDS/dal
460695