# EXHIBIT

# 3



Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 28, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    *GTECH Corp. v. Scientific Games International, Inc., et al.*
       *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

        Upon receipt of your motion to compel, we realized that the Expert Report of Glenn Newman from the Pollard litigation (GTECH 032793-032825) had been inadvertently produced. That document contains confidential information of a third party that is covered by a protective order entered in that case and protected from discovery in this case. Accordingly, pursuant to paragraph 17 of the Stipulated Protective Order entered November 4, 2004, please return that document, and all copies you have thereof, to my attention immediately.

                                        Sincerely,

                                        Larissa A. Soccoli

# EXHIBIT

# 4



KENYON
&
KENYON

Intellectual Property Law

**Larissa A. Soccoll**
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

May 2, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    *GTECH Corp. v. Scientific Games International, Inc., et al.*
      *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

      Upon reviewing our production of documents from the Pollard litigation, we noted that Pollard's Response in Opposition to Interlott's Motion *In Limine* to Exclude Defendants' New Claim Constructions (GTECH 034508 – 516) had been inadvertently produced. That document contains confidential information of a third party that is covered by a protective order entered in that case and is protected from discovery in this case. Accordingly, pursuant to paragraph 17 of the Stipulated Protective Order entered November 4, 2004, please return that document, and all copies you have thereof, to my attention immediately.

                        Sincerely,

                        Larissa A. Soccoli

# EXHIBIT

# 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

INTERLOTT TECHNOLOGIES, INC.    )
    )
            Plaintiff,    )   Civil Action No.    1:02CV2157
    )
   vs.    )   Judge Paul R. Matia
    )
POLLARD BANKNOTE LIMITED    )
    )   Magistrate Judge Jack B. Streepy
and    )
    )
POLLARD (U.S.) LTD.    )
    )
            Defendants.    )
    )

### AGREED PROTECTIVE ORDER

WHEREAS the parties consider certain information to be confidential and proprietary in the sense of Rule 26(c)(7), Fed. R. Civ. P., and, therefore, mutually desire that a protective order limiting use, access to, and disclosure of such information be entered, it is hereby ORDERED AND AGREED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

    1.    **DESIGNATION OF CONFIDENTIALITY** – Any document, interrogatory answer, admission, deposition testimony, or information in other form obtained through means of pretrial-discovery, or any portion thereof, may be designated as confidential by the party producing or providing it if such party reasonably believes in good faith that such material is properly entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

    a.    For purposes of this order, the term "document" means all written, recorded, electronic or graphic material or data, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits,

-1-

CONFIDENTIAL
OUTSIDE COUNSEL'S EYES ONLY    TECH 034345

pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

      b.    Information designated for protection under this Order ("Confidential Information") shall be designated by the party producing it as "Confidential Information." The designation "Confidential Information" shall be placed clearly on each page or portion of the Confidential Information at the time copies of the Confidential Information are produced.

      c.    Any party (including any third party not named in this action) that is required to produce materials or information in this case may designate as Confidential Information for which the producing party believes, in good faith, there is good cause for confidential treatment. If necessary, a third party may seek modification of this Agreed Protective Order.

      d.    In the event the producing party elects to produce files and records for inspection and the inspecting party desires to inspect files, no marking need be made by the producing party in advance of the initial inspection. For purposes of such inspection, all documents and information within the produced files shall be considered "Confidential Information." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the "Confidential Information" marking at the time the copies are produced to the inspecting party.

      e.    All notes, extracts and summaries of Confidential Information shall also be considered Confidential Information and be subject to the terms of this Order to the same

-2-

CONFIDENTIAL
OUTSIDE COUNSEL'S EYES ONLY

GTECH 034346

extent as the source confidential information without need for designation as "Confidential Information."

      f.    Any party may at any time challenge the designation of any documents or information as Confidential Information by serving a written challenge to the designation upon counsel for the designating party. Such challenge shall specifically identify the designation of Confidential Information being contested. The producing party shall thereafter respond to the challenge in writing within five (5) business days of receipt of the written request or challenge, unless extended by agreement between the parties in writing. If the parties fail to reach agreement, the matter may be submitted to the Court by letter for resolution. The party making the designation shall have the burden of persuading the Court that the information should be designated Confidential Information under this Order. Failure to challenge the designation of any document as containing Confidential Information shall not constitute a waiver of the right to ever challenge such designation.

      2.    **DISCLOSURE OF MATERIAL CLASSIFIED AS "CONFIDENTIAL INFORMATION"** – Material classified as "Confidential Information" may be disclosed only to the following persons, except upon the prior written consent of the designating party:

      a.    Outside counsel of record for the parties in the above-captioned action, as well as other attorneys in outside counsel's offices actively involved in this litigation, and their legal assistants, paralegals or other support personnel actively involved in this litigation; provided that such counsel are not responsible for or involved in patent prosecution for the party receiving Confidential Information;

-3-

b.    Independent consultants and/or experts, and regular employees of such consultants and/or experts, retained by counsel solely for the prosecution or defense of this litigation and approved by the opposing party as set forth below;

c.    Deposition court reporters, videographers, graphic/demonstrative exhibit consultants, and jury consultants to the extent necessary for the conduct of this action;

d.    The Court, including all necessary Court personnel;

e.    Members of a jury empanelled in this action.

3.    **OTHER DISCLOSURE** –Any party may at any time request permission to disclose Confidential Information other than as permitted by this Agreed Protective Order by serving a written request upon counsel for the producing party. Such request shall specifically identify the Confidential Information sought to be disclosed, the manner in which it is to be disclosed, and the person to whom it is to be disclosed. The producing party shall thereafter respond to the request in writing within five (5) business days of receipt of the written request or challenge. A failure to respond within such time shall constitute a refusal. If the requested permission is withheld, the parties shall negotiate in good faith concerning the request. Where consent has been withheld and the party and the producing party are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court by letter for resolution by the party requesting disclosure. The party requesting disclosure shall have the burden of persuading the Court that disclosure is appropriate under applicable rules. Disclosure shall not be made until the Court has ruled on that relief or the parties otherwise mutually agree in writing.

-4-

4.   **NOTICE PRIOR TO DISCLOSURE** – Prior to disclosure of any Confidential Information to any person within the scope of paragraph 2(b), the disclosing party shall identify (by name, address and position) such person in writing to the other party, and provide a current resume for each person. The resume should include any present or former relationship with any party in this litigation or any party's known customers or competitors. Such other party shall have five (5) business days to object, in writing, to any disclosure to such person. Such objections will stay the disclosure until such time as the parties mutually agree that the material will be or will not be produced or the Court orders such production. If the proposing party desires to challenge the objection, the proposing party shall provide a written response within five (5) business days of receipt of the written objection stating the reasons the objection is considered improper. If agreement cannot be reached, the party desiring to designate the individual as an independent consultant or expert may contact the Court by letter for relief relating to the proposed consultant or expert. Identification of people under this paragraph shall not constitute a waiver of the protections provided under Fed. R. Civ. P. 26(b)(3).

5.   **CERTIFICATE REGARDING CONFIDENTIALITY** – Prior to disclosure of Confidential Information to any person enumerated in Paragraph 2(b) or 3, the person receiving such Confidential Information shall be provided with a copy of this Order, and shall execute the Certificate Regarding Confidentiality ("Certificate") attached hereto as Exhibit A. A copy of the executed Certificate shall be transmitted to counsel of the opposing party.

6.   **PRESENTING CONFIDENTIAL INFORMATION** – Any Confidential Information presented to the Court shall be presented in accordance with Local Rule 5.2 of the United States District Court for the Northern District of Ohio and the rules of Honorable Chief Judge Matia concerning protective orders. Specifically, the material shall be presented in a

-5-

sealed envelope, covered by a caption page marked with the filing date of this Protective Order,
the name, address and telephone number of the person filing the documents, and the following
statement:

> "CONFIDENTIAL INFORMATION
> SUBJECT TO PROTECTIVE ORDER."

The material shall be delivered to Chambers. The person so presenting the documents shall
include a copy of this Order in the envelope. The party presenting the documents shall also state
in the paper filed with the Court that Confidential Information has been delivered to the
Chambers of the Honorable Chief Judge Matia. For the convenience of the parties and the Court,
a party that presents a paper containing or attaching Confidential Material may designate the
entire paper as "Confidential Information." If any party fails to designate as "Confidential
Information" any protected documents or information, the producing party or the party claiming
the confidentiality of the documents or information may notify the Court of the "Confidential"
nature of the information.

7.    USE OF CONFIDENTIAL INFORMATION IN DEPOSITIONS –

a.    Only those persons identified in paragraphs 2(a), (b) (only upon prior
approval under paragraph 4), (c) and (d) may be present during testimony concerning
Confidential Information designated as "Confidential Information."

b.    Parties may, within fifteen (15) days after receiving a deposition
transcript, designate pages of the transcript as "Confidential Information." Confidential
information within the deposition transcript may be designated by providing written notice of the
designation (by page and line, or by exhibit number) to the Parties and any other affected
person(s). Those pages of the deposition transcript and exhibits so designated shall be marked
with the "Confidential Information" designation. Until expiration of the 15-day period, the entire

-6-

deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript will be treated as confidential. A party designating a portion of a deposition transcript shall use reasonable good faith efforts to identify only information that is truly Confidential Information under the terms of this Order. Blanket designations of depositions as Confidential Information shall be presumed not to satisfy the good faith efforts required by this Order.

8.   **DISSEMINATION OF CONFIDENTIAL INFORMATION** – Persons provided access to Confidential Information as permitted within this Order shall not disclose orally, in writing or otherwise, the Confidential Information or the specific contents or substance of any Confidential Information, to any other persons to whom disclosure is not granted or contemplated by this Order.

9.   **CLIENT CONSULTATION** – This Order shall not bar any attorney identified in paragraph 2(a) above in the course of rendering advice to his or her client from relying in a general way upon his or her examination of Confidential Information produced or exchanged herein; provided, however, that in rendering advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents or substance of any Confidential Information produced by another party herein unless otherwise permitted by the terms of this Order.

10.   **USE** – Confidential Information may be used only for the purposes of the present litigation and may not be used for any other purpose or in any other litigation or administrative proceeding.

11.   **PRODUCING PARTY'S USE OF ITS DOCUMENTS** – Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

-7-

Further, nothing in this Agreed Protective Order shall preclude any party to the lawsuit or its attorneys from showing a document designated as "Confidential Information" to an individual who either prepared or is indicated on the document as having received a copy of the document, provided that such disclosure is made only in the presence of counsel for the party designating the document as Confidential Information, the individual does not retain a copy of the document, and the individual agrees to treat the information as Confidential Information pursuant to this Agreed Protective Order. Further, nothing shall preclude a party from disclosing information designated "Confidential Information" to an employee, representative or expert of the party that so designated the information "Confidential Information," provided that such disclosure is made only in the presence of counsel for the party designating the document as Confidential Information.

12. **EXCEPTIONS** – This Agreed Protective Order shall not be construed to prevent any party or its counsel from making use of documents or information that were lawfully available to the public or lawfully in the party's possession independent of another party providing it. However, the receiving party shall use the documents and information in its possession and not the copy marked as Confidential Information by the providing party pursuant to this Agreed Protective Order. Nothing in this Agreed Protective Order shall be construed to alter any confidentiality agreements relating to any information involved in this matter.

13. **TERMINATION** – No later than thirty (30) days after the final termination of this action by this Court, the attorneys for each party shall contact the Court, if they wish to retain the documents stamped "Subject to Protective Order" or that contain "confidential information;" otherwise, any unclaimed documents will thereafter be destroyed.

-8-

a.    No later than forty-five (45) days after the conclusion of this litigation, by final judgment, settlement or otherwise, all Confidential Information held by either party shall be returned to the designating party or shall be destroyed. In the event that such materials are destroyed, the person or persons responsible for such destruction shall certify in writing to the completion and manner of destruction.

b. This provision shall apply to pleadings, briefs, abstracts, synopses, deposition and trial transcripts, correspondence, and work product containing or reflecting Confidential Information. However, counsel shall retain, for three years from the final termination of this action, copies of any pleadings, briefs, deposition and trial transcripts and correspondence containing or reflecting Confidential Information and designated as Confidential Information by the party represented by the counsel retaining such documents.

14.    **SURVIVAL AND AMENDMENTS** – The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate. Any party may make a request to the Court for any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of confidential information.

The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Agreed Protective Order.

15.    **FAILURE TO DESIGNATE** – The inadvertent production of any item without it being designated "Confidential Information" will not be deemed a waiver of any claim that the item designated is "Confidential Information." If a party through inadvertence produces any item designated "Confidential Information" without designating it as such under this Order, the producing party may furnish a substitute item properly marked along with written notice to all

-9-

**CONFIDENTIAL**
**OUTSIDE COUNSEL'S EYES ONLY**

GTECH 034353

parties (or written notice alone as to non-documentary information) that such item is deemed "Confidential Information" and should be treated as such. The receiving party (or parties) must treat such information as "Confidential Information" from the date the notice is received. Disclosure of "Confidential Information" information prior to this receipt of notice will not be deemed a violation of this Order.

16.    **PRIVILEGE CLAIMS** – The disclosure or production by the producing party of information shall be without prejudice to any claim by the producing party that such material is privileged within the meaning of Rule 26 or protected from discovery as work-product within the meaning of Rule 26; and no party shall be held to have waived any of its right under Rule 26 by such production. If, after such material is produced, a claim of privilege or work-product is subsequently made, the receiving party shall take reasonable steps to ensure that all known copies of such discovery material are returned promptly to the producing party. If data or information has been extracted from discovery material which is subsequently returned, to the extent possible, the information and/or data will be expunged and not used by the receiving party. However, to the extent that, prior to being notified of the inadvertent production, the receiving party uses in good faith such information and/or data in documents filed with the Court or at depositions, the receiving party will have no obligation to expunge such information and/or data from, or otherwise to alter, any such document filed with the Court or the transcript of any such deposition. After the return of such material, claims of privilege or work-product may be submitted for resolution pursuant to further order of the Court or by subsequent agreement of the parties. That determination shall be made without regard to the fact that such material was inadvertently produced. In addition, such material will not be subject to production in any other proceeding by virtue of the fact that it has been inadvertently disclosed in this proceeding.

-10-

CONFIDENTIAL
OUTSIDE COUNSEL'S EYES ONLY    . GTECH 034354

17.    **EFFECT OF THIS PROTECTIVE ORDER** –

a.    Nothing contained in this Agreed Protective Order or any declaration of confidentiality hereunder shall be used or characterized by any party as an "admission" by a party opponent.

b.    Entry of this Agreed Protective Order shall be without prejudice to any relief from the Court from the provisions hereof or to any party seeking further restriction on the production, exchange, or use of any document or other information in the course of this action.

c.    Until such time as this Agreed Protective Order or some modified version thereof has been "So Ordered" by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

d.    An intentional violation of this Agreed Protective Order shall be deemed a contempt of Court. In addition, upon any such violation, the Court may impose sanctions, including monetary sanctions.

18.    **DISPUTES** – Pursuant to LR 37.1, any disputes regarding the procedures in this Agreed Protective Order will be resolved by the Court after the parties have outlined their respective positions by letter. Absent prior authorization of the Court, no party shall file a motion with the Court regarding the procedures in this Agreed Protective Order.

-11-

CONFIDENTIAL
OUTSIDE COUNSEL'S EYES ONLY

GTECH 034355

ACCEPTED AND AGREED TO this 11ᵗʰ day of February, 2003.

POLLARD BANKNOTE LIMITED and
POLLARD (U.S.) LTD.

By: _Jennifer A Roach_
one of their attorneys

**Russell E. Levine, P.C.**
rlevine@kirkland.com
**Kristen J. Cerven**
kcerven@kirkland.com
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

**Luke L. Dauchot**
Luke.Dauchot@ThompsonHine.com
**Jennifer S. Roach**
Jennifer.Roach@ThompsonHine.com
THOMPSON HINE L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
(216) 556-5500

INTERLOTT TECHNOLOGIES, INC.

By: _____
one of its attorneys

**J. Robert Chambers**
Bchambers@whepatent.com
**Theodore R. Remaklus**
Tremaklus@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
(513) 241-2324

**Stephen M. O'Bryan**
sobryan@taftlaw.com
**David H. Wallace**
dwallace@taftlaw.com
TAFT, STETTINIUS & HOLLISTER, LLP
3500 BP Tower
200 Public Square
Cleveland, Ohio 44114
(216) 241-2838

**John J. McCoy**
mccoy@taftlaw.com
TAFT, STETTINIUS & HOLLISTER, LLP
1800 Firstar Tower
425 Walnut Street
Cincinnati, Ohio 45202
(513) 381-2838

ENTERED, this 14th day of February, 2003.

_s/ Paul R. Matia_

United States District Judge

-12-

**CONFIDENTIAL
OUTSIDE COUNSEL'S EYES ONLY**
GTECH 034356

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| INTERLOTT TECHNOLOGIES, INC. | ) |
| | ) |
| Plaintiff, | ) Civil Action No.    1:02CV2157 |
| vs. | ) |
| | ) Judge Paul R. Matia |
| POLLARD BANKNOTE LIMITED | ) |
| | ) Magistrate Judge Jack B. Streepy |
| And | ) |
| | ) |
| POLLARD (U.S.) LTD. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**CERTIFICATE REGARDING CONFIDENTIALITY**

I _____, hereby certify that I have read the Protective Order ("Order") entered in this action on _____, 2003, by the United States District Court for the Northern District of Ohio, and that I understand the terms thereof. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to be subject to the personal jurisdiction of the Court for purposes of enforcing the Order.

I further acknowledge that a violation of this Order could subject the parties to irreparable injury for which money damages would be an inadequate remedy and, therefore, agree that, in addition to any other available remedies, injunctive relief shall be available to restrain any violations of the Protective Order.

Dated: _____    Signature: _____
                         Address:    _____
                                     _____

                         Telephone: _____

GTech v. Scientific Games                **CONFIDENTIAL**
04-128-JJF                       **OUTSIDE COUNSEL'S EYES ONLY**

                                              GTECH 034357

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing Agreed Protective Order was served this ⎯ day of February, 2003, on counsel for plaintiffs by electronic mail as follows:

Stephen M. O'Bryan
*sobryan@taftlaw.com*
David Wallace
*dwallace@taftlaw.com*
TAFT, STETTINIUS & HOLLISTER, LLP
3500 BP Tower
200 Public Square
Cleveland, Ohio 44114-2302


J. Robert Chambers
*Bchambers@whepatent.com*
Theodore R. Remaklus
*Tremaklus@whepatent.com*
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202


John J. McCoy
*mccoy@taftlaw.com*
TAFT, STETTINIUS & HOLLISTER, LLP
1800 Firstar Tower
425 Walnut Street
Cincinnati, Ohio 45202


One of the Attorneys for Defendants

CONFIDENTIAL
OUTSIDE COUNSEL'S EYES ONLY

GTECH 034358

# EXHIBIT

# 6


**Intellectual Property Law**

Phillip K. Lum
Direct 212.558.8055
plum@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 8, 2005

**By Federal Express**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    *GTECH Corp. v. Scientific Games International, Inc., et al.*
       *(D. Del. C.A. No. 04-138-JJF)*

Dear Mr. Smith:

Enclosed is the following:

(1) a CD-ROM bearing Bates number GTECH 038159;

(2) documents Bates numbered GTech 038160 through 039785; and

(3) documents bearing Bates numbers BURR 00001 through 00026.

While BURR 00009 through 00017 has been stamped as Confidential, it should receive the same treatment as if it had been designated "Confidential – Outside Counsel's Eyes Only".

Sincerely yours,

Phillip K. Lum