IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,

    Plaintiff,

v.

SCIENTIFIC GAMES INTERNATIONAL,
INC., SCIENTIFIC GAMES HOLDINGS
CORPORATION, SCIENTIFIC GAMES
FINANCE CORPORATION, and
SCIENTIFIC GAMES CORPORATION,

    Defendants.

C.A. No. 04-138-JJF

**DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM
RELYING ON UNDISCLOSED CONTENTIONS**

Pursuant to Fed. R. Civ. P. 37, D. Del. LR 37.1 and the Discovery Dispute procedure set forth in paragraph 4(a) of the Court's July 14, 2004 Scheduling Order (D.I. 12), defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") move to preclude plaintiff GTECH Corporation ("GTECH") from relying on contentions that GTECH failed to disclose before the Court-ordered April 29, 2005 deadline for doing so.

    1.    GTECH filed this action on March 4, 2004, alleging that Scientific Games infringes U.S. Patent No. 4,982,337 and U.S. Patent No. 5,222,624 (D.I. 1).

    2.    Almost ten months ago, on July 9, 2004, Scientific Games served GTECH with contention interrogatories (Ex. A). In Interrogatory No. 1, Scientific Games asked GTECH for its infringement contentions (*id.* at 2). In Interrogatory No. 2, Scientific Games asked GTECH for its contentions concerning the limitations that are written in means-plus-function or step-plus-function format under 35 U.S.C. § 112, ¶ 6 (*id.* at 2-3). In Interrogatory No. 3,

Scientific Games asked GTECH for its claim construction contentions (*id.* at 3). In Interrogatory No. 11, Scientific Games asked GTECH for its damages contentions (*id.* at 5).

3. GTECH "responded" to Scientific Games' interrogatories on August 16, 2004, but refused to provide substantive infringement contentions, stating that "[d]etails of claims of infringement are more appropriately addressed in expert discovery" (Ex. B at 4).[1] GTECH also refused to provide claim construction contentions, stating that "[t]he Court's scheduling order provides a scheduled period for claim construction briefing" (*id.* at 9). GTECH also refused to provide damages contentions, stating that damages was a subject "more appropriate for expert discovery, for which a schedule has been set by the Court" (*id.* at 15).

4. On August 30 and September 28, 2004, Scientific Games wrote to GTECH and pointed out the glaring deficiencies in GTECH's interrogatory responses (Ex. C & D). In particular, Scientific Games explained that GTECH could not wait until expert discovery to disclose its infringement and damages contentions, and could not wait until claim construction briefing to disclose its claim construction contentions (*id.*).

5. GTECH -- the plaintiff and patentee in this case -- should have disclosed its infringement, claim construction and damages contentions early in this case. But it did not. There can be no question, however, that GTECH was required to disclose its contentions before the Court-ordered deadline for doing so.

6. The parties submitted a proposed Scheduling Order on July 8, 2004, which provided that "[e]xchange and completion of contention interrogatories . . . shall be commenced

---

[1] GTECH identified four patent claims that it was asserting, but failed to provide any contentions as to how those claims are infringed. GTECH's "claim charts" did not provide any information indicating how the accused product satisfies the limitations of the asserted claims (Ex. B at 5-7).

2

so as to be completed by November 19, 2004" (D.I. 10, ¶ 3(b)).  The parties subsequently stipulated to extend the deadline for completing contention interrogatories until January 19, 2005 (D.I. 25), and later extended the date by letter agreement to February 25, 2005 (Ex. E), and March 31, 2005 (Ex. F).  Finally, on April 14, 2005, the parties filed a stipulation and order extending the date for the completion of contention interrogatories until April 29, 2005, which the Court entered on April 19, 2005 (D.I. 50).

    7. The Court's Scheduling Order could not have been clearer.  The parties were required to disclose their final contentions before the close of fact discovery, so that the other side would have the benefit of those contentions in completing fact discovery.  After several modifications, the parties ultimately agreed that the date for completing contention interrogatories would be April 29, 2005.

    8. On April 29, 2005, in compliance with the Court-ordered deadline for completing contention interrogatories, Scientific Games served supplemental contention interrogatory responses, which included detailed statements of Scientific Games' noninfringement and invalidity contentions (Ex. G).

    9. GTECH served "supplemental responses" that same day (Ex. H).  Those responses, however, did not include a single word about its claim construction or infringement contentions.[2]  GTECH "supplemented" its damages contentions, by stating that "its claim for damages includes that it is entitled to not less than a reasonable royalty including lost profits" (*id.* at 5).  GTECH failed, however, to provide any real information concerning its damages contentions.

---

[2] GTECH should know by now how the accused PlayCentral machine works.  Scientific Games has produced over 107,000 pages of documents, and GTECH has deposed Scientific Games' witnesses concerning the operation of the PlayCentral machine.

3

10.  The fact discovery cut-off is now three weeks away. Yet, Scientific Games knows virtually nothing about GTECH's infringement or damages contentions. The appropriate remedy for GTECH's failure to disclose its contentions before the Court-ordered deadline is to preclude GTECH from relying on any contentions that were not disclosed prior to April 29, 2005. If GTECH is permitted, however, to supplement its interrogatory responses after the Court-ordered deadline, the Court should enter an order that GTECH bear any costs associated with reopening depositions caused by GTECH's failure to disclose its contentions before the Court-ordered deadline.

## CONCLUSION

11.  Scientific Games requests that the Court enter an order precluding GTECH from relying on any contentions that were not disclosed before the Court-ordered April 29, 2005 deadline for doing so. If GTECH is permitted to supplement its interrogatory responses, Scientific Games requests that the Court order that GTECH bear any costs incurred in reopening depositions as a result of GTECH's failure to disclose its contentions in compliance with the Court's Scheduling Order.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Rodger D. Smith II
Jack B. Blumenfeld (#1014)
Rodger D. Smith (#3778)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
 Attorneys for Defendants

May 4, 2005
463583

4

## RULE 7.1.1. CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the plaintiff, and that it has not been resolved.

                                                            */s/ Rodger D. Smith II*
                                                            Rodger D. Smith II (#3778)