# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,

                Plaintiff,

      v.

SCIENTIFIC GAMES INTERNATIONAL,
INC.; SCIENTIFIC GAMES HOLDINGS
CORPORATION; SCIENTIFIC GAMES
FINANCE CORPORATION; AND
SCIENTIFIC GAMES CORPORATION,

                Defendants.

Civil Action No. 04-138-JJF

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## DIRECTED TO PLAINTIFF GTECH CORPORATION

        Pursuant to Fed. R. Civ. P. 33, defendants Scientific Games International, Inc.,

Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific

Games Corporation (collectively "Scientific Games") request that plaintiff GTECH Corporation

("GTECH") answer the following interrogatories under oath, within thirty (30) days of service.

## DEFINITIONS

        1.     The "Patents-in-Suit" means United States Patent Nos. 4,982,337 and
5,222,624.

        2.     "Related Patent" or "Related Application" means each patent or

application, whether United States or foreign and whether abandoned or issued, to which any

Patent-in-Suit claims priority, or that claims priority to any of the Patents-in-Suit, or that claims

priority to the same patents and applications to which any Patent-in-Suit claims priority,

including any continuations, continuations-in-part, divisions, re-examinations, reissues, and any other patents or applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the Patents-in-Suit.

        3.     "GTECH" means plaintiff GTECH Corporation, its parents, subsidiaries and affiliated companies, including Interlott Technologies, Inc.

## INTERROGATORIES

INTERROGATORY NO. 1:

        With respect to your allegation that Scientific Games is infringing the Patents-In-Suit "under 35 U.S.C. § 271(a), (b) and/or (c) by making, using, offering for sale, selling and/or importing into the United States products ... and/or by contributing to or inducing such infringement by others," identify each claim of the Patents-in-Suit that you contend is infringed, and for each asserted claim, identify each allegedly infringing product and describe in detail the basis for your allegation of infringement (including whether literal or under the doctrine of equivalents), state each fact supporting that allegation, identify each person with knowledge relating to that fact and each document relating to that fact, and provide claim charts setting forth how each limitation of each asserted claim of the Patents-in-Suit is met by each allegedly infringing product.

INTERROGATORY NO. 2:

        For each limitation of any asserted claim of the Patents-in-Suit written in means-plus-function or step-plus-function format pursuant to 35 U.S.C. § 112, ¶ 6, identify the structure or act corresponding to each such claim limitation described in the specification of the patent, identify each element or step of any allegedly infringing product that you contend has the same function and the same or equivalent structure or act, state each fact supporting that allegation,

and identify each person with knowledge relating to that fact and each document relating to that fact.

INTERROGATORY NO. 3:

For each asserted claim of the Patents-in-Suit, state GTECH's proposed construction of each claim term and identify any special or uncommon meaning, state in detail the basis for GTECH's construction, state each fact supporting GTECH's construction, identify each part of the specification or prosecution history that supports GTECH's construction, identify any extrinsic evidence that supports GTECH's construction, identify any item of evidence that is contrary to GTECH's construction, and identify each person with knowledge relating to GTECH's construction and each document relating to GTECH's construction.

INTERROGATORY NO. 4:

State the date of conception and reduction to practice of each asserted claim of the Patents-in-Suit, describe in detail the circumstances surrounding the conception and reduction to practice of that claim, state whether there was diligence from conception to reduction to practice, and if there was, state each fact relating to such diligence, and identify each person with knowledge of any fact relating to conception, reduction to practice or diligence, and identify each document relating to conception, reduction to practice or diligence.

INTERROGATORY NO. 5:

For each of the named inventors of the Patents-in-Suit, and any other persons involved in the development of each invention of the Patents-in-Suit, state the last known address of such person, describe in detail that person's past and present relationship with GTECH, and identify any agreements that person has with GTECH.

- 3 -

INTERROGATORY NO. 6:

State the basis for your allegation that GTECH is the owner of the entire right, title and interest in the Patents-in-Suit, state each fact supporting that allegation, and identify each person with knowledge relating to that fact and each document relating to that fact.

INTERROGATORY NO. 7:

Identify each item of prior art, or possible prior art, to any Patent-in-Suit, Related Patent, or Related Application, state the date GTECH or its counsel became aware of it, describe how GTECH or its counsel became aware of it, and identify each document relating to that prior art or possible prior art.

INTERROGATORY NO. 8:

For each asserted claim of the Patents-in-Suit, describe in detail the first embodiment of each claimed invention in the United States, identify by name or other designation each product that GTECH contends embodies any claimed invention and the claims allegedly embodied, identify when each such embodiment was first offered for sale, sold, publicly used or disclosed, and the circumstances surrounding the offer, sale, use or disclosure, and identify each person with knowledge relating to these facts and each document relating to these facts.

INTERROGATORY NO. 9:

State whether GTECH will rely on any secondary considerations or objective indicia of nonobviousness of any asserted claim of the Patents-in-Suit and, if so, state in detail GTECH's contentions with respect to each such consideration or indicia, state each fact

supporting GTECH's contentions, and identify each person with knowledge of each such fact and each document relating to that fact.

INTERROGATORY NO. 10:

For each asserted claim of the Patents-in-Suit, identify the field of the invention, state the level of ordinary skill in the art, state each fact relating to your contention, and identify each person with knowledge of that fact and each document relating to that fact.

INTERROGATORY NO. 11:

State each fact supporting your allegation that GTECH has been or is being damaged by the alleged infringement of the Patents-in-Suit, state the nature and amount of the damages allegedly incurred, describe in detail the calculation of the amount of damages, including but not limited to the methods and factors used in the calculation, and identify each person with knowledge of each such fact and each document relating to that fact.

INTERROGATORY NO. 12:

State each fact supporting your allegation that defendants' infringement of the Patents-in-Suit "has been and will be willful," and identify each person with knowledge relating to each such fact and each document relating to that fact.

INTERROGATORY NO. 13:

Describe in detail all communications that GTECH, or any representative of GTECH, has had with any third party, including but not limited to any state lottery agency, concerning this lawsuit, either or both of the Patents-in-Suit, or any allegation of infringement of any patent by any of the defendants, and identify each person with knowledge of any such communication and each document relating to any such communication.

- 5 -

INTERROGATORY NO. 14:

Identify each product that you contend competes with the PlayCentral Kiosk, describe the markets in which it competes, and identify each person with knowledge of that product and each document relating to that product.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  Attorneys for Defendants

July 9, 2004

414834

- 6 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were caused to be served this 9th day of July 2004 upon the following in the manner indicated:

### BY HAND

Josy W. Ingersoll, Esquire
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

### BY FEDERAL EXPRESS

Thomas J. Meloro, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004

_____
Rodger D. Smith II

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,

                Plaintiffs,

         v.

SCIENTIFIC GAMES INTERNATIONAL, INC.,
SCIENTIFIC GAMES HOLDINGS
CORPORATION, SCIENTIFIC GAMES
FINANCE CORPORATION, and SCIENTIFIC
GAMES CORPORATION,

                Defendants.

Civil Action No. 04-138-JJF

## PLAINTIFF GTECH CORPORATION'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, GTECH

Corporation ("GTECH"), hereby serves the following objections and responses to Defendants',

Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games

Finance Corporation, and Scientific Games Corporation (collectively, "Defendants"), First Set of

Interrogatories.

## GENERAL OBJECTIONS

1.      GTECH objects to the interrogatories to the extent that the interrogatories, the

instructions and/or definitions contained or incorporated therein are inconsistent with and/or

attempt to impose obligations beyond those imposed by the Federal Rules of Civil Procedure

and/or by the Local Rules of the United States District Court for the District of Delaware ("Local

Rules"), or to the extent that they contravene orders of this Court, or to the extent that they assume facts not in evidence or not otherwise accepted or conceded by GTECH.

  2.  GTECH objects to the interrogatories to the extent that they seek confidential technical and financial information. GTECH will produce such information only under an appropriate Protective Order entered by the Court in this Action.

  3.  GTECH objects to each interrogatory to the extent that they call for information covered by protective orders in other litigations, third-party confidentiality agreements, or other legal duties of confidentiality.

  4.  GTECH objects to each interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or the attorney work-product doctrine or is otherwise immune from discovery. Such information will not be produced. Inadvertent disclosure of such information shall not constitute a waiver of the right of GTECH to object to the use of, and/or seek the return of, any such information that may be inadvertently disclosed. GTECH will comply with the Federal Rules of Civil Procedure and the Local Rules in identifying privileged material and work product immune material.

  5.  GTECH objects to each interrogatory to the extent that it seeks information not relevant to the claim or defense of any party in this Action and/or not reasonably calculated to lead to the discovery of admissible evidence.

  6.  GTECH objects to each interrogatory to the extent that it requests information that is not within the possession, custody, or control of GTECH, or that is publicly available, uniquely within the control of Defendants, or equally unavailable to both GTECH and Defendants, and therefore improperly seeks to extend GTECH's obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules.

7.     GTECH objects to each interrogatory to the extent that it seeks discovery of information available through other means that are less burdensome, less expensive, or more appropriate than through these interrogatories.

8.     GTECH objects to each interrogatory to the extent that it is vague, overly broad and unduly burdensome.

9.     GTECH objects to each interrogatory to the extent it seeks information without reference or limitation to any relevant time period as overbroad, unduly burdensome and seeking information that is neither relevant to the claim or defense of any party in this Action, nor reasonably calculated to lead to the discovery of admissible evidence.

10.     GTECH objects to each interrogatory to the extent that it incorporates, and seeks responses based on, erroneous statements of pertinent law.  No response by GTECH is not to be construed as agreement with Defendants' erroneous statements of pertinent law.

11.     The disclosure of any irrelevant information, whether or not in response to any interrogatory, is not to be construed as a waiver of any claim of irrelevancy.

12.     GTECH expressly reserves the right to supplement, amend, modify or correct these General Objections, as well as its specific Responses and Objections to Defendants' interrogatories.

13.     GTECH objects to the Definitions as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, GTECH objects to the terms "affiliated companies" and "Interlott Technologies, Inc."

14.     All responses are made on an express reservation of the general objections and responses set forth above, and any specific objections set forth below.

3

**Interrogatory No. 1**

With respect to your allegation that Scientific Games is infringing the Patents-In-Suit "under 36 U.S.C. 271(a), (b) and/or (c) by making, using, offering for sale, selling and/or importing into the Untied States products … and/or by contributing to or inducing such infringement by others," identify each claim of the Patents-in-Suit that you contend is infringed and for each asserted claim, identify each allegedly infringing product and describe in detail the basis for your allegation of infringement (including whether literal or under the doctrine of equivalents), state each fact supporting that allegation, identify each person with knowledge relating to that fact and each document relating to that fact, and provide claim charts setting forth how each limitation of each asserted claim of the Patents-in-Suit is met by each allegedly infringing product.

**Response No. 1**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, GTECH specifically objects to the term "each asserted claim" as being vague since discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known. GTECH further objects to this interrogatory to the extent that it is premature given the early stages of the litigation. Details of claims of infringement are more appropriately addressed in expert discovery, for which the Court has set a schedule. In addition, GTECH specifically objects to this interrogatory because it is a compound interrogatory which asks discrete questions that should have been asked, and should be counted, as separate interrogatories.

Subject to the General Objections and the foregoing specific objections, GTECH contends that Defendants' ticket dispenser machines, including but not limited to the PlayCentral Kiosk, directly infringe at least claim 18 of U.S. Patent No. 5,222,624 (the "'624 Patent"), and at least claims 20, 21 and 28 of U.S. Patent No. 4,982,337 (the "'337 Patent"), literally and/or under the doctrine of equivalents.

4

With respect to the '624 patent, GTECH believes that infringement can be determined from a visual inspection of machines as they are presently installed, as well as from publicly available Scientific Games machine specifications and marketing material, e.g. "Scientific Games International PlayCentral™ Lottery Ticket Kiosk" ("R1"), Scientific Games International's "Proposal to Tennessee Lottery" ("R2"), Scientific Games International's 2004 Advertisement from LAFLEURS ("R3") and the September 2003 issue of *SGI Today* ("R4").

| Patent | Claim | Infringing Product |
|---|---|---|
| 5,222,624 | 18. A lottery ticket vending machine comprising, in combination,<br><br>a housing, | *See, e.g.,* R1. |
| | display means for displaying an array of lottery ticket representations viewable from outside of said housing by a customer, said array representing tickets in said machine available for purchase, | *See, e.g.,* R2 & R4. |
| | acceptor means for receiving and accepting a means of monetary exchange, and | *See, e.g.,* R2. |
| | means for dispensing said tickets in a number corresponding to the amount of money input into said machine by said customer, | *See, e.g.,* R1 & R2. |
| | in which said display means comprises video display means for displaying a plurality of arrays of ticket images on a video screen. | *See, e.g.,* R2 & R3. |

With respect to the '337 Patent, GTECH states that these claims are grounded on information and belief that literature for the Defendants' machines, such as the PlayCentral Kiosk, is marked with the U.S. Patent No. 5,950,898 ("R5"). The PlayCentral Kiosk is believed to operate as disclosed therein. In addition, GTECH states that these claims are also grounded on the references cited above for the '624 Patent.

5

| Patent | Claim | Infringing Product |
|---|---|---|
| 4,982,337 | 20. A ticket dispensing machine for dispensing tickets directly to the purchaser thereof, said dispenser comprising the combination of | |
| |     housing means for storing a strip of tickets to be dispensed, | *See, e.g.,* R1. |
| |     said housing means having an outlet opening accessible to the purchaser of tickets from said machine, | *See, e.g.,* R2. |
| |     means operable for ordering a plurality of tickets in a single batch, | *See, e.g.,* R4. |
| |     means for separating each of said tickets from said strip, | *See, e.g.,* R2 & R5. |
| |     dispensing means for dispensing tickets through said outlet opening, and | *See, e.g.,* R2 & R5. |
| |     control means for causing each ticket in said batch to be separated and dispensed separately from the other tickets in said batch regardless of the number of tickets in said batch. | *See, e.g.,* R2 & R5. |
| 4,982,337 | 21. A machine as in claim 20 in which said tickets are instant-winner lottery tickets. | *See, e.g.,* R1 & R2. |
| 4,982,337 | 28. A dispenser for dispensing tickets from a strip of tickets printed in a strip with the individual tickets being delineated from one another by lines of weakness, | |
| |     moving means for moving said strip by a pre-determined distance to a position in which one of said lines is near a separation location at which adjacent tickets are separated from one another, | *See, e.g.,* R1 & R5. |
| |     said moving means comprising drive means for moving said strip by a pre-determined distance, and | *See, e.g.,* R1 & R5. |

| | position detecting means for detecting the distance actually moved by said strip and producing an output signal to control said drive means to drive said strip until said output signal indicates that said strip actually has moved by said pre-determined distance to dispense one of said tickets, and to control means for severing a ticket from said strip. | *See, e.g.,* R1, R2, & R5. |
|---|---|---|

It is believed that the persons most knowledgeable about the accused products are current and former employees or agents of the Defendants.

**Interrogatory No. 2**

For each limitation of any asserted claim of the Patents-in-Suit written in means-plus-function or step-plus-function format pursuant to 35 U.S.C. § 112, ¶ 6, identify the structure or act corresponding to each such claim limitation described in the specification of the patent, identify each element or step of any allegedly infringing product that you contend has the same function and the same or equivalent structure or act, state each fact supporting that allegation, and identify each person with knowledge relating to that fact and each document relating to that fact.

**Response No. 2**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this interrogatory to the extent that it seeks documents and information protected from disclosure by the attorney-client privilege or work product doctrine. GTECH also objects to this interrogatory to the extent it is premature given the current phase of this case. The function and supporting structure of elements is a claim construction issue, for which the Court has set a claim construction briefing schedule. Additionally, GTECH specifically objects to the term "any asserted claim" as being vague since

discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known.

Subject to the General Objections and the foregoing specific objections, GTECH does not contend that any elements of claim 18 of the '624 Patent are subject to interpretation pursuant to 35 U.S.C. §112, ¶6. In the event the Court were to find otherwise, GTECH reserves the right to supplement this interrogatory.

Claims 20, 21 and 28 of the '337 Patent are written in means-plus-function or step-plus-function format pursuant to 35 U.S.C. §112, ¶6.

|  | Means |
|---|---|
| **Claim 20** | means for separating |
| | means operable for ordering a plurality of tickets in a single batch |
| **Claim 28** | means for severing |
| | position detecting means |

**Interrogatory No. 3**

For each asserted claim of the Patents-in-Suit, state GTECH's proposed construction of each claim term and identify any special or uncommon meaning, state in detail the basis for GTECH's construction, state each fact supporting GTECH's construction, identify each part of the specification or prosecution history that supports GTECH's construction, identify any extrinsic evidence that supports GTECH's construction, identify any item of evidence that is contrary to GTECH's construction, and identify each person with knowledge relating to GTECH's construction and each document relating to GTECH's construction.

**Response No. 3**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery

8

of admissible evidence. GTECH further objects to this Interrogatory to the extent that it seeks

documents and information protected from disclosure by the attorney-client privilege or work

product doctrine and to the extent that it is premature given the early stages of the litigation.

Additionally, GTECH specifically objects to the term "each asserted claim" as being vague since

discovery has not yet been completed and all the claims to be asserted in this Action cannot yet

be known.

GTECH also objects to this interrogatory to the extent it is premature. The

Court's scheduling order provides a scheduled period for claim construction briefing.


**Interrogatory No. 4**

State the date of conception and reduction to practice of each asserted claim of the
Patents-in-Suit, describe in detail the circumstances surrounding the conception and reduction to
practice of that claim, state whether there was diligence from conception to reduction to practice,
and if there was, state each fact relating to such diligence, and identify each person with
knowledge of any fact relating to conception, reduction to practice or diligence, and identify each
document relating to conception, reduction to practice or diligence.


**Response No. 4**

In addition to the General Objections, GTECH objects to this interrogatory as

vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery

of admissible evidence. The conception and reduction to practice of the invention is not relevant

to any presently asserted claim or defense in the case. GTECH further objects to this

Interrogatory to the extent that it is premature given the early stages of the litigation.

Additionally, GTECH specifically objects to the term "each asserted claim" as being vague since

discovery has not yet been completed and all the claims to be asserted in this Action cannot yet

be known.

9

Subject to the General Objections and the foregoing specific objections, GTECH states that it will rely on a date not later than February 17, 1989 for the '624 Patent and December 3, 1987 for the '337 Patent.

**Interrogatory No. 5**

For each of the named inventors of the Patents-in-Suit, and any other persons involved in the development of each invention of the Patents-in-Suit, state the last known address of such person, describe in detail that person's past and present relationship with GTECH, and identify any agreements that person has with GTECH.

**Response No. 5**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this interrogatory to the extent that it seeks documents and information obtainable through other means that are less burdensome, less expensive, or more appropriate than through these interrogatories.

Subject to the General Objections and the foregoing specific objections, GTECH states the following:

| Name | Last Known Address |
|---|---|
| Robert L. Burr | 7515 Charmant Dr. Ste. 1407 San Diego, CA |
| Laird A. Campbell | Rte. 2, Box 223 Laceys Springs, Alabama |
| Donald H. Keagle | 2018 Hensel Avenue Huntsville, Alabama |
| Alfred L. Fulton | 9423 O'Jay Dr. Huntsville, Alabama |
| Ed Turek | 5691 Kugler Mill Rd. Cincinnati, OH |

Additionally, subject to a Protective Order being entered by the Court in this Action, GTECH will produce available, non-privileged documents from which information responsive to this interrogatory may be derived or ascertained.

**Interrogatory No. 6**

State the basis for your allegation that GTECH is the owner of the entire right, title and interest in the Patents-in-Suit, state each fact supporting that allegation, and identify each person with knowledge relating to that fact and each document relating to that fact.

**Response No. 6**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, and unduly burdensome. GTECH further objects to this interrogatory to the extent that it seeks documents and information obtainable through other means that are less burdensome, less expensive, or more appropriate than through these interrogatories. Subject to the General Objections and the foregoing specific objections, GTECH states that it is the owner of the entire right, title and interest in the Patents-in-Suit as documented with the United States Patent and Trademark Office.

Subject to the General Objections and the foregoing specific objections, GTECH will produce available non-privileged documents from which information responsive to this interrogatory may be derived or ascertained.

**Interrogatory No. 7**

Identify each item of prior art, or possible prior art, to any Patents-in-Suit, Related Patent, or Related Application, state the date GTECH or its counsel became aware of it, describe how GTECH or its counsel became aware of it, and identify each document relating to that prior art or possible prior art.

**Response No. 7**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, GTECH objects to the terms "possible prior art" as being undefined, vague, and ambiguous.

Subject to the General Objections and the foregoing specific objections, GTECH will produce available non-privileged documents from which information responsive to this interrogatory may be derived or ascertained.

**Interrogatory No. 8**

For each asserted claim of the Patents-in-Suit, describe in detail the first embodiment of each claimed invention in the United States, identify by name or other designation each product that GTECH contends embodies any claimed invention and the claims allegedly embodied, identify when each such embodiment was first offered for sale, sold, publicly used or disclosed, and the circumstances surrounding the offer, sale, use or disclosure, and identify each person with knowledge relating to these facts and each document relating to these facts.

**Response No. 8**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, GTECH specifically objects to the term "each asserted claim" as being vague since discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known. GTECH objects to the terms "the first embodiment of each claimed invention", "embodies any claimed invention", "claims allegedly embodied", "each such embodiment", and "circumstances surrounding", as vague, ambiguous, and overbroad.

12

Subject to the General Objections and the foregoing specific objections, GTECH will produce available non-privileged documents from which information responsive to this interrogatory may be derived or ascertained.

**Interrogatory No. 9**

State whether GTECH will rely on any secondary considerations or objective indicia of nonobviousness of any asserted claim of the Patents-in-Suit and, if so, state in detail GTECH's contentions with respect to each such consideration or indicia, state each fact supporting GTECH's contentions, and identify each person with knowledge of each such fact and each document relating to that fact.

**Response No. 9**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this Interrogatory to the extent that it seeks documents and information protected from disclosure by the attorney-client privilege or work product doctrine and to the extent that it is premature given the early stages of the litigation. Additionally, GTECH specifically objects to the term "any asserted claim" as being vague since discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known.

GTECH also objects to this interrogatory as premature and irrelevant to any presently asserted claim or defense in the case. The Patents-in-Suit are lawfully issued and presumed valid.

13

**Interrogatory No. 10**

For each asserted claim of the Patents-in-Suit, identify the field of the invention, state the level of ordinary skill in the art, state each fact relating to your contention, and identify each person with knowledge of that fact and each document relating to that fact.

**Response No. 10**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, GTECH objects to the terms "field of the invention" as vague and overly broad. Additionally, GTECH specifically objects to the term "each asserted claim" as being vague since discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known. GTECH specifically objects to this interrogatory because it is a compound interrogatory which asks discrete questions that should have been asked, and should be counted, as separate interrogatories.

GTECH also objects to this interrogatory as premature and irrelevant to any presently asserted claim or defense in the case. The Patents-in-Suit are lawfully issued and presumed valid.

**Interrogatory No. 11**

State each fact supporting your allegation that GTECH has been or is being damaged by the alleged infringement of the Patents-in-Suit, state the nature and amount of the damages allegedly incurred, describe in detail the calculation of the amount of damages, including but not limited to the methods and factors used in the calculation, and identify each person with knowledge of each such fact and each document relating to that fact.

14

**Response No. 11**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

As to the extent of the injury suffered and the amount of damages, GTECH objects to the extent that this interrogatory is more appropriate for expert discovery, for which a schedule has been set by the Court.

Subject to the General Objections and the foregoing specific objections, GTECH will produce available non-privileged documents from which information responsive to this interrogatory may be derived or ascertained.

**Interrogatory No. 12**

State each fact supporting your allegation that defendants' infringement of the Patents-in-Suit "has been and will be willful," and identify each person with knowledge relating to each such fact and each document relating to that fact.

**Response No. 12**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to General Objections and the foregoing specific objections, GTECH states that Defendants have had knowledge of their willful conduct and are in the best position to supply information responsive to this request. On information and belief, GTECH asserts that Scientific Games has been aware of the Patents-in-Suit at least as early as its 1997 business interaction with On-Point Technologies regarding ticket vending machines.

15

**Interrogatory No. 13**

Describe in detail all communications that GTECH, or any representative of GTECH, has had with any third party, including but not limited to any state lottery agency, concerning this lawsuit, either or both of the Patents-in-Suit, or any allegation of infringement of any patent by any of the defendants, and identify each person with knowledge of any such communication and each document relating to any such communication.

**Response No. 13**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The requested information is not relevant to any claim or defense presently asserted in this lawsuit, nor is it reasonably calculated to lead to such information.

**Interrogatory No. 14**

Identify each product that you contend competes with the PlayCentral Kiosk, describe the markets in which it competes, and identify each person with knowledge of that product and each document relating to that product.

**Response No. 14**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically "competes with" and "relating to" are vague and ambiguous.

16

GTECH also objects to this interrogatory to the extent it is premature, and calls for information more appropriately obtained in expert discovery, for which the Court has set a schedule.

As to objections:

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated: August 18, 2004

_____
Josy W. Ingersoll (#1088)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253

OF COUNSEL:

Thomas J. Meloro
Robert A. Whitman
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that copies of the foregoing document were caused to be served on August 16, 2004 upon the following counsel of record:

### BY HAND DELIVERY

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801

Josy W. Ingersoll

# EXHIBIT C

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH
302 575 7205
302 498 6209 FAX
rsmith@mnat.com

August 30, 2004

BY FACSIMILE

Thomas J. Meloro, Esquire
Kenyon & Kenyon
One Broadway
New York, NY  10004-1050

          Re:    GTECH Corp. v. Scientific Games International, Inc., et al.,
                 C.A. No. 04-138-JJF

Dear Tom:

        I am writing about a number of discovery-related matters.

        First, we have not received a response to my August 11, 2004 letter, in which we inquired as to whether your firm is representing the named inventors on the '337 and '624 patents, whether they have any documents relevant to this litigation, and whether they will appear voluntarily for deposition.  Please provide us with that information as soon as possible.

        Second, we have reviewed GTECH's responses to Scientific Games' First Set of Interrogatories and First Set of Document Requests, and have identified numerous improper objections and insufficient responses, as outlined below.  Please let us know as soon as possible whether GTECH will withdraw its improper objections and provide proper discovery responses, or whether we will need to seek the Court's assistance.

## Interrogatory Responses

        *General Objection No. 2.*   GTECH states that it will produce confidential information "only under an appropriate Protective Order entered by the Court in this Action."  That objection is inconsistent with the Local Rules in the District of Delaware.  Local Rule 26.2 requires the production of confidential information, even before a formal Protective Order has been entered by the Court.

Thomas J. Meloro, Esquire
August 30, 2004
Page 2

*General Objection No. 3.* GTECH objects to providing information covered by protective orders in other litigation and third-party confidentiality agreements. Please identify what information, if any, GTECH is withholding based on this objection, and identify the specific protective order or confidentiality agreement on which GTECH is withholding the information.

*General Objection No. 13.* Please explain the basis for GTECH's objection to the terms "affiliated companies" and "Interlott Technologies, Inc."

*Interrogatory No. 1.* GTECH objects to this interrogatory as premature, claiming that "[d]etails of claims of infringement are more appropriately addressed in expert discovery." Scientific Games is entitled to obtain discovery concerning the basis for GTECH's infringement claims now. Indeed, the Scheduling Order requires responses during fact discovery. Moreover, GTECH's "claim charts" provide no information whatsoever indicating how the PlayCentral Kiosk satisfies the limitations of the asserted claims. GTECH's response also fails to "describe in detail the basis for your allegation of infringement," fails to "state each fact supporting that allegation," and fails to "provide claim charts setting forth how each limitation of each asserted claim . . . is met by each allegedly infringing product." In essence, GTECH has done nothing more than list four claims that it is asserting, without asserting how it contends that those claims are infringed.

*Interrogatory No. 2.* GTECH objects to this interrogatory claiming that the "function and supporting structure of elements is a claim construction issue, for which the Court has set a claim construction briefing schedule." Again, Scientific Games is entitled to obtain discovery concerning the basis for GTECH's infringement claims during the fact discovery period. Moreover, although GTECH states that claims 20 and 28 of the '337 patent are written in means-plus-function or step-plus-function format, it fails to "identify the structure or act corresponding to each such claim limitation described in the specification of the patent," fails to "identify each element or step of any allegedly infringing product that you contend has the same function and the same or equivalent structure or act," and fails to "state each fact supporting that allegation." Finally, is it GTECH's position that the "housing means," "dispensing means," and "control means" of claim 20 and the "moving means" and "drive means" of claim 28 are not means-plus-function elements?

*Interrogatory No. 3.* GTECH also objects to this interrogatory claiming that "[t]he Court's scheduling order provides a scheduled period for claim construction briefing." Again, Scientific Games is entitled to obtain discovery concerning the basis for GTECH's infringement claims, including GTECH's proposed claim construction, during the fact discovery period.

*Interrogatory No. 4.* Based on GTECH's response, we will operate on the assumption that GTECH is not asserting a priority date earlier than its filing dates.

*Interrogatory No. 5.* GTECH's response fails to "describe in detail" the individuals' "past and present relationship with GTECH," and fails to "identify any agreements that person has with GTECH." Moreover, GTECH's objection to providing information until a Protective Order has been entered by the Court is inappropriate under the Local Rules, as discussed above.

Thomas J. Meloro, Esquire
August 30, 2004
Page 3

*Interrogatory Nos. 6, 7 & 8.*  Please produce the documents immediately.

*Interrogatory No. 10.*  We do not understand GTECH's position that the field of the invention and the level of skill in the act are not relevant.  Please provide answers.

*Interrogatory Nos. 11 & 14.*  GTECH objects to these interrogatories claiming that they are "more appropriate for expert discovery, for which a schedule has been set by the Court." Scientific Games is entitled to obtain discovery concerning the factual basis for GTECH's damages claim during the fact discovery period.  Moreover, GTECH's attempt to rely on Rule 33(d) in response to a contention interrogatory seeking the factual basis for allegations is improper.

*Interrogatory No. 13.*  GTECH refuses to provide any information claiming that the "requested information is not relevant to any claim or defense presently asserted in this lawsuit, nor is it reasonably calculated to lead to such information."  GTECH's communications with state lottery agencies or others concerning the patents in suit, its allegations of infringement, and this litigation are relevant to GTECH's infringement claims and are a proper subject for discovery.  Is GTECH seriously contending that statements it made about the patents and its infringement allegations are not relevant to this case?

## Document Requests

*General Objection No. 6.*  GTECH objects to the production of confidential information "prior to the entry of a suitable protective order."  As discussed above, this objection is improper.  When will GTECH produce the documents responsive to Scientific Games' First Set of Document Requests, which were requested nearly two months ago?

*General Objection Nos. 14 & 15.*  GTECH objects to producing documents covered by protective orders in other litigation and third-party confidentiality agreements.  Please identify what documents, if any, GTECH is withholding based on this objection, and identify the specific protective order or confidentiality agreement on which GTECH is withholding documents.

*Document Request No. 5.*  GTECH has asserted privilege and work product objections, in response to this and other requests.  When will GTECH provide a privilege log?

*Document Request No. 13 & 14.*  GTECH objects to producing responsive documents claiming they are "neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence."  Scientific Games is entitled to obtain discovery concerning any products that embody or use the inventions of the patents in suit, and any decision to discontinue selling or marketing such products, in connection with defending against GTECH's damages claim and with respect to other issues as well.

Thomas J. Meloro, Esquire
August 30, 2004
Page 4

    *Document Request No. 24.*  GTECH objects to producing responsive documents claiming they are "neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence." Scientific Games is entitled to obtain discovery about prior art to the patents in suit, including "any lottery ticket dispensing machines designed, manufactured or marketed before 1990."

    *Document Response No. 26.*  We do not understand GTECH's objection to providing documents relating to lottery ticket dispensing technology authorized or received by the inventors.  Please produce those documents.

    *Document Request No. 27.*  GTECH objects to producing responsive documents claiming they are "neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence." In this case, however, where none of the inventors are employed by GTECH, it is important for Scientific Games to obtain discovery concerning the relationship between GTECH and the inventors.  Moreover, in response to Interrogatory No. 5, which asks GTECH to describe the inventors' "past and present relationship with GTECH, and identify any agreements that person has with GTECH," GTECH has agreed already to "produce available, non-privileged documents from which information responsive to this interrogatory may be derived or ascertained."

    *Document Request No. 29.*  GTECH objects to producing documents received from, sent to, or written by, Mr. Burr.  There is no legitimate basis for that objection.  The documents should be produced.

    *Document Request No. 35.*  GTECH objects to producing responsive documents claiming they are "neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence." Presentations to GTECH's board of directors concerning the patents in suit, the accused products, and this litigation are certainly relevant to GTECH's claim, and are a proper subject for discovery.

    *Document Request No. 41.*  GTECH seeks to limit its response to "license agreements involving the patents-in-suit."  Scientific Games is entitled to license agreements, and related documents, under "any patents relating to lottery ticket distribution and/or ticket dispensing technology," not just those related to the patents in suit.

    *Document Request No. 42.*  GTECH objects to producing responsive documents claiming they are "neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence." Given that GTECH is claiming damages for Scientific Games' alleged patent infringement, Scientific Games is entitled to discovery concerning GTECH's profits and losses.

    *Document Request No. 49.*  GTECH objects to producing responsive documents claiming they are "neither relevant to the claim or defense of any party or the subject matter

Thomas J. Meloro, Esquire
August 30, 2004
Page 5

involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence." GTECH, however, has made public statements that an allegation or finding of improper conduct in the context of civil or criminal allegations in Brazil may have a material effect on GTECH's ability to obtain or retain contracts.    Accordingly, Scientific Games is entitled to obtain discovery concerning these proceedings in connection with GTECH's damages claim.

Sincerely,

Rodger D. Smith

RDS/dal

425034