IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>      Plaintiffs,<br><br>v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>      Defendants. | Civil Action No. 04-138-JJF |

**PLAINTIFF GTECH'S MOTION TO COMPEL DISCOVERY
PURSUANT TO FED. R. CIV. P. RULE 37(a)
(RE: "BURSTER" DESIGN DOCUMENTS)**

Dated: May 5, 2005

               Josy W. Ingersoll (#1088)
               Karen E. Keller (#4489)
               YOUNG CONAWAY STARGATT & TAYLOR, LLP
               The Brandywine Building
               1000 West Street, 17th Floor
               P.O. Box 391
               Wilmington, Delaware 19899-0391
               Telephone: 302-571-6600
               Facsimile: 302-571-1253

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Plaintiff GTECH hereby moves to compel Defendants Scientific Games *et al.* to produce certain design documents in response to GTECH's document requests in this case.[1]

GTECH has sued Scientific Games for infringement of two GTECH patents — U.S. Patent No. 5,222,624 ("the '624 patent"), (Ex. A), which claims a ticket dispenser machine and method, and U.S. Patent No. 4,982,337 ("the '337 patent"), (Ex. B), which claims a system for distributing lottery tickets -- through Scientific Games' manufacture, use, offering for sale and sale of certain lottery ticket vending machines, primarily Scientific Games' PlayCentral Kiosk ("the PlayCentral"), which is a vending machine for "scratch-off" lottery tickets.

GTECH's '337 patent infringement claim implicates the PlayCentral ticket dispensing mechanism or "burster". The burster is used to separate individual tickets from a web or book of tickets which are connected by perforations. GTECH contends the burster used by the PlayCentral is covered by the claims of the '337 patent. How the PlayCentral burster is designed and the manner in which it operates is therefore highly material information.[2]

In connection with its infringement claims, GTECH has requested that Scientific Games provide design documents for the PlayCentral and its components, including the PlayCentral's "burster" mechanism. (*See* Ex. L, *Scientific Games' Responses to Plaintiff's First Set of Requests for Production of Documents and Things* at, *e.g.,* Resp. 9, 10, 23, and 24.)

---

[1] This filing is made pursuant to the Discovery Dispute procedures set out in paragraph 4(a) of the Rule 16 Scheduling Order issued by the Court on July 14, 2004. GTECH's counsel has conferred with Scientific Games' counsel in an effort to resolve this dispute without Court intervention. (*See, e.g.,* Ex. C, Letter from Soccoli to Smith of 3/24/05; Ex. D, Letter from Soccoli to Smith of 4/1/05; Ex. E, Letter from Soccoli to Smith of 4/12/05; Ex. F, Letter from Soccoli to Smith of 4/20/05, Ex. G, Letter from Soccoli to Smith of 4/22/05; Ex. H, Letter from Soccoli to Smith dated 5/3/05; Ex. I, Letter from Smith to Soccoli dated 5/4/05; Ex. J, Letter from Soccoli to Smith dated 5/4/05.)

[2] Scientific Games has generally acknowledged that documents relating to the PlayCentral are relevant and discoverable in this matter. (*See* Ex. K, *Def.'s Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)*, at 2.)

In its response to GTECH's document requests, Scientific Games refused to produce any documents concerning subsystems or components of PlayCentral and suppliers thereof.[3] (*Id.* at Resp. 23, 24). As for the remainder of the technical and design documents GTECH requested in requests 9 and 10, Scientific Games objected to the purported overbreadth of the requests but ostensibly agreed to provide such documentation.[4]

In response to GTECH's follow-up inquiries concerning these documents, Scientific Games provided conflicting representations concerning the status of the production of the requested documents. First Scientific Games indicated that it had conducted a reasonable search and produced responsive documents to GTECH's requests for these design drawings. (*See* Ex. M, Letter from Smith to Soccoli of 4/15/04 at 2, 3.) GTECH responded that such a contention was dubious and requested the documents again. (*See* Ex. F, Letter from Soccoli to Smith of 4/20/05, at 1, 2.) Days later, and only four days before the deposition of Defendants' first witness, under threat of GTECH filing a motion on the issue, Scientific Games wrote, contrary to its prior representation that documents had been produced, that "Scientific Games has produced *or will produce* any such documents in its possession, custody, or control." (*See* Ex. N, Letter from Smith to Soccoli of 4/22/05, at 2)(emphasis added). Based on this representation, GTECH refrained from filing the motion to allow Scientific Games to make the production it promised.

---

[3] GTECH believes that the "burster" is supplied by a third party. Yet Scientific Games has not identified that third party supplier or provided any documents concerning the supplier. The supplier of the burster is not self-evident from the review of the documents that have been received to date. Therefore, GTECH has not been able to conduct third party discovery from the supplier either.

[4] In an effort to address Scientific Games "overbreadth" concerns with regard to these requests, GTECH, in good faith and in the spirit of compromise, agreed to narrow the focus of its Request Nos. 9 and 10 to the following: (1) documents, including software, concerning the burster and/or ticket dispensing mechanisms, user interface and display, (2) documents, including software, concerning the creation or management of graphics information for the ticket vending machines, and (3) documents, including software, concerning loading or downloading of graphical information to and from the machine. (*See* Ex. C, Letter from Soccoli to Smith of 3/24/05 at 5, 6.) Scientific Games did not produce the burster design documents notwithstanding this narrowed request. GTECH also narrowed the scope of Requests 11-13 and 24 in the same fashion, although these requests are not relevant to the issues raised in this motion.

2

The day of the first deposition on April 26, 2005 in Atlanta, Scientific Games represented at that deposition that the requested design documents, including CAD drawings for the burster, were being produced that day on CD to GTECH's counsel's office in New York "to the extent the company [had]" them. (*See* Ex. O, Gilmore Deposition Transcript at 86-87). The next day at another deposition, the design drawings were discussed again and Scientific Games represented through counsel on the record that Scientific Games would not be producing any further CAD files beyond what had been produced on the CD the day before. (*See* Ex. P, Bartolone Deposition Transcript at 95).

Upon review of the CD produced on April 26, 2005, which Scientific Games represented contained the requested burster design documents, GTECH discovered that these burster design documents had not in fact been produced. GTECH contacted Scientific Games again about this failure, particularly in light of the representations that the documents had been produced. (*See* Ex H, Letter from Soccoli to Smith dated 5/3/05). Scientific Games responded that it would produce the documents and urged that GTECH not file a motion on the issue. (*See* Ex. I, Letter from Smith to Soccoli dated 5/4/05). GTECH responded that if the mistake was inadvertent, produce the documents immediately. (*See* Ex. J, Letter from Soccoli to Smith dated 5/4/05). The documents were still not produced.

GTECH has been prejudiced by the delays that Scientific Games had caused through its conflicting representations about whether and when these documents would be produced. GTECH has now conducted three depositions without these design documents and drawings and has many more scheduled in the very near future given that fact discovery closes in three weeks.[5] Scientific Games' "run-around" on this issue must come to an end.

---

[5] Scientific Games is using its discovery delinquencies as a sword and a shield. On the one hand, it has withheld the documents. At the same time, Scientific Games is now separately (incorrectly) complaining that it has not received the requisite specificity in GTECH's contention interrogatory answers on infringement (which is the subject of a motion Scientific Games filed yesterday). GTECH has in fact filed specific answers to the best of its ability at this (continued...)

3

Scientific Games concedes GTECH is entitled to the documents. How could it not? They are clearly highly relevant to GTECH's infringement claims in this case. These design drawings show the details of the accused machines[6]. Scientific Games has never contended that it is does not have the documents (indeed the promises of production implies that the documents are in its possession), nor that they are not relevant and discoverable. Further, Scientific Games has produced detailed schematic drawings for almost every subsystem in the PlayCentral *except* the burster. Even detailed mechanical designs for labeling tabs used on the outside of the bursters were provided. Scientific Games has also produced designs for other subsystems even when made by third parties. The burster documents, however, are conspicuously absent.

## CONCLUSION

Based on the foregoing, GTECH respectfully requests that this Court grant its motion to compel and order Scientific Games to (1) produce all design documents and documentation for the ticket dispensing mechanism or "burster" of the PlayCentral, including all mechanical designs or drawings of the burster mechanism and any related documentation; (2) stay the close of fact discovery for GTECH on issues related to the materials compelled in the present motion; and (3) order that Scientific Games bear any costs GTECH incurs from having to reopen depositions as a result of Scientific Games improperly withholding the documents requested in this motion.

---

point. Further supplementation, while forthcoming, is dependent at least on receipt of the very design documents Scientific Games is withholding.

[6] Scientific Games pointed to U.S. Patent No. 5,950,898 (or continuations thereof) (the "Menna patents") as allegedly depicting its machines. This representation is not a substitute for the discovery GTECH has requested. Deposition testimony thus far has confirmed that there are differences between the mechanism used by Scientific Games and the Menna patents. Further, the Menna patents do not provide the type of detail that is available in Scientific Games' machine design documents, such as, for example, details on the relative motion between the tickets and the separator member, details on the operation of the sensors which detect ticket position and the structure of the separating mechanism, all of which are pertinent to the infringement analysis.

4

                                      Respectfully submitted,

                                      YOUNG, CONAWAY, STARGATT
                                                  & TAYLOR

Dated: May 4, 2005                  By _/s/ Karen E. Keller_
                                      Josy W. Ingersoll (#1088)
                                      Karen E. Keller (#4489)
                                      The Brandywine Building
                                      1000 West Street, 17th Floor
                                      P.O. Box 391
                                      Wilmington, Delaware 19889
                                      (302) 571-6600
                                      Attorneys for Plaintiff
                                      GTECH Corporation

OF COUNSEL
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on May 5, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>Wilmington, DE 19801

I further certify that on May 5, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Karen E. Keller*
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>kkeller@ycst.com
>
>Attorneys for GTECH Corporation