# EXHIBIT C



**KENYON & KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

March 24, 2005

**By Facsimile with First Class Mail Confirmation**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    *GTECH Corp. v. Scientific Games International, Inc., et al.*
       *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

I write regarding deficiencies in Scientific Games' responses to GTECH's first set of interrogatories and first set of document requests. I also write to confirm representations and agreements that were made in your telephone conference with Tom Meloro on Friday, March 11, 2004.

Interrogatory Responses

General Objection No. 3:

We disagree that the definition is overly broad. As you know, the named defendants have an obligation to search for and produce responsive discovery within their possession, custody and control. The entities listed in this definition are controlled or related entities which we believe may possess responsive documents. For example, our preliminary review of the documents Scientific Games has produced thus far indicates that both Autotote (also called Scientific Games Racing) and IGT Online Entertainment Systems (also called OES) have been involved in the development and deployment of PlayCentral Kiosk.

Accordingly, please withdraw the objection and confirm that discovery has been provided, or will be provided immediately, for all entities under the named defendants' control that are involved in the development, sale, and deployment of lottery ticket vending machines such as the PlayCentral Kiosk including those listed in our definition.

Rodger D. Smith, Esq.
March 24, 2005
Page 2



General Objection No. 7:

To the extent that Scientific Games is relying on a third-party confidentiality agreement to avoid answering any of the interrogatories, please identify the third party, provide a copy of the agreement, and identify the interrogatory(ies) which are at issue.  If no documents have been withheld on this basis, please so confirm.

Interrogatory No. 1:

Scientific Games' attempt to rely on Rule 33(d) in response to this interrogatory is improper.  Rule 33(d) may only be used where the burden of deriving the answer from documents is the same for both parties.  Scientific Games' personnel are no doubt intimately familiar with their own various products and the designations and names they use for their own product models.  Moreover, to the extent Scientific Games is relying on Rule 33(d), Scientific Games is obligated to identify the records relied on for the answer with specificity, which you have not done.  Finally, Scientific Games has also failed to identify the persons most knowledgeable about each type and model of PlayCentral Kiosk.  Please promptly supplement this response to rectify these deficiencies.

Interrogatory No. 2:

Scientific Games' allegation that GTECH has not provided meaningful infringement contentions is without merit, as GTECH has identified asserted claims, a product against which that claim is asserted, and evidence showing where each element of the asserted claims are found in the accused product. Scientific Games has also failed to identify the persons most knowledgeable about Scientific Games non-infringement positions.  Please promptly supplement this response.

Interrogatory No. 3:

Scientific Games' attempt to evade its obligation to answer this interrogatory by linking it to GTECH's responses to Scientific Games' interrogatories is improper.  Scientific Games' claim that GTECH has not provided meaningful infringement contentions is without merit, as GTECH has identified asserted claims, a product against which that claim is asserted, and evidence showing where each element of the asserted claims are found in the accused product.  Moreover, Scientific Games bears the burden of showing there are non-infringing substitutes or acceptable non-infringing alternatives for the accused PlayCentral Kiosk product.  Please withdraw the objection and promptly supplement this response.

Interrogatory No. 4:

By this date, "investigating the circumstances" should have been completed.  The answer provided is not responsive and not a proper objection.  Please promptly supplement this response.

Rodger D. Smith, Esq.
March 24, 2005
Page 3



Interrogatory No. 5:

In the March 11th telephone conference, you agreed to provide a response to this interrogatory by March 31, 2004.

Interrogatory No. 6:

Scientific Games' attempt to avoid answering this interrogatory on the basis of an (incorrect) allegation that GTECH has failed to provide information is improper. Please withdraw the objection and promptly provide a complete response. Moreover, Scientific Games has failed to identify any evidence or person with knowledge relating to its response. Please do so promptly.

Interrogatory No. 7:

Scientific Games' attempt to avoid answering this interrogatory on the basis of an allegation that GTECH has failed to provide "its proposed constructions of the asserted claims" is improper. Further, a briefing schedule regarding claim construction is set forth in the Scheduling Order. Please withdraw the objection and promptly provide a complete response.

Further, Scientific Games' response identified a Scientific Games "Player Activated Terminal". However, Scientific Games fails to identify any persons with knowledge or any documents or facts whatsoever related to the architecture of this device. Scientific Games also fails to explain how this device allegedly renders the patents-in-suit invalid, nor does it identify with any particularity the facts and circumstances regarding the devices alleged sale or offer for sale. Please promptly supplement this response to provide this information.

Scientific Games' response also indicates that the claims of the patents-in-suit are "invalid under 35 U.S.C. § 112," but provides no further facts or response in support of this allegation. Please promptly supplement this response.

For each of the references cited, please identify the features in the references that you believe teach or suggest each element of the claims of the patents-in-suit. Where you contend a combination of references renders a claim obvious, please identify the proposed combination, identify the motivation for making the combination, and the source of that motivation.

Interrogatory No. 8:

Again, it is improper for Scientific Games to link its obligation to respond to this interrogatory to GTECH's responses to Scientific Games' interrogatories or any (incorrectly) perceived deficiency therein. Please withdraw the objection and promptly provide a complete response. Moreover, the field of the invention and level of ordinary skill in the art of factors in invalidity issues, on which Scientific Games bears the burden of proof, and of coming forward with evidence.

Rodger D. Smith, Esq.
March 24, 2005
Page 4



Interrogatory No. 10:

Scientific Games' "relevancy" objection to this interrogatory is not proper. To the extent agreements, contracts, and communications between Scientific Games and Mr. Nolan Bushnell or UWink concern TVMs, On-Point, Interlott, or the Patents-in-Suit, they are highly relevant and within the scope of discovery and must be produced. If Scientific Games had communications with Mr. Bushnell or UWink concerning the Patents-in-Suit or PlayCentral Kiosk, we are certainly entitled to know about those communications as any commentary by Scientific Games on the patent-in-suit is relevant. Similarly, communications concerning On-Point and Interlott, which produced numerous products covered by the patent-in-suit and about which Mr. Bushnell was aware, are likely relevant to, e.g., GTECH's willfulness claim and Scientific Games' knowledge of the patents-in-suit. Communications concerning TVMs are likely relevant to how Scientific Games characterizes the architecture and features of its own TVM products that have functions or components similar to PlayCentral Kiosk. Please supplement this response promptly.

### *Document Request Responses*

General Objection No. 1.

As discussed above in the interrogatory section, we disagree that the definition of Scientific Games is overly broad. Please confirm that your search for documents has included the full scope of Scientific Games entities defined in our definition, and in particular that the Autotote and Online Entertainment Systems units, as well as any other entity with any involvement with the PlayCentral Kiosk, have been searched for responsive documents.

General Objection No. 6:

Scientific Games objected to producing documents which include the confidential information of third parties. To the extent that Scientific Games is relying on a third-party confidentiality agreement to avoid producing any documents, please identify the third party or parties, identify the document requests implicated, provide a copy of the agreement, and provide a log of the documents which have been withheld. If no documents have been withheld on this basis, please so confirm.

General Objection No. 7:

Scientific Games made a blanket objection to documents relating to pending patent applications. However, how Scientific Games characterizes its accused products in its own patent applications is highly relevant. To the extent you allege that attorney-client privilege is claimed for any such document, we expect Scientific Games will list it with appropriate specificity on its privilege log. To the extent such documents are not claimed as privileged, we expect those documents will be produced promptly.

Rodger D. Smith, Esq.
March 24, 2005
Page 5



General Objection No. 11 & 12:

It was agreed in the telephone conference to exchange privilege logs on March 30.

Request No. 3:

In the telephone conference, you indicated that *all* documents concerning these patents have been produced, not just the documents concerning their prosecution. This would include all documents concerning their evaluation and licensing or acquisition by Scientific Games. This letter serves to confirm that a production was made of documents concerning licensing, acquisition, and evaluation of these patents, not just their prosecution.

Request No. 9 & 10:

Scientific Games unilaterally and improperly limited its response to a subset of the documents requested. These requests are not limited to the four sub-lettered categories, which are exemplary, not limiting.

That being said, in the spirit of compromise, in the telephone conference, GTECH agreed to limit the request to all documents concerning the burster and/or ticket dispensing mechanisms, all documents concerning the user interface and display, all documents concerning the creation or management of graphics information for the vending machines, and all documents concerning loading or downloading of graphical information the machine. Please confirm that you have searched for and produced all of these documents. Please also confirm that you have produced all software and documentation related to these functions or subsystems.

Request Nos. 11 & 12:

In the telephone conference, GTECH agreed to limit the request to documents concerning testing of the burster and/or ticket dispensing mechanism, documents concerning testing of the user interface and display, and documents concerning testing of the loading or downloading of graphical information to the machine. Please confirm that you have searched for and produced all of these documents.

Request Nos. 19, 25, & 72:

How Scientific Games characterizes the PlayCentral Kiosk and other Scientific Games TVM products in invention disclosures is relevant to infringement issues. How prior art to these applications, including the patents-in-suit, is characterized is similarly relevant. How Scientific Games uses various terms in its patent applications may be relevant to claim construction issues. Please promptly produce all non-privileged documents responsive to this request. We expect Scientific Games will appropriately list any claimed privileged documents on its privilege log.

Rodger D. Smith, Esq.
March 24, 2005
Page 6



**Request Nos. 23 & 24:**

How Scientific Games characterizes the subsystem or components of its TVM's, and particularly of PlayCentral Kiosk is relevant to infringement. This includes, in particular, any documents dealing with the housing, ticket dispensing mechanisms, ticket separation mechanisms, and/or the user interface.

In the telephone conference, again in the spirit of compromise, GTECH agreed to limit the request to documents concerning testing the burster and/or ticket dispensing mechanisms, documents concerning the user interface and display, and documents concerning creation or management of graphical images for ticket vending machines, and loading or downloading of graphical information to the machine. Please confirm that you have searched for and produced all of these documents.

**Request No. 26:**

GTECH is entitled to discover information concerning what entities are controlled by the defendants and which may have discoverable information. As such, it is a proper request and should be answered in full, not unilaterally limited to the defendants. This is particularly true in light of your General Objection to the definition of Scientific Games. Please promptly provide all documents sought by this request, as originally set forth, or confirm in writing that you have done so.

**Request Nos. 32, 33, 34, 35, 36, 37, 38, 39, 41, & 42:**

Scientific Games has unilaterally limited its responses to "the Patents-in-Suit" and deleted "Patents Related to the Patents-in-Suit". This is improper. For example, knowledge of foreign counterparts of the patents-in-suit may be used to infer knowledge of the asserted patents in this case.

During the telephone conference, you indicated no search had been made for responsive documents beyond Scientific Games' limited response. Please produce all responsive documents for these requests.

**Request No. 39:**

Again, Scientific Games unilaterally limited its response to produce only documents related to the patents in suit. This narrowed reading does not include all documents which are related to the accused products, or to products which have similar components to the accused products. Please produce all responsive documents for these requests.

**Request No. 45.**

Scientific Games also narrowed its response to this request to only subparts (a), (b), and (c). Please confirm that all documents concerning PlayCentral Kiosk were produced, including

Rodger D. Smith, Esq.
March 24, 2005
Page 7



without limitation, the documents requested in sub-part (d) of the request.

Request No. 48 and 79:

The requested documents may be relevant to Scientific Games' knowledge of the patents in suit, relevant to market definition for damages, and also may be relevant to various secondary considerations of nonobviousness. Please produce the requested documents promptly.

Request No. 53:

Please confirm that, as indicated at the telephone conference, documents responsive to this request were searched for and produced.

Request No. 78:

Scientific Games limited its response to documents concerning "PlayCentral Kiosk." However, documents responsive to this request are relevant to, e.g., derivation of the design of the separator mechanism in the accused product, willfulness issues, such as the knowledge of the patents by the designer of the burster and by Scientific Games, and damages issues, such as the valuations placed on the Menna patents or licenses taken for the Menna patents. Accordingly, please produce all the documents responsive to this request.

Request No. 81:

This request is not a blanket request for information concerning Mr. Bushnell and Uwink, but rather is a specific request limited to TVMs and Scientific Games' TVM products, the Patents-in-Suit, and the owners of the patents-in-suit. The documents called for by this request concern and are relevant to many issues in this case including but not limited to willfulness issues such as knowledge of the patents-in-suit, how Scientific Games and others characterize the accused products and their subsystems, and communications regarding the patents-in-suit.

During the telephone conference, you did not indicate whether responsive documents had been searched for or whether they even existed. To the extent responsive documents exist, please produce them promptly.

Sincerely,

Larissa A. Soccoli / a v

# EXHIBIT D



Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 1, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    *GTECH Corp. v. Scientific Games International, Inc., et al.*
       *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

We have not received a response to my March 24, 2005 letter concerning deficiencies in Scientific Games' document production and responses to GTECH's interrogatories. As the time for discovery in this case is short and depositions will be going forward imminently, please provide us with the responses and requested documents immediately.

In addition to the deficiencies noted in my March 24th letter, we have noted further significant deficiencies. Certain categories of documents central to the issues in this case are conspicuously absent from Scientific Games' production to date. These include the following:

1.  Schematic drawings, design documents, and documentation for each version of the burster mechanism(s) used in the PlayCentral Kiosk. While schematics for the PlayCentral cabinet were produced, the drawings and documentation for the critical part of the PlayCentral, the burster, are absent.

2.  Contracts, specifications, designs, etc. exchanged between Scientific Games and subcontractors and/or suppliers working on the burster mechanism of the PlayCentral Kiosk. Although some limited e-mail materials supplied showed correspondence with the Danish Company I/F-Com AS, the only documentation provided is a burster firmware interface specification. Other specifications, documentation, mechanical designs, contracts, orders, and non-email correspondence appear to be almost completely absent.

3.  Documents detailing the acquisition and/or license of the Menna patents and the bursters previously manufactured by Instant Technologies Inc., as well as any other documents related to these patents or the burster manufactured and sold by Instant Technologies Inc..

Rodger D. Smith, Esq.
April 1, 2005
Page 2



Emails produced suggest that a license or other agreement was entered into; however, no copy of the license or any documents related to it appear to have been produced.

4. Software source code and/or software documentation for the PlayCentral Kiosk, and, in particular, software used to run the machine and operate the user interface, software used to store and display graphic information on the machine, and software used by the machine to download game graphic information, all appear to be completely absent from the production.

5. Software source code and documentation for the systems used to store, manage, and download graphical information to the PlayCentral Kiosk were not produced. Also missing are data or table definitions, documentation, and/or code from the Relational Database used for this purpose.

6. Documents related to Scientific Games' testing of On-Point or Interlott Ticket vending machines were not produced.

7. Documents related to Scientific Games' offers or bids to state lotteries that included On-Point or Interlott Ticket vending machines were also not produced.

    Please provide the above documentation immediately.

                          Sincerely,

                          Larissa A. Soccoli

# EXHIBIT E



**KENYON & KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 12, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:   *GTECH Corp. v. Scientific Games International, Inc., et al.*
      *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

We have still not received responses to my letters of March 24 and April 1, and Andrew Reibman's letter of March 16, noting Scientific Games' discovery deficiencies. Given the time that has elapsed since these requests and that time is of the essence given the imminent commencement of depositions, if we do not receive the requested documents and information by Friday April 15th, we will take this matter up with the Court.

In addition to the issues raised in my prior letters, we have noted further deficiencies in Scientific Games' document production. Please provide copies of the following specific documents:

1.  The PlayCentral direct mail advertisement referenced in SGI074713

2.  The 32-page booklet articulating PlayCentral products and features, referenced in SGI074713.

3.  The report on, and electronic copies of, screens tested in the July 2003 Georgia focus groups.

4.  The powerpoint presentation showing "various color schemes" for the ITVM, referenced in SGI078117.

5.  The attachment to a March 24, 2003 email from Thomas Brewer to Lorne Weil et al. entitled "Mark's Vision for a CO Kiosk" (SGI092281).

Rodger D. Smith, Esq.
April 12, 2005
Page 2



6.  The presentation attached to a January 21, 2004 email from Janine Whiteman to Amy Hill (SGI094175).

7.  The focus group report attached to a February 15, 2004 email from Janine Whiteman to Steve Saferin and Bill Behm (SGI095807).

8.  The burster flow charts attached to SGI098890.

9.  The burster specification referenced in an October 18, 2004 email from Tom Herrick to Tony Bartolone (SGI098930).

10. The pictures of push-button terminals saved at Enghome:\Interlot\2004_09_25 and referenced in Tom Herrick's September 25, 2004 email (SGI099075).

11. The on-line proposal submitted to the Colorado Lottery in August 2002, referenced in SGI099606.

12. Notes from the Retail Solutions Meeting held on June 16, 2004, referenced in SGI099259.

13. The document beginning at SGI017787 appears to be a compilation of notes from the May 7, 2004 PlayCentral design review meeting, referenced in the email at SGI075579.  Please produce all the notes and agenda from that meeting.

These above items in no way limit the scope of our requests in the March 24 or April 1 letters.

In addition to the above, there were some documents in your production to us that were visually unclear or of which we would like copies produced in their original form.  These include:

1.  A color copy of SGI104443.

2.  An electronic version of the screen image depicted in SGI080327.

3.  Clear copies of SGI085122, SGI103360, and SGI104590.

Please produce these documents to us.

Rodger D. Smith, Esq.
April 12, 2005
Page 3



We look forward to receiving the above documents and those requested in our previous letters so that motion practice on these issues can be avoided.

Sincerely,

Larissa A. Soccoli

# EXHIBIT F



**KENYON**
**&**
**KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY  10004-1007
212.425.7200
Fax 212.425.5288

April 20, 2005

*By Facsimile*

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    ***GTECH Corp. v. Scientific Games International, Inc., et al.***
       ***(D. Del. C.A. No. 04-138-JJF)***

Dear Rodger:

We have not received a response to my letter of yesterday.  Please advise us immediately whether Scientific Games has searched for and produced all documents responsive to GTECH's discovery requests in this case from Scientific Games subsidiaries such as Autotote (also called Scientific Games Racing) and Online Entertainment Systems (also called OES), and any other subsidiaries or related entities under defendants' control that are involved in the development, sale, and deployment of lottery ticket vending machines such as the PlayCentral Kiosk.  As I explained in my letter of yesterday, based upon Scientific Games' responses to GTECH's first set of interrogatories and first set of document requests, we understand that Scientific Games has refused to search for and produce documents from its subsidiaries and related entities.  You confirmed that refusal during the telephone conference on March 11, 2004.  We intend to file a motion to compel production of responsive documents from these entities unless you specifically confirm that such a search was conducted and all responsive documents were produced.

Additionally, we understand from your April 15, 2005 letter that Scientific Games claims it has produced documents located after a "reasonable search" in response to GTECH's requests for software and related documentation for the PlayCentral, software used to store, manage or download graphics to the PlayCentral, and design documentation for the PlayCentral burster.  We find this statement to be dubious at best particularly since the software is currently in use in connection with the PlayCentral Kiosks and because we have received design documents for virtually every other component or subsystem of the PlayCentral *except* the burster and therefore would expect that Scientific Games possesses the design documents for the burster as well.

We intend to file a motion to compel production of these documents unless you confirm

Rodger D. Smith, Esq.
April 20, 2005
Page 2



the following: (1) that Scientific Games' "reasonable" search included a search of subsidiaries and related entities as discussed above; (2) that *all* responsive documents have been produced; and (3) whether the reason for non-production of the burster design documents is base don an assertion that the documents are maintained by a third party; if so, identify who the third party or parties is/are; if not, provide an explanation of why those documents have not or allegedly cannot be produced by Scientific Games.

As depositions are starting next week, please provide us with your response to this letter and the attendant confirmations requested herein by close of business tomorrow so we will know whether motion practice on any of these issues can be avoided.

Sincerely,

Larissa A. Soccoli

# EXHIBIT G



**KENYON**
**&**
**KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 22, 2005

***By Facsimile***
Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    ***GTECH Corp. v. Scientific Games International, Inc., et al.***
       ***(D. Del. C.A. No. 04-138-JJF)***

Dear Rodger:

We have your letter of today responding to mine of April 19 and 20th.

With regard to the design documents, your response makes it clear that Scientific Games has not been forthcoming concerning its document production in this case. First, in its responses to GTECH's document requests, Scientific Games refused to produce any documents concerning subsystems or components of PlayCentral and suppliers thereof. (*See, e.g.* responses to requests 23 and 24). In response to GTECH's follow-up inquiries concerning the design documents for the burster, Scientific Games responded that it had conducted a reasonable search and produced responsive documents, a statement which we believed to be dubious at best particularly since Scientific Games obviously possesses (and has produced) design documents for almost every subsystem in the PlayCentral *except* the burster. (*See* your April 15th letter to me at 2, 3). Your letter of today, which states that design documents for the burster "will be produced," has now confirmed our suspicions that such documents in fact exist and have been withheld to date. There is simply no excuse for this belated promise of production, particularly just days before depositions of Scientific Games witnesses are scheduled to go forward.

Please provide the design documents to us by tomorrow. If we have not received them by then, we reserve the right to hold open the depositions of Mr. Gilmore and Mr. Bartolone and any other depositions of Scientific Games' witnesses that transpire prior to receipt of the documents, and seek costs from Scientific Games for any continued depositions deemed necessary to inquire concerning those documents.

With regard to the software, we understand that you are now refusing to produce the software on (improper) relevancy grounds. The software and related documentation is highly relevant to the GTECH's infringement claims and is certainly discoverable information as we

Rodger D. Smith, Esq.
April 22, 2005
Page 2



have previously explained to you.  We are taking this matter up with the Court.

Finally, we understand from your letter that you have not searched the files of Scientific Games' subsidiaries and related entities (other than the named parties) for responsive documents. Documents Scientific Games has produced in discovery make it abundantly clear that at least the subsidiaries such as Autotote, Online Entertainment Systems and Scientific Games Racing are involved in the design, manufacture, and/or distribution of the accused PlayCentral.  (*See, e.g., inter alia* SCI009917, SCI017771, SCI015458, SCI098894, SCI098916, SCI091171)  Please reconsider your position and produce responsive documents from these subsidiaries and any other Scientific Games subsidiary or related entity immediately.

Sincerely,

Larissa A. Soccoli



One Broadway
New York, NY  10004-1050
212.425.7200
Fax 212.425.5288

## Fax Transmission

| | | | |
|---|---|---|---|
| From: | **Larissa A. Soccoli** | Date: | April 22, 2005 |
| Direct Dial: | 212.908.6449 | Fax: | 212.425.5288 |
| Client/Matter: | 12406/104 | Total number of pages:<br>(including cover) | 2 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|---|---|---|---|
| **Rodger D. Smith** | **Morris Nichols Arsht &<br>Tunnell** | **302-658-3989** | **302-658-9200** |

Message:

[X] Original will not follow   [ ] Original will follow by   [ ] Regular Mail   [ ] Overnight Delivery   [ ] Hand Delivery

The information contained in this facsimile transmission, including any attachments, is subject to the attorney-client privilege, the attorney work product privilege or is confidential information intended only for the use of the named recipient.  If the reader of this Notice is not the intended recipient or the employee or agent responsible for delivering this transmission to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, so that we may arrange for its return or destruction at our cost.  Thank you.

New York   Washington, DC   Silicon Valley   www.kenyon.com

```
************ -COMM. JOURNAL- ******************* DATE APR-22-2005 ***** TIME 18:41 ********

        MODE = MEMORY TRANSMISSION            START=APR-22 18:40   END=APR-22 18:41

        FILE NO.=693

  STN   COMM.   ONE-TOUCH/   STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES    DURATION
  NO.           ABBR NO.

  001   OK      ☎            7313#12406#104#13026583989                 003/003   00:00:56


                                              -KENYON & KENYON          -

************************************ -KENYON & KENYON - ***** -          - ********
```



**KENYON & KENYON**

Intellectual Property Law

One Broadway
New York, NY 10004-1050
212.425.7200
Fax 212.425.5288

## Fax Transmission

| | | | |
|---|---|---|---|
| From: | **Larissa A. Soccoli** | Date: | April 22, 2005 |
| Direct Dial: | 212.908.6449 | Fax: | 212.425.5288 |
| Client/Matter: | 12406/104 | Total number of pages: (including cover) | 2 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|---|---|---|---|
| **Rodger D. Smith** | **Morris Nichols Arsht & Tunnell** | **302-658-3989** | **302-658-9200** |

Message:

☒ Original will not follow  ☐ Original will follow by  ☐ Regular Mail  ☐ Overnight Delivery  ☐ Hand Delivery

The information contained in this facsimile transmission, including any attachments, is subject to the attorney-client privilege, the attorney work product privilege or is confidential information intended only for the use of the named recipient. If the reader of this Notice is not the intended recipient or the employee or agent responsible for delivering this transmission to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, so that we may arrange for its return or destruction at our cost. Thank you.

New York    Washington, DC    Silicon Valley    www.kenyon.com

# EXHIBIT H



Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

May 3, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:  *GTECH Corp. v. Scientific Games International, Inc., et al.*
     *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

We have written numerous times about the failure of Scientific Games to produce design documents and drawings for the burster in the PlayCentral Kiosk.

In response to a query regarding the burster documents in the April 26 deposition of Mark Gilmore, you indicated that CAD drawings would be produced. (Gilmore transcript at 65-66; 86.) Mr. Bartolone confirmed in his April 27 deposition that Scientific Games designed and manufactures the burster used in the PlayCentral. (Bartolone transcript at 69.) At that deposition you represented that CAD drawings had been produced the previous day, i.e., on April 26. (Bartolone transcript at 95.) Having carefully reviewed both the paper and electronic documents Scientific Games produced on April 26, we note that they contain no design documents for the burster and no design drawings for the burster. If you believe those documents have been produced, please immediately identify by Bates range or file name the location of the burster drawings.

We intend to file a motion on this matter tomorrow with the Court.

Sincerely,

Larissa A. Soccoli

```
*************** -COMM. JOURNAL- ******************* DATE MAY-03-2005 ***** TIME 19:36 ********

        MODE = MEMORY TRANSMISSION              START=MAY-03 19:35    END=MAY-03 19:36

        FILE NO.=182

STN    COMM.        STATION NAME/EMAIL ADDRESS/TELEPHONE NO.     PAGES      DURATION
NO.

001    OK           ฿0176#12406#104#13026583989                 002/002    00:00:45


                                                    -KENYON & KENYON            -

***** UF-8000 ********************** -2124256231    - ***** -        2124256231- *********
```

## KENYON & KENYON
Intellectual Property Law

One Broadway
New York, NY 10004-1050
212.425.7200
Fax 212.425.5288

### Fax Transmission

| From: | Larissa A. Soccoli | Date: | May 3, 2005 |
| Direct Dial: | 212.908.6449 | Fax: | 212.425.5288 |
| Client/Matter: | 12406/104 | Total number of pages: (including cover) | 2 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|------|---------|-----|-------|
| Rodger D. Smith | Morris Nichols Arsht & Tunnell | 302-658-3989 | 302-658-9200 |

Message:

[X] Original will not follow  [ ] Original will follow by  [ ] Regular Mail  [ ] Overnight Delivery  [ ] Hand Delivery

The information contained in this facsimile transmission, including any attachments, is subject to the attorney-client privilege, the attorney work product privilege or is confidential information intended only for the use of the named recipient. If the reader of this Notice is not the intended recipient or the employee or agent responsible for delivering this transmission to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, so that we may arrange for its return or destruction at our cost. Thank you.

New York  Washington, DC  Silicon Valley  www.kenyon.com

# EXHIBIT I

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH
302 575 7205
302 498 6209 FAX
rsmith@mnat.com

May 4, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

Re:    GTECH Corp. v. Scientific Games International, Inc., et al.,
       C.A. No. 04-138-JJF

Dear Larissa:

        I am writing in response to your May 3 letter concerning Scientific Games' design documents and drawings for the dispenser mechanism used in the PlayCentral Kiosk. As you indicate in your letter, Scientific Games has agreed to produce those documents and drawings. We will investigate to see whether those files were inadvertently omitted from the files produced to you on April 26. We see absolutely no reason, though, why this matter needs to be raised with the Court.

                    Sincerely,

                    Rodger D. Smith

RDS/dal
463570

# MORRIS, NICHOLS, ARSHT & TUNNELL

**1201 N. Market Street**
**P.O. Box 1347**
**Wilmington, DE  19899-1347**
**(302) 658-9200**
**Fax (302) 658-3989**

## FAX COVER SHEET

DATE: 05/04/2005

TIME:

PAGE: 1 OF 2

PLEASE DELIVER THE FOLLOWING PAGES TO:

| | |
|---|---|
| NAME: | Larissa A. Soccoli, Esquire |
| LOCATION: | Kenyon & Kenyon |
| PHONE: | (212) 908-6019 |

FAX:   (212) 425-5288

FROM:    Rodger D. Smith

PHONE:    (302) 575-7205

MESSAGE:

**The documents accompanying this sheet may contain information that is confidential or that is privileged.  If you are not the intended recipient of these documents, please note that the dissemination, distribution, use or copying of these documents is strictly prohibited.  If you believe that you may have received these documents in error, please call (302) 575-7332.**

If you do not receive all the pages, <u>please call back as soon as possible</u>.

MATTER NO.: 51141