# EXHIBIT J



**KENYON & KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

May 4, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    *GTECH Corp. v. Scientific Games International, Inc., et al.*
       *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

We have your letter of this morning concerning the documents and drawings for the dispenser mechanism used in the PlayCentral, and quite frankly view it as a stall tactic.

First Scientific Games indicated that it had conducted a reasonable search and produced responsive documents to GTECH's requests for these design drawings. (*See* your letter to me of April 15, 2005). GTECH responded that such a contention was dubious and requested the documents again. (*See* my April 20, 2005 letter.) Days later, and only four days before the deposition of Defendants' first witness, under threat of GTECH filing a motion on the issue, Scientific Games wrote, contrary to its prior representation that documents had been produced, that "Scientific Games has produced *or will produce* any such documents in its possession, custody, or control." (*See* your letter of April 22, 2005) (emphasis added). Based on this representation, we refrained from filing the motion to allow Scientific Games to make the production it promised.

The day of the first deposition on April 26, 2005 in Atlanta, you represented at that deposition that the requested design documents, including CAD drawings for the burster, were being produced that day on CD to our offices in New York "to the extent the company [had]" them. (*See* Gilmore Rough Transcript at 86). The next day at the deposition, the design drawings were discussed again and you represented on the record that Scientific Games would not be producing any further CAD files beyond what we had received on the CD. (*See* Bartolone Rough Transcript at 95).

We have reviewed the CD produced on April 26, 2005, which you represented contained the requested burster design documents, and found that these documents were not produced.

Rodger D. Smith, Esq.
May 4, 2005
Page 2



Accordingly, due to your representation that Scientific Games would not be producing any further drawings, the delay that your contrary representations have caused, and our good faith reliance on them in not filing a motion on this sooner, we see *every* reason to raise this issue with the Court immediately.

That being said, in the spirit of cooperation, if indeed these drawings were "inadvertently omitted" as you claim in your letter, produce them by the end of the day today. Otherwise, we will file our motion tomorrow. We have already taken three depositions in this case without these documents, further depositions are scheduled in the very near future, and you are now complaining separately that we have not provided enough specificity in our interrogatory responses  - which is something we cannot do without at least these documents.

Sincerely,

Larissa A. Soccoli



**KENYON & KENYON**

Intellectual Property Law

One Broadway
New York, NY  10004-1050
212.425.7200
Fax 212.425.5288

## Fax Transmission

| | | | |
|---|---|---|---|
| From: | **Larissa A. Soccoli** | Date: | May 4, 2005 |
| Direct Dial: | 212.908.6449 | Fax: | 212.425.5288 |
| Client/Matter: | 12406/104 | Total number of pages: (including cover) | 3 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|---|---|---|---|
| **Rodger D. Smith** | **Morris Nichols Arsht & Tunnell** | **302-658-3989** | **302-658-9200** |

Message:

☒ Original will not follow   ☐ Original will follow by   ☐ Regular Mail   ☐ Overnight Delivery   ☐ Hand Delivery

The information contained in this facsimile transmission, including any attachments, is subject to the attorney-client privilege, the attorney work product privilege or is confidential information intended only for the use of the named recipient. If the reader of this Notice is not the intended recipient or the employee or agent responsible for delivering this transmission to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, so that we may arrange for its return or destruction at our cost. Thank you.

New York   Washington, DC   Silicon Valley   www.kenyon.com

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,

        Plaintiff,

        v.

SCIENTIFIC GAMES INTERNATIONAL,
INC., SCIENTIFIC GAMES HOLDINGS
CORPORATION, SCIENTIFIC GAMES
FINANCE CORPORATION, and
SCIENTIFIC GAMES CORPORATION,

        Defendants.

C.A. No. 04-138-JJF

## DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

        Pursuant to Fed. R. Civ. P. 26(a)(1), defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") make the following initial disclosures. Scientific Games reserves the right to supplement these initial disclosures pursuant to Fed. R. Civ. P. 26(e).

A.    <u>Identification Of Individuals</u>

        The following individuals are likely to have discoverable information that Scientific Games may use to support its defenses:

| Name | Subject |
|---|---|
| Robert L. Burr | The subject matter of the '337 and '624 patents. |
| Laird A. Campbell | The subject matter of the '337 patent. |

| Name | Subject |
|------|---------|
| Donald H. Keagle | The subject matter of the '337 patent. |
| Alfred L. Fulton | The subject matter of the '337 patent. |
| Bill Behm<br>Scientific Games International<br>Alpharetta, Georgia | The business of Scientific Games, the PlayCentral Kiosk and earlier devices made and sold by Scientific Games. |
| Tony Bartolone<br>Scientific Games International<br>Alpharetta, Georgia | The PlayCentral Kiosk |
| Vic Collucci<br>Scientific Games International<br>Alpharetta, Georgia | The PlayCentral Kiosk |
| Mark Gilmore<br>Scientific Games International<br>Alpharetta, Georgia | The PlayCentral Kiosk |
| Janine Whiteman<br>Scientific Games International<br>Alpharetta, Georgia | Marketing and sales relating to the PlayCentral Kiosk. |

B.    Identification Of Documents And Tangible Things

Scientific Games identifies the following categories of documents, data compilations, and tangible things currently within the possession, custody or control of Scientific Games that it may use to support its defenses:

1.    Documents relating to the '337 and '624 patents, their prosecution histories, and prior art to those patents.

2.    Documents relating to the PlayCentral Kiosk.

In addition to the foregoing documents, Scientific Games expects to discover relevant documents and tangible things within the possession, custody or control of others, including plaintiff, upon which Scientific Games may rely to support its defenses.

- 2 -

C.    <u>Computation Of Damages</u>

Scientific Games is not currently asserting a claim for damages in this action, other than its attorneys' fees.

D.    <u>Insurance Agreements</u>

Scientific Games is not currently aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy a judgment.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
   Attorneys for Defendants

August 13, 2004

416509

- 3 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were caused to be served this 13th day of August 2004 upon the following in the manner indicated:

### BY HAND

Josy W. Ingersoll, Esquire
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

### BY FEDERAL EXPRESS

Thomas J. Meloro, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004

Rodger D. Smith II

# EXHIBIT L

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,                                )
                                                  )
      Plaintiff,                           )
                                                  )
     v.                                   )     C.A. No. 04-138-JJF
                                                  )
SCIENTIFIC GAMES INTERNATIONAL, INC.,             )
SCIENTIFIC GAMES HOLDINGS CORPORATION,            )
SCIENTIFIC GAMES FINANCE CORPORATION,             )
and SCIENTIFIC GAMES CORPORATION,                 )
                                                  )
      Defendants.                          )

## SCIENTIFIC GAMES' RESPONSES TO PLAINTIFF'S
## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENT AND THINGS

Defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") hereby respond and object to plaintiff's First Set of Requests for the Production of Documents and Things as follows:

### GENERAL OBJECTIONS

1.    Scientific Games objects to the definition of "Scientific Games" as overly broad.

2.    Scientific Games objects to the definition of "TVM" as overly broad.

3.    Scientific Games objects to the definition of "Scientific Games' TVM" as overly broad to the extent it seeks to include products that have not been accused of infringement.

4.    Scientific Games objects to the Requests to the extent they seek production of documents not in the possession, custody or control of Scientific Games.

5.    Scientific Games objects to the Requests to the extent they seek production of Scientific Games confidential information.    Scientific Games will produce confidential information pursuant to D. Del. L.R. 26.2, until a Protective Order for confidential information has been entered by the Court.

6.    Scientific Games objects to the Requests to the extent they seek production of confidential information of third parties.

7.    Scientific Games objects to the Requests to the extent they seek production of documents relating to pending patent applications.

8.    Scientific Games objects to the Requests to the extent they seek production of documents that are publicly available or could be obtained more easily by other means of discovery.

9.    Scientific Games objects to the Requests to the extent they seek production of documents and things that are not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Scientific Games objects to the Requests to the extent they are overly broad, unduly burdensome, and repetitive.

11.    Scientific Games objects to the Requests to the extent they seek documents that are protected by the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

12.    Scientific Games will log withheld documents in accordance with the requirements of the Federal Rules of Civil Procedure and applicable case law. Scientific Games objects, however, to logging documents created after the filing date of this lawsuit.

2

13.    Scientific Games objects to the Requests to the extent they seek to impose obligations not required under the Federal Rules of Civil Procedure or the Local Rules of the District of Delaware.

14.    Any statements made herein that documents will be produced should not be construed as statements that such documents exist, but rather only that if such documents do exist and can be located by a reasonable search, they will be produced.

The foregoing General Objections are incorporated into each of the Specific Objections to the Requests.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents concerning Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 1:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 2:**

All documents concerning the process by which TVM products are exported to, imported into, and distributed in the United States, including all documents concerning any transaction between Scientific Games and any State Lottery Agency concerning Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 2:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:**

All documents concerning the '898 Patent or Patents Related to the '898 Patent, including, without limitation, all documents concerning the prosecution, issuance, assignments, grants, licensing, acquisition, or evaluation of the '898 Patent or Patents Related to the '898 Patent.

**RESPONSE TO REQUEST NO. 3:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Scientific Games also objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Subject to these and the General Objections, Scientific Games will produce relevant nonprivileged documents concerning the '898 patent and any continuation patents and their prosecutions responsive to this request.

**REQUEST NO. 4:**

All documents concerning any communication by Scientific Games with a third party concerning Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 4:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

One copy of each document received by purchasers of each Scientific Games' TVM, including service manuals, instructions or instruction(al) manuals, operating instructions, operations manuals, training manuals or materials, specifications, datasheets and booklets.

4

**RESPONSE TO REQUEST NO. 5:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 6:**

All documents concerning any training or instruction of personnel by or on behalf of Scientific Games concerning the sales, marketing, sales forecasts, market forecasts, service, repair, maintenance, or technical support of Scientific Games' TVM products in the United States.

**RESPONSE TO REQUEST NO. 6:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 7:**

All documents concerning business activities conducted by Scientific Games in the United States concerning Scientific Games' TVM, including all documents concerning marketing, sales forecasts, market forecasts, advertising, promotion, offers for sale, sales, deliveries, customer service, and technical support directed to any person in the United States.

**RESPONSE TO REQUEST NO. 7:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

## REQUEST NO. 8:

All documents prepared by or on behalf of Scientific Games concerning the marketing of Scientific Games' TVM in the United States, including, all marketing plans, marketing surveys, marketing forecasts, sales forecasts, competitive product analysis, promotional material, informational material, and advertising material.

## RESPONSE TO REQUEST NO. 8:

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

## REQUEST NO. 9:

All documents and things concerning Scientific Games' conception, design, development, production and manufacture of any Scientific Games' TVM products including: (a) documents and things concerning the process used to manufacture any Scientific Games' TVM products; (b) documents and things concerning any technical, production, operational, or validation issues concerning any Scientific Games' TVM product; (c) all design, development, and engineering documents concerning any of the Scientific Games' TVM products; (d) all engineering notebooks, laboratory notebooks, invention disclosures, product proposals, drawings, specifications, product evaluations, test reports, and technical reports concerning any of Scientific Games' TVM products.

## RESPONSE TO REQUEST NO. 9:

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General

6

Objections, Scientific Games will produce nonprivileged documents concerning Scientific

Games' PlayCentral Kiosk responsive to subparagraphs (b), (c) and (d) of this request.

**REQUEST NO. 10:**

All documents and things concerning Scientific Games' conception, design, development, production, manufacturing of the PlayCentral Kiosk product, including: (a) documents and things concerning the process used to manufacture PlayCentral Kiosk products; (b) documents and things concerning any technical, production, operational, or validation issues concerning PlayCentral Kiosk products; (c) all design, development, and engineering documents concerning PlayCentral Kiosk products; (d) all engineering notebooks, laboratory notebooks, invention disclosures, product proposals, drawings, specifications, product evaluations, test reports, and technical reports concerning PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 10:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents concerning Scientific

Games' PlayCentral Kiosk responsive to subparagraphs (b), (c) and (d) of this request.

**REQUEST NO. 11:**

All documents and things concerning the testing or analysis of any Scientific Games' TVM product.

**RESPONSE TO REQUEST NO. 11:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.

7

**REQUEST NO. 12:**

All documents and things concerning the testing or analysis of PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 12:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**

All documents and things concerning each and every design modification made to PlayCentral Kiosk products from its initial design, prototype, or development to the present.

**RESPONSE TO REQUEST NO. 13:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 14:**

All engineering change notices or equivalents thereof that concern PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 14:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

8

**REQUEST NO. 15:**

Documents sufficient to identify every person who has or had any responsibility for the design or development of PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 15:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 16:**

All documents and things prepared or distributed in connection with any meeting concerning the research, conception, design, or development of PlayCentral Kiosk products, including any agendas and any minutes or notes taken during such meetings.

**RESPONSE TO REQUEST NO. 16:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 17:**

A copy of each published article or literature produced by or on behalf of Scientific Games that concerns PlayCentral Kiosk and all documents concerning the preparation thereof including all drafts and notes.

**RESPONSE TO REQUEST NO. 17:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

9

**REQUEST NO. 18**:

A copy of each advertisement or promotional material used by or on behalf of Scientific Games that concerns PlayCentral Kiosk.

**RESPONSE TO REQUEST NO. 18**:

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 19**:

All invention records, invention disclosure documents, inventor notebooks, or similar documents representing or recording an invention, potential invention, or development for consideration as subject matter for a patent application, concerning PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 19**:

Scientific Games objects to this request as seeking documents that are protected

by the attorney-client privilege, work product immunity or any other applicable privilege or

immunity.  Scientific Games also objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20**:

Documents and things sufficient to identify all sales, purchases or leases of PlayCentral Kiosk products in the United States, including documents sufficient to identify the purchasers, lessees, lessors, date of purchase or lease, and items included in such purchases or leases.

**RESPONSE TO REQUEST NO. 20**:

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

10

calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 21:**

Documents and things sufficient to identify all sales, purchases or leases of Scientific Games' TVMs in the United States, including documents sufficient to identify the purchasers, lessees, lessors, date of purchase or lease, and items included in such purchases or leases.

**RESPONSE TO REQUEST NO. 21:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 22:**

All design documents, engineering documents, specifications, and manuals concerning Scientific Games' TVM products, including the PlayCentral Kiosk.

**RESPONSE TO REQUEST NO. 22:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 23:**

All documents and things concerning any subsystem or component of Scientific Games' TVM products, any suppliers of those subsystems and components, and any contracts, licenses or agreements with those suppliers.

**RESPONSE TO REQUEST NO. 23:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 24:**

All documents and things concerning any subsystem or component of PlayCentral Kiosk products, any suppliers of those subsystems and components, and any contracts, licenses or agreements with those suppliers.

**RESPONSE TO REQUEST NO. 24:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

All documents concerning any patent or patent application concerning Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 25:**

Scientific Games objects to this request as seeking documents that are protected

by the attorney-client privilege, work product immunity or any other applicable privilege or

immunity. Scientific Games also objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.

12

**REQUEST NO. 26:**

Documents sufficient to identify the relationships between and among Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation, and any other entity which is part of, controlled by, or owned in whole or part by Scientific Games.

**RESPONSE TO REQUEST NO. 26:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the relationships between and among the named defendants.

**REQUEST NO. 27:**

Documents sufficient to identify the management and organizational structure of Scientific Games, including, without limitation, documents concerning the functional relationships between and among management groups, divisions, departments, and any other business units of Scientific Games, including but not limited to any persons responsible for the design, development, manufacturing, sale, marketing, sales forecasts, market forecasts or any other aspect of Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 27:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the management and organizational structure of Scientific Games relating to PlayCentral Kiosk.

13

**REQUEST NO. 28:**

All contracts or agreements referring or relating to the design, development, exportation, importation, sale, use or distribution of Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 28:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 29:**

All documents concerning Scientific Games' business or marketing strategy relating to Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 29:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 30:**

Documents sufficient to identify any Scientific Games facility in the United States, where (a) orders for Scientific Games' TVM are processed; (b) Scientific Games' TVM are stored and handled for distribution; and (c) payments for Scientific Games' TVM are processed or made.

**RESPONSE TO REQUEST NO. 30:**

        Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 31:**

        Documents sufficient to identify any facility owned, operated, managed, or used by Scientific Games for any purpose related to Scientific Games' TVM products, including the nature, function, and location of the office.

**RESPONSE TO REQUEST NO. 31:**

        Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 32:**

        All documents concerning the Patents-In-Suit or any Patents Related to the Patents-In-Suit.

**RESPONSE TO REQUEST NO. 32:**

        Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 33:**

All documents concerning Scientific Games knowledge of the Patents-in-Suit, or of any Patents Related to the Patents-in-Suit, including any document concerning the date when, and the circumstances under which, Scientific Games became aware of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 33:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 34:**

All opinions of counsel concerning the Patents-in-Suit or concerning any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 34:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games states that if it decides to rely on advice of counsel in defending against GTECH's charges of willful infringement, Scientific Games will produce documents responsive to this request concerning the patents in suit.

16

**REQUEST NO. 35:**

All documents that concern any action taken by or on behalf of Scientific Games that was prompted by or motivated by the Patents-in-Suit or any Patents Related to the Patents-in-Suit, including any attempts to design around the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 35:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 36:**

All documents and things that comment upon or express any opinion about the Patents-in-Suit or any Patents Related to the Patents-in-Suit, or which concern any investigation of the infringement or any alleged noninfringement of the Patents-in-Suit or any Patents Related to the Patents-in-Suit, by Scientific Games or any other person.

**RESPONSE TO REQUEST NO. 36:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

17

**REQUEST NO. 37:**

All documents concerning opinions of counsel concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 37:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games states that if it decides to rely on advice of counsel in defending against GTECH's charges of willful infringement, Scientific Games will produce documents responsive to this request concerning the patents in suit.

**REQUEST NO. 38:**

All documents and things relied upon in any opinion of counsel concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 38:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games objects to this request as overly broad and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games states that if it decides to rely on advice of counsel in defending against GTECH's charges of willful infringement, Scientific Games will produce documents responsive to this request concerning the patents in suit.

18

**REQUEST NO. 39:**

All minutes taken at and documents and things distributed in connection with, any meeting of Scientific Games' boards of directors or other corporate committees or subcommittees concerning any of Scientific Games' TVM products, GTECH, the Patents-in-Suit, or Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 39:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 40:**

All documents and things concerning communications, either direct or indirect, between Scientific Games and any other person concerning the possibility that Scientific Games or their customers or potential customers may be subject to liability for infringement of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 40:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

19

**REQUEST NO. 41:**

All patents, patent applications, and patent prosecution files concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit, including any patent, patent application, or patent prosecution file which includes reference to or discussion of the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 41:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 42:**

Any communication by Scientific Games with a third party concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 42:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 43:**

All financial statements of Scientific Games, including, without limitation, all accounting, income, budgets, budget reports, pricing, price determination, profit and loss calculations, concerning Scientific Games' TVM, or any contract with any state lottery agency that concerns Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 43:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 44:**

All contracts, agreements, licenses between, or proposals from Scientific Games and any third party concerning Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 44:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 45:**

All documents concerning Scientific Games' business activities in the United States concerning Scientific Games' TVM, including documents concerning: (a) the number, type, and dollar volume of Scientific Games' TVM sold in the United States; (b) the number of Scientific Games' TVM customers in the United States; (c) quantity and type of advertising or other promotional activities concerning Scientific Games' TVM reaching persons in the United States; (d) any follow-up activity concerning any of the above business activities including technical support, maintenance, and servicing in the United States.

21

**RESPONSE TO REQUEST NO. 45:**

        Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents concerning Scientific Games' PlayCentral Kiosk responsive to subparagraphs (a), (b) and (c) of this request.

**REQUEST NO. 46:**

        Documents sufficient to identify the number, type, price, and dollar volume of each Scientific Games' TVM Scientific Games has sold in the United States.

**RESPONSE TO REQUEST NO. 46:**

        Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 47:**

        Documents sufficient to identify all recipients of Scientific Games' TVMs in the United States.

**RESPONSE TO REQUEST NO. 47:**

        Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

22

**REQUEST NO. 48:**

All documents concerning any GTECH, Interlott, or On-Point TVM.

**RESPONSE TO REQUEST NO. 48:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 49:**

All documents and things concerning any sale, offer for sale, attempted offer for sale, or service agreement by or for Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 49:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 50:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for PlayCentral Kiosks sold to entities in the United States from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 50:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 51:**

Documents sufficient to show Scientific Games' profit margins for sales of PlayCentral Kiosks from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 51:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 52:**

Documents sufficient to show Scientific Games' monthly and quarterly manufacturing volume for PlayCentral Kiosk and the location of such manufacturing from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 52:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 53:**

All documents concerning customer surveys concerning PlayCentral Kiosk.

**RESPONSE TO REQUEST NO. 53:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

24

**REQUEST NO. 54:**

All business plans concerning PlayCentral Kiosk.

**RESPONSE TO REQUEST NO. 54:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 55:**

All documents concerning the marketing of goods and services sold in conjunction with or incident to a sale of PlayCentral Kiosk in the United States, including marketing studies, marketing forecasts, marketing plans, sales training materials, and communications to or from sales personnel.

**RESPONSE TO REQUEST NO. 55:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 56:**

Documents sufficient to show the price paid by customers for goods and services sold in conjunction with or incident to a sale of PlayCentral Kiosk in the United States.

**RESPONSE TO REQUEST NO. 56:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 57:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for goods and services sold in conjunction with or incident to a sale of PlayCentral Kiosk sold to entities in the United States from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 57:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 58:**

Documents sufficient to show Scientific Games' profit margins for sales of goods and services sold in conjunction with or incident to sales of PlayCentral Kiosks from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 58:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 59:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for Scientific Games' TVM sold to entities in the United States from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 59:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

26

calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 60:**

Documents sufficient to show Scientific Games' profit margins for sales of Scientific Games' TVM from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 60:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 61:**

Documents sufficient to show Scientific Games' monthly and quarterly manufacturing volume for Scientific Games' TVM and the location of such manufacturing from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 61:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 62:**

All documents concerning customer surveys concerning Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 62:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 63:**

All business plans concerning Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 63:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 64:**

All documents concerning the marketing of goods and services sold in conjunction with or incident to a sale of Scientific Games' TVM in the United States, including marketing studies, marketing forecasts, marketing plans, sales training materials, and communications to or from sales personnel.

**RESPONSE TO REQUEST NO. 64:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 65:**

Documents sufficient to show the price paid by customers for goods and services sold in conjunction with or incident to a sale of Scientific Games' TVM in the United States.

**RESPONSE TO REQUEST NO. 65:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 66:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for goods and services sold in conjunction with or incident to a sale of Scientific Games' TVM sold to entities in the United States from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 66:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

29

**REQUEST NO. 67:**

Documents sufficient to show Scientific Games' profit margins for sales of goods and services sold in conjunction with or incident to sales of Scientific Games' TVM from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 67:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 68:**

All documents concerning Scientific Games' factual basis for asserting that the Patents-in-Suit are invalid under 35 U.S.C. § 102.

**RESPONSE TO REQUEST NO. 68:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 69:**

All documents concerning Scientific Games' factual basis for asserting that the Patents-in-Suit are invalid under 35 U.S.C. § 103.

**RESPONSE TO REQUEST NO. 69:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or

immunity.    Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

## REQUEST NO. 70:

All documents concerning Scientific Games' factual basis for asserting that the Patents-in-Suit are invalid under 35 U.S.C. § 112.

## RESPONSE TO REQUEST NO. 70:

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.    Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

## REQUEST NO. 71:

All documents concerning any patent or patent application concerning Scientific Games' TVMs.

## RESPONSE TO REQUEST NO. 71:

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity.  Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 72:

All documents concerning any patent or patent application concerning the PlayCentral Kiosk.

**RESPONSE TO REQUEST NO. 72:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning issued patents.

**REQUEST NO. 73:**

All documents and things requested to be identified in response to Plaintiff GTECH Corporation's First Set of Interrogatories to Scientific Games.

**RESPONSE TO REQUEST NO. 73:**

Subject to the General Objections, Scientific Games will produce nonprivileged documents identified in response to plaintiff's First Set of Interrogatories.

**REQUEST NO. 74:**

All documents identified in response to Plaintiff GTECH Corporation's First Set of Interrogatories to Scientific Games.

**RESPONSE TO REQUEST NO. 74:**

Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 75:**

All documents and things that Scientific Games will rely on at trial or in any hearing or motion in this proceeding.

**RESPONSE TO REQUEST NO. 75:**

Scientific Games objects to this request as premature. Subject to this and the General Objections, Scientific Games states that it will produce nonprivileged documents and things responsive to this request at such time as Scientific Games determines what documents and things it will rely on at trial or in any hearing or motion.

**REQUEST NO. 76:**

All documents concerning Scientific Games' acquisition of IGT Online Entertainment Systems, Inc. that also concern Scientific Games' TVMs or the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 76:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk or the patents in suit.

**REQUEST NO. 77:**

All documents concerning any litigation, arbitration, interference, opposition proceeding, or other legal proceedings concerning Scientific Games' TVMs.

**RESPONSE TO REQUEST NO. 77:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 78:**

All documents and things concerning Louis P. Menna, Instant Technologies, Inc., or PMV Products, Inc.

**RESPONSE TO REQUEST NO. 78:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 79:**

All documents and things concerning Scientific Games' TVMs which also concern Interlott, On-Point or GTECH.

**RESPONSE TO REQUEST NO. 79:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 80:**

All documents concerning this lawsuit, including press releases, letters to customers, internal statements, litigation cost analysis, presentations to or minutes of the Scientific Games Board of Directors.

**RESPONSE TO REQUEST NO. 80:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably

34

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 81:**

All documents concerning Mr. Nolan Bushnell or Uwink, Inc. which also concern TVMs, Scientific Games' TVM products, the Patents-in-Suit, Interlott, On-Point, or GTECH.

**RESPONSE TO REQUEST NO. 81:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.

MORRIS, NICHOLS, ARSHT & TUNNELL

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
    Attorneys for Defendants Scientific Games
    International, Inc., Scientific Games Holdings
    Corporation, Scientific Games Finance
    Corporation and Scientific Games Corporation

October 4, 2004
425186

35

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were caused to be served this 4th day of October 2004 upon the following in the manner indicated:

### BY HAND

Josy W. Ingersoll, Esquire
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

### BY FEDERAL EXPRESS

Thomas J. Meloro, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004

Rodger D. Smith II

# EXHIBIT M

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH
302 575 7205
302 498 6209 FAX
rsmith@mnat.com

April 15, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

> Re:   GTECH Corp. v. Scientific Games International, Inc., et al.,
> C.A. No. 04-138-JJF

Dear Larissa:

I am writing in response to your March 24, 2005 letter in which you belatedly complain about the supposed "deficiencies" in Scientific Games' responses to GTECH's interrogatories and document requests, which were served on GTECH on October 4, 2004, nearly six months earlier.

### Interrogatory Responses

*General Objection No. 3.* Scientific Games has conducted a reasonable search and produced responsive documents and information in its possession, custody and control concerning the development and deployment of the PlayCentral Kiosk.

*General Objection No. 7.* No documents or information have been withheld based on third-party confidentiality agreements.

*Interrogatory No. 1.* Scientific Games does not agree with your statements about the requirements of Rule 33(d). Nevertheless, Scientific Games will agree to supplement its response to Interrogatory No. 1 on April 29, 2005.

*Interrogatories Nos. 2, 3, 6, 7 & 8.* Notwithstanding your protestations to the contrary, GTECH's interrogatory responses suffer from numerous glaring deficiencies, as

Larissa A. Soccoli, Esquire
April 15, 2005
Page 2

detailed in my August 30, 2004 and September 28, 2004 letters to Tom Meloro. For example, nowhere in those responses does GTECH identify "where each element of the asserted claims are found in the accused product" (as you now suggest). Moreover, despite having been made aware of these deficiencies almost eight months ago, GTECH has failed to supplement its responses to provide meaningful contentions. Nevertheless, Scientific Games intends to supplement its interrogatory responses on April 29, 2005.

>*Interrogatory No. 4.* If Scientific Games acquires additional information responsive to Interrogatory No. 4, Scientific Games will supplement its response as appropriate.

>*Interrogatory No. 5* Scientific Games will serve a supplemental response to Interrogatory No. 5 on April 15, 2005.

>*Interrogatory No. 10.* Scientific Games does not intend to supplement its response to Interrogatory No. 10. It is our understanding that Scientific Games' relationship with Mr. Bushnell and uWink has nothing to do with the patents in suit or the PlayCentral Kiosk.


### Document Request Responses

>*General Objection No. 1.* Scientific Games has conducted a reasonable search and produced responsive documents and information in its possession, custody and control concerning the development and deployment of the PlayCentral Kiosk.

>*General Objection No. 6.* No documents or information have been withheld based on third-party confidentiality agreements.

>*General Objection No. 7.* Scientific Games does not intend to produce documents concerning pending patent applications, and does not intend to list those documents on its privilege log.

>*Document Request No. 3.* As I discussed with Tom Meloro on March 11, 2005, Scientific Games has produced responsive documents concerning the prosecution, licensing, acquisition and evaluation of the patents identified in Document Request No. 3 to the extent such documents have been located following a reasonable search.

>*Document Requests Nos. 9 & 10.* Scientific Games has produced documents responsive to subparts (b), (c) and (d) concerning the PlayCentral Kiosk to the extent such documents have been located following a reasonable search. Subpart (a) relates to the process for manufacturing the PlayCentral Kiosk, which is irrelevant to this litigation.

>*Document Requests Nos. 11 & 12.* Scientific Games has produced documents concerning testing of the PlayCentral Kiosk to the extent such documents have been located following a reasonable search.

Larissa A. Soccoli, Esquire
April 15, 2005
Page 3


    *Document Requests Nos. 19, 25 & 72.*  Scientific Games has produced responsive nonprivileged documents concerning issued patents related to the PlayCentral Kiosk, and has listed privileged documents on its privilege log concerning those patents. Scientific Games does not intend to produce documents concerning pending patent applications, and does not intend to list those documents on its privilege log.

    *Document Requests Nos. 23 & 24.*  These requests are vastly overbroad and duplicative of GTECH's other requests.  To the extent these requests seek relevant documents, Scientific Games has produced those documents in response to GTECH's other requests.

    *Document Request No. 26.*  Scientific Games has produced documents sufficient to determine which entities are owned or controlled by Scientific Games, and documents sufficient to understand the relationships between and among the named defendants.  Scientific Games does not intend to make any further production in response to this request.

    *Document Requests Nos. 32-39, 41 & 42.*  Scientific Games has produced responsive documents concerning the patents in suit.  The foreign counterparts and other "related" patents are not at issue in this litigation.

    *Document Request No. 45.*  Scientific Games has produced documents responsive to subparts (a), (b) and (c) concerning the PlayCentral Kiosk.  Subpart (d) is vague, ambiguous, overbroad and unduly burdensome insofar as it seeks "[a]ll documents concerning . . . any follow-up activity concerning any of the above business activities . . . ."

    *Document Request No. 48 & 79.*  Scientific Games has produced responsive documents concerning ITVM's sold or distributed by GTECH, Interlott and/or On-Point.

    *Document Request No. 53.*  Scientific Games has produced responsive documents concerning customer surveys involving PlayCentral Kiosk.

    *Document Request No. 78.*  Scientific Games has produced responsive documents concerning Louis Menna, Instant Technologies and PMV Products to the extent such documents have been located following a reasonable search.

Larissa A. Soccoli, Esquire
April 15, 2005
Page 4


      *Document Request No. 81.*  It is our understanding that Scientific Games' relationship with Mr. Bushnell and uWink has nothing to do with the patents in suit or the PlayCentral Kiosk.


                    Sincerely,

                    Rodger D. Smith

RDS/dal

460569

*78*

## MORRIS, NICHOLS, ARSHT & TUNNELL

**1201 N. Market Street**
**P.O. Box 1347**
**Wilmington, DE  19899-1347**
**(302) 658-9200**
**Fax (302) 658-3989**

### FAX COVER SHEET

DATE: 04/15/2005

TIME:

PAGE: 1 OF *5*

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME:     Larissa A. Soccoli. Esquire

LOCATION: Kenyon & Kenyon

PHONE:    (212) 908-6019          FAX:   (212) 425-5288

FROM:     Rodger D. Smith

PHONE:    (302) 575-7205

MESSAGE:

**The documents accompanying this sheet may contain information that is
confidential or that is privileged.  If you are not the intended recipient of
these documents, please note that the dissemination, distribution, use or
copying of these documents is strictly prohibited.  If you believe that you
may have received these documents in error, please call (302) 575-7332.**

If you do not receive all the pages, <u>please call back as soon as possible</u>.

MATTER NO.: 51141

# EXHIBIT N

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH
302 575 7205
302 498 6209 FAX
rsmith@mnat.com

April 22, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

      Re:   GTECH Corp. v. Scientific Games International, Inc., et al.,
           C.A. No. 04-138-JJF

Dear Larissa:

      I am writing concerning the documents identified in the attachment to my March 17, 2005 letter. Although some of the files may be "opened" using Microsoft Wordpad (as stated in your April 15 letter), it is impossible to read the files or make any sense of them using Microsoft Wordpad. Consequently, please provide us as soon as possible with new versions of the files identified in the attachment to my March 17 letter -- files which can be read and understood using standard, off-the-shelf software programs -- or we intend to raise this issue with the Court.

      Sincerely,

      Rodger D. Smith

461655

# Morris, Nichols, Arsht & Tunnell

**1201 N. Market Street**
**P.O. Box 1347**
**Wilmington, DE 19899-1347**
**(302) 658-9200**
**Fax (302) 658-3989**

## FAX COVER SHEET

DATE: 04/22/2005

TIME:

PAGE: 1 OF 2

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME:     Larissa A. Soccoli, Esquire

LOCATION: Kenyon & Kenyon

PHONE:    (212) 908-6019        FAX:   (212) 425-5288

FROM:     Rodger D. Smith

PHONE:    (302) 575-7205

MESSAGE:

---

**The documents accompanying this sheet may contain information that is confidential or that is privileged. If you are not the intended recipient of these documents, please note that the dissemination, distribution, use or copying of these documents is strictly prohibited. If you believe that you may have received these documents in error, please call (302) 575-7332.**

---

If you do not receive all the pages, please call back as soon as possible.

MATTER NO.: 51141

## Rodriguez, Jeannie

| | |
|---|---|
| **From:** | Soccoli, Larissa |
| **Sent:** | Friday, April 22, 2005 11:13 AM |
| **To:** | Rodriguez, Jeannie |
| **Subject:** | FW: Nealon Deposition |

12406 / 104

---

**From:** Soccoli, Larissa
**Sent:** Friday, April 22, 2005 11:12 AM
**To:** 'Rodger D. Smith'
**Subject:** Nealon Deposition

Rodger,

This confirms that Mr. Nealon's deposition will go forward on May 18th at Kenyon and Kenyon's New York offices.

Larissa

Larissa A. Soccoli, Esq. | KENYON & KENYON | One Broadway | New York, NY 10004 | Phone (212) 908-6449 | Fax (212) 425-5288 | lsoccoli@kenyon.com

*This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or authorized to deliver this message to the intended recipient(s), you are notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer and destroy any copies.*

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH
302 575 7205
302 498 6209 FAX
rsmith@mnat.com

April 22, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

> Re: GTECH Corp. v. Scientific Games International, Inc., et al.,
> C.A. No. 04-138-JJF

Dear Larissa:

I am writing in response to your April 19 and 20, 2005 letters.

As stated in my April 15, 2005 letter (and during my telephone conference with Tom Meloro on March 11, 2005), Scientific Games conducted a reasonable search and produced responsive documents and information in its possession, custody and control concerning the development and deployment of the PlayCentral Kiosk. It is our understanding that Autotote and Online Entertainment Systems were not involved in the development or deployment of the PlayCentral Kiosk. If you are aware of information to the contrary, please let us know.

I do not understand the basis for the statement in your April 20 letter that "Scientific Games claims it has produced documents . . . in response to GTECH's requests for software and related documentation for the PlayCentral, [and] software used to store, manage or download graphics to the PlayCentral . . . ." My April 15 letter says nothing remotely close to that. We have not produced software or related documentation concerning the PlayCentral Kiosk, and do not see the relevance of such materials to the issues in this litigation. Please explain why GTECH believes such materials are relevant to this litigation.

Larissa A. Soccoli, Esquire
April 22, 2005
Page 2

          With respect to the design documents for the burster used in the PlayCentral Kiosk,
Scientific Games has produced or will produce any such documents in its possession, custody or
control.

                              Sincerely,

                              Rodger D. Smith

461662

# MORRIS, NICHOLS, ARSHT & TUNNELL

**1201 N. Market Street**
**P.O. Box 1347**
**Wilmington, DE 19899-1347**
**(302) 658-9200**
**Fax (302) 658-3989**

*dist 124061 /104*
*66*

## FAX COVER SHEET

DATE: 04/22/2005
TIME:
PAGE: 1 OF 3

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME:     Larissa A. Soccoli, Esquire
LOCATION: Kenyon & Kenyon
PHONE:    (212) 908-6019          FAX:   (212) 425-5288

FROM:     Rodger D. Smith
PHONE:    (302) 575-7205
MESSAGE:

**The documents accompanying this sheet may contain information that is
confidential or that is privileged. If you are not the intended recipient of
these documents, please note that the dissemination, distribution, use or
copying of these documents is strictly prohibited. If you believe that you
may have received these documents in error, please call (302) 575-7332.**

If you do not receive all the pages, <u>please call back as soon as possible</u>.
MATTER NO.: 51141



**KENYON & KENYON**
Intellectual Property Law

**Larissa A. Soccoli**
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 21, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

**Re:**  ***GTECH Corp. v. Scientific Games International, Inc., et al.
(D. Del. C.A. No. 04-138-JJF)***

Dear Rodger:

Thank you for your prompt response to our inquiry concerning Mr. Gilmore's documents. Since the documents for Mr. Gilmore and Mr. Colluci were produced with Scientific Games' bates number prefix, please advise us of the bates range for the documents produced from Mr. Gilmore and Mr. Colluci's files, respectively.

Sincerely,

Larissa A. Soccoli



## KENYON & KENYON
Intellectual Property Law

One Broadway
New York, NY 10004-1050
212.425.7200
Fax 212.425.5288

## Fax Transmission

| | | | |
|---|---|---|---|
| From: | **Larissa A. Soccoli** | Date: | April 21, 2005 |
| Direct Dial: | 212.908.6449 | Fax: | 212.425.5288 |
| Client/Matter: | 12406/104 | Total number of pages: (including cover) | 2 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|---|---|---|---|
| **Rodger D. Smith** | **Morris Nichols Arsht & Tunnell** | **302-658-3989** | **302-658-9200** |

Message:

☒ Original will not follow   ☐ Original will follow by   ☐ Regular Mail   ☐ Overnight Delivery   ☐ Hand Delivery

The information contained in this facsimile transmission, including any attachments, is subject to the attorney-client privilege, the attorney work product privilege or is confidential information intended only for the use of the named recipient. If the reader of this Notice is not the intended recipient or the employee or agent responsible for delivering this transmission to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, so that we may arrange for its return or destruction at our cost. Thank you.

New York   Washington, DC   Silicon Valley   www.kenyon.com

# EXHIBIT O

1

1          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
2

3

4

5   GTECH CORPORATION,                  )
                                        )
6                   Plaintiff,          )
                                        )
7            vs.                        )   CIVIL ACTION
                                        )     FILE NO.:
8                                       )     04-0138
    SCIENTIFIC GAMES INTERNATIONAL,     )
9   INC., SCIENTIFIC GAMES HOLDING      )
    CORPORATION; SCIENTIFIC GAMES       )
10  FINANCE CORPORATION; and            )
    SCIENTIFIC GAMES CORPORATION,       )
11                                      )
                    Defendants.         )
12

13                        - - -

14

15          Videotaped Deposition of MARK J. GILMORE,

16      taken on behalf of the Plaintiff, pursuant to

17      the stipulations agreed to herein, before

18      Steve S. Huseby, Registered Professional

19      Reporter and Notary Public, at Jones Day, 1420

20      Peachtree Street, Suite 800, Atlanta, Georgia,

21      on the 26th day of April, 2005, commencing at

22      the hour of 9:33 a.m.

23

24

25

2

```
1                         INDEX

2
    EXAMINATION
3   BY MS. SOCCOLI                    4

4   EXAMINATION
    BY MR. SMITH                      173
5
    FURTHER EXAMINATION
6   BY MS. SOCCOLI                    175

7   FURTHER EXAMINATION
    BY MR. SMITH                      178
8
    Plaintiff's Exhibit 1                  5
9   Plaintiff's Exhibit 2                  11
    Plaintiff's Exhibit 3                  12
10  Plaintiff's Exhibit 4                  14
    Plaintiff's Exhibit 5                  41
11  Plaintiff's Exhibit 6                  45
    Plaintiff's Exhibit 6   (re-marked)    56
12  Plaintiff's Exhibit 7                  101
    Plaintiff's Exhibit 8                  147
13  Plaintiff's Exhibit 9                  151
    Plaintiff's Exhibit 10                 154
14  Plaintiff's Exhibit 11                 156
    Plaintiff's Exhibit 12                 158
15  Plaintiff's Exhibit 13                 161
    Plaintiff's Exhibit 14                 163
16  Plaintiff's Exhibit 15                 165
    Plaintiff's Exhibit 16                 167
17  Plaintiff's Exhibit 17                 175
    Plaintiff's Exhibit 18                 176
18

19

20

21

22

23

24

25
```

3

```
 1    APPEARANCES OF COUNSEL:

 2        On Behalf of the Plaintiff:

 3            LARISSA A. SOCCOLI, Esq.
              AMY G. FEINSILVER, Esq.
 4            Kenyon & Kenyon
              One Broadway
 5            New York, NY 10004-1050
              (212) 425-7200
 6            lsoccoli@kenyon.com

 7

          On Behalf of the Defendants:
 8
              RODGER D. SMITH, Esq.
 9            Morris, Nichols, Arsht & Tunnell
              1201 North Market Street
10            Wilmington, Delaware 19899-1347
              (302) 575-7205
11            rsmith@mnat.com

12                        - - -

13

14            THE VIDEOGRAPHER:  Good morning,
```

09:33   15   ladies and gentlemen.  It's April 26, 2005.

```
16   It's 9:33 a.m.  We're in Atlanta, Georgia.

17   This is the deposition of Mark J. Gilmore.

18   The case is GTECH Corporation, plaintiff,

19   versus Scientific Games International Inc.,
```

09:33   20   Scientific Games Holdings Corporation,

```
21   Scientific Games Finance Corporation, and

22   Scientific Games Corporation, defendants,

23   Civil Action Number 04-0138, United States

24   District Court for the District of Delaware.
```

09:34   25       Would the attorneys please introduce

86

1

2

3

4

11:30    5

6          **REDACTED**

7

8

9

11:30   10

11

12

13

14

11:30   15          MS. SOCCOLI:  Rodger, we have not

16   received the source code and CAD drawings for

17   the mechanism, and I to date haven't gotten a

18   clear understanding of whether they have been

19   searched for or not, but we haven't received

11:30   20   them.  And the source code at least is the

21   subject of a pending motion.  So again, we

22   would restate our request for the documents.

23          MR. SMITH:  As to the source

24   code, we will be filing a response to your

11:31   25   motion in due course.  As to the CAD drawings,

87

1    as I indicated this morning, to the extent the

2    company has CAD drawings for the mechanism,

3    they have been produced to you as an

4    electronic file today, should arrive at your

11:31    5    offices today.

6

7

8

9

11:31    10

11

12

13

14

11:32    15    **REDACTED**

16

17

18

19

11:32    20

21

22

23

24

11:32    25

# EXHIBIT P

1

```
 1        IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
 2

 3

 4

 5   GTECH CORPORATION,                )
                                       )
 6                   Plaintiff,        )
                                       )
 7           vs.                       )   CIVIL ACTION
                                       )    FILE NO.:
 8                                     )    04-0138
     SCIENTIFIC GAMES INTERNATIONAL,   )
 9   INC., SCIENTIFIC GAMES HOLDINGS   )
     CORPORATION; SCIENTIFIC GAMES     )
10   FINANCE CORPORATION; and          )
     SCIENTIFIC GAMES CORPORATION,     )
11                                     )
                     Defendants.       )
12

13                       - - -

14

15        Videotaped Deposition of ANTHONY

16   BARTOLONE, taken on behalf of the Plaintiff,

17   pursuant to the stipulations agreed to herein,

18   before Steve S. Huseby, Registered

19   Professional Reporter and Notary Public, at

20   Jones Day, 1420 Peachtree Street, Suite 800,

21   Atlanta, Georgia, on the 27th day of April,

22   2005, commencing at the hour of 9:33 a.m.

23

24

25
```

2

```
1                          INDEX

2

3    EXAMINATION                          4
     BY MS. FEINSILVER
4    EXAMINATION                          164
     BY MR. SMITH
5

6
     Plaintiff's Exhibit 1               9
7    Plaintiff's Exhibit 2               10
     Plaintiff's Exhibit 3               10
8    Plaintiff's Exhibit 4               11
     Plaintiff's Exhibit 5               11
9    Plaintiff's Exhibit 6               12
     Plaintiff's Exhibit 7               13
10   Plaintiff's Exhibit 8               27
     Plaintiff's Exhibit 9               64
11   Plaintiff's Exhibit 10              78
     Plaintiff's Exhibit 11              87
12   Plaintiff's Exhibit 12              97
     Plaintiff's Exhibit 13             100
13   Plaintiff's Exhibit 14             118
     Plaintiff's Exhibit 15             126
14   Plaintiff's Exhibit 16             127
     Plaintiff's Exhibit 17             128
15   Plaintiff's Exhibit 18             133
     Plaintiff's Exhibit 19             137
16   Plaintiff's Exhibit 20             139
     Plaintiff's Exhibit 21             141
17   Plaintiff's Exhibit 22             143

18

19

20

21

22

23

24

25
```

3

```
 1    APPEARANCES OF COUNSEL:

 2        On Behalf of the Plaintiff:

 3            LARISSA A. SOCCOLI, Esq.
              AMY G. FEINSILVER, Esq.
 4            Kenyon & Kenyon
              One Broadway
 5            New York, NY 10004-1050
              (212) 425-7200
 6            lsoccoli@kenyon.com

 7
          On Behalf of the Defendants:
 8
              RODGER D. SMITH, Esq.
 9            Morris, Nichols, Arsht & Tunnell
              1201 North Market Street
10            Wilmington, Delaware 19899-1347
              (302) 575-7205
11            rsmith@mnat.com

12
                        - - -
13

14

15            THE VIDEOGRAPHER:  Good morning,

16    ladies and gentlemen.  It's April 27th, 2005.

17    It's 9:33 a.m.  We're in Atlanta, Georgia.

18    This is the deposition of Anthony Bartolone.

19    The case is GTECH Corporation, plaintiff,

20    versus Scientific Games International Inc.,

21    Scientific Games Holdings Corporation,

22    Scientific Games Finance Corporation and

23    Scientific Games Corporation, defendants,

24    Civil Action Number 04-0138, in the United

25    States District Court for the District of
```

95

1          MS. FEINSILVER:  Rodger, to the

2     extent that we don't have these CAD database

3     files --

4          MR. SMITH:  you got them.

12:13  5          MS. SOCCOLI:  We got them in New

6     York last night and we're clearly here in

7     Atlanta, which didn't help us much for this

8     deposition today or the one yesterday.

9          MS. FEINSILVER:  So therefore, we

12:14  10    would like to keep this deposition open so

11    that --

12         MR. SMITH:  Counsel, I would

13    appreciate it if we have one person speaking

14    on behalf of GTECH at this deposition.  The

12:14  15    CAD files have been produced to you.  You may

16    not like the timing of it.  We can take that

17    up another time and place.  The CAD files have

18    been produced to you.  There are no additional

19    CAD files that will be produced to you.

12:14  20         MS. FEINSILVER:  We can take this

21    up at another time but we will leave this

22    deposition open so that we can speak to

23    Mr. Bartolone again if we find questions that

24    we need to ask him about those CAD drawings

12:14  25    that were produced late last night.