# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GTECH CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., )<br>SCIENTIFIC GAMES HOLDINGS )<br>CORPORATION, SCIENTIFIC GAMES )<br>FINANCE CORPORATION, and SCIENTIFIC )<br>GAMES CORPORATION, )<br><br>Defendants. ) | Civil Action No. 04-138-JJF |

## GTECH'S OPPOSITION TO DEFENDANTS'
## MOTION TO PRECLUDE PLAINTIFF
## FROM RELYING ON UNDISCLOSED CONTENTIONS

Dated: May 11, 2005

Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
jingersoll@ycst.com

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Defendants' motion here, in and of itself, shows that Defendants are not really interested in obtaining the discovery at issue. Under the guise of a "discovery" motion, Defendants do not seek more detailed contentions but instead seek an inappropriate and severe sanction -- an order limiting GTECH's evidence and arguments at trial. This motion should be denied for several reasons.

First, Defendants refused to "meet and confer" prior to filing this motion. In fact, Defendants filed this motion only one day after writing a letter raising the issue for the first time. In response to that letter, GTECH promptly informed Defendants that it would provide supplemental contention interrogatory responses once Defendants produced (as they had previously agreed to do) certain specifically-requested documents that are critical to and needed for those contentions. GTECH sought to "meet and confer" with Defendants to discuss the specifics of Defendants' complaints and GTECH's supplementation, in an effort resolve this issue without the need for Court intervention. Defendants summarily refused.

Second, given the stage of the case and the discovery provided, GTECH's contention interrogatory responses have been sufficient and proper. For example, contrary to Scientific Games' assertions otherwise, GTECH's responses on infringement provided claim charts with citations to specific documents that Defendants had produced. GTECH's damages responses advised Defendants that GTECH was seeking damages equal to not less than a reasonable royalty including lost profits. Discovery is ongoing, Rule 30(b)(6) depositions have not yet occurred, and the first expert report is not due until five weeks from now. Moreover, as GTECH has repeatedly informed Defendants, Defendants have yet to produce documents that are critical to GTECH's contentions. For example, over eight months ago, GTECH served document requests calling for design drawings of the accused ticket dispensing mechanism; GTECH made numerous follow-up requests for them and informed Defendants that they were needed for the contention interrogatory responses; however, Defendants inexplicably withheld those documents until *after* Defendants filed this motion, producing some of them for the first time just days ago. Defendants also just days ago provided critical sales information pertinent to damages.

1

Third, GTECH is willing to supplement its responses when the necessary documents and information have been produced and as discovery progresses. This supplementation does not in any way prejudice Defendants.

I.    **Defendants' Refusal to "Meet and Confer" in Good Faith is Alone Grounds for Denial of This Motion.**

Defendants misrepresent GTECH's contention interrogatory responses to this Court, stating that GTECH "refused to provide substantive infringement contentions." (*Defendants' Motion* (D.I. 64) at 3). To the contrary, GTECH's infringement responses specifically identify claims that are asserted, identify Defendants' documents that had been produced as of that time, and provide claim charts identifying corresponding documents that evidence how the claim limitations are met. (*See* Ex. B to *Defendants' Motion* at 4-7.)

In order to show in more detail the correspondence between the claim limitations and Defendants' machines, GTECH has repeatedly requested Defendants' documents showing the details of the machines and, in particular, of the ticket dispensing mechanism and its "burster" mechanism. GTECH made no less than eight written and oral requests for these key documents just in the last five weeks. (*See* Ex. A, Letter from L. Soccoli of 3/24/05; *see also* Ex. B, Letter from L. Soccoli of 4/1/05; Ex. C, Letter from L. Soccoli of 4/12/05, Ex. D, Letter from L. Soccoli of 4/20/05, Ex. E, Letter from L. Soccoli of 4/22/05, Ex. F, 4/26/05 tr. at 86-7; Ex. G, 4/27/05 tr. at 95; Ex. H, Letter from L. Soccoli of 5/3/05; Ex. I, Letter from L. Soccoli of 5/4/05.)

In response, Defendants repeatedly represented that these documents would be produced. (*See, e.g.*, Ex. J, Letter from R. Smith of 4/22/05; Ex. K, Letter from R. Smith of 5/4/05.) However, despite GTECH's repeated requests, Defendants did not produce them by the April 29, 2005 date for supplemental contentions. GTECH then wrote:

> The core problem with respect to GTECH's ability to provide greater detail regarding the infringement analysis is that, despite GTECH's repeated requests, Scientific Games has continued to withhold even the most basic documents and design drawings showing the details of the accused machines. . . . [The documents provided thus far] do not provide the type of detail that is available in Scientific Games' machine design

2

documents, such as, for example, details on the relative motion between the tickets and the separator member, details on the operation of the sensors which detect ticket position and the structure of the separating mechanism, all of which are pertinent to the infringement analysis.

Once Scientific Games produces the detailed documents regarding the accused machines, *we would be willing to provide a more detailed infringement analysis. . . . We are available for a "meet and confer" to discuss an appropriate timetable on this.*

(*See* Ex. L, Letter from L. Soccoli of 5/4/05 (emphasis added); *see also* Ex. M, Letter from L. Soccoli of 5/6/05.)

In response to GTECH's offer, Defendants refused to "meet and confer." (*See* Ex. N, Letter from R. Smith of 5/4/05). Instead, Defendants filed this motion, not seeking interrogatory answers, but instead seeking an extreme sanction, i.e., to limit GTECH's evidence and arguments at trial to the responses that GTECH had served, even though Defendants deprived GTECH of full and fair document discovery in advance of the date of those responses. There is simply no basis for the relief Defendants are seeking, but, even without reaching the merits, Defendants' motion should be denied for Defendants' flagrant violation of the "meet and confer" obligations. Fed. R. Civ. P. 37(a)(2)(B) *requires* that a motion to compel interrogatory answers "include a certification that the movant has in good faith conferred or attempted to confer" with the non-movant, which Defendants did not do. *See Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.,* 339 F.3d 180, 182, 186 (3d Cir. 2003). Defendants' refusal to properly "meet and confer" has caused "unnecessary court intervention, needless expense and fees for clients, and protracted legal proceedings." *Id.* This alone is grounds for denial of this motion.

## II.    Defendants' Withholding of Critical Documents Deprived GTECH of the Ability to Provide the Further Detail About Which Defendants Now Complain.

Despite GTECH's repeated requests for the critical ticket dispenser documents, Defendants withheld those documents through the April 29, 2005 date for contention interrogatory supplementation, thereby depriving GTECH of the ability to provide the detailed

infringement responses about which Defendants now complain.[1]  With full knowledge that GTECH agreed to supplement contentions once the drawings were provided, Defendants filed this motion on May 4, 2005, and then produced some of the critical documents for the first time on May 7, 2005.  Defendants' withholding of those documents until just after filing of this motion demonstrates that Defendants are not really interested in the contention interrogatory answers, but instead seek to prejudice GTECH through an inappropriate request for preclusion.[2]

### III.    Defendants' Production of Documents After April 29, 2005, Justifies GTECH's Supplementation, and Such Supplementation Does Not Prejudice Defendants.

GTECH has offered to, and is agreeable to, supplement its contention responses within a reasonable time after receipt of the discovery needed from Defendants.  Such supplementation does not prejudice Defendants, as discovery is ongoing, and the first expert report is not even due until five weeks from now.  In fact, Defendants' late production of documents and information (*see, e.g.*, note 2 and D.I. 65) has prejudiced GTECH, as GTECH has already proceeded with depositions of Defendants' witnesses without the benefit of these documents.

---

[1]     The details of Defendants' gamesmanship concerning these documents is set forth in GTECH's pending motion to compel filed on May 5, 2005. (D.I. 65).  GTECH is still reviewing the documents produced May 7, 2005 by Defendants (over 1700 computer files and electronic drawings, most of which are unrelated to the ticket dispensing mechanism).  If, upon GTECH's full review of the files received, the needed documents are found to have been produced, GTECH will withdraw its pending motion.

[2]     The same situation exists with regard to GTECH's damages contentions.  For example, Defendants failed to produce reports reflecting the number of burster mechanisms actually deployed, although two witnesses have already testified they receive such reports.  Defendants also have failed to produce data reflecting the number of accused machines under contract, built and installed, as well as the locations of installation, although a witness has testified that such data exists.  Tellingly, Defendants just provided a supplemental response to GTECH's Interrogatory No. 1 on May 9, 2005 (*see* Ex. O), providing certain details about the number of accused products manufactured and installed.  However, the underlying documentation has not been produced.  Furthermore, what Defendants are seeking here, particularly with regard to damages, is a preview of GTECH's expert report(s).  GTECH has already advised Defendants of its damages theories. (*See* Ex. L; Ex. P).  Upon receipt of full financial discovery necessary with regard to damages issues, GTECH is agreeable to supplementing those responses.  Further, GTECH'S damages contentions will be supported by analysis in expert report(s), under the agreed upon schedule.

63055.1001

## CONCLUSION

Based on the foregoing, Defendants' *Motion To Preclude Plaintiff From Relying On Undisclosed Contentions* should be denied.

YOUNG, CONAWAY, STARGATT
& TAYLOR

Dated: May 11, 2005                    By: _____

Josy W. Ingersoll (#1088)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19889
(302) 571-6600
jingersoll@ycst.com
Attorneys for Plaintiff
GTECH Corporation

OF COUNSEL
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

WP3:1111406.1                                                                          63055.1001

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on May 11, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> Wilmington, DE 19801

I further certify that on May 11, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

Attorneys for GTECH Corporation