IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>Defendants. | C.A. No. 04-138-JJF |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RE: "BURSTER" DESIGN DOCUMENTS**

Defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") oppose plaintiff GTECH Corporation's ("GTECH") motion to compel production of Scientific Games' "burster" design documents. Scientific Games has produced its design documents concerning the "burster" mechanism used in the accused PlayCentral Kiosk. GTECH's motion should be denied as moot.

1. Scientific Games has produced over 107,000 pages of documents in this litigation, including innumerable documents concerning its "burster." GTECH has also deposed Scientific Games' witnesses concerning the operation of the "burster" in the accused PlayCentral Kiosk. The only "burster" design documents that had not been produced until recently were the electronic CAD ("computer aided design") files for the "burster." Scientific Games produced its other documents concerning the "burster" months ago.

2.

2. Scientific Games believed it had produced all the electronic CAD files for the accused PlayCentral Kiosk on April 26, 2005. After GTECH indicated that it could not locate the CAD files for the burster among the files produced by Scientific Games, Scientific Games told GTECH on May 4, 2005, that the CAD files for the "burster" may have been inadvertently omitted from the April 26 production (GTECH Ex. I). Scientific Games agreed to produce those files, and told GTECH that there was "no reason . . . why this matter needs to be raised with the Court" (*id.*).

3. Without further communication or discussion with Scientific Games, the next day, GTECH filed its motion (D.I. 65). GTECH did not include the required Rule 7.1.1 Certification with its motion, indicating that the subject matter of the motion could not be resolved between the parties. Indeed, it had been resolved.

4. Two days later, on May 7, 2005, after determining that the "burster" CAD files had been inadvertently omitted from the April 26 production, Scientific Games produced another CD that contained not only the CAD files for the "burster," but all the CAD files for the accused PlayCentral Kiosk (Ex. A).

5. GTECH is now attempting to use the inadvertent mix-up concerning the CAD files to excuse its failure to provide meaningful responses to contention interrogatories before the Court-ordered April 29, 2005 deadline (D.I. 71). At the same time, GTECH argues that its contention interrogatory responses are "sufficient and proper," and suggests that they included "citations to specific documents that Defendants had produced" (*id.* at 1). In fact, GTECH's interrogatory responses do not contain a single citation to any documents produced by defendants (D.I. 64, Exs. B & H). How could they? GTECH responded to Scientific Games'

3.

contention interrogatories on August 18, 2004 (D.I. 64, Ex. B). GTECH did not even bother to serve its document requests in this case until August 27, 2004 (Ex. B).

6. GTECH has also suggested that Scientific Games failed to meet-and-confer concerning GTECH's inadequate interrogatory responses (D.I. 71 at 2-3). In fact, Scientific Games raised the deficiencies in GTECH's responses over eight months ago, in August 30 and September 28, 2004 letters (D.I. 64, Exs. C & D). The parties subsequently agreed several times to postpone the date by which contention interrogatories must be completed, and ultimately agreed that contention interrogatories would be completed by April 29, 2005. Despite receiving over 100,000 pages of documents from Scientific Games between August 2004 and April 2005, GTECH never once bothered to supplement its contention interrogatory responses, and has never cited a single document produced by Scientific Games.

## CONCLUSION

7. GTECH's motion to compel Scientific Games' "burster" design documents should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
   Attorneys for Defendants

May 12, 2005

464523

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on May 12, 2005, I caused to be electronically filed Defendants' Opposition To Plaintiff's Motion To Compel Discovery Re: "Burster" Design Documents with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

### BY FEDERAL EXPRESS

> Thomas J. Meloro, Esquire
> Kenyon & Kenyon
> One Broadway
> New York, NY 10004

/s/ Rodger D. Smith II
Rodger D. Smith II (#3778)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
  Attorneys for Defendants