# EXHIBIT A

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH
302 575 7205
302 498 6209 FAX
rsmith@mnat.com

May 7, 2005

BY FACSIMILE & FEDERAL EXPRESS

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY  10004-1050

Re:    GTECH Corp. v. Scientific Games International, Inc., et al.,
       C.A. No. 04-138-JJF

Dear Larissa:

        Enclosed are documents that have been Bates numbered SGI107053-967.  Also enclosed are two CDs containing electronic graphics files, which have been Bates numbered SGI107968-69, as well a CD containing the CAD files that were inadvertently omitted from our prior production, which has been Bates numbered SGI107970.  The documents and CDs have been marked "Confidential -- Outside Counsel's Eyes Only," as appropriate, pursuant to the Protective Order in this litigation.

                                      Sincerely,

                                      Rodger D. Smith

Enclosures

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

GTECH CORPORATION,                                  )
                                                    )
                          Plaintiffs,               )
                                                    )            Civil Action No. 04-138-JJF
                 v.                                 )
                                                    )
SCIENTIFIC GAMES INTERNATIONAL, INC.,               )
SCIENTIFIC GAMES HOLDINGS                           )
CORPORATION, SCIENTIFIC GAMES                        )
FINANCE CORPORATION, and SCIENTIFIC                 )
GAMES CORPORATION,                                  )
                                                    )
                          Defendants.               )

**PLAINTIFF GTECH CORPORATION'S FIRST SET OF
REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Plaintiff, GTECH Corporation, through its undersigned counsel, hereby requests that

Defendants Scientific Games International, Inc., Scientific Games Holdings Corporation,

Scientific Games Finance Corporation, and Scientific Games Corporation produce at the office

of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE

19899, the documents and things set forth below for inspection and copying.  These requests are

to be answered within thirty (30) days of service, pursuant to Rules 26 and 34 of the Federal

Rules of Civil Procedure.

These discovery requests are deemed to be continuing.  With respect to any of the

following document requests as to which Defendants, after responding, discovers or acquires

additional responsive material, Plaintiff requests that Defendants produce such additional

material for inspection and copying, in accordance with Rule 26(c) of the Federal Rules of Civil

WP3:1034674.1                                                        63055.1001

Procedure, no more than thirty days after Defendants discover or acquire such additional material.

## DEFINITIONS

A.    "GTECH" means GTECH Corporation, any predecessor in interest of GTECH Corporation, including On-Point Technology Systems, Inc. and Interlott Technologies, or any officer, agent, representative, servant, employee, attorney, or other person acting on its behalf of GTECH Corporation or any predecessor in interest of GTECH Corporation.

B.    "Scientific Games" means Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, or Scientific Games Corporation; or any predecessor-in-interest of Scientific Games International, Inc., Scientific Games Holdings Corporation, or Scientific Games Finance Corporation, including IGT Online Entertainment Systems, Inc. and Autotote Enterprises, Inc.; or any other business, corporation, or other legal entity that is a subsidiary of the previously listed entities; or any other business, corporation, or other legal entity which any of the previously listed entities controls or in which any of the preceding entities has a majority ownership interest; or any officer, agent, representative, servant, employee, attorney, or other person acting on behalf of any of the previously listed entities.

C.    "Interlott" means Interlott Technologies, Inc., or any predecessor-in-interest of Interlott Technologies, Inc., or any officer, agent, representative, servant, employee, attorney, or other person acting on behalf of Interlott Technologies, Inc. or on behalf of any predecessor-in-interest of Interlott Technologies, Inc.

D.    "On-Point" means On-Point Technology System, Inc. or any predecessor-in-interest of On-Point Technology System, Inc., or any officer, agent, representative, servant,

2

employee, attorney, or other person acting on behalf of On-Point Technology System, Inc. or on behalf of any predecessor-in-interest of On-Point Technology System, Inc.

     E.     As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

     F.     As used herein, the terms "any," "all," or "each" shall be construed as "any, all and each" inclusively.

     G.     "Including" means "including without limitation."

     H.     The past tense includes the present tense and the present tense includes the past tense. The use of the singular form of any word includes the plural form and vice versa. The masculine form of any word includes the feminine form and vice versa.

     I.     As used herein, the term "prosecution of" shall mean prosecution of the indicated patent or patent application in the United States Patent and Trademark Office or any foreign patent office.

     J.     As used herein, the term "Patents-in-Suit" means either or both United States Patent Nos. 4,982,337 and 5,222,624.

     K.     "Patents Related to the Patents-in-Suit" means any and all domestic patents and patent applications, and any and all foreign patents and patent applications, that claim priority from the Patents-in-Suit or that claim priority from any patent(s) or patent application(s) from which the Patents-in-Suit claim priority.

     L.     The "'898 Patent" means United States Patent No. 5,950,898.

     M.     "Patents Related to the '898 Patent" means any and all domestic patents and patent applications, and any and all foreign patents and patent applications, that claim priority

from the '898 Patent or that claim priority from any patent(s) or patent application(s) from which the '898 Patent claims priority.

     N.    As used herein, the term "document" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any tangible record of intelligence or information, whether handwritten, typed, printed or otherwise visually or orally reproduced, including information stored on electronic, magnetic or optical media or in solid state storage devices, notes, drafts, reports, art-work, films, videotape, drawings, graphs, photographs, agreements, letters, test data, circuit diagrams, software structure charts, software flow charts, software code, data flow diagrams, hardware schematic diagrams, hardware logic diagrams, field maintenance print sets, timing diagrams, technical summaries, product description documents, software description documents, laboratory or engineers' notebooks, project or progress reports, database information, whether for prototypes or production products, and the like that are in the possession, custody or control of Scientific Games, or to which Scientific Games otherwise has access. Any such documents bearing on any sheet (front or back), margins, attachment, enclosure thereof, or any mark that is not a part of the original text or reproduction thereof, is to be considered and produced in its entirety as a separate document.

     O.    As used herein, the term "person" shall refer to any natural person, as well as any other cognizable entity, including, but not limited to, any corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, quasi-public entities, societies, orders and any other specifically identifiable legal entity.

WP3:1034674.1                    63055.1001

P.      As used herein, the term "product" shall include, without limitation, products, devices, machines, apparatus, circuits, components, software, firmware, systems, methods and/or services (including software) that are, or were ever under development or that have been made available, or are intended to be made available, for use by Scientific Games or outside of Scientific Games, or for sale by Scientific Games or on behalf of Scientific Games, whether or not such products are still available for sale or for use.

Q.      "Concerning" shall mean, without limitation, relate(d) to, refer(s) or relate(s) to, embodying, directly or indirectly identifying, revealing, confirming, constituting, containing, referring or relating to, showing, reflecting, evidencing, representing, discussing, describing, involving or mentioning, being connected with or pertaining to in any way, directly or indirectly, or having any logical or factual connection with the subject matter in question.

R.      "Complaint" shall mean the complaint filed by Plaintiff in this action.

S.      "Communication" shall mean, without limitation, any written, electronic or oral communication, including any conversation in person, by telephonic, electronic or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

T.      "Sale" shall mean, without limitation, sale, donation, lease, rent, provided as part of a service contract, or any other exchanges of value, service, product or information for consideration.

U.      "TVM" shall mean lottery ticket vending or dispensing machines, instant lottery ticket vending or dispensing machines, and pull-tab or scratch-off game ticket vending or

WP3:1034674.1                                    63055.1001

dispensing machines, including self-service or operator-attended machines, and including on-line, networked, or stand-alone machines.

V.     "PlayCentral Kiosk" shall mean the lottery ticket dispensing system manufactured by or for, distributed by, and/or sold by Scientific Games under the name PlayCentral Kiosk; and the same lottery ticket dispensing system manufactured, distributed, or sold under any other name; and any lottery ticket dispensing system substantially similar to the system sold by Scientific Games under the name PlayCentral Kiosk.

W.     "Scientific Games' TVM" shall mean the lottery ticket dispensing system manufactured by or for, distributed by, and/or sold by Scientific Games under the names PlayCentral Kiosk, C-Central, or Convenience Central; and the same lottery ticket dispensing systems manufactured, distributed, or sold under any other name; and any lottery ticket dispensing system substantially similar to the systems sold by Scientific Games under the name PlayCentral Kiosk, C-Central, Convenience Central, or Extrema.

## INSTRUCTIONS

1.     If any document responsive to these requests has been destroyed, describe the content of said document, the location of any copies of said document, the date of such destruction and the name of the person who ordered or authorized such destruction.

2.     With respect to any documents otherwise responsive to this request that Defendants withhold or refuse to divulge on privilege grounds, provide a statement setting forth as to each:

   a.     the names of the sender, author and recipient of the document and any persons to whom the document was shown;

6

b.    the date of the document, or if no date appears, the date on which the

document was prepared;

c.    a general description of the nature and subject matter of the document;

d.    the name of the person who has custody of the document; and

e.    the grounds upon which the document is being withheld.

3.    Documents produced pursuant to these requests are to be organized as they are kept in the usual course of business, and clearly designated so as to reflect the individual (and, as appropriate, his or her job title) from whose files each document was produced, the file from which each document was produced, and the location of such file.

4.    Documents produced pursuant to these requests that are ordinarily kept in electronic form are to be produced in electronic form, where possible, with identification of the program(s) used to open and view such documents.

## DOCUMENT REQUESTS

**Discovery Request No. 1:**

All documents concerning Scientific Games' TVM products.

**Discovery Request No. 2:**

All documents concerning the process by which TVM products are exported to, imported into, and distributed in the United States, including all documents concerning any transaction between Scientific Games and any State Lottery Agency concerning Scientific Games' TVM products.

7

**Discovery Request No. 3:**

All documents concerning the '898 Patent or Patents Related to the '898 Patent, including, without limitation, all documents concerning the prosecution, issuance, assignments, grants, licensing, acquisition, or evaluation of the '898 Patent or Patents Related to the '898 Patent.

**Discovery Request No. 4:**

All documents concerning any communication by Scientific Games with a third party concerning Scientific Games' TVM products.

**Discovery Request No. 5:**

One copy of each document received by purchasers of each Scientific Games' TVM, including service manuals, instructions or instruction(al) manuals, operating instructions, operations manuals, training manuals or materials, specifications, datasheets and booklets.

**Discovery Request No. 6:**

All documents concerning any training or instruction of personnel by or on behalf of Scientific Games concerning the sales, marketing, sales forecasts, market forecasts, service, repair, maintenance, or technical support of Scientific Games' TVM products in the United States.

**Discovery Request No. 7:**

All documents concerning business activities conducted by Scientific Games in the United States concerning Scientific Games' TVM, including all documents concerning

8

marketing, sales forecasts, market forecasts, advertising, promotion, offers for sale, sales, deliveries, customer service, and technical support directed to any person in the United States.

**Discovery Request No. 8:**

All documents prepared by or on behalf of Scientific Games concerning the marketing of Scientific Games' TVM in the United States, including, all marketing plans, marketing surveys, marketing forecasts, sales forecasts, competitive product analysis, promotional material, informational material, and advertising material.

**Discovery Request No. 9:**

All documents and things concerning Scientific Games' conception, design, development, production and manufacture of any Scientific Games' TVM products including: (a) documents and things concerning the process used to manufacture any Scientific Games' TVM products; (b) documents and things concerning any technical, production, operational, or validation issues concerning any Scientific Games' TVM product; (c) all design, development, and engineering documents concerning any of Scientific Games' TVM products, (d) all engineering notebooks, laboratory notebooks, invention disclosures, product proposals, drawings, specifications, product evaluations, test reports, and technical reports concerning any of Scientific Games' TVM products.

**Discovery Request No. 10:**

All documents and things concerning Scientific Games' conception, design, development, production, manufacturing of the PlayCentral Kiosk product, including: (a)

9

WP3:1034674.1                                                                          63055.1001

documents and things concerning the process used to manufacture PlayCentral Kiosk products; (b) documents and things concerning any technical, production, operational, or validation issues concerning PlayCentral Kiosk products; (c) all design, development, and engineering documents concerning PlayCentral Kiosk products, (d) all engineering notebooks, laboratory notebooks, invention disclosures, product proposals, drawings, specifications, product evaluations, test reports, and technical reports concerning PlayCentral Kiosk products.

**Discovery Request No. 11:**

All documents and things concerning the testing or analysis of any Scientific Games' TVM product.

**Discovery Request No. 12:**

All documents and things concerning the testing or analysis of PlayCentral Kiosk products.

**Discovery Request No. 13:**

All documents and things concerning each and every design modification made to PlayCentral Kiosk products from its initial design, prototype, or development to the present.

**Discovery Request No. 14:**

All engineering change notices or equivalents thereof that concern PlayCentral Kiosk products.

10

**Discovery Request No. 15:**

Documents sufficient to identify every person who has or had any responsibility for the design or development of PlayCentral Kiosk products.

**Discovery Request No. 16:**

All documents and things prepared or distributed in connection with any meeting concerning the research, conception, design, or development of PlayCentral Kiosk products, including any agendas and any minutes or notes taken during such meetings.

**Discovery Request No. 17:**

A copy of each published article or literature produced by or on behalf of Scientific Games that concerns PlayCentral Kiosk and all documents concerning the preparation thereof including all drafts and notes.

**Discovery Request No. 18:**

A copy of each advertisement or promotional material used by or on behalf of Scientific Games that concerns PlayCentral Kiosk.

**Discovery Request No. 19:**

All invention records, invention disclosure documents, inventor notebooks, or similar documents representing or recording an invention, potential invention, or development for consideration as subject matter for a patent application, concerning PlayCentral Kiosk products.

11

**Discovery Request No. 20:**

Documents and things sufficient to identify all sales, purchases or leases of PlayCentral Kiosk products in the United States, including documents sufficient to identify the purchasers, lessees, lessors, date of purchase or lease, and items included in such purchases or leases.

**Discovery Request No. 21:**

Documents and things sufficient to identify all sales, purchases or leases of Scientific Games' TVMs in the United States, including documents sufficient to identify the purchasers, lessees, lessors, date of purchase or lease, and items included in such purchases or leases.

**Discovery Request No. 22:**

All design documents, engineering documents, specifications, and manuals concerning Scientific Games' TVM products, including the PlayCentral Kiosk.

**Discovery Request No. 23:**

All documents and things concerning any subsystem or component of Scientific Games' TVM products, any suppliers of those subsystems and components, and any contracts, licenses or agreements with those suppliers.

12

**Discovery Request No. 24:**

All documents and things concerning any subsystem or component of PlayCentral Kiosk products, any suppliers of those subsystems and components, and any contracts, licenses or agreements with those suppliers.

**Discovery Request No. 25:**

All documents concerning any patent or patent application concerning Scientific Games' TVM products.

**Discovery Request No. 26:**

Documents sufficient to identify the relationships between and among Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation, and any other entity which is part of, controlled by, or owned in whole or part by Scientific Games.

**Discovery Request No. 27:**

Documents sufficient to identify the management and organizational structure of Scientific Games, including, without limitation, documents concerning the functional relationships between and among management groups, divisions, departments, and any other business units of Scientific Games, including but not limited to any persons responsible for the design, development, manufacturing, sale, marketing, sales forecasts, market forecasts or any other aspect of Scientific Games' TVM products.

13

**Discovery Request No. 28:**

    All contracts or agreements referring or relating to the design, development, exportation, importation, sale, use or distribution of Scientific Games' TVM.

**Discovery Request No. 29:**

    All documents concerning Scientific Games' business or marketing strategy relating to Scientific Games' TVM.

**Discovery Request No. 30:**

    Documents sufficient to identify any Scientific Games facility in the United States, where (a) orders for Scientific Games' TVM are processed; (b) Scientific Games' TVM are stored and handled for distribution; and (c) payments for Scientific Games' TVM are processed or made.

**Discovery Request No. 31:**

    Documents sufficient to identify any facility owned, operated, managed, or used by Scientific Games for any purpose related to Scientific Games' TVM products, including the nature, function, and location of the office.

**Discovery Request No. 32:**

    All documents concerning the Patents-In-Suit or any Patents Related to the Patents-in-Suit.

14

**Discovery Request No. 33:**

All documents concerning Scientific Games knowledge of the Patents-in-Suit, or of any Patents Related to the Patents-in-Suit, including any document concerning the date when, and the circumstances under which, Scientific Games became aware of the Patents-in-Suit.

**Discovery Request No. 34:**

All opinions of counsel concerning the Patents-in-Suit or concerning any Patents Related to the Patents-in-Suit.

**Discovery Request No. 35:**

All documents that concern any action taken by or on behalf of Scientific Games that was prompted by or motivated by the Patents-in-Suit or any Patents Related to the Patents-in-Suit, including any attempts to design around the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**Discovery Request No. 36:**

All documents and things that comment upon or express any opinion about the Patents-in-Suit or any Patents Related to the Patents-in-Suit, or which concern any investigation of the infringement or any alleged noninfringement of the Patents-in-Suit or any Patents Related to the Patents-in-Suit, by Scientific Games or any other person.

15

**Discovery Request No. 37:**

All documents concerning opinions of counsel concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**Discovery Request No. 38:**

All documents and things relied upon in any opinion of counsel concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**Discovery Request No. 39:**

All minutes taken at and documents and things distributed in connection with, any meeting of Scientific Games' boards of directors or other corporate committees or subcommittees concerning any of Scientific Games' TVM products, GTECH, the Patents-in-Suit, or Patents Related to the Patents-in-Suit.

**Discovery Request No. 40:**

All documents and things concerning communications, either direct or indirect, between Scientific Games and any other person concerning the possibility that Scientific Games or their customers or potential customers may be subject to liability for infringement of the Patents-in-Suit.

**Discovery Request No. 41:**

All patents, patent applications, and patent prosecution files concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit, including any patent, patent

16

application, or patent prosecution file which includes reference to or discussion of the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**Discovery Request No. 42:**

Any communication by Scientific Games with a third party concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**Discovery Request No. 43:**

All financial statements of Scientific Games, including, without limitation, all accounting, income, budgets, budget reports, pricing, price determination, profit and loss calculations, concerning Scientific Games' TVM, or any contract with any state lottery agency that concerns Scientific Games' TVM.

**Discovery Request No. 44:**

All contracts, agreements, licenses between, or proposals from Scientific Games and any third party concerning Scientific Games' TVM.

**Discovery Request No. 45:**

All documents concerning Scientific Games' business activities in the United States concerning Scientific Games' TVM, including documents concerning: (a) the number, type, and dollar volume of Scientific Games' TVM sold in the United States; (b) the number of Scientific Games' TVM customers in the United States; (c) quantity and type of advertising or other promotional activities concerning Scientific Games' TVM reaching persons in the United

17

States; (d) any follow-up activity concerning any of the above business activities including technical support, maintenance, and servicing in the United States.

**Discovery Request No. 46:**

Documents sufficient to identify the number, type, price, and dollar volume of each Scientific Games' TVM Scientific Games has sold in the United States.

**Discovery Request No. 47:**

Documents sufficient to identify all recipients of Scientific Games' TVMs in the United States.

**Discovery Request No. 48:**

All documents concerning any GTECH, Interlott, or On-Point TVM.

**Discovery Request No. 49:**

All documents and things concerning any sale, offer for sale, attempted offer for sale, or service agreement by or for Scientific Games' TVM.

**Discovery Request No. 50:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for PlayCentral Kiosks sold to entities in the United States from January 1, 1991 to the present.

WP3:1034674.1                                                                63055.1001

**Discovery Request No. 51:**

Documents sufficient to show Scientific Games' profit margins for sales of PlayCentral Kiosks from January 1, 1991 to the present.

**Discovery Request No. 52:**

Documents sufficient to show Scientific Games' monthly and quarterly manufacturing volume for PlayCentral Kiosk and the location of such manufacturing from January 1, 1991 to the present.

**Discovery Request No. 53:**

All documents concerning customer surveys concerning PlayCentral Kiosk.

**Discovery Request No. 54:**

All business plans concerning PlayCentral Kiosk.

**Discovery Request No. 55:**

All documents concerning the marketing of goods and services sold in conjunction with or incident to a sale of PlayCentral Kiosk in the United States, including marketing studies, marketing forecasts, marketing plans, sales training materials, and communications to or from sales personnel.

WP3:1034674.1                                                         63055.1001

**Discovery Request No. 56:**

Documents sufficient to show the price paid by customers for goods and services sold in conjunction with or incident to a sale of PlayCentral Kiosk in the United States.

**Discovery Request No. 57:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for goods and services sold in conjunction with or incident to a sale of PlayCentral Kiosk sold to entities in the United States from January 1, 1991 to the present.

**Discovery Request No. 58:**

Documents sufficient to show Scientific Games' profit margins for sales of goods and services sold in conjunction with or incident to sales of PlayCentral Kiosks from January 1, 1991 to the present.

**Discovery Request No. 59:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for Scientific Games' TVM sold to entities in the United States from January 1, 1991 to the present.

**Discovery Request No.60:**

Documents sufficient to show Scientific Games' profit margins for sales of Scientific Games' TVM from January 1, 1991 to the present.

20

63055.1001

**Discovery Request No. 61:**

Documents sufficient to show Scientific Games' monthly and quarterly manufacturing volume for Scientific Games' TVM and the location of such manufacturing from January 1, 1991 to the present.

**Discovery Request No. 62:**

All documents concerning customer surveys concerning Scientific Games' TVM.

**Discovery Request No. 63:**

All business plans concerning Scientific Games' TVM.

**Discovery Request No. 64:**

All documents concerning the marketing of goods and services sold in conjunction with or incident to a sale of Scientific Games' TVM in the United States, including marketing studies, marketing forecasts, marketing plans, sales training materials, and communications to or from sales personnel.

**Discovery Request No. 65:**

Documents sufficient to show the price paid by customers for goods and services sold in conjunction with or incident to a sale of Scientific Games' TVM in the United States.

WP3:1034674.1                                                          63055.1001

**Discovery Request No. 66:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for goods and services sold in conjunction with or incident to a sale of Scientific Games' TVM sold to entities in the United States from January 1, 1991 to the present.

**Discovery Request No. 67:**

Documents sufficient to show Scientific Games' profit margins for sales of goods and services sold in conjunction with or incident to sales of Scientific Games' TVM from January 1, 1991 to the present.

**Discovery Request No. 68:**

All documents concerning Scientific Games' factual basis for asserting that the Patents-in-Suit are invalid under 35 U.S.C. §102.

**Discovery Request No. 69:**

All documents concerning Scientific Games' factual basis for asserting that the Patents-in-Suit are invalid under 35 U.S.C. §103.

**Discovery Request No. 70:**

All documents concerning Scientific Games' factual basis for asserting that the Patents-in-Suit are invalid under 35 U.S.C. §112.

WP3:1034674.1                                                                                        63055.1001

**Discovery Request No. 71:**

        All documents concerning any patent or patent application concerning Scientific Games' TVMs.

**Discovery Request No. 72:**

        All documents concerning any patent or patent application concerning the PlayCentral Kiosk.

**Discovery Request No. 73:**

        All documents and things requested to be identified in response to Plaintiff GTECH Corporation's First Set of Interrogatories to Scientific Games.

**Discovery Request No. 74:**

        All documents identified in response to Plaintiff GTECH Corporation's First Set of Interrogatories to Scientific Games.

**Discovery Request No. 75:**

        All documents and things that Scientific Games will rely on at trial or in any hearing or motion in this proceeding.

**Discovery Request No. 76:**

        All documents concerning Scientific Games' acquisition of IGT Online Entertainment Systems, Inc, that also concern Scientific Games' TVMs or the Patents-in-Suit.

23

**Discovery Request No. 77:**

       All documents concerning any litigation, arbitration, interference, opposition proceeding, or other legal proceedings concerning Scientific Games' TVMs.

**Discovery Request No. 78:**

       All documents and things concerning Louis P. Menna, Instant Technologies, Inc., or PMV Products, Inc.

**Discovery Request No. 79:**

       All documents and things concerning Scientific Games' TVMs which also concern Interlott, On-Point or GTECH.

**Discovery Request No. 80:**

       All documents concerning this lawsuit, including press releases, letters to customers, internal statements, litigation cost analysis, presentations to or minutes of the Scientific Games Board of Directors.

**Discovery Request No. 81:**

       All documents concerning Mr. Nolan Bushnell or Uwink, Inc. which also concern TVMs, Scientific Games' TVM products, the Patents-in-Suit, Interlott, On-Point, or GTECH.

WP3:1034674.1

63055.1001

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated: August 27, 2004

Josy W. Ingersoll (#1088)

The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253

OF COUNSEL:

Thomas J. Meloro
Robert A. Whitman
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

25

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that copies of the foregoing document were caused to be served on August 27, 2004 upon the following counsel of record:

### BY HAND DELIVERY

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801


Josy W. Ingersoll

63055.1001