IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>      Plaintiff,<br><br>   v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC.,<br>SCIENTIFIC GAMES HOLDINGS<br>CORPORATION, SCIENTIFIC GAMES<br>FINANCE CORPORATION, and SCIENTIFIC<br>GAMES CORPORATION,<br><br>      Defendants. | Civil Action No. 04-138-JJF |

### GTECH'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PRODUCE A RULE 30(B)(6) WITNESS

Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Dated: May 18, 2005

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES……………………………………………………………………..ii

I.DEFENDANTS' REQUEST FOR A NEW 30(b)(6) WITNESS FOR ALL TOPICS IS INAPPROPRIATE……………………………………………………..1

II.GTECH PRODUCED THE COMPANY WITNESS WHO IS MOST KNOWLEDGEABLE ABOUT THE 30(b)(6) TOPICS………………………………..2

III.RULE 30(b)(6) DOES NOT CONTEMPLATE OR INTEND FOR GTECH TO PROVIDE THE UNDULY BURDENSOME TESTIMONY DEFENDANTS ARE SEEKING……………………………………………………………………...3

IV.CONCLUSION………………………………………………………………………….4

# TABLE OF AUTHORITIES

*Alexander v. Federal Bureau of Investigation,*
    186 F.R.D. 148 (D.D.C. 1999)..................................................................4

*Tulip Computers Int'l v. Dell Computer Corp.,*
    2002 U.S. Dist LEXIS 7792
    63 U.S.P.Q.2d 1527 (D. Del. 2002).........................................................4

## FEDERAL RULES

Fed. R. Civ. P. 30(b)(6) Advisory Committee Notes, 1970 Amendment..........................3

Defendants' motion should be denied for several reasons. First, GTECH produced a Rule 30(b)(6) witness for 19 noticed topics, and Defendants do not even attempt to argue that the witness was not responsive for 15 of those 19 topics, so Defendants' request for an entirely new Rule 30(b)(6) deposition to re-address *all* topics is overbroad and improper. Second, as to the four remaining topics about which Defendants do complain, GTECH's Rule 30(b)(6) witness was the most knowledgeable person at GTECH regarding those topics, and Defendants can depose and are deposing third parties (e.g., the inventors) regarding these topics. Third, Defendants seek to impose an improper burden and obligation on GTECH inconsistent with Rule 30(b)(6).

## I.  Defendants' Request for a New 30(b)(6) Witness for *All* Topics is Inappropriate.

GTECH's witness, Mr. Brian Roberts, whose 30(b)(6) testimony is at issue, was designated and produced by GTECH to testify as to 19 of Scientific Games' 60 noticed 30(b)(6) topics.[1] (*See* Ex. A, Letter from L.Soccoli of 4/29/05; Ex. B, Defendants' 30(b)(6) Notice). Defendants' motion raises complaints about Mr. Roberts' responses regarding four of these 30(b)(6) topics: Topics 20-23 concerning "[t]he conception, development, and reduction to practice of the claimed inventions" of the patents-in-suit, and "[t]he prosecution of the application for" the patents-in-suit. Defendants' motion does not raise any complaint, and does not include any discussion, about any of the remaining 15 topics for which Mr. Roberts was designated and produced.[2] In fact, Defendants have no grounds for complaining about Mr. Roberts' knowledge and responsiveness on these remaining 15 topics. Nevertheless, Defendants' motion requests an entirely new Rule 30(b)(6) witness to re-address *all* noticed

---

[1] Thirteen of the topics (i.e. nos. 24-36) for which Mr. Roberts was designated requested knowledge of GTECH, Interlott (which merged with GTECH in late 2003) and OnPoint (which merged with Interlott prior to the GTECH/Interlott merger) concerning certain issues or events. Mr. Roberts was designated to testify only as to Interlott and OnPoint concerning these topics. GTECH is designating a different witness to testify on these topics with respect to GTECH.

[2] Defendants' motion cites an instruction not to answer a question posed to Mr. Roberts about GTECH machines, but that was *not* a topic for which Mr. Roberts was designated. (*See* Defs. Motion at ¶11). Mr. Roberts was *not* designated to testify as to GTECH machines (only Interlott and OnPoint machines, *see* note 1); GTECH has designated *another* 30(b)(6) witness to testify regarding GTECH machines.

1

topics for which Mr. Roberts was designated, including the 15 topics about which Defendants raise no complaint. Defendants in essence seek a "second bite at the apple" for further testimony on these 15 topics, but there is no basis for that. If Defendants did not obtain all of the testimony they wanted on these topics, that is the fault of Defendants, not GTECH.[3] Thus, Defendants' request for a new 30(b)(6) witness on *all* topics is overbroad and unwarranted.

## II. GTECH Produced the Company Witness Who Is Most Knowledgeable About the 30(b)(6) Topics.

Even as to the four criticized topics, Defendants' motion misleadingly suggests that there is another person at GTECH with more knowledge that Mr. Roberts about these topics. That is not the case. Conspicuously absent from Defendants' motion is any reference to Mr. Roberts's testimony that he is the most knowledgeable person at GTECH concerning all of the categories for which he was designated, and in particular, that he is the most knowledgeable person at GTECH concerning the four topics at issue. (*See* Ex. C, Roberts Dep. Tr. at 198-219).

The patents-in-suit were acquired by GTECH through the acquisition of the entire business of Interlott in late 2003. The patents-in-suit were filed in 1987 ('337 patent) and 1989 ('624 patent), issued in 1991 ('337 patent) and 1993 ('624 patent), and were prosecuted during the time frame in between. All of this activity was over a decade ago. All of it took place long before GTECH acquired Interlott and these patents. GTECH had no involvement in the conception or reduction to practice of the claimed inventions, nor was it involved in the filing or prosecution of the patent applications.

The persons most knowledgeable about "[t]he conception, development, and reduction to practice of the claimed inventions" are the inventors themselves, who are third parties, not within GTECH's control. Defendants have already deposed Robert Burr, the sole inventor on the '624 patent and a co-inventor on the '337 patent, and Defendants are deposing two other co-inventors on the '337 patent on May 25, 2005. As to "[t]he prosecution of the application for" the patents-

---

[3] Defendants cannot complain that they did not have enough time to question Mr. Roberts about these topics, since it was Defendants' counsel who voluntarily terminated the deposition. (*See* Ex. C, Roberts Dep. Tr. at 195-98).

2

in-suit, Defendants could have served a subpoena to depose the prosecuting attorney, who is also a third party not within GTECH's control, but did not.

As to the four topics at issue, prior to the deposition GTECH served objections stating that the topics were "directed on [their] face at information outside of GTECH's possession, custody, and control," (*see* Ex. D, Letter from L. Soccoli of 4/25/05 with GTECH's Objections to 30(b)(6) Notice), but GTECH nevertheless agreed to provide a witness so that Defendants could probe for themselves the corporation's lack of knowledge. At the deposition, Mr. Roberts confirmed that GTECH was not involved in the making of the invention or the prosecution of the patent applications and had no firsthand knowledge. (*See* Ex. C, Roberts Dep. Tr. at 198-201). Further, Mr. Roberts testified that as one of the only employees left at GTECH from Interlott and OnPoint, he is virtually the only person at GTECH with knowledge of Interlott and OnPoint information sought. (*Id.* at 198-219.) Accordingly, GTECH produced its most knowledgeable company witness.

### III. Rule 30(b)(6) Does Not Contemplate or Intend for GTECH to Provide the Unduly Burdensome Testimony Defendants are Seeking.

Defendants' motion incorrectly asserts that Rule 30(b)(6) requires GTECH to prepare a witness to testify as to subject matters of which GTECH has no personal knowledge by seeking out and obtaining information concerning these subject matters from third parties not within its control. Further, Defendants incorrectly contend that Rule 30(b)(6) requires GTECH to provide testimony on documents, i.e., the prosecution histories of the patents-in-suit, which GTECH did not create and was not involved in creating.

The underlying purpose of Rule 30(b)(6) is to prevent serial depositions of various witnesses without knowledge within an organization and to eliminate "bandying," i.e. the practice of producing witnesses in turn with each disclaiming knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself. *See* Fed. R. Civ. P. 30(b)(6) Advisory Committee Notes, 1970 Amendment. Consistent with the purpose of Rule 30(b)(6), GTECH has produced its most knowledgeable witness. Under such circumstances,

3

Courts have held that the designating party has met its Rule 30(b)(6) obligations. *See, e.g., Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 148, 153 (D.D.C. 1999).

This is particularly true with respect to the prosecution history documents. The prosecution documents have been produced, they speak for themselves, they are not GTECH-prepared documents, and GTECH company witnesses know nothing firsthand about them other than what is in the documents themselves. This Court has previously held that documents can be sufficient to provide the information requested. *See Tulip Computers Int'l v. Dell Computer Corp.*, 2002 U.S. Dist. LEXIS 7792, at *22-23, 63 U.S.P.Q.2d 1527 (D. Del. 2002) (production of documents is one method by which a party can receive the answers to the questions it sought through 30(b)(6) testimony) (*See* Ex. E).

## CONCLUSION

Based on the foregoing, Defendants' *Motion To Compel Plaintiff to Produce a Properly Prepared Rule 30(b)(6) Witness* should be denied.[4]

YOUNG, CONAWAY, STARGATT
& TAYLOR, LLP

_____
Josy W. Ingersoll (#1088)
Glenn C. Mandalas (#4432)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19889
(302) 571-6600
jingersoll@ycst.com
*Attorneys for Plaintiff
GTECH Corporation*

OF COUNSEL
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004

Dated: May 18, 2005

---

[4] For the reasons expressed above, Defendants' request for fees and costs should also be denied. *See, e.g., Alexander*, 186 F.R.D. at 154 (denying request for attorneys fees and costs where the 30(b)(6) witness was the most qualified on the subject matter and where neither the 30(b)(6) witness nor the designating party had personal knowledge of the subject matter).

## CERTIFICATE OF SERVICE

I, Glenn C. Mandalas, Esquire, hereby certify that on May 18, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on May 18, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Glenn C. Mandalas
>Glenn C. Mandalas (#4432)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>gmandalas@ycst.com
>
>Attorneys for Plaintiff