REDACTED - PUBLIC VERSION, filed 5/24/05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
                                      )
GTECH CORPORATION,                    )
                                      )
                      Plaintiff,      )
                                      )   Civil Action No. 04-138-JJF
              v.                      )
                                      )
SCIENTIFIC GAMES INTERNATIONAL, INC., )   REDACTED --
SCIENTIFIC GAMES HOLDINGS             )
CORPORATION, SCIENTIFIC GAMES         )   PUBLIC VERSION
FINANCE CORPORATION, and SCIENTIFIC   )
GAMES CORPORATION,                    )
                                      )
                      Defendants.     )
_____)

**APPENDIX OF EXHIBITS TO GTECH'S ANSWERING BRIEF
IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
<u>PLAINTIFF TO PRODUCE A RULE 30(B)(6) WITNESS</u>**

Dated: May 18, 2005

                                    Josy W. Ingersoll (#1088)
                                    Karen E. Keller (#4489)
                                    YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                    The Brandywine Building
                                    1000 West Street, 17th Floor
                                    P.O. Box 391
                                    Wilmington, Delaware 19899-0391
                                    Telephone: 302-571-6600

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

REDACTED - PUBLIC VERSION, filed 5/24/05

# EXHIBIT A

REDACTED - PUBLIC VERSION, filed 5/24/05



**KENYON & KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 29, 2005

**By Facsimile**
Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:   *GTECH Corp. v. Scientific Games International, Inc., et al.*
      *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

Please be advised that GTECH designates Brian Roberts to testify with regard to the following topics of Scientific Games' 30(b)(6) deposition notice of GTECH: topics 20-23, 24-36 (as to On-Point and Interlott only), 57 and 58. Mr. Roberts will be offered to provide testimony on these topics, along with his individual testimony, on May 6th.

Sincerely,

Larissa A. Soccoli

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>　　　　　Defendants. | C.A. No. 04-138-JJF |

### NOTICE OF DEPOSITION OF GTECH CORPORATION
### PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO:　Josy W. Ingersoll, Esquire　　　　　　　Thomas J. Meloro, Esquire
　　　Young Conaway Stargatt & Taylor, LLP　　Kenyon & Kenyon
　　　The Brandywine Building　　　　　　　　One Broadway
　　　1000 West Street, 17th Floor　　　　　　New York, NY 10004
　　　Wilmington, DE 19801

　　　PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation and Scientific Games Corporation (collectively, "Scientific Games"), by their attorneys, will take the deposition upon oral examination of GTECH Corporation ("GTECH"), by one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning the topics listed on Exhibit A hereto. The deposition will commence on April 25, 2005, at 9:30 a.m., at the offices of Morris, Nichols, Arsht & Tunnell,

1201 N. Market Street, Wilmington, DE 19801, or at such other time and place as shall be agreed upon by the parties or ordered by the Court, and will continue from day-to-day until concluded.

GTECH is requested to identify by April 18, 2005, the person or persons who will be designated to testify on its behalf. The deposition will take place before a notary public or other person authorized by law to administer oaths, and will be recorded stenographically and/or by videotape.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  Attorneys for Defendants

April 11, 2005

458548

## EXHIBIT A

## DEFINITIONS

1. "The '337 patent" means U.S. Patent No. 4,982,337.

2. "The '624 patent" means U.S. Patent No. 5,222,624.

3. The "patents-in-suit" means the '337 patent and the '624 patent.

4. "On-Point" means On-Point Technology System, Inc., and any and all of its predecessors, successors, parents, subsidiaries, divisions, affiliates, and affiliated entities, including Interlott and GTECH, as well as the officers, directors, agents, employees, and representatives of the foregoing.

5. "Interlott" means Interlott Technologies, Inc., and any and all of its predecessors, successors, parents, subsidiaries, divisions, affiliates, and affiliated entities, including On-Point and GTECH, as well as the officers, directors, agents, employees, and representatives of the foregoing.

6. "GTECH" means plaintiff GTECH Corporation, and any and all of its predecessors, successors, parents, subsidiaries, divisions, affiliates, and affiliated entities, including Interlott and On-Point, as well as the officers, directors, agents, employees, and representatives of the foregoing.

7. "ITVM" means instant lottery ticket vending or dispensing machines.

## TOPICS FOR EXAMINATION

1. The ownership of the '337 patent.

2. The ownership of the '624 patent.

3. Investigations into the inventorship of the subject matter disclosed and claimed in the '337 patent.

4. Communications between representatives of GTECH and Robert Burr.

5. Communications between representatives of GTECH and Donald Keagle.

6. Communications between representatives of GTECH and Laird Campbell.

7. Communications between representatives of GTECH and Alfred Fulton.

8. Any agreements between GTECH and Robert Burr concerning the '337 patent, the '624 patent, or this litigation.

9. Any agreements between GTECH and Donald Keagle concerning the '337 patent or this litigation.

10. Any agreements between GTECH and Laird Campbell concerning the '337 patent or this litigation.

11. Any agreements between GTECH and Alfred Fulton concerning the '337 patent or this litigation.

12. Communications between GTECH and any third parties concerning the validity or invalidity, infringement or noninfringement, enforceability or unenforceability of the '337 patent.

13. Communications between GTECH and any third parties concerning the validity or invalidity, infringement or noninfringement, enforceability or unenforceability of the '624 patent.

14. GTECH's decision to acquire the '337 patent, including GTECH's due diligence and valuation of the '337 patent.

15. GTECH's decision to acquire the '624 patent, including GTECH's due diligence and valuation of the '624 patent.

16. Interlott's decision to sue On-Point for infringement of the '337 patent.

17. Interlott's decision to resolve the litigation against On-Point concerning the infringement of '337 patent, and the terms on which that litigation was resolved.

18. Interlott's decision to sue Pollard Banknote Limited and Pollard (U.S.) Ltd. for infringement of the '337 patent.

19. Interlott's decision to resolve the litigation against Pollard Banknote Limited and Pollard (U.S.) Ltd. concerning the infringement of the '337 patent, and the terms on which that litigation was resolved.

20. The conception, development, and reduction to practice of the claimed inventions of the '337 patent.

21. The conception, development, and reduction to practice of the claimed inventions of the '624 patent.

22. The prosecution of the application for the '337 patent.

23. The prosecution of the application for the '624 patent.

24. Conception, research, design, engineering, development, testing, manufacture, and/or operation of ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point.

25. Conception, research, design, engineering, development, testing, manufacture, and/or operation of the ticket dispensing apparatus or "burster" used in the ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point.

26. Conception, research, design, engineering, development, testing, manufacture, and/or operation of the customer interface for the ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point.

27. Conception, research, design, engineering, source code, development, testing, manufacture, and/or operation of any programs, code, software, or firmware that are part of, or run on, the ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point.

28. Conception, research, design, engineering, coding, documentation, development, testing, manufacture, and/or operation of any programs, code, software, or firmware that are part of, or run on, the ITVMs made, used, sold, or offered for sale by GTECH, Interlott, and/or On-Point, and that are used to control or operate the ticket dispensing apparatus or "burster."

29. Conception, research, design, engineering, coding, documentation, development, testing, manufacture, and/or operation of any programs, code, software or firmware that are part of, or run on, the ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point, and that are used to control or operate the customer interface.

30. Conception, research, design, engineering, coding, documentation, development, testing, and/or operation of any procedures, programs, code, or software that are used to load or download graphical information, graphics files, and/or graphical display information for use on the ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point, and any procedures and processes used to create such information or files.

31. The format, creation, layout, and/or design of graphical information, graphics files, and/or graphical display information for use on the ITVMs made, used, sold, or offered for sale by GTECH, Interlott, and/or On-Point, and any procedures and processes used to create such information or files.

32. Trials, pilots, test deployments, field testing, and/or tests by any state lottery or other customer of the ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point, including field test results, maintenance, or defect correction issues.

33. Bids, Proposals, Responses to Request for Proposals, and/or other offers by GTECH, Interlott and/or On-Point to any state lottery or other customer that included, featured, or offered ITVMs during the period for which GTECH seeks damages in this action.

34. Communications between GTECH, Interlott and/or On-Point, and any state lottery or other customer concerning ITVMs during the period for which GTECH seeks damages in this action.

35. Negotiations, contracts and/or agreements between GTECH, Interlott and/or On-Point, and any state lottery or other customer for the purchase, sale, lease, delivery, use, or deployment of ITVMs during the period for which GTECH seeks damages in this action.

36. Negotiations, contracts and/or agreements between GTECH, Interlott and/or On-Point, and any state lottery or other customer, where the contracts or agreements permit or include as an option the sale, lease, purchase, use, or deployment of ITVMs during the period for which GTECH seeks damages in this action.

37. GTECH's revenue, costs, expenses, and profits or losses (gross and net), including forecasted and actual revenue, costs, expenses, and profits and losses generated by GTECH's ITVMs, and how such revenue, costs, expenses, and profits or losses are accounted for and reported, including but not limited to GTECH's sales, accounting, and financial systems, during the period for which GTECH seeks damages in this action.

38. Marketing, promotion, advertising, and offering for sale of ITVMs in the United States by GTECH, Interlott and/or On-Point during the period for which GTECH seeks damages in this action.

39. The market(s) for ITVMs, the market(s) for products covered by the patents-in-suit, and any market research, studies, or analyses, competitive analysis, sales forecasts, strategic or business plans concerning those markets during the period for which GTECH seeks damages in this action.

40. The market for ITVMs in the United States during the period for which GTECH seeks damages in this action, including but not limited to: (a) the size of the market; (b) the identity of each actual and forecasted competitor in the market; (c) the competitive products in the market; (d) the market share of each competitor and each competitive product; (e) the market share of GTECH in relation to each of its competitors; (f) documents concerning competition between Scientific Games and GTECH, or any third-party in the market for ITVMs; and (g) any studies, analyses or evaluations made by or on behalf of GTECH regarding its market share of the ITVM market.

41. GTECH's pricing, costs, expenses, revenues, and profits attributable to the sale, lease, deployment, delivery, operation or maintenance of ITVMs, and the basis and method for determining such pricing, costs, expenses, revenues, and profits during the period for which GTECH seeks damages in this action.

42. The value of GTECH's ITVMs to GTECH, investors in GTECH, or any other third party, including: (a) any opinions and/or analyses ascribing overall value or worth to GTECH's ITVMs; (b) the methods used in such valuations, studies and analyses; (c) the benefits provided to GTECH because of the operation and use of such ITVMs; (d) the increase in

customer value attributable from the operation and use of such ITVMs; (e) any impact on GTECH's business as a result of the operation and use of such ITVMs; and (f) any impact on any competitor's business, including GTECH, as a result of the operation and use of Scientific Games' PlayCentral Kiosks.

43. The reasons for launching each version of GTECH's ITVMs, including any business plans, revenue forecasts, projections, reports, proposals, studies, market research, or business models performed by or on behalf of GTECH or any third party.

44. The licenses or agreements entered into by GTECH concerning ITVMs, including: (a) the terms of such licenses or agreements; (b) the purposes for entering into such licenses or agreements; (c) GTECH's licensing policies, whether formal or informal, relating to such licenses or agreements; and (d) all documents relating to licenses pursuant to which GTECH pays or receives royalties.

45. Any comparisons of ITVMs made, sold, or offered for sale by GTECH, Interlott, and/or On-Point with Scientific Games' PlayCentral Kiosk.

46. Strategic, business, market and marketing plans, forecasts, surveys, reports and analyses of sales, profits, market share, performance, marketing, positioning, or sales pertaining to GTECH's ITVMs during the period for which GTECH seeks damages in this action.

47. The marketing, promotion and sale of GTECH's ITVMs in the United States, including training materials, sales aides, marketing or economic studies, materials provided to or from marketing consultants, surveys, brochures, and advertisements, as well as materials provided to sales representatives and customers, during the period for which GTECH seeks damages in this action.

48. GTECH's production capacity for ITVMs during the period for which GTECH seeks damages in this action.

49. GTECH's capacity utilization, idle capacity and potential capacity for all ITVM production facilities during the period for which GTECH seeks damages in this action.

50. GTECH's costs of increasing production for ITVMs during the period for which GTECH seeks damages in this action.

51. GTECH's ability or inability to meet demand for ITVMs during the period for which GTECH seeks damages in this action.

52. The actual or potential impact of Scientific Games' PlayCentral Kiosk on the sales, costs, profits, pricing, marketing, market share or sales volumes of GTECH's ITVMs in the United States, including any studies, projections or analyses concerning the actual or potential impact of Scientific Games' PlayCentral Kiosk, during the period for which GTECH seeks damages in this action.

53. The actual or potential impact of products competing with GTECH's ITVMs on the sales, costs, profits, pricing, market share or sales volumes of GTECH in the United States, including any studies, projections, or analyses concerning the actual or potential impact of such competition, during the period for which GTECH seeks damages in this action.

54. All facts, circumstances and information that GTECH intends to rely on to establish any commercial success of the inventions claimed in the '337 patent.

55. All facts, circumstances and information that GTECH intends to rely on to establish any commercial success of the inventions claimed in the '624 patent.

56. Communications to or from GTECH personnel regarding this lawsuit and/or the patents-in-suit, including any communications to or from customers by GTECH personnel involved in sales, marketing, public relations, or government relations.

57. Communications between On-Point and Scientific Games concerning ITVMs.

58. Communications between Interlott and Scientific Games concerning ITVMs.

59. The existence and location of documents relating to the matters set forth in paragraphs 1 to 58.

60. The identity of persons with knowledge of the matters set forth in paragraphs 1 to 58.

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on April 11, 2005, I caused to be electronically filed the Notice Of Deposition Of GTech Corporation Pursuant to Fed. R. Civ. P. 30(b)(6) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899

### BY FEDERAL EXPRESS

>Thomas J. Meloro, Esquire
>Kenyon & Kenyon
>One Broadway
>New York, NY 10004

>*/s/ Rodger D. Smith II*
>Rodger D. Smith II (#3778)
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>rsmith@mnat.com
>   Attorneys for Defendants

REDACTED - PUBLIC VERSION, filed 5/24/05

# EXHIBIT C

REDACTED - PUBLIC VERSION, filed 5/24/05

# REDACTED