**REDACTED - PUBLIC VERSION, filed 5/24/05**

# EXHIBIT D

REDACTED - PUBLIC VERSION, filed 5/24/05


**KENYON & KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 25, 2005

**_By Facsimile_**
Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    ***GTECH Corp. v. Scientific Games International, Inc., et al.***
       ***(D. Del. C.A. No. 04-138-JJF)***

Dear Rodger:

In response to Scientific Games' *Notice of Deposition of GTECH Corporation Pursuant to Rule 30(b)(6)* dated April 11, 2005, we submit on behalf of GTECH the following objections to that notice:

**General Objections**:

1)    GTECH objects to the specified date and location for the deposition as being unduly burdensome. GTECH will agree to produce a witness(es) in response to the deposition notice, subject to the General and Specific Objections specified, at a time and place convenient for the witness(es) and agreed to by counsel.

2)    GTECH objects to each of Scientific Games' "Definitions" and "Topics for Examination" in Exhibit A to the extent that it is inconsistent with, or imposes obligations beyond that required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, the individual rules of Judge Farnan, or any discovery plan that may be agreed to by the parties and approved by the Court, or any other schedule or rulings that may be set forth by the Court.

3)    GTECH objects to each of Scientific Games' "Topics for Examination" in Exhibit A to the extent that it seeks information protected from disclosure under the attorney-client privilege, which are protected as attorney work product, and/or which are otherwise not properly subject to discovery under the Federal Rules of Civil Procedure.

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005·
Page 2



4)      GTECH objects to each of Scientific Games' "Topics for Examination" in Exhibit A to the extent that it seeks confidential or proprietary information of GTECH. GTECH will only produce such information pursuant to the terms of the Stipulated Protective Order entered in this case.

5)      GTECH objects to each of Scientific Games' "Topics for Examination" in Exhibit A to the extent that it calls for information that is confidential or proprietary to, or the trade secret of, a third party, or is covered by a protective order from another litigation or court.

6)      GTECH objects to each of Scientific Games' "Topics for Examination" in Exhibit A as vague, ambiguous, overly broad, unduly burdensome, oppressive, and seeking to impose obligations beyond those permitted by the Federal Rules of Civil Procedure. .

7)      GTECH objects to Scientific Games' definition of GTECH and each of Scientific Games' "Topics for Examination" in Exhibit A to the extent that it calls for information not within the knowledge, possession, custody, and control of GTECH.

8)      GTECH objects to each of Scientific Games' "Topics for Examination" in Exhibit A as being overly broad and unduly burdensome and oppressive to the extent that it is not limited as to time.  Information provided in response to each Topic will be provided only for the relevant time period.

9)      GTECH objects to each of Scientific Games' "Topics for Examination" in Exhibit A to the extent that it seeks information not relevant to the claim or defense of any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

10)     GTECH objections to each of Scientific Games' "Topics for Examination" as unduly burdensome to the extent that it seeks information that is publicly available, uniquely within the control of the Defendants, or equally available to both the Defendants and GTECH, and therefore improperly seeks to extend GTECH's obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules.

11)     GTECH objects to the deposition notice to the extent that the notice, the specific topics, and the instructions and/or definitions contained or incorporated therein, to the extent that it incorporates, and seeks responses based on, erroneous statements of pertinent law.  No response by GTECH is to be construed as agreement with Defendants' erroneous statements of pertinent law.

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 3



12)     GTECH expressly reserves the right to supplement, amend, modify or correct
        these General Objections, as well as its specific objections to the topics listed in
        Defendants' deposition notice.

13)     The General Objections are incorporated by reference into each and every specific
        response to the "Topics for Examination" that follow. GTECH's responses are
        made without waiving any of these General Objections. Furthermore, reference
        to these General Objections in any specific response shall not waive or otherwise
        limit the applicability of these General Objections to each and every other
        response.

**Specific Objections**

        All responses are made on an express reservation of the general objections and responses
set forth above, and any specific objections set forth below. GTECH specifically objects as
listed below to the "Topics for Examination" found in Exhibit A of Scientific' Games notice.

*1. The ownership of the '337 patent.*

GTECH objects to Topic 1 in Exhibit A on the grounds that it is vague, ambiguous, overly broad,
unduly burdensome, and not reasonably calculated to lead to the discovery of admissible
evidence. Subject to the foregoing general and specific objections and without waiver or
limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this
Topic, to the extent the topic is understood and to the extent that any non-privileged, non-
immune information concerning this subject exists and is within the possession, custody or
control of GTECH.

*2. The ownership of the '624 patent.*

GTECH objects to Topic 2 in Exhibit A on the grounds that it is vague, ambiguous, overly broad,
unduly burdensome, and not reasonably calculated to lead to the discovery of admissible
evidence. Subject to the foregoing general and specific objections and without waiver or
limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this
Topic, to the extent the topic is understood and to the extent that any non-privileged, non-
immune information concerning this subject exists and is within the possession, custody or
control of GTECH.

*3. Investigations into the inventorship of the subject matter disclosed and claimed in the '337
patent.*

GTECH objects to Topic 3 in Exhibit A on the grounds that it is vague, ambiguous, overly broad,
unduly burdensome, and not reasonably calculated to lead to the discovery of admissible
evidence. In particular, "investigations" is vague and ambiguous. Subject to the foregoing
general and specific objections and without waiver or limitation thereof, GTECH will produce a
witness(es) to respond to questions concerning this Topic, to the extent the topic is understood

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 4



and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*4. Communications between representatives of GTECH and Robert Burr.*

GTECH objects to Topic 4 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the request is overbroad because it is not restricted in time or subject matter, and the term "representatives" is vague and ambiguous. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*5. Communications between representatives of GTECH and Donald Keagle.*

GTECH objects to Topic 5 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the request is overbroad because it is not restricted in time or subject matter, and the term "representatives" is vague and ambiguous. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*6. Communications between representatives of GTECH and Laird Campbell.*

GTECH objects to Topic 6 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the request is overbroad because it is not restricted in time or subject matter, and the term "representatives" is vague and ambiguous. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*7. Communications between representatives of GTECH and Alfred Fulton.*

GTECH objects to Topic 7 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the request is overbroad because it is not restricted in time or subject matter, and the term "representatives" is vague and ambiguous. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood

Rodger D. Smith, Esq.
April 25, 2005
Page 5



and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*8. Any agreements between GTECH and Robert Burr concerning the '337 patent, the '624 patent, or this litigation.*

GTECH objects to Topic 8 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*9. Any agreements between GTECH and Donald Keagle concerning the '337 patent or this litigation.*

GTECH objects to Topic 9 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*10. Any agreements between GTECH and Laird Campbell concerning the '337 patent or this litigation.*

GTECH objects to Topic 10 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*11. Any agreements between GTECH and Alfred Fulton concerning the '337 patent or this litigation.*

GTECH objects to Topic 11 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 6



immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*12. Communications between GTECH and any third parties concerning the validity or invalidity, infringement or noninfringement, enforceability or unenforceability of the '337 patent.*

GTECH objects to Topic 12 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overbroad and unduly burdensome in that seeks information on all communications with any third parties. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*13. Communications between GTECH and any third parties concerning the validity or invalidity, infringement or noninfringement, enforceability or unenforceability of the '624 patent.*

GTECH objects to Topic 13 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overbroad and unduly burdensome in that seeks information on all communications with any third parties. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*14. GTECH's decision to acquire the '337 patent, including GTECH's due diligence and valuation of the '337 patent.*

GTECH objects to Topic 14 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "decision to acquire" and "due diligence and valuation" are vague and ambiguous. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*15. GTECH's decision to acquire the '624 patent, including GTECH's due diligence and valuation of the '624 patent.*

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 7



GTECH objects to Topic 15 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "decision to acquire" and "due diligence and valuation" are vague and ambiguous. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*16. Interlott's decision to sue On-Point for infringement of the '337 patent.*

GTECH objects to Topic 16 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Interlott's decision to sue" is vague and ambiguous. The request is overly broad and unduly burdensome to the extent it is directed at information not within GTECH's possession, custody, and control. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*17. Interlott's decision to resolve the litigation against On-Point concerning the infringement of '337 patent, and the terms on which that litigation was resolved.*

GTECH objects to Topic 17 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Interlott's decision to resolve" and "terms on which that litigation was resolved" are vague and ambiguous. The request is overly broad and unduly burdensome to the extent it is directed at information not within GTECH's possession, custody, and control. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*18. Interlott's decision to sue Pollard Banknote Limited and Pollard (U.S.) Ltd. for infringement of the '337 patent.*

GTECH objects to Topic 18 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Interlott's decision to sue" is vague and ambiguous. The request is overly broad and unduly burdensome to the extent it is directed at information not within GTECH's possession, custody, and control. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 8



privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*19. Interlott's decision to resolve the litigation against Pollard Banknote Limited and Pollard (U.S.) Ltd. concerning the infringement of the '337 patent, and the terms on which that litigation was resolved.*

GTECH objects to Topic 19 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Interlott's decision to resolve" and "terms on which that litigation was resolved" are vague and ambiguous. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*20. The conception, development, and reduction to practice of the claimed inventions of the '337 patent.*

GTECH objects to Topic 20 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The terms "conception," "development," and "reduction to practice" are vague and ambiguous. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*21. The conception, development, and reduction to practice of the claimed inventions of the '624 patent.*

GTECH objects to Topic 21 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The terms "conception," "development," and "reduction to practice" are vague and ambiguous. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*22. The prosecution of the application for the '337 patent.*

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 9



GTECH objects to Topic 22 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*23. The prosecution of the application for the '624 patent.*

GTECH objects to Topic 23 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*24. Conception, research, design, engineering, development, testing, manufacture, and/or operation of ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point.*

GTECH objects to Topic 24 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs from all time periods, and not merely information relevant to this case or likely to lead to admissible evidence. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*25. Conception, research, design, engineering, development, testing, manufacture, and/or operation of the ticket dispensing apparatus or "burster" used in the ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point.*

GTECH objects to Topic 25 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. "Conception, research, design, engineering, development, testing, manufacture, and/or

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 10



operation" is vague and ambiguous. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs from all time periods, and not merely information relevant to this case or likely to lead to admissible evidence. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

26. *Conception, research, design, engineering, development, testing, manufacture, and/or operation of the customer interface for the ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point.*

GTECH objects to Topic 26 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. "Customer interface" is vague and ambiguous. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs from all time periods, and not merely information relevant to this case or likely to lead to admissible evidence. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

27. *Conception, research, design, engineering, source code, development, testing, manufacture, and/or operation of any programs, code, software, or firmware that are part of, or run on, the ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point.*

GTECH objects to Topic 27 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs from all time periods, and not merely information relevant to this case or likely to lead to

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 11



admissible evidence. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*28. Conception, research, design, engineering, coding, documentation, development, testing, manufacture, and/or operation of any programs, code, software, or firmware that are part of, or run on, the ITVMs made, used, sold, or offered for sale by GTECH, Interlott, and/or On-Point, and that are used to control or operate the ticket dispensing apparatus or "burster."*

GTECH objects to Topic 28 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs from all time periods, and not merely information relevant to this case or likely to lead to admissible evidence. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*29. Conception, research, design, engineering, coding, documentation, development, testing, manufacture, and/or operation of any programs, code, software or firmware that are part of, or run on, the ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point, and that are used to control or operate the customer interface.*

GTECH objects to Topic 29 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs from all time periods, and not merely information relevant to this case or likely to lead to admissible evidence. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*30. Conception, research, design, engineering, coding, documentation, development, testing, and/or operation of any procedures, programs, code, or software that are used to load or*

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 12



*download graphical information, graphics files, and/or graphical display information for use on the ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point, and any procedures and processes used to create such information or files.*

GTECH objects to Topic 27 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs from all time periods, and not merely information relevant to this case or likely to lead to admissible evidence. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*31. The format, creation, layout, and/or design of graphical information, graphics files, and/or graphical display information for use on the ITVMs made, used, sold, or offered for sale by GTECH, Interlott, and/or On-Point, and any procedures and processes used to create such information or files.*

GTECH objects to Topic 31 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs from all time periods, and not merely information relevant to this case or likely to lead to admissible evidence. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*32. Trials, pilots, test deployments, field testing, and/or tests by any state lottery or other customer of the ITVMs made, used, sold, or offered for sale by GTECH, Interlott and/or On-Point, including field test results, maintenance, or defect correction issues.*

GTECH objects to Topic 32 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs from

Rodger D. Smith, Esq.
April 25, 2005
Page 13



all time periods, and not merely information relevant to this case or likely to lead to admissible evidence. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*33. Bids, Proposals, Responses to Request for Proposals, and/or other offers by GTECH, Interlott and/or On-Point to any state lottery or other customer that included, featured, or offered ITVMs during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 33 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*34. Communications between GTECH, Interlott and/or On-Point, and any state lottery or other customer concerning ITVMs during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 34 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 14



*35. Negotiations, contracts and/or agreements between GTECH, Interlott and/or On-Point, and any state lottery or other customer for the purchase, sale, lease, delivery, use, or deployment of ITVMs during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 35 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*36. Negotiations, contracts and/or agreements between GTECH, Interlott and/or On-Point, and any state lottery or other customer, where the contracts or agreements permit or include as an option the sale, lease, purchase, use, or deployment of ITVMs during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 36 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*37. GTECH's revenue, costs, expenses, and profits or losses (gross and net), including forecasted and actual revenue, costs, expenses, and profits and losses generated by GTECH's ITVMs, and how such revenue, costs, expenses, and profits or losses are accounted for and*

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 15



*reported, including but not limited to GTECH's sales, accounting, and financial systems, during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 33 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*38. Marketing, promotion, advertising, and offering for sale of ITVMs in the United States by GTECH, Interlott and/or On-Point during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 38 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*39. The market(s) for ITVMs, the market(s) for products covered by the patents-in-suit, and any market research, studies, or analyses, competitive analysis, sales forecasts, strategic or business plans concerning those markets during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 39 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 16



evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*40. The market for ITVMs in the United States during the period for which GTECH seeks damages in this action, including but not limited to: (a) the size of the market; (b) the identity of each actual and forecasted competitor in the market; (c) the competitive products in the market; (d) the market share of each competitor and each competitive product; (e) the market share of GTECH in relation to each of its competitors; (f) documents concerning competition between Scientific Games and GTECH, or any third-party in the market for ITVMs; and (g) any studies, analyses or evaluations made by or on behalf of GTECH regarding its market share of the ITVM market.*

GTECH objects to Topic 40 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*41. GTECH's pricing, costs, expenses, revenues, and profits attributable to the sale, lease, deployment, delivery, operation or maintenance of ITVMs, and the basis and method for determining such pricing, costs, expenses, revenues, and profits during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 41 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 17



evidence. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*42. The value of GTECH's ITVMs to GTECH, investors in GTECH, or any other third party, including: (a) any opinions and/or analyses ascribing overall value or worth to GTECH's ITVMs; (b) the methods used in such valuations, studies and analyses; (c) the benefits provided to GTECH because of the operation and use of such ITVMs; (d) the increase in customer value attributable from the operation and use of such ITVMs; (e) any impact on GTECH's business as a result of the operation and use of such ITVMs; and (f) any impact on any competitor's business, including GTECH, as a result of the operation and use of Scientific Games' PlayCentral Kiosks.*

GTECH objects to Topic 42 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. "The value of GTECH's ITVMs to GTECH, investors in GTECH, or any other third party" is vague and ambiguous. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*43. The reasons for launching each version of GTECH's ITVMs, including any business plans, revenue forecasts, projections, reports, proposals, studies, market research, or business models performed by or on behalf of GTECH or any third party.*

GTECH objects to Topic 43 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs. The request is also overbroad to the extent it seeks information on

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 18



ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*44. The licenses or agreements entered into by GTECH concerning ITVMs, including: (a) the terms of such licenses or agreements; (b) the purposes for entering into such licenses or agreements; (c) GTECH's licensing policies, whether formal or informal, relating to such licenses or agreements; and (d) all documents relating to licenses pursuant to which GTECH pays or receives royalties.*

GTECH objects to Topic 44 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*45. Any comparisons of ITVMs made, sold, or offered for sale by GTECH, Interlott, and/or On-Point with Scientific Games' PlayCentral Kiosk.*

GTECH objects to Topic 45 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*46. Strategic, business, market and marketing plans, forecasts, surveys, reports and analyses of sales, profits, market share, performance, marketing, positioning, or sales pertaining to GTECH's ITVMs during the period for which GTECH seeks damages in this action.*

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 19



GTECH objects to Topic 47 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overbroad in that it purports to cover all ITVMs. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*47. The marketing, promotion and sale of GTECH's ITVMs in the United States, including training materials, sales aides, marketing or economic studies, materials provided to or from marketing consultants, surveys, brochures, and advertisements, as well as materials provided to sales representatives and customers, during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 47 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overbroad, unduly burdensome, and not directed at relevant or likely to lead to admissible evidence, because GTECH's ITVMs are not the subject of this infringement action. The request is overbroad and unduly burdensome in that it purports to cover all ITVMs. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*48. GTECH's production capacity for ITVMs during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 48 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The phrases "production capacity for ITVMs" is vague and ambiguous. The request is overbroad and unduly burdensome in that it purports to cover all ITVMs. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*49. GTECH's capacity utilization, idle capacity and potential capacity for all ITVM production facilities during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 49 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The phrases "capacity utilization"," idle capacity", and "potential capacity", and

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 20



"ITVM production facilities" are vague and ambiguous. The request is overbroad and unduly burdensome in that it purports to cover all ITVMs. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*50. GTECH's costs of increasing production for ITVMs during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 50 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The phrase "costs of increasing production" is vague and ambiguous. The request is overbroad and unduly burdensome in that it purports to cover all ITVMs. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*51. GTECH's ability or inability to meet demand for ITVMs during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 51 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The phrases "ability to meet demand" is vague and ambiguous. The request is overbroad and unduly burdensome in that it purports to cover all ITVMs. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*52. The actual or potential impact of Scientific Games' PlayCentral Kiosk on the sales, costs, profits, pricing, marketing, market share or sales volumes of GTECH's ITVMs in the United States, including any studies, projections or analyses concerning the actual or potential impact of Scientific Games' PlayCentral Kiosk, during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 52 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The phrases "actual or potential impact" is vague and ambiguous. The request is overbroad and unduly burdensome in that it purports to cover all ITVMs. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 21



understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*53. The actual or potential impact of products competing with GTECH's ITVMs on the sales, costs, profits, pricing, market share or sales volumes of GTECH in the United States, including any studies, projections, or analyses concerning the actual or potential impact of such competition, during the period for which GTECH seeks damages in this action.*

GTECH objects to Topic 53 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The phrases "actual or potential impact" is vague and ambiguous. The request is overbroad and unduly burdensome in that it purports to cover all ITVMs. The "sales, costs, profits, pricing, market share or sales volumes of GTECH in the United States" is overbroad and unduly burdensome. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*54. All facts, circumstances and information that GTECH intends to rely on to establish any commercial success of the inventions claimed in the '337 patent.*

GTECH objects to Topic 54 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The phrase "intends to rely on to establish" is vague and ambiguous. GTECH also objects to the extent that the choice of what facts GTECH intends to rely on is attorney work product. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*55. All facts, circumstances and information that GTECH intends to rely on to establish any commercial success of the inventions claimed in the '624 patent.*

GTECH objects to Topic 55 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The phrase "intends to rely on to establish" is vague and ambiguous. GTECH also objects to the extent that the choice of what facts GTECH intends to rely on is attorney work product. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

REDACTED - PUBLIC VERSION, filed 5/24/05

Rodger D. Smith, Esq.
April 25, 2005
Page 22



*56. Communications to or from GTECH personnel regarding this lawsuit and/or the patents-in-suit, including any communications to or from customers by GTECH personnel involved in sales, marketing, public relations, or government relations.*

GTECH objects to Topic 56 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overbroad and unduly burdensome in that it seeks information on all communications by all personnel. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*57. Communications between On-Point and Scientific Games concerning ITVMs.*

GTECH objects to Topic 57 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

*58. Communications between Interlott and Scientific Games concerning ITVMs.*

GTECH objects to Topic 58 in Exhibit A on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad and unduly burdensome to the extent it is directed on its face at information outside of GTECH's possession, custody, and control. The request is overly broad and unduly burdensome in that it seeks information for all types or models of ITVMs, and not merely information relevant to this case or likely to lead to admissible evidence. The request is also overbroad to the extent it seeks information on ITVMs for which GTECH does not claim damages in this lawsuit. Subject to the foregoing general and specific objections and without waiver or limitation thereof, GTECH will produce a witness(es) to respond to questions concerning this Topic, to the extent the topic is understood and to the extent that any non-privileged, non-immune information concerning this subject exists and is within the possession, custody or control of GTECH.

Rodger D. Smith, Esq.
April 25, 2005
Page 23



*59. The existence and location of documents relating to the matters set forth in paragraphs 1 to 58.*

In addition to all the General Objections, GTECH objects to this request as being unduly burdensome because it is entirely duplicative of requests 1 to 58.

*60. The identity of persons with knowledge of the matters set forth in paragraphs 1 to 58.*

In addition to all the General Objections, GTECH objects to this request as being unduly burdensome because it is entirely duplicative of requests 1 to 58.

Sincerely,

Larissa A. Soccoli