IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,

       Plaintiff,

       v.

SCIENTIFIC GAMES INTERNATIONAL,
INC., SCIENTIFIC GAMES HOLDINGS
CORPORATION, SCIENTIFIC GAMES
FINANCE CORPORATION, and
SCIENTIFIC GAMES CORPORATION,

       Defendants.

C.A. No. 04-138-JJF

## DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM DISCLOSING SCIENTIFIC GAMES' CONFIDENTIAL INFORMATION TO JOSEPH C. PERIN, JR.

Pursuant to paragraph 7(c) of the Stipulated Protective Order (D.I. 26), defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") move to preclude plaintiff GTECH Corporation ("GTECH") from disclosing Scientific Games' Confidential Information to Joseph C. Perin, Jr.

1.      GTECH notified Scientific Games on May 20, 2005, that it intends to disclose Scientific Games' Confidential Information to Mr. Perin under the Stipulated Protective Order (Ex. A).

2.      On May 31, 2005, Scientific Games objected to the disclosure of its Confidential Information to Mr. Perin (Ex. B). Mr. Perin is not an "independent consultant[] or expert[]" under paragraph 6(b) of the Stipulated Protective Order (*id.*). Mr. Perin was employed by GTECH until a few months ago (as recently as October 2004), and is a named inventor on a number of lottery-related patents, which Scientific Games believes are now owned by GTECH

(*id.*).  Permitting Mr. Perin to have access to Scientific Games' Confidential Information may put Scientific Games' Confidential Information at risk, and cause Scientific Games serious competitive harm.

3.    GTECH claims that Mr. Perin's lottery-related patents are not a basis for disqualifying him because the patents "are not asserted in this litigation" (Ex. C).  In response, Scientific Games asked GTECH to covenant not to sue Scientific Games on Mr. Perin's patents (Ex. D).  GTECH declined (*id.*).

4.    Mr. Perin's patents involve technology related to the technology of at least one of the patents in suit.  Four of Mr. Perin's patents expressly incorporate the ticket dispensing mechanism of the '337 patent -- which GTECH has asserted in this litigation.  *See* U.S. Patent No. 5,943,241 (Ex. E), col. 4, ll. 63-64 ("The ticket dispensers are substantially as described in U.S. Pat. No. 4,982,337 . . . .");  U.S. Patent No. 6,351,688 (Ex. F), col. 5, ll. 42-43 ("The ticket dispensers are substantially as described in U.S. Pat. No. 4,982,337 . . . .");  U.S. Patent No. 6,356,794 (Ex. G), col. 6, ll. 10-11 ("The ticket dispensers are substantially as described in U.S. Pat. No. 4,982,337 . . . .");  and U.S. Patent No. 6,038,492 (Ex. H), col. 5, ll. 2-3 ("The ticket dispensers are substantially as described in U.S. Pat. No. 4,982,337 . . . .").

5.    GTECH should not be allowed to have its cake and eat it too.  GTECH should not be permitted to provide Mr. Perin with access to Scientific Games' Confidential Information, and at the same time reserve its right to sue Scientific Games in the future on his patents.  If GTECH wishes to use Mr. Perin as an expert in this litigation and disclose Scientific Games' Confidential Information to him, GTECH should be required to provide Scientific Games with a covenant not to sue on Mr. Perin's patents.

CONCLUSION

6.    Scientific Games requests that the Court enter an order precluding GTECH from disclosing Scientific Games' Confidential Information to Mr. Perin.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____ /s/ Rodger D. Smith II_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith (#3778)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
    Attorneys for Defendants

June 6, 2005
468455

3

<u>RULE 7.1.1. CERTIFICATE</u>

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the plaintiff, and that it has not been resolved.


_____*/s/ Rodger D. Smith II*_____
Rodger D. Smith II (#3778)

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on June 6, 2005, I caused to be electronically filed Defendants' Motion To Preclude Plaintiff From Disclosing Scientific Games' Confidential Information to Joseph C. Perin, Jr. with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

### BY FEDERAL EXPRESS

> Thomas J. Meloro, Esquire
> Kenyon & Kenyon
> One Broadway
> New York, NY 10004

> _/s/ Rodger D. Smith II_
> Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> rsmith@mnat.com
>   Attorneys for Defendants