# EXHIBIT A



**KENYON & KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

May 20, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:  *GTECH Corp. v. Scientific Games International, Inc., et al.*
     *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

Pursuant to paragraph 7 of the *Stipulated Protective Order* entered in this case, enclosed please find a copy of the signed Undertaking for Joseph C. Perin, Jr. and his *curriculum vitae*.

Sincerely,

Larissa A. Soccoli

Encls.

cc: Josy Ingersoll, Esq.

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION, | : |
| Plaintiff, | : |
| v. | : C.A. No. 04-138-JJF |
| SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION, | : |
| Defendants. | : |

I, _Jos. C. Peeni, Jr._, hereby declare that:

1. I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the District of Delaware, in the above-captioned matter.

2. I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information to any person who is not permitted to have access to such Confidential Information by this Order, as applicable.

3. Upon final determination of this action, I will destroy all Confidential Information received by me within sixty (60) days after filing of the final order, or I will return such Confidential Information within sixty (60) days to the Designating Party. If I destroy such Confidential Information, I agree to send a letter to the Designating Party confirming the same.

4. I understand that a violation of this Undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

732083v1

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: MAY 17, 2005

[signature] *(signed)*

JOSEPH C. PERIN, JR.
(print or type name)

Title: PROFESSIONAL ENGINEER
Business Affiliation:
Address: 9781 COOPER WOODS CT., CINCINNATI, OH 45241
Phone: 513.984.8887

732083v1

2

*JOSEPH C. PERIN, JR., P.E.*
*9781 COOPER WOODS CT.*
*CINCINNATI, OH 45241*
*H#513.984.8887*
*JOSEPH.PERIN@FUSE.NET*

**EXPERIENCE**
**2004-PRESENT**

    HARRIS CORP., BROADCAST COMMUNICATIONS DIV., MASON, OH.
    SOFTWARE ENGINEER, PRODUCT DEVELOPMENT, NETWORKING GROUP.
    Responsible for resolving existing defects and refining feature set of the Shelf Control Module (SCM-1) which provides SNMP agent support for the Intraplex family of T1/E1 data transmission products. Product is a multi-tasking PowerPC-based card sporting an Ethernet port that allows secure access and control via Web browser, Telnet session, SNMP Manager, and/or IntraGuideIP Host.

**1995-2004** GTECH CORP./INTERLOTT TECHNOLOGIES, INC., MASON, OH.
    SEPT. 2003-OCT. 2004, SR. SOFTWARE ENGINEER, GTECH
    <<<GTECH ACQUIRES INTERLOTT 09/18/2003>>>
    DEC. 2000-SEPT. 2003, SOFTWARE ENGINEERING MANAGER, INTERLOTT
    DEC. 1995-DEC. 2000, DIRECTOR OF ENGINEERING, INTERLOTT
    SEPT. 1995-DEC. 1995, ENGINEERING PROJECT MANAGER, INTERLOTT

Maintained dual roles on small engineering staff serving as both a principal technical contributor and technical manager (project, program, and staff).

<u>Departmental management</u>. Assign personnel to projects/tasks, monitor and review performance, advise administration regarding progress and estimated completion dates. Evaluate departmental needs as regard tools and personnel, weighing resource requirements against budgetary constraints. Procure and integrate new resources into departmental workflow.

<u>Contract management</u>. When departmental workload assumes proportions that overwhelm internal resources, assign tasks to technical contractors, monitor and review performance, and test and integrate contractor output.

<u>Project management</u>. Formulate and administer technical development plan to move project from concept to completion. Guided multiple models through standards compliance testing (FCC, UL, CSA, CUL, CE).

<u>Technical unit contributor</u>. Complete technical duties as member of project team.

<u>Product maintenance</u>. Support Production and Field Service with Engineering support as required.

<u>Product/Project advisory function</u>. When Sales is presented with new opportunities and new markets which they feel can be attacked only by new products or variants of current products, outline technical options for Sales and Administration, estimating technical difficulty of and resource requirements for each. Conversely, if Engineering, independent of Sales/Administration, recognizes a potential opportunity, issue new product/project proposal to Sales/Administration.

### GTECH/Interlott Highlights:

- VuLink. Led "connectivity" project endowing Interlott ITVMs with ability to communicate with GTECH on-line lottery terminals and central system.
- ACS. Led "connectivity" project endowing Interlott ITVMs with ability to communicate with Interlott host by way of dial-up.
- SmartLoad/SmartLoadPlus. Developed integrated, scanner-capable, table-driven load feature.
- ParallelLinePrinterController PCB. HW/SW, retention of backward compatibility.
- Peripherals. Highly familiar with wide range of vending equipment peripherals including bill acceptors, coin acceptors, character/graphic displays, modems, printers, scanners, motors, encoders, sensors, etc.
- SCDM. Smart Card Dispensing Machine development team leader.

**1990-1995 RONAN ENGINEERING CO./MEASUREMENTS DIV., FLORENCE, KY.**
**PROJECT ENGINEER.** Principal engineer, analog/digital circuit design, software development for industrial instrumentation and control equipment OEM. Projects incorporated both Intel and Motorola family microcontrollers and CPLDs to perform embedded sensing, computation, control, and communications functions. Developed PC-based firmware for use in in-house production/assembly test beds. Developed new product proposals outlining preliminary specifications and projected resource requirements. Identified, qualified, approved, and procured engineering design/analysis tools and lab test instrumentation. Prepared budgets, cost estimates, and amortization schedules for same. Assist in Novell network management and administration functions. Aided in development of formal procedures for design specification, review, and release in preparation for ISO 9000 registration.

**1987-1990 THE OHMART CORP., CINCINNATI, OH.**
**ELECTRONIC DESIGN ENGINEER, INSTRUMENTS GROUP.**
Analog/digital circuit design/analysis. Project responsibility for "sensor" clusters incorporating a variety of transducers (temperature, light, radiation). Firmware development for MCS-51-based smart sensors. Developed variety of test fixtures for use by manufacturing to qualify products. Served as engineering liaison on interdepartmental "concurrent engineering" team formed to better move new product from development to market.

**1984-1986 GENERAL ELECTRIC CORP./AEBG, EVENDALE, OH.**
**ENGINEERING CO-OP, COMMERCIAL COMBUSTION DESIGN.**
Conducted design studies of critical ignition system components using electromagnetic FEA tools, thus detecting problem regions and proposing design improvements. Reviewed vendor requests for design and manufacturing changes, submitting recommendations (accept/reject) and bases for such. A method to improve energy transfer efficiency of ignition systems resulted in first patent. Sponsored by GE to attend VAX/VMS and DSP training seminars.

**1983-1984 STELLAR SYSTEMS, INC., CINCINNATI, OH.**
  **ENGINEERING CO-OP.** Fabricated prototype of SSI's i8096 In-Circuit Emulator. Developed assembly language code for various test fixtures. Assisted in layout of multi-layer through-hole and surface mount PCBs.

| | | |
|---|---|---|
| **EDUCATION** | 1988-9 | Graduate courses, College of Engineering, University of Cincinnati |
| | 1987 | B.S.E.E., College of Engineering, University of Cincinnati |
| | 1982 | B.S. Marketing, Northern Kentucky University |
| **PATENTS** | 6,356,794 | Item Dispensing System Network |
| | 6,351,688 | Item Dispensing System |
| | 6,038,492 | Item Dispensing System |
| | 5,943,241 | Item Dispensing System |
| | 5,166,477 | Cable & Termination for High Voltage & High Frequency Apps |

**PROFESSIONAL SOCIETIES**
P.E., Ohio State Board of Registration for Professional Engineers
Senior Member, Institute of Electrical and Electronics Engineers
Member, Computer Society, Institute of Electrical and Electronics Engineers

**TOOLKIT**
Programming Languages: C/C++, VB, ASM
Scripting Tools: VBA, VisualDialog
Debuggers/Simulators
Version Control: MKS Source Integrity, MS Visual Source Safe, WinCVS
PCB Design: Protel, Orcad, Pads
Instrumentation: ICE, Logic Analyzer, Line Monitor, O-Scope, Spectrum Analyzer
Project Management: MS Project
Data Base: MS Access

**REFERENCES**     Available upon request

...End of resume...

# EXHIBIT B

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH
302 575 7205
302 498 6209 Fax
rsmith@mnat.com

May 31, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

Re: GTECH Corp. v. Scientific Games International, Inc., et al.,
C.A. No. 04-138-JJF

Dear Larissa:

Pursuant to paragraph 7(c) of the Protective Order in this case, I am writing to object to the disclosure of Scientific Games' Confidential Information to Joseph C. Perin, Jr. We believe that disclosure of Scientific Games' Confidential Information to Mr. Perin will put the confidentiality of that information at risk, and cause Scientific Games competitive harm. Mr. Perin has a number of years of experience in the lottery business, having worked for GTECH and Interlott -- Scientific Games' competitors -- as recently as October 2004. He is also a named inventor on a number of lottery-related patents, which are presumably now owned by GTECH. Thus, we do not believe that Mr. Perin meets the definition of an "independent consultant[] or expert[]" under paragraph 6(b) of the Protective Order, and Scientific Games cannot agree to put itself at a competitive disadvantage by permitting Mr. Perin to have access to its Confidential Information. Please call me to discuss this matter.

Sincerely,

Rodger D. Smith

RDS/dal
467608

# EXHIBIT C

## Rodger D. Smith

**From:** Ringel, Douglas [DRingel@kenyon.com]
**Sent:** Friday, June 03, 2005 6:18 PM
**To:** Rodger D. Smith
**Cc:** Jack B. Blumenfeld
**Subject:** GTECH v Scientific Games -- Jay Perin

Dear Rodger,
Further to our conversation of earlier today, this will confirm that, other than his engagement with respect to this litigation, Mr. Perin does not currently do any work with respect to the technology that is the subject matter of this litigation, ITVM bursters and user interfaces. In fact, Mr. Perin has not worked for GTECH since leaving the company last year. The patents on which Mr. Perin is an inventor are not asserted in this litigation and are not grounds for disqualification.

We trust that the above information resolves any issue you have with respect to Mr. Perin. We ask that you promptly withdraw your objection to him.

Sincerely,
Doug


Douglas E. Ringel, Esq.
Kenyon & Kenyon
1500 K Street, N.W.
Washington, D.C. 20005
Tel: (202) 220-4225
Fax: (202) 220-4201

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

6/6/2005

# EXHIBIT D

## Rodger D. Smith

| | |
|---|---|
| **From:** | Ringel, Douglas [DRingel@kenyon.com] |
| **Sent:** | Saturday, June 04, 2005 9:03 AM |
| **To:** | Rodger D. Smith |
| **Cc:** | Jack B. Blumenfeld |
| **Subject:** | RE: GTECH v Scientific Games -- Jay Perin |

Other than his engagement for this litigation, Mr. Perin currently does no consulting or other work for GTECH. GTECH does not agree to give Scientific Games a covenant not to sue.
Doug

---

**From:** Rodger D. Smith [mailto:RSmith@MNAT.com]
**Sent:** Saturday, June 04, 2005 8:50 AM
**To:** Ringel, Douglas
**Cc:** Jack B. Blumenfeld
**Subject:** RE: GTECH v Scientific Games -- Jay Perin

Doug,

Please let us know whether Mr. Perin has any ongoing consulting or other financial relationship with GTECH -- whether or not it relates to the subject matter of this litigation. In addition, I am assuming from your response that GTECH is not willing to provide Scientific Games with a covenant not to sue on the patents on which Mr. Perin is a named inventor.

Regards,
Rodger

> -----Original Message-----
> **From:** Ringel, Douglas [mailto:DRingel@kenyon.com]
> **Sent:** Friday, June 03, 2005 6:18 PM
> **To:** Rodger D. Smith
> **Cc:** Jack B. Blumenfeld
> **Subject:** GTECH v Scientific Games -- Jay Perin
>
> Dear Rodger,
> Further to our conversation of earlier today, this will confirm that, other than his engagement with respect to this litigation, Mr. Perin does not currently do any work with respect to the technology that is the subject matter of this litigation, ITVM bursters and user interfaces. In fact, Mr. Perin has not worked for GTECH since leaving the company last year. The patents on which Mr. Perin is an inventor are not asserted in this litigation and are not grounds for disqualification.
>
> We trust that the above information resolves any issue you have with respect to Mr. Perin. We ask that you promptly withdraw your objection to him.
>
> Sincerely,
> Doug
>
>
> Douglas E. Ringel, Esq.
> Kenyon & Kenyon
> 1500 K Street, N.W.
> Washington, D.C. 20005

6/6/2005

Tel: (202) 220-4225
Fax: (202) 220-4201

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

.....

This message, including any accompanying documents or attachments, may contain information that is confidential or that is privileged. If you are not the intended recipient of this message, please note that the dissemination, distribution, use or copying of this message or any of the accompanying documents or attachments is strictly prohibited. If you believe that you may have received this message in error, please contact me at (302) 658-9200 or by return e-mail.

.....

6/6/2005