IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>Defendants. | C.A. No. 04-138-JJF |

**DEFENDANTS' EMERGENCY MOTION TO PRECLUDE PLAINTIFF FROM ASSERTING NEW PATENT CLAIMS OR, IN THE ALTERNATIVE, TO AMEND THE SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 37, defendants (collectively, "Scientific Games") move to preclude plaintiff GTECH Corporation from asserting new patent claims for the first time *six weeks after the Court-ordered deadline for disclosing contentions, two weeks after the close of fact discovery, and just before opening expert reports are currently due*.

1.  GTECH filed this action on March 4, 2004 (D.I. 1). On July 9, 2004, Scientific Games served contention interrogatories seeking, *inter alia*, GTECH's infringement and claim construction contentions (Ex. A at 2-3). GTECH responded on August 16, 2004, by identifying four claims -- claims 20, 21 and 28 of the '337 patent and claim 18 of the '624 patent (Ex. B). GTECH did not explain the basis for its infringement contentions, stating that "[d]etails of claims of infringement are more appropriately addressed in expert discovery" (*id.* at 4). GTECH also refused to provide claim construction contentions, stating that "[t]he Court's scheduling order provides a scheduled period for claim construction briefing" (*id.* at 9).

2. Scientific Games wrote to GTECH on August 30 and September 28, 2004, and pointed out the deficiencies in GTECH's interrogatory responses (Ex. C & D). GTECH refused, however, to supplement its interrogatory answers.

3. The Court then entered an Order requiring the parties to complete contention interrogatories and identify fact witnesses by April 29, 2005 (D.I. 50, ¶ 1(b)). In compliance with that Order, Scientific Games supplemented its contention interrogatory responses on April 29, 2005, providing GTECH with a detailed explanation of Scientific Games' noninfringement and invalidity contentions, with respect to the four asserted claims (Ex. E). GTECH also served "supplemental responses" on April 29, but said nothing about infringement or claim construction (Ex. F).

4. On May 4, 2005, Scientific Games moved to preclude GTECH from relying on any contentions not disclosed before the April 29, 2005 Court-ordered deadline (D.I. 64). GTECH still refused to disclose its infringement or claim construction contentions.

5. The Court-ordered deadline for fact discovery was May 27, 2005 (D.I. 50, ¶ 1(d)). GTECH served "supplemental responses" to some interrogatories that day (Ex. G). But, again, GTECH said nothing about infringement or claim construction (*id.*).

6. Then, at 10:50 p.m. last Friday, June 10, 2005, six weeks after the Court-ordered deadline for disclosing contentions, two weeks after the close of fact discovery, and just days before opening expert reports are currently due, GTECH supplemented its response to Interrogatory No. 1 to assert two new independent claims (claims 22 and 24 of the '337 patent) for the first time, and to assert entirely new contentions with respect to earlier asserted claims (Ex. H). Even then, GTECH said that "all the claims to be asserted in this Action cannot yet be

known" (*id.*). GTECH still did not answer Interrogatories Nos. 2 and 3 asking for GTECH's contentions as to claim construction and means-plus-function limitations (*id.*).

7. Before late last Friday night, GTECH never hinted that it would assert claims 22 and 24 of the '337 patent. Thus, Scientific Games had no opportunity to take discovery with respect to those claims, to assess any infringement or validity issues, or to discuss those claims with its experts. Scientific Games also made fundamental litigation decisions -- such as what discovery to pursue and whether to rely on the advice of counsel -- without knowing that GTECH would assert those claims.

8. GTECH should be precluded from asserting patent claims and making contentions that it did not disclose until long after the April 29, 2005 deadline for disclosing contentions. *See, e.g., Georgia-Pacific Corp. v. U.S. Gypsum Co.*, C.A. No. 94-489-RRM, 1996 U.S. Dist. LEXIS 22616, at *33-35 (D. Del. Dec. 27, 1996) (precluding defendants from advancing certain invalidity defenses because of failure to comply with deadlines for discovery) (Ex. I); *Tracinda Corp. v. DaimlerChrysler AG*, C.A. No. 00-993-JJF, 2005 U.S. Dist. LEXIS 6741, at *6 (D. Del. April 20, 2005) (imposing sanctions for failure to comply with discovery and scheduling orders) (Ex. J).

9. The Federal Rules provide an automatic exclusion sanction for failure to comply with such discovery obligations. *See* Fed. R. Civ. P. 37(c)(1). In *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87 (S.D.N.Y. 2002), the patentee asserted a new patent claim a month after the close of fact discovery and just weeks before expert reports were due. Noting that the purpose of the discovery rules "is to avoid 'surprise' or 'trial by ambush,'" the court granted a motion to preclude the assertion of that claim because: (1) the patentee had failed to identify the claim until after discovery had closed; (2) the alleged infringer had been

deprived of the opportunity for fact discovery and to have its expert assess the issue at the last minute without the benefit of discovery; and (3) there was no valid reason why the discovery had not timely been provided. *Id.* at 95-96. This Court should reach the same result here.

10. If the Court nevertheless permits GTECH to assert new claims and contentions, Scientific Games requests that the Court permit Scientific Games to take additional discovery. Scientific Games also requests that the Court extend the dates in the scheduling order (for expert reports, summary judgment briefs, claim construction briefs, etc.) for two months to permit that discovery. Finally, Scientific Games requests that the Court order that GTECH pay any costs associated with reopening depositions caused by GTECH's failure to comply with the Court-ordered deadlines.

## CONCLUSION

11. Scientific Games requests that the Court preclude GTECH from asserting claims or contentions that it failed to disclose before the Court-ordered April 29, 2005 deadline for doing so. If the Court nevertheless permits GTECH to assert new claims and contentions, the Court should (a) permit Scientific Games to take additional discovery concerning the new claims and contentions; (b) extend the remaining dates in the schedule by two months; and (c) order that GTECH pay any costs incurred in reopening depositions as a result of GTECH's failure to comply with the Court's deadlines.[1]

---

[1] GTECH may suggest that its failure to comply with the Court's deadlines was due to delays in receiving discovery from Scientific Games. GTECH's excuses are just that -- excuses. The vast majority of documents on which GTECH now relies for its infringement contentions (*see* Ex. H) were produced many months ago. Indeed, several of the documents on which GTECH relies are photographs taken by GTECH in January 2004, before this lawsuit was filed (Ex. K). GTECH also relies extensively on Mr. Behm's deposition as the basis for its infringement contentions (*see* Ex. H). GTECH twice rejected proposed dates for Mr. Behm's deposition, and requested that Mr. Behm be produced for deposition on May 27, 2005, the last day of fact discovery.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Rodger D. Smith II*
Jack B. Blumenfeld (#1014)
Rodger D. Smith (#3778)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
   Attorneys for Defendants

June 13, 2005
469553

## RULE 7.1.1. CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the plaintiff, and that it has not been resolved.

                                            */s/ Rodger D. Smith II*
                                            Rodger D. Smith II (#3778)

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on June 13, 2005, I caused to be electronically filed Defendants' Motion To Preclude Plaintiff From Asserting New Patent Claims with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899

### BY FEDERAL EXPRESS

>Thomas J. Meloro, Esquire
>Kenyon & Kenyon
>One Broadway
>New York, NY 10004

>*/s/ Rodger D. Smith II*
>Rodger D. Smith II (#3778)
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>rsmith@mnat.com
>   Attorneys for Defendants