# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>Defendants. | Civil Action No. 04-138-JJF |

## PLAINTIFF GTECH CORPORATION'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 8, 9, 10, 11, 12, AND 14)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, GTECH Corporation ("GTECH"), hereby serves the following supplemental objections and responses to Defendants', Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Defendants"), Interrogatories Nos. 8, 9, 10, 11, 12, and 14.

## GENERAL OBJECTIONS

GTECH incorporates by reference the General Objections set forth in its *Response to Defendants' First Set of Interrogatories* dated August 18, 2004.

## SUPPLEMENTAL RESPONSES

**Interrogatory No. 8**

For each asserted claim of the Patents-in-Suit, describe in detail the first embodiment of each claimed invention in the United States, identify by name or other designation each product that GTECH contends embodies any claimed invention and the claims allegedly embodied, identify when each such embodiment was first offered for sale, sold, publicly used or disclosed, and the circumstances surrounding the offer, sale, use or disclosure, and identify each person with knowledge relating to these facts and each document relating to these facts.

**Supplemental Response No. 8**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, GTECH specifically objects to the term "each asserted claim" as being vague since discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known. GTECH objects to the terms "the first embodiment of each claimed invention", "embodies any claimed invention", "claims allegedly embodied", "each such embodiment", and "circumstances surrounding", as vague, ambiguous, and overbroad.

Subject to the General Objections and the foregoing specific objections, GTECH has already produced or will produce available non-privileged documents from which information responsive to this interrogatory may be derived or ascertained. Persons having knowledge of the facts concerning this upon which GTECH intends to rely include Robert Burr, Brian Roberts, Ed Turek, George Voutes, David Wagoner, and Robert Nealon.

2

**Interrogatory No. 9**

State whether GTECH will rely on any secondary considerations or objective indicia of nonobviousness of any asserted claim of the Patents-in-Suit and, if so, state in detail GTECH's contentions with respect to each such consideration or indicia, state each fact supporting GTECH's contentions, and identify each person with knowledge of each such fact and each document relating to that fact.

**Supplemental Response No. 9**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this Interrogatory to the extent that it seeks documents and information protected from disclosure by the attorney-client privilege or work product doctrine and to the extent that it is premature given the current phase of the case. Additionally, GTECH specifically objects to the term "any asserted claim" as being vague since discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known.

Subject to the General Objections and the foregoing specific objections, GTECH responds that it intends to rely on secondary considerations or objective indicia of nonobviousness including the following: commercial success, long-felt need and failure of others, commercial acquiescence and licensing, professional approval, and copying. Persons having knowledge of the facts concerning this upon which GTECH intends to rely include Ed Turek, Brian Roberts, and Robert Burr.

3

**Interrogatory No. 10**

For each asserted claim of the Patents-in-Suit, identify the field of the invention, state the level of ordinary skill in the art, state each fact relating to your contention, and identify each person with knowledge of that fact and each document relating to that fact.

**Supplemental Response No. 10**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, GTECH objects to the terms "field of the invention" as vague and overly broad. Additionally, GTECH specifically objects to the term "each asserted claim" as being vague since discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known. GTECH specifically objects to this interrogatory because it is a compound interrogatory which asks discrete questions that should have been asked, and should be counted, as separate interrogatories.

GTECH further objects to the extent that this interrogatory is premature given the current stage of the case and is more appropriately the subject of expert discovery, for which a schedule has been set by the Court.

**Interrogatory No. 11**

State each fact supporting your allegation that GTECH has been or is being damaged by the alleged infringement of the Patents-in-Suit, state the nature and amount of the damages allegedly incurred, describe in detail the calculation of the amount of damages, including but not limited to the methods and factors used in the calculation, and identify each person with knowledge of each such fact and each document relating to that fact.

4

**Supplemental Response No. 11**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

As to the extent of the injury suffered and the amount of damages, GTECH objects to the extent that this interrogatory is more appropriate for expert discovery, for which a schedule has been set by the Court.

Subject to the General Objections and the foregoing specific objections, GTECH has produced or will produce available non-privileged documents from which information responsive to this interrogatory may be derived or ascertained. GTECH's further states that its claim for damages includes that it is entitled to not less than a reasonable royalty including lost profits. Persons having knowledge of the facts concerning this upon which GTECH intends to rely include Patrick Costaregni and George Voutes.

**Interrogatory No. 12**

State each fact supporting your allegation that defendants' infringement of the Patents-in-Suit "has been and will be willful," and identify each person with knowledge relating to each such fact and each document relating to that fact.

**Supplemental Response No. 12**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to General Objections and the foregoing specific objections, GTECH states that Defendants have had knowledge of their willful conduct and are in the best position to

5

supply information responsive to this request. On information and belief, GTECH asserts that Scientific Games has been aware of the patents-in-suit as least as early as its 1997 business interaction with On-Point Technologies regarding ticket vending machines. Further, Scientific Games witnesses have testified that they were aware of the patents in suit before the launch of the PlayCentral. Notwithstanding, Scientific Games continued to make, use, sell, offer to sell, lease, or otherwise make available for the use of others the infringing PlayCentral product. Moreover, Scientific Games has not elected to rely upon a produced opinion of counsel and therefore cannot advance an advice of counsel defense to GTECH's willfulness claim.

**Interrogatory No. 14**

Identify each product that you contend competes with the PlayCentral Kiosk, describe the markets in which it competes, and identify each person with knowledge of that product and each document relating to that product.

**Supplemental Response No. 14**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically "competes with" and "relating to" are vague and ambiguous.

GTECH also objects to this interrogatory to the extent it is premature, and calls for information more appropriately obtained in expert discovery, for which the Court has set a schedule.

Subject to the General Objections and the foregoing specific objections, products which compete with the PlayCentral Kiosk include GTECH's GamePoint™ and EDS-Q™ ticket vending machine compete with the PlayCentral Kiosk. Persons having knowledge of facts

concerning this upon which GTECH intends to rely include George Voutes, Robert Nealon, and David Wagoner.

Dated: April 29, 2005

        As to objections:

        YOUNG CONAWAY STARGATT & TAYLOR, LLP
        Josy W. Ingersoll (#1088)
        The Brandywine Building
        1000 West Street, 17th Floor
        P.O. Box 391
        Wilmington, Delaware 19899-0391
        Telephone: 302-571-6600
        Facsimile: 302-571-1253

        */s/ Larissa A. Soccoli*

        KENYON & KENYON
        Thomas J. Meloro
        Larissa A. Soccoli
        Andrew L. Reibman
        One Broadway
        New York, New York 10004
        Telephone: (212) 425-7200
        Facsimile: (212) 425-5288

## CERTIFICATE OF SERVICE

I, Phillip K. Lum, hereby certify that on this 29thd day of April, 2005, I did cause a true and correct copy of Plaintiff GTech's Supplemental Responses to Defendants' First Set of Interrogatoreis (Nos. 8, 9, 10, 11, 12, and 14) to be served by overnight courier on the following:

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht, & Tunnell
1201 N. market Street
Wilmington, DE  19801

_____
Phillip K. Lum

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION, <br><br> Defendants. | Civil Action No. 04-138-JJF |

### PLAINTIFF GTECH CORPORATION'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NO. 4) AND SECOND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 8, 9, AND 11)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, GTECH Corporation ("GTECH"), hereby serves the following second supplemental objections and responses to Defendants', Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Defendants"), Interrogatories Nos. 8, 9, and 11.

### GENERAL OBJECTIONS

GTECH incorporates by reference the General Objections set forth in its *Response to Defendants' First Set of Interrogatories* dated August 18, 2004.

## SUPPLEMENTAL RESPONSES

**Interrogatory No. 4**

State the date of conception and reduction to practice of each asserted claim of the Patents-in-Suit, describe in detail the circumstances surrounding the conception and reduction to practice of that claim, state whether there was diligence from conception to reduction to practice, and if there was, state each fact relating to such diligence, and identify each person with knowledge of any fact relating to conception, reduction to practice or diligence, and identify each document relating to conception, reduction to practice or diligence.

**Supplemental Response No. 4**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The conception and reduction to practice of the invention is not relevant to any presently asserted claim or defense in the case. GTECH further objects to this Interrogatory to the extent that it is premature given the early stages of the litigation. Additionally, GTECH specifically objects to the term "each asserted claim" as being vague since discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known.

Subject to the General Objections and the foregoing specific objections, GTECH states that it will rely on a date not later than February 17, 1989 for the '624 Patent and December 3, 1987 for the '337 Patent. Persons having knowledge of the facts concerning this upon which GTECH intends to rely include Robert Burr, Ed Turek and Alfred Fulton.

2

**Interrogatory No. 8**

For each asserted claim of the Patents-in-Suit, describe in detail the first embodiment of each claimed invention in the United States, identify by name or other designation each product that GTECH contends embodies any claimed invention and the claims allegedly embodied, identify when each such embodiment was first offered for sale, sold, publicly used or disclosed, and the circumstances surrounding the offer, sale, use or disclosure, and identify each person with knowledge relating to these facts and each document relating to these facts.

**Second Supplemental Response No. 8**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, GTECH specifically objects to the term "each asserted claim" as being vague since discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known. GTECH objects to the terms "the first embodiment of each claimed invention", "embodies any claimed invention", "claims allegedly embodied", "each such embodiment", and "circumstances surrounding", as vague, ambiguous, and overbroad.

Subject to the General Objections and the foregoing specific objections, GTECH has already produced or will produce available non-privileged documents from which information responsive to this interrogatory may be derived or ascertained. Persons having knowledge of the facts concerning this upon which GTECH intends to rely include Robert Burr, Brian Roberts, Ed Turek, George Voutes, David Wagoner, Alfred Fulton, and Robert Nealon.

**Interrogatory No. 9**

State whether GTECH will rely on any secondary considerations or objective indicia of nonobviousness of any asserted claim of the Patents-in-Suit and, if so, state in detail GTECH's contentions with respect to each such consideration or indicia, state each fact supporting GTECH's contentions, and identify each person with knowledge of each such fact and each document relating to that fact.

**Supplemental Response No. 9**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this Interrogatory to the extent that it seeks documents and information protected from disclosure by the attorney-client privilege or work product doctrine and to the extent that it is premature given the current phase of the case. Additionally, GTECH specifically objects to the term "any asserted claim" as being vague since discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known.

Subject to the General Objections and the foregoing specific objections, GTECH responds that it intends to rely on secondary considerations or objective indicia of nonobviousness including the following: commercial success, long-felt need and failure of others, commercial acquiescence and licensing, professional approval, and copying. Persons having knowledge of the facts concerning this upon which GTECH intends to rely include Ed Turek, Brian Roberts, David Wagoner, Robert Nealon, Patrick Costaregni, George Voutes, and Robert Burr.

**Interrogatory No. 11**

State each fact supporting your allegation that GTECH has been or is being damaged by the alleged infringement of the Patents-in-Suit, state the nature and amount of the damages allegedly incurred, describe in detail the calculation of the amount of damages, including but not limited to the methods and factors used in the calculation, and identify each person with knowledge of each such fact and each document relating to that fact.

**Supplemental Response No. 11**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

As to the extent of the injury suffered and the amount of damages, GTECH objects to the extent that this interrogatory is more appropriate for expert discovery, for which a schedule has been set by the Court.

Subject to the General Objections and the foregoing specific objections, GTECH has produced or will produce available non-privileged documents from which information responsive to this interrogatory may be derived or ascertained. GTECH further states that its claim for damages includes that it is entitled to not less than a reasonable royalty including lost profits. Specifically, GTECH states that Defendants have been awarded contracts to deploy ITVM's in several states, including Colorado, Georgia, Tennessee, and Pennsylvania, and that but for Defendants' infringement, ITVM's would have been purchased from GTECH for deployment in those states. Accordingly, because of Defendants' infringement, GTECH (which includes Interlott, which GTECH acquired) suffered lost profits equal to the amount of profits GTECH would have earned for sale of those ITVM's for deployment in those states. Persons having knowledge of the facts concerning this upon which GTECH intends to rely include Robert Nealon, David Wagoner, Patrick Costaregni and George Voutes.

5

Dated: May 27, 2005

As to objections:

*/s/ John W. Shaw* A3312

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (#1088)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253

Of counsel:

KENYON & KENYON
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

6

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on May 27, 2005, copies of the foregoing document were caused to be served upon the following:

### BY HAND DELIVERY

Jack B. Blumenfield
Morris Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

　　　　　　　　　　　　　　　　／s／ John W. Shaw
　　　　　　　　　　　　　　　　John W. Shaw (#3362)