IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>                Plaintiff,<br><br>         v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC.,<br>SCIENTIFIC GAMES HOLDINGS<br>CORPORATION, SCIENTIFIC GAMES<br>FINANCE CORPORATION, and SCIENTIFIC<br>GAMES CORPORATION,<br><br>                Defendants. | Civil Action No. 04-138-JJF |

## GTECH'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PRODUCE ON-POINT'S OPINIONS OF COUNSEL CONCERNING THE '337 PATENT

Dated: June 14, 2005

                                        Josy W. Ingersoll (#1088)
                                        Karen E. Keller (#4489)
                                        YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                        The Brandywine Building
                                        1000 West Street, 17th Floor
                                        P.O. Box 391
                                        Wilmington, Delaware 19899-0391
                                        Telephone: 302-571-6600
                                        Facsimile: 302-571-1253

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Defendants do not dispute that, absent any waiver issues, the two opinions of counsel obtained by On-Point Technology Systems, Inc. ("On-Point") concerning the '337 patent[1] (*see* Defendants' Motion (D.I. 82) at Exhibit C, *GTECH's Supplemental Schedule of Withheld Documents*) are confidential attorney-client privileged communications. The only issue raised by Defendants' motion is whether a general reference to one of these opinions[2] in On-Point's submission to the Oregon Lottery effectuated a waiver of the attorney-client privilege as to the entirety of these opinions. As the case law makes clear, it did not.

Documents within the scope of the attorney-client privilege should be "zealously protected." *Klitzman, Klitzman & Gallagher v. Krut*, 744 F.2d 955, 960 (3d Cir. 1984) (citing 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2017 (1970)). Accordingly, courts should tread cautiously when making determinations concerning waiver issues. Further, the *specific content* of a privileged communication must be disclosed in order to constitute waiver. *RCA Corp. v. Data General Corp.*, 1986 WL 15693 at *9 (D. Del. July 2, 1986) (*citing* 4 J. Moore, *Federal Practice*, ¶ 26.60[2] (2nd Ed. 1984)). Delaware Uniform Rule of Evidence 510 additionally provides that voluntary disclosure of a *significant part* of the privileged matter must occur for waiver to be found.

In *Terra Novo, Inc. v. Golden Gate Prods., Inc.*, 2004 U.S. Dist. LEXIS 20429 (N.D.Ca. 2004) (Ex. A hereto), the court addressed the issue of whether a voluntary waiver of a non-infringement opinion of counsel had occurred through a statement made in a press release. Defendant Golden Gate had obtained opinions of counsel that the asserted patent was invalid, unenforceable, and not infringed. *Id* at *2-3. During the course of the litigation, Golden Gate issued a press release stating:

---

[1] Interlott acquired On-Point's entire Instant Ticket Vending Machine ("ITVM") business to which the On-Point technology pertains. GTECH subsequently acquired Interlott.

[2] On-Point's statement in the Oregon Lottery submission references a single opinion of counsel, likely the earlier one.

1

> As to our Terra-Lock 50 product, we denied Terra Novo's patent infringement claims for different reasons. (Ryan Decl. exh. 1.) Our patent lawyer has issued an opinion letter stating that Terra Novo's patent is invalid and unenforceable.

*Id.* at *4. The release attached a summary of the opinion letter which included the following statement:

> . . .[O]ur opinion states that virtually all the claims of the (Harrison) patent are invalid because of prior art. . . . Thus, we feel that in view of the invalidity of the vast majority of the claims of the patent. . . . You are free to continue manufacturing using and selling your products at Golden Gate Products, Inc.

*Id.* The press release continued:

> Our patent litigator is also contending in the suit that even if the patent is valid, then Terra-Lock 50 is not infringing Terra Novo's patent. Based on advice from our lawyers, we are continuing to sell Terra-Lock 50.

*Id.*

Plaintiff Terra Novo argued that the statements in the press release concerning the opinion constituted a waiver of attorney-client privilege as to that opinion. *Id.* at *4. The court disagreed. The Court reasoned that the press release "does no more than state a contention asserted by Litigation Counsel in Defendant's Answer." *Id* at *4-5. The Court held that the press release did not constitute a waiver of privilege as to the substantive content of the underlying opinion:

> The contention that the accused product does not infringe has been publicly made, as it must be for Defendant to defend itself. Additionally, the continued sale of the product speaks for itself. Accordingly, the statement does not disclose a privileged communication and does not create a waiver.

*Id.* at *5.[3]

---

[3] In *Terra Novo*, an invalidity opinion had been produced in the litigation by Golden Gate in defense of Terra Novo's willful infringement claim, but the non-infringement opinion had not been produced, and the Court held the privilege was not waived by the press release. *Id.* at *3, 5.

2

The facts here are analogous to those in *Terra Novo*. On-Point obtained two opinions of counsel concerning the '337 patent. Interlott sued On-Point for infringement of the '337 patent. (*See* Ex. B, Interlott's Second Amended Complaint). In that litigation, On-Point publicly asserted non-infringement of the '337 patent in its Answer (*see, e.g.*, Ex. C, On-Point's Answer to Second Amended Complaint) and continued to sell the accused product (*see id*). On-Point continuously maintained the attorney-client privilege over the opinions during the course of that litigation.

On-Point's statement concerning the opinions in its submission to the Oregon Lottery is analogous to the statement made by Golden Gate in *Terra Novo* which was found *not* to be a waiver. Indeed, On-Point's statement to the Oregon Lottery is consistent with On-Point's statement in its Answer in the Interlott lawsuit, publicly asserting non-infringement. Further, the statement did not disclose the specific content of the opinions of counsel at issue. On-Point's statement to the Oregon Lottery indicated:

> . . .[W]e obtained a written opinion of a prominent patent firm that stated that not only was our new technological design not an infringement, but that On-Point's new design was clearly superior.

(*See* Defendants' Motion (D.I. 82) at Exhibit B at INLO 4101). The opinion itself was not forwarded to the Oregon Lottery nor was any further detail about the opinion provided. The legal analysis and advice that constituted that opinion was not revealed. Thus, as in *Terra Novo*, under these circumstances, no waiver occurred.

This conclusion comports with this Court's prior holdings as well. In *Pfizer Inc. v. Ranbaxy Labs., Ltd.*, 2004 U.S. Dist. LEXIS, 1-6 (D. Del. June 18, 2004) (J. Farnan) (Ex. D), this Court held that the fact that an ANDA applicant bases its Paragraph IV notification letter on the opinions and advice of its attorneys does not constitute a waiver of the attorney-client privilege with respect to the underlying documents expressing that advice or opinion. *Id.* at *6. This Court reasoned:

> I agree with Ranbaxy that the circumstances of this case are analogous to the numerous litigation circumstances in which a

3

> client and attorney discuss general information and some of that information makes its way into public filings, such as complaints and answers to interrogatories. Courts considering such circumstances have concluded that the privileges are not waived with respect to the underlying communication between the attorney and the client.

*Id.* (citing, *inter alia*, *Beery v. Thomson Consumer Electronics, Inc.*, 218 F.R.D. 599 (S.D. Ohio 2003) (plaintiff in patent infringement suit did not waive attorney-client privilege by relying on attorney's claim construction or infringement opinions at deposition); *Bristol-Myers Co. v. Sigma Chemical Co.*, 1988 U.S. Dist. LEXIS 12051 (D. Del. 1988) (holding that Rule 11 affidavit submitted for purposes of demonstrating a good faith basis for instituting infringement actions did not waive privilege with respect to documents protected by privileges)).

## CONCLUSION

Based on the foregoing, Defendants' motion to compel production of On-Point's opinions of counsel concerning the '337 patent should be denied.

YOUNG, CONAWAY, STARGATT
& TAYLOR, LLP

Dated: June 14, 2005    By: /s/ Karen E. Keller
Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19889
(302) 571-6600
*Attorneys for Plaintiff GTECH Corporation*

OF COUNSEL
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on June 14, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>Wilmington, DE  19801

I further certify that on June 14, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Karen E. Keller
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>kkeller@ycst.com
>
>Attorneys for GTECH Corporation