# EXHIBIT G

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,                           )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )      C.A. No. 04-138-JJF
                                             )
SCIENTIFIC GAMES INTERNATIONAL, INC.,        )
SCIENTIFIC GAMES HOLDINGS CORPORATION,       )
SCIENTIFIC GAMES FINANCE CORPORATION,        )
and SCIENTIFIC GAMES CORPORATION,            )
                                             )
            Defendants.                      )

### SCIENTIFIC GAMES' RESPONSES TO PLAINTIFF'S
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENT AND THINGS

Defendants Scientific Games International, Inc., Scientific Games Holdings

Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation

(collectively, "Scientific Games") hereby respond and object to plaintiff's First Set of Requests

for the Production of Documents and Things as follows:

### GENERAL OBJECTIONS

1.      Scientific Games objects to the definition of "Scientific Games" as overly

broad.

2.      Scientific Games objects to the definition of "TVM" as overly broad.

3.      Scientific Games objects to the definition of "Scientific Games' TVM" as

overly broad to the extent it seeks to include products that have not been accused of infringement.

4.      Scientific Games objects to the Requests to the extent they seek production

of documents not in the possession, custody or control of Scientific Games.

5.      Scientific Games objects to the Requests to the extent they seek production of Scientific Games confidential information.    Scientific Games will produce confidential information pursuant to D. Del. L.R. 26.2, until a Protective Order for confidential information has been entered by the Court.

6.      Scientific Games objects to the Requests to the extent they seek production of confidential information of third parties.

7.      Scientific Games objects to the Requests to the extent they seek production of documents relating to pending patent applications.

8.      Scientific Games objects to the Requests to the extent they seek production of documents that are publicly available or could be obtained more easily by other means of discovery.

9.      Scientific Games objects to the Requests to the extent they seek production of documents and things that are not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Scientific Games objects to the Requests to the extent they are overly broad, unduly burdensome, and repetitive.

11.     Scientific Games objects to the Requests to the extent they seek documents that are protected by the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

12.     Scientific Games will log withheld documents in accordance with the requirements of the Federal Rules of Civil Procedure and applicable case law. Scientific Games objects, however, to logging documents created after the filing date of this lawsuit.

2

13.    Scientific Games objects to the Requests to the extent they seek to impose obligations not required under the Federal Rules of Civil Procedure or the Local Rules of the District of Delaware.

14.    Any statements made herein that documents will be produced should not be construed as statements that such documents exist, but rather only that if such documents do exist and can be located by a reasonable search, they will be produced.

The foregoing General Objections are incorporated into each of the Specific Objections to the Requests.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents concerning Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 1:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 2:**

All documents concerning the process by which TVM products are exported to, imported into, and distributed in the United States, including all documents concerning any transaction between Scientific Games and any State Lottery Agency concerning Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 2:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

3

**REQUEST NO. 3:**

All documents concerning the '898 Patent or Patents Related to the '898 Patent, including, without limitation, all documents concerning the prosecution, issuance, assignments, grants, licensing, acquisition, or evaluation of the '898 Patent or Patents Related to the '898 Patent.

**RESPONSE TO REQUEST NO. 3:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Scientific Games also objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Subject to these and the General Objections, Scientific Games will produce relevant nonprivileged documents concerning the '898 patent and any continuation patents and their prosecutions responsive to this request.

**REQUEST NO. 4:**

All documents concerning any communication by Scientific Games with a third party concerning Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 4:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

One copy of each document received by purchasers of each Scientific Games' TVM, including service manuals, instructions or instruction(al) manuals, operating instructions, operations manuals, training manuals or materials, specifications, datasheets and booklets.

4

**RESPONSE TO REQUEST NO. 5:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 6:**

All documents concerning any training or instruction of personnel by or on behalf of Scientific Games concerning the sales, marketing, sales forecasts, market forecasts, service, repair, maintenance, or technical support of Scientific Games' TVM products in the United States.

**RESPONSE TO REQUEST NO. 6:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 7:**

All documents concerning business activities conducted by Scientific Games in the United States concerning Scientific Games' TVM, including all documents concerning marketing, sales forecasts, market forecasts, advertising, promotion, offers for sale, sales, deliveries, customer service, and technical support directed to any person in the United States.

**RESPONSE TO REQUEST NO. 7:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

## REQUEST NO. 8:

All documents prepared by or on behalf of Scientific Games concerning the marketing of Scientific Games' TVM in the United States, including, all marketing plans, marketing surveys, marketing forecasts, sales forecasts, competitive product analysis, promotional material, informational material, and advertising material.

## RESPONSE TO REQUEST NO. 8:

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning Scientific Games' PlayCentral Kiosk.

## REQUEST NO. 9:

All documents and things concerning Scientific Games' conception, design, development, production and manufacture of any Scientific Games' TVM products including: (a) documents and things concerning the process used to manufacture any Scientific Games' TVM products; (b) documents and things concerning any technical, production, operational, or validation issues concerning any Scientific Games' TVM product; (c) all design, development, and engineering documents concerning any of the Scientific Games' TVM products; (d) all engineering notebooks, laboratory notebooks, invention disclosures, product proposals, drawings, specifications, product evaluations, test reports, and technical reports concerning any of Scientific Games' TVM products.

## RESPONSE TO REQUEST NO. 9:

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents concerning Scientific Games' PlayCentral Kiosk responsive to subparagraphs (b), (c) and (d) of this request.

## REQUEST NO. 10:

All documents and things concerning Scientific Games' conception, design, development, production, manufacturing of the PlayCentral Kiosk product, including: (a) documents and things concerning the process used to manufacture PlayCentral Kiosk products; (b) documents and things concerning any technical, production, operational, or validation issues concerning PlayCentral Kiosk products; (c) all design, development, and engineering documents concerning PlayCentral Kiosk products; (d) all engineering notebooks, laboratory notebooks, invention disclosures, product proposals, drawings, specifications, product evaluations, test reports, and technical reports concerning PlayCentral Kiosk products.

## RESPONSE TO REQUEST NO. 10:

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents concerning Scientific Games' PlayCentral Kiosk responsive to subparagraphs (b), (c) and (d) of this request.

## REQUEST NO. 11:

All documents and things concerning the testing or analysis of any Scientific Games' TVM product.

## RESPONSE TO REQUEST NO. 11:

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

7

**REQUEST NO. 12:**

All documents and things concerning the testing or analysis of PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 12:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**

All documents and things concerning each and every design modification made to PlayCentral Kiosk products from its initial design, prototype, or development to the present.

**RESPONSE TO REQUEST NO. 13:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 14:**

All engineering change notices or equivalents thereof that concern PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 14:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 15:**

Documents sufficient to identify every person who has or had any responsibility for the design or development of PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 15:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 16:**

All documents and things prepared or distributed in connection with any meeting concerning the research, conception, design, or development of PlayCentral Kiosk products, including any agendas and any minutes or notes taken during such meetings.

**RESPONSE TO REQUEST NO. 16:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 17:**

A copy of each published article or literature produced by or on behalf of Scientific Games that concerns PlayCentral Kiosk and all documents concerning the preparation thereof including all drafts and notes.

**RESPONSE TO REQUEST NO. 17:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

9

**REQUEST NO. 18:**

A copy of each advertisement or promotional material used by or on behalf of Scientific Games that concerns PlayCentral Kiosk.

**RESPONSE TO REQUEST NO. 18:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 19:**

All invention records, invention disclosure documents, inventor notebooks, or similar documents representing or recording an invention, potential invention, or development for consideration as subject matter for a patent application, concerning PlayCentral Kiosk products.

**RESPONSE TO REQUEST NO. 19:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20:**

Documents and things sufficient to identify all sales, purchases or leases of PlayCentral Kiosk products in the United States, including documents sufficient to identify the purchasers, lessees, lessors, date of purchase or lease, and items included in such purchases or leases.

**RESPONSE TO REQUEST NO. 20:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request.

## REQUEST NO. 21:

Documents and things sufficient to identify all sales, purchases or leases of Scientific Games' TVMs in the United States, including documents sufficient to identify the purchasers, lessees, lessors, date of purchase or lease, and items included in such purchases or leases.

## RESPONSE TO REQUEST NO. 21:

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to the General Objections,

Scientific Games will produce nonprivileged documents responsive to this request concerning

Scientific Games' PlayCentral Kiosk.

## REQUEST NO. 22:

All design documents, engineering documents, specifications, and manuals concerning Scientific Games' TVM products, including the PlayCentral Kiosk.

## RESPONSE TO REQUEST NO. 22:

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to the General Objections,

Scientific Games will produce nonprivileged documents responsive to this request concerning

Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 23:**

All documents and things concerning any subsystem or component of Scientific Games' TVM products, any suppliers of those subsystems and components, and any contracts, licenses or agreements with those suppliers.

**RESPONSE TO REQUEST NO. 23:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 24:**

All documents and things concerning any subsystem or component of PlayCentral Kiosk products, any suppliers of those subsystems and components, and any contracts, licenses or agreements with those suppliers.

**RESPONSE TO REQUEST NO. 24:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

All documents concerning any patent or patent application concerning Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 25:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 26:**

Documents sufficient to identify the relationships between and among Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation, and any other entity which is part of, controlled by, or owned in whole or part by Scientific Games.

**RESPONSE TO REQUEST NO. 26:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning the relationships between and among the named defendants.

**REQUEST NO. 27:**

Documents sufficient to identify the management and organizational structure of Scientific Games, including, without limitation, documents concerning the functional relationships between and among management groups, divisions, departments, and any other business units of Scientific Games, including but not limited to any persons responsible for the design, development, manufacturing, sale, marketing, sales forecasts, market forecasts or any other aspect of Scientific Games' TVM products.

**RESPONSE TO REQUEST NO. 27:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request

concerning the management and organizational structure of Scientific Games relating to

PlayCentral Kiosk.

13

**REQUEST NO. 28:**

All contracts or agreements referring or relating to the design, development, exportation, importation, sale, use or distribution of Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 28:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 29:**

All documents concerning Scientific Games' business or marketing strategy relating to Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 29:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 30:**

Documents sufficient to identify any Scientific Games facility in the United States, where (a) orders for Scientific Games' TVM are processed; (b) Scientific Games' TVM are stored and handled for distribution; and (c) payments for Scientific Games' TVM are processed or made.

14

**RESPONSE TO REQUEST NO. 30:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 31:**

Documents sufficient to identify any facility owned, operated, managed, or used by Scientific Games for any purpose related to Scientific Games' TVM products, including the nature, function, and location of the office.

**RESPONSE TO REQUEST NO. 31:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 32:**

All documents concerning the Patents-In-Suit or any Patents Related to the Patents-In-Suit.

**RESPONSE TO REQUEST NO. 32:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 33:**

All documents concerning Scientific Games knowledge of the Patents-in-Suit, or of any Patents Related to the Patents-in-Suit, including any document concerning the date when, and the circumstances under which, Scientific Games became aware of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 33:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 34:**

All opinions of counsel concerning the Patents-in-Suit or concerning any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 34:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games states that if it decides to rely on advice of counsel in defending against GTECH's charges of willful infringement, Scientific Games will produce documents responsive to this request concerning the patents in suit.

16

**REQUEST NO. 35:**

All documents that concern any action taken by or on behalf of Scientific Games that was prompted by or motivated by the Patents-in-Suit or any Patents Related to the Patents-in-Suit, including any attempts to design around the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 35:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 36:**

All documents and things that comment upon or express any opinion about the Patents-in-Suit or any Patents Related to the Patents-in-Suit, or which concern any investigation of the infringement or any alleged noninfringement of the Patents-in-Suit or any Patents Related to the Patents-in-Suit, by Scientific Games or any other person.

**RESPONSE TO REQUEST NO. 36:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

17

**REQUEST NO. 37:**

All documents concerning opinions of counsel concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 37:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games states that if it decides to rely on advice of counsel in defending against GTECH's charges of willful infringement, Scientific Games will produce documents responsive to this request concerning the patents in suit.

**REQUEST NO. 38:**

All documents and things relied upon in any opinion of counsel concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 38:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games objects to this request as overly broad and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games states that if it decides to rely on advice of counsel in defending against GTECH's charges of willful infringement, Scientific Games will produce documents responsive to this request concerning the patents in suit.

**REQUEST NO. 39:**

All minutes taken at and documents and things distributed in connection with, any meeting of Scientific Games' boards of directors or other corporate committees or subcommittees concerning any of Scientific Games' TVM products, GTECH, the Patents-in-Suit, or Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 39:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 40:**

All documents and things concerning communications, either direct or indirect, between Scientific Games and any other person concerning the possibility that Scientific Games or their customers or potential customers may be subject to liability for infringement of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 40:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 41:**

All patents, patent applications, and patent prosecution files concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit, including any patent, patent application, or patent prosecution file which includes reference to or discussion of the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 41:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

**REQUEST NO. 42:**

Any communication by Scientific Games with a third party concerning the Patents-in-Suit or any Patents Related to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 42:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning the patents in suit.

20

**REQUEST NO. 43:**

All financial statements of Scientific Games, including, without limitation, all accounting, income, budgets, budget reports, pricing, price determination, profit and loss calculations, concerning Scientific Games' TVM, or any contract with any state lottery agency that concerns Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 43:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 44:**

All contracts, agreements, licenses between, or proposals from Scientific Games and any third party concerning Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 44:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 45:**

All documents concerning Scientific Games' business activities in the United States concerning Scientific Games' TVM, including documents concerning: (a) the number, type, and dollar volume of Scientific Games' TVM sold in the United States; (b) the number of Scientific Games' TVM customers in the United States; (c) quantity and type of advertising or other promotional activities concerning Scientific Games' TVM reaching persons in the United States; (d) any follow-up activity concerning any of the above business activities including technical support, maintenance, and servicing in the United States.

21

**RESPONSE TO REQUEST NO. 45:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents concerning Scientific Games' PlayCentral Kiosk responsive to subparagraphs (a), (b) and (c) of this request.

**REQUEST NO. 46:**

Documents sufficient to identify the number, type, price, and dollar volume of each Scientific Games' TVM Scientific Games has sold in the United States.

**RESPONSE TO REQUEST NO. 46:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 47:**

Documents sufficient to identify all recipients of Scientific Games' TVMs in the United States.

**RESPONSE TO REQUEST NO. 47:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

22

**REQUEST NO. 48:**

All documents concerning any GTECH, Interlott, or On-Point TVM.

**RESPONSE TO REQUEST NO. 48:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 49:**

All documents and things concerning any sale, offer for sale, attempted offer for sale, or service agreement by or for Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 49:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 50:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for PlayCentral Kiosks sold to entities in the United States from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 50:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

23

**REQUEST NO. 51**:

Documents sufficient to show Scientific Games' profit margins for sales of PlayCentral Kiosks from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 51:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 52:**

Documents sufficient to show Scientific Games' monthly and quarterly manufacturing volume for PlayCentral Kiosk and the location of such manufacturing from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 52:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 53:**

All documents concerning customer surveys concerning PlayCentral Kiosk.

**RESPONSE TO REQUEST NO. 53:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

24

**REQUEST NO. 54:**

All business plans concerning PlayCentral Kiosk.

**RESPONSE TO REQUEST NO. 54:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 55:**

All documents concerning the marketing of goods and services sold in conjunction with or incident to a sale of PlayCentral Kiosk in the United States, including marketing studies, marketing forecasts, marketing plans, sales training materials, and communications to or from sales personnel.

**RESPONSE TO REQUEST NO. 55:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 56:**

Documents sufficient to show the price paid by customers for goods and services sold in conjunction with or incident to a sale of PlayCentral Kiosk in the United States.

**RESPONSE TO REQUEST NO. 56:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

25

**REQUEST NO. 57:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for goods and services sold in conjunction with or incident to a sale of PlayCentral Kiosk sold to entities in the United States from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 57:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request.


**REQUEST NO. 58:**

Documents sufficient to show Scientific Games' profit margins for sales of goods and services sold in conjunction with or incident to sales of PlayCentral Kiosks from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 58:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request.


**REQUEST NO. 59:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for Scientific Games' TVM sold to entities in the United States from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 59:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 60:**

Documents sufficient to show Scientific Games' profit margins for sales of Scientific Games' TVM from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 60:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 61:**

Documents sufficient to show Scientific Games' monthly and quarterly manufacturing volume for Scientific Games' TVM and the location of such manufacturing from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 61:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 62:**

All documents concerning customer surveys concerning Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 62:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 63:**

All business plans concerning Scientific Games' TVM.

**RESPONSE TO REQUEST NO. 63:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 64:**

All documents concerning the marketing of goods and services sold in conjunction with or incident to a sale of Scientific Games' TVM in the United States, including marketing studies, marketing forecasts, marketing plans, sales training materials, and communications to or from sales personnel.

**RESPONSE TO REQUEST NO. 64:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General

28

Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 65:**

Documents sufficient to show the price paid by customers for goods and services sold in conjunction with or incident to a sale of Scientific Games' TVM in the United States.

**RESPONSE TO REQUEST NO. 65:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 66:**

Documents sufficient to show Scientific Games' monthly and quarterly sales volume in both units and U.S. dollars for goods and services sold in conjunction with or incident to a sale of Scientific Games' TVM sold to entities in the United States from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 66:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 67:**

Documents sufficient to show Scientific Games' profit margins for sales of goods and services sold in conjunction with or incident to sales of Scientific Games' TVM from January 1, 1991 to the present.

**RESPONSE TO REQUEST NO. 67:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 68:**

All documents concerning Scientific Games' factual basis for asserting that the Patents-in-Suit are invalid under 35 U.S.C. § 102.

**RESPONSE TO REQUEST NO. 68:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 69:**

All documents concerning Scientific Games' factual basis for asserting that the Patents-in-Suit are invalid under 35 U.S.C. § 103.

**RESPONSE TO REQUEST NO. 69:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or

immunity. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 70:**

All documents concerning Scientific Games' factual basis for asserting that the Patents-in-Suit are invalid under 35 U.S.C. § 112.

**RESPONSE TO REQUEST NO. 70:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 71:**

All documents concerning any patent or patent application concerning Scientific Games' TVMs.

**RESPONSE TO REQUEST NO. 71:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 72:**

All documents concerning any patent or patent application concerning the PlayCentral Kiosk.

31

**RESPONSE TO REQUEST NO. 72:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning issued patents.

**REQUEST NO. 73:**

All documents and things requested to be identified in response to Plaintiff GTECH Corporation's First Set of Interrogatories to Scientific Games.

**RESPONSE TO REQUEST NO. 73:**

Subject to the General Objections, Scientific Games will produce nonprivileged documents identified in response to plaintiff's First Set of Interrogatories.

**REQUEST NO. 74:**

All documents identified in response to Plaintiff GTECH Corporation's First Set of Interrogatories to Scientific Games.

**RESPONSE TO REQUEST NO. 74:**

Subject to the General Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 75:**

All documents and things that Scientific Games will rely on at trial or in any hearing or motion in this proceeding.

**RESPONSE TO REQUEST NO. 75:**

Scientific Games objects to this request as premature. Subject to this and the General Objections, Scientific Games states that it will produce nonprivileged documents and things responsive to this request at such time as Scientific Games determines what documents and things it will rely on at trial or in any hearing or motion.

**REQUEST NO. 76:**

All documents concerning Scientific Games' acquisition of IGT Online Entertainment Systems, Inc. that also concern Scientific Games' TVMs or the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 76:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk or the patents in suit.

**REQUEST NO. 77:**

All documents concerning any litigation, arbitration, interference, opposition proceeding, or other legal proceedings concerning Scientific Games' TVMs.

**RESPONSE TO REQUEST NO. 77:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

33

**REQUEST NO. 78:**

All documents and things concerning Louis P. Menna, Instant Technologies, Inc., or PMV Products, Inc.

**RESPONSE TO REQUEST NO. 78:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, Scientific Games will produce nonprivileged documents responsive to this request concerning Scientific Games' PlayCentral Kiosk.

**REQUEST NO. 79:**

All documents and things concerning Scientific Games' TVMs which also concern Interlott, On-Point or GTECH.

**RESPONSE TO REQUEST NO. 79:**

Scientific Games objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 80:**

All documents concerning this lawsuit, including press releases, letters to customers, internal statements, litigation cost analysis, presentations to or minutes of the Scientific Games Board of Directors.

**RESPONSE TO REQUEST NO. 80:**

Scientific Games objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity or any other applicable privilege or immunity. Scientific Games also objects to this request as overly broad and unduly burdensome and as seeking documents not relevant to the claim or defense of any party and not reasonably

34

calculated to lead to the discovery of admissible evidence.  Subject to these and the General

Objections, Scientific Games will produce nonprivileged documents responsive to this request.

**REQUEST NO. 81:**

All documents concerning Mr. Nolan Bushnell or Uwink, Inc. which also concern TVMs, Scientific Games' TVM products, the Patents-in-Suit, Interlott, On-Point, or GTECH.

**RESPONSE TO REQUEST NO. 81:**

Scientific Games objects to this request as overly broad and unduly burdensome

and as seeking documents not relevant to the claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.

MORRIS, NICHOLS, ARSHT & TUNNELL

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
    Attorneys for Defendants Scientific Games
    International, Inc., Scientific Games Holdings
    Corporation, Scientific Games Finance
    Corporation and Scientific Games Corporation

October 4, 2004
425186

35

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were caused to be served this 4th day of October 2004 upon the following in the manner indicated:

### BY HAND

Josy W. Ingersoll, Esquire
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

### BY FEDERAL EXPRESS

Thomas J. Meloro, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004

Rodger D. Smith II

# EXHIBIT H



**KENYON**
**&**
**KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

March 24, 2005

**By Facsimile with First Class Mail Confirmation**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    *GTECH Corp. v. Scientific Games International, Inc., et al.*
       *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

I write regarding deficiencies in Scientific Games' responses to GTECH's first set of interrogatories and first set of document requests. I also write to confirm representations and agreements that were made in your telephone conference with Tom Meloro on Friday, March 11, 2004.

<u>Interrogatory Responses</u>

General Objection No. 3:

We disagree that the definition is overly broad. As you know, the named defendants have an obligation to search for and produce responsive discovery within their possession, custody and control. The entities listed in this definition are controlled or related entities which we believe may possess responsive documents. For example, our preliminary review of the documents Scientific Games has produced thus far indicates that both Autotote (also called Scientific Games Racing) and IGT Online Entertainment Systems (also called OES) have been involved in the development and deployment of PlayCentral Kiosk.

Accordingly, please withdraw the objection and confirm that discovery has been provided, or will be provided immediately, for all entities under the named defendants' control that are involved in the development, sale, and deployment of lottery ticket vending machines such as the PlayCentral Kiosk including those listed in our definition.

New York    Washington, DC    Silicon Valley    www.kenyon.com

Rodger D. Smith, Esq.
March 24, 2005
Page 2



General Objection No. 7:

To the extent that Scientific Games is relying on a third-party confidentiality agreement to avoid answering any of the interrogatories, please identify the third party, provide a copy of the agreement, and identify the interrogatory(ies) which are at issue. If no documents have been withheld on this basis, please so confirm.

Interrogatory No. 1:

Scientific Games' attempt to rely on Rule 33(d) in response to this interrogatory is improper. Rule 33(d) may only be used where the burden of deriving the answer from documents is the same for both parties. Scientific Games' personnel are no doubt intimately familiar with their own various products and the designations and names they use for their own product models. Moreover, to the extent Scientific Games is relying on Rule 33(d), Scientific Games is obligated to identify the records relied on for the answer with specificity, which you have not done. Finally, Scientific Games has also failed to identify the persons most knowledgeable about each type and model of PlayCentral Kiosk. Please promptly supplement this response to rectify these deficiencies.

Interrogatory No. 2:

Scientific Games' allegation that GTECH has not provided meaningful infringement contentions is without merit, as GTECH has identified asserted claims, a product against which that claim is asserted, and evidence showing where each element of the asserted claims are found in the accused product. Scientific Games has also failed to identify the persons most knowledgeable about Scientific Games non-infringement positions. Please promptly supplement this response.

Interrogatory No. 3:

Scientific Games' attempt to evade its obligation to answer this interrogatory by linking it to GTECH's responses to Scientific Games' interrogatories is improper. Scientific Games' claim that GTECH has not provided meaningful infringement contentions is without merit, as GTECH has identified asserted claims, a product against which that claim is asserted, and evidence showing where each element of the asserted claims are found in the accused product. Moreover, Scientific Games bears the burden of showing there are non-infringing substitutes or acceptable non-infringing alternatives for the accused PlayCentral Kiosk product. Please withdraw the objection and promptly supplement this response.

Interrogatory No. 4:

By this date, "investigating the circumstances" should have been completed. The answer provided is not responsive and not a proper objection. Please promptly supplement this response.

Rodger D. Smith, Esq.
March 24, 2005
Page 3



Interrogatory No. 5:

In the March 11th telephone conference, you agreed to provide a response to this interrogatory by March 31, 2004.

Interrogatory No. 6:

Scientific Games' attempt to avoid answering this interrogatory on the basis of an (incorrect) allegation that GTECH has failed to provide information is improper. Please withdraw the objection and promptly provide a complete response. Moreover, Scientific Games has failed to identify any evidence or person with knowledge relating to its response. Please do so promptly.

Interrogatory No. 7:

Scientific Games' attempt to avoid answering this interrogatory on the basis of an allegation that GTECH has failed to provide "its proposed constructions of the asserted claims" is improper. Further, a briefing schedule regarding claim construction is set forth in the Scheduling Order. Please withdraw the objection and promptly provide a complete response.

Further, Scientific Games' response identified a Scientific Games "Player Activated Terminal". However, Scientific Games fails to identify any persons with knowledge or any documents or facts whatsoever related to the architecture of this device. Scientific Games also fails to explain how this device allegedly renders the patents-in-suit invalid, nor does it identify with any particularity the facts and circumstances regarding the devices alleged sale or offer for sale. Please promptly supplement this response to provide this information.

Scientific Games' response also indicates that the claims of the patents-in-suit are "invalid under 35 U.S.C. § 112," but provides no further facts or response in support of this allegation. Please promptly supplement this response.

For each of the references cited, please identify the features in the references that you believe teach or suggest each element of the claims of the patents-in-suit. Where you contend a combination of references renders a claim obvious, please identify the proposed combination, identify the motivation for making the combination, and the source of that motivation.

Interrogatory No. 8:

Again, it is improper for Scientific Games to link its obligation to respond to this interrogatory to GTECH's responses to Scientific Games' interrogatories or any (incorrectly) perceived deficiency therein. Please withdraw the objection and promptly provide a complete response. Moreover, the field of the invention and level of ordinary skill in the art of factors in invalidity issues, on which Scientific Games bears the burden of proof, and of coming forward with evidence.

Rodger D. Smith, Esq.
March 24, 2005
Page 4



Interrogatory No. 10:

Scientific Games' "relevancy" objection to this interrogatory is not proper. To the extent agreements, contracts, and communications between Scientific Games and Mr. Nolan Bushnell or UWink concern TVMs, On-Point, Interlott, or the Patents-in-Suit, they are highly relevant and within the scope of discovery and must be produced. If Scientific Games had communications with Mr. Bushnell or UWink concerning the Patents-in-Suit or PlayCentral Kiosk, we are certainly entitled to know about those communications as any commentary by Scientific Games on the patent-in-suit is relevant. Similarly, communications concerning On-Point and Interlott, which produced numerous products covered by the patent-in-suit and about which Mr. Bushnell was aware, are likely relevant to, e.g., GTECH's willfulness claim and Scientific Games' knowledge of the patents-in-suit. Communications concerning TVMs are likely relevant to how Scientific Games characterizes the architecture and features of its own TVM products that have functions or components similar to PlayCentral Kiosk. Please supplement this response promptly.

### *Document Request Responses*

General Objection No. 1.

As discussed above in the interrogatory section, we disagree that the definition of Scientific Games is overly broad. Please confirm that your search for documents has included the full scope of Scientific Games entities defined in our definition, and in particular that the Autotote and Online Entertainment Systems units, as well as any other entity with any involvement with the PlayCentral Kiosk, have been searched for responsive documents.

General Objection No. 6:

Scientific Games objected to producing documents which include the confidential information of third parties. To the extent that Scientific Games is relying on a third-party confidentiality agreement to avoid producing any documents, please identify the third party or parties, identify the document requests implicated, provide a copy of the agreement, and provide a log of the documents which have been withheld. If no documents have been withheld on this basis, please so confirm.

General Objection No. 7:

Scientific Games made a blanket objection to documents relating to pending patent applications. However, how Scientific Games characterizes its accused products in its own patent applications is highly relevant. To the extent you allege that attorney-client privilege is claimed for any such document, we expect Scientific Games will list it with appropriate specificity on its privilege log. To the extent such documents are not claimed as privileged, we expect those documents will be produced promptly.

Rodger D. Smith, Esq.
March 24, 2005
Page 5



General Objection No. 11 & 12:

It was agreed in the telephone conference to exchange privilege logs on March 30.

Request No. 3:

In the telephone conference, you indicated that *all* documents concerning these patents have been produced, not just the documents concerning their prosecution. This would include all documents concerning their evaluation and licensing or acquisition by Scientific Games. This letter serves to confirm that a production was made of documents concerning licensing, acquisition, and evaluation of these patents, not just their prosecution.

Request No. 9 & 10:

Scientific Games unilaterally and improperly limited its response to a subset of the documents requested. These requests are not limited to the four sub-lettered categories, which are exemplary, not limiting.

That being said, in the spirit of compromise, in the telephone conference, GTECH agreed to limit the request to all documents concerning the burster and/or ticket dispensing mechanisms, all documents concerning the user interface and display, all documents concerning the creation or management of graphics information for the vending machines, and all documents concerning loading or downloading of graphical information the machine. Please confirm that you have searched for and produced all of these documents. Please also confirm that you have produced all software and documentation related to these functions or subsystems.

Request Nos. 11 & 12:

In the telephone conference, GTECH agreed to limit the request to documents concerning testing of the burster and/or ticket dispensing mechanism, documents concerning testing of the user interface and display, and documents concerning testing of the loading or downloading of graphical information to the machine. Please confirm that you have searched for and produced all of these documents.

Request Nos. 19, 25, & 72:

How Scientific Games characterizes the PlayCentral Kiosk and other Scientific Games TVM products in invention disclosures is relevant to infringement issues. How prior art to these applications, including the patents-in-suit, is characterized is similarly relevant. How Scientific Games uses various terms in its patent applications may be relevant to claim construction issues. Please promptly produce all non-privileged documents responsive to this request. We expect Scientific Games will appropriately list any claimed privileged documents on its privilege log.

Rodger D. Smith, Esq.
March 24, 2005
Page 6



Request Nos. 23 & 24:

How Scientific Games characterizes the subsystem or components of its TVM's, and particularly of PlayCentral Kiosk is relevant to infringement. This includes, in particular, any documents dealing with the housing, ticket dispensing mechanisms, ticket separation mechanisms, and/or the user interface.

In the telephone conference, again in the spirit of compromise, GTECH agreed to limit the request to documents concerning testing the burster and/or ticket dispensing mechanisms, documents concerning the user interface and display, and documents concerning creation or management of graphical images for ticket vending machines, and loading or downloading of graphical information to the machine. Please confirm that you have searched for and produced all of these documents.

Request No. 26:

GTECH is entitled to discover information concerning what entities are controlled by the defendants and which may have discoverable information. As such, it is a proper request and should be answered in full, not unilaterally limited to the defendants. This is particularly true in light of your General Objection to the definition of Scientific Games. Please promptly provide all documents sought by this request, as originally set forth, or confirm in writing that you have done so.

Request Nos. 32, 33, 34, 35, 36, 37, 38, 39, 41, & 42:

Scientific Games has unilaterally limited its responses to "the Patents-in-Suit" and deleted "Patents Related to the Patents-in-Suit". This is improper. For example, knowledge of foreign counterparts of the patents-in-suit may be used to infer knowledge of the asserted patents in this case.

During the telephone conference, you indicated no search had been made for responsive documents beyond Scientific Games' limited response. Please produce all responsive documents for these requests.

Request No. 39:

Again, Scientific Games unilaterally limited its response to produce only documents related to the patents in suit. This narrowed reading does not include all documents which are related to the accused products, or to products which have similar components to the accused products. Please produce all responsive documents for these requests.

Request No. 45.

Scientific Games also narrowed its response to this request to only subparts (a), (b), and (c). Please confirm that all documents concerning PlayCentral Kiosk were produced, including

Rodger D. Smith, Esq.
March 24, 2005
Page 7



without limitation, the documents requested in sub-part (d) of the request.

Request No. 48 and 79:

The requested documents may be relevant to Scientific Games' knowledge of the patents in suit, relevant to market definition for damages, and also may be relevant to various secondary considerations of nonobviousness. Please produce the requested documents promptly.

Request No. 53:

Please confirm that, as indicated at the telephone conference, documents responsive to this request were searched for and produced.

Request No. 78:

Scientific Games limited its response to documents concerning "PlayCentral Kiosk." However, documents responsive to this request are relevant to, e.g., derivation of the design of the separator mechanism in the accused product, willfulness issues, such as the knowledge of the patents by the designer of the burster and by Scientific Games, and damages issues, such as the valuations placed on the Menna patents or licenses taken for the Menna patents. Accordingly, please produce all the documents responsive to this request.

Request No. 81:

This request is not a blanket request for information concerning Mr. Bushnell and Uwink, but rather is a specific request limited to TVMs and Scientific Games' TVM products, the Patents-in-Suit, and the owners of the patents-in-suit. The documents called for by this request concern and are relevant to many issues in this case including but not limited to willfulness issues such as knowledge of the patents-in-suit, how Scientific Games and others characterize the accused products and their subsystems, and communications regarding the patents-in-suit.

During the telephone conference, you did not indicate whether responsive documents had been searched for or whether they even existed. To the extent responsive documents exist, please produce them promptly.

Sincerely,

Larissa A. Soccoli / av

# EXHIBIT I



KENYON
&
KENYON

Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 1, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:     *GTECH Corp. v. Scientific Games International, Inc., et al.*
        *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

        We have not received a response to my March 24, 2005 letter concerning deficiencies in Scientific Games' document production and responses to GTECH's interrogatories. As the time for discovery in this case is short and depositions will be going forward imminently, please provide us with the responses and requested documents immediately.

        In addition to the deficiencies noted in my March 24th letter, we have noted further significant deficiencies. Certain categories of documents central to the issues in this case are conspicuously absent from Scientific Games' production to date. These include the following:

1. Schematic drawings, design documents, and documentation for each version of the burster mechanism(s) used in the PlayCentral Kiosk. While schematics for the PlayCentral <u>cabinet</u> were produced, the drawings and documentation for the critical part of the PlayCentral, the <u>burster</u>, are absent.

2. Contracts, specifications, designs, etc. exchanged between Scientific Games and subcontractors and/or suppliers working on the burster mechanism of the PlayCentral Kiosk. Although some limited e-mail materials supplied showed correspondence with the Danish Company I/F-Com AS, the only documentation provided is a burster firmware interface specification. Other specifications, documentation, mechanical designs, contracts, orders, and non-email correspondence appear to be almost completely absent.

3. Documents detailing the acquisition and/or license of the Menna patents and the bursters previously manufactured by Instant Technologies Inc., as well as any other documents related to these patents or the burster manufactured and sold by Instant Technologies Inc..

Rodger D. Smith, Esq.
April 1, 2005
Page 2



Emails produced suggest that a license or other agreement was entered into; however, no copy of the license or any documents related to it appear to have been produced.

4. Software source code and/or software documentation for the PlayCentral Kiosk, and, in particular, software used to run the machine and operate the user interface, software used to store and display graphic information on the machine, and software used by the machine to download game graphic information, all appear to be completely absent from the production.

5. Software source code and documentation for the systems used to store, manage, and download graphical information to the PlayCentral Kiosk were not produced. Also missing are data or table definitions, documentation, and/or code from the Relational Database used for this purpose.

6. Documents related to Scientific Games' testing of On-Point or Interlott Ticket vending machines were not produced.

7. Documents related to Scientific Games' offers or bids to state lotteries that included On-Point or Interlott Ticket vending machines were also not produced.

Please provide the above documentation immediately.

Sincerely,

Larissa A. Soccoli

# EXHIBIT J



**KENYON & KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 12, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    *GTECH Corp. v. Scientific Games International, Inc., et al.*
       *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

We have still not received responses to my letters of March 24 and April 1, and Andrew Reibman's letter of March 16, noting Scientific Games' discovery deficiencies. Given the time that has elapsed since these requests and that time is of the essence given the imminent commencement of depositions, if we do not receive the requested documents and information by Friday April 15th, we will take this matter up with the Court.

In addition to the issues raised in my prior letters, we have noted further deficiencies in Scientific Games' document production. Please provide copies of the following specific documents:

1. The PlayCentral direct mail advertisement referenced in SGI074713

2. The 32-page booklet articulating PlayCentral products and features, referenced in SGI074713.

3. The report on, and electronic copies of, screens tested in the July 2003 Georgia focus groups.

4. The powerpoint presentation showing "various color schemes" for the ITVM, referenced in SGI078117.

5. The attachment to a March 24, 2003 email from Thomas Brewer to Lorne Weil et al. entitled "Mark's Vision for a CO Kiosk" (SGI092281).

Rodger D. Smith, Esq.
April 12, 2005
Page 2



6. The presentation attached to a January 21, 2004 email from Janine Whiteman to Amy Hill (SGI094175).

7. The focus group report attached to a February 15, 2004 email from Janine Whiteman to Steve Saferin and Bill Behm (SGI095807).

8. The burster flow charts attached to SGI098890.

9. The burster specification referenced in an October 18, 2004 email from Tom Herrick to Tony Bartolone (SGI098930).

10. The pictures of push-button terminals saved at Enghome:\Interlot\2004_09_25 and referenced in Tom Herrick's September 25, 2004 email (SGI099075).

11. The on-line proposal submitted to the Colorado Lottery in August 2002, referenced in SGI099606.

12. Notes from the Retail Solutions Meeting held on June 16, 2004, referenced in SGI099259.

13. The document beginning at SGI017787 appears to be a compilation of notes from the May 7, 2004 PlayCentral design review meeting, referenced in the email at SGI075579. Please produce all the notes and agenda from that meeting.

These above items in no way limit the scope of our requests in the March 24 or April 1 letters.

In addition to the above, there were some documents in your production to us that were visually unclear or of which we would like copies produced in their original form. These include:

1. A color copy of SGI104443.

2. An electronic version of the screen image depicted in SGI080327.

3. Clear copies of SGI085122, SGI103360, and SGI104590.

Please produce these documents to us.

Rodger D. Smith, Esq.
April 12, 2005
Page 3



We look forward to receiving the above documents and those requested in our previous letters so that motion practice on these issues can be avoided.

Sincerely,

Larissa A. Soccoli

# EXHIBIT K



**KENYON**
&
**KENYON**
Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 20, 2005

*By Facsimile*

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    ***GTECH Corp. v. Scientific Games International, Inc., et al.***
       ***(D. Del. C.A. No. 04-138-JJF)***

Dear Rodger:

      We have not received a response to my letter of yesterday. Please advise us immediately whether Scientific Games has searched for and produced all documents responsive to GTECH's discovery requests in this case from Scientific Games subsidiaries such as Autotote (also called Scientific Games Racing) and Online Entertainment Systems (also called OES), and any other subsidiaries or related entities under defendants' control that are involved in the development, sale, and deployment of lottery ticket vending machines such as the PlayCentral Kiosk. As I explained in my letter of yesterday, based upon Scientific Games' responses to GTECH's first set of interrogatories and first set of document requests, we understand that Scientific Games has refused to search for and produce documents from its subsidiaries and related entities. You confirmed that refusal during the telephone conference on March 11, 2004. We intend to file a motion to compel production of responsive documents from these entities unless you specifically confirm that such a search was conducted and all responsive documents were produced.

      Additionally, we understand from your April 15, 2005 letter that Scientific Games claims it has produced documents located after a "reasonable search" in response to GTECH's requests for software and related documentation for the PlayCentral, software used to store, manage or download graphics to the PlayCentral, and design documentation for the PlayCentral burster. We find this statement to be dubious at best particularly since the software is currently in use in connection with the PlayCentral Kiosks and because we have received design documents for virtually every other component or subsystem of the PlayCentral *except* the burster and therefore would expect that Scientific Games possesses the design documents for the burster as well.

      We intend to file a motion to compel production of these documents unless you confirm

New York   Washington, DC   Silicon Valley   www.kenyon.com

Rodger D. Smith, Esq.
April 20, 2005
Page 2



the following: (1) that Scientific Games' "reasonable" search included a search of subsidiaries and related entities as discussed above; (2) that *all* responsive documents have been produced; and (3) whether the reason for non-production of the burster design documents is base don an assertion that the documents are maintained by a third party; if so, identify who the third party or parties is/are; if not, provide an explanation of why those documents have not or allegedly cannot be produced by Scientific Games.

As depositions are starting next week, please provide us with your response to this letter and the attendant confirmations requested herein by close of business tomorrow so we will know whether motion practice on any of these issues can be avoided.

Sincerely,

Larissa A. Soccoli

# EXHIBIT L



KENYON
&
KENYON

Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 22, 2005

**By Facsimile**
Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:   ***GTECH Corp. v. Scientific Games International, Inc., et al.***
       ***(D. Del. C.A. No. 04-138-JJF)***

Dear Rodger:

We have your letter of today responding to mine of April 19 and 20th.

With regard to the design documents, your response makes it clear that Scientific Games has not been forthcoming concerning its document production in this case. First, in its responses to GTECH's document requests, Scientific Games refused to produce any documents concerning subsystems or components of PlayCentral and suppliers thereof. (*See, e.g.* responses to requests 23 and 24). In response to GTECH's follow-up inquiries concerning the design documents for the burster, Scientific Games responded that it had conducted a reasonable search and produced responsive documents, a statement which we believed to be dubious at best particularly since Scientific Games obviously possesses (and has produced) design documents for almost every subsystem in the PlayCentral *except* the burster. (*See* your April 15th letter to me at 2, 3). Your letter of today, which states that design documents for the burster "will be produced," has now confirmed our suspicions that such documents in fact exist and have been withheld to date. There is simply no excuse for this belated promise of production, particularly just days before depositions of Scientific Games witnesses are scheduled to go forward.

Please provide the design documents to us by tomorrow. If we have not received them by then, we reserve the right to hold open the depositions of Mr. Gilmore and Mr. Bartolone and any other depositions of Scientific Games' witnesses that transpire prior to receipt of the documents, and seek costs from Scientific Games for any continued depositions deemed necessary to inquire concerning those documents.

With regard to the software, we understand that you are now refusing to produce the software on (improper) relevancy grounds. The software and related documentation is highly relevant to the GTECH's infringement claims and is certainly discoverable information as we

Rodger D. Smith, Esq.
April 22, 2005
Page 2



have previously explained to you. We are taking this matter up with the Court.

Finally, we understand from your letter that you have not searched the files of Scientific Games' subsidiaries and related entities (other than the named parties) for responsive documents. Documents Scientific Games has produced in discovery make it abundantly clear that at least the subsidiaries such as Autotote, Online Entertainment Systems and Scientific Games Racing are involved in the design, manufacture, and/or distribution of the accused PlayCentral. (*See, e.g., inter alia* SCI009917, SCI017771, SCI015458, SCI098894, SCI098916, SCI091171) Please reconsider your position and produce responsive documents from these subsidiaries and any other Scientific Games subsidiary or related entity immediately.

Sincerely,

Larissa A. Soccoli



One Broadway
New York, NY  10004-1050
212.425.7200
Fax 212.425.5288

## Fax Transmission

| | | | |
|---|---|---|---|
| From: | **Larissa A. Soccoli** | Date: | April 22, 2005 |
| Direct Dial: | 212.908.6449 | Fax: | 212.425.5288 |
| Client/Matter: | 12406/104 | Total number of pages: (including cover) | 2 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|---|---|---|---|
| **Rodger D. Smith** | **Morris Nichols Arsht & Tunnell** | **302-658-3989** | **302-658-9200** |

Message:

☒ Original will not follow  ☐ Original will follow by  ☐ Regular Mail  ☐ Overnight Delivery  ☐ Hand Delivery

The information contained in this facsimile transmission, including any attachments, is subject to the attorney-client privilege, the attorney work product privilege or is confidential information intended only for the use of the named recipient.  If the reader of this Notice is not the intended recipient or the employee or agent responsible for delivering this transmission to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, so that we may arrange for its return or destruction at our cost.  Thank you.

New York    Washington, DC    Silicon Valley    www.kenyon.com

```
************ -COMM. JOURNAL- ****************** DATE APR-22-2005 ***** TIME 18:41 ********

    MODE = MEMORY TRANSMISSION           START=APR-22 18:40   END=APR-22 18:41

    FILE NO.=693

STN   COMM.   ONE-TOUCH/   STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES    DURATION
NO.           ABBR NO.

001   OK      ≢            7313#12406#104#13026583989                003/003   00:00:56


                                               -KENYON & KENYON           -

************************************ -KENYON & KENYON - ***** -           - ********
```



**KENYON
KENYON**
Intellectual Property Law

One Broadway
New York, NY 10004-1050
212.425.7200
Fax 212.425.5288

## Fax Transmission

| | | | |
|---|---|---|---|
| From: | **Larissa A. Soccoli** | Date: | April 22, 2005 |
| Direct Dial: | 212.908.6449 | Fax: | 212.425.5288 |
| Client/Matter: | 12406/104 | Total number of pages: (including cover) | 2 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|---|---|---|---|
| Rodger D. Smith | Morris Nichols Arsht & Tunnell | 302-658-3989 | 302-658-9200 |

Message:

☒ Original will not follow  ☐ Original will follow by  ☐ Regular Mail  ☐ Overnight Delivery  ☐ Hand Delivery

The information contained in this facsimile transmission, including any attachments, is subject to the attorney-client privilege, the attorney work product privilege or is confidential information intended only for the use of the named recipient. If the reader of this Notice is not the intended recipient or the employee or agent responsible for delivering this transmission to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, so that we may arrange for its return or destruction at our cost. Thank you.

New York   Washington, DC   Silicon Valley   www.kenyon.com

# EXHIBIT M

# CONFIDENTIAL EXHIBIT


# REMOVED

# EXHIBIT N

# CONFIDENTIAL EXHIBIT


# REMOVED

# EXHIBIT O



Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

May 3, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    *GTECH Corp. v. Scientific Games International, Inc., et al.*
       *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

      We have written numerous times about the failure of Scientific Games to produce design documents and drawings for the burster in the PlayCentral Kiosk.

      In response to a query regarding the burster documents in the April 26 deposition of Mark Gilmore, you indicated that CAD drawings would be produced. (Gilmore transcript at 65-66; 86.)  Mr. Bartolone confirmed in his April 27 deposition that Scientific Games designed and manufactures the burster used in the PlayCentral.  (Bartolone transcript at 69.)  At that deposition you represented that CAD drawings had been produced the previous day, i.e., on April 26. (Bartolone transcript at 95.)  Having carefully reviewed both the paper and electronic documents Scientific Games produced on April 26, we note that they contain no design documents for the burster and no design drawings for the burster.   If you believe those documents have been produced, please immediately identify by Bates range or file name the location of the burster drawings.

      We intend to file a motion on this matter tomorrow with the Court.

                                        Sincerely,

                                        *Carolyn Reilly for*

                                        Larissa A. Soccoli

```
*************** -COMM. JOURNAL- ******************** DATE MAY-03-2005 ***** TIME 19:36 ********

        MODE = MEMORY TRANSMISSION              START=MAY-03 19:35     END=MAY-03 19:36

          FILE NO.=182

    STN   COMM.        STATION NAME/EMAIL ADDRESS/TELEPHONE NO.   PAGES      DURATION
    NO.

    001    OK        ⚁0176#12406#104#13026583989                 002/002    00:00:45


                                                              -KENYON & KENYON        -

    ***** UF-8000 ********************** -2124256231      - ***** -      2124256231- ********
```



KENYON
&
KENYON

Intellectual Property Law

One Broadway
New York, NY 10004-1050
212.425.7200
Fax 212.425.5288

## Fax Transmission

| | | | |
|---|---|---|---|
| From: | **Larissa A. Soccoli** | Date: | May 3, 2005 |
| Direct Dial: | 212.908.6449 | Fax: | 212.425.5288 |
| Client/Matter: | 12406/104 | Total number of pages: (including cover) | 2 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|---|---|---|---|
| Rodger D. Smith | Morris Nichols Arsht & Tunnell | 302-658-3989 | 302-658-9200 |

Message:

☒ Original will not follow  ☐ Original will follow by  ☐ Regular Mail  ☐ Overnight Delivery  ☐ Hand Delivery

The information contained in this facsimile transmission, including any attachments, is subject to the attorney-client privilege, the attorney work product privilege or is confidential information intended only for the use of the named recipient. If the reader of this Notice is not the intended recipient or the employee or agent responsible for delivering this transmission to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, so that we may arrange for its return or destruction at our cost. Thank you.

New York -- Washington, DC -- Silicon Valley -- www.kenyon.com

# EXHIBIT P



**KENYON**
**&**
**KENYON**

Intellectual Property Law

Larissa A. Soccoli
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

May 4, 2005

**By Facsimile**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    *GTECH Corp. v. Scientific Games International, Inc., et al.*
       *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

We have your letter of this morning concerning the documents and drawings for the dispenser mechanism used in the PlayCentral, and quite frankly view it as a stall tactic.

First Scientific Games indicated that it had conducted a reasonable search and produced responsive documents to GTECH's requests for these design drawings. (*See* your letter to me of April 15, 2005). GTECH responded that such a contention was dubious and requested the documents again. (*See* my April 20, 2005 letter.) Days later, and only four days before the deposition of Defendants' first witness, under threat of GTECH filing a motion on the issue, Scientific Games wrote, contrary to its prior representation that documents had been produced, that "Scientific Games has produced *or will produce* any such documents in its possession, custody, or control." (*See* your letter of April 22, 2005) (emphasis added). Based on this representation, we refrained from filing the motion to allow Scientific Games to make the production it promised.

The day of the first deposition on April 26, 2005 in Atlanta, you represented at that deposition that the requested design documents, including CAD drawings for the burster, were being produced that day on CD to our offices in New York "to the extent the company [had]" them. (*See* Gilmore Rough Transcript at 86). The next day at the deposition, the design drawings were discussed again and you represented on the record that Scientific Games would not be producing any further CAD files beyond what we had received on the CD. (*See* Bartolone Rough Transcript at 95).

We have reviewed the CD produced on April 26, 2005, which you represented contained the requested burster design documents, and found that these documents were not produced.

New York    Washington, DC    Silicon Valley    www.kenyon.com

Rodger D. Smith, Esq.
May 4, 2005
Page 2



Accordingly, due to your representation that Scientific Games would not be producing any further drawings, the delay that your contrary representations have caused, and our good faith reliance on them in not filing a motion on this sooner, we see *every* reason to raise this issue with the Court immediately.

That being said, in the spirit of cooperation, if indeed these drawings were "inadvertently omitted" as you claim in your letter, produce them by the end of the day today. Otherwise, we will file our motion tomorrow. We have already taken three depositions in this case without these documents, further depositions are scheduled in the very near future, and you are now complaining separately that we have not provided enough specificity in our interrogatory responses  - which is something we cannot do without at least these documents.

Sincerely,

Larissa A. Soccoli

# EXHIBIT Q

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 Fax

ROBERT D. SMITH
302 575 7205
302 498 6209 Fax
rsmith@mnat.com

April 15, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY  10004-1050

> Re:  GTECH Corp. v. Scientific Games International, Inc., et al.,
> C.A. No. 04-138-JJF

Dear Larissa:

    I am writing in response to your March 24, 2005 letter in which you belatedly complain about the supposed "deficiencies" in Scientific Games' responses to GTECH's interrogatories and document requests, which were served on GTECH on October 4, 2004, nearly six months earlier.

Interrogatory Responses

    *General Objection No. 3.*  Scientific Games has conducted a reasonable search and produced responsive documents and information in its possession, custody and control concerning the development and deployment of the PlayCentral Kiosk.

    *General Objection No. 7.*  No documents or information have been withheld based on third-party confidentiality agreements.

    *Interrogatory No. 1.*  Scientific Games does not agree with your statements about the requirements of Rule 33(d). Nevertheless, Scientific Games will agree to supplement its response to Interrogatory No. 1 on April 29, 2005.

    *Interrogatories Nos. 2, 3, 6, 7 & 8.*  Notwithstanding your protestations to the contrary, GTECH's interrogatory responses suffer from numerous glaring deficiencies, as

FROM MNA&T/302-658-3989                    (FRI) 4. 15' 05 16:29/ST. 16:28/NO. 4261916352 P  3

Larissa A. Soccoli, Esquire
April 15, 2005
Page 2

detailed in my August 30, 2004 and September 28, 2004 letters to Tom Meloro. For example, nowhere in those responses docs GTECH identify "where each element of the asserted claims are found in the accused product" (as you now suggest). Moreover, despite having been made aware of these deficiencies almost eight months ago, GTECH has failed to supplement its responses to provide meaningful contentions. Nevertheless, Scientific Games intends to supplement its interrogatory responses on April 29, 2005.

    *Interrogatory No. 4.*  If Scientific Games acquires additional information responsive to Interrogatory No. 4, Scientific Games will supplement its response as appropriate.

    *Interrogatory No. 5.*  Scientific Games will serve a supplemental response to Interrogatory No. 5 on April 15, 2005.

    *Interrogatory No. 10.*  Scientific Games does not intend to supplement its response to Interrogatory No. 10. It is our understanding that Scientific Games' relationship with Mr. Bushnell and uWink has nothing to do with the patents in suit or the PlayCentral Kiosk.

<u>Document Request Responses</u>

    *General Objection No. 1.*  Scientific Games has conducted a reasonable search and produced responsive documents and information in its possession, custody and control concerning the development and deployment of the PlayCentral Kiosk.

    *General Objection No. 6.*  No documents or information have been withheld based on third-party confidentiality agreements.

    *General Objection No. 7.*  Scientific Games does not intend to produce documents concerning pending patent applications, and does not intend to list those documents on its privilege log.

    *Document Request No. 3.*  As I discussed with Tom Meloro on March 11, 2005, Scientific Games has produced responsive documents concerning the prosecution, licensing, acquisition and evaluation of the patents identified in Document Request No. 3 to the extent such documents have been located following a reasonable search.

    *Document Requests Nos. 9 & 10.*  Scientific Games has produced documents responsive to subparts (b), (c) and (d) concerning the PlayCentral Kiosk to the extent such documents have been located following a reasonable search. Subpart (a) relates to the process for manufacturing the PlayCentral Kiosk, which is irrelevant to this litigation.

    *Document Requests Nos. 11 & 12.*  Scientific Games has produced documents concerning testing of the PlayCentral Kiosk to the extent such documents have been located following a reasonable search.

FROM MNA&T/302-658-3989                (FRI) 4. 15' 05 16:30/ST. 16:28/NO. 4261916352 P  4

Larissa A. Soccoli, Esquire
April 15, 2005
Page 3

*Document Requests Nos. 19, 25 & 72.* Scientific Games has produced responsive nonprivileged documents concerning issued patents related to the PlayCentral Kiosk, and has listed privileged documents on its privilege log concerning those patents. Scientific Games does not intend to produce documents concerning pending patent applications, and does not intend to list those documents on its privilege log.

*Document Requests Nos. 23 & 24.* These requests are vastly overbroad and duplicative of GTECH's other requests. To the extent these requests seek relevant documents, Scientific Games has produced those documents in response to GTECH's other requests.

*Document Request No. 26.* Scientific Games has produced documents sufficient to determine which entities are owned or controlled by Scientific Games, and documents sufficient to understand the relationships between and among the named defendants. Scientific Games does not intend to make any further production in response to this request.

*Document Requests Nos. 32-39, 41 & 42.* Scientific Games has produced responsive documents concerning the patents in suit. The foreign counterparts and other "related" patents are not at issue in this litigation.

*Document Request No. 45.* Scientific Games has produced documents responsive to subparts (a), (b) and (c) concerning the PlayCentral Kiosk. Subpart (d) is vague, ambiguous, overbroad and unduly burdensome insofar as it seeks "[a]ll documents concerning . . . any follow-up activity concerning any of the above business activities . . . ."

*Document Request No. 48 & 79.* Scientific Games has produced responsive documents concerning ITVM's sold or distributed by GTECH, Interlott and/or On-Point.

*Document Request No. 53.* Scientific Games has produced responsive documents concerning customer surveys involving PlayCentral Kiosk.

*Document Request No. 78.* Scientific Games has produced responsive documents concerning Louis Menna, Instant Technologies and PMV Products to the extent such documents have been located following a reasonable search.

FROM MNA&T/302-658-3989                    (FRI) 4.15'05 16:30/ST. 16:28/NO. 4261916352 P  5

Larissa A. Soccoli, Esquire
April 15, 2005
Page 4


     *Document Request No. 81.*  It is our understanding that Scientific Games'
relationship with Mr. Bushnell and uWink has nothing to do with the patents in suit or the
PlayCentral Kiosk.

                Sincerely,

                Rodger D. Smith

RDS/dal

460569

# EXHIBIT R

04/22/2005    11:56    MORRIS NICHOLS ARSHT AND TUNNELL → 044#51141#12124255288#    NO.033    P002

# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH
302 575 7205
302 498 6209 FAX
rrsmith@mnat.com

April 22, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

          Re:    GTECH Corp. v. Scientific Games International, Inc., et al.,
                 C.A. No. 04-138-JJF

Dear Larissa:

          I am writing in response to your April 19 and 20, 2005 letters.

          As stated in my April 15, 2005 letter (and during my telephone conference with Tom Meloro on March 11, 2005), Scientific Games conducted a reasonable search and produced responsive documents and information in its possession, custody and control concerning the development and deployment of the PlayCentral Kiosk. It is our understanding that Autotote and Online Entertainment Systems were not involved in the development or deployment of the PlayCentral Kiosk. If you are aware of information to the contrary, please let us know.

          I do not understand the basis for the statement in your April 20 letter that "Scientific Games claims it has produced documents ... in response to GTECH's requests for software and related documentation for the PlayCentral, [and] software used to store, manage or download graphics to the PlayCentral ...." My April 15 letter says nothing remotely close to that. We have not produced software or related documentation concerning the PlayCentral Kiosk, and do not see the relevance of such materials to the issues in this litigation. Please explain why GTECH believes such materials are relevant to this litigation.

Larissa A. Soccoli, Esquire
April 22, 2005
Page 2

      With respect to the design documents for the burster used in the PlayCentral Kiosk, Scientific Games has produced or will produce any such documents in its possession, custody or control.

Sincerely,

Rodger D. Smith

461652

# EXHIBIT S

# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith
302 575 7205
302 498 6209 Fax
rsmith@mnat.com

May 11, 2005

BY FACSIMILE

Larissa A. Soccoli, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

Re:   GTECH Corp. v. Scientific Games International, Inc., et al.,
      C.A. No. 04-138-JJF

Dear Larissa:

I am writing in response to your May 10 letter. The following files found on SGI107970, among others, relate to the design of Scientific Games' burster: burster.prt.1, burster.prt.4, burster.drw.2, burster.prt.3, burster-caddie.prt.2, burster-caddie-assy.asm.2, burster-tray.asm.3, burster-tray.prt.3, burster-tray.prt.7, burster-tray-assy.asm.10, burster-tray-assy.asm.3 and burster-tray-assy.asm.4.

Sincerely,

Rodger D. Smith

RDS/dss
464811