```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

GTECH CORPORATION,                :
                                  :
         Plaintiff,               :
                                  :
    v.                            :  Civil Action No. 04-138 JJF
                                  :
SCIENTIFIC GAMES INTERNATIONAL,   :
INC.; SCIENTIFIC GAMES HOLDINGS   :
CORPORATION; SCIENTIFIC GAMES     :
FINANCE CORPORATION; and          :
SCIENTIFIC GAMES CORPORATION,     :
                                  :
         Defendants.              :

## MEMORANDUM ORDER

Pending before the Court is a Motion To Compel Plaintiff To Produce On-Point's Opinions Of Counsel Concerning The '337 Patent (D.I. 82) filed by Defendants Scientific Games International, Inc, Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games").

In December 2000, On-Point Technology Systems, Inc. ("On-Point") was involved in litigation with Interlott, Technologies, Inc. ("Interlott") with regard to Interlott's claim that On-Point was infringing U.S. Patent No. 4,982,337 ("the '337 patent"). Interlott subsequently acquired On-Point, and Gtech Corporation ("Gtech") subsequently acquired Interlott. The '337 patent is also at issue in this lawsuit.

By its Motion, Scientific Games contends that Gtech has improperly refused to produce the two opinions of counsel

obtained by On-Point concerning the '337 patent. Scientific Games argues that Gtech waived any claim of attorney-client privilege with respect to these documents when it included information from the documents in its non-privileged response to a request for proposal from the Oregon Lottery. Scientific Games contends that in December 2000, On-Point responded to a request from the Oregon Lottery for a proposal for instant ticket vending machines. Specifically, Scientific Games contends that in its response to the Oregon Lottery, Gtech stated, "[W]e obtained a written opinion of a prominent patent firm that stated that not only was our new technological design not an infringement, but that On-Point's new design was clearly superior." (D.I. 82 at 2.)

 In response, Gtech contends that it has not waived any claim of attorney-client privilege or work product immunity with respect to the documents at issue. Gtech contends that the general reference to one of the opinion letters in On-Point's submission to the Oregon Lottery was not specific enough to effectuate a waiver as to the entirety of the opinions. Gtech contends that it did not provide the opinion itself to the Oregon Lottery or disclose any detail about the opinion provided.

 Based on the parties' respective arguments, it appears that Scientific Games does not contest Gtech's assertion that the documents at issue are protected by work product immunity and/or

2

the attorney-client privilege. Neither party asserts that Gtech relies upon advice of counsel as a defense to a charge of willful infringement. Rather, the Court finds that Gtech has asserted the attorney-client privilege with regard to the opinion letters throughout this litigation. Thus, the only question remaining for the Court is the narrow inquiry of whether Gtech waived its privilege and/or immunity by its statements to the Oregon Lottery with regard to the opinion of counsel.

It is well-settled that when a client voluntarily discloses privileged communications, the privilege is waived. Westinghouse Elec. Corp. V. Republic of the Philippines, 951 F.2d 1414, 1424 (3d Cir. 1991). One type of waiver is partial waiver, which permits a client who has disclosed a portion of privileged communications to continue asserting the privilege as to the remaining portions of the same communications. Id. at 1423 n. 7. Thus, the extent of the waiver is limited to the subject matter of the disclosed communication unless a partial waiver would be unfair to the disclosing party's adversary. See id. at 1426 n. 12.

In the circumstances of this case, the Court concludes that the statement Gtech made in its response to the Oregon Lottery constitutes a waiver of privilege as to the substantive content of the underlying opinion. Gtech's statement to the Oregon Lottery was completely voluntary and disclosed the opinion of the

3

attorney with regard to whether On-Point infringed the '337 patent. Thus, the Court concludes that, because the subject matter of Gtech's disclosure is the opinion of counsel, Gtech must accordingly produce the opinion of counsel in this litigation.

So Ordered.

July 11, 2005
DATE

_____
UNITED STATES DISTRICT JUDGE