IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION, <br><br> Defendants. | Civil Action No. 04-138-JJF <br><br> **CONFIDENTIAL** <br> **FILED UNDER SEAL** |

**GTECH'S REPLY BRIEF REGARDING ITS MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 14TH ORDER GRANTING DEFENDANTS' MOTION TO PRECLUDE GTECH FROM ASSERTING NEW CLAIMS**

Dated: July 18, 2005

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Josy W. Ingersoll (#1088)
Glenn C. Mandalas (#4432)
Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
gmandalas@ycst.com

Douglas E. Ringel
KENYON & KENYON
1500 K Street NW
Washington, DC 20005
Telephone: (202) 220-4200
Facsimile: (202) 220-4201

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   Scientific Games' Argument that GTECH Must Have Known
     About the PlayCentral's Holding Roller Because a Prior Court
     Construed the Other Asserted Claims to Include a "Holding Means"
     Is Without Merit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.  Scientific Games' Argument That it Previously Disclosed the
     Holding Roller in a Drawing Produced in November 2004 and in
     Prior Testimony Is Also Without Merit . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. The Prejudice to GTECH Far Outweighs Any Alleged Prejudice
     to Scientific Games . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## INTRODUCTION

GTECH respectfully submits this Reply Brief on its motion for reconsideration (D.I. 91) of the Court's June 14, 2005 Order (D.I. 87) granting Defendants' motion to preclude GTECH from asserting patent claims 22 and 24 of the '337 patent (D.I. 84).[1]

In its opposition to the motion for reconsideration, Scientific Games tellingly does not, and cannot, dispute the fact that, despite GTECH's repeated requests, Scientific Games withheld the engineering drawings of the burster used in the accused PlayCentral machine, forced GTECH to file a motion to compel directed to those drawings (D.I. 65), and only thereafter finally produced them near the close of fact discovery. Scientific Games also tellingly does not dispute that GTECH only received samples of the bursters used in the PlayCentral just prior to the close of fact discovery. Scientific Games also conveniently omits any reference to this Court's previous holding at the June 13, 2005 hearing that the engineering drawings and the burster samples are highly relevant discovery that could and should have been provided to GTECH by Scientific Games sooner than they were.

**REDACTED** As explained in more detail below, Scientific Games' arguments in this regard are meritless and should be rejected.

Scientific Games argues that it produced a document to GTECH purportedly disclosing **REDACTED** back in November 2004. What Scientific Games fails to mention is that that drawing was produced without any identification of what it was or where it came from.

**REDACTED** Because GTECH did not have the engineering drawings (withheld by Scientific Games) it could not even look to those for an attempt at clarification. **REDACTED**

---

[1] GTECH submits this Reply Brief pursuant to the Court's CM/ECF Notice of Docket Text Entry (July 17, 2005, 12:33 P.M.).

1

**REDACTED**

Scientific Games also argues that claims 20, 21 and 28 of the '337 patent, which GTECH asserted last August, require the same holding means as required in claims 22 and 24. This is also not the case. The "holding means" of claims 22 and 24 requires that the means be located in a particular place – adjacent to the bursting location. Claims 20, 21 and 28 do not require this location.

**REDACTED**

By withholding the engineering drawings until the close of fact discovery, Scientific Games prevented GTECH from learning that

**REDACTED** By seeking to preclude GTECH's assertion of these claims, Scientific Games seeks to profit from its withholding of relevant evidence. The prejudice to GTECH from this preclusion is significant, as preclusion is tantamount to dismissal of substantive claims for relief. In contrast, there is little or no prejudice

---

[2] GTECH's deposition notices for these witnesses had been outstanding for many months, yet Scientific Games did not provide the witnesses until then. (*See* D.I. 28 and 31).

to Scientific Games in allowing assertion of these claims, as the assertion is based on evidence that has long been in Scientific Games' possession and withheld by Scientific Games. Scientific Games makes no attempt to rebut the fact that the prejudice to GTECH from preclusion far outweighs any prejudice to Scientific Games. Indeed, such an attempt if made would be unconvincing.

Accordingly, for the reasons stated herein and in GTECH's opening brief, GTECH respectfully requests reconsideration of the Order precluding assertion of claims 22 and 24.

I.   Scientific Games' Argument that GTECH Must Have Known About REDACTED REDACTED Because a Prior Court Construed the Other Asserted Claims to Include a "Holding Means" is Without Merit.

Scientific Games argues that GTECH must have had all the evidence it needed to assert claims 22 and 24 because GTECH previously asserted claims 20, 21 and 28, which a prior court construed to include a "holding means." That argument is without merit.

The prior court, in *Interlott Technologies, Inc. v. Pollard Banknote Ltd.*, Case No. 1:02CV02157 (N.D. Ohio Aug. 4, 2003), construed the limitation in claim 20 reciting "means for separating each of said tickets from said strip." As part of its "means-plus-function" analysis, the *Interlott* court found that the structure in the specification corresponding to the claimed function includes "the combination of the 'separator member,' 'holding means,' and 'drive means,' as used consistently throughout the patent claims." (*See* D.I. 97, Ex. A to Scientific Games' brief at 30). Even if correct, this construction (which GTECH's predecessor, Interlott, disputed) does *not* require that the "holding means" of claims 20 and 28 be located at any particular location.

In contrast, the "holding means" of claims 22 and 24 *does* require that the "holding means" be at a specific location. Claims 22 and 24 recite "means for holding [a ticket] strip *adjacent one line along which said strip is to be separated.*" (emphasis added). In other words, the "means for holding" limitation of claims 22 and 24, unlike that of the *Interlott* court's

3

construction of claims 20 and 28, requires holding at a specific location – *i.e.* adjacent the bursting position.

**REDACTED**

Thus, even if the *Interlott* claim construction is correct, the information GTECH had at the time suit was filed was sufficient for assertion of claims 20, 21 and 28. Contrary to Scientific Games' arguments, GTECH's assertion of these claims in no way evidences that GTECH was aware of

**REDACTED**

Accordingly, it was only at the end of fact discovery that GTECH had the information to assert infringement of claims 22 and 24.

II. **Scientific Games' Argument That it Previously Disclosed** REDACTED **in a Drawing Produced in November 2004 and in Prior Testimony Is Also Without Merit.**

Scientific Games makes a two-part argument in an attempt to claim REDACTED REDACTED First, Scientific Games argues that it produced a drawing to GTECH in November 2004 which allegedly revealed REDACTED REDACTED Second, Scientific Games argues that deposition witnesses who provided testimony on April 26th and 27th, *i.e.* Messrs. Gilmore and Bartolone, identified REDACTED Both arguments misrepresent the facts concerning the documents and testimony.

4

WP3:1130543.1                                                                                              063055.1001

First, the drawing Scientific Games relies on as purported evidence REDACTED REDACTED as evident from the face of the document, was not attached to any other document, was not labeled, and was not identified in any way, including by identifying whose files the document came from. (*See* D.I. 97, Ex. D to Scientific Games' brief). Moreover, on its face, it is clearly *not* an engineering or production drawing that would be used to manufacture the actual PlayCentral bursters. *Id.* Since the drawing is not an engineering drawing that is used in the production of the PlayCentral, there is absolutely no indicia on the drawing itself to indicate that any part of the drawing is actually used in the PlayCentral machines.

**REDACTED**

**REDACTED -- PUBLIC VERSION, filed 7/20/05**

**REDACTED**

REDACTED

Thus, far from disclosing REDACTED the document and testimony to which Scientific Games now points actually provide further evidence of how GTECH was misled to believe REDACTED . It was not until Scientific Games produced the actual engineering drawings near the close of discovery, with actual burster samples and accompanying 30(b)(6) testimony on the last day of fact discovery, that

REDACTED

Scientific Games tries to shift the blame to GTECH for Scientific Games' discovery withholding of documents and things (*i.e.* the sample bursters) that this Court *has already ruled* are highly relevant and should have been turned over earlier. (*See* D.I. 91, GTECH's opening

brief at 6-7 (citing D.I. 89, June 13, 2005 Court Hearing Transcript at 4-5)). Scientific Games even goes so far as to argue that its withholding of the burster samples for the better part of a year is permissible; it was GTECH's purported "failure" to follow-up and ask for the samples again that should be criticized. This argument is unconvincing and should be rejected.

### III. The Prejudice to GTECH Far Outweighs Any Alleged Prejudice to Scientific Games.

Scientific Games previously argued that it would suffer prejudice from the two added claims because it had already taken discovery, including depositions of the inventors. (*See* D.I. 89 at 2). In the motion for reconsideration, GTECH pointed out that this argument is meritless because all of the relevant facts, including the information about the PlayCentral machines, were available to Scientific Games during discovery, including at the time of the inventors' depositions. GTECH invited Scientific Games to explain the alleged prejudice to the Court, stating that "Defendants have not, and cannot, articulate anything in particular that they would have asked any of GTECH's witnesses concerning claims 22 and 24 that they did not already ask." (*See* D.I. 91 at 13). In its response to GTECH's motion here, Scientific Games has failed to articulate anything evidencing prejudice to them, because there is none. (*See* D.I. 97 at 12).

In contrast, the prejudice to GTECH is severe, as preclusion of assertion of the two patent claims at issue is the equivalent of dismissal of those claims. The prejudice is particularly disproportionate, and harsh to GTECH, because the preclusion was due to discovery withholding and delays of Scientific Games, and were not due to any discovery failures on the part of GTECH. Thus, precluding GTECH from seeking relief for Scientific Games' infringement of these two additional patent claims essentially gives Scientific Games a windfall, rewarding it for its withholding of highly relevant discovery (the repeatedly-requested engineering drawings and the sample bursters) while punishing GTECH for Scientific Games' trangressions.[3]

---

[3] Defendants cite to *Georgia-Pacific Corp. v. U.S. Gypsum Co.*, C.A. No. 94-489-RRM, 1996 U.S. Dist. Ct. LEXIS 22616 (D. Del. Dec. 27, 1996), *Tracinda Corp. v. DaimlerChrysler AG*, C.A. No. 00-993-JJF, 2005 U.S. Dist. Ct. LEXIS 6741 (D. Del. April 20, 2005), and *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87 (S.D.N.Y. 2002) as purportedly supporting its contention that GTECH should be precluded from adding (continued...)

Because the prejudice to GTECH is substantial, and because there is essentially no prejudice to Scientific Games, GTECH respectfully requests that the Court permit the assertion of claims 22 and 24 of the '337 patent. As this Court has previously held on facts such as those presented here, allowing GTECH to assert infringement of these additional claims is appropriate. *See Bayer AG v. Sony Elecs., Inc.*, C.A. 95-8-JJF, 2001 U.S. Dist. LEXIS 25559 at *3-4 (D. Del. Dec. 20, 2001 )(J. Farnan) (*See* D.I. 91, Ex. D to GTECH's opening brief).

---

patent claims 22 and 24. Notably, none of these cases stand for this proposition. In *Georgia-Pacific*, the Court did not decide the issue of whether the court improperly precluded defendants from asserting invalidity claims. *Georgia-Pacific Corp. v. U.S. Gypsum Co.*, C.A. No. 94-489-RRM, 1996 U.S. Dist. Ct. LEXIS 22616 at *35 ("This court sees no reason to revisit the issue.") Further, the court noted that the decision to preclude occurred after Defendants were given numerous warnings and opportunities by the court to respond to Plaintiff's discovery requests. *Id.* Here, GTECH did not fail to produce discovery; rather it was Defendants' failure to produce discovery that prejudiced GTECH and prevented it from asserting these additional patent claims. REDACTED . *Tracinda* considered the issue of whether monetary sanctions should be imposed – not claim preclusion – for defendants failure to produce documents. *Tracinda Corp. v. DaimlerChrysler AG*, C.A. No. 00-993-JJF, 2005 U.S. Dist. Ct. LEXIS 6741 at *7-9. Again, here the delays were caused by Scientific Games – not GTECH. Notably, *Tracinda* actually advocates that Scientific Games should be sanctioned for its delay. Thus, these cases make clear the paradoxical result that GTECH is the one that has been improperly precluded and prejudiced due to Scientific Games' discovery failures. The *AMEX* case was discussed, and distinguished, in GTECH's opening brief. (*See* D.I. 91 at 5, n.3).

Of particular note, Scientific Games fails to address this Court's prior decision in *Bayer AG v. Sony Elecs., Inc.*, C.A. 95-8-JJF, 2001 U.S. Dist. LEXIS 25559 at *3-4 (D. Del. Dec. 20, 2001 )(J. Farnan) (*See* D.I. 91, Ex. D to GTECH's opening brief), which was cited by GTECH in its opening brief, which is analogous to the facts here, and which held that the Plaintiff should be allowed to assert infringement of additional patent claims even as late as the Pre-Trial Order.

9

## CONCLUSION

Based on the foregoing, Defendants' respectfully request that the Court reconsider its ruling on *Defendants' Emergency Motion to Preclude Plaintiff From Asserting New Patent Claims Or, In the Alternative, To Amend the Scheduling Order* (D.I. 84).

YOUNG, CONAWAY, STARGATT
& TAYLOR, LLP

Dated: July 18, 2005         By: _____
Josy W. Ingersoll (#1088)
Glenn C. Mandalas (#4432)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19889
(302) 571-6600
gmandalas@ycst.com

Attorneys for Plaintiff GTECH Corporation

Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Douglas E. Ringel
KENYON & KENYON
1500 K Street NW
Washington, DC 20005
Telephone: (202) 220-4200
Facsimile: (202) 220-4201

REDACTED -- PUBLIC VERSION, filed 7/20/05



# EXHIBIT A

# REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>Wilmington, DE 19801

I further certify that on July 18, 2005, I caused a copy of the foregoing document to be served by hand-delivery on the above counsel of record:

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_/s/ Glenn C. Mandalas_
>Glenn C. Mandalas (No. 4432)
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899-0391
>(302) 571-6600
>gmandalas@ycst.com
>
>*Attorneys for GTECH Corporation*