IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>               Plaintiff,<br><br>     v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC.,<br>SCIENTIFIC GAMES HOLDINGS<br>CORPORATION, SCIENTIFIC GAMES<br>FINANCE CORPORATION, and SCIENTIFIC<br>GAMES CORPORATION,<br><br>               Defendants. | Civil Action No. 04-138-JJF |

**GTECH'S MOTION FOR RECONSIDERATION OF THE COURT'S
JULY 11th ORDER (D.I. 96) GRANTING DEFENDANTS' MOTION TO
COMPEL PLAINTIFF TO PRODUCE ON-POINT'S OPINIONS OF COUNSEL**

Dated: July 25, 2005

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253

Douglas E. Ringel
KENYON & KENYON
1500 K Street NW
Washington, DC 20005
Telephone: (202) 220-4200
Facsimile: (202) 220-4201

## INTRODUCTION

Plaintiff GTECH Corporation ("GTECH") respectfully requests reconsideration of the Court's July 11, 2005 Order (D.I. 96) granting Defendants' Motion to Compel Plaintiff to Produce On-Point's Opinions of Counsel. GTECH also requests a stay of the production Order (D.I. 96) until this motion for reconsideration is decided.[1]

GTECH respectfully submits that the Court should vacate its Order for production of the opinions because it misapprehended the legal doctrine on which it is premised, the "partial waiver" doctrine. Under the "partial waiver" doctrine, courts across numerous judicial circuits have held that where a party makes an "extrajudicial" disclosure of a portion of an attorney-client communication, i.e., a disclosure that is *not* being used in the litigation, that party does *not* waive privilege as to the undisclosed portions of the attorney-client communication. By contrast, where a party seeks to use a portion of an attorney-client communication in litigation, the "fairness doctrine" requires that the undisclosed portions of the attorney-client communication be disclosed to the party's adversary in litigation.

In this case, On-Point's disclosure to the Oregon Lottery was indisputably an "extrajudicial" disclosure of a portion of an attorney-client communication. The statements to the Oregon Lottery were never used or intended to be used in the litigation between On-Point and Interlott. (Interlott acquired On-Point in connection with the settlement of the *Interlott v. On-Point* litigation. GTECH acquired Interlott thereafter, in December 2003.) Consistent with that, GTECH is not relying on the On-Point attorney's opinions in this litigation against Scientific Games, and GTECH has no intention of introducing into evidence the statements On-Point made to the Oregon Lottery. As such, the statements to the Oregon Lottery are "extrajudicial."

---

[1] Although the Order did not specify a time frame within which production of the On-Point opinions must be made, if GTECH were forced to produce the opinions prior to this motion being decided, it would moot the motion and vitiate GTECH's rights to have the issue reconsidered. Once the communications are revealed the proverbial cat cannot be put back in the bag.

1

The overwhelming authority is that, under these circumstances, the statements to the Oregon Lottery constitute at most a "partial waiver," such that the privilege is waived only as to the actual statements conveyed to the Oregon Lottery, and the privilege is ***not*** waived as to the undisclosed portions of the attorney-client communication, i.e., the underlying written opinion letters.

Further, because the statements to the Oregon Lottery are not being used by GTECH in this litigation ***in any manner*** and certainly not to any disadvantage to Scientific Games, there can be no claim here that GTECH is using the opinions as a "sword and a shield," nor is there any unfairness to Scientific Games in maintaining the privilege of the undisclosed written opinions. Thus, the "fairness doctrine" – which apparently was the basis of this Court's decision ordering production of the opinions – does not apply, and the attorney-client privilege over the undisclosed written opinions should be maintained.

## I.  RECONSIDERATION IS APPROPRIATE AND SHOULD BE GRANTED

A motion for reconsideration should be granted if "it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension." *Willow Bay Assocs., LLC v. Immunomedics Inc.*, 2002 U.S. Dist. LEXIS 10566, at *5 (D. Del. June 12, 2002) (Ex. A). Further, a district court should grant a motion for reconsideration when "there is a need to correct a legal or factual error which has resulted in a manifest injustice." *Id.* at *6. (citations omitted).

Here, the Court erred in its application of the "partial waiver" doctrine. In applying that doctrine, the Court either misunderstood the fact that GTECH has not relied and has no intention of relying on the On-Point attorney's advice in any way in this litigation, or misapprehended the distinction in the waiver case law that holds "extrajudicial" disclosure of a part of an attorney-client communication does not waive the privilege as to the remainder of the communication. This misapprehension of law led the Court to order disclosure of attorney-client privileged documents which have never been disclosed, documents which courts have repeatedly stated should be "zealously protected." *Klitzman, Klitzman & Gallagher v. Krut,* 744 F.2d 955, 960

(3d Cir. 1984) (*citing* 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2017 (1970)). Because of the importance of the attorney-client privilege, the error has resulted in a manifest injustice, which is appropriately corrected through reconsideration.

## II. THE COURT MISAPPLIED THE "PARTIAL WAIVER" DOCTRINE

In the Court's July 11, 2005 Order (D.I. 96), the Court stated:

> It is well-settled that when a client voluntarily discloses privileged communications, the privilege is waived. *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991). One type of waiver is partial waiver, which permits a client who has disclosed a portion of privileged communications to continue asserting the privilege as to the remaining portions of the same communications. *Id.* at 1423 n. 7. Thus, the extent of the waiver is limited to the subject matter of the disclosed communication unless a partial waiver would be unfair to the disclosing party's adversary. *See id.* at 1426 n. 12.
>
> In the circumstances of this case, the Court concludes that the statement Gtech made in its response to the Oregon Lottery constitutes a waiver of privilege as to the substantive content of the underlying opinion. Gtech's statement to the Oregon Lottery was completely voluntary and disclosed the opinion of the attorney with regard to whether On-Point infringed the '337 patent. Thus, the Court concludes that, because the subject matter of Gtech's disclosure is the opinion of counsel, Gtech must accordingly produce the opinion of counsel in this litigation.

Order, July 11, 2005 (D.I. 96), at 3-4.

In the Order, the Court relied on the "partial waiver" doctrine as set forth in the *Westinghouse* case. The Court also referenced the rule that if a "partial waiver" would be unfair to the adversary, the waiver will be broader to prevent unfairness to the adversary, a doctrine called the "fairness doctrine." *Westinghouse*, 951 F.2d at 1426.

The *Westinghouse* case itself did not involve the issue of "partial waiver."[2] However, the *Westinghouse* court addressed the "partial waiver" doctrine in footnotes 7 and 12, footnotes that

---

[2] The *Westinghouse* case dealt with the issue of whether disclosure of a communication to one party constitutes a waiver for a later party seeking disclosure of that same communication. Because the issue in *Westinghouse* involved an attempt to selectively disclose a communication to one party but not another, (continued...)

3

the Court in the July 11, 2005 Order cited. The one case the *Westinghouse* court cites for the "partial waiver" doctrine is *In re Von Bulow*, 828 F.2d 94 (2d Cir. 1987). *Westinghouse*, 951 F.2d at 1426 n. 13.

The *Von Bulow* case is a seminal case on the topic of "partial waiver" based on "extrajudicial" disclosures, and numerous courts have followed its logic. The case was a civil litigation that followed the highly-publicized trial conviction and subsequent reversal on appeal and acquittal on retrial of Claus Von Bulow. After the acquittal, Mr. Von Bulow's attorney Alan Dershowitz, with Mr. Von Bulow's consent, published a book, "Reversal of Fortune," that revealed portions of attorney-client communications. In the *Von Bulow* civil litigation, the plaintiffs argued that the publication of portions of the communications constituted a waiver as to the remaining portions of the underlying communications that were not published.

The Second Circuit held that because the disclosures in the book were "extrajudicial" disclosures, they did not waive privilege as to the undisclosed portions of the underlying communications. The court explained:

> [The "fairness doctrine"] aim[s] to prevent prejudice to a party and distortion of the judicial process that may be caused by the privilege-holder's selective disclosure *during litigation* of otherwise privileged information. Under the doctrine the client alone controls the privilege and may or may not choose to divulge his own secrets. But it has been established law for a hundred years that when the client waives the privilege by testifying about what transpired between her and her attorney, she cannot thereafter insist that the mouth of the attorney be shut. *Hunt v. Blackburn*, 128 U.S. 464, 470-71, 32 L. Ed. 488, 9 S. Ct. 125 (1888). From that has grown the rule that testimony as to part of a privileged communication, in fairness, requires production of the remainder. *McCormick On Evidence* § 93, at 194-95 (2d ed. 1972).

---

courts have termed this "selective waiver." *See Westinghouse*, 951 F.2d at 1423 n. 7. In this case, GTECH is not arguing that "selective waiver" applies, as GTECH has not sought to preclude Scientific Games from discovering the actual communications made to the Oregon Lottery. Clearly, Scientific Games has had discovery of those communications. GTECH is arguing that no waiver has been made as to the underlying written opinions.

4

> Yet this rule protecting the party, the factfinder, and the judicial process from selectively disclosed and potentially misleading evidence does *not* come into play when ... the privilege-holder or his attorney has made *extrajudicial* disclosures, and those disclosures have *not* subsequently been placed at issue during litigation. ...
>
> * * *
>
> Applying the fairness doctrine, we hold therefore that the *extrajudicial* disclosure of an attorney-client communication -- one *not* subsequently used by the client in a judicial proceeding to his adversary's prejudice -- does *not* waive the privilege as to the undisclosed portions of the communication. Hence, though the district court correctly found a waiver by von Bulow as to the particular matters *actually disclosed* in the book, it was an abuse of discretion to broaden that waiver to include those portions of the four identified conversations which, because they were not published, remain secret.

*Von Bulow*, 828 F.2d at 101-2 (some emphasis in original, some emphasis added).

Courts across numerous judicial circuits have followed the Second Circuit's reasoning in *Von Bulow*. The First Circuit addressed the issue in *In re Keeper of the Records (Grand Jury Subpoena Issued to XYZ Corporation)*, 348 F.3d 16 (1st Cir. 2003). A party had a phone call with a third party company, and the party's attorney participated in the call and rendered opinions in the presence of the third party company. The government argued that this constituted a waiver not just of the communications in the call itself, but also as to other communications on the same subject matter. Following *Von Bulow*, the First Circuit disagreed:

> Virtually every reported instance of an implied waiver extending to an entire subject matter involves a *judicial* disclosure, that is, a disclosure made in the course of a judicial proceeding. *See Von Bulow*, 828 F.3d at 103 (collecting cases). This uniformity is not mere happenstance; it exists because such a limitation makes eminently good sense. Accordingly, we hold, as a matter of first impression in this circuit, that the *extrajudicial* disclosure of attorney-client communications, not thereafter used by the client to gain adversarial advantage in judicial proceedings, *cannot* work an implied waiver of all confidential communications on the same subject matter. *Accord Von Bulow*, 828 F.2d at 102-03; *Yankee Atomic Elec. Co. v. United States*, 54 Fed. Cl. 306, 316 (2002).

5

*Records (Grand Jury Subpoena Issued to XYZ Corporation)*, 348 F.3d at 24 (emphasis added).

In addition to the First Circuit, the Sixth Circuit and district courts in the Seventh Circuit and the Ninth Circuit have all cited the Second Circuit's reasoning in the *Von Bulow* case with approval. *See In re Grand Jury Proceedings October 12, 1995*, 78 F.3d 251, 256 (6th Cir. 1996) (*citing Von Bulow*, 828 F.2d 102;[3] *United States of America v. South Chicago Bank*, 1998 U.S. Dist. LEXIS 17445, at *11-*12 (N.D. Ill. Oct. 16, 1998) (Ex. B), (*citing Von Bulow* and finding that the defendants' extrajudicial disclosure of interview information to the FDIC or its insurer did not waive the privilege on the underlying interview documents); *Akamai Technologies, Inc. v. Digital Island, Inc.*, 2002 U.S. Dist. LEXIS 13515, at *26-*28 (N.D. Cal. May 30, 2002) (Ex. C) (*citing Von Bulow* and finding no waiver of any communication other than what was already disclosed); *see also Johnson Matthey, Inc. v. Research Corp.*, 2003 U.S. Dist. LEXIS, at *13-*14 (S.D.N.Y. July 23, 2002) (Ex. D) (*citing Von Bulow* and holding that, even though portions of a document were disclosed, the undisclosed portions need not be disclosed because "JM has indicated that it will make no use of the [document] at trial").

The *South Chicago Bank, Akamai,* and *Johnson Matthey* cases are all instructive here because each one involved a party disclosing a conclusion or summary, where the facts or analysis relating to that conclusion or summary were contained in documents on which the party was claiming privilege. This is similar to the facts here, where On-Point disclosed the attorney's conclusion of non-infringement but kept confidential the attorney's detailed analysis on which the conclusion was based. In *South Chicago Bank*, the party disclosed "an oral summary of the general content of the interviews," but "did not apparently turn over any actual documents resulting from the . . . interviews." *South Chicago Bank*, 1998 U.S. Dist LEXIS 17445 at *10-

---

[3]   In the case of *In re Grand Jury Proceedings October 12, 1995*, the disclosure of the attorney-client privileged information was in the context of the judicial proceedings, as the disclosure was made to two government investigators regarding the matter that was at issue in the grand jury investigation. Moreover, the disclosure "revealed their attorney's legal conclusions *and the facts on which those conclusions were based*," so the court ordered a waiver consistent with the scope of that disclosure. *In re Grand Jury Proceedings October 12, 1995*, 78 F.3d at 254-6. Because On-Point made no disclosure of the details of the underlying written opinions, the privilege as to the undisclosed matter should be maintained. *Id.*

6

*11. The court held that the waiver applied only to the disclosed oral summary, and not to the underlying documents. *Id.* at *11. In *Akamai*, the party disclosed an attorney's memorandum stating a conclusion regarding the party's claim for unfair competition damages, but the party withheld other documents containing the attorney's analysis on the subject. *Akamai*, 2002 U.S. Dist. LEXIS 13515 at *3-*5. The court held that the disclosure of the memorandum stating the conclusion did not constitute a waiver with respect to any document other than that conclusion memorandum. *Id.* at *27-*28. In *Johnson Matthey*, a party disclosed an attorney's memorandum in redacted form, maintaining a claim of privilege as to the redacted text. The adversary in litigation argued that the partial disclosure constituted a waiver as to the entire document, "because 'there is a substantial possibility that the undisclosed portion of the memo qualifies or undercuts the portion that was disclosed.'" *Johnson Matthey*, 2002 U.S. Dist. LEXIS 13560 at *13. The court held that because "JM has indicated that it will make no use of the [document] at trial," the adversary "is not entitled to more fulsome disclosure of the memorandum or any related documents at this time." *Id.* at *14.[4]

Neither the Third Circuit nor the Federal Circuit has squarely addressed the *Von Bulow* holding. However, language in the *Westinghouse* case strongly suggests the Third Circuit's approval of the reasoning of the *Von Bulow* case. In *Westinghouse*, the Third Circuit addressed the question of whether, when a party makes a disclosure to one adversary, the "fairness doctrine" requires that a waiver be found as to that subject matter for a second adversary. In so

---

[4] It has also been held that where a party discloses a portion of a privileged communication for the purpose of committing fraud, and fraud is at issue in the case, then that disclosure waives the remaining related portion of the communication. In *United States of America v. Jacobs*, 117 F.3d 82 (2d Cir. 1997), Jacobs was involved in a fraudulent scheme utilizing fake off-shore financial entities. To defraud customers, he obtained letters from an attorney and then falsely told prospective customers that the attorney declared the program legal. The disclosure was in furtherance of the fraud at issue in the case, and the court ordered disclosure based on the crime-fraud exception and on waiver grounds (the lower court had not reached the waiver issue.) *Id.* at 89. Here, On-Point's statements to the Oregon Lottery are not probative of any issue in the case, and, as explained in GTECH's opposition brief on the underlying motion (D.I. 85), On-Point's statements were no different from what was conveyed publicly by On-Point in alleging non-infringement in its pleadings in the Interlott/On-Point litigation (and which courts have held is therefore not a waiver of privilege).

doing, the court stated, "we do not see how disclosing protected materials to one adversary disadvantages another." *Westinghouse*, 951 F.2d 1430. The same reasoning applies here. On-Point's disclosure to the Oregon Lottery does not disadvantage Scientific Games in this litigation. Indeed, producing these documents to Scientific Games in this case is actually a windfall to Scientific Games, causing extreme prejudice to GTECH, particularly since GTECH is in no way utilizing or relying on these opinions in connection with this litigation.

Further, in footnote 13 of the *Westinghouse* case, the court states, "When a party discloses a portion of otherwise privileged materials while withholding the rest, the privilege is waived *only* as to those communications actually disclosed, unless a partial waiver would be unfair to the party's adversary," citing *Von Bulow*. *Id.* at 1426 n. 13. Accordingly, the *Westinghouse* opinion strongly suggests that the Third Circuit agrees with the *Von Bulow* reasoning and GTECH's position on this motion.

In sum, the strong public policy favoring "zealous protection" of the attorney-client privilege weighs heavily in favor of the reasoning of *Von Bulow* and other similar cases. Where a party makes a partial disclosure of a communication, but persistently maintains the confidence of the remainder of that communication, and where the partial disclosure was made "extrajudicially" and to no prejudice of the adversary, there is no waiver of the undisclosed portions. Here, there is no unfairness to Scientific Games in upholding the attorney-client privilege with respect to the undisclosed opinion documents. Accordingly, GTECH respectfully requests that the Court uphold that attorney-client privilege and vacate its Order of production concerning those opinions.

8

## CONCLUSION

Based on the foregoing, GTECH respectfully requests the Court to reconsider its July 11, 2005, Order (D.I. 96), and issue an order that allows GTECH to maintain the attorney-client privilege with respect to the On-Point Opinions of Counsel.

                              YOUNG, CONAWAY, STARGATT
                              & TAYLOR, LLP

Dated: July 25, 2005         By: /s/ Karen E. Keller
                              Josy W. Ingersoll (#1088)
                              Karen E. Keller (#4489)
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              P.O. Box 391
                              Wilmington, Delaware 19889
                              (302) 571-6600
                              Attorneys for Plaintiff GTECH Corporation

OF COUNSEL:

Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Douglas E. Ringel
KENYON & KENYON
1500 K Street NW
Washington, DC 20005
Telephone: (202) 220-4200
Facsimile: (202) 220-4201

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on July 25, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on July 25, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Karen E. Keller
>_____
>Karen E. Keller (#4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>kkeller@ycst.com
>
>Attorneys for Plaintiff

WP3:1094661.1

63055.1003