PATENT
3390-2030

can be stored and distributed to many different remote machines from the central computer 204. Alternatively, the unit 216 can be provided with a small disk drive or tape player, and the service representative can carry the digital images on a disk or tape and use the disk drive or tape to read them into the machine 216 when he comes to load into the machine a new batch of lottery tickets for a new game.

The video memory 230 is of a conventional type which contains any digital to analog conversion circuitry to deliver signals suitable for display on the video monitor 218.

In accordance with another aspect of the invention, each of the arrays of ticket images A, B, C, D, E and F can be made to move downwardly as a ticket is issued. The array moves in the same manner as the tickets move past the windows in Figures 1 and 2. This can be done by ordinary scrolling techniques. Although only 2 tickets are shown in each of the arrays A, B, C, D, E and F, it should be understood that each array can be made to contain more tickets, if it is desired to do so.

When the supply of any one particular lottery ticket is exhausted, the representation of that ticket on the video screen disappears and is replaced by a legend saying "Sold Out".

The device shown in Figures 8, 9 and 10 has the advantage that it is relatively compact and may require

-24-

GN71.01

PATENT
3390-2030

fewer burster and feeder mechanisms. It would be possible, for example, by extension of the principles discussed above, to use only one burster and feeder mechanism to service four or five or more different supplies of lottery tickets.

Another advantage of the device shown in Figures 8 through 10 is the arrays A, B, C, D, E and F appear on a video screen. This may make viewers more comfortable in that they will be viewing the tickets in a familiar format. Also, the video screen, which preferably is a color receiver, will deliver the images of the tickets in vivid, bright colors which will be easy to see in a darkened room, such as in a tavern or cafe. For these reasons, it may be desired to use the video screen to display the ticket images, even though a separate burster and feeder mechanism is used for each type of ticket.

The above description of the invention is intended to be illustrative and not limiting. Various changes or modifications in the embodiments described may occur to those skilled in the art and these can be made without departing from the spirit or scope of the invention. For example, either the ticket itself or a video image of a ticket should be considered to be a "representation" of the ticket. Means other than the specific ones described above can be used to create representations of tickets without departing from the invention.

-25-

GN71.01

PATENT
3390-2030

CLAIMS:

1.  A ticket dispensing machine, comprising, in combination, a housing, at least one window in said housing through which tickets inside said housing can be seen but not touched by a person outside said housing, a dispensing outlet in said housing, moving means for moving an array of tickets past said window, and means for dispensing through said outlet a pre-determined number of tickets to an operator of said machine.

2.  A machine as in Claim 1 in which said housing has a plurality of said windows, and said moving means is adapted to move an array of tickets past each of said windows.

3.  A machine as in Claim 1 in which said tickets are attached together in a continuous strip when they move past said window, and separating means for separating said tickets from one another before they are dispensed.

3.  A machine as in Claim 1 in which said tickets are lottery tickets.

4.  A machine as in Claim 1 including means for receiving a medium of monetary exchange, detecting the number of monetary units represented by said medium and dispensing the number of tickets corresponding to said number of monetary units.

-26-

GN71.01

PATENT
3390-2030

6. A machine as in Claim 5 in which said tickets are instant-winner lottery tickets.

7. A machine as in Claim 2 in which the array of tickets at each of at least two of said windows is different, each array representing a different lottery game.

8. A machine as in Claim 2 including means for selecting one array of tickets behind one of said windows and operating said moving means so as to move only the tickets in the selected array.

9. A machine as in Claim 5, in which said medium of monetary exchange is selected from the group consisting of a currency detector and a credit card reader.

10. A machine as in Claim 1 in which said dispensing means includes means for barring a person from grasping any ticket before it is dispensed through said outlet.

11. A machine as in Claim 1 including bar-code reading means mounted adjacent the path of travel by said tickets for reading a bar code from said tickets and transmitting to central computer means the information so read.

12. A machine as in Claim 11 in which the barcodes on said tickets represent one or more of the group consisting of; individual ticket identification; ticket batch identification; ticket lot numbers; ticket manufacturer; ticket manufacture date; the game represented

-27-

GN71.01

PATENT
3390-2030

by the ticket; whether the ticket is a winner; how much winnings the ticket is worth.

13.  A machine as in Claim 3 in which said separating means comprises bursting means for bursting said tickets apart along lines of weakness delineating said tickets from one another.

14.  A machine as in Claim 13 in which said bursting means comprises means for holding the tickets on both sides of one of said lines of weakness against longitudinal movement, and pressing means for pressing transversely against said tickets at said line to burst them apart at said line.

15.  A machine as in Claim 14 in which said pressing means comprises a dull-edged wheel, and means for rolling said wheel along said line to separate said tickets.

16.  A ticket vending method, said method comprising the steps of:

(a)  utilizing powered drive means for moving an array of tickets past a viewing window in a housing in a manner such that the tickets can be seen from outside said housing, and

(b)  issuing from said housing the number of tickets from said array which are ordered by an operator.

17.  A method as in Claim 16 in which said array comprises a fan-fold group of tickets delineated from one another by perforation lines, and including the step of

-28-

GN71.01

PATENT
3390-2030

separating ones of said tickets from the others in said array prior to issuing them.

18. A method as in Claim 16 including the step of providing a plurality of windows in said housing, each with an array of tickets and powered drive means to move the array past it, and selecting among said arrays and issuing tickets from one of them.

19. A method as in Claim 18 including the steps of providing a monetary medium of exchange acceptor means and a character display, displaying the amount of credit due the customer in response to the input of a monetary exchange medium into said acceptor means and acceptance thereof, and reducing the amount of credit displayed by an amount corresponding to the number of tickets issued to indicate how much credit remains after the ordered number of tickets has been issued.

20. A method as in Claim 16 including on said tickets bar-coded information selected from the group consisting of individual ticket identification; ticket batch identification; ticket lot numbers; ticket manufacturer; ticket manufacture date; the game represented by the ticket; whether the ticket is a winner; how much winnings the ticket is worth, providing a bar-code reader to read said information from said tickets as they are being dispensed, and communicating said information to an information gathering station.

-29-

GN71.01

PATENT
3390-2030

21. A method as in Claim 16 including the steps of providing a plurality of ticket vending machines in a particular locale, selecting one of said machines to be a master and the others to be slaves, and communicating data regarding the operation of said master and slave units through said master unit.

22. A method as in Claim 16 in which said tickets are lottery tickets, the tickets displayed through each of said windows representing a different lottery game to provide the customer with a variety of different games to select from.

23. A lottery ticket vending machine comprising, in combination, a housing, display means for displaying an array of lottery ticket representations viewable from outside of said housing by a customer, said array representing tickets in said machine available for purchase, acceptor means for receiving and accepting a means of monetary exchange, and means for dispensing said tickets in a number corresponding to the amount of money input into said machine by said customer.

24. A machine as in Claim 23 in which said display means is adapted for displaying a plurality of arrays of said tickets and including means for selecting from among said arrays one array from which tickets are dispensed.

GN71.01

PATENT
3390-2030

25   A machine as in Claim 23 in which said display means comprises at least one transparent enclosure through which said array can be seen but not touched by said customer, and means for moving said array in said enclosure during the dispensing of said tickets.

26.  A machine as in Claim 25 in which said transparent enclosure is a window, said tickets being formed in a continuous strip with individual tickets delineated from their neighbors by perforations, storage means in said housing for storing a supply of said tickets, feed means for feeding said strip past said window, separator means for receiving said strip after passing by said window and separating said tickets from one another, said dispensing means being adapted to dispense one or more tickets separated from said strip.

27.  A machine as in Claim 26 in which said housing has a restricted outlet opening, said outlet opening being positioned so that a ticket does not emerge therefrom until after it has been separated from said strip, whereby the strip of tickets is made difficult to reach and pull out of the machine.

28.  A machine as in Claim 27 including a ticket receptacle adjacent said outlet opening, said receptacle having bifurcated means for holding a dispensed ticket, with a space for the insertion of fingers to easily grasp the tickets.

-31-

GN71.01

PATENT
3390-2030

29.  A machine as in Claim 26 including sliding support means for mounting said storage, feed, separator and dispensing means in said housing, said housing having a removable panel and said support means being slidable out of said housing for ease of reloading and service.

30.  A machine as in Claim 29 in which said removable panel is a hinged front panel, said window being located in said front panel.

31.  A machine as in Claim 26 said housing having a front panel, said window comprising a bezel in said front panel, a transparent covering for the front of said bezel, and the back of said bezel being open, and guide means for guiding said strip along said back of said bezel.

32.  A machine as in Claim 25 including a lamp for illuminating said array.

33.  A machine as in Claim 26, including adjustable edge guide means for guiding the edges of said strip, said adjustable edge guide means comprising a pair of cams rotatable to change the spacing between them.

34.  A machine as in Claim 23 including means for displaying the amount of credit due the customer in response to the input of a monetary exchange medium into said acceptor means and acceptance thereof, and means for reducing the amount of credit displayed by an amount corresponding to the number of tickets issued to indicate

--32--

GN71.01

PATENT
7390-2030

how much credit remains after the ordered number of tickets has been issued.

35. A machine as in Claim 23 and a plurality of additional ones of said machines, said additional machines being adapted to be slaves and the first-named machine being a master, and communications means including a modem for communicating data and instructions between a central computer and said vending machines through said modem and said master machine.

36. A machine as in Claim 24 in which said machine has a message display for displaying an advertising message related to the lottery in which said tickets sold.

37. A machine as in Claim 26 in which said strip is fed downwardly past said window, and said housing has a dispensing outlet below said window.

38. A machine as in Claim 23 in which said display means comprises video display means for displaying a plurality of arrays of ticket images on a video screen.

39. A machine as in Claim 38 including means for separately scrolling each of said arrays to produce motion as tickets represented by a selected array are being dispensed.

40. A machine as in Claim 39 including video memory means for storing and delivering to said video display means signals to form said arrays under the control of electrical control circuitry.

GN71.01                        -33-

PATENT
3390-2030

41.  A ticket dispensing machine, said machine comprising, in combination, a housing, at least one window in said housing through which tickets inside said housing can be seen but not touched by a person outside said housing, a dispensing outlet in said housing, moving means for moving an array of tickets past said window, means for dispensing through said outlet a pre-determined number of tickets to an operator of said machine, said tickets being formed in a continuous strip with individual tickets delineated from their neighbors by perforations, storage means in said housing for storing a supply of said tickets, separator means for receiving said strip after passing by said window and separating said tickets from one another, said dispensing means being adapted to dispense one or more tickets separated from said strip.

42   A machine as in Claim 41 in which said housing has a restricted outlet opening, said outlet opening being positioned so that a ticket does not emerge therefrom until after it has been separated from said strip, whereby the strip of tickets is not easy to each and pull out of the machine, including a ticket receptacle adjacent said outlet opening, said receptacle having bifurcated means for holding a dispensed ticket, with a space for the insertion of fingers to easily grasp the tickets.

43.  A machine as in Claim 41 including sliding support means for mounting said storage, feed, separator and

-34-

GN71.01

PATENT
3390-2030

dispensing means in said housing, said housing having a
removable panel and said support means being slidable out of
said housing for ease of reloading and service.

44.  A machine as in Claim 43 in which said
removable panel is a hinged front panel, said window being
located in said front panel.

45.  A machine as in Claim 41 said housing having
a front panel, said window comprising a bezel in said front
panel, a transparent covering for the front of said bezel,
and the back of said bezel being open, and guide means for
guiding said strip along said back of said bezel.

46.  A method of dispensing tickets from a machine
said method comprising the steps of:

(a)  displaying a plurality of arrays of
ticket representations, each of said arrays representing
tickets available for dispensing from said machine,

(b)  selecting tickets from one of said
arrays,

(c)  dispensing a selected number of said
tickets, and

(d)  causing the selected array to move to
indicate the dispensing of tickets therefrom.

47.  A method as in Claim 46 in which said ticket
representations comprise video images of said tickets
displayed on a video screen.

GN71.01

PATENT
3390-2030

48.  A method as in Claim 46 in which said dispensing step comprises selectively feeding tickets from one of a plurality of ticket storage units through a dispensing means, said one unit containing tickets corresponding to the selected array.

49.  A method as in Claim 46 in which said displaying step comprises moving an array of tickets past a window in the housing of said machine so that said array is visible but untouchable from outside said machine.

-36-

GN71.01

## ABSTRACT OF THE DISCLOSURE

Preferably, instant-winner lottery tickets are sold by the machine. The machine includes a bill acceptor to receive the money of the purchaser. It has from one to four windows in a front panel. Lottery tickets are displayed in the window and move past the window as they are being dispensed, thus allowing the buyer to see the messages and terms on the tickets themselves. When more than one window is provided in the machine, the buyer can select among a plurality of different instant-winner lottery games. The machine is connected electrically to a central computer for accounting and control functions. In another embodiment, representations of the tickets are displayed in a movable array on a video screen.

**DECLARATION ₍ ₎ PATENT APPLICATION AND POWEᵣ ₋ ATTORNEY**
(Under 37 CFR ₍ ₎ 1.63; includes reference to PCT Internatioₙ₋₎ ₋pplications)

## CURTIS, MORRIS & SAFFORD, P.C. File No. .3390-2030.........

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention ENTITLED:

TICKET DISPENSING MACHINE AND METHOD
.......................................................................................
the specification of which

☒ is attached hereto.                    ⎧ ☐  PCT International ⎫
☐ was filed on .......... as  ⎨ ☐  United States   ⎬ Application, No....................
with amendment(s) through ....................................................(if applicable, give details).

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56 (a).

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate or of any PCT international application(s) designating at least one country other than the United States of America listed below and have also identified below any foreign application for patent or inventor's certificate or any PCT international applications designating at least one country other than the United States of America filed by me on the same subject matter having a filing date before that of the application(s) of which priority is claimed:

| Prior Foreign/PCT Application(s) [list additional applications on separate page]: | | Priority Claimed: | |
| --- | --- | --- | --- |
| Country (or PCT) | Application Number: | Filed (Day/Month/Year): | Yes | No |
| | | | ☐ | ☐ |
| | | | ☐ | ☐ |

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) or PCT international application(s) designating the United States of America that is/are listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in that/those prior application(s) in the manner provided by the first paragraph of Title 35, United States Code §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which occurred between the filing date of the prior application(s) and the national or PCT international filing date of this application:

Prior U.S. (or U.S.-designating PCT) Application(s) [list additional applications on separate page]:
U.S. Serial No.:   Filed (Day/Month/Year):   PCT Application No.   Status (patented, pending, abandoned):

I hereby appoint ...Gregor..N..Neff....................., Registration No. 20,596,
and ...................................................................................

and CURTIS, MORRIS & SAFFORD, P.C., Registration No. 12761, or their duly appointed associate, my attorneys, with full power of substitution and revocation, to prosecute this application, to make alterations and amendments therein, to file continuation and divisional applications thereof, to receive the Patent, and to transact all business in the Patent and Trademark Office and in the Courts in connection therewith, and specify that all communications about the application are to be directed to the following correspondence address:

Gregor N. Neff ..............., Esq.        Direct all telephone calls to: (212) 840-3333
c/o CURTIS, MORRIS & SAFFORD, P.C.                        to the attention
530 Fifth Avenue
New York, New York 10036        of ..Gregor..N..Neff.....................

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

INVENTOR(S):

Signature: ............................................. Date: .Feb 15, 1989

Full name of sole or first inventor:   Robert L. Burr
Residence: 7515 CHARMANT DR SUITE 1407 SAN DIEGO, CA 92122
Citizenship:  U.S.A.

Signature:................................................ Date: .....................
Full name of 2nd joint inventor (if any):
Residence:
Citizenship:

Signature:................................................ Date: .....................
Full name of 3rd joint inventor:
Residence:
Citizenship:
[Similarly list additional inventors on separate page]
Post Office Address(es) of inventor(s):
[if different from residence]

Note: In order to qualify for reduced fees available to Small Entities, each inventor and any other individual or entity having rights to the invention must also sign an appropriate separate "Verified Statement (Declaration) Claiming [or Supporting a Claim by Another for] Small Entity Status" form [e.g. for Independent Inventor, Small Business Concern, Nonprofit Organization, individual Non-Inventor].

07 312111

| Applicant or Patentee | : | Robert L. Burr | Curtis, Morris & Safford, P.C. |
| Serial or Patent No. | : | | File No. 3390-2030 |
| Filed or Issued | : | | |
| For | : | TICKET DISPENSING MACHINE AND METHOD |

### VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS (37 CFR 1.9(f) and 1.27 (b)) — INDEPENDENT INVENTOR

As a below-named inventor, I hereby declare that I qualify as an independent inventor as defined in 37 CFR 1.9(c) for purposes of paying reduced fees under Section 41(a) and (b) of Title 35, United States Code, to the Patent and Trademark Office with regard to the invention, entitled
            TICKET DISPENSING MACHINE AND METHOD
described in

☒ the specification filed herewith.
☐ application serial no. _____ , filed _____ .
☐ patent no. _____ , issued _____ .

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant, convey or license, any rights in the invention to any person who could not be classified as an independent inventor under 37 CFR 1.9(c) if that person had made the invention, or to any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under an obligation under contract or law to asssign, grant, convey, or license any rights in the invention is listed below:

☒ no such person, concern, or organization
☐ persons, concerns or organizations listed below*
    *NOTE: Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27)

FULL NAME _____
ADDRESS _____
        ☐ INDIVIDUAL    ☐ SMALL BUSINESS CONCERN    ☐ NONPROFIT ORGANIZATION

FULL NAME _____
ADDRESS _____
        ☐ INDIVIDUAL    ☐ SMALL BUSINESS CONCERN    ☐ NONPROFIT ORGANIZATION

FULL NAME _____
ADDRESS _____
        ☐ INDIVIDUAL    ☐ SMALL BUSINESS CONCERN    ☐ NONPROFIT ORGANIZATION

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any mainenance fee due after the date on which status as a small entity is no logner appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

Robert L. Burr
NAME OF INVENTOR _____    NAME OF INVENTOR    NAME OF INVENTOR

_____    _____    _____
Signature of Inventor    Signature of Inventor    Signature of Inventor

Feb 15, 1989
_____    _____    _____
Date    Date    Date



FIG 1



FIG. 2



FIG. 4

312 111

3390-2030



FIG. 6

FIG. 5

FIG. 3

3390-2030



FIG. 7



312111

FIG. 8

FIG. 9

FIG. 10



FIG 1



Print of Drawing
's Original Filed

FIG. 2

Print Of Drawing
As Original Filed



FIG. 4

Print of Drawing
3 Original Filed

312 111

3390-2030



FIG. 6

FIG. 5

FIG. 3

Print of Drawing
) Original Filed

3390-2030



FIG. 7



3390-2030

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant    :    Robert L. Burr, et al.

Serial No.:    07/312,111

Filed        :    February 17, 1989

For          :    TICKET DISPENSING MACHINE AND METHOD

Art Unit     :    311  239

530 Fifth Avenue
New York, New York 10036
(212) 840-3333

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231, on September 7, 1990

_____
        Gregor N. Neff
Name of Applicant, Assignee or Registered
            Representative
_____
            Signature
September 7, 1990
        Date of Signature

Hon. Commissioner of Patents                 September 7, 2990
  and Trademarks
Washington, D.C.   20231

## STATUS LETTER

Sir:

        We have not yet received an Official Action in the above-
identified patent application.  Please advise us of the status of
this patent application.

        The purpose of this inquiry is to make certain that, if
an Official Action has been sent, but not yet received by the
undersigned attorney, we can obtain a copy of any such action and
respond to it in a timely fashion.

                            Respectfully submitted,


                            _____
                            Gregor N. Neff
                            Registration No. 20,596
                            Curtis, Morris & Safford
                            Attorneys for Applicant
                            (212) 840-3333

GN6\2030STA.97