

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231  33902030

07/312,111 | 02/17/89 | BURR

BOLLINGER, D

GREGOR N. NEFF
C/O CURTIS, MORRIS & SAFFORD
530 FIFTH AVENUE
NEW YORK, NY 10036

311

02/11/91
3

---

☒ This application has been examined    ☐ Responsive to communication filed on _____    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire___3___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.    35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☒ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _1 — 49_ _____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _1-10, 13, 14, 16-28, 34-37, 41, 42, 46, 48 & 49_ are rejected.

5. ☒ Claims _11, 12, 15, 29-33, 38-40, 43-45 & 47_ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☒ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

Serial No. 312,111                          -2-

Art Unit    311


1.   The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

    A patent may not be obtained though the invention is not
    identically disclosed or described as set forth in section
    102 of this title, if the differences between the subject
    matter sought to be patented and the prior art are such that
    the subject matter as a whole would have been obvious at the
    time the invention was made to a person having ordinary
    skill in the art to which said subject matter pertains.
    Patentability shall not be negatived by the manner in which
    the invention was made.

    Subject matter developed by another person, which qualifies
    as prior art only under subsection (f) or (g) of section 102
    of this title, shall not preclude patentability under this
    section where the subject matter and the claimed invention
    were, at the time the invention was made, owned by the same
    person or subject to an obligation of assignment to the same
    person.

2.   Claims 23, 24, 36, 46 and 48 are rejected under 35 U.S.C.

§ 103 as being unpatentable over Groves.

     Groves teaches a article vending machine comprising: a

housing 20; display means (unnumbered) for display of the types

of articles available; means 50 for receiving and accepting a

means of monetary exchange; and means for dispensing the articles

in a number corresponding to the amount of money input to the

machine.  Further, the arrays of articles in Groves comprise a

web of articles separated at intervals by lines of perforations

and that such articles may be a variety of articles.

     Groves fails to teach the articles being lottery tickets

and providing the machine with a message display advertising the

articles.

Serial No. 312,111                              -3-

Art Unit   311


The specific articles being lottery tickets in considered an obvious matter of choice and the provision of advertising displays on a vending machine is notoriously well known in the art.

3.   Claims 1-8, 10, 13, 14, 16-18, 22, 25-28, 37, 41, 42 and 49 are rejected under 35 U.S.C. § 103 as being unpatentable over Groves as applied to claims 23, 24, 36, 46 and 48 above, and further in view of Knee '935.

Groves fails to teach the display means being windows past which the articles are transported to be viewed while dispensing. Groves further fails to teach separating means for separating the articles from one another.

Knee '935 teaches display means comprising a window allowing for viewing of the articles and their movement for dispensing.  Knee '935 also teaches providing separating means comprising bursting means 51, 54, 65 to insure positive separation of articles from one another.

It would have been obvious to one of ordinary skill in the art to employ windows to view the articles as the display means in Groves and to provide separating means in Groves to insure positive separation of the articles from one another for dispensing.

4.   Claims 9, 19 and 34 are rejected under 35 U.S.C. § 103 as being unpatentable over Groves in view of Knee '935 as applied to

Serial No. 312,111                          -4-

Art Unit   311

claims 1-8, 10, 13, 14, 16-18, 22, 25-28, 37, 41, 42 and 49

above, and further in view of Awane et al.

Groves in view of Knee '935 fails to show the monetary

exchange means selected from currency detector and a credit card

reader and the specific means for receiving and accepting the

monetary exchange means.

Awane et al teaches providing a vending machine with means

for receiving and accepting currency having means to display the

amount of credit due the customer and reducing the amount due the

customer corresponding to the number of articles dispensed.

In view of the teachings of Awane et al, it would have

been obvious to one having to one having ordinary skill in the

art to provide the vending machine of Groves with means for

receiving and accepting a monetary exchange means having display

means to display the credit due a customer.

5.   Claim 20 is rejected under 35 U.S.C. § 103 as being

unpatentable over Groves in view of Knee '935 as applied to

claims 1-8, 10, 13, 14, 16-18, 22, 25-28, 37, 41, 42 and 49

above, and further in view of O'Neil et al.

Groves in view of Knee '935 fails to teach providing a bar

code on the articles and a bar code reader positioned to read the

bar code as they are dispensed.

O'Neil et al teaches providing in a vending machine a bar

code 102 on each article to be vended to provide information with

Serial No. 312,111                         -5-

Art Unit   311

regard $\overset{to}{\wedge}$ the article and a bar coded reader positioned within the

machine to read the bar code as the articles are vended.

It would have been obvious to one of ordinary skill in the

art to provide the Groves vending machine with bar codes on the

articles and bar code readers to provide information regarding

the articles as they are dispensed.

6.   Claims 21 and 35 are rejected under 35 U.S.C. § 103 as being

unpatentable over Groves in view of Knee '935 as applied to

claims 1-8, 10, 13, 14, 16-18, 22, 25-28, 37,41, 42 and 49 above,

and further in view of Cedrone et al.

Groves in view of Knee' 935 fails to teach providing a

plurality of vending machines and communicating data regarding

operation to a central location.

Cedrone et al teaches providing a group of vending

machines and communicating data regarding operation of the

machine to a central location.

It would have been obvious to one of ordinary skill in the

art to provide plural machines of Groves-Knee '935 and

communicate data regarding their operation to a central location

in view of the teaching of Cedrone et al.

7.   Claims 11, 12, 15, 29-33, 38-40, 43-45 and 47 are objected

to as being dependent upon a rejected base claim, but would be

allowable if rewritten in independent form including all of the

limitations of the base claim and any intervening claims.

Serial No. 312,111                                    -6-

Art Unit   311


7.   Any inquiry concerning this communication should be directed
to David Bollinger at telephone number (703) 308-1113.


David H. Bollinger  2/8/91
Patent Examiner
Art Unit 311

Bollinger:dds
January 22, 1991

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3–78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. *312111* | GROUP ART UNIT *311* | ATTACHMENT TO PAPER NUMBER *3* |
|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) *Burr* | | |

## U.S. PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | | 1 8 1 3 9 3 5 | 7–1931 | Knee | 221 | 25 | —— |
| B | | 3 0 4 7 3 4 7 | 7–1962 | Groves | 221 | 25 X | —— |
| C | | 4 7 0 6 7 9 4 | 11–1987 | Awane et al | 221 | 2 X | —— |
| D | | 4 7 6 6 5 4 8 | 8–1988 | Cedrone et al | 221 | 9 X | —— |
| E | | 4 8 1 2 6 2 9 | 3–1989 | O'Neil et al | 221 | 13 X | —— |
| F | | | | | | | |
| G | | | | | | | |
| H | | | | | | | |
| I | | | | | | | |
| J | | | | | | | |
| K | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG. | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | | |
| M | | | | | | | | | |
| N | | | | | | | | | |
| O | | | | | | | | | |
| P | | | | | | | | | |
| Q | | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER D. Bollinger | DATE 1/11/91 |
|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

PATENT
3390-2030

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant       :   Robert L. Burr et al.

Serial No.      :   07/312,111

Filed           :   February 17, 1989

For             :   TICKET DISPENSING MACHINE AND METHOD

Group No.       :   311

530 Fifth Avenue
New York, New York   10036
(212) 840-3333

June 24, 1991

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Commissioner of Patents and Trademarks
Washington, D.C. 20231, on June 24, 1991

_____Gregor N. Neff, Esq._____
Name of Applicant, Assignee or Registered
Representative

_____
Signature

_____June 24, 1991_____
Date of Signature

L E T T E R

Honorable Commissioner of Patents and Trademarks
Washington, D.C.   20231

Dear Sir:

     Enclosed is a  Petition to Extend and an extra claims

fee calculation sheet for the above-identified patent

application.  These documents were inadvertently omitted from the

package including the amendment mailed June 17, 1991.  Please

FEE APPLIED under 37 CFR 1.136(a)
EXTENSION OF TIME GRANTED
TO _7-1-91_

_____W. Anthony_____
CLERK, GROUP 310

#4
Ent of
tim (1 mo)
RECEIVED 7-9-91

The PTO did not receive the following
listed item(s)   Check
$210.00 and   150.00

P 30214  07/02/91  07312111        03-3925  030 216      150.00CH

place these items in the file and enter them with the amendment of that date.

Checks for the added claims fee and the extension fee accompanied the original amendment.

Also enclosed is a Supplemental Information Disclosure Statement, copies the cited references, and a PTO Form 1449 list of the references cited.  Please enter these items in this patent application.

Respectfully submitted,


Gregor N. Neff
Registration No. 20,596
Attorney for Applicant


c:\wp51\ltr/pto

CoP 311
#6

PATENT
3390-2030    7-9-91
7WoK

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant  :  Robert L. Burr, et al.

Serial No.:  07/312,111

Filed      :  February 17, 1989

For        :  TICKET DISPENSING MACHINE AND METHOD

Art Unit   :  2311

RECEIVED

530 Fifth Avenue
New York, New York 10036
(212) 840-3333

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231, on June 24, 1991

Gregor N. Neff
Name of Applicant, Assignee or Registered
Representative

Signature

June 24, 1991
Date of Signature

Hon. Commissioner of Patents                June 24, 1991
  and Trademarks
Washington, D.C.  20231

## PETITION TO EXTEND UNDER 37 CFR 1.17(b)

Sir:

Under the provisions of 37 CFR 1.136(a), applicant
respectfully requests the Commissioner of Patents and Trademarks
for an extension of time to file the response due May 11, 1991, in
the above-identified application.

The requested extension of time is two months, i.e. to
July 11, 1991, and applicant encloses herewith a check in the
amount of $150.00 in payment of the statutory fee therefor.  Please

charge any additional fees or credit any excess to our Deposit Account No. 03-3925.

Respectfully submitted,

Gregor N. Neff
Registration No. 20,596
Curtis, Morris & Safford
Attorneys for Applicant
(212) 840-3333

Enclosures

GN3\3314-2010PET.620

*#5*
*7-9-91*

Patent
3390-2030

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant   :    Robert L. Burr, et al.

Serial No   :    07/312,111

Filed:      :    February 17, 1989

For         :    TICKET DISPENSING MACHINE AND METHOD

530 Fifth Avenue
New York, New York   10036
(212) 840-3333

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Commissioner of Patents and Trademarks
Washington, D.C.  20231, on June 24, 1991

_____Gregor N. Neff, Esq._____
Name of Applicant, Assignee or Registered
Representative

Signature

_____June 24, 1991_____
Date of Signature

June 24, 1991

SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

Honorable Commissioner of Patents
 and Trademarks
Washington, D.C.   20231

Sir:

The following prior art references are hereby called to

the attention of the Examiner:

Fitzgerald, 2,865,699.  Fitzgerald shows a manually-

operated stamp vending machine which vends two different kinds of

stamps.  The relevant portion of the disclosure is Figures 1 and 2 of the drawings and column 2, lines 10 through 43.

Webb, 2,657,750 shows a ticket storage and dispensing unit in which tickets are held against removal by manually-releasable "sprags".  In particular, see Figure 3 of the drawings and column 2, lines 3 through 33 and column 4, line 64 through line 75; and column 5, lines 40 through 43.

Kostka et al, 4,140,259 shows a coin-operated vending machine in which the ticket is driven forward by a reciprocating mechanism which inserts a pin through a hole in the ticket strip to drive the ticket forward.  The ticket is clamped and held by a mechanism shown near reference numeral 108 in Figure 2.  In particular, see Figures 1, 2 and 6. and column 3, line 50 to column 4, line 61.

Arp et al., 3,935,978, shows a manually-operated ticket dispenser.  The unit allows an agent to pull as many tickets as desired from the machine.  A frictional mechanism shown in Figure 3 tends to hold the tickets in the machine.  See, in particular Figures 2 and 5 and column 4, line 20 to column 5, line 10.

Wescoat, 4,094,451, shows a lottery ticket dispenser which bends the ticket in reverse directions prior to cutting the tickets free from the strip to dispense them.  See, in particular, Figure 2 of the drawings and column 1, line 55 through column 2, line 24.

Horniak, 4,272,001, shows a ticket dispenser in which pulling on the tickets when the power to the dispensing unit is turned off causes the tickets to be gripped more firmly to hinder

them from being pulled out.  In particular, see the abstract in Figure 3 of the drawings.

Herring, 4,157,670, shows a ticket vending device in which a ticket is bent over before being cut free from the remaining tickets by means of a cutting blade.  In particular, see the abstract, Figure 2 of the drawings, and column 4, lines 30-68 and column 6, lines 5-27.

It is respectfully requested that the enclosed references be made of record in the above-identified patent application.

Respectfully submitted,

Gregor N. Neff
Registration No. 20,596
Curtis, Morris & Safford, P.C.
Attorneys for Applicants
530 Fifth Avenue
New York, New York  10036
(212) 840-3333

Enclosures

C:\WP51\FORMLTR

Patent

*part of*
*#5*

Sheet 1 of ___1___

| Based on Form PTO-1449 (3/90) | | ATTY. DOCKET NO. 3390-2030 | | SERIAL NO. 07/312,111 |
|---|---|---|---|---|

LIST OF REFERENCES CITED BY APPLICANT
(use several sheets if necessary)

*[MAIL ROOM stamp: JUN 27 1991 PAT. & TRADEMARK OFF.]*

| APPLICANT | | |
|---|---|---|
| Robert L. Burr, et al. | | |
| FILING DATE February 17, 1989 | | GROUP 311 |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| DHB | AA | 2,865,699 | December 20, 1954 | W.B. Fitzgerald | — | — | — |
| DHB | AB | 2,657,750 | November 3, 1953 | C.F. Webb | — | — | — |
| DHB | AC | 4,140,259 | February 20, 1979 | Kostka et al. | — | — | — |
| DHB | AD | 3,935,978 | February 3, 1976 | Arp et al. | — | — | — |
| DHB | AE | 4,094,451 | June 13, 1978 | Wescoat | — | — | — |
| DHB | AF | 4,272,001 | June 9, 1981 | Horniak | — | — | — |
| DHB | AG | 4,157,670 | June 12, 1979 | Herring | — | — | — |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

## OTHER PRIOR ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | AR | |
| | AS | |
| | AT | |

D. Bollinger     9/13/91

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

OP 311

In re application of:   Robert L. Burr et al.

Serial No.:   07/312,111

Filed:   February 17, 1989

For:   TICKET DISPENSING MACHINE AND METHOD

### AMENDMENT

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Sir:

Transmitted herewith is an amendment in the above-identified application.

____ No additional fee is required.

__X__ The fee has been calculated as shown below.

__X__ This is an application of a small entity under 37 CFR 1.9(f), and the amounts shown in parentheses apply.

CLAIMS AS AMENDED

| (1) | (2) Claims remaining after amendment | (3) | (4) Highest number previously paid for | (5) Present extra | (6) Rate | (7) Add'l fee |
|---|---|---|---|---|---|---|
| Total Claims | *49 | minus | 49 | = 0 | X $20(10) | = 0 |
| Independent Claims | *12 | minus | 5 | = 7 | X $60(30) | =210.00 |
| | | | | | | 0 |
| | | | | Total additional fee for this amendment | | 210.00 |

*     If the entry in Column 2 is less than the entry in Column 4, write "0" in Column 5.

**    If the highest number of total claims previously paid for is less than 20, write "20" in this space.
***   If the highest number of independent claims previously paid for is less than 3, write "3" in this space.

____  This application contains a multiple dependent claim.  The required fee of $200(100) has been previously paid ___, or is paid herewith ____.

__X__  This response is being filed within the __ first month, _x_ second month, ___ third month, ___ fourth month following the expiration of the term originally set therefor, and the fee of ___ $100 (50), $300 (150), _x_ $730 (365), ___ $1150 (575) for the requisite extension is due and ___ paid herewith.

__X__  Check in the amount of $150.00 and $210.00 are attached.

____  Charge $_____ to Deposit Account No. 03-3925.

__X__  Please charge any additional fees incurred by reason of this response or credit any overpayment to Deposit Account No. 03-3925.  A duplicate copy of this sheet is enclosed.

CURTIS, MORRIS & SAFFORD, P.C.
Attorneys for Applicant(s)

By _Gregor N. Neff_
Reg. No. 20,596
(212) 840-3333

#6

IN THE SPECIFICATION:

Page 1, line 6, after "Fulton", insert --now U.S. Patent No. 4,982,337--;

Page 2, line 8, change "are" to --is--;

IN THE CLAIMS:

Rewrite Claims 1, 3, 6, 10, 11, 16, 23-25, 29, 32, 38, 41, 43, and 45-47 as follows:

1.    (Amended)  A ticket dispensing machine, comprising, in combination, a housing, at least one window in said housing through which tickets inside said housing can be seen but not touched by a person outside said housing, a dispensing outlet in said housing, [moving] electrically powered means for moving a continuous strip [an array] of tickets past said window, and [means] for dispensing through said outlet a pre-determined number of said tickets to an operator of said machine, and protective means for deterring the operator of the machine from withdrawing from said machine more than said pre-determined number of tickets.

3.    (Amended)  A machine as in Claim [5] 1 [in which said tickets are attached together in a continuous strip when they move past said window, and] including separating means for separating said tickets from one another before they are dispensed.

5,8.  ((Amended)  A machine as in Claim 1 in which said [tickets are instant winner lottery tickets.] dispensing outlet

2

is accessible to an operator in a position to see the tickets
behind said window.

6 15. (Amended) A machine as in Claim 1 in which said
[dispensing] ~~protective~~ *dispensing* means includes means for barring a person
from grasping any ticket before it is dispensed through said
outlet.

15. (Amended) [A machine as in Claim 1] A ticket
dispensing machine, comprising, in combination, a housing, at
least one window in said housing through which tickets inside
said housing can be seen but not touched by a person outside said
housing, a dispensing outlet in said housing, moving means for
moving an array of tickets past said window, and means for
dispensing through said outlet a pre-determined number of tickets
to an operator of said machine including bar-code reading means
mounted adjacent the path of travel by said tickets for reading a
bar code from said tickets and transmitting to central computer
means the information so read.

16. (Amended) A ticket vending method, said method
comprising the steps of:

(a) utilizing electrically powered drive means for
moving [an array] a strip of mutually-attached tickets past a
viewing window in a housing in a manner such that the tickets can
be seen from outside said housing, and

(b) issuing from said housing [the] a pre-determined
number of tickets from said array which are ordered by an

3

operator, and operating means for deterring said operator from withdrawing more than said number of tickets.

23. (Amended) A lottery ticket vending machine comprising, in combination, a housing display means comprising at least one window in a wall of said housing for displaying an array of lottery ticket representations viewable from outside of said housing by a customer, said array representing tickets in said machine available for purchase, acceptor means for receiving and accepting a means of monetary exchange, [and] means for dispensing said tickets in a number corresponding to the amount of money input into said machine by said customer while moving said array past said window, and limiting means for limiting the number of tickets said customer receives from said machine to said number.

24. (Amended) A machine as in Claim 23 in which said display means comprises a plurality of windows, each being [is] adapted for displaying one of a plurality of arrays of said tickets, and [including] includes means for selecting from among said arrays one array from which tickets are dispensed.

25. (Amended) A machine as in Claim 23 in which [said display means comprises at least one transparent enclosure through which say array can be seen but not touched by said customer, and means for moving said array in said enclosure during the dispensing of said tickets.] said dispensing means includes a dispensing outlet in said one wall of said housing.

4

13 25. (Amended)   [A machine as in Claim 26] <u>A lottery ticket vending machine comprising, in combination, a housing, display means for displaying an array of lottery ticket representations viewable from outside of said housing by a customer, said array representing tickets in said machine available for purchase, acceptor means for receiving and accepting a means of monetary exchange, and means for dispensing said tickets in a number corresponding to the amount of money input into said machine by said customer, in which said display means comprises at least one transparent window through which said array can be seen but not touched by said customer, and means for moving said array in said enclosure during the dispensing of said tickets, said tickets being formed in a continuous strip with individual tickets delineated from their neighbors by perforations ,storage means in said housing for storing a supply of said tickets, feed means for feeding said strip past said window, separator means for receiving said strip, and after passing by said window and separating said tickets from one another, said dispensing means being adapted to dispense one or more tickets separated from said strip</u> including sliding support means for mounting said storage, feed, separator and dispensing means in said housing, said housing having a removable panel and said support means being slidable out of said housing for ease of reloading and service.

17 22. (Amended)  [A machine as in Claim 25]  <u>A lottery ticket vending machine comprising, in combination, a housing,</u>

5

display means for displaying an array of lottery ticket
representations viewable from outside of said housing by a
customer, said array representing tickets in said machine
available for purchase, acceptor means for receiving and
accepting a means of monetary exchange, and means for dispensing
said tickets in a number corresponding to the amount of money
input into said machine by said customer, in which said display
means comprises at least one transparent enclosure through which
said array can be seen but not touched by said customer, and
means for moving said array in said enclosure during the
dispensing of said tickets, including a lamp for illuminating
said array.

18 38.  (Amended)  [A machine as in Claim 23]  A lottery
ticket vending machine comprising, in combination, a housing,
display means for displaying an array of lottery ticket
representations viewable from outside of said housing by a
customer, say array representing tickets in said machine
available for purchase, acceptor means for receiving and
accepting a means of monetary exchange, and means for dispensing
said tickets in a number corresponding to the amount of money
input into said machine by said customer, in which said display
means comprises video display means for displaying a plurality of
arrays of ticket images on a video screen.

41.  (Amended)  A ticket dispensing machine, said
machine comprising, in combination,  housing, at least one window
in sid housing through which tickets inside said housing can be

6

~~seen but not touched by a person outside said housing, a~~ dispensing outlet in said housing, moving means for moving an array of tickets past said window, means for dispensing through said outlet a pre-determined number of tickets to an operator of said machine, said tickets being formed in a continuous strip with individual tickets delineated from their neighbors by perforations, storage means in said housing for storing a supply of said tickets, separator means for receiving said strip after passing by said window and separating said tickets from one another, said dispensing means being adapted to dispense one or more tickets separated from ~~said strip[.]~~ , said housing having a restricted outlet opening, said outlet opening being positioned so that a ticket does not emerge therefrom until after it has been separated from said strip, whereby the strip of tickets is not easy to each and pull out of the machine, including a ticket receptacle adjacent said outlet opening, said receptacle having bifurcated means for holding a dispensing ticket, with a space for the insertion of fingers to easily grasp the tickets.

43.  (Amended)  [A machine as in Claim 41]  A ticket dispensing machine, said machine comprising, in combination, a housing, at least one window in said housing through which tickets inside said housing can be seen but not touched by a person outside said housing, a dispensing outlet in said housing, moving means for moving an array of tickets past said window, means for dispensing through said outlet a pre-determined number of tickets to an operator of said machine, said tickets being

formed in a continuous strip with individual tickets delineated from their neighbors by perforations, storage means in said housing for storing a supply of said tickets, separator means for receiving said strip after passing by said window and separating said tickets from one another, said dispensing means being adapted to dispense one or more tickets separated from said strip, including sliding support means for mounting said storage, feed, separator and dispensing means in said housing, said housing having a removable panel and said support means being slidable out of said housing for ease of reloading and service.

23 ~~45~~.  (Amended).  [A machine as in Claim 41] A ticket dispensing machine, said machine comprising, in combination, housing, at least one window in said housing through which tickets inside said housing can be seen but not touched by a person outside said housing, a dispensing outlet in said housing, moving means for moving an array of tickets past said window, means for dispensing through said outlet a pre-determined number of tickets to an operator of said machine, said tickets being formed in a continuous strip with individual tickets delineated from their neighbors by perforations, storage means in said housing for storing a supply of said tickets, separator means for receiving said strip after passing by said window and separating said tickets from one another, said dispensing means being adapted to dispense one or more tickets separated from said strip, said housing having a front panel, said window comprising a bezel in said front panel, a transparent covering for the front

8

of said bezel, and the back of said bezel being open, and guide means for guiding said strip along said back of said bezel.

46.  (Amended)  A method of dispensing tickets from a machine said method comprising the steps of:

(a)   displaying a plurality of arrays of ticket representations, <u>each being visible through a window in said machine,</u> each of said arrays representing tickets available for dispensing from said machine,

(b)   selecting tickets from one of said arrays,

(c)   dispensing a selected number of said tickets, [and] <u>while preventing the remaining tickets from being withdrawn from said machine; and</u>

(d)   causing the selected array to move to <u>past said window</u> to indicate the dispensing of tickets therefrom.

24.  (Amended).  [A method as in Claim 46]  <u>A method of dispensing tickets from a machine said method comprising the steps of:</u>

<u>(a)   displaying a plurality of arrays of ticket representations, each of said arrays representing tickets available for dispensing from said machine,</u>

<u>(b)   selecting tickets from one of said arrays,</u>

<u>(c)   dispensing a selected number of said tickets, and</u>

<u>(d)   causing the selected array to move to indicate the dispensing of tickets therefrom</u>[.] , in which said ticket representations comprise video images of said tickets displayed on a video screen.

9

<u>REMARKS</u>

The specification has been amended to insert the number of the patent granted on the patent application mentioned on pages 1 and 10 of the application, and to correct certain other minor errors.  The claims have been amended to place them in better form for allowance.

Before proceeding with the discussion of the patentability of the claims, applicant would like to take this opportunity to call to the Examiner's attention certain prior art references.  A copy of each reference and a form PTO 1449 is enclosed listing each of the references.

The first of the enclosed references is the U.S. Patent No. 4,982,337 which is mentioned in the specification on pages 1 and 10.  This patent has the relevance mentioned in the specification on pages 1 and 10.

Other references are Schafer 4,858,806; Tigner 4,738,384; and a copy of page 10 of "Public Gaming International" magazine of November, 1988 showing ticket dispensers sold by a company called "Take-A-Ticket-Inc." of Albany, Oregon.  It is believed that the dispensers shown in the latter advertisement are similar to those shown in the enclosed Tigner patent 4,738,384.

Each of the above three references shows a instant winner lottery ticket dispenser which is intended to be attended by an agent.  Each is designed to dispense tickets from the rear of the unit while the customer faces the unit from the opposite

10

end.  For example, as it is shown in Fig. 6 of the Schafer
reference, tickets are issued from slots at 56 and 58 in the rear
of the dispensing unit, whereas the customer would view the
tickets through the window on the opposite side of the unit.

The devices shown in the three last-named references
are not suitable for use as unattended ticket vending devices.
They significantly differ from the present invention, in that, if
the dispenser device is not attended, a customer would be free to
withdraw as many tickets as he or she desired without paying for
them.

Applicant's invention provides a stand-alone ticket
vending machine in which the customer is deterred from
withdrawing more tickets than he or she has paid for.

In particular, the present invention provides a stand-
alone unattended ticket vending machine in which a
representations of the tickets move past a window during
dispensing so that the customer can see the tickets moving while
they are being dispensed.  This adds interest and excitement, and
increases ticket sales.  Moreover, the customer can see the
tickets themselves clearly before purchase and read relevant
information from the tickets themselves, such as the amount to be
won (for lottery tickets, etc.), the conditions of the game being
played, the cost of each ticket, etc.

Preferably, the tickets are also issued from the same
side of the machine as the one in front of which the customer
stands, as it is recited in some of the claims below.

11

In a preferred embodiment of the invention, multiple windows are provided in a single unit, and a plurality of different tickets for different lottery games is provided. The customer has a choice of different games he or she can play, thus adding further interest and excitement to the playing process, and further increasing ticket sales.

In the sale of tickets, the movement of the tickets past the window has a special, synergistic effect in that it arouses the interest and purchasing proclivity of the customer, and also gives assurance of the reliable dispensing of lottery tickets.

The Examiner has indicated that claims 11, 12, 29 through 33, 38 through 40, 43 through 45 and 47 would be allowable if rewritten in independent form. Those claims have now been rewritten in independent form, incorporating the limitations of all the preceding claims, in the manner requested by the Examiner, and are therefore believed to be allowable. Their allowance is respectfully requested.

The rejection of claims 23, 24, 36, 46 and 48 as being unpatentable over Groves is respectfully traversed. Each of those claims now calls for a window through which the tickets are displayed and past which the tickets are moved. Therefore, for the reasons given above, and those to be given below. these claims are allowable.

12

The rejection of claims 1 through 8, 10, 13, 14, 16 - 18, 22, 25 - 28, 37, 41, 42 and 49 over Groves in view of Knee is respectfully traversed.

These claims not only call for a ticket dispensing machine and, in some claims, a lottery ticket vending machine, with one or more windows, but they also recite the provision of means or a method step to deter the operator from withdrawing from the machine more tickets than he or she has paid for. This is a necessary feature for stand-alone vending machines which is not found in the ticket vending machines of the cited prior art.

Grove does not show a ticket vending machine. Grove merely shows a machine for dispensing a variety of bulky articles from a strip of packages attached together in a string. The solutions to problems in vending bulky articles such as those are not the same as those in dispensing tickets, and particularly, lottery tickets.

Tickets, and particularly lottery tickets, are smooth, flat and sometimes slippery and difficult to feed or to hold against unauthorized withdrawal. These problems are not found with separate packages of bulk goods such as cigarettes, nails, etc. Such items are relatively easy to hold in the machine to prevent them from being withdrawn without proper payment. Such is not the case for tickets. Unless precautions are taken, a customer can simply grasp the end of a ticket string, pull on it and withdraw far more tickets than he or she has paid for.

13

The Knee reference merely shows a hand-operated peanut dispensing machine. As far as can be seen it is not a vending machine, in that it has no money receiving capabilities. Moreover, it is not electrically powered and a large crank handle must be operated once for every item dispensed. This creates complexities which would make the machine very expensive to build today. Furthermore, the machine would be subject to great wear and tear, and to the destructive capabilities of disgruntled customers. The Knee machine also would be very slow in operation, thus eliminating one of the desired advantages of the ticket vending machine, namely, high-speed dispensing.

Moreover, since the string of peanut bags is not motor-driven, one gets no fascination from the movement of a stream of items past the window similar to that which one gets when viewing tickets such as lottery tickets moving past a window under the force of an automatic electric-powered driving mechanism.

In short, neither of the references here under discussion deals with the problems dealt with by the present invention and neither provides the unique solution to those problems.

The rejection of claims 9, 19 and 34 as being unpatentable over Groves in view of Knee and further in view of Awane also is respectfully traversed. These claims are dependent from and allowable with the claims from which they depend. The concept of providing monetary means of exchange receiving equipment is not, by itself, new. However, in combination with

14

the other features of the invention as claimed in the parent claims discussed above, these claims are patentable.

The rejection of Claim 20 as being unpatentable over Groves, Knee and O'Neil also is respectfully traversed.  Claim 20 depends from Claim 16, which has been amended in the manner indicated above.  Inclusion on the tickets of bar-coded information selected from the specific groups of information specified in Claim 20 certainly is not anticipated or suggested by O'Neil.  This information is specific to the ticket vending system and method under discussion, and is not suggested by any one reference or a combination of those references.

Rejections of Claims 21 and 35 over Groves, Knee and Cedrone also is respectfully traversed.  The Cedrone reference is directed to a problem which is different from that of the present invention.  Cedrone does not teach the method and system recited in Claims 21 and 35 in that Cedrone does not relate to ticket vending machines and does not relate to the specific problems found in ticket vending machines and methods.  For example, Claim 21 recites the step of providing a plurality of ticket vending machines in a particular location and selecting one of the machines to be a master and the other to be slaves and communicating data regarding the operation of the master and slave units through the master unit.  As applied to ticket vending machines, this saves considerably on the cost of alternate communications systems, avoids the necessity for manual

15