

EXHIBIT D

| SERIAL NUMBER (Series of 1987) | 07/912005 | PATENT DATE JUN 29 1993 | PATENT NUMBER | 5222624 |
|---|---|---|---|---|

| SERIAL NUMBER | FILING DATE | CLASS | SUBCLASS | GROUP ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 07/912,005 | 07/10/92 | 221 | 1 | 3101 | Bollinger |

**APPLICANTS**

ROBERT BURR, SAN DIEGO, CA.

**CONTINUING DATA********************
VERIFIED       THIS APPLN IS A CON OF   07/312,111 02/17/89 now abandoned

DHB
8/11/92

**FOREIGN/PCT APPLICATIONS************
VERIFIED       none

DHB
8/11/92

FOREIGN FILING LICENSE GRANTED 07/28/92          ***** SMALL ENTITY *****

| Foreign priority claimed  ☐ yes ☒ no | AS FILED | STATE OR COUNTRY | SHEETS DRWGS. | TOTAL CLAIMS | INDEP. CLAIMS | FILING FEE RECEIVED | ATTORNEY'S DOCKET NO. |
|---|---|---|---|---|---|---|---|
| 35 USC 119 conditions met ☐ yes ☒ no | | | | | | | |
| Verified and Acknowledged DHB 8/11/92 Examiner's Initials | | CA | 6 | 24 | 7 | $529.00 | 3390-2030 |

**ADDRESS**

GREGOR N. NEFF
C/O CURTIS, MORRIS & SAFFORD
530 5TH AVE.
NEW YORK, NY 10036

**TITLE**

TICKET DISPENSER MACHINE AND METHOD

U.S. DEPT. of COMM.-Pat. & TM Office — PTO-436L (rev. 10-78)

| PARTS OF APPLICATION FILED SEPARATELY | | | |
|---|---|---|---|
| NOTICE OF ALLOWANCE MAILED DEC 16 1992 | PREPARED FOR ISSUE 12-24-92  Assistant Examiner / Docket Clerk | CLAIMS ALLOWED  Total Claims 24 / Print Claim 9 | |
| ISSUE FEE  Amount Due $585.00 / Date Paid 2-17-93 | DAVID H. BOLLINGER PRIMARY EXAMINER GROUP 3101 12/14/92 Primary Examiner | DRAWING  Sheets Drwg. 6 / Figs. Drwg. 10 / Print Fig. 1 | |
| Label Area | ISSUE CLASSIFICATION  Class 221 / Subclass 1 | ISSUE BATCH NUMBER I98 | |

WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A
Rev. 9/90

07/912005

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

090 BA 07/21/92 07912005         1 201    529.00 CK 3390-2030

PTO-1556
(5/87)

| BAR CODE LABEL | U.S. PATENT APPLICATION |
|---|---|

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT |
|---|---|---|---|
| 07/912,005 | 07/10/92 | 221 | 3101 |

**APPLICANT**

ROBERT BURR, SAN DIEGO, CA.

```
**CONTINUING DATA*********************
   VERIFIED    THIS APPLN IS A CON OF   07/312,111  02/17/89
   _____




**FOREIGN/PCT APPLICATIONS************
   VERIFIED


   _____



   FOREIGN FILING LICENSE GRANTED 07/28/92        ***** SMALL ENTITY *****
```

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| CA | 6 | 24 | 7 | $ 529.00 | 3390-2030 |

**ADDRESS**

GREGOR N. NEFF
C/O CURTIS, MORRIS & SAFFORD
530 5TH AVE.
NEW YORK, NY 10036

**TITLE**

TICKET DISPENSER MACHINE AND METHOD

This is to certify that annexed hereto is a true copy from the records of the United States Patent and Trademark Office of the application as filed which is identified above.

By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

Date                               Certifying Officer

**FILE WRAPPER CONTINUING PATENT APPLICATION REQUEST**
(Under 37 CFR 1.62)

CURTIS, MORRIS & SAFFORD, P.C. File No. .....3390-2030..

[MAIL ROOM JUL 10 1992 stamp]

07/912005

| PRIOR APPLICATION: | | |
|---|---|---|
| EXAMINER<br>D. Bollinger | ART UNIT<br>311 | |
| ANTICIPATED CLASSIFICATION OF THIS APPLICATION:<br>CLASS | SUBCLASS | |

**EXPRESS MAIL**
Mailing label number............ RB823828192US
Date of Deposit .................... July 10, 1992

I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.

Harry Bates
(Typed or printed name of person mailing paper or fee)

_____ (Signature of person mailing paper or fee)

[37 CFR 1.8 Certificate Mailing CANNOT be used]

COMMISSIONER OF PATENTS AND TRADEMARKS
Box FWC
Washington, D.C. 20231

This is a Request for filing a ☐ continuation-in-part ☒ continuation ☐ divisional application under 37 CFR 1.62 of prior application Serial No. 07/312/111 , filed on 2/17/89 , currently entitled Ticket Dispenser Machine and Method

by the following named inventor(s):

| FULL NAME OF INVENTOR | FAMILY NAME<br>Burr | FIRST GIVEN NAME<br>Robert | SECOND GIVEN NAME |
|---|---|---|---|
| RESIDENCE & CITIZENSHIP | CITY<br>San Diego | STATE OR FOREIGN COUNTRY<br>California | COUNTRY OF CITIZENSHIP<br>USA |
| CURRENT CORRESPONDENCE ADDRESS | POST OFFICE ADDRESS<br>7372 Convoy Court | CITY<br>San Diego | STATE & ZIP CODE/COUNTRY<br>California 92111 |
| FULL NAME OF INVENTOR | FAMILY NAME | FIRST GIVEN NAME | SECOND GIVEN NAME |
| RESIDENCE & CITIZENSHIP | CITY | STATE OR FOREIGN COUNTRY | COUNTRY OF CITIZENSHIP |
| CURRENT CORRESPONDENCE ADDRESS | POST OFFICE ADDRESS | CITY | STATE & ZIP CODE/COUNTRY |
| FULL NAME OF INVENTOR | FAMILY NAME | FIRST GIVEN NAME | SECOND GIVEN NAME |
| RESIDENCE & CITIZENSHIP | CITY | STATE OR FOREIGN COUNTRY | COUNTRY OF CITIZENSHIP |
| CURRENT CORRESPONDENCE ADDRESS | POST OFFICE ADDRESS | CITY | STATE & ZIP CODE/COUNTRY |

☐ See attached sheet for names and addresses of additional inventors (if any).

The above identified prior application in which no payment of the issue fee, abandonment of, or termination of proceedings has occurred, is hereby expressly abandoned as of the filing date of this new application. Please use all the contents of the prior application file wrapper, including all previously entered amendments and the drawings, as the basic papers for the new application.

Note: If prior application is not to be abandoned, then the form for 37 CFR 1.60 should be used.

1. ☐ Enter the amendment previously filed on _____ under 37 CFR 1.116 but unentered, in the prior application.

2. ☒ A preliminary amendment is enclosed.

The filing fee is calculated on the basis of the claims existing in the prior application as amended at 1 and 2 above.

| (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) CALCULATIONS |
|---|---|---|---|---|
| TOTAL CLAIMS | 24   —20— | 4 | X $~~12.00~~ 20.00 | $ 80.00 |
| INDEPENDENT CLAIMS | 7    —3— | 4 | X $~~34.00~~ | 288.00 |
| MULTIPLE DEPENDENT CLAIM(S)   (if applicable) | | | + $110.00 — | |
| | | | BASIC FEE + | ~~340.00~~ 690.00 |
| | | Total of above Calculations — | | 1,058.00 |
| Reduction by ½ for filing by small entity (Note: 37 CFR 1.9, 1.27, 1.28).<br>If applicable, verified statement must be attached or already be on file in prior application. | | | | — 529.00 |
| | | | TOTAL FILING FEE — | 529.00 |

CURTIS, MORRIS & SAFFORD, P.C.

File No... 3390-2030 ..........

3. ☒ The Commissioner is hereby authorized to charge fees under 37 CFR 1.16 (for filing) and 1.17 (for prosecution) not otherwise paid which may be required with respect to the papers filed herewith, (☐ and also any additional such fees which may be required during the entire pendency of this application, ☐ and also the issue fee under 37 CFR 1.18), or credit any overpayment, to Deposit Account No. 03-3925.

4a. ☐ A check in the amount of $ _____ 405.00 _____ is enclosed.

b. ☐ The filing fee to be paid later with surcharge [pursuant to 37 CFR 1.62(d)].

5. ☐ Since this application is a continuation-in-part which discloses and claims additional matter, a new oath or declaration ☐ is included ☐ will be filed later with surcharge [pursuant to 37 CFR 1.62(d)].

6. ☐ Amend the specification by inserting before the first line the sentence:

DHB 14/2/92  This application is a  ☐ continuation-in-part,  ☒ continuation,  ☐ division, of application Serial No. 07/312,111 , filed 2/17/89 , now abandoned.

[Note: If priority under 35 U.S.C. 120 involves a series of respectively copending applications, then in this amendment identify *each* and its relationship to its immediate predecessor.]

7a. ☐ A verified statement claiming small entity status is enclosed.

b. ☒ A verified statement claiming small entity status was filed in the prior application, Serial No. 07/312,111 Filed 2/15/89 and is still proper. [Note: Such a statement may be filed within two months with a request for refund of overpayment.]

8a. ☐ Priority of foreign Application No(s). _____ filed on _____

in _____, respectively, is claimed under 35 U.S.C. 119.

b. ☐ A certified copy of said foreign priority application(s) was filed in prior U.S. application Serial No. _____
_____ filed _____. Acknowledgement thereof is requested.

9. ☒ The prior application is assigned of record to  The Ralph L. Evans Trust

10. ☒ The power of attorney in the prior application is to:  ☒ CURTIS, MORRIS & SAFFORD, P.C. (Reg. No. 12761), and  Gregor N. Neff, Esq. 20,596 .

11. ☐ Original title and original applicant(s) of prior U.S. application, if different from above:

12. ☒ Applicant(s) hereby petition for an extension of time in the parent application (identified in paragraph 6 above) as may be needed for the latter to be copending with this application.
☐ A separate confirmatory petition paper with required fee is filed herewith for independent processing and separate entry in the parent application file.

Address all future communications to: (May only be completed by applicant, or attorney, or agent of record.)

Attention of: _____ Gregor N. Neff, _____ , Esq.
c/o CURTIS, MORRIS & SAFFORD, P.C.
530 Fifth Avenue
New York, New York 10036

It is understood that secrecy under 35 U.S.C. 122 is hereby waived to the extent that if information or access is available to any one of the applications in the file wrapper of a 37 CFR 1.62 application, be it either this application or a prior application in the same file wrapper, the Patent and Trademark Office may provide similar information or access to all the other applications in the same file wrapper.

CURTIS, MORRIS & SAFFORD, P.C.

July 10, 1992
Date

Name: Gregor N. Neff
Registration No.: 20,596
Attorney of record (or filed under 37 CFR 1.34)
Telephone (212) 840-3333

07/912005

PATENT
3390-2030

[MAIL ROOM stamp: JUL 10 1992]

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : | Robert L. Burr, et al. |
| Serial No. | : | |
| Filed | : | February 17, 1989 |
| For | : | TICKET DISPENSER MACHINE AND METHOD |
| Group Art Unit | : | 311 |
| Examiner | : | D. Bollinger |

530 Fifth Avenue
New York, New York  10016

EXPRESS MAIL

Mailing Label Number __RB823828192US__
Date of Deposit _____July 10, 1992_____
I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" Service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231

_____Harry Bates_____
(Typed or printed name of person
 mailing paper or fee)

_____/s/ Harry Bates_____
(Signature of person mailing paper or fee)

PRELIMINARY AMENDMENT

Hon. commissioner of Patents
 and Trademarks
Washington, D.C.  20231

Sir:

   Please cancel claims 3, 7-9, 13-15, 17, 19, 20, 23-28, 34-37, 41, 42, 46, 48 and 49.

Respectfully submitted,
CURTIS, MORRIS & SAFFORD, P.C.

By _____/s/ Gregory N. Neff_____
Gregory N. Neff, Esq.
Registration No. 20,596
(212) 840-3333

LA10591  08/10/92  07912005

03-1925  010  102      72.00CH



# UNITED STATES DEPARTMENT OF COMMERCE
## Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/912,005 | 07/10/92 | BURR | R  ~~3380-2030~~ EXAMINER |

GREGOR N. NEFF
C/O CURTIS, MORRIS & SAFFORD
530 5TH AVE.
NEW YORK, NY 10036

BOLLINGER, D

| ART UNIT | PAPER NUMBER |
|---|---|
| 3101 | 15 |

DATE MAILED: 09/14/92

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

---

[X] This application has been examined  [ ] Responsive to communication filed on _____  [ ] This action is made final.

A shortened statutory period for response to this action is set to expire **3** month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

### Part I  THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. [ ] Notice of References Cited by Examiner, PTO-892.
2. [ ] Notice re Patent Drawing, PTO-948.
3. [ ] Notice of Art Cited by Applicant, PTO-1449.
4. [ ] Notice of Informal Patent Application, Form PTO-152.
5. [ ] Information on How to Effect Drawing Changes, PTO-1474.
6. [ ] _____

### Part II  SUMMARY OF ACTION

1. [X] Claims **1,2,4-6,10-12,16,18,21,22,29-33,38-40,43-45 & 47** are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. [X] Claims **3,7-9,13-15,17,19,20,23-28,34-37,41,42,46,48 & 49** have been cancelled.

3. [X] Claims **11,12,29,30,32,38-40,43-45 & 47** are allowed.

4. [X] Claims **1,2,4-6,10,16,18,21,22,31,33** are rejected.

5. [ ] Claims _____ are objected to.

6. [ ] Claims _____ are subject to restriction or election requirement.

7. [X] This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. [ ] Formal drawings are required in response to this Office action.

9. [ ] The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are [ ] acceptable. [ ] not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. [ ] The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been [ ] approved by the examiner. [ ] disapproved by the examiner (see explanation).

11. [ ] The proposed drawing correction, filed on _____, has been [ ] approved. [ ] disapproved (see explanation).

12. [ ] Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has [ ] been received [ ] not been received [ ] been filed in parent application, serial no. _____; filed on _____

13. [ ] Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. [ ] Other

---

EXAMINER'S ACTION

PTOL-326 (Rev. 9-89)

Serial No. 912005                                               -2-

Art Unit   311


1.   Claims 1, 2, 4-6, 31 and 33 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

In claim 1 lines 5-8, it is not clearly understood whether there is a single means for moving the strip of tickets and dispensing them or if there are means for moving the strip and means for dispensing the tickets. It would appear to be more accurate and clear to recite separate means for these functions since that is what is disclosed. Claims 31 and 33 are indefinite because they depend from cancelled claim 26.

2.   The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Serial No. 912005                                          -3-

Art Unit   311


3. This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. § 103, the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary. Applicant is advised of the obligation under 37 C.F.R. § 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of potential 35 U.S.C. § 102(f) or (g) prior art under 35 U.S.C. § 103.

4. Claims 1, 2, 4-6, 10, 16, 18 and 22 are rejected under 35 U.S.C. § 103 as being unpatentable over Groves in view of Knee '935.

Groves teaches a article vending machine comprising: a housing 20; display means (unnumbered) for display of the types of articles available; means 50 for receiving and accepting a means of monetary exchange; and means for dispensing the articles in a number corresponding to the amount of money input to the machine. Further, the arrays of articles in Groves comprise a web of articles separated at intervals by lines of perforations and that such articles may be a variety of articles.

Groves fails to teach the articles being lottery tickets and providing the machine with a message display advertising the articles.

The specific articles being lottery tickets in considered an obvious matter of choice and the provision of advertising displays on a vending machine is notoriously well known in the art.

Serial No. 912005 -4-

Art Unit 311

Groves fails to teach the display means being windows past which the articles are transported to be viewed while dispensing. Groves further fails to teach separating means for separating the articles from one another.

Knee '935 teaches display means comprising a window allowing for viewing of the articles and their movement for dispensing. Knee '935 also teaches providing separating means comprising bursting means <u>51, 54, 65</u> to insure positive separation of articles from one another.

It would have been obvious to one of ordinary skill in the art to employ windows to view the articles as the display means in Groves and to provide separating means in Groves to insure positive separation of the articles from one another for dispensing.

5. Claim 21 is rejected under 35 U.S.C. § 103 as being unpatentable over Groves in view of Knee '935 as applied to claims 1, 2, 4-6, 10, 16, 18 and 22 above, and further in view of Cedrone et al.

Groves in view of Knee '935 fails to teach providing a plurality of vending machines and communicating data regarding operation to a central location.

Cedrone et al teaches providing a group of vending machines and communicating data regarding operation of the

Serial No. 912005                                           -5-

Art Unit  311

machine to a central location.

It would have been obvious to one of ordinary skill in the art to provide plural machines of Groves-Knee '935 and communicate data regarding their operation to a central location in view of the teaching of Cedrone et al.

6. Claims 11, 12, 29, 30, 32, 38-40, 43-45 and 47 are allowable over the prior art of record.

7. The failure of the Examiner to apply prior art to claims 31 and 33 should not be construed as an indication of allowability as the Examiner is unable to fully ascertain the scope of these claims in view of the above rejection under 35 USC 112.

8. The preliminary amendments filed 10 July 1992 have been received and placed of record.

9. Any inquiry concerning this communication should be directed to Examiner David Bollinger at telephone number (703) 308-1113.

DAVID H. BOLLINGER
PRIMARY EXAMINER
GROUP 310

Bollinger:e.h.
August 14, 1992



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/912,005 | 07/10/92 | BURR | R 3390-2030 |

| EXAMINER |
|---|
| BOLLINGER, D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3101 | 15 |

GREGOR N. NEFF
C/O CURTIS, MORRIS & SAFFORD
530 5TH AVE.
NEW YORK, NY 10036

DATE MAILED: 09/14/92

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) David Bollinger           (3) Mr. Robert Burr
(2) Mr. Gregor Neff            (4) _____

Date of interview: 8/26/92

Type: ☐ Telephonic  ☒ Personal (copy is given to ☐ applicant ☒ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes  ☒ No.  If yes, brief description: _____

Agreement  ☐ was reached with respect to some or all of the claims in question.  ☒ was not reached.

Claims discussed: Claims of record.

Identification of prior art discussed: Art of record.

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: Discussed the combination of Groves & Knee '935. Applicant present material showing commercial success. The Examiner indicated that filing a declaration under 37 CFR 1.132 showing commerical success by presentation of such material would be favorably considered. The Examiner also pointed out that claims 31 & 33 depend from cancelled claim 26.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1–7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

_David H. Bollinger_
Examiner's Signature

PTOL-413 (REV. 1-84)

**ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER**

PATENT
3390-2030

RECEIVED
2002 OCT 13 AM 11: 15

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

#16
10-14-92

| | | |
|---|---|---|
| Applicant | : | Robert L. Burr |
| Serial No. | : | 07/912,005 |
| Filed | : | July 10, 1992 |
| For | : | TICKET DISPENSER MACHINE AND METHOD |

**DECLARATION UNDER RULE 132**
**(37 C.F.R. §1.132)**

Robert L. Burr hereby declares and states:

1. He is the inventor in the above-identified patent application. He also is President and Chief Executive Officer of Lottery Enterprises, Inc. ("LEI"), 7320 Convoy Court, San Diego, California 92111. He has personal knowledge of the facts stated in this Declaration.

2. LEI is making and selling lottery ticket dispensers using the invention disclosed and claimed in this patent application. Specifically, LEI sells the "ITR 7000" line of lottery ticket dispensers shown in Exhibits A, B, C and D which are attached to this Declaration.

3. Exhibit A is a photograph of a four-window table-top model of the ITR 7000 dispenser, each window displaying tickets from a different instant-winner lottery ticket game. A string of tickets is driven downwardly past each window by an electric motor drive system when the customer inserts a bill into the machine and presses the button below the window.