332-2130
PATENT

7.    Robert L. Burr, Laird A. Campbell and Donald
H. Keagle permitted the filing of said application with a
title page naming only themselves as joint inventors without
any deceptive intent.

8.    It is our firm belief, in view of the fact
that the invention described and claimed in said application
was developed in conjunction with an overall product
embodying the same and that various features and aspects of
the present invention are combined in said product and the
the product was developed by and as a result of contributions
from several individuals, that the preparation and filing of
said application without naming Alfred L. Fulton as a joint
inventor was because of inadvertence, confusion and mistake.

9.    Upon the discovery of the facts supporting
the naming of Alfred L. Fulton as a fourth joint inventor,
these facts were promptly and with diligence communicated to
Abigail F. Cousins and Curtis, Morris & Safford, P.C.,
requesting that they take the necessary action to correct
such error and to amend said application to include Alfred
L. Fulton with Robert L. Burr, Laird A. Campbell and Donald
H. Keagle as joint inventors of the invention described and
claimed in said application.

The undersigned further declare that all
statements made herein of their own knowledge are true and
that all statements on information or belief are believed to
be true; and further that these statements are made with the

-3-

332-2130
PATENT

knowledge that willful and false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeapordize the validity of the application or any patent issuing thereon.

ROBERT L. BURR

Date:_____

_Laird A. Campbell_
LAIRD A. CAMPBELL

Date: _Feb 10 1988_

_Donald H Keagle_
DONALD H. KEAGLE

Date: _2-10-1988_

AC:AC7:15

-4-

332-2130
PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:   ROBERT L. BURR et al.

Serial No.:   07/128,070

Filed     :   December 3, 1987

For       :   SYSTEM AND METHOD FOR
              DISTRIBUTING LOTTERY
              TICKETS

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on __March 11, 1988__

Abigail F. Cousins, Reg. No. 29,292
Name of Applicant, Assignee or Registered Representative

Abigail F. Cousins
Signature

March 11, 1988
Date of Signature

## VERIFIED STATEMENT OF FACTS BY OMITTED JOINT INVENTOR

Hon. Commissioner of Patents and Trademarks
Washington, D.C.  20231

Sir:

I, Alfred L. Fulton, state that:

1.   Robert L. Burr, Laird A. Campbell and Donald H. Keagle are the inventors named on the title page of Application Serial No. 07/128,070, filed on December 3, 1987, without a Declaration for SYSTEM AND METHOD FOR DISTRIBUTING LOTTERY TICKETS.

2.   The invention defined in the claims of said application was invented jointly by Robert L. Burr, Laird A. Campbell, Donald H. Keagle and myself.

3.   The invention defined in the claims of said application was developed for and is now included in a product commercially sold by SCI Technology, Inc., an assignee of said application and by whom I am employed. This product incorporates various aspects of the present invention for which said application was prepared and filed.

4.   The invention described and claimed in said application was originally conceived in part by Robert L. Burr and was further conceived and developed at SCI Technology, Inc. by Laird A. Campbell, Donald H. Keagle and

-1-

332-2130
PATENT

myself.  However, at the time of the preparation and filing

of said application in the latter half of November and early

December, 1987, I was not aware of my entitlement to be

named as a joint inventor.  As soon as I learned of my

entitlement and that said application had been filed without

naming me as joint inventor, I approached the other named

inventors at SCI Technology, Inc. and further discussed with

them and representatives of SCI Technology, Inc. the facts

concerning the development of the invention described and

claimed in said application.  By January 20, 1988, it was

determined that an error had been inadvertently made in

omitting my name as a joint inventor.

     5.    It is my firm belief, in view of the fact

that the invention described and claimed in said application

was developed in conjunction with an overall product

embodying the same and that various features and aspects of

the present invention are combined in said product and that

the product was developed by and as a result of

contributions from several individuals, that therefore it

was because of inadvertence, confusion and mistake that I

was erroneously omitted from the title page of said

application and was erroneously not named as joint inventor

without any deceptive intent on my part or on the part of

any of the other three joint inventors.

     6.    Upon discovering the foregoing, these facts

were promptly and with diligence communicated to Abigail F.

Cousins and Curtis, Morris & Safford, P.C. requesting that

they take the necessary action to correct such error and to

amend said application to name Robert L. Burr, Laird A.

Campbell, Donald H. Keagle and Alfred L. Fulton as joint

-2-

332-2130
PATENT

inventors of the invention described in the claims in said application.

The undersigned declares further that all statements made herein of his own knowledge are true and that all statements made on information or belief are believed to be true; and further that these statements are made with the knowledge that willful and false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

ALFRED L. FULTON

Date: 10 Feb 88

AFC:AC7:16

-3-

332-2130
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:  ROBERT L. BURR et al.

Serial No.:  07/128,070

Filed      :  December 3, 1987

For        :  SYSTEM AND METHOD FOR
              DISTRIBUTING LOTTERY
              TICKETS

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on __March 11, 1988__

Abigail F. Cousins, Reg. No. 29,292
Name of Applicant, Assignee or Registered Representative

Abigail F. Cousins
Signature

March 11, 1988
Date of Signature

## CONSENT OF ASSIGNEE

The Commissioner of Patents and Trademarks
Washington, D.C.  20231

Sir:

The undersigned, on behalf of an Assignee of the above-identified application consisting of Lottery Concepts International and Robert L. Burr as joint owners, is authorized to and hereby does consent to the amendment of this application to add Alfred L. Fulton as a joint inventor on behalf of the above-identified Assignee.

LOTTERY CONCEPTS
INTERNATIONAL AND
ROBERT L. BURR

By: _____
Robert L. Burr

Date: _2/18/88_

AC:AC7:15



332-2130
PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:  ROBERT L. BURR et al.

Serial No.:  07/128,070

Filed      :  December 3, 1987

For        :  SYSTEM AND METHOD FOR
              DISTRIBUTING LOTTERY
              TICKETS

I hereby certify that this correspondence is being
deposited with the United States Postal Service
as first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks,
Washington, D.C. 20231, on __March 11, 1988__

Abigail F. Cousins, Reg. No. 29,292
_____
Name of Applicant. Assignee or Registered
                Representative

_Abigail F. Cousins_
_____
              Signature

              March 11, 1988
_____
              Date of Signature

### CONSENT OF ASSIGNEE

Hon. Commissioner of Patents and Trademarks
Washington, D.C.  20231

Sir:

The undersigned, an officer of SCI Technology,
Inc., an Assignee of the above-identified application, is
authorized to and hereby does consent to the amendment of
this application to add Alfred L. Fulton as a joint inventor
on behalf of SCI, Technology, Inc.

                    SCI Technology, Inc.

                    By: _____

                    Date: _Feb 12, 1988_
AC:AC7:15



**UNITED STATI   JEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

#4

**COPY MAILED**

MAY 31 1988

**OFFICE OF ASSISTANT**
**COMMISSIONER FOR PATENTS**

In re Application of            :
Robert L. Burr, et al           :
Serial No. 07/128,070           : DECISION ON PETITION
Filed: December 3, 1987         : UNDER 37 CFR 1.48(a)
For: SYSTEM AND METHOD FOR      :
     DISTRIBUTING LOTTERY       :
     TICKETS                    :

This is a decision on the petition under 37 CFR 1.48(a) filed
March 16, 1988, requesting that the name of the inventors in the
application be corrected.  The petition is being decided by the
undersigned rather than in the examining group so that
application processing, including the issuance of the filing
receipt, may proceed with the actual inventors being named in the
application.

This application was filed on December 3, 1987, pursuant to 37
CFR 1.53(b) without an executed oath or declaration.

Application Branch mailed a Notice To File Missing Parts Of
Application Under 37 CFR 1.53(d) on January 14, 1988, requiring
an oath or declaration in compliance with 37 CFR 1.63 and a
surcharge.  In response thereto, applicants timely filed (with a
petition and fee for a one month extension of time), inter alia,
the petition and fee, the surcharge, declarations under 37 CFR
1.63, a verified statement of facts by the original named
inventors and written consents of the assignees.

The petition and verified statement of facts show that an error
occurred in failing to name Alfred L. Fulton as a co-inventor,
that Burr had jointly invented the claimed subject matter with
employees of SCI, Technology, Inc (SCI), that Burr relied on the
inventorship identification supplied to him by SCI (presumably in
informing patent counsel), that in view of the various features
developed by different individuals not of the same organization
Fulton was inadvertently not named due to confusion and mistake.
The error was discovered by January 20, 1988.  The petition and
verified statement of facts show that the error occurred without
deceptive intent.

The petition to correct inventorship is granted.

The application is being returned to the Special Handling Unit of
Application Branch for further processing with the names of the

Serial No. 07/128,070                                        -2-

inventors as shown on the executed declarations under 37 CFR 1.63
filed on March 16, 1988.

Hiram H. Bernstein
Special Program Examiner
Office of the A/C for Patents

Conferee: J. Michael Thesz

Gregor N. Neff, Esq.
C/O Curtis, Morris & Safford, P.C.
530 Fifth Avenue
New York, NY  10036

PATENT
332-2130



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant      :  Robert L. Burr et al.

Serial No.     :  07/128,070

Filed          :  December 3, 1987               Group 230

For            :  SYSTEM AND METHOD FOR
                  DISTRIBUTING LOTTERY TICKETS

                                    530 Fifth Avenue
                                    New York, New York   10036
                                    November 14, 1988

### POWER TO INSPECT
### AND COPY APPLICATION

Hon. Commissioner of Patents and Trademarks
Washington, D. C. 20231

Sir:

        We hereby grant Ms. Patsy M. Paxton and

Ms. Katherine L. Cantwell, Cantwell and Paxton, Inc.,

2001 Jefferson Davis  Highway, Suite 1003, Arlington, Virginia

22202-3603, the power to inspect and make copies of the above-

identified patent application.

                  Respectfully submitted,

                  CURTIS, MORRIS & SAFFORD, P.C.

        By  _____
                  Gregor N. Neff
                  Reg. No. 20596
                  Attorneys for Applicants
                  530 Fifth avenue
                  New York, New York 10036
                  (212) 840-3333



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/128,070 | 12/03/87 | BURR | R | 332-2130 |

┌ CURTIS, MORRIS & SAFFORD ┐
  530 FIFTH AVENUE
  NEW YORK, NY 10036       ┘

| EXAMINER |
|---|
| RUGGIERO, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 236 | 6 |

DATE MAILED:
02/03/89

This is a communication from the examiner in charge of your application.

COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined    ☐ Responsive to communication filed on _____    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), _____ days from the date of this letter. Failure to respond within the period for response will cause the application to become abandoned.    35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.    2. ☑ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449    4. ☐ Notice of informal Patent Application, Form PTO-152
5. ☑ Information on How to Effect Drawing Changes, PTO-1474    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☑ Claims _1-49_ _____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _1-49_ _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☑ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

Serial No. 128,070                        -2-

1.       This application has been filed with informal
drawings which are acceptable for examination purposes
only. Formal drawings will be required when the
application is allowed.

2.       The disclosure is objected to because of the
following informalities:  At claim 11, line 2, "on"
should be changed to "an" for proper syntax.

     Appropriate correction of the disclosure is
required.

3.       Claims 15-19 and 28-47 are rejected under 35
U.S.C. 112, second paragraph, as being indefinite for
failing to particularly point out and distinctly claim
the subject matter which applicant regards as the
invention.

          In claim 15, line 4, it appears that the word
"rotations" should be changed to locations.  Claims
16-19 incorporate the deficiencies of claim 15 by
dependence.  In claim 30, the wording "manually
accessible outlet ..." is repeated at line 14.  Claims
31-45 incorporate the deficiencies of claim  30 by
dependence.  In claim 28, line 2, the intended meaning
of the wording "selectively placeable" is unclear in the
claimed context.  Claim 29 incorporates the deficiency
of claim 28 by dependence.  In claim 46, there is no
antecedent reference for "said unit".  Claim 47
incorporates the deficiency of claim 46 by dependence.
In addition, the wording "said bursting" in claim 44
lacks antecedent basis.  Also in claim 39, there is no

Serial No. 128,070                                    -3-

antecedent basis for "said determining means". It would

appear that claim 39 should ultimately be dependent on

claim 34.

4.        The following is a quotation of the

appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this

Office action:

> A person shall be entitled to a patent unless-
>
> 5.        (a) the invention was known or used by others
> in this country, or patented or described in a
> printed publication in this or a foreign
> country, before the invention thereof by the
> applicant for patent.

6.        Claims 1-20 and 46-48 are rejected under 35

U.S.C. 102a as being anticipated by Koza et al.

Koza et al discloses an amusement gaming

system which includes a lottery ticket dispenser, col.

3, line 62. Included are a central processor 24, a

plurality of remote units 20 which dispense tickets,

each of the remote units including a terminal controller

70 which among other things, stores data in memory, col.

13, line 8. Further, a communication means 22 couples

the remotes 20 with the central processor 24. The

communication means included a modem, col. 6, line 45,

142, col. 9, line 30 wherein messages are transmitted at

selected at selected intervals, col. 19, line 5. These

messages include account request data. col. 6 line 64.

The remote unit farther includes a message display 34

and a printer 60 which prints the lottery tickets, col.

4, line 35. With regard to claim 20, the remote

Serial No. 128,070                                    -4-

terminal 20 of Koza et al includes the requisite
box-like module, control panel, ticket storage and
ticket dispensing means.  It is noted that the playing
of an amusement game results in the dispensing of a
lottery ticket under control of game logic 51.  With
regard to claims 46-48, it is noted that Koza et al
provides for the detection and storage of information
relating to the opening and closing of remote terminal
doors.

7.        The following is a quotation of 35 U.S.C. 103
which forms the basis for all obviousness rejections set
forth in this Office action:

> A patent may not be obtained though the invention
> is not identically disclosed or described as set
> forth in section 102 of this title, if the
> differences between the subject matter sought to be
> patented and the prior art are such that the
> subject matter as a whole would have been obvious
> at the time the invention was made to a person
> having ordinary skill in the art to which said
> subject matter pertains.  Patentability shall not
> be negatived by the manner in which the invention
> was made.
>
> Subject matter developed by another person, which
> qualifies as prior art only under subsection (f)
> and (g) of section 102 of this title, shall not
> preclude patentability under this section where the
> subject matter and the claimed invention were, at
> the time the invention was made, owned by the same
> person or subject to an obligation of assignment to
> the same person.

8.        Claims 20-25, 30 and 41 are rejected under 35
U.S.C. 103 as being unpatentable over Hartmann.

          Hartmann discloses a lottery ticket dispenser
including module, ticket storage means, control panel 20
and ticket dispenser means (microprocesor 70) responsive

to the control panel.  Further, a ticket number
specification signal is provided as discussed at col. 2,
line 62 and col. 4, line 51.  Also, the tickets in
Hartman are stored in a fan-fold stream separable along
perforated lines of weakness 22 to be separated by
separating means 30.  As such, Hartman discloses the
invention substantially as claimed with the exception
that tickets are dispensed at the front surface of the
dispensing module where the control panel is located.
However, the location of the dispensing outlet is
clearly a matter of design choice.  To locate the
dispensing outlet at the back surface would be an obvious
modification and well within the scope of the patent to
Hartmann.

9.       Claims 26, 31-33, 36-38 are rejected under 35
U.S.C. 103 as being unpatentable over Hartmann in view
of Roetter et al.   The merits of Hartmann have been
discussed in par. 8, above.  In addition, Hartmann
provides for the determination of ticket length and
includes leading edge detector.  It is recognized that
Hartmann uses a rotary cutter to separate the tickets
rather than a bursting operation as claimed.  However,
bursting apparatus for separating webs of material along
lines of weakness is well known as exemplified by
Roetter et al.  The advantages of the bursting operation
are discussed at cols. 1 and 2 of Roetter et al.
Further, the application of a bursting apparatus to a
ticket dispenser is at least implied at col. 1, lines
35.  It would be obvious to apply a bursting technique

Serial No. 128,070                          -6-

to the system of Hartmann to separate the tickets

therein in view of the advantages suggested by Roetter

et al.

10.      Claim 40 is rejected under 35 U.S.C. 103 as

being unpatentable over Hartmann in view of Koza et al.

The merits of Hartmann have been discussed in

par. 8, above.   As such, Hartmann discloses the claimed

invention with the exception of the feature of detecting

opening of the ticket storage door.  However, as discussed

in par. 6, above, Koza et al clearly discloses such

detection and advantage of same at col. 24, lines 11-15.

It would be obvious to provide such door access

detection feature in the system of Hartmann in view of

the teachings of Koza et al.

11.      Claims 27-29, 42-45 and 49 are rejected under

35 U.S.C. 103 as being unpatentable over Troy et al

in view of Hartmann. Troy et al

discloses a wagering system in which tickets are

dispensed, Figs. 8 and 9 and in which the player

console, Fig. 1, communicates with central processor 144,

Fig. 2 over modem 146, for example. The console is

provided with a display 128 for displaying messages from

central processor 144.  In addition, Troy et al provides

printing apparatus for printing checks, etc., Fig. 10,

which, among other things, includes printing of vendor

identification, col. 19, lines 38, As such, Troy et al

discloses the claimed invention with the exception of

the features of ticket number specification and

fan-fold storage with separation along lines of

weakness.  However, these features are disclosed by

Serial No. 128,070                                          -7-

Hartmann along with advantage of same as discussed in par. 8, above. It would be obvious to provide such ticket number specification and fan-fold separation features in the system of Troy et al in view of the teachings of Hartmann.

12.      Claims 34 and 35 would be allowable if rewritten to overcome the rejection under 35 U.S.C. 112 and to include all of the limitations of the base claim and any intervening claims.

13.      The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

14.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to J.F. Ruggiero whose telephone number is (703) 557-0470.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 557-2878.

JOSEPH RUGGIERO
PRIMARY EXAMINER
ART UNIT 236

RUGGIERO:mrt
1/24/89

# MISSING PAGE(S) FROM THE

# U.S. PATENT OFFICE

# OFFICIAL FILE WRAPPER

#6- PTO 1474 pcer

**Patent Imaging Corporation**
*Patent Legal and Scientific Information Service*
**2001 Jefferson Davis Highway**
**Crystal Plaza One, Suite 600**
**Arlington, VA 22202-3610**
**(703) 553-0000**

PTO - 948
(Rev. 8 -82)

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

ATTACHMENT TO
PAPER NUMBER    6

S.N.  128070

GROUP

## NOTICE OF PATENT DRAWINGS OBJECTION

**Drawing Corrections and/or new drawings may only be
submitted in the manner set forth in the attached letter,
"Information on How to Effect Drawing Changes" PTO-1474.**

A.  ☑ The drawings, filed on *12 -3- 87*, are objected to as informal for reason(s)
checked below:

1.  ☐ Lines Pale.

2.  ☑ Paper Poor.

3.  ☑ Numerals Poor.

4.  ☑ Lines Rough and Blurred.

5.  ☐ Shade Lines Required.

6.  ☐ Figures Must be Numbered.

7.  ☐ Heading Space Required.

8.  ☐ Figures Must Not be Connected.

9.  ☐ Criss-Cross Hatching Objectionable.

10.  ☐ Double-Line Hatching Objectionable.

11.  ☐ Parts in Section Must Be Hatched.

12.  ☐ Solid Black Objectionable.

13.  ☐ Figure Legends Placed Incorrectly.

14.  ☐ Mounted Photographs.

15.  ☐ Extraneous Matter Objectionable.
    [37 CFR 1.84 (1)]

16.  ☐ Paper Undersized; either 8½" x 14",
    or 21.0 cm. x 29.7 cm. required.

17.  ☐ Proper A4 Margins Required:
    ☐ TOP 2.5 cm.      ☐ RIGHT 1.5 cm.
    ☐ LEFT 2.5 cm.     ☐ BOTTOM 1.0 cm.

18.  ☑ Other:
    *Descriptive matters
    of.*

B.  ☑ The drawings, submitted on *12 -3- 87*, are so informal they cannot be
corrected.  New drawings are required.  Submission of the new drawings MUST be
made in accordance with the attached letter.

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | | SERIAL NO. *128,070* | GROUP ART UNIT 236 | ATTACHMENT TO PAPER NUMBER *6* |
|---|---|---|---|---|---|
| **NOTICE OF REFERENCES CITED** | | | APPLICANT(S) *R. L. BURR et al* | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | | 4 6 5 3 9 9 8 | 3-1987 | KOZA et al | 364 | 900 X | |
| B | | 4 7 1 6 7 9 9 | 1-1988 | HARTMANN | 364 | 479 X | 8-12-86 |
| C | | 4 2 6 1 4 9 7 | 4-1981 | ROETTER et al | 225 | 100 | |
| D | | 4 4 9 4 1 9 7 | 1-1985 | TROY et al | 364 | 960 X | |
| E | | 3 9 3 1 7 6 1 | 1-1976 | CARRUS | 364 | 900 | |
| F | | 4 2 7 5 4 5 6 | 6-1981 | TANAKA et al | 364 | 900 | |
| G | | 4 3 2 2 6 1 2 | 3-1982 | LANGE | 364 | 413 X | |
| H | | 4 3 7 3 7 2 6 | 2-1983 | CHURCHILL et al | 273 | 139 X | |
| I | | 4 7 0 4 5 1 8 | 11-1987 | BRUNN et al | 364 | 412 X | |
| J | | | | | | | |
| K | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | | |
| M | | | | | | | | | |
| N | | | | | | | | | |
| O | | | | | | | | | |
| P | | | | | | | | | |
| Q | | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| R | |
|---|---|
| S | |
| T | |
| U | |

| EXAMINER *RUGGIERO* | DATE *1-18-89* | |
|---|---|---|

*\* A copy of this reference is not being furnished with this office action.*
*(See Manual of Patent Examining Procedure, section 707.05 (a).)*



62.00            115            230

3390-2010

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant   :   Robert L. Burr, et al.

Serial No.: 128,070

Filed       :   December 3, 1987

For         :   SYSTEM AND METHOD FOR DISTRIBUTING LOTTERY TICKETS

Examiner    :   J. Ruggiero

Art Unit    :   230

RECEIVED
MAY 2 5 1989
GROUP 230

530 Fifth Avenue
New York, New York 10036
May 17, 1989

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Washington,
D.C. 20231, on May 17, 1989.
Gregor N. Neff
Name of Applicant or Registered Representative

Signature
May 17, 1989
Date

## PETITION FOR EXTENSION OF TIME

Hon. Commissioner of Patents
    and Trademarks
Washington, DC  20231

Sir:

Under the provisions of 37 CFR 1.136(a), applicants
hereby petition for an extension of time to file the response due
May 3, 1989 in the above-identified application.

070   05/23/89   128070                    1 115      62.00 CK

The requested extension of time is one month, i.e. to June 3, 1989, and applicants enclose herewith a check in the amount of $62.00 in payment of the statutory fee therefor. Please charge any additional fees or credit any excess to our Deposit Account No. 03-3925.

This Petition is filed together with a Response to the Office Action of February 3, 1989.

Respectfully submitted,

CURTIS, MORRIS & SAFFORD, P.C.
Attorneys for Applicant

By: _____
Gregor N. Neff
Reg. No. 20,596
(212) 840-3333



# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:  Robert L. Burr, et al.

Serial No.    128,070                         Examiner:  J. Ruggiero

Filed         December 3, 1987                Group No.  230

For:          SYSTEM AND METHOD FOR          Date:
              DISTRIBUTING LOTTERY TICKETS.              May 17, 1989

THE COMMISSIONER OF PATENTS AND TRADEMARKS
*Washington, D.C. 20231*

Sir: Transmitted herewith is an amendment in the above-identified application.

☐  No additional fee is required.

The fee has been calculated as shown below.        ☐  This is an application of a
small entity under 37 CFR
1.9(f), and the amounts shown
in parentheses apply.

### Claims as Amended

| (1) | (2) Claims remaining after amendment | (3) | (4) Highest number previously paid for | (5) Present extra | (6) Rate | (7) Additional fee |
|---|---|---|---|---|---|---|
| Total claims | * 48 | Minus | ** 49 = | 0  X | | = 0 |
| Independent claims. | * 9 | Minus | *** 7 = | 2  X | $36 | $72 |
| | | | Total additional fee for this amendment | | | $72.00 |

* If the entry in Column 2 is less than the entry in Column 4, write "0" in Column 5. space.

** If the Highest number of total claims previously paid for is less than 20, write "20" in this space.

*** If the highest number of independent claims previously paid for is less than 3, write "3" in this space.

☐    This application contains a multiple dependent claim. The required fee of $110(55) has been previously paid ☐, or is paid herewith ☐.

☒    This response is being filed  within  the ☒ first month. ☐ second month, ☐ third month, ☐ fourth month following the expiration of the term originally set therefor, and the fee of ☐ $56(28) , ☐ $170(85) , ☐ $390(195) , ☐ $610(305) for the requisite extension is due and ☐ paid herewith.

☒☒☒  A check in the amount of $.72.00................ is attached.

☐    Charge $ ........................ to Deposit Account No. 03-3925.

☒    Please charge any additional fees incurred by reason of this response or credit any overpayment to Deposit Account No. 03-3925. A duplicate copy of this sheet is enclosed.

CURTIS, MORRIS & SAFFORD, P.C.
*Attorneys for Applicant(s)*

By ...................................................

Gregor N. Neff

Registration No. 20,596 ................

Tel. 212-840-3333



*72.00*    *105*    *25*

PATENT
3390-2010

*8/a*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

*5/30/89*
*Copelin*

Applicant:        Robert L. Burr, et al.

Serial No.:       128,070

Filed:            December 3, 1987

For:              SYSTEM AND METHOD FOR DISTRIBUTING
                  LOTTERY TICKETS

Examiner:         J. Ruggiero

Group:            230

                                 530 Fifth Avenue
                                 New York, New York 10036
                                 May 17, 1989.

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Washington,
D.C. 20231, on May *17*        , 1989.
                  Gregor N. Neff
Name of Applicant or Registered Representative

_____
            Signature
            May *17* , 1989
            Date

## AMENDMENT

Honorable Commissioner of Patents
    and Trademarks
Washington, DC  20231

Sir:

        In response to the official action of February 3, 1989,
please amend the above-identified patent application as follows:

gn/3390.amd  070  05/23/89  128070        1 105      72.00 CK

1

PATENT
3390-2010

IN THE SPECIFICATION

On page 1, line 1,  delete "SYSTEM AND METHOD FOR
DISTRIBUTING LOTTERY TICKETS".

**Page 3**

line 1, change "important" to -- desirable --;

line 2, after "necessary" insert a comma;

line 3, after "reasons", insert a comma;

line 7, change "are" to -- is --;

line 9, change "in", first occurrence, to -- of --
and change "provide the tickets in a" to -- dispense tickets --;

line 10, insert -- stored in -- before "fan-fold";
change "stream" to -- form --;

line 11, change "double feeding present" to --
unintentionally dispensing too many tickets --;

line 14, after "lengths." insert -- Furthermore,
tickets easily can slip in the dispensing mechanism, or for other
reasons can be fed inaccurately. --;

line 14, change "It" to -- Therefore, it --;

line 15, after "a" insert -- ticket --; delete
"within the dispensing unit";

line 16, change "the stream" to -- one another --;

line 18, change "since again for security reasons"
to -- despite the variation in the --;

PATENT
3390-2010

line 19, delete "generally only complete tickets

are redeemable." and insert -- size of tickets and slippage or

inaccuracy in the dispensing mechanism. --.

**Page 4,**

line 2, insert a hyphen between "system" and

"wide";

line 28, after "fan-fold" insert -- strip or --.

**Page 8,** line 22, change "partial elevational

mechanical" to -- perspective --.

**Page 9,**

line 1, change "an elevational mechanical" to -- a

perspective --;

line 7, change "fundamental" to -- certain --;

line 9, change "DETAILED DESCRIPTION OF THE

PRESENT INVENTION" to -- GENERAL DESCRIPTION --.

**Page 10,**

line 2, change "is" to -- can be placed --;

line 3, delete "placeable";

line 6, after "or", insert -- alternatively, it --

;

line 7, after "be", insert -- located --;

line 9, delete "(Fig. 10)";

line 10, after "between" insert -- each of --;

change "modem" to -- modems --; after "and" insert -- the --;

line 14, delete "thereat";

gn/3390.amd                        3

PATENT
3390-2010

line 19, after "with" insert -- the --; delete
"central computer";

line 20, delete "12"; insert a hyphen between
"dialing" and "up";

line 21, delete "respective";

line 22, after "to" insert -- the --;

line 23, start a new paragraph beginning at
"Central"; change "can operate" to -- operates --.

**Page 11,**

line 3, delete "respectively";

line 6, after "control" insert -- station --;

line 14, after "12" insert a comma; after "day,"
insert -- once --;

line 15, change "week" to -- once each week, --;

line 21, change "without the" to -- with minimum -
-; after "without" insert -- the --;

line 22, change "through the mails." to which
occur when such data is sent by mail."; start a new paragraph
with "Furthermore,";

line 24, insert hyphens between "up", "to" and
"the";

line 26, change "know" to -- determine --;

line 27, change "stack" to -- stock --;

gn/3390.amd                    4