PATENT
3390-2010

dispensing position, means for holding said strip adjacent one line along which said strip is to be separated, and bending said strip along said line to facilitate tearing of said strip along said one line, including separation means having a separator member and drive means for creating motion of said separator member and said strip relative to one another in a direction transverse to the strip, with said member in contact with and deflecting said strip to bend said strip along said one line and burst said tickets apart along said one line, and including means for causing said separator member [apparatus as in Claim 59 in which said drive means is adapted] to break through said strip in one locale and then traverse the strip along said line.

27 64. (Amended) Apparatus as in Claim 58 in which said tickets are lottery tickets [printed on relatively stiff stock and] stored in fan-fold form.

28 65. (Amended) A dispenser for dispensing tickets from a strip of tickets printed in a strip with the individual tickets being delineated from one another by lines of weakness, moving means for moving said strip by a pre-determined distance to a position in which one of said lines is near a separation location at which adjacent tickets are separated from one another, said moving means comprising drive means for moving said strip by a pre-determined distance, and position detecting means for detecting the distance actually moved by said strip and producing

GN1.2010.Am.mm

5

PATENT
3390-2010

an output signal to control said drive means[.] to drive said
strip until said output signal indicates that said strip actually
has moved by said pre-determined distance to dispense one of said
tickets, and to control means for severing a ticket from said
strip.

67. (Amended) A dispenser for dispensing tickets from
a strip of tickets printed in a strip with the individual tickets
being delineated from one another by lines of weakness, moving
means for moving said strip by a pre-determined distance to a
position in which one of said lines is near a separation location
at which adjacent tickets are separated from one another, said
moving means comprising drive means for moving said strip by a
pre-determined distance, position detecting means for detecting
the distance actually moved by said strip and producing an output
signal to control said drive means in which said detecting means
includes a rotary code member drivably coupled to said strip,
means for detecting the incremental movements of said wheel and
converting them into electrical signals [A dispenser as in Claim
66] and including an idler roller driven by the motion of said
strip and drivably coupled to a shaft, said code wheel being
mounted on said shaft.

69. (Amended) A dispenser for dispensing tickets from
a strip of tickets printed in a strip with the individual tickets
being delineated from one another by lines of weakness, moving
GN1.2010.Am.mm

6

PATENT
3390-2010

<u>means for moving said strip by a pre-determined distance to a</u>
<u>position in which one of said lines is near a separation location</u>
<u>at which adjacent tickets are separated from one another, said</u>
<u>moving means comprising drive means for moving said strip by a</u>
<u>pre-determined distance, position detecting means for detecting</u>
<u>the distance actually moved by said strip and producing an output</u>
<u>signal to control said drive means including a front edge</u>
<u>detector to detect the front edge of a ticket to be separated,</u>
<u>memory means for storing information corresponding to the</u>
<u>distance said strip is to be driven after its front edge is</u>
<u>detected and before separation, means for comparing the stored</u>
<u>information with the output of said position detecting means, and</u>
<u>for actuating separating means when a pre-determined comparison</u>
<u>condition is reached,</u> [A dispenser as in Claim 68] including
separator means at said separation location, means for causing
said dispenser to issue a plurality of tickets, the number of
which corresponds to an order for a batch of tickets, and means
for operating said separator means to separate each of said
tickets from the others in said batch.

33 76. (Amended) A dispenser as in Claim 65 including
separator means for pushing on said strip with a separator member
in the vicinity of said one line while gripping said strip on
opposite sides of said one line to <u>bend said strip along said</u>
<u>line and</u> tear said tickets apart along said one line.

PATENT
3390-2010

35 72.  (Amended) A dispenser as in Claim 65 in which said
tickets are lottery tickets [printed on relatively stiff stock],
and including housing means for storing said tickets in fan-fold
form, said dispensing apparatus being mounted in said housing.

PATENT
3390-2010

## REMARKS

The text on page 24, line 4, has been amended to correct the poor syntax noted by the Examiner.  Claim 46 has been cancelled so that it does not need any amendment to correct its syntax.

The requirement to amend the drawings is respectfully traversed.  Reference numeral 90 actually is shown in Figures 5 and 7 of the drawings.  In Figure 5 it appears between reference numerals 88 and 86, and in Figure 7 it appears in the upper right-hand portion of the drawing.

The reference on page 17 the use of to reference numeral "39" was an error, and the error now has been corrected. No amendment of the drawings is necessary.

The indefiniteness of claims 61-64 objected to by the Examiner has been corrected by the above amendment.

In response to the restriction requirement claims 52-57 have been cancelled, subject to the right to pursue those claims in a divisional patent application.

Other claims have been cancelled in order to reduce the total number of claims and to facilitate consideration and allowance of this patent application.

The rejection of claims 30-32, 58-60 and 64 as being anticipated by Wescoat '669 is respectfully traversed.

GN1.2010.Am.mm

9

PATENT
3390-2010

Claim 33 was objected to but was indicated to be allowable if rewritten in independent form.  Claim 30 has been amended to incorporate the limitations of claim 33, and claims 31-33 have been cancelled.  Therefore, claim 30 is in condition for immediate allowance.

Claims 36-39 also were indicated to be allowable if rewritten in independent form.  Claim 36 has been amended to make it dependent from claim 30.  Accordingly, claims 30 and 36-39 are believed to be in condition for immediate allowance.  Since claims 40-45 also depend from claim 30, they are allowable with claims 30 and 36-39.

Claims 46 and 48 also have been cancelled.  Therefore, in the rejection of claims 30-32, 58-60 and 64, only the rejection of claims 58-60 and 64 need be discussed.

Applicants do not agree with the evaluation of the prior art cited against claims 30-48, but the foregoing amendments make those issues moot and unnecessary to discuss here.

Claim 58 is directed to the advantageous feature of the invention in which means are provided for holding a strip of tickets adjacent a weakened line along which the strip is to be separated, and causing the strip to bend along the line at the dispensing position in the dispenser.  This facilitates tearing

GN1.2010.Am.mm

10

PATENT
3390-2010

of the strip by engagement with a separator member along the line while the strip is bent.

As it has been explained in the Amendment of May 17, 1989, the bending of the strip along a line of weakness at the dispensing position has clever and unobvious advantages. First, by simultaneously bending the strip along the line and tearing it along the same line, the bending of the strip provides a groove into which the separator member fits so as to ensure that the tickets are torn apart along a perforated line rather in the middle of a ticket. Secondly, bending the ticket strip along the line of weakness ensures a concentration of the tearing forces along the perforation instead of elsewhere. This reduces the tearing of tickets in half and other ticket mutilations suffered by prior devices which cut the ticket.

The Wescoat '669 reference does not operate in this fashion. As the Examiner correctly states, (on page 3 of the Official Action of July 25), the hold-down roll 79 prevents deflection of the tickets from the feed path during bursting. This holds the ticket very firmly and securely and prevents it from moving during separation of the ticket. The breaker bar 71 has a very fast "karate-chop" action to separate the tickets.

Wescoat takes special care to provide <u>longitudinal</u> creases 86 and 87 (see Figure 3) to stiffen the strip longitudinally to ensure that it will remain flat in the plane in

GN1.2010.Am.mm

11

PATENT
3390-2010

which the breaker bar is to hit it.  This operation is explained in column 3, lines 30 through 48 of the patent.  The result of this operation is that the device shown in Wescoat '669 operates essentially to <u>cut</u> the tickets from one another, and does not "burst" them apart.  This is explained in column 3, lines 41-48 of Wescoat '669, as well in the later Wescoat Patent 4,094,451 cited by the Examiner, in which Wescoat '669 is discussed.

In column 1, lines 27 through 53 of Wescoat '451, the Wescoat '669 device is discussed.  In lines 33 through 37, Wescoat says that in the '669 device:

> "The bowed end-most ticket thus is rigidified, as it spans the gap to a stop means, so that a down moving blunt breaker bar can deliver a karate blow at the line of perforation to separate the ticket".

Wescoat admits that the device in his '669 patent does not solve the problem of inaccurately separated tickets because he states, in lines 49-53 of column 1 of the '451 patent:

> "Thus some lottery customer might pay for his ticket and obtain only a half ticket or a mutilated ticket and thereby lose his right to claim the million dollar, or other, prize".

Subsequent devices such as that shown in the Hartmann reference 4,716,799 have resorted to sharp cutting blades, and also have the problem of mutilating the tickets.

Wescoat '451 does suggest a series of rollers to prebend the ticket strip at the perforations.  See the upper

GN1.2010.Am.mm

12

PATENT
3390-2010

left- hand portion of Figure 2, for example, and column 3, lines 51-67.  However, this is done only to weaken the material at the perforation lines in case the tickets have malformed or incomplete perforations.  The bending is not done at the dispensing position; instead, Wescoat again "rigidifies" the ticket at the separation location and does not gain any of the extra advantages which are obtained by applicant's invention.  Specifically, the strip is not bent along the line of perforation simultaneously with engaging the strip with a separator member so that the separator member is not automatically guided accurately towards the perforation.  Furthermore, there is no possibility for longitudinal adjustment of the position of the strip, as is performed in applicant's invention.

In view of these unobvious advantages, the features of claim 58 are neither shown nor suggested by either of the Wescoat references, and claim 58 is allowable.

Claim 59 depends from claim 58 and specifically recites means for creating relative motion of the separator member in the strip relative to one another.  Claim 59 depends from and is allowable with claim 58.

Claim 60 depends from claim 59 and recites the advantageous mechanism by means of which automatic adjustment of the position of the strip is accomplished.  The holding means is adapted to release the strip under the pull exerted by the

GN1.2010.Am.mm

13

PATENT
3390-2010

deflecting motion of the separator member when it bends the strip. This allows the strip to slip longitudinally and be automatically adjusted in position for any slight misalignment which might have occurred since the last ticket was dispensed.

This concept is directly opposite to the concept used in the Wescoat patents of holding the ticket strip firmly against any longitudinal slippage and "rigidifying" it while a ticket is being cut-off by a breaker bar.

Claim 61 had been indicated to be allowable if rewritten to eliminate its indefiniteness. This now has been done, and it has been made independent. Therefore, claim 61 is believed to be allowable.

Claim 62 and claim 63 depend from claim 61 and are allowable therewith, as indicated by the Examiner in the Official Action.

Claim 64 depends from claim 58 and is allowable therewith, and now has been amended to eliminate the indefiniteness cited by the Examiner.

Accordingly, it is respectfully submitted that claims 58-64 are in condition for allowance.

The rejection of claims 65, 68 71 and 72 as being anticipated by Hartmann is respectfully traversed.

Claim 65 and its dependent claims is directed to the feature whereby the machine, when it is actually dispensing

GN1.2010.Am.mm

14

PATENT
3390-2010

tickets, has means for detecting the distance actually moved by the strip and producing an output signal which is used to control the drive means and means for severing a ticket from the strip. By measuring the distance _actually_ moved by the strip, highly accurate feeding of the strip is made possible.

This is not the case with the Hartmann device. The Hartmann device does not have means for measuring the _actual_ distance travelled by the strip and using of the information so detected to control the drive motor and severing means to dispense tickets.

Actually, the perforation detector device 32 is used by Hartmann only during the calibration of the device, during which the distances between at least three different perforations are measured, and an average value is taken. The measurement of the distance traveled by the ticket strip during the actual dispensing of tickets is determined by or counting the steps of the stepping drive motor. This permits a major inaccuracy in the driving of the strip in that, if the drive slips and fails to move the ticket strip forward for any particular distance, this creates an error in the location of the cut made by the cutting means. This produces tickets cut in half and otherwise mutilated. This is because the device which counts stepping motor pulses simply does not detect the _actual_ position of the strip.

GN1.2010.Am.mm

15

PATENT
3390-2010

In applicant's invention, slippage of the drive rollers does not matter, because the motion detector is coupled to an idler roller which is driven only by the movement of the ticket strip.

To prove that Hartmann's concept is directly opposite that the invention reference should be had to column 5, where it is stated (lines 24-31);

> "Since the ticket length has been calculated, the device according to the present invention does not rely upon the detection of a perforation after calibration to issue a ticket, thus eliminating errors due to blocked perforations. A blocked perforation is accounted for in a calibration routine by discounting ticket lengths exceeding the maximum criteria and also by requiring the average of a number of ticket lengths."

As a result of applicant's invention, the burster mechanism usually is located accurately near one of the perforation lines. It still may be off by a small distance, but this can be automatically compensated for by the automatic adjustment means discussed above.

Thus, applicant's have invented a practical, accurately operating mechanism and method for accurately separated tickets. Therefore, claim 65 is allowable over the cited prior art.

Claim 66 depends from claim 65 and is allowable therewith. It specifies that the detecting means is a rotary code member drivably coupled to the strip, and recites means for

GN1.2010.Am.mm

16

.

PATENT
3390-2010

detecting the incremental movements of the wheel and converting them into electrical signals.

The reference 4,192,618 to Kondur, et al. does not make claim 66 obvious.  Kondur is a dot matrix printer which has very high accuracy requirements for the location of dots forming characters in printing.  Such requirements usually are thought not to be present in a ticket dispenser.  It is evidence of applicants' ingenuity in realizing that such a device can be used to great advantage in a ticket dispenser.

Claim 68 depends from and is allowable with claim 65. Moreover, Hartmann does not show or suggest the specific front edge detector and storage means, together with comparing means for determining when the distance moved by the strip matches that stored in the memory.  Therefore, claim 68 also is allowable.

Claims 67 and 69 have been rewritten in independent form, as suggested by the Examiner, and therefore are believed to be allowable.

The further rejection of claim 70 in view of Hartmann and Wescoat '669 also is respectfully traversed.  Claim 70 specifies the bending of the strip along the tear line to facilitate tearing of the tickets apart along the lines.  The benefits of this bending operation has been discussed above and is not shown or suggested by the combination of the references.

Claim 71 depends from claim 68 and specifies input

GN1.2010.Am.mm

17

PATENT
3390-2010

means for storing corresponding information in the memory means

for tickets of a different size.  Thus, stored information can be

stored in the memory so that the machine can quickly be modified

to accept and dispense tickets of different sizes.  This feature

is not shown or suggested by Hartmann.

Claim 72 depends from and is allowable with claim 65.

It is believed that the references which have been

cited but not specifically applied are not sufficiently pertinent

to require discussion.

In summary, the claims have been distinguished over the

prior art and are believed to be in allowable form.  Accordingly,

it is respectfully requested that the application be passed to

issue.

Respectfully submitted,

CURTIS, MORRIS & SAFFORD, P.C.
Attorneys for Applicant

By

Gregor N. Neff
Reg. No. 20,596
(212) 840-3333

GN1.2010.Am.mm

18





## CERTIFICATE OF EXPRESS MAIL

I hereby certify that the attached correspondence is being deposited in the United States Postal Services as "EXPRESS MAIL" in an envelope addressed to:

Hon. Commissioner of Patents and Trademarks,

Washington, D.C.  20231

on January 25, 1990

under **Express Mail No. B02177771Y**

By: _____





**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

07/128,070   12/03/87      BURR                    R        332-2130

CURTIS, MORRIS & SAFFORD
530 FIFTH AVENUE                        RUGGIERO,J
NEW YORK, NY 10036

236        /2

03/01/90

☐ This application has been examined          ☐ Responsive to communication filed on _1-25-90_      ☑ This action is made final.

A shortened statutory period for response to this action is set to expire ____3____ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.     35 U.S.C. 133

**Part I     THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.          2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.              4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.   6. ☐ _____

**Part II     SUMMARY OF ACTION**

1. ☑ Claims _20, 21, 24, 25, 27-30, 34-40, 42-45, 49-51 and 58-72_ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☑ Claims _1-19, 22, 23, 26, 31-33, 41, 46-48 and 52-57_ have been cancelled.

3. ☑ Claims _20, 21, 24, 25, 27-30, 34-40, 42-45, 50, 51 and 58-72_ are allowed.

4. ☑ Claims _49_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____ . Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____ , has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____ ; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

Serial No. 07/128,070                                      Page 2

Art Unit 236


1.        The following is a quotation of 35 U.S.C. § 103 which
forms the basis for all obviousness rejections set forth in this
Office action:

    A patent may not be obtained though the invention is not
    identically disclosed or described as set forth in section
    102 of this title, if the differences between the subject
    matter sought to be patented and the prior art are such that
    the subject matter as a whole would have been obvious at the
    time the invention was made to a person having ordinary skill
    in  the  art  to  which  said  subject  matter  pertains.
    Patentability shall not be negatived by the manner in which
    the invention was made.

    Subject matter developed by another person, which qualifies
    as prior art only under subsection (f) or (g) of section 102
    of this title, shall not preclude patentability under this
    section where the subject matter and the claimed invention
    were, at the time the invention was made, owned by the same
    person or subject to an obligation of assignment to the same
    person.

        Claim 49 remains rejected under 35 U.S.C. § 103 as being

unpatentable over Muller et al in view of Wescoat '699.

        See the discussion at par. 13 of the previous Office

action, paper no. 9.

2.        Applicant's arguments filed Jan. 25, 1990 have been fully

considered but they are not deemed to be persuasive.

        Independent claim 49, the only rejected claim remaining

in the application, has not been amended and no arguments have been

presented as to why it is allowable over the art as expressed in

the above rejection.

Serial No. 07/128,070

Page 3

Art Unit 236

3.        **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a). The practice of automatically extending the shortened statutory period an additional month upon the filing of a timely first response to a final rejection has been discontinued by the Office. See 1021 TMOG 35.

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

4.        Any inquiry of a general nature or relating to the status of this application should be directed to the group receptionist at (703) 557-2878. Any inquiry concerning the substance of this communication should be directed to the undersigned at (703) 557-0470.

jfr

February 26, 1990

JOSEPH RUGGIERO
PRIMARY EXAMINER
ART UNIT 236



$62.00 - 115$

GP# 13 230

PATENT 3390-2010

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : | Robert L. Burr |
| Serial No. | : | 128,070 |
| Filed | : | December 3, 1987 |
| For | : | SYSTEM AND METHOD FOR DISTRIBUTING LOTTERY TICKETS |
| Examiner | : | J. Ruggero |
| Art Unit | : | 230 |
| Paper No. | : | 14 |

530 Fifth Avenue
New York, New York 10036
(212) 840-3333

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class in an
envelope addressed to:
Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231, on June 26, 1990

_____Gregory N. Neff_____
Name of Applicant, Assignee or Registered
Representative

_____
Signature

_____June 26, 1990_____
Date of Signature

Hon. Commissioner of Patents                    June 26, 1990
 and Trademarks
Washington, D.C.  20231

### PETITION TO EXTEND

Sir:

         Under the provisions of 37 C.F.R. Section 1.17(a),
applicant hereby petitions for an extension of time to file a
response due June 1, 1990, in the above-identified application.

         140 RP 07/11/90 07128070              1 115      62.00 CK

PATENT 3390-2010

The requested extension of time is one month, i.e., to July 1, 1990, and applicant encloses herewith a check in the amount of $62.00 in payment of the statutory fee therefor. Please charge any additional fees or credit any excess to our Deposit Account No. 03-3925.

Respectfully submitted,

Gregor N. Neff
Registration No. 20,596
Curtis, Morris & Safford
Attorneys for Applicant
(212) 840-3333

Enclosure
 - Check $62.00 (1 month ext.)
GN2:tmi\2010pet.627

-2-



PATENT 3390-2010

MAIL ROOM
JUN 29 1990
57  PAT. & TRADEMARK OFF.

16 1990

GROUP 230

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant  :   Robert L. Burr, et al.

Serial No.:   128,070

Filed      :   December 3, 1987

For        :   SYSTEM AND METHOD FOR DISTRIBUTING
               LOTTERY TICKETS

Examiner   :   J. Ruggiero

Art Unit   :   230

Paper No. :    13

530 Fifth Avenue
New York, New York 10036
(212) 840-3333

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231, on June 26, 1990

Gregor N. Neff
Name of Applicant, Assignee or Registered
Representative

Signature

June 26, 1990
Date of Signature

Hon. Commissioner of Patents
and Trademarks                              June 26, 1990
Washington, D.C.   20231

## AMENDMENT

Sir:

        In response to the Official Action of March 1, 1990,
please amend the above-identified patent application as follows:

PATENT 3390-2010

**In the Claims:**

    Cancel claims 49 and 59. Rewrite claim 58 as follows:

    58. (Twice Amended)  Apparatus for dispensing tickets from a strip of tickets delineated from one another by lines along which the material of said strip is weakened, said apparatus comprising, in combination, means for moving said strip towards a dispensing position, a separation member, means for holding said strip adjacent one line along which said strip is to be separated, and causing said strip to bend along said one line at said dispensing position to facilitate tearing of said strip by engagement with said separator member along said one line while said strip is bent[.], and including drive means for creating motion of said separator member and said strip relative to one another in a direction transverse to the strip, with said member in contact with and deflecting said strip to bend said strip along said one line and burst said tickets apart along said one line.

    Claim 60, line 1, change "59" to --58--.

### R E M A R K S

    Claim 49, the only claim not previously allowed, now has been cancelled.

    In addition, previously allowed claim 58 has been limited by adding the limitations of claim 59, and claim 59 has been cancelled. This has been done in view of Kostka, et al., 4,140,259 and Herring 4,157,670 (copies enclosed), two references which

-2-

PATENT 3390-2010

became known to the applicants' attorneys only recently, subsequent to the date of the action to which a response is being made.

Our form PTO 1449 is enclosed and it is respectfully requested that these references be added to the list of cited references in the patent when it issues.

In the Kostka reference, it is believed that the most pertinent portions are in figures 1, 2 and 6, and column 3, line 50 to column 4, line 61.

In the Herring reference, it is believed that the most pertinent portions are the Abstract, Figure 2 of the drawings, column 4, lines 30-68, and column 6, lines 15-27.

It is respectfully submitted that the application is in condition for immediate allowance, and its allowance is respectfully requested.

Respectfully submitted,

Gregor N. Neff
Registration No. 20,596
Curtis, Morris & Safford, P.C.
Attorneys for Applicant
(212) 840-3333

Enclosures
 - Petition to Extend (one month)
 - Check for $62.00
 - Kostka, U.S. Patent No. 4,140,259 (copy)
 - Herring, U.S. Patent No. 4,157,670 (copy)
 - PTO Form 1449 (IDS)

GN2\2010AM.622

-3-

MAIL ROOM
JUN 29 1990
57 PAT. & TRADEMARK OFF.

RECEIVED
#13 JUL 16 1990
Sheet ___ of __1__
GROUP 230

| FORM PTO-1449 (REV. 7-80) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. 3390-2010 | SERIAL NO. 07/128,070 |
|---|---|---|---|
| | | APPLICANT Robert L. Burr, et al. | |
| *(Use several sheets if necessary)* | | FILING DATE December 3, 1987 | GROUP 230 |

### U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| JC | AA | 4 1 5 7 6 7 0 | 6/12/79 | Lloyd D. Herring | 83 | 165 | |
| JC | AB | 4 1 4 0 2 5 9 | 2/20/79 | Frank Kostka | 225 | 16 | |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | TRANSLATION NO |
|---|---|---|---|---|---|---|---|---|
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

### OTHER PRIOR ART *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | | |
|---|---|---|
| | AR | |
| | AS | |
| | AT | |

| EXAMINER RUGGIERO | DATE CONSIDERED 7-19-90 |
|---|---|

*EXAMINER. Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

USCOMM-DC 80-3988

UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/128,070 | 12/03/87 | BURR | R   332-2130 |

| | |
|---|---|
| CURTIS, MORRIS & SAFFORD | EXAMINER |
| 530 FIFTH AVENUE | RUGGIERO, J |
| NEW YORK, NY 10036 | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 236 | 16 |

DATE MAILED:   07/20/90

## NOTICE OF ALLOWABILITY

**PART I.**

1. ☒ This communication is responsive to *applicants' communication filed 6-29-90*

2. ☒ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.

3. ☒ The allowed claims are *20, 21, 24, 25, 27-30, 34-40, 42-45, 50, 51, 58, and 60-72*

4. ☒ The drawings filed on *5-19-89* _____ are acceptable.

5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [...] been received. [...] not been received. [...] been filed in parent application Serial No. _____, filed on _____.

6. ☐ Note the attached Examiner's Amendment.

7. ☐ Note the attached Examiner Interview Summary Record, PTOL-413.

8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.

9. ☒ Note the attached NOTICE OF REFERENCES CITED, PTO-892.

10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

**PART II.**

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

2. ☐ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.

   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____. CORRECTION IS REQUIRED.

   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.

   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.

   d. ☐ Formal drawings are now REQUIRED.

----------------------------------------------------------------

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

**Attachments:**

| | |
|---|---|
| _ Examiner's Amendment | _ Notice of Informal Application, PTO-152 |
| _ Examiner Interview Summary Record, PTOL- 413 | _ Notice re Patent Drawings, PTO-948 |
| _ Reasons for Allowance | _ Listing of Bonded Draftsmen |
| _ Notice of References Cited, PTO-892 | _ Other |
| ☒ Information Disclosure Citation, PTO-1449 | |

*Joseph V Ruggiero*
JOSEPH RUGGIERO
PRIMARY EXAMINER
ART UNIT 236

In view of the papers filed March 16, 1988, it has been found that this application, as filed, through error and without any deceptive intent, improperly set forth the inventorship, and accordingly, this application has been corrected in compliance with 37 C.F.R. § 1.48. The inventorship of this application has been changed by the addition of Alfred L. Fulton.

PTOL-37 (REV. 11-88)                                                    USCOMM-DC 89-3615



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: Box ISSUE FEE
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

CURTIS, MORRIS & SAFFORD
530 FIFTH AVENUE
NEW YORK, NY 10036

**NOTICE OF ALLOWANCE
AND ISSUE FEE DUE**

☐ Note attached communication from the Examiner.

☐ This notice is issued in view of applicant's communication filed _____

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/128,070 | 12/03/87 | 035 | RUGGIERO, J | 236 | 07/20/90 |

| First Named Applicant | BURR, | | ROBERT L. | | |
|---|---|---|---|---|---|

TITLE OF INVENTION

SYSTEM FOR DISTRIBUTING LOTTERY TICKETS
(AS AMENDED)

| | ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|---|
| 2 | 332-2130 | 364-479.000 | H27 | UTILITY | NO | $620.00 | 10/22/90 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.
PROSECUTION ON THE MERITS IS CLOSED.**

**THE ISSUE FEE MUST BE PAID WITHIN _THREE MONTHS_ FROM THE MAILING DATE OF THIS NOTICE OR THIS
APPLICATION SHALL BE REGARDED AS ABANDONED.   THIS STATUTORY PERIOD CANNOT BE EXTENDED.**

## HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY Status shown above.

If the SMALL ENTITY is shown as YES, verify your
current SMALL ENTITY status:
A. If the Status is changed, pay twice the amount of the
FEE DUE shown above and notify the Patent and
Trademark Office of the change in status, or
B. If the Status is the same, pay the FEE DUE shown
above.

If the SMALL ENTITY is shown as NO:
A. Pay FEE DUE shown above, or
B. File verified statement of Small Entity Status before, or with,
payment of 1/2 the FEE DUE shown above.

II. Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE.
Even if the ISSUE FEE has already been paid by a charge to deposit account, Part B should be completed and returned.
If you are charging the ISSUE FEE to your deposit account, Part C of this notice should also be completed and returned.

III. All communications regarding this application must give series code (or filing date), serial number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of
maintenance fees.**

**PATENT AND TRADEMARK OFFICE COPY**

PTOL-85 (REV 12-88)(OMB Clearance is pending)

# F I G. 1





F I G.8A

F I G.8B