



Notably, Scientific Games' interrogatory responses do not provide any factual basis for their conclusory assertion that claim 18 is invalid under § 102. Scientific Games' interrogatory responses fail to explain how the "plurality of arrays" limitation is purportedly satisfied by the Iowa PAT; in fact, they do not even address the "plurality of arrays" limitation at all. (*See, e.g.,* Ex. F, *Scientific Games Suppl. Resp. to Pltf.'s Interrog. Nos. 2 and 7* at 15-16).

Thus, there is no material factual dispute that what the Iowa PAT displayed (even as Scientific Games alleges the facts) fails to satisfy the "plurality of arrays" requirement of claim 18. For at least this reason, as a matter of law, the Iowa PAT did not anticipate claim 18. Accordingly, the Court should grant partial summary judgment that claim 18 is not invalid under 35 U.S.C. § 102.

## VIII. CLAIMS 20 AND 21 OF THE '337 PATENT ARE NOT ANTICIPATED BY THE IOWA PAT

Scientific Games has only asserted that a single "prior art" system, the Iowa PAT, supports its allegation that claims 20 and 21 of the '337 patent are invalid under 35 U.S.C. §102.[6]

---

[6] Scientific Games' interrogatory responses conclusorily state that "if claims 20 and 21 of the '337 patent are construed so as to cover the PlayCentral Kiosk, they are also invalid under 35 U.S.C. § 102 and §103 over U.S. Patent No. 4,716,799 (to Hartmann) alone, and in combination with Scientific Games' prior art PAT." (*See* Ex. F, *Scientific Games' Suppl. Resp. to Pltf.'s Interrog. Nos. 2 and 7* at 12). Notwithstanding the language used, it appears that Hartmann was not intended by Scientific Games as a § 102 reference. Scientific Games never asserted that Hartmann included one of the elements of claims 20 and 21, the "control means for causing each ticket in said batch to be separated and dispensed separately from the other tickets in said batch regardless of the number of tickets in said batch" (*Id.* at 12-13). The interrogatory response itself addresses modifications to the Hartmann reference, suggesting that (continued...)

REDACTED--Public Version

(*See, e.g.,* Ex. F, *Scientific Games' Suppl. Resp. to Pltf.'s Interrog. Nos. 2 and 7* at 11-13). Scientific Games has not put forward any other single reference or system that it alleges invalidates claims 20 or 21 of the '337 patent under 35 U.S.C. § 102.  However, the Iowa PAT did not possess every element of claims 20 and 21, which is fatal as a matter of law to Scientific Games' § 102 invalidity claim.

Accordingly, as a matter of law, claim 20 of the '337 patent cannot be invalid under 35 U.S.C. § 102 over the Iowa PAT. Claim 21 depends from claim 20 and thus cannot be anticipated if claim 20 is not. *Hartness Int'l. v. Simplimatic Eng'g Co.*, 819 F.2d 1100, 1108 (Fed. Cir. 1987).

---

Scientific Games' interrogatory responses also allege that "Claims 20 and 21 of the '337 patent *may* also be invalid under 35 U.S.C. § 102(b) as a result of public use or offers to sell ..." (*See* Ex. F, *Scientific Games' Suppl. Resp. to Pltf.'s Interrog. Nos. 2 and 7* at 13)(emphasis added). Again, the cited interrogatory response does not set out with specificity any factual support for a contention that claim 20 was anticipated on this basis. Scientific Games' conclusory "may be invalid" statement is not sufficient to prevent entry of summary judgment against it. *See, e.g., TechSearch,* 286 F.3d at 1371-72.

REDACTED--Public Version

### A. The Iowa PAT Did Not Contain "Means Operable For Ordering A Plurality Of Tickets In a Single Batch"

Claim 20 recites a "means operable for ordering a plurality of tickets in a single batch." (*See* Ex. B, '337 patent at 19:47-8). The parties agree that this is a means-plus-function claim element subject to 35 U.S.C. §112 ¶6. (*See* D.I. 112 at 27; D.I. 115 at 25). The parties also agree on the recited function. (*See* D.I. 112 at 27; D.I. 115 at 2, 25-26.) The function is to allow ordering of a plurality of tickets, i.e., two or more, in a single batch.

In order to invalidate claim 20 under § 102, the Iowa PAT would need to perform the recited function exactly, as that function is properly construed. *Transclean*, 290 F.3d at 1372.



REDACTED--Public Version



2003).

