REDACTED--Public Version



Accordingly, there is no genuine, material, factual dispute that the Iowa PAT did not allow ordering multiple tickets in a single batch as required by claim 20. As a matter of law, then, the Iowa PAT does not invalidate claims 20 and 21 under § 102.

> **B.    The Iowa PAT Did Not Contain "Control Means For Causing Each Ticket In Said Batch To Be Separated And Dispensed Separately From the Other Tickets In Said Batch Regardless of the Number of Tickets in Said Batch"**

Claim 20 also recites a "control means for causing each ticket in said batch to be separated and dispensed separately from the other tickets in said batch regardless of the number of tickets in said batch." (*See* Ex. B, '337 Patent 19: 47-52). The parties agree that this is a means-plus-function element subject to 35 U.S.C. § 112 ¶6. The parties also agree on the recited function and structure: the function claimed is causing each ticket in a batch to be separated and dispensed separately regardless of the number of tickets in the batch. (*See* Ex. B, '337 patent, Fig. 10 (element 40), col. 7:41-47). Reading this claim limitation to cover the dispensing of a

REDACTED--Public Version

single ticket ordered individually would improperly read the language "from other tickets in said batch" out of the claim.

Scientific Games' interrogatory responses assert the Iowa PATs "had control and separating means that separated and dispensed each ticket individually, regardless of the number of tickets ordered in a batch."





REDACTED--Public Version



Accordingly, since there is no genuine, material, factual dispute that this element of claim 20, "causing each ticket in said batch to be separated and dispensed separately from the other tickets in said batch regardless of the number of tickets in said batch," is not met by the Iowa PAT, as a matter of law, the Iowa PAT cannot invalidate claims 20 and 21 under § 102.

## IX.    CONCLUSION

For the above reasons, GTECH respectfully requests that the Court grant partial summary judgment that claims 18 of the '624 patent and claims 20 and 21 of the '337 patent are not invalid under 35 U.S.C. § 102.

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

Dated: November 14, 2005          By:     /s/ Karen E. Keller
                                          Josy W. Ingersoll (#1088)
                                          Karen Keller (#4489)
                                          The Brandywine Building
                                          1000 West Street, 17th Floor
                                          P.O. Box 391
                                          Wilmington, Delaware 19889
                                          Telephone: (302) 571-6600
                                          Facsimile: (302) 571-1253

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

REDACTED--Public Version

Douglas E. Ringel
KENYON & KENYON
1500 K Street NW
Washington, DC 20005
Telephone: (202) 220-4200
Facsimile: (202) 220-4201

*Attorneys for Plaintiff GTECH Corporation*

REDACTED--Public Version

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on November 14, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> Wilmington, DE 19801

I further certify that on November 14, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Karen E. Keller (#4489)
Andrew A. Lundgren (#4429)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
kkeller@ycst.com

*Attorneys for GTECH Corporation*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on November 16, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> Wilmington, DE  19801

I further certify that on November 16, 2005,  I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Karen E. Keller (#4489)
Andrew A. Lundgren (#4429)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
kkeller@ycst.com

*Attorneys for GTECH Corporation*