IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,                           :
                                             :
        Plaintiff,                           :
                                             :
    v.                                       : Civil Action No. 04-138-JJF
                                             :
SCIENTIFIC GAMES INTERNATIONAL,              :
INC., SCIENTIFIC GAMES HOLDINGS              :
CORPORATION, SCIENTIFIC GAMES                :
FINANCE CORPORATION, and                     :
SCIENTIFIC GAMES CORPORATION,                :
                                             :
        Defendants.                          :

## MEMORANDUM ORDER

Pending before the Court is Gtech's Motion For Reconsideration Of The Court's June 14th Order Granting Defendants' Motion To Preclude Gtech From Asserting New Claims (D.I. 91). For the reasons discussed, the Motion will be denied.

I.  **BACKGROUND**

Plaintiff filed the instant action on March 4, 2004, alleging that Defendants had infringed United States Patent Nos. 4,982,337 (the "'337 patent") and 5,222,624 (the "'624 patent"). During discovery, Plaintiff asserted four claims against Defendants: claims 20, 21, and 28 of the '337 patent and claim 18 of the '624 patent. On June 10, 2005, two weeks after fact discovery had ended and six weeks after the deadline for disclosing contentions, Plaintiff supplemented its response to interrogatories and included allegations of infringement as to claims 22 and 24 of the '337 patent. On June 13, 2005, Defendants filed an Emergency Motion To Preclude Plaintiff From

Asserting New Patent Claims Or, In The Alternative, To Amend The Scheduling Order (the "Emergency Motion") (D.I. 84). That day, the Court heard and granted the Emergency Motion, precluding Plaintiff from asserting infringement of claims 22 and 24 of the '337 patent. Plaintiff subsequently filed the pending motion for reconsideration (D.I. 91).

## II.  PARTIES' CONTENTIONS

By its Motion, Plaintiff contends that the Court misapprehended the facts when it granted the Emergency Motion because Plaintiff was not given time to respond to the Motion. Plaintiff argues that, given time, it would have informed the Court that it had made repeated requests for drawings and other information pertaining to claims 22 and 24 of the '337 patent and that Defendants withheld this information until two days before the close of discovery. Plaintiff further contends that the Court misapprehended case law holding that additional claims may be asserted as a case progresses. Plaintiff argues that it is unduly prejudiced by the Court's misapprehensions and that it is being penalized for Defendants' delay tactics during discovery.

In response, Defendants contend that Plaintiff's arguments are pretextual because Plaintiff had the necessary information regarding claims 22 and 24 of the '337 patent long before the end of discovery. According to Defendants, Plaintiff obtained this information from a case involving Plaintiff's predecessor in the

Northern District of Ohio, depositions taken by Plaintiff, and drawings given to Plaintiff in November 2004.

### III. LEGAL STANDARD

"As a general rule, motions for reconsideration should be granted 'sparingly.'" Stafford v. Noramco of Delaware, Inc., 2001 WL 65738 at *1 (D. Del. Jan. 10, 2001) (quoting Karr v. Castle, 768 F.Supp. 1087, 1090 (D. Del. 1991)). The purpose of granting motions for reconsideration is to correct manifest errors of law or fact, present newly discovered evidence, or to prevent manifest injustice. Harsco Corp. v. Zlotnicky, 176 F.3d 669, 677 (3d Cir. 1999) (citing Keene Corp. v. Int'l Fid. Ins. Co., 561 F.Supp. 656, 665 (N.D. Ill. 1983); North River Ins. Co. v. CIGNA Reins., 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted)). Parties should remain mindful that a motion for reconsideration is not merely an opportunity to "accomplish [the] repetition of arguments that were or should have been presented to the court previously." Karr, 768 F. Supp. at 1093 (citing Brambles U.S.A., Inc. v. Blocker, 735 F. Supp. 1239, 1240-41 (D. Del. 1990)). However, a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result. Id. (citing Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989)).

## IV. DISCUSSION

The Court concludes that Plaintiff has not identified an error of fact, nor did the Court overlook facts that would alter the result of its decision. At the hearing for the Emergency Motion on June 13, 2005, Plaintiff's counsel discussed the facts contained in its motion for reconsideration, namely, that Defendants were late in turning over schematics and documents necessary to identify the additional claims. (D.I. 89 at 2-3). The Court took these facts into consideration and concluded that prejudice would not result if the Court precluded Plaintiff from asserting the claims.

The Court also concludes that it did not overlook precedent that would alter the result of its decision. Plaintiff cites two cases from this District to support its contention that the Court misapprehended the law. First, Plaintiff cites R2 Technology, Inc. v. Intelligent Systems Software, Inc., No. 02-472, 2002 U.S. Dist. LEXIS 19110 at *7 (D. Del. Oct. 9, 2002), for the proposition that "[a] complaint for patent infringement 'need only identify the patent, not the specific claims, being asserted.'" (D.I. 91 at 4). The holding in R2 Technology, however, dealt with a motion for a more definite statement and did not concern a dispute between parties nearing the end of discovery. R2 Technology, Inc., 2002 U.S. Dist. LEXIS 19110. Plaintiff also cites Bayer AG v. Sony Elecs., Inc., No. 95-8,

4

2001 U.S. Dist. LEXIS 25559, at *3-4 (D. Del. Dec. 20, 2001) for the proposition that a plaintiff should be permitted to assert claims, even very late in the case. (D.I. 91 at 4). The Court's conclusion in Bayer, however, was particular to the facts of that case, in that the Court concluded that the plaintiff did not previously have sufficient discovery to assert the claims. Bayer AG, 2001 U.S. Dist. LEXIS 25559, at *3-4.

Because Plaintiff has not identified an error of law or fact, newly discovered evidence, or manifest injustice, and because the Court did not overlook facts or precedent that would alter the result of its decision, the Court concludes that reconsideration is not warranted. Accordingly, the Court will deny the motion for reconsideration.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED this 16 day of November 2005, that Gtech's Motion For Reconsideration Of The Court's June 14th Order Granting Defendants' Motion To Preclude Gtech From Asserting New Claims (D.I. 91) is **DENIED**.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE