IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,                :
                                  :
         Plaintiff,               :
                                  :
    v.                            : Civil Action No. 04-138-JJF
                                  :
SCIENTIFIC GAMES INTERNATIONAL,   :
INC., SCIENTIFIC GAMES HOLDINGS   :
CORPORATION, SCIENTIFIC GAMES     :
FINANCE CORPORATION, and          :
SCIENTIFIC GAMES CORPORATION,     :
                                  :
         Defendants.              :

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion For Reconsideration Of The Court's July 11th Order Granting Defendants' Motion To Compel Plaintiff To Produce On-Point's Opinions Of Counsel Concerning The '337 Patent (D.I. 101). For the reasons discussed, the Motion will be denied.

I.  BACKGROUND

In December 2000, On-Point Technology Systems, Inc. ("On-Point") was involved in litigation with Interlott Technologies, Inc. ("Interlott") with regard to Interlott's claim that On-Point was infringing U.S. Patent No. 4,982,337 ("the '337 patent"). Interlott subsequently acquired On-Point, and Plaintiff subsequently acquired Interlott. The '337 patent is also at issue in this lawsuit.

On June 6, 2005, Defendants filed a motion to compel, seeking opinions of counsel given to On-Point, which pertain to the '337 patent. (D.I. 82). Defendants argued that Plaintiff

had waived attorney-client privilege with respect to these documents when Plaintiff included a summary of information from the documents in response to a request for instant lottery ticket vending machines from the Oregon Lottery. In this response, Plaintiff wrote:

> Since On-Point's revolutionary new dispensing design places our competitor at a significant disadvantage, our competitor, upon learning of this new technology...immediately filed a patent infringement suit against us... This tactic has been typical of our competitor and, like in other cases, has no merit of success. We fully expected such a tactic and, before even beginning our development of this advanced dispensing process, we obtained a written opinion of a prominent patent firm that stated that not only was our new technological design not an infringement, but that On-Point's new design was clearly superior.

(D.I. 82, exhibit A at 2). The Court granted Defendants' motion to compel, concluding that Plaintiff had waived its privilege as to the substantive content of the underlying opinion. (D.I. 96). Plaintiff subsequently filed its motion for reconsideration (D.I. 101).

## II. PARTIES' CONTENTIONS

By its Motion, Plaintiff contends that the Court misapprehended either the partial waiver doctrine or Plaintiff's intent not to use the opinions of counsel in this litigation. Plaintiff recognizes that when part of a statement is disclosed in the course of litigation, it must be fully disclosed under the fairness doctrine. Plaintiff contends, however, that when a statement is partially disclosed extrajudicially, the partial

2

waiver doctrine applies, and any undisclosed portions of the statement and any underlying documents remain protected.

Defendants contend that Plaintiff should not be permitted to argue application of the partial waiver doctrine because the argument was not presented in response to Defendants' motion to compel.  Defendants further contend that even if Plaintiff is permitted to present this argument, case law does not support Plaintiff's argument, and therefore, the motion for reconsideration should be denied.

### III. DISCUSSION

"As a general rule, motions for reconsideration should be granted 'sparingly.'"  Stafford v. Noramco of Delaware, Inc., 2001 WL 65738 at *1 (D. Del. Jan. 10, 2001) (quoting Karr v. Castle, 768 F.Supp. 1087, 1090 (D. Del. 1991)).  The purpose of granting a motion for reconsideration is to correct a manifest error of law or fact, present newly discovered evidence, or to prevent manifest injustice.  Harsco Corp. v. Zlotnicky, 176 F.3d 669, 677 (3d Cir. 1999) (citing Keene Corp. v. Int'l Fid. Ins. Co., 561 F.Supp. 656, 665 (N.D. Ill. 1983); North River Ins. Co. v. CIGNA Reins., 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted)).  In other words, a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result.  Karr, 768 F. Supp. at 1093 (citing Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y.

1989)).

    A.    <u>Whether The Partial Waiver Argument Was Made By Plaintiff In Opposition To Defendants' Motion To Compel</u>

Defendants contend that Plaintiff did not present the partial waiver argument in response to Defendants' motion to compel, and therefore, Plaintiff should be precluded from arguing its application in the motion for reconsideration. It is true that "[r]econsideration should not be granted where it would merely accomplish repetition of arguments that were or should have been presented to the court previously." <u>Karr</u>, 768 F. Supp. at 1093. However, Plaintiff generally discussed partial waiver in response to Defendants' motion to compel, even if Plaintiff did not use the term "partial waiver." Accordingly, the Court will consider Plaintiff's partial waiver argument.

    B.    <u>Whether Plaintiff Should Be Required To Produce The Opinions Of Counsel Which Were Summarized In Letters To Third Parties</u>

The Third Circuit recognizes two types of limited waiver, partial and selective. <u>Westinghouse Elec. Corp. v. Republic of Philippines</u>, 951 F.2d 1414, 1423 n.7 (3d Cir. 1991). In this case, Plaintiff contends that the partial waiver doctrine protects from disclosure the documents and material the Court ordered to be produced by its July 11, 2005 Order (D.I. 96).

In <u>Westinghouse</u>, Judge Becker wrote that "[p]artial waiver permits a client who has disclosed a portion of privileged communications to continue asserting the privilege as to the

4

remaining portions of the same communication." Westinghouse, 951 F.2d at 1423 n.7. Judge Becker also wrote that "voluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of privilege." Id. at 1424 (citing United States v. AT&T, 642 F.2d 1285 (D.C. Cir. 1980)).

Plaintiff asks the Court to recognize a waiver under the partial waiver doctrine that accommodates Plaintiff's voluntary, albeit partial, disclosure of privileged documents to the Oregon Lottery. Plaintiff argues that because its disclosure to the Oregon Lottery was partial and it has no intention of asserting the opinion protected by the attorney-client privilege in this litigation, Defendants should not be permitted to have the portions of the opinion not disclosed to the Oregon Lottery.

In the context of a partial disclosure, Plaintiff is correct that generally the attorney-client privilege is waived only as to those communications or materials actually disclosed. However, the Third Circuit does recognize an exception to the partial waiver doctrine. Specifically, if a partial waiver would be unfair to the party's adversary, the privilege will be waived as to all communications or materials on the same subject. Westinghouse, 951 F.2d at 1426 n.13. The unfairness consideration suggested by the Third Circuit in Westinghouse is obviously driven by the circumstances of each case.

5

In its July 11, 2005 decision, the Court concluded that the "circumstances of the case" required Plaintiff to disclose the opinions of counsel. Discussed more specifically, the Court is persuaded that it would be unfair to shield the subject documents from Defendants based on the assertion of the attorney-client privilege when the content of those documents was disclosed voluntarily in an effort to gain an advantage in a competitive commercial endeavor. Although the partial disclosure was in a summary fashion, the basic content of the documents was disclosed, i.e. that counsel concluded that Plaintiff's product was non-infringing. Plaintiff further added that counsel found its product to be clearly superior to those of its competitors. In the Court's view, such a voluntary disclosure of the opinion of counsel to a third party in order to gain a competitive advantage in the marketplace evidences "tactical employment" of the attorney-client privilege. In light of such a disclosure, the Court is persuaded that it would be unfair to Plaintiff's present adversaries to continue to cloak the disclosed materials with the attorney-client privilege.

Plaintiff has not presented the Court with facts or law that would alter the results of its previous decision requiring the production of counsel's opinions regarding the '337 patent. Accordingly, the Court will deny Plaintiff's Motion For Reconsideration.

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED this 22 day of November 2005 that Plaintiff's Motion For Reconsideration Of The Court's July 11th Order Granting Defendants' Motion To Compel Plaintiff To Produce On-Point's Opinions Of Counsel Concerning The '337 Patent (D.I. 101) is **DENIED**.

                                    _____
                                    UNITED STATES DISTRICT JUDGE