

FIG. 8

FIG. 9

FIG. 10



Print of Drawing
as Original Filed

LOTTERY TICKETS

FIG 1

Print of Drawing
's Original Filed



FIG. 2



FIG. 4



Print of Drawing
s Original Filed

312 111

3390-2030

FIG. 6

FIG. 3

FIG. 5



FIG. 7



FIG. 8

FIG. 9

FIG. 1C

3390-2030/

A/N

RECEIVED

SEP 2 7 1990

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant  :    Robert L. Burr, et al

Serial No.:    07/312,111

Filed      :    February 17, 1989

For        :    TICKET DISPENSING MACHINE AND METHOD

Art Unit   :    ~~311~~ 239

530 Fifth Avenue
New York, New York 10036
(212) 840-3333

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231, on September 7, 1990

Gregor N. Neff
Name of Applicant, Assignee or Registered
Representative

Signature

September 7, 1990
Date of Signature

Hon. Commissioner of Patents            September 7, 2990
 and Trademarks
Washington, D.C.  20231

## STATUS LETTER

Sir:

        We have not yet received an Official Action in the above-
identified patent application.  Please advise us of the status of
this patent application.

        The purpose of this inquiry is to make certain that, if
an Official Action has been sent, but not yet received by the
undersigned attorney, we can obtain a copy of any such action and
respond to it in a timely fashion.

                            Respectfully submitted,

                            Gregor N. Neff
                            Registration No. 20,596
                            Curtis, Morris & Safford
                            Attorneys for Applicant
                            (212) 840-3333

GN6\2030STA.97



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

07/312,111   02/17/89   BURR

R   33902030

BOLLINGER, D

GREGOR N. NEFF
C/O CURTIS, MORRIS & SAFFORD
530 FIFTH AVENUE
NEW YORK, NY 10036

311

02/11/91
3

---

☒ This application has been examined   ☐ Responsive to communication filed on _____   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.   35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.   2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.   4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☒ Information on How to Effect Drawing Changes, PTO-1474.   6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims _1 — 49_ _____ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _1 -10,13,14,16 - 28,34 - 37,41,42,46,48 & 49_ are rejected.

5. ☒ Claims _11,12,15, 29 - 33, 38 - 40,43 - 45 & 47_ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☒ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
    are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____ ; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 6-88)

Serial No. 312,111                                    -2-

Art Unit   311

1.   The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.
>
> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

2.   Claims 23, 24, 36, 46 and 48 are rejected under 35 U.S.C.
§ 103 as being unpatentable over Groves.

Groves teaches a article vending machine comprising: a
housing 20; display means (unnumbered) for display of the types
of articles available; means 50 for receiving and accepting a
means of monetary exchange; and means for dispensing the articles
in a number corresponding to the amount of money input to the
machine.  Further, the arrays of articles in Groves comprise a
web of articles separated at intervals by lines of perforations
and that such articles may be a variety of articles.

Groves fails to teach the articles being lottery tickets
and providing the machine with a message display advertising the
articles.

Serial No. 312,111                        -3-

Art Unit   311

The specific articles being lottery tickets in considered
an obvious matter of choice and the provision of advertising
displays on a vending machine is notoriously well known in the
art.

3.   Claims 1-8, 10, 13, 14, 16-18, 22, 25-28, 37, 41, 42 and 49
are rejected under 35 U.S.C. § 103 as being unpatentable over
Groves as applied to claims 23, 24, 36. 46 and 48 above, and
further in view of Knee '935.

Groves fails to teach the display means being windows past
which the articles are transported to be viewed while dispensing.
Groves further fails to teach separating means for separating the
articles from one another.

Knee '935 teaches display means comprising a window
allowing for viewing of the articles and their movement for
dispensing.  Knee '935 also teaches providing separating means
comprising bursting means 51, 54, 65 to insure positive
separation of articles from one another.

It would have been obvious to one of ordinary skill in the
art to employ windows to view the articles as the display means
in Groves and to provide separating means in Groves to insure
positive separation of the articles from one another for
dispensing.

4.   Claims 9, 19 and 34 are rejected under 35 U.S.C. § 103 as
being unpatentable over Groves in view of Knee '935 as applied to

Serial No. 312,111                           -4-

Art Unit    311

claims 1-8, 10, 13, 14, 16-18, 22, 25-28, 37, 41, 42 and 49
above, and further in view of Awane et al.

Groves in view of Knee '935 fails to show the monetary
exchange means selected from currency detector and a credit card
reader and the specific means for receiving and accepting the
monetary exchange means.

Awane et al teaches providing a vending machine with means
for receiving and accepting currency having means to display the
amount of credit due the customer and reducing the amount due the
customer corresponding to the number of articles dispensed.

In view of the teachings of Awane et al, it would have
been obvious to one having to one having ordinary skill in the
art to provide the vending machine of Groves with means for
receiving and accepting a monetary exchange means having display
means to display the credit due a customer.

5.    Claim 20 is rejected under 35 U.S.C. § 103 as being
unpatentable over Groves in view of Knee '935 as applied to
claims 1-8, 10, 13, 14, 16-18, 22, 25-28, 37, 41, 42 and 49
above, and further in view of O'Neil et al.

Groves in view of Knee '935 fails to teach providing a bar
code on the articles and a bar code reader positioned to read the
bar code as they are dispensed.

O'Neil et al teaches providing in a vending machine a bar
code 102 on each article to be vended to provide information with

Serial No. 312,111                                  -5-

Art Unit   311

regard the article and a bar coded reader positioned within the
machine to read the bar code as the articles are vended.

It would have been obvious to one of ordinary skill in the
art to provide the Groves vending machine with bar codes on the
articles and bar code readers to provide information regarding
the articles as they are dispensed.

6.   Claims 21 and 35 are rejected under 35 U.S.C. § 103 as being
unpatentable over Groves in view of Knee '935 as applied to
claims 1-8, 10, 13, 14, 16-18, 22, 25-28, 37, 41, 42 and 49 above,
and further in view of Cedrone et al.

Groves in view of Knee' 935 fails to teach providing a
plurality of vending machines and communicating data regarding
operation to a central location.

Cedrone et al teaches providing a group of vending
machines and communicating data regarding operation of the
machine to a central location.

It would have been obvious to one of ordinary skill in the
art to provide plural machines of Groves-Knee '935 and
communicate data regarding their operation to a central location
in view of the teaching of Cedrone et al.

7.   Claims 11, 12, 15, 29-33, 38-40, 43-45 and 47 are objected
to as being dependent upon a rejected base claim, but would be
allowable if rewritten in independent form including all of the
limitations of the base claim and any intervening claims.

Serial No. 312,111                    -6-

Art Unit   311


7.    Any inquiry concerning this communication should be directed

to David Bollinger at telephone number (703) 308-1113.


David H. Bollinger   2/8/91
Patent Examiner
Art Unit 311

Bollinger:dds
January 22, 1991

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP--APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 312111 | GROUP ART UNIT 311 | ATTACHMENT TO PAPER NUMBER 3 |
|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) Burr | | |

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | | 1 8 1 3 9 3 5 | 7-1931 | Knee | 221 | 25 | — |
| B | | 3 0 4 7 3 4 7 | 7-1962 | Groves | 221 | 25 X | — |
| C | | 4 7 0 6 7 9 4 | 11-1987 | Awane et al | 221 | 2, X | — |
| D | | 4 7 6 6 5 4 8 | 8-1988 | Cedrone et al | 221 | 9, X | — |
| E | | 4 8 1 2 6 2 9 | 3-1989 | O'Neil et al | 221 | 13 X | — |
| F | | | | | | | |
| G | | | | | | | |
| H | | | | | | | |
| I | | | | | | | |
| J | | | | | | | |
| K | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | | |
| M | | | | | | | | | |
| N | | | | | | | | | |
| O | | | | | | | | | |
| P | | | | | | | | | |
| Q | | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| R | |
|---|---|
| S | |
| T | |
| U | |

| EXAMINER D. Bollinger | DATE 1/11/91 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

PATENT
3390-2030

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Applicant | : | Robert L. Burr et al. |
| Serial No. | : | 07/312,111 |
| Filed | : | February 17, 1989 |
| For | : | TICKET DISPENSING MACHINE AND METHOD |
| Group No. | : | 311 |

530 Fifth Avenue
New York, New York  10036
(212) 840-3333

June 24, 1991

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Commissioner of Patents and Trademarks
Washington, D.C.  20231, on June 24, 1991

Gregor H. Neff, Esq.
Name of Applicant, Assignee or Registered
Representative

Signature

June 24, 1991
Date of Signature

L E T T E R

Honorable Commissioner of Patents and Trademarks
Washington, D.C.  20231

FEE APPLIED under 37 CFR 1.136(a)
EXTENSION OF TIME GRANTED
TO 7-11-91

CLERK, GROUP 310

Dear Sir:

Enclosed is a  Petition to Extend and an extra claims

fee calculation sheet for the above-identified patent

application.  These documents were inadvertently omitted from the

package including the amendment mailed June 17, 1991.  Please

P. 30214  07/02/91. 07312111    03-3925  030 216    150.00CH.

place these items in the file and enter them with the amendment of that date.

Checks for the added claims fee and the extension fee accompanied the original amendment.

Also enclosed is a Supplemental Information Disclosure Statement, copies the cited references, and a PTO Form 1449 list of the references cited.  Please enter these items in this patent application.

Respectfully submitted,

Gregor N. Neff
Registration No. 20,596
Attorney for Applicant

c:\wp51\ltr/pto

CoP 311
#16

PATENT
3390-2030     2-9-91
7110K

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Anthony
2-9-91

Applicant  :  Robert L. Burr, et al.

Serial No.:  07/312,111

Filed      :  February 17, 1989

For        :  TICKET DISPENSING MACHINE AND METHOD

Art Unit   :  2311

RECEIVED
JUN 5 1991

530 Fifth Avenue
New York, New York 10036
(212) 840-3333

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231, on June 24, 1991

_____Gregor W. Neff_____
Name of Applicant, Assignee or Registered
Representative

_____[signature]_____
Signature

_____June 24, 1991_____
Date of Signature

Hon. Commissioner of Patents            June 24, 1991
   and Trademarks
Washington, D.C.  20231

              PETITION TO EXTEND UNDER 37 CFR 1.17(b)

     Sir:

          Under the provisions of 37 CFR 1.136(a), applicant

respectfully requests the Commissioner of Patents and Trademarks

for an extension of time to file the response due May 11, 1991, in

the above-identified application.

          The requested extension of time is two months, i.e. to

July 11, 1991, and applicant encloses herewith a check in the

amount of $150.00 in payment of the statutory fee therefor.  Please

charge any additional fees or credit any excess to our Deposit
Account No. 03-3925.

Respectfully submitted,

Gregor N. Neff
Registration No. 20,596
Curtis, Morris & Safford
Attorneys for Applicant
(212) 840-3333

Enclosures

GN3\3314-2010PET.620

Patent
3390-2030

#5
7-9-91

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant  :   Robert L. Burr, et al.

Serial No  :   07/312,111

Filed:     :   February 17, 1989

For        :   TICKET DISPENSING MACHINE AND METHOD

530 Fifth Avenue
New York, New York  10036
(212) 840-3333

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Commissioner of Patents and Trademarks
Washington, D.C. 20231, on June 24, 1991

Gregor N. Neff, Esq.
Name of Applicant, Assignee or Registered
Representative

Signature

June 24, 1991
Date of Signature

June 24, 1991

SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

Honorable Commissioner of Patents
 and Trademarks
Washington, D.C.  20231

Sir:

The following prior art references are hereby called to

the attention of the Examiner:

Fitzgerald, 2,865,699.  Fitzgerald shows a manually-

operated stamp vending machine which vends two different kinds of

stamps.  The relevant portion of the disclosure is Figures 1 and
2 of the drawings and column 2, lines 10 through 43.

Webb, 2,657,750 shows a ticket storage and dispensing
unit in which tickets are held against removal by manually-
releasable "sprags".  In particular, see Figure 3 of the drawings
and column 2, lines 3 through 33 and column 4, line 64 through
line 75; and column 5, lines 40 through 43.

Kostka et al, 4,140,259 shows a coin-operated vending
machine in which the ticket is driven forward by a reciprocating
mechanism which inserts a pin through a hole in the ticket strip
to drive the ticket forward.  The ticket is clamped and held by a
mechanism shown near reference numeral 108 in Figure 2.  In
particular, see Figures 1, 2 and 6. and column 3, line 50 to
column 4, line 61.

Arp et al., 3,935,978, shows a manually-operated ticket
dispenser.  The unit allows an agent to pull as many tickets as
desired from the machine.  A frictional mechanism shown in Figure
3 tends to hold the tickets in the machine.  See, in particular
Figures 2 and 5 and column 4, line 20 to column 5, line 10.

Wescoat, 4,094,451, shows a lottery ticket dispenser
which bends the ticket in reverse directions prior to cutting the
tickets free from the strip to dispense them.  See, in
particular, Figure 2 of the drawings and column 1, line 55
through column 2, line 24.

Horniak, 4,272,001, shows a ticket dispenser in which
pulling on the tickets when the power to the dispensing unit is
turned off causes the tickets to be gripped more firmly to hinder

them from being pulled out.  In particular, see the abstract in Figure 3 of the drawings.

Herring, 4,157,670, shows a ticket vending device in which a ticket is bent over before being cut free from the remaining tickets by means of a cutting blade.  In particular, see the abstract, Figure 2 of the drawings, and column 4, lines 30-68 and column 6, lines 5-27.

It is respectfully requested that the enclosed references be made of record in the above-identified patent application.

Respectfully submitted,

Gregor N. Neff
Registration No. 20,596
Curtis, Morris & Safford, P.C.
Attorneys for Applicants
530 Fifth Avenue
New York, New York  10036
(212) 840-3333

Enclosures

C:\WP51\FORMLTR

Patent

*part of*
*#5*
Sheet 1 of __1__

| Based on Form PTO-1449 (3/90) | ATTY. DOCKET NO. 3390-2030 | SERIAL NO. 07/312,111 |
|---|---|---|
| LIST OF REFERENCES CITED BY APPLICANT (See several sheets if necessary) | APPLICANT Robert L. Burr, et al. | |
| | FILING DATE February 17, 1989 | GROUP 311 |

U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE C/IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| DHB | AA | 2,865,699 | December 20, 1954 | W.B. Fitzgerald | | | |
| DHB | AB | 2,657,750 | November 3, 1953 | C.F. Webb | | | |
| DHB | AC | 4,140,259 | February 20, 1979 | Kostka et al. | | | |
| DHB | AD | 3,935,978 | February 3, 1976 | Arp et al. | | | |
| DHB | AE | 4,094,451 | June 13, 1978 | Wescoat | | | |
| DHB | AF | 4,272,001 | June 9, 1981 | Horniak | | | |
| DHB | AG | 4,157,670 | June 12, 1979 | Herring | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

OTHER PRIOR ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | AR | |
| | AS | |
| | AT | |

D. Bollinger        9/13/91

OP 311

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:    Robert L. Burr et al.

Serial No.:    07/312,111

Filed:    February 17, 1989

For:    TICKET DISPENSING MACHINE AND METHOD

AMENDMENT

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

RECEIVED
89 JUL -5 PM 3 04
GROUP 310

Transmitted herewith is an amendment in the above-identified application.

_____    No additional fee is required.

__X__    The fee has been calculated as shown below.

__X__    This is an application of a small entity under 37 CFR 1.9(f), and the amounts shown in
parentheses apply.

CLAIMS AS AMENDED

| (1) | (2) Claims remaining after amendment | (3) | (4) Highest number previously paid for | | (5) Present extra | | (6) Rate | | (7) Add'l fee |
|---|---|---|---|---|---|---|---|---|---|
| Total Claims | *49 | minus | 49 | = | 0 | X | $20(10) | = | 0 |
| Independent Claims | *12 | minus | 5 | = | 7 | X | $60(30) | = | 210.00 |
| | | | | | | | | | 0 |
| | | | | | Total additional fee for this amendment | | | | 210.00 |

*    If the entry in Column 2 is less than the entry in Column 4, write "0" in Column 5.

**    If the highest number of total claims previously paid for is less than 20, write "20" in this space.
***   If the highest number of independent claims previously paid for is less than 3, write "3" in this space.

_____  This application contains a multiple dependent claim. The required fee of $200(100) has been
previously paid ___, or is paid herewith ___.

__X__  This response is being filed within the ___ first month, _X_ second month, ___ third month, ___ fourth
month following the expiration of the term originally set therefor, and the fee of ___ $100 (50),
$300 (150), _X_ $730 (365), ___ $1150 (575) for the requisite extension is due and ___ paid herewith.

__X__  Check in the amount of $150.00 and $210.00 are attached.

_____  Charge $_____ to Deposit Account No. 03-3925.

__X__  Please charge any additional fees incurred by reason of this response or credit any overpayment
to Deposit Account No. 03-3925. A duplicate copy of this sheet is enclosed.

CURTIS, MORRIS & SAFFORD, P.C.
Attorneys for Applicant(s)

By  Gregor N. Neff
Reg. No. 20,596
(212) 840-3333

#6

IN THE SPECIFICATION:

Page 1, line 6, after "Fulton", insert --now U.S. Patent No. 4,982,337--;

Page 2, line 8, change "are" to --is--;

IN THE CLAIMS:

Rewrite Claims 1, 3, 6, 10, 11, 16, 23-25, 29, 32, 38, 41, 43, and 45-47 as follows:

1. (Amended)  A ticket dispensing machine, comprising, in combination, a housing, at least one window in said housing through which tickets inside said housing can be seen but not touched by a person outside said housing, a dispensing outlet in said housing, [moving] electrically powered means for moving a continuous strip [an array] of tickets past said window, and [means] for dispensing through said outlet a pre-determined number of said tickets to an operator of said machine, and protective means for deterring the operator of the machine from withdrawing from said machine more than said pre-determined number of tickets.

3. (Amended)  A machine as in Claim [5] 1 [in which said tickets are attached together in a continuous strip when they move past said window, and] including separating means for separating said tickets from one another before they are dispensed.

6. ((Amended).  A machine as in Claim 1 in which said [tickets are instant winner lottery tickets.] dispensing outlet

2

is accessible to an operator in a position to see the tickets

behind said window.

10. (Amended)  A machine as in Claim 1 in which said

[dispensing] dispensing means includes means for barring a person

from grasping any ticket before it is dispensed through said

outlet.

11. (Amended)  [A machine as in Claim 1] A ticket

dispensing machine, comprising, in combination, a housing, at

least one window in said housing through which tickets inside

said housing can be seen but not touched by a person outside said

housing, a dispensing outlet in said housing, moving means for

moving an array of tickets past said window, and means for

dispensing through said outlet a pre-determined number of tickets

to an operator of said machine including bar-code reading means

mounted adjacent the path of travel by said tickets for reading a

bar code from said tickets and transmitting to central computer

means the information so read.

16.   (Amended)  A ticket vending method, said method

comprising the steps of:

(a)  utilizing electrically powered drive means for

moving [an array] a strip of mutually-attached tickets past a

viewing window in a housing in a manner such that the tickets can

be seen from outside said housing, and

(b)  issuing from said housing [the] a pre-determined

number of tickets from said array which are ordered by an

3

operator, and operating means for deterring said operator from
withdrawing more than said number of tickets.

23.  (Amended)  A lottery ticket vending machine
comprising, in combination, a housing display means comprising at
least one window in a wall of said housing for displaying an
array of lottery ticket representations viewable from outside of
said housing by a customer, said array representing tickets in
said machine available for purchase, acceptor means for receiving
and accepting a means of monetary exchange, [and] means for
dispensing said tickets in a number corresponding to the amount
of money input into said machine by said customer while moving
said array past said window, and limiting means for limiting the
number of tickets said customer receives from said machine to
said number.

24.  (Amended)  A machine as in Claim 23 in which said
display means comprises a plurality of windows, each being [is]
adapted for displaying one of a plurality of arrays of said
tickets, and [including] includes means for selecting from among
said arrays one array from which tickets are dispensed.

25.  (Amended)  A machine as in Claim 23 in which [said
display means comprises at least one transparent enclosure _
through which say array can be seen but not touched by said
customer, and means for moving said array in said enclosure
during the dispensing of said tickets.] said dispensing means
includes a dispensing outlet in said one wall of said housing.

4

13, 25.  (Amended)  [A machine as in Claim 26] A lottery ticket vending machine comprising, in combination, a housing, display means for displaying an array of lottery ticket representations viewable from outside of said housing by a customer, said array representing tickets in said machine available for purchase, acceptor means for receiving and accepting a means of monetary exchange, and means for dispensing said tickets in a number corresponding to the amount of money input into said machine by said customer, in which said display means comprises at least one transparent window through which said array can be seen but not touched by said customer, and means for moving said array in said enclosure during the dispensing of said tickets, said tickets being formed in a continuous strip with individual tickets delineated from their neighbors by perforations ,storage means in said housing for storing a supply of said tickets, feed means for feeding said strip past said window, separator means for receiving said strip, and after passing by said window and separating said tickets from one another, said dispensing means being adapted to dispense one or more tickets separated from said strip including sliding support means for mounting said storage, feed, separator and dispensing means in said housing, said housing having a removable panel and said support means being slidable out of said housing for ease of reloading and service.

17 32.  (Amended)  [A machine as in Claim 25] A lottery ticket vending machine comprising, in combination, a housing,

5

display means for displaying an array of lottery ticket
representations viewable from outside of said housing by a
customer, ~~say~~ *said* array representing tickets in said machine
available for purchase, acceptor means for receiving and
accepting a means of monetary exchange, and means for dispensing
said tickets in a number corresponding to the amount of money
input into said machine by said customer, in which said display
means comprises at least one transparent enclosure through which
said array can be seen but not touched by said customer, and
means for moving said array in said enclosure during the
dispensing of said tickets, including a lamp for illuminating
said array.

18 ~~38~~. (Amended) [A machine as in Claim 23] A lottery
ticket vending machine comprising, in combination, a housing,
display means for displaying an array of lottery ticket
representations viewable from outside of said housing by a
customer, say array representing tickets in said machine
available for purchase, acceptor means for receiving and
accepting a means of monetary exchange, and means for dispensing
said tickets in a number corresponding to the amount of money
input into said machine by said customer, in which said display
means comprises video display means for displaying a plurality of
arrays of ticket images on a video screen.

41. (Amended)  A ticket dispensing machine, said
machine comprising, in combination,  housing, at least one window
in sid housing through which tickets inside said housing can be

6

4/1

seen but not touched by a person outside said housing, a dispensing outlet in said housing, moving means for moving an array of tickets past said window, means for dispensing through said outlet a pre-determined number of tickets to an operator of said machine, said tickets being formed in a continuous strip with individual tickets delineated from their neighbors by perforations, storage means in said housing for storing a supply of said tickets, separator means for receiving said strip after passing by said window and separating said tickets from one another, said dispensing means being adapted to dispense one or more tickets separated from said strip[.] , said housing having a restricted outlet opening, said outlet opening being positioned so that a ticket does not emerge therefrom until after it has been separated from said strip, whereby the strip of tickets is not easy to each and pull out of the machine, including a ticket receptacle adjacent said outlet opening, said receptacle having bifurcated means for holding a dispensing ticket, with a space for the insertion of fingers to easily grasp the tickets.

43. (Amended) [A machine as in Claim 41] A ticket dispensing machine, said machine comprising, in combination, a housing, at least one window in said housing through which tickets inside said housing can be seen but not touched by a person outside said housing, a dispensing outlet in said housing, moving means for moving an array of tickets past said window, means for dispensing through said outlet a pre-determined number of tickets to an operator of said machine, said tickets being

7

formed in a continuous strip with individual tickets delineated
from their neighbors by perforations, storage means in said
housing for storing a supply of said tickets, separator means for
receiving said strip after passing by said window and separating
said tickets from one another, said dispensing means being
adapted to dispense one or more tickets separated from said
strip, including sliding support means for mounting said storage,
feed, separator and dispensing means in said housing, said
housing having a removable panel and said support means being
slidable out of said housing for ease of reloading and service.

23 45. (Amended). [A machine as in Claim 41] A ticket
dispensing machine, said machine comprising, in combination,
housing, at least one window in said housing through which
tickets inside said housing can be seen but not touched by a
person outside said housing, a dispensing outlet in said housing,
moving means for moving an array of tickets past said window,
means for dispensing through said outlet a pre-determined number
of tickets to an operator of said machine, said tickets being
formed in a continuous strip with individual tickets delineated
from their neighbors by perforations, storage means in said
housing for storing a supply of said tickets, separator means for
receiving said strip after passing by said window and separating
said tickets from one another, said dispensing means being
adapted to dispense one or more tickets separated from said
strip, said housing having a front panel, said window comprising
a bezel in said front panel, a transparent covering for the front

8

of said bezel, and the back of said bezel being open, and guide
means for guiding said strip along said back of said bezel.

46.  (Amended)  A method of dispensing tickets from a
machine said method comprising the steps of:

(a)  displaying a plurality of arrays of ticket
representations, <u>each being visible through a window in said
machine,</u> each of said arrays representing tickets available for
dispensing from said machine,

(b)  selecting tickets from one of said arrays,

(c)  dispensing a selected number of said tickets,
[and] <u>while preventing the remaining tickets from being withdrawn
from said machine; and</u>

(d)  causing the selected array to move to <u>past said
window to indicate the dispensing of tickets therefrom.</u>



24. (Amended).  [A method as in Claim 46]  <u>A method of
dispensing tickets from a machine said method comprising the
steps of:</u>

<u>(a)  displaying a plurality of arrays of ticket
representations, each of said arrays representing tickets
available for dispensing from said machine,</u>

<u>(b)  selecting tickets from one of said arrays,</u>

<u>(c)  dispensing a selected number of said tickets, and</u>

<u>(d)  causing the selected array to move to indicate the
dispensing of tickets therefrom</u>[.] <u>,</u> in which said ticket
representations comprise video images of said tickets displayed
on a video screen.

## REMARKS

The specification has been amended to insert the number of the patent granted on the patent application mentioned on pages 1 and 10 of the application, and to correct certain other minor errors. The claims have been amended to place them in better form for allowance.

Before proceeding with the discussion of the patentability of the claims, applicant would like to take this opportunity to call to the Examiner's attention certain prior art references. A copy of each reference and a form PTO 1449 is enclosed listing each of the references.

The first of the enclosed references is the U.S. Patent No. 4,982,337 which is mentioned in the specification on pages 1 and 10. This patent has the relevance mentioned in the specification on pages 1 and 10.

Other references are Schafer 4,858,806; Tigner 4,738,384; and a copy of page 10 of "Public Gaming International" magazine of November, 1988 showing ticket dispensers sold by a company called "Take-A-Ticket-Inc." of Albany, Oregon. It is believed that the dispensers shown in the latter advertisement are similar to those shown in the enclosed Tigner patent 4,738,384.

Each of the above three references shows a instant winner lottery ticket dispenser which is intended to be attended by an agent. Each is designed to dispense tickets from the rear of the unit while the customer faces the unit from the opposite

10

end.  For example, as it is shown in Fig. 6 of the Schafer reference, tickets are issued from slots at 56 and 58 in the rear of the dispensing unit, whereas the customer would view the tickets through the window on the opposite side of the unit.

The devices shown in the three last-named references are not suitable for use as unattended ticket vending devices. They significantly differ from the present invention, in that, if the dispenser device is not attended, a customer would be free to withdraw as many tickets as he or she desired without paying for them.

Applicant's invention provides a stand-alone ticket vending machine in which the customer is deterred from withdrawing more tickets than he or she has paid for.

In particular, the present invention provides a stand-alone unattended ticket vending machine in which a representations of the tickets move past a window during dispensing so that the customer can see the tickets moving while they are being dispensed.  This adds interest and excitement, and increases ticket sales.  Moreover, the customer can see the tickets themselves clearly before purchase and read relevant information from the tickets themselves, such as the amount to be won (for lottery tickets, etc.), the conditions of the game being played, the cost of each ticket, etc.

Preferably, the tickets are also issued from the same side of the machine as the one in front of which the customer stands, as it is recited in some of the claims below.

11

In a preferred embodiment of the invention, multiple windows are provided in a single unit, and a plurality of different tickets for different lottery games is provided. The customer has a choice of different games he or she can play, thus adding further interest and excitement to the playing process, and further increasing ticket sales.

In the sale of tickets, the movement of the tickets past the window has a special, synergistic effect in that it arouses the interest and purchasing proclivity of the customer, and also gives assurance of the reliable dispensing of lottery tickets.

The Examiner has indicated that claims 11, 12, 29 through 33, 38 through 40, 43 through 45 and 47 would be allowable if rewritten in independent form. Those claims have now been rewritten in independent form, incorporating the limitations of all the preceding claims, in the manner requested by the Examiner, and are therefore believed to be allowable. Their allowance is respectfully requested.

The rejection of claims 23, 24, 36, 46 and 48 as being unpatentable over Groves is respectfully traversed. Each of those claims now calls for a window through which the tickets are displayed and past which the tickets are moved. Therefore, for the reasons given above, and those to be given below. these claims are allowable.

12

The rejection of claims 1 through 8, 10, 13, 14, 16 - 18, 22, 25 - 28, 37, 41, 42 and 49 over Groves in view of Knee is respectfully traversed.

These claims not only call for a ticket dispensing machine and, in some claims, a lottery ticket vending machine, with one or more windows, but they also recite the provision of means or a method step to deter the operator from withdrawing from the machine more tickets than he or she has paid for. This is a necessary feature for stand-alone vending machines which is not found in the ticket vending machines of the cited prior art.

Grove does not show a ticket vending machine. Grove merely shows a machine for dispensing a variety of bulky articles from a strip of packages attached together in a string. The solutions to problems in vending bulky articles such as those are not the same as those in dispensing tickets, and particularly, lottery tickets.

Tickets, and particularly lottery tickets, are smooth, flat and sometimes slippery and difficult to feed or to hold against unauthorized withdrawal. These problems are not found with separate packages of bulk goods such as cigarettes, nails, etc. Such items are relatively easy to hold in the machine to prevent them from being withdrawn without proper payment. Such is not the case for tickets. Unless precautions are taken, a customer can simply grasp the end of a ticket string, pull on it and withdraw far more tickets than he or she has paid for.

13

The Knee reference merely shows a hand-operated peanut dispensing machine. As far as can be seen it is not a vending machine, in that it has no money receiving capabilities. Moreover, it is not electrically powered and a large crank handle must be operated once for every item dispensed. This creates complexities which would make the machine very expensive to build today. Furthermore, the machine would be subject to great wear and tear, and to the destructive capabilities of disgruntled customers. The Knee machine also would be very slow in operation, thus eliminating one of the desired advantages of the ticket vending machine, namely, high-speed dispensing.

Moreover, since the string of peanut bags is not motor-driven, one gets no fascination from the movement of a stream of items past the window similar to that which one gets when viewing tickets such as lottery tickets moving past a window under the force of an automatic electric-powered driving mechanism.

In short, neither of the references here under discussion deals with the problems dealt with by the present invention and neither provides the unique solution to those problems.

The rejection of claims 9, 19 and 34 as being unpatentable over Groves in view of Knee and further in view of Awane also is respectfully traversed. These claims are dependent from and allowable with the claims from which they depend. The concept of providing monetary means of exchange receiving equipment is not, by itself, new. However, in combination with

14

the other features of the invention as claimed in the parent claims discussed above, these claims are patentable.

The rejection of Claim 20 as being unpatentable over Groves, Knee and O'Neil also is respectfully traversed. Claim 20 depends from Claim 16, which has been amended in the manner indicated above. Inclusion on the tickets of bar-coded information selected from the specific groups of information specified in Claim 20 certainly is not anticipated or suggested by O'Neil. This information is specific to the ticket vending system and method under discussion, and is not suggested by any one reference or a combination of those references.

Rejections of Claims 21 and 35 over Groves, Knee and Cedrone also is respectfully traversed. The Cedrone reference is directed to a problem which is different from that of the present invention. Cedrone does not teach the method and system recited in Claims 21 and 35 in that Cedrone does not relate to ticket vending machines and does not relate to the specific problems found in ticket vending machines and methods. For example, Claim 21 recites the step of providing a plurality of ticket vending machines in a particular location and selecting one of the machines to be a master and the other to be slaves and communicating data regarding the operation of the master and slave units through the master unit. As applied to ticket vending machines, this saves considerably on the cost of alternate communications systems, avoids the necessity for manual

15

servicing at frequent intervals, and provides major maintenance cost advantages.

Apparatus Claim 35 has the same advantages and is patentable over the references for the same reasons as Claim 21.

In view of the foregoing, the claims have been distinguished from the cited references and are believed to be allowable.

Therefore, it is respectfully requested that the application be allowed and passed to issue.

Respectfully submitted,

Gregor N. Neff
Registration No. 20,596
Attorney for Applicant
530 Fifth Avenue
Curtis, Morris & Safford, P.C.
New York, New York  10036
(212) 840-3333

c:\wp51\bam\amen.3390

16

*part bf #6*

Sheet 1 of ___1___

MAIL ROOM
78    JUN
24
1991
Based on Form PTO-1449
(9/05)
TRADEMARK

**LIST OF REFERENCES CITED BY APPLICANT**
(Use several sheets if necessary)

| ATTY. DOCKET NO.<br>3390-2030 | | SERIAL NO.<br>07/312,111 |
|---|---|---|
| APPLICANT<br>Robert L. Burr, et al. | | |
| FILING DATE<br>February 17, 1989 | GROUP 311 | |

## U.S. PATENT DOCUMENTS

| EXAMINER<br>INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE<br>IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| D#B | AA | 4,738,384 | April 19, 1988 | Tigner | — | — | — |
| D#B | AB | 4,858,806 | August 22, 1989 | Schafer | — | — | — |
| D#B | AC | 4,982,337 | January 1, 1991 | Burr et al. | — | — | — |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

## OTHER PRIOR ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | AR | Public Gaming International magazine, dated November, 1989, page 10 |
| | AS | |
| | AT | |

| EXAMINER<br>D. Bollinger | DATE CONSIDERED<br>9/13/91 |
|---|---|



# HIGH QUALITY INSTANT TICKET DISPENSERS

OUR DISPENSERS ARE USED BY 15 U.S. LOTTERIES AND RETAIL AGENTS IN ALL U.S. LOTTERY JURISDICTIONS

# TAKE-A-TICKET, INC.

1035 NORTH ALBANY ROAD    •    ALBANY, OREGON 97321    •    (503) 967-0433

10

31 X Bollinger

311 #7 8·29·91

PATENT
3390-2030

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant          :     Robert L. Burr et al.

Serial No.         :     07/312,111

Filed              :     February 17, 1989

For                :     TICKET DISPENSING MACHINE AND METHOD

Group No.          :     311

                                    530 Fifth Avenue
                                    New York, New York  10036
                                    (212) 840-3333

                                    August 21, 1991

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Commissioner of Patents and Trademarks
Washington, D.C.  20231, on August 21, 1991

_Gregor N. Neff, Esq._
Name of Applicant, Assignee or Registered
Representative

_Gregor Neff_ (signature)
Signature
August 21, 1991
Date of Signature

                    FILING OF FORMAL DRAWINGS

Honorable Commissioner of Patents and Trademarks
Washington, D.C.  20231

Dear Sir:

        Enclosed herewith are six (6) sheets of formal drawings

to be made of record in the above-identified patent application.

                    Respectfully submitted,

                    _Gregor Neff_ (signature)

                    Gregor N. Neff
                    Registration No. 20,596
                    Attorney for Applicant

311
10/ligh



F I G. 1



F I G. 2



FIG. 5

FIG. 6

FIG. 3



# F I G. 4



F I G. 7



F I G.8

F I G.9

F I G.10

UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**

Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
           Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/312,111 | 02/17/89 | BURR | R    33902030 |

| EXAMINER |
|---|
| BOLLINGER, D |

GREGOR N. NEFF
C/O CURTIS, MORRIS & SAFFORD
530 FIFTH AVENUE
NEW YORK, NY 10036

| ART UNIT | PAPER NUMBER |
|---|---|
| 311 | 8 |

DATE MAILED:    10/11/91

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined   ☒ Responsive to communication filed on _27 June 1991_   ☒ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☒ Notice re Patent Drawing, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims _1 – 49_ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☒ Claims _11, 12, 29 – 32, 38 – 45 and 47_ are allowed.

4. ☒ Claims _1 – 10, 13, 14, 16 – 28, 34 – 37, 46, 48 and 49_ are rejected.

5. ☒ Claims _15 and 33_ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☒ The corrected or substitute drawings have been received on _26 Aug, 1991_. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☒ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

Serial No. 312111                              -2-

Art Unit   311

1.   Claims 1-10 are rejected under 35 U.S.C. § 112, second

paragraph, as being indefinite for failing to particularly point

out and distinctly claim the subject matter which applicant

regards as the invention.

     In claim 1 lines 5-8, it is not clearly understood whether

there is a single means for moving the strip of tickets and

dispensing them or if there are means for moving the strip and

means for dispensing the tickets.  It would appear to be more

accurate and clear to recite separate means for these functions

since that is what is disclosed.

2.   The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

       A patent may not be obtained though the invention is not
       identically disclosed or described as set forth in section
       102 of this title, if the differences between the subject
       matter sought to be patented and the prior art are such that
       the subject matter as a whole would have been obvious at the
       time the invention was made to a person having ordinary
       skill in the art to which said subject matter pertains.
       Patentability shall not be negatived by the manner in which
       the invention was made.

       Subject matter developed by another person, which qualifies
       as prior art only under subsection (f) or (g) of section 102
       of this title, shall not preclude patentability under this
       section where the subject matter and the claimed invention
       were, at the time the invention was made, owned by the same
       person or subject to an obligation of assignment to the same
       person.

3.   This application currently names joint inventors.  In
considering patentability of the claims under 35 U.S.C. § 103,
the examiner presumes that the subject matter of the various
claims was commonly owned at the time any inventions covered
therein were made absent any evidence to the contrary.  Applicant
is advised of the obligation under 37 C.F.R. § 1.56 to point out

Serial No. 312111                                    -3-

Art Unit    311


the inventor and invention dates of each claim that was not
commonly owned at the time a later invention was made in order
for the examiner to consider the applicability of potential 35
U.S.C. § 102(f) or (g) prior art under 35 U.S.C. § 103.

4.    Claims 23-28, 36, 37, 46 and 48 are rejected under 35 U.S.C.
§ 103 as being unpatentable over Groves.

     Groves teaches a article vending machine comprising:  a
housing 20; display means (unnumbered) for display of the types
of articles available; means 50 for receiving and accepting a
means of monetary exchange; and means for dispensing the articles
in a number corresponding to the amount of money input to the
machine.  Further, the arrays of articles in Groves comprise a
web of articles separated at intervals by lines of perforations
and that such articles may be a variety of articles.

     Groves fails to teach the articles being lottery tickets
and providing the machine with a message display advertising the
articles.

     The specific articles being lottery tickets in considered
an obvious matter of choice and the provision of advertising
displays on a vending machine is notoriously well known in the
art.

5.    Claims 1-8, 10, 13, 14, 16-18, 22 and 49 are rejected under
35 U.S.C. § 103 as being unpatentable over Groves as applied to
claims 23-28, 36, 37, 46 and 48 above, and further in view of
Knee '935.

     Groves fails to teach the display means being windows past

Serial No. 312111                            -4-

Art Unit    311

which the articles are transported to be viewed while dispensing.
Groves further fails to teach separating means for separating the
articles from one another.

Knee '935 teaches display means comprising a window
allowing for viewing of the articles and their movement for
dispensing.  Knee '935 also teaches providing separating means
comprising bursting means 51, 54, 65 to insure positive
separation of articles from one another.

It would have been obvious to one of ordinary skill in the
art to employ windows to view the articles as the display means
in Groves and to provide separating means in Groves to insure
positive separation of the articles from one another for
dispensing.

6.    Claims 9 and 19 are rejected under 35 U.S.C. § 103 as being
unpatentable over Groves in view of Knee '935 as applied to
claims 1-8, 10, 13, 14, 16-18, 22 and 49 above, and further in
view of Awane et al.

Groves in view of Knee '935 fails to show the monetary
exchange means selected from currency detector and a credit card
reader and the specific means for receiving and accepting the
monetary exchange means.

Awane et al teaches providing a vending machine with means
for receiving and accepting currency having means to display the
amount of credit due the customer and reducing the amount due the

Serial No. 312111                                    -5-

Art Unit    311

customer corresponding to the number of articles dispensed.

In view of the teachings of Awane et al, it would have been obvious to one having to one having ordinary skill in the art to provide the vending machine of Groves with means for receiving and accepting a monetary exchange means having display means to display the credit due a customer.

7.    Claim 20 is rejected under 35 U.S.C. § 103 as being unpatentable over Groves in view of Knee '935 as applied to claims 1-8, 10, 13, 14, 16-18, 22 and 49 above, and further in view of O'Neil et al.

Groves in view of Knee '935 fails to teach providing a bar code on the articles and a bar code reader positioned to read the bar code as they are dispensed.

O'Neil et al teaches providing in a vending machine a bar code 102 on each article to be vended to provide information with regard to the article and a bar coded reader positioned within the machine to read the bar code as the articles are vended.

It would have been obvious to one of ordinary skill in the art to provide the Groves vending machine with bar codes on the articles and bar code readers to provide information regarding the articles as they are dispensed.

8.    Claim 21 is rejected under 35 U.S.C. § 103 as being unpatentable over Groves in view of Knee '935 as applied to claims 1-8, 10, 13, 14, 16-18, 22 and 49 above, and further in

Serial No. 312111                                    -6-
Art Unit    311

view of Cedrone et al.

　　　Groves in view of Knee '935 fails to teach providing a
plurality of vending machines and communicating data regarding
operation to a central location.

　　　Cedrone et al teaches providing a group of vending
machines and communicating data regarding operation of the
machine to a central location.

　　　It would have been obvious to one of ordinary skill in the
art to provide plural machines of Groves-Knee '935 and
communicate data regarding their operation to a central location
in view of the teaching of Cedrone et al.

9.    Claim 34 is rejected under 35 U.S.C. § 103 as being
unpatentable over Groves as applied to claims 23-28, 36, 37, 46
and 48 above, and further in view of Awane et al.

　　　Awane et al as applied above in paragraph 8.

10.    Claim 35 is rejected under 35 U.S.C. § 103 as being
unpatentable over Groves as applied to claims 23-28, 36, 37, 46
and 48 above, and further in view of Cedrone et al.      —

　　　Cedrone et al as applied above in paragraph 8.

11.    Claims 15 and 33 are objected to as being dependent upon a
rejected base claim, but would be allowable if rewritten in
independent form including all of the limitations of the base
claim and any intervening claims.

12.    Claims 11, 12, 29-32, 38-45 and 47 are allowable over the

Serial No. 312111                                    -7-

Art Unit    311

prior art of record.

13.  Applicant's arguments filed 27 June 1991 have been fully

considered but they are not deemed to be persuasive.

14.  Applicant's amendment necessitated the new grounds of

rejection.  Accordingly, THIS ACTION IS MADE FINAL.  See M.P.E.P.

§ 706.07(a).  Applicant is reminded of the extension of time

policy as set forth in 37 C.F.R. § 1.136(a).


     A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION.

15.  Any inquiry concerning this communication should be directed

to David Bollinger at telephone number (703) 308-1113.


/DAVID H. BOLLINGER 10/11/91
PRIMARY EXAMINER
GROUP 310

Bollinger:np
September 16, 1991
October 08, 1991

PTO FORM 948
(REV. 5-90)

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

ATTACHMENT TO PAPER NUMBER

*8*

APPLICATION NUMBER

*312111*

# NOTICE OF DRAFTSMAN'S PATENT DRAWING REVIEW

THE PTO DRAFTSMEN REVIEW ALL ORIGINALLY FILED DRAWINGS REGARDLESS
OF WHETHER THEY WERE DESIGNATED AS INFORMAL OR FORMAL.

The drawings filed *8/26/91*

A. ☐ are approved.

B. ☑ are objected to under 37 CFR 1.84 for the reason(s) checked below. The examiner will require submission of new, corrected drawings at the appropriate time. Corrected drawings must be submitted according to the instructions listed on the back of this Notice.

1. Paper and ink. 37 CFR 1.84(a) *copier marks*
   ☑ Sheet(s) *Figs 2,3,4,7* Poor.

2. Size of Sheet and Margins. 37 CFR 1.84(b)
   Acceptable Paper Sizes and Margins

   | Margin | Paper Size | | |
   |---|---|---|---|
   | | 8 1/2 by 14 inches | 8 1/2 by 13 inches | DIN size A4 21 by 29.7 cm. |
   | Top | 2 inches | 1 inch | 2.5 cm. |
   | Left | 1/4 inch | 1/4 inch | 2.5 cm. |
   | Right | 1/4 inch | 1/4 inch | 1.5 cm. |
   | Bottom | 1/4 inch | 1/4 inch | 1.0 cm. |

   ☐ Proper Size Paper Required.
   All Sheets Must be Same Size.
   Sheet(s) _____

   ☐ Proper Margins Required.
   Sheet(s) _____

   ☐ TOP    ☐ RIGHT
   ☐ LEFT   ☐ BOTTOM

3. Character of Lines. 37 CFR 1.84(c)

   ☐ Lines Pale or Rough and Blurred.
   Fig(s)_____

   ☐ Solid Black Shading Not Allowed.
   Fig(s)_____

4. Hatching and Shading. 37 CFR 1.84(d)

   ☐ Shade Lines are Required.
   Fig(s) _____

   ☐ Criss-Cross Hatching Not Allowed.
   Fig(s) _____

   ☐ Double Line Hatching Not Allowed.
   Fig(s) _____

   ☐ Parts in Section Must be Hatched.
   Fig(s) _____

5. Reference Characters. 37 CFR 1.84(f)

   ☐ Reference Characters Poor or Incorrectly Sized.
   Fig(s) _____

   ☐ Reference Characters Placed Incorrectly.
   Fig(s) _____

6. Views. 37 CFR 1.84(i) & (j)

   ☐ Figures Must be Numbered Properly.

   _____

   ☐ Figures Must Not be Connected.
   Fig(s) _____

7. ☐ Photographs Not Approved.

   _____

8. ☐ Other.

Telephone inquires concerning this review should be directed to the Chief Draftsman at telephone number (703) 557-6404.

_____
Reviewing Draftsman

*8/30/91*
Date

$5 = \frac{50}{215}$          $311$

PATENT
3390-2030

#9
Ext. of
Time
(1 mo)
3-2-92

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant         :   Robert L. Burr, et al

Serial No.        :   07/312,111

Filed             :   February 17, 1989

For               :   TICKET DISPENSER MACHINE AND METHOD

Group Art Unit    :   311

Examiner          :   D. Bollinger

                                    530 Fifth Avenue
                                    New York, New York   10016

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231, on February 11, 1992

          Gregor N. Neff
Name of Applicant, Assignee or Registered
            Representative

          _Gregor Neff_
            Signature

        Date of Signature

REQUEST FOR EXTENSION OF TIME UNDER 37 C.F.R. 1.17(a)
                 FOR SMALL ENTITY

Hon. commissioner of Patents
 and Trademarks
Washington, D.C.   20231

Sir:

        Transmitted herewith is a Notice of Appeal in the

above-identified application.  The Notice of Appeal is being

filed within the first month and it is thereby requested that the

term be extended accordingly.  The fee of $55.00 for the request

of one month extension of time is paid herewith.

080 KJ 02/28/92 07312111              1 215      55.00 CK

CLERK, GROUP 310

EXTENSION OF TIME GRANTED

FEE APPLIED under 37 CFR 1.136(a)

Please charge any additional fees incurred by reason of this response, or credit any over-payment, to Deposit Account No. 03-3925.

Respectfully submitted,

By _____
Gregor N. Neff
Registration No. 20,596
Attorney for Applicant
530 Fifth Avenue
New York, New York 10016
(212) 840-3333

130.00
19

3|1

PATENT
3390-2030

#10
3-25 92

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant          :    Robert L. Burr, et al.

Serial No.         :    07/312,111

Filed              :    February 17, 1989

For                :    TICKET DISPENSER MACHINE AND METHOD

Group Art Unit     :    311

Examiner           :    D. Bollinger

                                    530 Fifth Avenue
                                    New York, New York   10016

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231, on February 11, 1992

Gregor W. Neff
Name of Applicant, Assignee or Registered
Representative

_____
Signature

_____
Date of Signature

NOTICE OF APPEAL

Hon. commissioner of Patents
  and Trademarks
Washington, D.C.   20231

    Sir:

        Applicant hereby appeals to the Board of Patent Appeals

and Interferences from the decision of the Primary Examiner dated

October 11, 1991.

        Claims 11, 12, 29-32, 38-45 and 47 stand allowed.

    Applicant appeals from the rejection of Claims 1-10, 13-28, 33-

37, 46, 48 and 49.

080 KJ 02/28/92 07312111              1 219      130.00 CK

A check is enclosed to cover the $130.00 small entity appeal fee required by 37 C.F.R. §1.17(e).

A petition for a one month extension of time and a check of $55.00 for the applicable extension fee also is enclosed.

Please charge any additional fees or credit any overpayment for this application to Deposit Account No. 03-3925.

Respectfully submitted,

CURTIS, MORRIS & SAFFORD, P.C.

By _____
Gregor N. Neff, Esq.
Registration No. 20,596
(212) 840-3333

# $405.00 - 217 - Pp 3/1

MAIL ROOM
JUL 10 1992
PAT. & TRADEMARK

RECEIVED

1992 JUL 23 PM 1:06

3390-2030
7/10/92

Reg for
time
DLWhite
7/8 7/92

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicants | : | Robert L. Burr, et al. |
| Serial No. | : | 07/312,111 |
| Filed | : | February 17, 1989 |
| For | : | TICKET DISPENSER MACHINE AND METHOD |
| Examiner | : | D. Bollinger |
| Art Unit | : | 311 |

#))

530 Fifth Avenue
New York, New York 10036
(212) 840-3333

**EXPRESS MAIL**

Mailing Label Number  RB823828192US
Date of Deposit _____ July 10, 1992
I hereby certify that this paper or fee is being
deposited with the United States Postal Service
"Express Mail Post Office to Addressee" Service
under 37 CFR 1.10 on the date indicated above and
is addressed to the Commissioner of Patents and
Trademarks, Washington, D.C. 20231

_____Harry Bates_____
(Typed or printed name of person
mailing paper or fee)

_____Harry Bates_____
(Signature of person mailing paper or fee)

Hon. Commissioner
 of Patents and Trademarks
Washington, D.C.  20231

## PETITION FOR EXTENSION OF TIME

Sir:

Under the provisions of 37 CFR 1.136.(a), applicant

hereby petitions for an extension of time to file an Appeal Brief

due July 11, 1992 in the above-identified application.

The requested extension of time is three months, i.e., to

July 11, 1992 and applicant encloses herewith a check in the amount

070 MG 07/20/92 07312111                    1 217     405.00 CK

of $405.00 in payment of the statutory fee therefor.  Please charge any additional fees or credit any excess to our Deposit Account No. 03-3925.

Respectfully submitted,

Gregor N. Neff, Esq.
Registration No. 20,596
Curtis, Morris & Safford, P.C.
Attorneys for Applicant
(212) 840-3333

Enclosures
  - Check (three month extension of time)
  - Filing fee
  - Claims fee
GN6\2030 CIP



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/312,111 | 02/17/89 | BURR      B | 33902030 |

| | EXAMINER |
|---|---|
| | BOLLINGER, D |
| ART UNIT | PAPER NUMBER |
| 3101 | /2 |

GREGOR N. NEFF
C/O CURTIS, MORRIS & SAFFORD
530 FIFTH AVENUE
NEW YORK, NY 10036

DATE MAILED:
08/06/92

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☐ Applicant's failure to respond to the Office letter, mailed _____ .

2. ☒ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138, *as per FWC.*

3. ☐ Applicant's failure to timely file the response received _____ within the period set in the Office letter.

4. ☐ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of _____ of the Notice of Allowance.

   ☐ The issue fee was received on _____ .

   ☐ The issue fee has not been received in Allowed Files Branch as of _____ .

   In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17 (i), and a verified showing as to the causes of the delay.

   If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q. 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by _____ as required in the last Office action.

   ☐ The corrected and/or substitute drawings were received on _____ .

6. ☐ The reason(s) below.

DAVID H. BOLLINGER  8/4/92
PRIMARY EXAMINER
GROUP 310

PTO-1432 (REV. 5-83)

| FORM PTO-447A (REV. 1-85) | U.S. DEPARTMENT ‑‑ERCE PATENT AND TRADEMARK OFFICE | | 1. REQUEST DATE 5/16/89 | 2. SERIAL NO. 312111 |
|---|---|---|---|---|

**APPLICATION TRANSFER REQUEST.**

| 3. TO GROUP ART UNIT 232.5 | 4. EXAMINER (if known) ✓ | 5. TRANSFER IS REQUESTED FROM | CLASS 221 | TO | CLASS/SUB 235/31R |
|---|---|---|---|---|---|

6. REASON(S) (give details where possible)

Claims are directed to a ticket dispenser wherein the dispenser has a bar code reader for reading a bar code on a ticket.

| | 7. EXAMINER Ammeen | 8. GROUP ART UNIT 311 |
|---|---|---|

**DISPOSITION OF APPLICATION BY RECEIVING GROUP ART UNIT**

| 9. ☑ ACCEPTED  ☐ NOT ACCEPTED | ☐ FORWARDED TO THE FOLLOWING DOC. DIV. | BY (Examiner) | DATE 4/26/89 |
|---|---|---|---|

10. REASON(S)

**DISPOSITION OF APPLICATION BY DOCUMENTATION**

| 11. ☐ TRANSFER NOT APPROVED, RETURNED TO ORIGINATING GROUP | ☐ TRANSFER APPROVED FORWARDED TO: ➡ | GROUP ART UNIT | CLASS/SUB |
|---|---|---|---|

12. REASON(S) ☐ AS SET FORTH BY ORIGINATING GROUP.    ☐ OTHER:

| 13. CLASSIFIER | 14. DOCUMENTATION DIV. | 15. DATE | 16. CONCURRING CLASSIFIER |
|---|---|---|---|

| FORM PTO-875 (REV 1-88) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. *312 111* | FILING DATE *2/17/89* |
|---|---|---|---|
| **PATENT APPLICATION FEE DETERMINATION RECORD** | | APPLICANT (FIRST NAMED) *Burr, R.L.* | |

## CLAIMS AS FILED - PART I

| FOR. | NO. FILED | NO. EXTRA | SMALL ENTITY | | OR | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| | | | RATE | FEE | | RATE | FEE |
| BASIC FEE | | | | $170 | OR | | $340 |
| TOTAL CLAIMS | *49* -20- | *24* | X8= | *$ 174* | OR | X12= | $ |
| INDEP. CLAIMS | *5* -3- | *2* | X17= | *$ 34* | OR | X34= | $ |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | X8B= | $ | OR | X110= | $ |
| | | | TOTAL | *$ 328* | OR | TOTAL | $ |

\* If the difference in col. 1 is less than zero, enter "0" in col. 2

## CLAIMS AS AMENDED - PART II

| | | (1) CLAIMS REMAINING AFTER AMENDMENT | (2) HIGHEST NO. PREVIOUSLY PAID FOR | (3) PRESENT EXTRA | SMALL ENTITY | | OR | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | RATE | ADDIT. FEE | | RATE | ADDIT. FEE |
| **AMENDMENT A** | TOTAL | *49* | MINUS ** *49* | *—* | -5- | $ | OR | -10- | $ |
| | INDEP | *12* | MINUS *** *5* | *7* | *58* | *$ 210.00* | | -30- | $ |
| | FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | -50- | $ | | -100- | $ |
| | | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT B** | TOTAL | | MINUS ** | - | -5- | $ | | -10- | $ |
| | INDEP | | MINUS *** | - | -15- | $ | | -30- | $ |
| | FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | -50- | $ | | -100- | $ |
| | | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDIT. FEE | OR | RATE | ADDIT FEE |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT C** | TOTAL | | MINUS ** | - | -5- | $ | | -10- | $ |
| | INDEP | | MINUS *** | - | -15- | $ | | -30- | $ |
| | FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | -50- | $ | | -100- | $ |
| | | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

\* If the entry in Col. 1 is less than the entry in Col. 2, write "0" in Col. 3
\*\* If the "Highest No. Previously Paid For" IN THIS SPACE is less than 20, enter "20"
\*\*\* If the "Highest No. Previously Paid For" IN THIS SPACE is less than 3, enter "3"
The "Highest No. Previously Paid For" (Total or Indep.) is the highest number found in the appropriate box in Col. 1

PTO-1130
(REV 6-87)

**PALM III APPLICATION FILE DATA CODING SHEET**

**U.S. DEPARTMENT OF COMMERCE—PATENT & TM OFFICE**

PREPARED BY

DATE

| FORMAT NO. 1 | TYPE APPL | FILING DATE | | | SPECIAL HANDLING | GROUP ART UNIT | CLASS | SHEETS OF DRAWINGS | ASG'T? | TOTAL CLAIMS | INDEPENDENT CLAIMS | SMALL ENTITY? | FILING FEE RECEIVED | SECURITY/FOREIGN CASE? | LICENSE? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **07** | Serial No. | Month | Day | Year | | | | | | | | | | | |

FORMAT NO. 2 Attorney Docket Number (12 spaces)

☐ Atty.'s Reg. Nos.  ☐ APPL. PAPERS  ☐ CODING SHEET

FORMAT NO. 3

FORMAT NO. 4 Applicant's Name & Address  ☐ APPL. PAPERS  ☐ CODING SHEET

FORMAT NO. 5 Title of Invention  ☐ APPL. PAPERS  ☐ CODING SHEET

FORMAT NO. 6&7 Correspondence Address  ☐ APPL. PAPERS  ☐ CODING SHEET

| FORMAT NO. 8 | | | CONTINUITY CODE | COUNTRY CODE | PARENT APPLICATION SERIAL NUMBER | PARENT FILING DATE | | | STATUS CODE | PARENT PATENT NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Month | Day | Year | | |
| ☐ MORE ON SUPPLEMENTAL CODING SHEET | RECORD | 8 0 9 | 0 | | | | | | | |
| | RECORD | 8 1 0 | 0 | | | | | | | |
| | RECORD | 8 0 6 | 0 | | | | | | | |
| | RECORD | 8 0 7 | 0 | | | | | | | |
| | RECORD | 8 0 8 | 0 | | | | | | | |
| | RECORD | 8 0 5 | 0 | | | | | | | |
| | RECORD | 8 0 4 | 0 | | | | | | | |
| | RECORD | 8 0 3 | 0 | | | | | | | |
| | RECORD | 8 0 2 | 0 | | | | | | | |
| | RECORD | 8 0 1 | 0 | | | | | | | |

FOREIGN PRIORITY CLAIMED?
☐ YES
☐ NO

| FORMAT NO. 9 | | | COUNTRY CODE | PCT/FOREIGN APPLICATION SERIAL NUMBER | FILING DATE | | |
|---|---|---|---|---|---|---|---|
| | | | | | Month | Day | Year |
| ☐ APPLICATION PAPERS | RECORD | 9 0 1 | | | | | |
| | RECORD | 9 0 2 | | | | | |
| | RECORD | 9 0 3 | | | | | |
| | RECORD | 9 0 4 | | | | | |
| | RECORD | 9 0 5 | | | | | |
| ☐ MORE ON SUPPLEMENTAL CODING SHEET | RECORD | 9 0 6 | | | | | |
| | RECORD | 9 0 7 | | | | | |
| | RECORD | 9 0 8 | | | | | |
| | RECORD | 9 0 9 | | | | | |
| | RECORD | 9 1 0 | | | | | |

Staple Issue Slip Here

# INDEX OF CLAIMS

| Final | Original | / 11 91 | 4 16 91 | Date | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| - | (1) | ✓ | ✓ | | | | | | | | |
| | 2 | ✓ | ✓ | | | | | | | | |
| | 3 | ✓ | ✓ | | | | | | | | |
| | 4 | ✓ | ✓ | | | | | | | | |
| | 5 | ✓ | ✓ | | | | | | | | |
| | 6 | ✓ | ✓ | | | | | | | | |
| | 7 | ✓ | ✓ | | | | | | | | |
| | 8 | ✓ | ✓ | | | | | | | | |
| | 9 | ✓ | ✓ | | | | | | | | |
| | 10 | ✓ | ✓ | | | | | | | | |
| | (11) | 0 | = | | | | | | | | |
| | 12 | 0 | = | | | | | | | | |
| | 13 | ✓ | ✓ | | | | | | | | |
| | 14 | ✓ | ✓ | | | | | | | | |
| | 15 | 0 | 0 | | | | | | | | |
| | (16) | ✓ | ✓ | | | | | | | | |
| | 17 | ✓ | ✓ | | | | | | | | |
| | 18 | ✓ | ✓ | | | | | | | | |
| | 19 | ✓ | ✓ | | | | | | | | |
| | 20 | ✓ | ✓ | | | | | | | | |
| | 21 | ✓ | ✓ | | | | | | | | |
| | 22 | ✓ | ✓ | | | | | | | | |
| | (23) | ✓ | ✓ | | | | | | | | |
| | 24 | ✓ | ✓ | | | | | | | | |
| | 25 | ✓ | ✓ | | | | | | | | |
| | 26 | ✓ | ✓ | | | | | | | | |
| | 27 | ✓ | ✓ | | | | | | | | |
| | 28 | ✓ | ✓ | | | | | | | \ | |
| | (29) | 0 | = | | | | | | | | |
| | 30 | 0 | = | | | | | | | | |
| | 31 | 0 | = | | | | | | | | |
| | (32) | 0 | = | | | | | | | | |
| | 33 | 0 | 0 | | | | | | | | |
| | 34 | ✓ | ✓ | | | | | | | | |
| | 35 | ✓ | ✓ | | | | | | | | |
| | 36 | ✓ | ✓ | | | | | | | | |
| | 37 | ✓ | ✓ | | | | | | | | |
| | (38) | 0 | = | | | | | | | | |
| | 39 | 0 | = | | | | | | | | |
| | 40 | 0 | = | | | | | | | | |
| | (41) | ✓ | = | | | | | | | | |
| | 42 | ✓ | = | | | | | | | | |
| | (43) | 0 | = | | | | | | | | |
| | 44 | 0 | = | | | | | | | | |
| | (45) | 0 | = | | | | | | | | |
| | (46) | ✓ | = | | | | | | | | |
| | (47) | 0 | = | | | | | | | | |
| | 48 | ✓ | ✓ | | | | | | | | |
| | 49 | ✓ | ✓ | | | | | | | | |
| | 50 | | | | | | | | | | |

| Final | Original | | | | Date | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| - | 51 | | | | | | | | | | |
| | 52 | | | | | | | | | | |
| | 53 | | | | | | | | | | |
| | 54 | | | | | | | | | | |
| | 55 | | | | | | | | | | |
| | 56 | | | | | | | | | | |
| | 57 | | | | | | | | | | |
| | 58 | | | | | | | | | | |
| | 59 | | | | | | | | | | |
| | 60 | | | | | | | | | | |
| | 61 | | | | | | | | | | |
| | 62 | | | | | | | | | | |
| | 63 | | | | | | | | | | |
| | 64 | | | | | | | | | | |
| | 65 | | | | | | | | | | |
| | 66 | | | | | | | | | | |
| | 67 | | | | | | | | | | |
| | 68 | | | | | | | | | | |
| | 69 | | | | | | | | | | |
| | 70 | | | | | | | | | | |
| | 71 | | | | | | | | | | |
| | 72 | | | | | | | | | | |
| | 73 | | | | | | | | | | |
| | 74 | | | | | | | | | | |
| | 75 | | | | | | | | | | |
| | 76 | | | | | | | | | | |
| | 77 | | | | | | | | | | |
| | 78 | | | | | | | | | | |
| | 79 | | | | | | | | | | |
| | 80 | | | | | | | | | | |
| | 81 | | | | | | | | | | |
| | 82 | | | | | | | | | | |
| | 83 | | | | | | | | | | |
| | 84 | | | | | | | | | | |
| | 85 | | | | | | | | | | |
| | 86 | | | | | | | | | | |
| | 87 | | | | | | | | | | |
| | 88 | | | | | | | | | | |
| | 89 | | | | | | | | | | |
| | 90 | | | | | | | | | | |
| | 91 | | | | | | | | | | |
| | 92 | | | | | | | | | | |
| | 93 | | | | | | | | | | |
| | 94 | | | | | | | | | | |
| | 95 | | | | | | | | | | |
| | 96 | | | | | | | | | | |
| | 97 | | | | | | | | | | |
| | 98 | | | | | | | | | | |
| | 99 | | | | | | | | | | |
| | 100 | | | | | | | | | | |

SYMBOLS
✓ .................... Rejected
= .................... Allowed
– (through numeral) Cancelled
! ÷ .................... Restricted
N .................... Non-elected
I .................... Interference
A .................... Appeal
O .................... Objected



| SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 221 | 1, 2, 3, 8, 9, 10, 13, 25, 26, 30, 92, 123, 124, 129-131, 155, 191, 194, 195, 206, 207 | 1/10/91 | DHB |
| 238 364 | .375 479 | | |
| above search updated | | 9/13/91 | DHB |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| | | | |

| SEARCH NOTES | | |
|---|---|---|
| | Date | Exmr. |
| | | |



07 312111

T305

APPROVED FOR LICENSE ☐

FEB 15 ... 5248916
INITIALS
GROUP 310

| Entered or Counted | CONTENTS | Received or Mailed |
|---|---|---|

1. Application ✓ papers.
2. *Status Letter* — 9-12-90
3. *Rec'd Sm* — FEB 11 1991
4. *Ext. of Time (1mo)* — June 27 1991 granted 2-11-91
5. *Prior Art* — June 27 1991
6. *Amdt A & Art* — June 27 1991
7. *Formal Drawings (4 Sheets)* — Aug 26 1991
8. *Final Rej 3m* — OCT 11 1991 granted to 12-11-91
9. *Ext. of Time (1mo) (1m 2-11-92)* — Feb 21 1992 granted 2-11-92
10. *Notice of Appeal (1m 2-11-92)* — Feb 21 1992
11. *Req for Time* — July 10, 1992 granted to 7-31-92
12. *Notice of Abandonment* — Aug 3, 1992
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.
29.
30.
31.
32.

# EXHIBIT OO

5222624

| SERIAL NUMBER (Series of 1967) | 07/912005 | PATENT DATE JUN 29 1993 | PATENT NUMBER | | |
|---|---|---|---|---|---|

| SERIAL NUMBER | FILING DATE | CLASS | SUBCLASS | GROUP ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 07/912,005 | 07/10/92 | 221 | 783 / 1 | 3101 | Bellinger |

**APPLICANTS**

ROBERT BURR, SAN DIEGO, CA.

```
**CONTINUING DATA********************
   VERIFIED     THIS APPLN IS A CON OF   07/312,111 02/17/89  now  abandoned

   DHB
   3/11/92
```

```
**FOREIGN/PCT APPLICATIONS************
   VERIFIED      none

   DHB
   3/11/92
```

FOREIGN FILING LICENSE GRANTED 07/28/92          ***** SMALL ENTITY *****

| Foreign priority claimed ☐ yes ☒ no | | STATE OR COUNTRY | SHEETS DRWGS. | TOTAL CLAIMS | INDEP. CLAIMS | FILING FEE RECEIVED | ATTORNEY'S DOCKET NO. |
|---|---|---|---|---|---|---|---|
| 35 USC 119 conditions met ☐ yes ☒ no | AS FILED | | | | | | |
| Verified and Acknowledged  DHB 11/92  Examiner's Initials | | CA | 6 | 24 | 7 | $529.00 | 3390-2030 |

**ADDRESS**

GREGOR N. NEFF
C/O CURTIS, MORRIS & SAFFORD
530 5TH AVE.
NEW YORK, NY 10036

**TITLE**

TICKET DISPENSER MACHINE AND METHOD

U.S. DEPT. of COMM.-Pat. & TM Office—PTO-436L (rev. 10-78)

| PARTS OF APPLICATION FILED SEPARATELY | | | |
|---|---|---|---|
| NOTICE OF ALLOWANCE MAILED | PREPARED FOR ISSUE | CLAIMS ALLOWED | |
| DEC 16 1992 | W.C.Albany | Total Claims | Print Claim |
| Assistant Examiner | 24 | 7 |
| ISSUE FEE | GROUP 010 | DRAWING | |
| Amount Due | Date Paid | PRIMARY EXAMINER DAVID H. BOLLINGER Primary Examiner | Sheets Drwg. | Figs. Drwg. | Print Fig. |
| 585.00 | 12-17-92 | | 6 | 10 | 1 |
| | | ISSUE CLASSIFICATION | ISSUE BATCH NUMBER |
| Label Area | Class 221 | Subclass | 198 |

WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A
Rev. 8/80

07/912005

PATENT APPLICATION SERIAL NO._____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

'090 BA 07/21/92 07912005          1 201     529.00 CK 3390-2030

PTO-1556
(5/87)

BAR CODE LABEL

| | **U.S. PATENT APPLICATION** |
|---|---|

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT |
|---|---|---|---|
| 07/912,005 | 07/10/92 | 221 | 3101 |

**APPLICANT**

ROBERT BURR, SAN DIEGO, CA.

**CONTINUING DATA**********************
VERIFIED    THIS APPLN IS A CON OF    07/312,111 02/17/89

**FOREIGN/PCT APPLICATIONS************
VERIFIED

FOREIGN FILING LICENSE GRANTED 07/28/92       ***** SMALL ENTITY *****

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| CA | 6 | 24 | 7 | $ 529.00 | 3390-2030 |

**ADDRESS**

GREGOR N. NEFF
C/O CURTIS, MORRIS & SAFFORD
530 5TH AVE.
NEW YORK, NY 10036

**TITLE**

TICKET DISPENSER MACHINE AND METHOD

This is to certify that annexed hereto is a true copy from the records of the United States Patent and Trademark Office of the application as filed which is identified above.

By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

Date                    Certifying Officer

FILE WRAPPER CONTINUING PATENT APPLICATION REQUEST
(Under 37 CFR 1.62)

CURTIS, MORRIS & SAFFORD, P.C. File No. ..... 3390-2030 ......

**EXPRESS MAIL**

Mailing label number ... RB823828192US
Date of Deposit : ......... July 10, 1992 .........
I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.
................. Barry Bates ..................
(Typed or printed name of person mailing paper or fee)
....................................................
(Signature of person mailing paper or fee)
[37 CFR 1.8 Certificate Mailing CANNOT be used]

| PRIOR APPLICATION | |
|---|---|
| EXAMINER  D. Bollinger | ART UNIT  311 |
| ANTICIPATED CLASSIFICATION OF THIS APPLICATION: | |
| CLASS | SUBCLASS |

COMMISSIONER OF PATENTS AND TRADEMARKS
Box FWC
Washington, D.C. 20231

This is a Request for filing a ☐ continuation-in-part  ☒ continuation  ☐ divisional application under 37 CFR 1.62

of prior application Serial No. __07/312,111__ , filed on __2/17/89__ , currently entitled __Ticket Dispenser Machine and Method__

by the following named inventor(s):

| FULL NAME OF INVENTOR | FAMILY NAME  Burr | FIRST GIVEN NAME  Robert | SECOND GIVEN NAME |
|---|---|---|---|
| RESIDENCE & CITIZENSHIP | CITY  San Diego | STATE OR FOREIGN COUNTRY  California | COUNTRY OF CITIZENSHIP  USA |
| CURRENT CORRESPONDENCE ADDRESS | POST OFFICE ADDRESS  7372 Convoy Court | CITY  San Diego | STATE & ZIP CODE/COUNTRY  California  92111 |
| FULL NAME OF INVENTOR | FAMILY NAME | FIRST GIVEN NAME | SECOND GIVEN NAME |
| RESIDENCE & CITIZENSHIP | CITY | STATE OR FOREIGN COUNTRY | COUNTRY OF CITIZENSHIP |
| CURRENT CORRESPONDENCE ADDRESS | POST OFFICE ADDRESS | CITY | STATE & ZIP CODE/COUNTRY |
| FULL NAME OF INVENTOR | FAMILY NAME | FIRST GIVEN NAME | SECOND GIVEN NAME |
| RESIDENCE & CITIZENSHIP | CITY | STATE OR FOREIGN COUNTRY | COUNTRY OF CITIZENSHIP |
| CURRENT CORRESPONDENCE ADDRESS | POST OFFICE ADDRESS | CITY | STATE & ZIP CODE/COUNTRY |

☐ See attached sheet for names and addresses of additional inventors (if any).

The above identified prior application in which no payment of the issue fee, abandonment of, or termination of proceedings has occurred, is hereby expressly abandoned as of the filing date of this new application. Please use all the contents of the prior application file wrapper, including all previously entered amendments and the drawings, as the basic papers for the new application.
Note: If prior application is not to be abandoned, then the form for 37 CFR 1.60 should be used.

1. ☐ Enter the amendment previously filed on _____ under 37 CFR 1.116 but unentered, in the prior application.

2. ☒ A preliminary amendment is enclosed.

The filing fee is calculated on the basis of the claims existing in the prior application as amended at 1 and 2 above.

| (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) CALCULATIONS |
|---|---|---|---|---|
| TOTAL CLAIMS | 24 —20— | 4 | 20.00  X $12.00 = | $ 80.00 |
| INDEPENDENT CLAIMS | 7 —3— | 4 | X $36.00 = | 288.00 |
| MULTIPLE DEPENDENT CLAIM(S) (if applicable) | | | + $110.00 = | |
| | | | BASIC FEE + | 690.00 |
| | | Total of above Calculations = | | 1,058.00 |
| Reduction by ½ for filing by small entity (Note: 37 CFR 1 1.27, 1.28). If applicable, verified statement must be attached or already be on file in prior application. | | | = | 529.00 |
| | | TOTAL FILING FEE = | | 529.00 |

CURTIS, MORRIS & SAFFORD, P.C.

File No. . . .3390-2030. . . . . . . . . . . .

3. ☒ The Commissioner is hereby authorized to charge fees under 37 CFR 1.16 (for filing) and 1.17 (for prosecution) not otherwise paid which may be required with respect to the papers filed herewith, (☐ and also any additional such fees which may be required during the entire pendency of this application, ☐ and also the issue fee under 37 CFR 1.18), or credit any overpayment, to Deposit Account No. 03-3925.

4a. ☐ A check in the amount of $_____405.00_____ is enclosed.

b. ☐ The filing fee to be paid later with surcharge [ pursuant to 37 CFR 1.62(d) ].

5. ☐ Since this application is a continuation-in-part which discloses and claims additional matter, a new oath or declaration ☐ is included ☐ will be filed later with surcharge [ pursuant to 37 CFR 1.62 (d) ].

6. ☐ Amend the specification by inserting before the first line the sentence:

This application is a ☐ continuation-in-part, ☒ continuation; ☐ division; of application Serial No. 07/312,111 filed 2/17/89, now abandoned
[Note: If priority under 35 U.S.C. 120 involves a series of respectively copending applications, then in this amendment identify each and its relationship to its immediate predecessor.]

7a. ☐ A verified statement claiming small entity status is enclosed.

b. ☒ A verified statement claiming small entity status was filed in the prior application, Serial No. 07/312,111 Filed 2/15/89 and is still proper. [Note: Such a statement may be filed within two months with a request for refund of overpayment.]

8a. ☐ Priority of foreign Application No(s). _____ filed on _____ in _____, respectively, is claimed under 35 U.S.C. 119.

b. ☐ A certified copy of said foreign priority application(s) was filed in prior U.S. application Serial No. _____ filed _____. Acknowledgement thereof is requested.

9. ☒ The prior application is assigned of record to __The Ralph L. Evans Trust__

10. ☒ The power of attorney in the prior application is to: ☒ CURTIS, MORRIS & SAFFORD, P.C. (Reg. No. 12761), and __Gregor N. Neff, Esq. 20,596__

11. ☐ Original title and original applicant(s) of prior U.S. application, if different from above:

12. ☒ Applicant(s) hereby petition for an extension of time in the parent application (identified in paragraph 6 above) as may be needed for the latter to be copending with this application.
☐ A separate confirmatory petition paper with required fee is filed herewith for independent processing and separate entry in the parent application file.

Address all future communications to: (May only be completed by applicant, or attorney, or agent of record.)

Attention of: ____ Gregor N. Neff, _____, Esq.
c/o CURTIS, MORRIS & SAFFORD, P.C.
530 Fifth Avenue
New York, New York 10036

It is understood that secrecy under 35 U.S.C. 122 is hereby waived to the extent that if information or access is available to any one of the applications in the file wrapper of a 37 CFR 1.62 application, be it either this application or a prior application in the same file wrapper, the Patent and Trademark Office may provide similar information or access to all the other applications in the same file wrapper.

CURTIS, MORRIS & SAFFORD, P.C.

July 10, 1992
Date

Name: Gregor N. Neff
Registration No.: 20,596
Attorney of record (or filed under 37 CFR 1.34)
Telephone (212) 840-3333

07/912005

MAIL ROOM
JUL
10
1992

PATENT
3390-2030

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant        :    Robert L. Burr, et al.

Serial No.       :

Filed            :    February 17, 1989

For              :    TICKET DISPENSER MACHINE AND METHOD

Group Art Unit   :    311

Examiner         :    D. Bollinger

530 Fifth Avenue
New York, New York   10016

EXPRESS MAIL

Mailing Label Number  R8823828192US
Date of Deposit          July 10, 1992
I hereby certify that this paper or fee is being
deposited with the United States Postal Service
"Express Mail Post Office to Addressee" Service
under 37 CFR 1.10 on the date indicated above and
is addressed to the Commissioner of Patents and
Trademarks, Washington, D.C. 20231

Harry Bates
(Typed or printed name of person
mailing paper or fee)

(Signature of person mailing paper or fee)

PRELIMINARY AMENDMENT

Hon. commissioner of Patents
 and Trademarks
Washington, D.C.   20231

Sir:

Please cancel claims 3, 7-9, 13-15, 17, 19, 20, 23-28,

34-37, 41, 42, 46, 48 and 49.

Respectfully submitted,
CURTIS, MORRIS & SAFFORD, P.C.

By
Gregor N. Neff, Esq.
Registration No. 20,596
(212) 840-3333

LA10591   08/10/92   07912005

03-1925   010   102        22.00CH



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/912.005 | 07/10/92 | BURR | |

R    EXAMINER    M2BP-2030

GREGOR N. NEFF
C/O CURTIS. MORRIS & SAFFORD
530 5TH AVE.
NEW YORK, NY 10036

BOLLINGER, D.

| ART UNIT | PAPER NUMBER |
|---|---|
| | 15 |

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

DATE MAILED:  3101
09/14/92

---

☒ This application has been examined   ☐ Responsive to communication filed on _____   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _3_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.   35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _1,2,4-6,10-12,16,18,21,22,29-33,38-40,43-45&47_ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☒ Claims _3,7-9,13-15,17,19,20,23-28,34-37,41,42,46,48&45_ have been cancelled.

3. ☒ Claims _11,12,29,30,32,38-40,43-45 & 47_ are allowed.

4. ☒ Claims _1,2,4-6,10 16,18,21,22,31,33_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☒ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
    are  ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

Serial No. 912005                    -2-

Art Unit   311


1.    Claims 1, 2, 4-6, 31 and 33 are rejected under 35 U.S.C.

§ 112, second paragraph, as being indefinite for failing to

particularly point out and distinctly claim the subject matter

which applicant regards as the invention.

        In claim 1 lines 5-8, it is not clearly understood whether

there is a single means for moving the strip of tickets and

dispensing them or if there are means for moving the strip and

means for dispensing the tickets.  It would appear to be more

accurate and clear to recite separate means for these functions

since that is what is disclosed.  Claims 31 and 33 are indefinite

because they depend from cancelled claim 26.

2.    The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

        A patent may not be obtained though the invention is not
        identically disclosed or described as set forth in section
        102 of this title, if the differences between the subject
        matter sought to be patented and the prior art are such that
        the subject matter as a whole would have been obvious at the
        time the invention was made to a person having ordinary
        skill in the art to which said subject matter pertains.
        Patentability shall not be negatived by the manner in which
        the invention was made.

        Subject matter developed by another person, which qualifies
        as prior art only under subsection (f) or (g) of section 102
        of this title, shall not preclude patentability under this
        section where the subject matter and the claimed invention
        were, at the time the invention was made, owned by the same
        person or subject to an obligation of assignment to the same
        person.

Serial No. 912005                        -3-

Art Unit   311


3.    This application currently names joint inventors.   In
considering patentability of the claims under 35 U.S.C. § 103,
the examiner presumes that the subject matter of the various
claims was commonly owned at the time any inventions covered
therein were made absent any evidence to the contrary.  Applicant
is advised of the obligation under 37 C.F.R. § 1.56 to point out
the inventor and invention dates of each claim that was not
commonly owned at the time a later invention was made in order
for the examiner to consider the applicability of potential 35
U.S.C. § 102(f) or (g) prior art under 35 U.S.C. § 103.

4.    Claims 1, 2, 4-6, 10, 16, 18 and 22 are rejected under 35

U.S.C. § 103 as being unpatentable over Groves in view of Knee

'935.

     Groves teaches a article vending machine comprising:  a

housing 20; display means (unnumbered) for display of the types

of articles available; means 50 for receiving and accepting a

means of monetary exchange; and means for dispensing the articles

in a number corresponding to the amount of money input to the

machine.  Further, the arrays of articles in Groves comprise a

web of articles separated at intervals by lines of perforations

and that such articles may be a variety of articles.

     Groves fails to teach the articles being lottery tickets

and providing the machine with a message display advertising the

articles.

     The specific articles being lottery tickets in considered

an obvious matter of choice and the provision of advertising

displays on a vending machine is notoriously well known in the

art.

Serial No. 912005                          -4-

Art Unit  311


        Groves fails to teach the display means being windows past

which the articles are transported to be viewed while dispensing.

Groves further fails to teach separating means for separating the

articles from one another.

        Knee '935 teaches display means comprising a window

allowing for viewing of the articles and their movement for

dispensing.  Knee '935 also teaches providing separating means

comprising bursting means 51, 54, 65 to insure positive

separation of articles from one another.

        It would have been obvious to one of ordinary skill in the

art to employ windows to view the articles as the display means

in Groves and to provide separating means in Groves to insure

positive separation of the articles from one another for

dispensing.

5.    Claim 21 is rejected under 35 U.S.C. § 103 as being

unpatentable over Groves in view of Knee '935 as applied to

claims 1, 2, 4-6, 10, 16, 18 and 22 above, and further in view of

Cedrone et al.

        Groves in view of Knee '935 fails to teach providing a

plurality of vending machines and communicating data regarding

operation to a central location.

        Cedrone et al teaches providing a group of vending

machines and communicating data regarding operation of the

Serial No. 912005                         -5-

Art Unit   311


machine to a central location.

It would have been obvious to one of ordinary skill in the art to provide plural machines of Groves-Knee '935 and communicate data regarding their operation to a central location in view of the teaching of Cedrone et al.

6.    Claims 11, 12, 29, 30, 32, 38-40, 43-45 and 47 are allowable over the prior art of record.

7.    The failure of the Examiner to apply prior art to claims 31 and 33 should not be construed as an indication of allowability as the Examiner is unable to fully ascertain the scope of these claims in view of the above rejection under 35 USC 112.

8.    The preliminary amendments filed 10 July 1992 have been received and placed of record.

9.    Any inquiry concerning this communication should be directed to Examiner David Bollinger at telephone number (703) 308-1113.


DAVID H. BOLLINGER
PRIMARY EXAMINER
GROUP 310

Bollinger:e.h.
August 14, 1992