IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,

        Plaintiff,

        v.

SCIENTIFIC GAMES INTERNATIONAL,
INC., SCIENTIFIC GAMES HOLDINGS
CORPORATION, SCIENTIFIC GAMES
FINANCE CORPORATION, and
SCIENTIFIC GAMES CORPORATION,

        Defendants.

C.A. No. 04-138-JJF

**REDACTED VERSION**

**SCIENTIFIC GAMES' ANSWERING BRIEF IN OPPOSITION TO GTECH'S MOTION
FOR PARTIAL SUMMARY JUDGMENT THAT THE ASSERTED CLAIMS OF U.S.
PATENTS 4,982,337 AND 5,222,624 ARE NOT INVALID UNDER 35 U.S.C. § 102**

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Defendants

Original Filing Date:  December 2, 2005

Redacted Filing Date:  December 9, 2005

i.

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                                                ii

INTRODUCTION                                                                       1

STATEMENT OF FACTS                                                                 2

      A.    The '337 Patent                                 2

      B.    The '624 Patent                                 3

      C.    Scientific Games' PAT                           4

ARGUMENT                                                                           8

  I.    THE LAW OF ANTICIPATION                                      8

  II.    CLAIMS 20 AND 21 OF THE '337 PATENT ARE ANTICIPATED BY SCIENTIFIC GAMES' PAT.                9

  III.    UNDER GTECH'S PROPOSED CLAIM CONSTRUCTION, CLAIM 18 OF THE '624 PATENT IS ANTICIPATED BY SCIENTIFIC GAMES' PAT.       11

CONCLUSION                                                                         14

<u>TABLE OF CITATIONS</u>

<u>Page(s)</u>

<u>Cases</u>

*Abbott Labs. v. Geneva Pharm., Inc.,*
    182 F.3d 1315 (Fed. Cir. 1999)                                          8

*Cordant Tech., Inc. v. Alliant Techsystems Inc.,*
    45 F. Supp. 2d 398 (D. Del. 1999)                                 8

*In re Cruciferous Sprout Litig.,*
    301 F.3d 1343 (Fed. Cir. 2002)                                          8

*In re Smith,*
    714 F.2d 1127 (Fed. Cir. 1983)                                          8

*Netscape Commc'ns Corp. v. Konrad,*
    295 F.3d 1315 (Fed. Cir. 2002)                                        8

*Petrolite Corp. v. Baker Hughes Inc.,*
    96 F.3d 1423 (Fed. Cir. 1996)                                          8

*Pfaff v. Wells Elecs., Inc.,*
    525 U.S. 55 (1998)                                                   8

<u>Statutes</u>

35 U.S.C. § 102                                         8, 11, 13, 14

35 U.S.C. § 103                                         9

## INTRODUCTION

Scientific Games offered for sale and sold a lottery ticket vending machine to the Iowa Lottery in 1985 and 1986 known as a Player-Activated Terminal ("PAT"). The PAT dispensed instant lottery tickets and had a touch-screen display that permitted customers to order tickets from the machine.

GTECH has moved for partial summary judgment, arguing that the prior art PAT does not anticipate claims 20 and 21 of U.S. Patent No. 4,982,337 ("the '337 patent"), because there is no evidence that the PAT permitted multiple tickets to be ordered in a single batch, or that the PAT separated and dispensed each individual ticket. In fact, the PAT did permit customers to order multiple tickets, and did separate and dispense each ticket individually.

GTECH also argues that the prior art PAT does not anticipate claim 18 of U.S. Patent No. 5,222,624 ("the '624 patent"), because it did not display a "plurality of arrays" of ticket images. Under GTECH's proposed claim construction, Scientific Games' PAT did display a "plurality of arrays" of ticket images. As offered for sale to the Iowa Lottery, the PAT displayed icons on the touch-screen display for up to 12 different games.

Because there are genuine issues of material fact as to whether all the elements of claims 20 and 21 of the '337 patent and claim 18 of the '624 patent were present in Scientific Games' prior art PAT, GTECH's motion for partial summary judgment should be denied.

## STATEMENT OF FACTS

A.     The '337 Patent

The '337 patent issued to Robert Burr, Laird Campbell, Donald Keagle and Alfred Fulton on January 1, 1991, from an application filed on December 3, 1987 (D.I. 133, Ex. B).

GTECH claims that the inventors of the '337 patent recognized a security problem with prior art vending machines, and solved that problem by designing a machine that dispensed one ticket at a time: "Dispensing multiple tickets in a single strip presented a security and reliability issue, because an unscrupulous customer could try to grab the strip while it was dispensed to pull more than the purchased number of tickets out of the machine" (GTECH Op. Br. at 5).

During prosecution, the inventors argued that a "highly advantageous feature" of their invention was that "each ticket in a batch of tickets . . . is individually separated from the other tickets in the batch so that the tickets are dispensed one at a time" (Ex. A at GTECH 000713). This prevented the customer from pulling more tickets out of the machine than the customer had paid for (*id.* at GTECH 000714):

> If the machine were to issue a strip of say 10 tickets or so without separating each individual ticket from its neighbors, during the dispensing of the tickets the purchaser could grab the end of the uncut strip of tickets and pull many more tickets than he paid for out of the machine. Thus, the dispensing of one ticket at a time helps prevent theft or vandalism.

The vending machine of the '337 patent was not, however, the first lottery ticket vending machine to separate and dispense individual tickets. Scientific Games' PAT separated each ticket and dispensed them separately regardless of the number of tickets ordered.

B.     The '624 Patent

The '624 patent issued to Robert Burr on June 29, 1993, from a February 17, 1989 application (D.I. 133, Ex. A).

GTECH claims that the invention of the '624 patent is a lottery ticket vending machine that shows the customer the range of tickets that are available for purchase from the machine: "[Mr. Burr] recognized that it was important that the customer be able to see the range of possible ticket selections at the same time, so that the customer could select a desired ticket from those that were available for purchase from the machine" (GTECH Op. Br. at 3).

The invention of the '624 patent was not simply showing the customer the range of tickets that were available for purchase from the machine.

REDACTED

As Mr. Burr stated repeatedly throughout the patent specification, his invention involved movable strips of lottery tickets -- which he called "arrays of lottery tickets." *See, e.g.,* D.I. 133, Ex. A, col. 1, ll. 45-48 ("The machine . . . has one or a plurality of windows with mechanism for moving an array of lottery tickets . . . ."); *id.*, col. 10, ll. 66-67 ("The array moves in the same manner as the tickets move past the windows in FIGS. 1 and 2.").

In any event, the vending machine described in the '624 patent was not the first lottery ticket vending machine to show customers the range of tickets available for purchase from the machine.  Scientific Games' PAT displayed icons on a touch-screen display that showed the customer the range of tickets available for purchase from the machine.

4.

C.     Scientific Games' PAT

Scientific Games submitted a proposal to the Iowa Lottery on December 3, 1985, in which Scientific Games offered for sale a customer-activated lottery ticket vending machine -- called a Player Activated Terminal ("PAT"),

REDACTED

---

[1]     Citations to "Behm Decl." refer to the Declaration of William F. Behm, filed herewith.

As deployed in Iowa, the PATs dispensed tickets for three games and displayed three icons on the touch-screen -- two for online games towards the top of the screen and one for an instant game towards the bottom of the screen:





Behm Decl., Ex. 2

REDACTED

7.

REDACTED

ARGUMENT

I.  THE LAW OF ANTICIPATION

A patent claim is invalid for anticipation under 35 U.S.C. § 102 if "a single prior art reference discloses, either expressly or inherently, each limitation of the claim."  *In re Cruciferous Sprout Litig.*, 301 F.3d 1343, 1349 (Fed. Cir. 2002).

A patent claim is invalid under 35 U.S.C. § 102(b) if it covers an invention that "was . . . in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States."  An invalidating public use includes "any use of [the claimed] invention by a person other than the inventor who is under no limitation, restriction or obligation of secrecy to the inventor."  *Petrolite Corp. v. Baker Hughes Inc.*, 96 F.3d 1423, 1425 (Fed. Cir. 1996) (citing *In re Smith*, 714 F.2d 1127, 1134 (Fed. Cir. 1983)).  "Section 102(b) may bar patentability by anticipation if the device used in public includes every limitation of the later claimed invention . . . ."  *Netscape Commc'ns Corp. v. Konrad*, 295 F.3d 1315, 1321 (Fed. Cir. 2002).

A patent claim is invalid under the on-sale bar of § 102(b) if a product embodying the claimed invention was the subject of a commercial offer for sale, and the claimed invention was ready for patenting.  *See Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 67 (1998); *Cordant Tech., Inc. v. Alliant Techsystems Inc.*, 45 F. Supp. 2d 398, 406 (D. Del. 1999) ("A single sale or even a single offer to sell . . . is sufficient to trigger the 'on sale' bar.").  The on-sale bar applies even where the sale or offer for sale is not made by the patentee.  *See Abbott Labs. v. Geneva Pharm., Inc.*, 182 F.3d 1315, 1318 (Fed. Cir. 1999) ("The fact that these sales were not made by Abbott is . . . irrelevant.").

II.    CLAIMS 20 AND 21 OF THE '337 PATENT ARE
ANTICIPATED BY SCIENTIFIC GAMES' PAT.

REDACTED

GTECH does not dispute for purposes of its summary judgment motion that the

other elements of claim 20 (as identified in GTECH's Opening Brief) are present in Scientific

Games' PAT (GTECH Op. Br. at 12):

[A]    A ticket dispensing machine for dispensing tickets directly
to the purchaser thereof, said dispenser comprising the
combination of

[B]    housing means for storing a strip of tickets to be dispensed,

[C]    said housing means having an outlet opening accessible to
the purchaser of tickets from said machine,

[E]    means for separating each of said tickets from said strip,

[F]    dispensing means for dispensing tickets through said outlet
opening

GTECH also does not dispute that the additional element of claim 21 -- "[a] machine . . . in

which said tickets are instant-winner lottery tickets" -- is present in Scientific Games' PAT.

GTECH also does not dispute that claims 20 and 21 may be invalid for obviousness under 35

U.S.C. § 103 in light of Scientific Games' PAT.[2]

_____
2

REDACTED

(continued . . .)

10.

In fact, Scientific Games' PAT did permit a customer to order a plurality of tickets in a single batch. Scientific Games' PAT accepted currency in denominations up to $20 and displayed a credit balance on the touch-screen -- so customers could purchase multiple tickets in a single batch:

REDACTED

_____

(. . . continued)

REDACTED

REDACTED

GTECH's motion for partial summary judgment that claims 20 and 21 of the '337 patent are not invalid under 35 U.S.C. § 102 should be denied.  There is a genuine issue of material fact as to whether all the elements of the claims were present in Scientific Games' prior art PAT.  In particular, there is a genuine issue of material fact as to whether the "means operable for ordering a plurality of tickets in a single batch" and the "control means for causing each ticket in said batch to be separated and dispensed separately from the other tickets in said batch . . ." were present in Scientific Games' prior art PAT.

III.     UNDER GTECH'S PROPOSED CLAIM CONSTRUCTION, CLAIM 18 OF THE '624 PATENT IS ANTICIPATED BY SCIENTIFIC GAMES' PAT.

GTECH argues that claim 18 of the '624 patent is not invalid under 35 U.S.C. § 102, because "the Iowa PAT did not have a 'plurality of arrays' of ticket images" (GTECH Op. Br. at 6).

GTECH does not dispute for purposes of its summary judgment motion that the other elements of claim 18 of the '624 patent (as identified in GTECH's Opening Brief) are present in Scientific Games' PAT (GTECH Op. Br. at 11):

[A]     A lottery ticket vending machine comprising, in combination,

[B]     a housing,

[C]     display means for displaying an array of lottery ticket representations viewable from outside of said housing by a

customer, said array representing tickets in said machine available for purchase,

[D]     acceptor means for receiving and accepting a means of monetary exchange, and

[E]     means for dispensing said tickets in a number corresponding to the amount of money input into said machine by said customer

REDACTED

---

REDACTED

Setting aside the question of whether Scientific Games' PAT as deployed in Iowa (with only three icons) is an anticipation under 35 U.S.C. § 102,[5] there is no question that the PAT that Scientific Games offered for sale to the Iowa Lottery in December 1985 had a "plurality of arrays" under GTECH's proposed claim construction.

REDACTED

GTECH's motion for partial summary judgment that claim 18 of the '624 patent is not invalid under 35 U.S.C. § 102 should be denied. There is a genuine issue of material fact as to whether all the elements of claim 18 were present in Scientific Games' prior art PAT. In particular, there is a genuine issue of material fact as to whether Scientific Games' prior art PAT displayed a "plurality of arrays" under GTECH's proposed claim construction.

---

[5]     *See In re Graves*, 69 F.3d 1147, 1152 (Fed. Cir. 1995) ("A reference anticipates a claim if it discloses the invention 'such that a skilled artisan could take its teachings in combination with his own knowledge of the particular art and be in possession of the invention.'") (quoting *In re LeGrice*, 301 F.2d 929 (C.C.P.A. 1962)); *AT&T Corp. v. Excel Commc'ns, Inc.*, 1999 WL 1050064, at *17 (D. Del. 1999) ("[A]nticipation may be established if a missing claim element is within the knowledge of one of ordinary skill in the art.").

14.

## CONCLUSION

For the foregoing reasons, GTECH's motion for partial summary judgment that claims 20 and 21 of the '337 patent and claim 18 of the '624 patent are not invalid under 35 U.S.C. § 102 should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
  Attorneys for Defendants

Original Filing Date: December 2, 2005

Redacted Filing Date: December 9, 2005