Serial Number: 128070                                    -4-

Art Unit: 236


10.    Claims 46 and 48 are rejected under 35 U.S.C.
102(a) as being anticipated by Koza et al.

The merits of Koza et al. have been discussed
at par. 6 of the previous Office action, paper no. 6.
In particular, at col. 24, lines 11-19, Koza et al.
clearly provide for the detection and storage of
information relating the opening of the terminal doors.
Although, Koza et al. do not explicitly disclose the
counting of each access, this information is inherently
included since all accesses to the terminal doors are
detected and stored.

11.    The following is a quotation of 35 U.S.C. 103
which forms the basis for all obviousness rejections set
forth in this Office action:

> A patent may not be obtained though the invention
> is not identically disclosed or described as set
> forth in section 102 of this title, if the
> differences between the subject matter sought to be
> patented and the prior art are such that the
> subject matter as a whole would have been obvious
> at the time the invention was made to a person
> having ordinary skill in the art to which said
> subject matter pertains. Patentability shall not
> be negatived by the manner in which the invention
> was made.
>
> Subject matter developed by another person, which
> qualifies as prior art only under subsection (f)
> and (g) of section 102 of this title, shall not
> preclude patentability under this section where the
> subject matter and the claimed invention were, at
> the time the invention was made, owned by the same
> person or subject to an obligation of assignment to
> the same person.

12.    Claim 40 is rejected under 35 U.S.C. 103 as
being unpatentable over Wescoat '669 in view of Koza et
al.

GTech v. Scientific Games
04-128-JJF                                         GTECH 000722

Serial Number: 128070                    -5-

Art Unit: 236


The merits of Wescoat '669 have been discussed in par. 7 above. As such, Wescoat discloses the claimed invention except for the detection and counting of each access to the ticket storage means. However, Koza et al. clearly teach the advantage of providing and storing information related to the access of ticket storage compartments in a ticket dispensing environment as discussed in par. 10 above. It would be obvious to provide such a door access counting feature in the system of Wescoat in view of the advantages taught by Koza et al.

13.    Claims 42-45 and 49 are rejected under 35 U.S.C. 103 as being unpatentable over Muller et al. in view of Wescoat '699.

The merits of Wescoat have been discussed at par. 7, above. Muller et al. disclose an instant lottery system in which information including vendor identification data is printed on the ticket, col. 5, line 20.

Muller et al. further contemplate the use of plural dispensing units, col. 6, line 32. It is recognized that Muller et al. provide no details of the feeding and separation of tickets. However, these features are clearly disclosed by Wescoat. To provide the feeding and ticket separation features of Wescoat in the system of Muller et al. would be obvious in view of the teachings of Wescoat. It is further noted that the particular form of the vendor identification data is a

Serial Number: 128070                                    -6-

Art Unit: 236


matter of obvious design choice.

14.    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless—

15.        (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

16.    Claims 65, 68, 71 and 72 are rejected under 35 U.S.C. 102(e) as being anticipated by Hartmann.

Hartmann discloses a ticket dispenser including moving means (e.g., 44) for moving a strip a predetermined distance to be separated (Hartmann, col. 4, line 58 to col. 5 line 31), and position detector means (optical detector 31) for detecting the position moved. The comparison and storing operations are discussed at col. 4, lines 23-46.

17.    Claim 66 is rejected under 35 U.S.C. 103 as being unpatentable over Hartmann as applied to claims 65, 68, 71 and 72 above, and further in view of Kondur, Jr. et al.

The advantages of using a rotary code wheel such as 34 for position detection is disclosed by Kondur, Jr. et al. To use such a rotary code wheel for

GTech v. Scientific Games
04-128-JJF

GTECH 000724

Serial Number: 128070                           -7-

Art Unit: 236

position detection in Hartman would be obvious in view
of the techniques of Kondur, Jr. et al.

18.    Claim 70 is rejected under 35 U.S.C. 103 as
being unpatentable over Hartmann as applied to claims
65, 68, 71 and 72 above, and further in view of Wescoat
'699.

The advantages of using a bursting operation
to separate tickets in disclosed by Wescoat as discussed
in par. 7 above. To use such a bursting operation to
separate tickets in Hartmann would be obvious in view of
the teachings of Wescoat.

19.    Newly submitted claims 52-57 are directed to
an invention that is independent or distinct from the
invention originally claimed for the following reasons:
Claims 52-57 are drawn to a method of separating tickets
which is usable in combination other than the claimed
dispenser of the remaining claims.  Further, the claimed
dispenser of the originally presented claims does not
require the particulars of the ticket separator means of
claims 52-57 as evidenced, for example, by claim 30.

Since applicant has received an action on the
merits for the originally presented invention, this
invention has been constructively elected by original
presentation for prosecution on the merits.
Accordingly, claims 52-57 are withdrawn from
consideration as being directed to a non-elected
invention. See 37 CFR 1.142(b) and MPEP 821.03.

20.    Claims 33, 36-39, 67 and 69 are objected to as

GTech v. Scientific Games
04-128-JJF

GTECH 000725

Serial Number: 128070                          -8-

Art Unit: 236

being dependent upon a rejected base claim, but would be

allowable if rewritten in independent form including all

of the limitations of the base claim and any intervening

claims.

21.     Claims 61-63 would be allowable if rewritten

to overcome the rejection under 35 U.S.C. 112 and to

include all of the limitations of the base claim and any

intervening claims.

22.     The prior art made of record and not relied

upon is considered pertinent to applicant's disclosure.

        Berner is cited of particular interest in

disclosing a ticket(label) dispenser with position

control for proper bursting operation.

23.     Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to J.F. Ruggiero whose telephone number is
(703) 557-0470.

        Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-2878.

JFR/jrm

7/24/89

*Joseph Ruggiero*
JOSEPH RUGGIERO
PRIMARY EXAMINER
ART UNIT 236

GTech v. Scientific Games
04-128-JJF

GTECH 000726

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP 'P'–APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3–78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. | GROUP ART UNIT | ATTACHMENT TO PAPER NUMBER |
|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | *128,070* | *236* | *9* |
| | APPLICANT(S) | | | |
| | | *R. L. BURR et al* | | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 3 8 9 4 6 6 9 | 7-1975 | WESCOAT | 225 | 103 | |
| | B | 4 8 3 2 3 4 1 | 5-1989 | MULLER et al | 273 | 138A X | 8-21-86 |
| | C | 4 1 9 2 6 1 8 | 3-1980 | KONOUR, JR. et al | 226 | 44 X | |
| | D | 3 6 2 1 9 6 4 | 11-1971 | RIDDLE et al | 221 | 7 X | |
| | E | 4 0 9 4 4 5 1 | 6-1978 | WESCOAT | 225 | 96 | |
| | F | 4 3 7 5 1 8 9 | 3-1983 | BERNER et al | 225 | 100 X | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. PP. DWG. SPEC. |
|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | |
| | M | | | | | | | |
| | N | | | | | | | |
| | O | | | | | | | |
| | P | | | | | | | |
| | Q | | | | | | | |

**OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER | DATE |
|---|---|
| *RUGGIERO* | *7-19-89* |

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

GTech v. Scientific Games
04-128-JJF

GTECH 000727

$215™ 217 pp
#230
10

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Robert L. Burr, et al.

Serial No.    128,070                    Examiner: J. Ruggiero

Filed         December 3, 1987          Group No. 230

For           SYSTEM AND METHOD FOR      Date: January 25 , 19 90
              DISTRIBUTING LOTTERY TICKETS    RECEIVED

THE COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Sir:

        Transmitted herewith is an amendment in the above-identified
application.

        __X__  No additional fee is required.

        The fee has been calculated as shown below.

        ____  This is an application of a small entity
              under 37 CFR 1.9(f), and the amounts shown
              in parentheses apply.

CLAIMS AS AMENDED

| (1) | (2) Claims remaining after amendment | (3) | (4) Highest number previously paid for | (5) Present extra | (6) Rate | (7) Add'l fee |
|---|---|---|---|---|---|---|
| Total Claims | * | minus | ** = | X | $12(6) = | |
| Independent Claims | * | minus | *** = | X | $36(18) = | |
| | | | Total additional fee for this amendment | | | |

* If the entry in Column 2 is less than the entry in Column 4, write "0" in Column 5.

** If the highest number of total claims previously paid for is less than 20, write "20" in this space.

*** If the highest number of independent claims previously paid for is less than 3, write "3" in this space.

                    080  01/31/90  07128070

[MLB]C:\WP50\F\COVERPTO.AM                    1 217        215.00 CK

GTECH 000728

___ This application contains a multiple dependent claim.  The required fee of $120(60) has been previously paid ___, or is paid herewith ___.

___ This response is being filed within the ___ first month, ___ second month, _3_ third month, ___ fourth month following the expiration of the term originally set therefor, and the fee of ___ $62 (31), ___ $180 (90), ___ $430 (215), ___ $680 (340) for the requisite extension is due and ___ paid herewith.

_X_ A check in the amount of $ _215.00_ is attached.

___ Charge $_____ to Deposit Account No. 03-3925.

_X_ Please charge any additional fees incurred by reason of this response or credit any overpayment to Deposit Account No. 03-3925.  A duplicate copy of this sheet is enclosed.

CURTIS, MORRIS & SAFFORD, P.C.
Attorneys for Applicant(s)

By _____

Reg. No. _20,596_

(212) 840-3333

[MLB]C:\WP50\F\COVERPTO.AM

GTECH 000729

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant        :  Robert L. Burr, et al.

Serial No.       :  128,070

Filed            :  December 3, 1987

For              :  SYSTEM AND METHOD FOR DISTRIBUTING LOTTERY
                    TICKETS

Group Art Unit   :  230

Examiner         :  J. Ruggiero

                    530 Fifth Avenue
                    New York, New York 10036
                    January 25, 1990

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Commissioner of Patents and Trademarks,
Washington, D.C. 20231, on January 25, 1990

Gregor W. Neff, Reg. No 20,596
Name of Applicant, Assignee or Registered
Representative

_____
Signature

January 25, 1990
Date of Signature

**AMENDMENT**

Hon. Commissioner of Patents and Trademarks
Washington, D.C.   20231

Sir:

      In response to the Official Action of July 25, 1989,

please amend the above-identified patent application as follows:

IN THE SPECIFICATION:

      Page 17, lines 13 and 31, change "39" to --27--;

      Page 24, line 24, replace the entire line with the

following new line: "reflected slightly downwardly".

GTech v. Scientific Games
04-128-JJF

GTECH 000730

PATENT
3390-2010

<u>IN THE CLAIMS</u>:

~~26~~. (Twice Amended) Apparatus for dispensing <u>lottery</u> tickets, comprising:

ticket storage means for storing a plurality of <u>lottery</u> tickets connected in a fan-fold stream headed by a leading ticket, said tickets being separable from each other along lines of weakness;

transport means for feeding said stream of tickets from said ticket storage means along a predetermined dispensing path;

separation means for separating said leading ticket from said stream of tickets along a leading line of weakness between said leading ticket and a next following ticket by bursting said tickets apart along said leading line; [and]

manually accessible outlet means for receiving the separated ticket[.];

<u>wherein said separation means includes a dull-edged</u> <u>bursting blade movably mounted adjacent a predetermined bursting</u> <u>position along said path, holding means for holding said stream</u> <u>of tickets against substantial deflection from said path at said</u> <u>bursting position and bursting blade drive means for bringing</u> <u>said bursting blade into bursting contact with said stream of</u> <u>tickets at said bursting position to burst said leading ticket</u> <u>from said next following ticket</u>;

GN1.2010.Am.mm

2

PATENT
3390-2010

wherein said separation means includes feed alignment means for controlling said transport means to bring said leading line of weakness to said bursting position; and

wherein said alignment means includes sensor means for detecting a present position of said leading ticket relative to said bursting position, determining means for determining a transport direction and a displacement distance necessary to bring said leading line of weakness to said bursting position, and transport control means for generating a transport control signal indicative of said transport direction and displacement distance, said transport means being responsive to said transport control signal for transporting said stream of tickets in said transport direction by said displacement distance;

Cancel claims 31-33;

Claim 36, line 1, change "33" to --30--;

Cancel claims 46 and 48;

Cancel claims 52-57, subject to the right to pursue the claims in a divisional patent application.

Rewrite claims 58-61, 64, 65, 67, 69, 70 and 72 as follows:

58.  (Amended)  Apparatus for dispensing tickets from a strip of tickets delineated from one another by lines along which the material of said strip is weakened, said apparatus comprising, in combination, means for moving said strip towards a

GN1.2010.Rm.mm

3

GTech v. Scientific Games
04-128-JJF

GTECH 000732

PATENT
3390-2010

dispensing position, a separation member. means for holding said

strip adjacent one line along which said strip is to be

separated, and [bending] causing said strip to bend along said

one line at said dispensing position to facilitate tearing of

said strip by engagement with said separator member along said

one line while said strip is bent.

59.   (Amended)  Apparatus as in Claim 58 including

[separation means, having a separator member and] drive means for

creating motion of said separator member and said strip relative

to one another in a direction transverse to the strip, with said

member in contact with and deflecting said strip to bend said

strip along said one line and burst said tickets apart along said

one line.

60.   (Amended)  Apparatus as in Claim 59 in which said

means for holding said strip includes means for releasing [holds]

said strip [reasonably so that the] under the pull exerted by the

deflecting contact of said separator member with said strip

[tends to pull said strip] to adjust [its] the longitudinal

position of said strip in order to align said one line with said

member.

61.   (Amended)  Apparatus for dispensing tickets from a

strip of tickets delineated from one another by lines along which

the material of said strip is weakened. said apparatus

comprising. in combination. means for moving said strip towards a

GN1.2010.Am.mm

4

GTECH 000733

PATENT
3390-2010

dispensing position, means for holding said strip adjacent one line along which said strip is to be separated, and bending said strip along said line to facilitate tearing of said strip along said one line, including separation means having a separator member and drive means for creating motion of said separator member and said strip relative to one another in a direction transverse to the strip, with said member in contact with and deflecting said strip to bend said strip along said one line and burst said tickets apart along said one line, and including means for causing said separator member [apparatus as in Claim 59 in which said drive means is adapted] to break through said strip in one locale and then traverse the strip along said line.

64. (Amended) Apparatus as in Claim 58 in which said tickets are lottery tickets [printed on relatively stiff stock and] stored in fan-fold form.

65. (Amended) A dispenser for dispensing tickets from a strip of tickets printed in a strip with the individual tickets being delineated from one another by lines of weakness, moving means for moving said strip by a pre-determined distance to a position in which one of said lines is near a separation location at which adjacent tickets are separated from one another, said moving means comprising drive means for moving said strip by a pre-determined distance, and position detecting means for detecting the distance actually moved by said strip and producing

GN1.2010.Am.mm

5

PATENT
3390-2010

an output signal to control said drive means[.] to drive said
strip until said output signal indicates that said strip actually
has moved by said pre-determined distance to dispense one of said
tickets, and to control means for severing a ticket from said
strip.

---

30 67.  (Amended) A dispenser for dispensing tickets from
a strip of tickets printed in a strip with the individual tickets
being delineated from one another by lines of weakness, moving
means for moving said strip by a pre-determined distance to a
position in which one of said lines is near a separation location
at which adjacent tickets are separated from one another, said
moving means comprising drive means for moving said strip by a
pre-determined distance, position detecting means for detecting
the distance actually moved by said strip and producing an output
signal to control said drive means in which said detecting means
includes a rotary code member drivably coupled to said strip,
means for detecting the incremental movements of said wheel and
converting them into electrical signals [A dispenser as in Claim
66] and including an idler roller driven by the motion of said
strip and drivably coupled to a shaft, said code wheel being
mounted on said shaft.

---

37 68.  (Amended) A dispenser for dispensing tickets from
a strip of tickets printed in a strip with the individual tickets
being delineated from one another by lines of weakness, moving

GN1.2010.Am.mm

6

PATENT
3390-2010

means for moving said strip by a pre-determined distance to a position in which one of said lines is near a separation location at which adjacent tickets are separated from one another, said moving means comprising drive means for moving said strip by a pre-determined distance, position detecting means for detecting the distance actually moved by said strip and producing an output signal to control said drive means including a front edge detector to detect the front edge of a ticket to be separated, memory means for storing information corresponding to the distance said strip is to be driven after its front edge is detected and before separation, means for comparing the stored information with the output of said position detecting means, and for actuating separating means when a pre-determined comparison condition is reached. [A dispenser as in Claim 68] including separator means at said separation location, means for causing said dispenser to issue a plurality of tickets, the number of which corresponds to an order for a batch of tickets, and means for operating said separator means to separate each of said tickets from the others in said batch.

33~~76~~. (Amended) A dispenser as in Claim ~~65~~ including separator means for pushing on said strip with a separator member in the vicinity of said one line while gripping said strip on opposite sides of said one line to bend said strip along said line and tear said tickets apart along said one line.

GTech v. Scientific Games
04-128-JJF

GTECH 000736

PATENT
3390-2010

35 72.  (Amended) A dispenser as in Claim 65 in which said
tickets are lottery tickets [printed on relatively stiff stock],
and including housing means for storing said tickets in fan-fold
form, said dispensing apparatus being mounted in said housing.

GN1.2010.Am.mm

8

GTech v. Scientific Games
04-128-JJF

GTECH 000737

PATENT
3390-2010

## REMARKS

The text on page 24, line 4, has been amended to correct the poor syntax noted by the Examiner.  Claim 46 has been cancelled so that it does not need any amendment to correct its syntax.

The requirement to amend the drawings is respectfully traversed.  Reference numeral 90 actually is shown in Figures 5 and 7 of the drawings.  In Figure 5 it appears between reference numerals 88 and 86, and in Figure 7 it appears in the upper right-hand portion of the drawing.

The reference on page 17 the use of to reference numeral "39" was an error, and the error now has been corrected.  No amendment of the drawings is necessary.

The indefiniteness of claims 61-64 objected to by the Examiner has been corrected by the above amendment.

In response to the restriction requirement claims 52-57 have been cancelled, subject to the right to pursue those claims in a divisional patent application.

Other claims have been cancelled in order to reduce the total number of claims and to facilitate consideration and allowance of this patent application.

The rejection of claims 30-32, 58-60 and 64 as being anticipated by Wescoat '669 is respectfully traversed.

GN1.2010.Am.mm

9

GTech v. Scientific Games
04-128-JJF

GTECH 000738

PATENT
3390-2010

Claim 33 was objected to but was indicated to be allowable if rewritten in independent form. Claim 30 has been amended to incorporate the limitations of claim 33, and claims 31-33 have been cancelled. Therefore, claim 30 is in condition for immediate allowance.

Claims 36-39 also were indicated to be allowable if rewritten in independent form. Claim 36 has been amended to make it dependent from claim 30. Accordingly, claims 30 and 36-39 are believed to be in condition for immediate allowance. Since claims 40-45 also depend from claim 30, they are allowable with claims 30 and 36-39.

Claims 46 and 48 also have been cancelled. Therefore, in the rejection of claims 30-32, 58-60 and 64, only the rejection of claims 58-60 and 64 need be discussed.

Applicants do not agree with the evaluation of the prior art cited against claims 30-48, but the foregoing amendments make those issues moot and unnecessary to discuss here.

Claim 58 is directed to the advantageous feature of the invention in which means are provided for holding a strip of tickets adjacent a weakened line along which the strip is to be separated, and causing the strip to bend along the line at the dispensing position in the dispenser. This facilitates tearing

GN1.2010.Am.mm

10

GTech v. Scientific Games
04-128-JJF

GTECH 000739

PATENT
3390-2010

of the strip by engagement with a separator member along the line
while the strip is bent.

As it has been explained in the Amendment of May 17,
1989, the bending of the strip along a line of weakness at the
dispensing position has clever and unobvious advantages.  First,
by simultaneously bending the strip along the line and tearing it
along the same line, the bending of the strip provides a groove
into which the separator member fits so as to ensure that the
tickets are torn apart along a perforated line rather in the
middle of a ticket.  Secondly, bending the ticket strip along the
line of weakness ensures a concentration of the tearing forces
along the perforation instead of elsewhere.  This reduces the
tearing of tickets in half and other ticket mutilations suffered
by prior devices which cut the ticket.

The Wescoat '669 reference does not operate in this
fashion.  As the Examiner correctly states, (on page 3 of the
Official Action of July 25), the hold-down roll 79 prevents
deflection of the tickets from the feed path during bursting.
This holds the ticket very firmly and securely and prevents it
from moving during separation of the ticket.  The breaker bar 71
has a very fast "karate-chop" action to separate the tickets.

Wescoat takes special care to provide <u>longitudinal</u>
creases 86 and 87 (see Figure 3) to stiffen the strip
longitudinally to ensure that it will remain flat in the plane in
GN1.2010.Am.mm

11

PATENT
3390-2010

which the breaker bar is to hit it.  This operation is explained
in column 3, lines 30 through 48 of the patent.  The result of
this operation is that the device shown in Wescoat '669 operates
essentially to <u>cut</u> the tickets from one another, and does not
"burst" them apart.  This is explained in column 3, lines 41-48
of Wescoat '669, as well in the later Wescoat Patent 4,094,451
cited by the Examiner, in which Wescoat '669 is discussed.

In column 1, lines 27 through 53 of Wescoat '451, the
Wescoat '669 device is discussed.  In lines 33 through 37,
Wescoat says that in the '669 device:

"The bowed end-most ticket thus is
rigidified, as it spans the gap to a stop
means, so that a down moving blunt breaker
bar can deliver a karate blow at the line of
perforation to separate the ticket".

Wescoat admits that the device in his '669 patent does
not solve the problem of inaccurately separated tickets because
he states, in lines 49-53 of column 1 of the '451 patent:

"Thus some lottery customer might pay for his
ticket and obtain only a half ticket or a
mutilated ticket and thereby lose his right
to claim the million dollar, or other,
prize".

Subsequent devices such as that shown in the Hartmann
reference 4,716,799 have resorted to sharp cutting blades, and
also have the problem of mutilating the tickets.

Wescoat '451 does suggest a series of rollers to
prebend the ticket strip at the perforations.  See the upper

GN1.2010.Am.mm

12

PATENT
3390-2010

left- hand portion of Figure 2, for example, and column 3, lines 51-67. However, this is done only to weaken the material at the perforation lines in case the tickets have malformed or incomplete perforations. The bending is not done at the dispensing position; instead, Wescoat again "rigidifies" the ticket at the separation location and does not gain any of the extra advantages which are obtained by applicant's invention. Specifically, the strip is not bent along the line of perforation simultaneously with engaging the strip with a separator member so that the separator member is not automatically guided accurately towards the perforation. Furthermore, there is no possibility for longitudinal adjustment of the position of the strip, as is performed in applicant's invention.

In view of these unobvious advantages, the features of claim 58 are neither shown nor suggested by either of the Wescoat references, and claim 58 is allowable.

Claim 59 depends from claim 58 and specifically recites means for creating relative motion of the separator member in the strip relative to one another. Claim 59 depends from and is allowable with claim 58.

Claim 60 depends from claim 59 and recites the advantageous mechanism by means of which automatic adjustment of the position of the strip is accomplished. The holding means is adapted to release the strip under the pull exerted by the

GN1.2010.Am.mm

13

GTECH 000742

PATENT
3390-2010

deflecting motion of the separator member when it bends the strip. This allows the strip to slip longitudinally and be automatically adjusted in position for any slight misalignment which might have occurred since the last ticket was dispensed.

This concept is directly opposite to the concept used in the Wescoat patents of holding the ticket strip firmly against any longitudinal slippage and "rigidifying" it while a ticket is being cut-off by a breaker bar.

Claim 61 had been indicated to be allowable if rewritten to eliminate its indefiniteness. This now has been done, and it has been made independent. Therefore, claim 61 is believed to be allowable.

Claim 62 and claim 63 depend from claim 61 and are allowable therewith, as indicated by the Examiner in the Official Action.

Claim 64 depends from claim 58 and is allowable therewith, and now has been amended to eliminate the indefiniteness cited by the Examiner.

Accordingly, it is respectfully submitted that claims 58-64 are in condition for allowance.

The rejection of claims 65, 68 71 and 72 as being anticipated by Hartmann is respectfully traversed.

Claim 65 and its dependent claims is directed to the feature whereby the machine, when it is actually dispensing

GN1.2010.Am.mm

14

GTECH 000743

PATENT
3390-2010

tickets, has means for detecting the distance actually moved by
the strip and producing an output signal which is used to control
the drive means and means for severing a ticket from the strip.
By measuring the distance _actually_ moved by the strip, highly
accurate feeding of the strip is made possible.

This is not the case with the Hartmann device.  The
Hartmann device does not have means for measuring the _actual_
distance travelled by the strip and using of the information so
detected to control the drive motor and severing means to
dispense tickets.

Actually, the perforation detector device 32 is used by
Hartmann only during the calibration of the device, during which
the distances between at least three different perforations are
measured, and an average value is taken.  The measurement of the
distance traveled by the ticket strip during the actual
dispensing of tickets is determined by or counting the steps of
the stepping drive motor.  This permits a major inaccuracy in the
driving of the strip in that, if the drive slips and fails to
move the ticket strip forward for any particular distance, this
creates an error in the location of the cut made by the cutting
means.  This produces tickets cut in half and otherwise
mutilated.  This is because the device which counts stepping
motor pulses simply does not detect the _actual_ position of the
strip.

GN1.2010.Am.mm

15

GTECH 000744

PATENT
3390-2010

In applicant's invention, slippage of the drive rollers does not matter, because the motion detector is coupled to an idler roller which is driven only by the movement of the ticket strip.

To prove that Hartmann's concept is directly opposite that the invention reference should be had to column 5, where it is stated (lines 24-31);

> "Since the ticket length has been calculated, the device according to the present invention does not rely upon the detection of a perforation after calibration to issue a ticket, thus eliminating errors due to blocked perforations. A blocked perforation is accounted for in a calibration routine by discounting ticket lengths exceeding the maximum criteria and also by requiring the average of a number of ticket lengths."

As a result of applicant's invention, the burster mechanism usually is located accurately near one of the perforation lines. It still may be off by a small distance, but this can be automatically compensated for by the automatic adjustment means discussed above.

Thus, applicant's have invented a practical, accurately operating mechanism and method for accurately separated tickets. Therefore, claim 65 is allowable over the cited prior art.

Claim 66 depends from claim 65 and is allowable therewith. It specifies that the detecting means is a rotary code member drivably coupled to the strip, and recites means for

GN1.2010.Am.mm

16

GTECH 000745

PATENT
3390-2010

detecting the incremental movements of the wheel and converting
them into electrical signals.

The reference 4,192,618 to Kondur, et al. does not make
claim 66 obvious.  Kondur is a dot matrix printer which has very
high accuracy requirements for the location of dots forming
characters in printing.  Such requirements usually are thought
not to be present in a ticket dispenser.  It is evidence of
applicants' ingenuity in realizing that such a device can be used
to great advantage in a ticket dispenser.

Claim 68 depends from and is allowable with claim 65.
Moreover, Hartmann does not show or suggest the specific front
edge detector and storage means, together with comparing means
for determining when the distance moved by the strip matches that
stored in the memory.  Therefore, claim 68 also is allowable.

Claims 67 and 69 have been rewritten in independent
form, as suggested by the Examiner, and therefore are believed to
be allowable.

The further rejection of claim 70 in view of Hartmann
and Wescoat '669 also is respectfully traversed.  Claim 70
specifies the bending of the strip along the tear line to
facilitate tearing of the tickets apart along the lines.  The
benefits of this bending operation has been discussed above and
is not shown or suggested by the combination of the references.

Claim 71 depends from claim 68 and specifies input

GN1.2010.Am.mm

17

GTECH 000746

PATENT
3390-2010

means for storing corresponding information in the memory means
for tickets of a different size.  Thus, stored information can be
stored in the memory so that the machine can quickly be modified
to accept and dispense tickets of different sizes.  This feature
is not shown or suggested by Hartmann.

Claim 72 depends from and is allowable with claim 65.

It is believed that the references which have been
cited but not specifically applied are not sufficiently pertinent
to require discussion.

In summary, the claims have been distinguished over the
prior art and are believed to be in allowable form.  Accordingly,
it is respectfully requested that the application be passed to
issue.

Respectfully submitted,

CURTIS, MORRIS & SAFFORD, P.C.
Attorneys for Applicant

By
Gregor N. Neff
Reg. No. 20,596
(212) 840-3333

GN1.2010.Am.mm

18

GTECH 000747



RECEIVED

FEB 6 1990

GROUP 250

<u>**CERTIFICATE OF EXPRESS MAIL**</u>

I hereby certify that the attached correspondence is being deposited in the United States Postal Services as "EXPRESS MAIL" in an envelope addressed to:

      Hon. Commissioner of Patents and Trademarks,

      Washington, D.C.  20231

         on January 25, 1990

       under Express Mail No. B02177771Y

               By: _____



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

07/128,070   12/03/87    BURR                                  ⌐      933-2130

CURTIS, MORRIS & SAFFORD
530 FIFTH AVENUE                                      RUGGIERO,J
NEW YORK, NY 10036

                                                         236        /2

                                                         03/01/90

☐ This application has been examined   ☐ Responsive to communication filed on _1-25-90_   ☑ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.   35 U.S.C. 133

**Part I**    **THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.       2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.           4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.  6. ☐ _____

**Part II**   **SUMMARY OF ACTION**

1. ☑ Claims _20,21,24,25,27-30, 34-40, 42-45,49-51 and 58-72_ are pending in the application.

     Of the above, claims _____ are withdrawn from consideration.

2. ☑ Claims _1-19, 22, 23, 26, 31-33,41, 46-48 and 52-57_ have been cancelled.

3. ☑ Claims _20,21,24,25, 27-30, 34-40, 42-45,50,51 and 58-72_ are allowed.

4. ☑ Claims _49_ _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
    are  ☐ acceptable.  ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____ has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____ ; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

GTech v. Scientific Games
04-128-JJF

PTOL-326 (Rev. 8-88)                          **EXAMINER'S ACTION**                     **GTECH 000749**

Serial No. 07/128,070                                    Page 2

Art Unit 236

1.      The following is a quotation of 35 U.S.C. $ 103 which
forms the basis for all obviousness rejections set forth in this
Office action:

    A patent may not be obtained though the invention is not
    identically disclosed or described as set forth in section
    102 of this title, if the differences between the subject
    matter sought to be patented and the prior art are such that
    the subject matter as a whole would have been obvious at the
    time the invention was made to a person having ordinary skill
    in the art to which said subject matter pertains.
    Patentability shall not be negatived by the manner in which
    the invention was made.

    Subject matter developed by another person, which qualifies
    as prior art only under subsection (f) or (g) of section 102
    of this title, shall not preclude patentability under this
    section where the subject matter and the claimed invention
    were, at the time the invention was made, owned by the same
    person or subject to an obligation of assignment to the same
    person.

        Claim 49 remains rejected under 35 U.S.C. $ 103 as being

unpatentable over Muller et al in view of Wescoat '699.

        See the discussion at par. 13 of the previous Office

action, paper no. 9.

2.      Applicant's arguments filed Jan. 25, 1990 have been fully

considered but they are not deemed to be persuasive.

        Independent claim 49, the only rejected claim remaining

in the application, has not been amended and no arguments have been

presented as to why it is allowable over the art as expressed in

the above rejection.

GTech v. Scientific Games
04-128-JJF

GTECH 000750

Serial No. 07/128,070                                      Page 3

Art Unit 236

3.        THIS ACTION IS MADE FINAL. Applicant is reminded of the

extension of time policy as set forth in 37 C.F.R. § 1.136(a).

The practice of automatically extending the shortened statutory

period an additional month upon the filing of a timely first

response to a final rejection has been discontinued by the Office.

See 1021 TMOG 35.

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION
IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION.  IN THE
EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING
DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED
UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD,
THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE
ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37
C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE
ADVISORY ACTION.    IN NO EVENT WILL THE STATUTORY PERIOD FOR
RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL
ACTION.

4.        Any inquiry of a general nature or relating to the

status of this application should be directed to the group

receptionist at (703) 557-2878. Any inquiry concerning the

substance of this communication should be directed to the

undersigned at (703) 557-0470.

jfr

February 26, 1990

JOSEPH RUGGIERO
PRIMARY EXAMINER
ART UNIT 236

GTech v. Scientific Games
04-128-JJF

GTECH 000751



62.00 - 115

GP#
13
230

PATENT 3390-2010

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : | Robert L. Burr |
| Serial No. | : | 128,070 |
| Filed | : | December 3, 1987 |
| For | : | SYSTEM AND METHOD FOR DISTRIBUTING LOTTERY TICKETS |
| Examiner | : | J. Ruggero |
| Art Unit | : | 230 |
| Paper No. | : | 14 |

530 Fifth Avenue
New York, New York 10036
(212) 840-3333

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class in an
envelope addressed to:
Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231, on June 26, 1990

Gregory N. Neff
Name of Applicant, Assignee or Registered
Representative

Signature

June 26, 1990
Date of Signature

Hon. Commissioner of Patents
 and Trademarks
Washington, D.C.  20231

June 26, 1990

### PETITION TO EXTEND

Sir:

        Under the provisions of 37 C.F.R. Section 1.17(a),

applicant hereby petitions for an extension of time to file a

response due June 1, 1990, in the above-identified application.

140 RP 07/11/90 07128070                    1 115      62.00 CK

GTech v. Scientific Games
04-128-JJF

GTECH 000752

PATENT 3390-2010

The requested extension of time is one month, i.e., to July 1, 1990, and applicant encloses herewith a check in the amount of $62.00 in payment of the statutory fee therefor. Please charge any additional fees or credit any excess to our Deposit Account No. 03-3925.

Respectfully submitted,

Gregor N. Neff
Registration No. 20,596
Curtis, Morris & Safford
Attorneys for Applicant
(212) 840-3333

Enclosure
- Check $62.00 (1 month ext.)
GN2:tmi\2010pet.627

-2-

GTech v. Scientific Games
04-128-JJF

GTECH 000753



 

PATENT 3390-2010

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Applicant | : | Robert L. Burr, et al. |
|---|---|---|
| Serial No. | : | 128,070 |
| Filed | : | December 3, 1987 |
| For | : | SYSTEM AND METHOD FOR DISTRIBUTING LOTTERY TICKETS |
| Examiner | : | J. Ruggiero |
| Art Unit | : | 230 |
| Paper No. | : | 13 |

530 Fifth Avenue
New York, New York 10036
(212) 840-3333

I hereby certify that this correspondence
is being deposited with the United States
Postal Service as first class mail in an
envelope addressed to:
Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231, on June 26, 1990

_____
Gregor N. Neff
Name of Applicant, Assignee or Registered
Representative

_____
Signature

June 26, 1990
Date of Signature

Hon. Commissioner of Patents                              June 26, 1990
  and Trademarks
Washington, D.C.  20231

AMENDMENT

Sir:

In response to the Official Action of March 1, 1990,

please amend the above-identified patent application as follows:

PATENT 3390-2010

<u>In the Claims</u>:

Cancel claims 49 and 59. Rewrite claim 58 as follows:

58. (Twice Amended)  Apparatus for dispensing tickets from a strip of tickets delineated from one another by lines along which the material of said strip is weakened, said apparatus comprising, in combination, means for moving said strip towards a dispensing position, a separation member, means for holding said strip adjacent one line along which said strip is to be separated, and causing said strip to bend along said one line at said dispensing position to facilitate tearing of said strip by engagement with said separator member along said one line while said strip is bent[.], <u>and including drive means for creating</u> <u>motion of said separator member and said strip relative to one</u> <u>another in a direction transverse to the strip, with said member in</u> <u>contact with and deflecting said strip to bend said strip along</u> <u>said one line and burst said tickets apart along said one line.</u>

Claim 60, line 1, change "59" to --58--.

## R E M A R K S

Claim 49, the only claim not previously allowed, now has been cancelled.

In addition, previously allowed claim 58 has been limited by adding the limitations of claim 59, and claim 59 has been cancelled. This has been done in view of Kostka, et al., 4,140,259 and Herring 4,157,670 (copies enclosed), two references which

-2-

GTech v. Scientific Games
04-128-JJF

GTECH 000755

PATENT 3390-2010

became known to the applicants' attorneys only recently, subsequent to the date of the action to which a response is being made.

Our form PTO 1449 is enclosed and it is respectfully requested that these references be added to the list of cited references in the patent when it issues.

In the Kostka reference, it is believed that the most pertinent portions are in figures 1, 2 and 6, and column 3, line 50 to column 4, line 61.

In the Herring reference, it is believed that the most pertinent portions are the Abstract, Figure 2 of the drawings, column 4, lines 30-68, and column 6, lines 15-27.

It is respectfully submitted that the application is in condition for immediate allowance, and its allowance is respectfully requested.

Respectfully submitted,

Gregor N. Neff
Registration No. 20,596
Curtis, Morris & Safford, P.C.
Attorneys for Applicant
(212) 840-3333

Enclosures
  - Petition to Extend (one month)
  - Check for $62.00
  - Kostka, U.S. Patent No. 4,140,259 (copy)
  - Herring, U.S. Patent No. 4,157,670 (copy)
  - PTO Form 1449 (IDS)

GN2\2010AM.622

-J-

GTECH 000756

MAIL ROOM
JUN 29 1990
PAT. & TRADEMARK OFF.

# Sheet ___ of ___

| FORM PTO-1449 (REV. 7-80) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. 3390-2010 | SERIAL NO. 07/128,070 |
|---|---|---|---|
| | | APPLICANT Robert L. Burr, et al. | |
| (Use several sheets if necessary) | | FILING DATE December 3, 1987 | GROUP 230 |

### U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | | | | | | | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JK | AA | 4 | 1 | 5 | 7 | 6 | 7 | 0 | 6/12/79 | Lloyd D. Herring | 83 | 165 | |
| JK | AB | 4 | 1 | 4 | 0 | 2 | 5 | 9 | 2/20/79 | Frank Kostka | 225 | 16 | |
| | AC | | | | | | | | | | | | |
| | AD | | | | | | | | | | | | |
| | AE | | | | | | | | | | | | |
| | AF | | | | | | | | | | | | |
| | AG | | | | | | | | | | | | |
| | AH | | | | | | | | | | | | |
| | AI | | | | | | | | | | | | |
| | AJ | | | | | | | | | | | | |
| | AK | | | | | | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | | | | | | | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | AL | | | | | | | | | | | | | |
| | AM | | | | | | | | | | | | | |
| | AN | | | | | | | | | | | | | |
| | AO | | | | | | | | | | | | | |
| | AP | | | | | | | | | | | | | |

### OTHER PRIOR ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | AR | |
|---|---|---|
| | AS | |
| | AT | |

| EXAMINER RUGGIERO | DATE CONSIDERED 7-19-90 |
|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

USCOMM-DC 80-0905

GTECH 000757

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/128,070 | 12/03/87 | BURR | R 332-2130 |

EXAMINER

RUGGIERO, J

| ART UNIT | PAPER NUMBER |
|---|---|
| 236 | 16 |

CURTIS. MORRIS & SAFFORD
530 FIFTH AVENUE
NEW YORK, NY 10036

DATE MAILED  07/20/90

## NOTICE OF ALLOWABILITY

**PART I.**

1. ☒ This communication is responsive to *applicants' communication filed 6-29-90*
2. ☒ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.
3. ☒ The allowed claims are *20, 21, 24, 25, 27-30, 31-40, 42-45, 50, 51, 58, and 60-72*
4. ☒ The drawings filed on *5-19-89* are acceptable.
5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [...] been received. [...] not been received. [...] been filed in parent application Serial No. _____ filed on _____.
6. ☐ Note the attached Examiner's Amendment.
7. ☐ Note the attached Examiner Interview Summary Record, PTOL-413.
8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.
9. ☒ Note the attached NOTICE OF REFERENCES CITED, PTO-892.
10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

**PART II.**

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.
2. ☐ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.
   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____. CORRECTION IS REQUIRED.
   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.
   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.
   d. ☐ Formal drawings are now REQUIRED.

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
- Examiner's Amendment
- Examiner Interview Summary Record, PTOL-413
- Reasons for Allowance
- Notice of References Cited, PTO-892
- ☒ Information Disclosure Citation, PTO-1449
- Notice of Informal Application, PTO-152
- Notice re Patent Drawings, PTO-948
- Listing of Bonded Draftsmen
- Other

JOSEPH RUGGIERO
PRIMARY EXAMINER
ART UNIT 236

PTOL-37 (REV. 11-88)                                USCOMM-DC 89-3618

   In view of the papers filed March 16, 1988, it has been
found that this application, as filed, through error and without
any deceptive intent, improperly set forth the inventorship, and
accordingly, this application has been corrected in compliance
with 37 C.F.R. § 1.48. The inventorship of this application has
been changed by the addition of Alfred L. Fulton.

GTECH 000758

GTech v. Scientific Games
04-128-JJF



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: Box ISSUE FEE
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

CURTIS, MORRIS & SAFFORD
530 FIFTH AVENUE
NEW YORK, NY 10036

**NOTICE OF ALLOWANCE**
**AND ISSUE FEE DUE**

[ ] Note attached communication from the Examiner
[ ] This notice is issued in view of applicant's communication filed _____

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/128,070 | 12/03/87 | 035 | RUGGIERO, J | 236 | 07/20/90 |

| First Named Applicant | BURR, | | ROBERT L. | |

TITLE OF INVENTION    SYSTEM FOR DISTRIBUTING LOTTERY TICKETS
(AS AMENDED)

| | ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|---|
| 2 | 332-2130 | 364-479.000 | H27 | UTILITY | NO | $620.00 | 10/22/90 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.**
**PROSECUTION ON THE MERITS IS CLOSED.**

**THE ISSUE FEE MUST BE PAID WITHIN _THREE MONTHS_ FROM THE MAILING DATE OF THIS NOTICE OR THIS**
**APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.**

**_HOW TO RESPOND TO THIS NOTICE:_**

I. Review the SMALL ENTITY Status shown above.

If the SMALL ENTITY is shown as YES, verify your
current SMALL ENTITY status:
A. If the Status is changed, pay twice the amount of the
FEE DUE shown above and notify the Patent and
Trademark Office of the change in status, or
B. If the Status is the same, pay the FEE DUE shown
above.

If the SMALL ENTITY is shown as NO:
A. Pay FEE DUE shown above, or
B. File verified statement of Small Entity Status before, or with,
payment of 1/2 the FEE DUE shown above.

II. Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE.
Even if the ISSUE FEE has already been paid by a charge to deposit account, Part B should be completed and returned.
If you are charging the ISSUE FEE to your deposit account, Part C of this notice should also be completed and returned.

III. All communications regarding this application must give series code (or filing date), serial number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of**
**maintenance fees.**

**PATENT AND TRADEMARK OFFICE COPY**

PTOL-85 (REV 12-88)(OMB Clearance is pending)

GTECH 000759

# F I G. 1





F I G.8A

F I G.8B

GTech v. Scientific Games
04-128-JJF

GTECH 000760

## F I G. 2A

```
DAILY  SALES  RPT
FOR  00/00/00

AGENT  #      000000
MACH  #    00000000
SALES      $0000. 00
PAID        $000 . 00
NET        $0000 . 00
SE              00
```

## F I G. 2C

```
WEEKLY  INVOICE
FOR  W/E  00/00/00

AGENT    #      000000
MACH     #   00000000

SALES      $0000 .00
PAY        $000 .00
COMM       $000 .00
NET DUE    $0000 .00
```

## F I G. 2B

```
WEEKLY  SALES  RPT
FOR  W/E  00/00/00

AGENT  #      000000
MACH   #   00000000
SALES
PAID
NET
SE
```

## F I G. 2D

```
CURRENT  SALES
00/00/00           0000 :00

AGENT   #        000000
MACH    #     00000000
FOR CURRENT DAY
SALES           $0000.00
PAID             $000.00
NET             $0000.00
SE                  00

FOR  THIS  REPORT
SALES           $0000.00
PAID             $000 .00
NET             $0000.00
SE                  00
```

GTech v. Scientific Games
04-128-JJF

GTECH 000761



F I G. 3

F I G. 4

F I G. 9

GTech v. Scientific Games
04-128-JJF

GTECH 000762



F I G. 5

F I G. 6

GTech v. Scientific Games
04-128-JJF

GTECH 000763

**U.S. Patent**     Jan. 1, 1991     Sheet 5 of 8     **4,982,337**



F I G. 7

GTech v. Scientific Games
04-128-JJF

GTECH 000764

# F I G. 10



F I G. 11

GTECH 000766

# F I G. 12



GTech v. Scientific Games
04-128-JJF

GTECH 000767

PART B – ISSUE FEE TRANSMITTAL

*620.00-142* B

**MAILING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 2 through 6 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advanced orders and notification of maintenance fees will be mailed to addressee entered in Block 1 unless you direct otherwise, by: (a) specifying a new correspondence address in Block 3 below; or (b) providing the PTO with a separate "FEE ADDRESS" for maintenance fee notifications with the payment of Issue Fee or thereafter. See reverse for Certificate of Mailing.

| 1. CORRESPONDENCE ADDRESS | 2. INVENTOR(S) ADDRESS CHANGE (Complete only if there is a change) |
|---|---|
| | INVENTOR'S NAME |
| CURTIS, MORRIS & SAFFORD | Street Address |
| 530 FIFTH AVENUE | City, State and ZIP Code |
| NEW YORK, NY 10036 | CO-INVENTOR'S NAME |
| MAIL ROOM OCT 22 1990 PAT. & TRADEMARK OF. | Street Address |
| | City, State and ZIP Code |
| E | ☐ Check if additional changes are on reverse side |

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/128,070 | 12/03/87 | 035 | RUGGIERO, J | 236 | 07/20/90 |

First Named Applicant    BURR    ROBERT L.

TITLE OF INVENTION    SYSTEM FOR DISTRIBUTING LOTTERY TICKETS
(AS AMENDED)

| | ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|---|
| 2 | 332-2130 | 364-479.000 | H27 | UTILITY | NO | 620.00 | 10/22/90 |

| 3. Further correspondence to be mailed to the following: | 4. For printing on the patent front page, list the names of not more than 3 registered patent attorneys or agents OR alternatively, the name of a firm having as a member a registered attorney or agent. If no name is listed, no name will be printed. | 1 Gregor N. Neff, Esq. Reg. No. 20,596 |
|---|---|---|
| | | 2 Curtis, Morris & Safford, P.C. Reg. No. 12,761 |
| | | 3 |

DO NOT USE THIS SPACE

080 AL 10/24/90 07128070                1 142        620.00 CK

PT10083   10/26/90   07128070   03-3925   010   501   15.00CH

| 5. ASSIGNMENT DATA TO BE PRINTED ON THE PATENT (print or type) | 6a. The following fees are enclosed: |
|---|---|
| (1) NAME OF ASSIGNEE: | ☒ Issue Fee    ☐ Advanced Order - # of Copies _____ |
| (2) ADDRESS: (City & State or Country) | 6b. The following fees should be charged to: (Minimum of 10) DEPOSIT ACCOUNT NUMBER  03-3925 (Enclose Part C) |
| (3) STATE OF INCORPORATION, IF ASSIGNEE IS A CORPORATION | ☐ Issue Fee    ☐ Advanced Order - # of Copies _10_ |
| A. ☒ This application is NOT assigned. | ☒ Any Deficiencies in Enclosed Fees (Minimum of 10) |
| ☐ Assignment previously submitted to the Patent and Trademark Office. | The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above. |
| ☐ Assignment is being submitted under separate cover. Assignments should be directed to Box ASSIGNMENTS. | (Signature of party in interest of record)    (Date) |
| **PLEASE NOTE:** Unless an assignee is identified in Block 5, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment. | Gregor Neff    10/18/90 |
| JTJ | **NOTE:** The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office. |

*PTOL-85B (REV 12-88)(OMP ***** nce is pending)    TRANSMIT THIS FORM WITH FEE·CERTIFICATE OF MAILING ON REVERSE

**Certificate of Mailing**

I hereby certify that this correspondence is being deposited with
the United States Postal Service with sufficient postage as first cl ss
mail in an envelope addressed to:

> Box ISSUE FEE
> Commissioner of Patents and Trademarks
> Washington, D.C. 20231

on _____October 18, 1990_____
               **(Date)**

_____Gregor N. Neff_____
**(Name of person making deposit)**

_____
**(Signature)**

_____18 Oct 90_____
**(Date)**

Note: If this certificate of mailing is used, it can only be used to transmit the
Issue Fee. This certificate cannot be used for any other accompanying
papers. Each additional paper, such as an assignment or formal drawings,
must have its own certificate of mailing.

This form is estimated to take 20 minutes to complete. Time will vary
depending upon the needs of the individual applicant. Any comments on
the amount of time you require to complete this form should be sent to the
Office of Management and Organization, Patent and Trademark Office,
Washington, D.C. 20231 and to the Office of Information and Regulatory
Affairs, Office of Management and Budget, Washington, D.C. 20503.

CASE PTOL-85B (REV 12-88)(OMB Clearance is pending)

GTech v. Scientific Games
04-128-JJF

GTECH 000769



PTO UTILITY GRANT
Paper Number _77_

The Commissioner of Patents
and Trademarks

Has received an application for a patent
for a new and useful invention. The title
and description of the invention are en-
closed. The requirements of law have
been complied with, and it has been de-
termined that a patent on the invention
shall be granted under the law.

Therefore, this

United States Patent

Grants to the person or persons having
title to this patent the right to exclude
others from making, using or selling the
invention throughout the United States
of America for the term of seventeen
years from the date of this patent, sub-
ject to the payment of maintenance fees
as provided by law.

*Harry F. Manbeck, Jr.*
Commissioner of Patents and Trademarks

*Sandra L. Morton*
Attest

The United States of America

PTO-1584

#18

MAR 15 95

RECEIVED

PATENT MAINTENANCE
DIVISION

Attorney's Docket No. _____

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**Patent**

Patent No. 4,982,337
Issue Date January 1, 1991

**Application**

Serial No. 07 / 128,070
Filing Date December 3, 1987

**WARNING:** Mandatory identifiers: Maintenance fee (and surcharge, if any) payment must correctly identify: (1) the patent number (or reissue patent number, if a reissue) and (2) the serial number of the actual U.S. application (or reissue application) leading to issuance of that patent. 37 CFR 1.366(c) and (d).

(also complete the following additional information, if applicable)

The above-identified patent:

☐ is a reissue of original Patent No.: _____ original issue date _____; original application serial number 0 / _____; original filing date _____

☐ resulted from the entry into the U.S. under 35 USC 371 of international application _____ filed on _____

Box M. Fee
Commissioner of Patents and Trademarks
Washington, D.C. 20231

PMD ①

Fee Code
Fee Amount $

Fee Code
Fee Amount OF

**PETITION TO ACCEPT UNINTENTIONALLY DELAYED PAYMENT OF MAINTENANCE FEE IN EXPIRED PATENT (37 CFR 1.378(c) and (e))**

1. This is a petition to accept the payment of the maintenance fee which was due on this patent as follows:

---

**CERTIFICATION 37 CFR 1.8(a) and 1.10**

I hereby certify that this correspondence is, on the date shown below, being:

**MAILING**

☐ deposited with the United States Postal Service in an envelope addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231

**37 CFR 1.8(a)**

☐ with sufficient postage as first class mail

**37 CFR 1.10**

☒ as "Express Mail Post Office to Addressee"
Mailing Label No. TB397832380US

**TRANSMISSION**

☐ transmitted by facsimile to the Patent and Trademark Office.

Date: 3/14/95

Signature

J. Robert Chambers (R. No. 25,448)
(type or print name of person certifying)

140 FT 04/05/95 4962337                    2 263    480.00 CK
140 FT 04/05/95 4982337                    2 188  1,500.00 CK

GTech v. Scientific Games
04-128-JJF

GTECH 000771

### DATE FEE DUE AND GRACE PERIOD

2.  The maintenance fee was due <u>July 1, 1994</u>
(date)

The six-month grace period provided in § 1.362(e) expired on <u>January 1, 1995</u>
(date)

### TIME OF FILING OF THIS PETITION

3.  This petition is being filed within twenty-four months after the six-month grace period provided in § 1.362(e) as required by 37 CFR § 1.378(c).

### DELAY UNINTENTIONAL

4.  The delay in paying the maintenance fee for this patent was unintentional.

   **WARNING:** *"A statement that the delay in payment of the maintenance fee was unintentional would not be appropriate unless the entire delay, up until the maintenance fee was actually paid, was unintentional." Notice of November 23, 1992 (1145 O.G. 339 to 343, at 341).*

### MAINTENANCE FEE (37 CFR 1.20(e)-(g))

5.

|  |  |  | Small Entity | Other Than Small Entity |
|---|---|---|---|---|
| ☒ | 3½ years | (37 CFR 1.20(e)) | $ 480.00 | 960.00 |
| ☐ | 7½ years | (37 CFR 1.20 (f)) | $ 965.00 | 1,930.00 |
| ☐ | 11½ years | (37 CFR 1.20(g)) | $ 1,450.00 | 2,900.00 |

Fee being submitted $ <u>480.00</u>

*(complete 2 or 3 below, if applicable)*

### SMALL ENTITY

*(complete if applicable)*

6.

☒ Attached herewith is a verified statement establishing small entity status.

☐ A verified statement establishing small entity status for this patent was filed on

<u>                    </u>
*(date of filing verified statement)*

☐ and it is confirmed that small entity status for this patent has been checked and is still in effect.

GTech v. Scientific Games
04-128-JJF

GTECH 000772

7.     **LOSS OF ENTITLEMENT TO SMALL ENTITY STATUS**

NOTE: *37 CFR 1.28(b) requires "Notification of any change in status resulting in loss of entitlement to small entity status must be filed in . . . patent prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate pursuant to § 1.9 of this part." From the wording of 37 CFR 1.28(a): notification of change of status (a) must be made even if the fee is paid as "other than a small entity" and (b) no notification is required if the change is to another small entity. See also 37 CFR 1.366(f).*

*Also, communications related to maintenance fee payments, e.g., loss of small entity status, should be addressed additionally marked "Box M. Fee" 37 CFR 1.1(d).*

☐   The status of this patent has changed from that of small entity to other than that of small entity.

8.     **SURCHARGE**

The surcharge required by 37 CFR 1.20(i)(2) of $1500.00 is also being paid as a condition of accepting payment of the maintenance fee.

TOTAL FEE BEING SUBMITTED $ <u>1500.00</u>

9.     **FEE PAYMENT (MAINTENANCE AND SURCHARGE FEES)**

☒   Enclosed is a check for the sum of $ <u>1980.00</u>

☐   Please charge Account No. _____ the sum of $_____ A duplicate of this payment is attached.

10.     **AUTHORIZATION TO CHARGE ANY FEE DEFICIENCY**

☒   The Commissioner is hereby authorized to charge any maintenance or surcharge fee deficiency to Account No. <u>23-3000</u>

11.     **OVERPAYMENT**

As to any overpayment made please

☒   Credit to Account <u>23-3000</u>

or

☐   Send refund check.

_____
SIGNATURE OF ATTORNEY

Reg. No.   25,448

Tel. No. (513)  241-2324

J. Robert Chambers
_____
(type or print name of attorney)
WOOD, HERRON & EVANS
2700 Carew Tower
_____
(P.O. Address)

Cincinnati, Ohio  45202

GTECH 000773

**Certificate Under 37 CFR 3.73(b)**

Applicant: Burr, Robert L.; Campbell, Laird A.; Keagle, David H.;
Fulton, Alfred L.

Application No.: 07/128,070 _____ Filed: December 3, 1987

For: _____ SYSTEM FOR DISTRIBUTING LOTTERY TICKETS _____

International Lottery, Inc., a _____ Corporation
(Name of Assignee)                    (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

certifies that it is the assignee of the entire right, title and interest in the patent application identified above
by virtue of either:

A. [ ] An assignment from the inventor(s) of the patent application identified above. The assignment
was recorded in the Patent and Trademark Office at Reel _____ , Frame_____ , or for
which a copy thereof is attached.

OR

B. [x] A chain of title from the inventor(s), of the patent application identified above, to the current
assignee as shown below:

1. From: Campbell et al. _____ To: SCI Technology, Inc. _____
The document was recorded in the Patent and Trademark Office at
Reel 4880 , Frame 0648 , ____ or for which a copy thereof is attached.

2. From: Burr _____ To: Lottery Concepts International, Inc.
and Burr
The document was recorded in the Patent and Trademark Office at
Reel 4880 , Frame 0646 , or for which a copy thereof is attached.

3. From: SCI Technology, Inc. To: BLM Resources, Inc. _____
The document was recorded in the Patent and Trademark Office at
Reel 6334 , Frame 0839 , or for which a copy thereof is attached.

[x] Additional documents in the chain of title are listed on a supplemental sheet.

[ ] Copies of assignments or other documents in the chain of title are attached.

The undersigned has reviewed all the documents in the chain of title of the patent application identified
above and, to the best of undersigned's knowledge and belief, title is in the assignee identified above.

The undersigned (whose title is supplied below) is empowered to sign this certificate on behalf of the
assignee.

I hereby declare that all statements made herein of my own knowledge are true, and that all statements
made on information and belief are believed to be true; and further, that these statements are made with
the knowledge that willful false statements, and the like so made, are punishable by fine or imprisonment,
or both, under Section 1001, Title 18 of the United States Code, and that such willful false statements
may jeopardize the validity of the application or any patent issuing thereon.

Date: _____ 3/13/95

Name: _____ Edmund F. Turek

Title: _____ President

Signature: _____

**PATENT**

Attorney's Docket No. _____

Applicant or Patentee: _____ Robert L. Burr, et al. _____

Serial or Patent No.: 0 / 4,982,337

Filed or Issued: _____ January 1, 1991 _____

For: _____ SYSTEM FOR DISTRIBUTING LOTTERY TICKETS

## VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS (37 CFR 1.9(f) and 1.27(c))—SMALL BUSINESS CONCERN

I hereby declare that I am

☐ the owner of the small business concern identified below:

☒ an official of the small business concern empowered to act on behalf of the concern identified below:

NAME OF CONCERN _____ International Lottery, Inc. _____

ADDRESS OF CONCERN _____ 6665 Creek Road _____

_____ Cincinnati, Ohio 45242-4117 _____

I hereby declare that the above identified small business concern qualifies as a small business concern as defined in 13 CFR 121.3-18, and reproduced in 37 CFR 1.9(d), for purposes of paying reduced fees under Section 41(a) and (b) of Title 35, United States Code, in that the number of employees of the concern, including those of its affiliates, does not exceed 500 persons. For purposes of this statement, (1) the number of employees of the business concern is the average over the previous fiscal year of the concern of the persons employed on a full-time, part-time or temporary basis during each of the pay periods of the fiscal year, and (2) concerns are affiliates of each other when either, directly or indirectly, one concern controls or has the power to control the other, or a third-party or parties controls or has the power to control both.

I hereby declare that rights under contract or law have been conveyed, to and remain with the small business concern identified above with regard to the invention, entitled

_____ SYSTEM FOR DISTRIBUTING LOTTERY TICKETS _____

by inventor(s) _____ Robert L. Burr, et al. _____

described in ,

☐ the specification filed herewith.

☐ application serial no. 0 / _____ , filed _____ .

☒ patent no. 4,982,337 , issued January 1, 1991 .

If the rights held by the above identified small business concern are not exclusive, each individual, concern or organization having rights in the invention is listed below* and no rights to the invention are held by any person, other than the inventor, who would not qualify as an independent inventor under 37 CFR 1.9(c) if that person made the invention, or by any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

*NOTE: Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27).

GTech v. Scientific Games
04-128-JJF

GTECH 000775

NAME _____

ADDRESS _____

☐ INDIVIDUAL     ☐ SMALL BUSINESS CONCERN     ☐ NONPROFIT ORGANIZATION

NAME _____

ADDRESS _____

☐ INDIVIDUAL     ☐ SMALL BUSINESS CONCERN     ☐ NONPROFIT ORGANIZATION

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small business entity is no longer appropriate. (37 CFR 1.28(b)).

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

NAME OF PERSON SIGNING _____ Edmund F. Turek

TITLE OF PERSON OTHER THAN OWNER _____ President

ADDRESS OF PERSON SIGNING _____ 6665 Creek Road

_____ Cincinnati, Ohio 45242-4117

SIGNATURE _Edmund F Turek_ Date _Mar 13, 1995_

GTech v. Scientific Games
04-128-JJF

GTECH 000776

B.     Chain of Title From Inventor(s) - Supplemental Sheet

From: Lottery Concepts International, Inc. and Burr  To: BLM Resources, Inc.
The document was recorded in the Patent and Trademark office at
Reel 5791 , Frame 0979 , or for which a copy thereof is attached.


From:  BLM Resources, Inc.  To:  International Lottery, Inc.
The document was recorded in the Patent and Trademark office at
Reel 6334 , Frame 0835 , or for which a copy thereof is attached.

GTECH 000777

GTech v. Scientific Games
04-128-JJF

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Patent No.:        4,982,337
Issued:            January 1, 1991
Inventor(s):       Robert L. Burr, et al.
Serial No.:        07/128,070
Filed:             December 3, 1987
Assignee:          International Lottery, Inc.
For:               SYSTEM FOR DISTRIBUTING LOTTERY TICKETS

Cincinnati, Ohio  45202              March 11, 1995

### ASSIGNMENT OF POWER OF ATTORNEY

The undersigned, being the assignee of the above-identified U.S. Patent, hereby revokes all previous Powers of Attorney and grants its power of attorney to Wood, Herron & Evans, a firm composed of Richard H. Evans (R. No. 19,755), John D. Poffenberger (R. No. 20,245), Bruce Tittel (R. No. 22,324), Donald F. Frei (R. No. 21,190), David J. Josephic (R. No. 22,849), A. Ralph Navaro, Jr. (R. No. 23,050), David S. Stallard (R. No. 25,930), J. Robert Chambers (R. No. 25,448), Gregory J. Lunn (R. No. 29,945), Kurt L. Grossman (R. No. 29,799), Clement H. Luken, Jr. (R. No. 32,742), Thomas J. Burger (R. No. 32,662), Gregory F. Ahrens (R. No. 32,957), Joseph R. Jordan (R. No. 25,686), Wayne L. Jacobs (R. No. 35,553), Kurt A. Summe (R. No. 36,023), Keith R. Haupt (R. No. 37,638), Kevin G. Rooney (R. No. 36,330), C. Richard Eby (R. No. 25,854), Thomas W. Humphrey (R. No. 34,353), David E. Pritchard (R. No. 38,273), Theodore R. Remaklus (R. No. 38,754), J. Dwight Poffenberger, Jr. (R. No. 35,324) and, of counsel Herbert C. Brinkman (R. No. 16,955), 2700 Carew Tower, Cincinnati, Ohio 45202 (Telephone 513-241-2324), my attorneys, and/or agents with full power of substitution and revocation, to

GTech v. Scientific Games
04-128-JJF

GTECH 000778

transact all business in the U.S. Patent and Trademark Office connected therewith.

All communications are to be sent to J. Robert Chambers, Esq., Wood, Herron & Evans at the address set forth above.

Edmund F. Turek, President
International Lottery, Inc.
6665 Creek Road
Cincinnati, Ohio  45242-4117

By _Edmund F. Turek_
Signature

_President_
Title

Date: _Mar 13, 1995_     _EDMUND F. TUREK_
Printed Name

2

GTech v. Scientific Games
04-128-JJF

GTECH 000779



UNITED STATES DE...TMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER OF
PATENTS AND TRADEMARKS
Washington, D.C. 20231                    JLB/KDB.05

Curtis, Morris & Safford
530 Fifth Avenue
New York, NY  10036

**COPY MAILED**

JUN 0 2 1995

OFFICE OF PETI....
AND DATE...

In re Patent No. 4,982,337        :
Issue Date: January 1, 1991       :
Serial No. 07/128,070             :    ON PETITION
Filed: December 3, 1987           :
Attorney Docket No.  332-2130     :

This is a decision on the petition, filed March 15, 1995, under
37 CFR 1.378(c), to accept the unintentionally delayed payment of
a maintenance fee for the above-identified patent.

The petition is granted.

Accordingly, the maintenance fee in this case is hereby accepted
and the above-identified patent is hereby reinstated as of the
mail date of this decision.

This decision and the instant petition will be forwarded to
Maintenance Fee Division for further processing.

JoAnne Burke
Legal Instruments Examiner
Office of Petitions
Office of the Deputy Assistant Commissioner
  for Patent Policy and Projects

Karen D. Babington
Petitions Examiner

GTech v. Scientific Games
04-128-JJF

GTECH 000780

DSD.

CHANGE OF CORRESPONDENCE ADDRESS

FOR PATENTS

Patent No.          :    4982337

Issue Date          :    01/01/91

Application No.:    07/128070

Filing Date         :    12/03/87

First Named
  Inventor          :    BURR RL

Case Number         :    3390-2010

Assistant Commissioner for Patents
Washington, D.C.  20231

Dear Sir:

        Please change the Correspondence Address for this

application to:

                Gregor N. Neff, Esq.
                Whitman Breed Abbott & Morgan
                200 Park Avenue
                New York, New York 10166

Tele No.:  (212) 351-3000
Fax No. :

I am the attorney of record.

Typed or Printed
Name          Gregor N. Neff        , Reg. No. 20,596

Signature     Gregor Neff

Date          19/1/98

GTech v. Scientific Games
    04-128-JJF                                        GTECH 000781

FORM PTO-875
REV 1-85

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

**PATENT APPLICATION FEE DETERMINATION RECORD**

SERIAL NO. *128070*
FILING DATE *12-3-87*
APPLICANT (FIRST NAMED) *Burr et al*

## CLAIMS AS FILED - PART I

| FOR | NO. FILED | NO. EXTRA | SMALL ENTITY RATE | FEE | OR | OTHER THAN A SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | $170 | OR | | $340 |
| TOTAL CLAIMS | 49 | 20* | 29 | x$6 | $ | OR | x$12 | $390 |
| INDEP CLAIMS | 7 | 3* | 4 | x$17 | $ | OR | x$36 | $136 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | x$55 | $ | OR | x$115 | — |
| | | | TOTAL | $ | OR | TOTAL | $824 |

* If the difference in col 1 is less than zero, enter "0" in col 2

## CLAIMS AS AMENDED - PART II

| | (1) CLAIMS REMAINING AFTER AMENDMENT | | (2) HIGHEST NO. PREVIOUSLY PAID FOR | (3) PRESENT EXTRA | SMALL ENTITY RATE | ADDIT. FEE | OR | OTHER THAN A SMALL ENTITY RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT A** TOTAL | 47 | MINUS | ** 49 | — | x$6 | $ | OR | x$12 | $ |
| INDEP | 10 | MINUS | *** 7 | 3 | x$18 | $ | OR | x$36 | $ |
| FIRST PRESENTATION OF MULTIPLE DEP CLAIM | | | | x$55 | $ | OR | x$115 | $ |
| | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

| | (1) CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT B** TOTAL | | MINUS | | | x$6 | $ | OR | x$12 | $ |
| INDEP | | MINUS | | | x$18 | $ | OR | x$36 | $ |
| FIRST PRESENTATION OF MULTIPLE DEP CLAIM | | | | x$55 | $ | OR | x$115 | $ |
| | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

| | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT C** TOTAL | | MINUS | | | x$6 | $ | OR | x$12 | $ |
| INDEP | | MINUS | | | x$18 | $ | OR | x$36 | $ |
| FIRST PRESENTATION OF MULTIPLE DEP CLAIM | | | | x$55 | $ | OR | x$115 | $ |
| | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

* If the entry in Col. 1 is less than the entry in Col. 2, write "0" in Col. 3.
** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest No. Previously Paid For" (Total or Indep.) is the highest number found in the appropriate box in Col. 1.

GTech v. Scientific Games
04-128-JJF

GTECH 000782



GTech v. Scientific Games
04-128-JJF

GTECH 000783

## SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 3 64 | 479 | 1-18-89 | 9K |
|  | 412 |  |  |
|  | 200 |  |  |
|  | 900 |  |  |
| 902 | 23 |  |  |
| 273 | 138.R |  |  |
|  | 138.A |  |  |
|  | 139 |  |  |
|  | 269 |  |  |
| 83 | 205,209, 165,170,242 243 |  |  |
| above etc | | 7-14-89 | 9K |
| 902 | 1,13,22, 31 |  |  |
| 235 | 379,381 |  |  |
| 377 | 5,15 |  |  |
| 226 | 44 |  |  |
| 221 | 1,4,7,8,9 26,32 |  |  |
| 225 | 4,5,27,32 |  |  |
|  | 93,100,101 15,16 |  |  |
| 83 | 42 |  |  |
| above + etc | | 2-26-90 | 9K |
| above etc | | 7-19-90 | 9K |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 364 | 412,479 200,900 | 7-14-90 | 9K |
| 273 | 138,139,269 |  |  |
| 82 | 42,165,170 26-243 |  |  |
| 235 | 379,381 |  |  |
| 377 | 5,15 |  |  |
| 226 | 44 |  |  |
| 221 | 1-32 |  |  |
| 225 | 4-32 93,100,101 |  |  |

## SEARCH NOTES

|  | Date | Exmr. |
|---|---|---|
| APS | 1-18-89 | 9K |
| L1-S CUTTER? (SP) DISPENS? |  |  |
| L2-S TICKET (SP) DISPENS? |  |  |
| L3-S MODEM |  |  |
| L4-S L2 AND L3 |  |  |
| L5 S L2 AND REMOTE |  |  |
| L6 S L2 AND BURST? |  |  |
| L1-S 364 + 716 .s4cc's |  |  |
| L3 S TICKET |  |  |
| L4 S L1 AND L3 |  |  |
| L5 S 364 ± 227.1/cccs |  |  |
| L6 S TICKET |  |  |
| L7 S L5 AND L6 |  |  |
| Consulted Examiner Contractue Class 221,225 | 7-17-89 221 | 9K |

GTECH 000784

Staple Issue Slip Here

## INDEX OF CLAIMS

| Claim | | Date | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | | | | | | | | | | |
| | 1 | ✓ | | | | | | | | | |
| | 2 | ✓ | | | | | | | | | |
| | 3 | ✓ | | | | | | | | | |
| | 4 | ✓ | | | | | | | | | |
| | 5 | ✓ | | | | | | | | | |
| | 6 | ✓ | | | | | | | | | |
| | 7 | ✓ | | | | | | | | | |
| | 8 | ✓ | | | | | | | | | |
| | 9 | ✓ | | | | | | | | | |
| | 10 | ✓ | | | | | | | | | |
| | 11 | ✓ | | | | | | | | | |
| | 12 | ✓ | | | | | | | | | |
| | 13 | ✓ | | | | | | | | | |
| | 14 | ✓ | | | | | | | | | |
| | 15 | ✓ | | | | | | | | | |
| | 16 | ✓ | | | | | | | | | |
| | 17 | ✓ | | | | | | | | | |
| | 18 | | | | | | | | | | |
| | 19 | ✓ | = | = | | | | | | | |
| | 20 | ✓ | = | = | | | | | | | |
| | 21 | ✓ | = | = | | | | | | | |
| | 22 | ✓ | | | | | | | | | |
| | 23 | | | | | | | | | | |
| 5 | 24 | ✓ | = | = | | | | | | | |
| 4 | 25 | ✓ | = | = | | | | | | | |
| | 26 | | | | | | | | | | |
| 6 | 27 | ✓ | = | = | | | | | | | |
| 6 | 28 | ✓ | = | = | | | | | | | |
| | 29 | ✓ | = | = | | | | | | | |
| 8 | 30 | ✓ | = | = | | | | | | | |
| | 31 | | | | | | | | | | |
| | 32 | ✓ | | | | | | | | | |
| | 33 | ✓ | O | | | | | | | | |
| 9 | 34 | ✓ | = | = | = | | | | | | |
| 10 | 35 | ✓ | = | = | + | | | | | | |
| 11 | 36 | ✓ | O | = | + | | | | | | |
| 12 | 37 | ✓ | O | = | + | | | | | | |
| 13 | 38 | ✓ | O | = | + | | | | | | |
| 14 | 39 | ✓ | O | = | + | | | | | | |
| 15 | 40 | ✓ | ✓ | = | + | | | | | | |
| 16 | 42 | ✓ | = | = | | | | | | | |
| 17 | 43 | ✓ | = | = | | | | | | | |
| 18 | 44 | ✓ | = | = | | | | | | | |
| 19 | 45 | ✓ | = | = | | | | | | | |
| | 46 | ✓ | | | | | | | | | |
| | 47 | | | | | | | | | | |
| | 48 | | | | | | | | | | |
| | 49 | ✓ | ✓ | | | | | | | | |
| 20 | 50 | ✓ | = | = | | | | | | | |

| Claim | | Date | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | | | | | | | | | | |
| 21 | 51 | ≡ | = | ± | | | | | | | |
| | 52 | N | | | | | | | | | |
| | 53 | N | | | | | | | | | |
| | 54 | N | | | | | | | | | |
| | 55 | N | | | | | | | | | |
| | 56 | N | | | | | | | | | |
| 23 | 59 | ✓ | = | ± | | | | | | | |
| 25 | 60 | ✓ | = | ± | | | | | | | |
| 24 | 61 | ✓ | = | ± | | | | | | | |
| 26 | 62 | ✓ | = | ± | | | | | | | |
| 27 | 63 | ✓ | = | ± | | | | | | | |
| 27 | 64 | ✓ | = | = | | | | | | | |
| 28 | 65 | ✓ | = | + | | | | | | | |
| 29 | 66 | ✓ | = | + | | | | | | | |
| 30 | 67 | O | = | + | | | | | | | |
| 31 | 68 | ✓ | = | = | | | | | | | |
| 32 | 69 | O | = | = | | | | | | | |
| 33 | 70 | ✓ | = | + | | | | | | | |
| 34 | 71 | ✓ | = | + | | | | | | | |
| 35 | 72 | ✓ | = | + | | | | | | | |
| | 73 | | | | | | | | | | |
| | 74 | | | | | | | | | | |
| | 75 | | | | | | | | | | |
| | 76 | | | | | | | | | | |
| | 77 | | | | | | | | | | |
| | 78 | | | | | | | | | | |
| | 79 | | | | | | | | | | |
| | 80 | | | | | | | | | | |
| | 81 | | | | | | | | | | |
| | 82 | | | | | | | | | | |
| | 83 | | | | | | | | | | |
| | 84 | | | | | | | | | | |
| | 85 | | | | | | | | | | |
| | 86 | | | | | | | | | | |
| | 87 | | | | | | | | | | |
| | 88 | | | | | | | | | | |
| | 89 | | | | | | | | | | |
| | 90 | | | | | | | | | | |
| | 91 | | | | | | | | | | |
| | 92 | | | | | | | | | | |
| | 93 | | | | | | | | | | |
| | 94 | | | | | | | | | | |
| | 95 | | | | | | | | | | |
| | 96 | | | | | | | | | | |
| | 97 | | | | | | | | | | |
| | 98 | | | | | | | | | | |
| | 99 | | | | | | | | | | |
| | 100 | | | | | | | | | | |

GTECH 000785

GTech v. Scientific Games
04-128-JJF

APPROVED FOR LICENSE ☐

INITIALS _____

## CONTENTS

| | Received or Mailed |
|---|---|
| plication ✓ papers. | |
| se Decl. | 1-14-88 |
| tition Under 37 CFR 1.48(c) | Mar 16, 1988 |
| ...sion On Petition Under 37 CFR 1.48(c) | May 31, 1988 |
| ...with Request | 11-15-88 |
| ...ey 3 mos. mct | 2-3-89 |
| ...time | 5/19/89 |
| ...1st C ... Attch | 5/19/89 |
| Rej (3mos) | JUL 25 1989 /62d |
| ...time 3mos | 1-25-90 c/m 1-25 |
| ...mdt B | 1-25-90 |
| ...2 rej. (3mos.) | MAR 0 1 1990 /37 |
| ...no lmo | 6-29-90 c/m 6-26 |
| ...dt C''... | 6-29-90 |
| ...ion Act | 6-29-90 |
| Notice of Allowability | 18 JUL 1990 /19 ✓ |
| PTO GRANT    JAN 01 1991 | |
| Petition R. 378(c) | 3-15-95 |
| Petition Granted | 6-2-95 |

GTECH 000786

# Exhibit B

Redacted

# Exhibit C

Redacted

# Exhibit D

Redacted

# Exhibit E

Redacted

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on December 9, 2005, I caused to be electronically filed Scientific Games' Answering Brief In Opposition To GTECH's Motion For Partial Summary Judgment That The Asserted Claims Of U.S. Patents 4,982,337 and 5,222,624 Are Not Invalid Under 35 U.S.C. § 102 (Redacted Version) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899

I also certify that I caused copies to be served upon the following in the manner indicated:

> BY HAND
>
> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899
>
> BY FEDERAL EXPRESS
>
> Thomas J. Meloro, Esquire
> Kenyon & Kenyon
> One Broadway
> New York, NY  10004

> _/s/ Rodger D. Smith II_
> Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com