IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GTECH CORPORATION,<br><br>       Plaintiff,<br><br>   v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>       Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 04-138-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] JOINT PRETRIAL ORDER

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
Josy W. Ingersoll (#1088)
John Shaw (#3362)
Karen Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19889
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew Reibman
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Douglas E. Ringel
KENYON & KENYON LLP
1500 K Street NW
Washington, DC 20005
Telephone: (202) 220-4200
Facsimile: (202) 220-4201

*Attorneys for Plaintiff GTECH Corporation*

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware

*Attorneys for Defendants Scientific Games et al.*

On _____, counsel for plaintiff GTECH Corporation ("GTECH") and counsel for defendants Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") shall participate in a pretrial conference before the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.4. The following matters as to the trial of this action, commencing on February 21, 2006, are hereby ordered by the Court.

## I.   NATURE OF THE ACTION AND THE PLEADINGS

This is a patent infringement case, GTECH Corp. v. Scientific Games Int'l, Inc. et al., Civil Action No. 04-138-JJF, in which plaintiff GTECH seeks a finding that the manufacture, use, sale, or offers for sale of Scientific Games' PlayCentral lottery ticket vending machine infringes claims 20 and 21 of United States Patent No. 4,982,337 ("the '337 patent") and claim 18 of United States Patent No. 5,222,624 ("the '624 patent"). GTECH also seeks a finding that Scientific Games' infringement of the asserted claims was willful. GTECH seeks damages and an injunction.

### Pleadings in D. Del. C.A. No. 04-138-JJF

On March 4, 2004, GTECH filed a Complaint against Scientific Games asserting that Scientific Games had infringed and was continuing to infringe claims of GTECH's '624 and '337 patents and that such infringement was willful. (D.I. 1.) GTECH filed an Amended Complaint on March 10, 2004 (D.I. 4.), in which GTECH demanded a jury trial.

On May 18, 2004, Scientific Games filed its Answer to GTECH's complaint, denying GTECH's allegations of infringement and willful infringement. (D.I. 6.) Scientific Games did not assert any counterclaims.

On October 14, 2005,

(a)  GTECH filed its opening claim construction brief. (D.I. 112.)

(b)  Scientific Games filed its opening claim construction brief. (D.I. 110)

On October 28, 2005,

(a)  GTECH filed its answering claim construction brief. (D.I. 117.)

(b)  Scientific Games filed its corrected opening claim construction brief. (D.I. 115.)

(c)  Scientific Games filed its answering claim construction brief. (D.I. 116.)

On November 14, 2005,

(a)  GTECH moved for partial summary judgment that the asserted claims of the '337 patent and the '624 patent are not invalid under 35 U.S.C. § 102. (D.I. 132.)

(b)  Scientific Games moved for summary judgment that the PlayCentral does not infringe claim 20 or 21 of the '337 patent or claim 18 of the '624 patent and that GTECH should not be allowed to recover pre-suit damages due to failure to mark products with the patent numbers. (D.I. 129.)

On December 2, 2005,

(a)  GTECH filed its answering brief in opposition to Scientific Games' motion for summary judgment that the PlayCentral does not infringe claim 20 or 21 of the '337 patent or claim 18 of the '624 patent and that GTECH should not be allowed to

recover pre-suit damages due to an alleged failure to mark products with the patent numbers. (D.I.149.)

(b)     Scientific Games filed its answering brief in opposition to GTECH's motion for partial summary judgment that the asserted claims of the '337 patent and the '624 patent are not invalid under 35 U.S.C. § 102. (D.I. 147.)

On December 16, 2005,

(a)     GTECH submitted a reply brief in support of its motion for partial summary judgment that the asserted claims of the '337 patent and the '624 patent are not invalid under 35 U.S.C. § 102. (D.I. 166.)

(b)     Scientific Games submitted a reply brief in support of its motion for summary judgment that the PlayCentral does not infringe claim 20 or 21 of the '337 patent or claim 18 of the '624 patent and that GTECH should not be allowed to recover pre-suit damages due to failure to mark products with the patent number. (D.I. 165.)

A Markman hearing was held on November 18, 2005.

The court has set February 21, 2006 as the trial date for a jury trial.

## II.     FEDERAL JURISDICTION

This action arises under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1338(a).

Venue is proper in the District of Delaware under 28 U.S.C. Section 1391 (b), (c) and 1400(b). No party contests venue or personal jurisdiction.

### III. STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF

The Parties' Joint Statement of Admitted Facts Requiring No Proof is attached as Tab 1.

### IV. THE PARTIES' STATEMENTS OF REMAINING ISSUES OF FACT

GTECH's Statement of Remaining Issues of Fact is attached as Tab 2. Scientific Games' Statement of Remaining Issues of Fact is attached as Tab 3.

### V. ISSUES OF LAW

GTECH's Statement of Issues of Law is attached as Tab 4. Scientific Games' Statement of Issues of Law is attached as Tab 5.

### VI. EXHIBITS

1. GTECH's and Scientific Games' Trial Exhibit Lists are attached as Tab 12 and 13, respectively.

2. The parties will offer as exhibits at trial one or more of the exhibits set forth on their respective exhibits lists. These lists include the exhibits to be used at trial and a description sufficient to identify the exhibit, i.e., production bates number, deposition exhibit number or otherwise.

3. The parties reserve the right to supplement their exhibit lists. The parties have endeavored in good faith to list all additional exhibits they reasonably expect to use for any purpose at trial on their final exhibit lists. However, the parties have agreed their exhibit lists are not required to differentiate between exhibits for their case in chief versus cross examination/rebuttal materials.

4. The parties have agreed that they will identify and serve copies of the trial exhibits to be used during direct examination of a witness by 7:00 P.M. two (2) days

before the day of its anticipated use, unless the parties agree to alternate arrangements. The parties will give each other notice of objections to such exhibits by 7:00 P.M. one (1) day before the day of the anticipated use of such exhibits, unless the parties agree to alternate arrangements.

5. The parties have agreed that the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits. The parties shall exchange copies (using best efforts to exchange color copies) of demonstrative exhibits and shall make available for inspection physical exhibits to be used at trial, labeled with the exhibit number. Exchange of large boards or transparencies is not required, and these exhibits may be exchanged on 8½ by 11 inch white paper. Exchange of moving or video demonstratives or animations may be exchanged in DVD form or another electronic form to be agreed upon by the parties. Except for demonstrative exhibits used for cross-examination, impeachment, or created during testimony of a witness or during opening and closing statements, the parties have agreed that they will identify and serve copies of any demonstrative exhibits to be used during direct examination of a witness by 7:00 P.M. two (2) days before the day of its anticipated use, unless the parties agree to alternate arrangements. The parties will give each other notice of objections to such demonstratives by 7:00 P.M. one (1) day before the day of the anticipated use. Any demonstrative exhibits used during opening statements shall be exchanged by 7:00 P.M. the day before their anticipated use. Any demonstrative exhibits used during closing statements will be exchanged at **[GTECH'S PROPOSAL:** 8:00 A.M. the day of their anticipated use] **[SCIENTIFIC GAMES' PROPOSAL:** 7:00 P.M. the day prior to their anticipated use].

6. The parties agree that deposition designations will be exchanged **[GTECH PROPOSAL:** by 7:00 P.M. five (5) days prior to their anticipated use] **[SCIENTIFIC GAMES' PROPOSAL:** on February 3, 2006.] The receiving party will provide any objections to designations and counter-designations **[GTECH PROPOSAL:** by 7:00 P.M. two (2) days prior to their anticipated use] **[SCIENTIFIC GAMES' PROPOSAL:** on February 10, 2006.] The designating party will provide objections to the counter-designations **[GTECH PROPOSAL:** by 7:00 P.M. one (1) day before their intended use ]**[SCIENTIFIC GAMES' PROPOSAL:** on February 15, 2006.]

7. The parties have agreed to exchange premarked copies of their trial exhibits on January 27, 2006. **[SCIENTIFIC GAMES' PROPOSAL:** The parties will exchange objections to exhibits on February 3, 2006.][1]

8. The parties have agreed to exchange lists of proposed motions in limine on January 9, 2006 and to meet and confer regarding the lists of proposed motions in limine on January 10, 2006. The parties have further agreed to file motions in limine on January 24, 2006. The parties will file oppositions to motions in limine on January 31, 2006 and replies to the motions in limine on February 6, 2006.

9. The parties have agreed to identify the order of witnesses to be called at trial by 7:00 P.M. two (2) days **[GTECH PROPOSAL:** prior to the start of trial] **[SCIENTIFIC GAMES' PROPOSAL:** before the witness is expected to be called to testify.]

10. The parties will make available at trial all physical exhibits marked at the depositions taken in this action.

---

[1] GTECH objects to providing objections to exhibits at this point given that provision for serving objections to exhibits is already provided for in paragraph 4, which is agreed to by both parties.

11. Each party may offer an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. Any exhibit, once admitted, may be used equally by each party.

12. Each party reserves the right to object to the admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

13. Any document that on its face appears to have been authored by an employee, officer or agent of a party shall be deemed *prima facie* to be authentic, subject to the right of the party against whom it is offered to adduce evidence to the contrary.

## VII. WITNESSES TO BE CALLED

1. The witnesses GTECH may call in person or by deposition at trial are listed at Tab 6. The witnesses Scientific Games may call in person or by deposition at trial are listed at Tab 7.

2. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either live or by deposition, and a party's failure to call a witness identified on the witness list shall not be grounds for comment by the other party during trial.

3. The parties agree that they may be able to reduce their witness lists in view of rulings made by the Court subsequent to the submission of this Joint Pretrial Order. Accordingly, on February 10, 2006 or at such other time in advance of trial as is mutually agreed upon by the parties, each party shall provide notice of the witnesses it will call to testify live.

VIII.  **GTECH'S STATEMENT OF INTENDED PROOFS**

GTECH's Statement of Intended Proofs is attached as Tab 8.

IX.  **SCIENTIFIC GAMES' STATEMENT OF INTENDED PROOFS**

Scientific Games' Statement of Intended Proofs is attached as Tab 9.

X.  **MISCELLANEOUS ISSUES**

1. GTECH's list of Miscellaneous Issues is attached as Tab 10.
2. Scientific Games' list of Miscellaneous Issues is attached as Tab 11.

XI.  **AMENDMENTS TO PLEADINGS**

No party intends to amend the pleadings.

XII.  **CERTIFICATION OF COMMUNICATION**

The parties certify that two-way communication has occurred between persons having authority, in a good faith effort to explore the resolution of the controversy by settlement. It was determined that the matter could not be resolved at that junction by settlement.

XIII.  **SUPPLEMENTING AND AMENDING THE FINAL PRE-TRIAL ORDER**

The parties reserve the right to seek leave to supplement or amend the final pre-trial order based on subsequent events or by agreement.

## XIV. CONCLUSION

This order shall control the subsequent course of the action unless modified by the Court to prevent injustice.

/s/ Karen E. Keller
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
Josy W. Ingersoll (#1088)
John Shaw (#3362)
Karen Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19889
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
Andrew Reibman
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Douglas E. Ringel
KENYON & KENYON LLP
1500 K Street NW
Washington, DC 20005
Telephone: (202) 220-4200
Facsimile: (202) 220-4201

*Attorneys for Plaintiff GTECH Corporation*

/s/ Rodger D. Smith II
MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware

*Attorneys for Defendants Scientific Games et al.*

SO ORDERED this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE