# EXHIBIT 2

TAB 2

GTECH'S STATEMENT OF ISSUES OF FACT
THAT REMAIN TO BE LITIGATED

Should the Court determine that any issue identified in this list as an issue of fact is more properly considered an issue of law, it should be so considered. GTECH reserves the right to revise the list as necessary in light of the Court's decisions on claim construction and any summary judgment or evidentiary motions.

I.    **INFRINGEMENT**

    1.    Whether Scientific Games' manufacture, use, sale or offers for sale of the PlayCentral Kiosk machine infringes claim 18 of the '624 patent, either literally or under the doctrine of equivalents.

    2.    Whether Scientific Games' manufacture, use, sale or offers for sale of the PlayCentral Kiosk machine infringes claim 20 or 21 of the '337 patent, either literally or under the doctrine of equivalents.

II.   **WILLFUL INFRINGEMENT**

    1.    If Scientific Games is found to have infringed claim 18 of the '624 patent, whether that infringement has been willful.

    2.    If Scientific Games is found to have infringed claims 20 or 21 of the '337 patent, whether that infringement has been willful.

### III. VALIDITY OF THE '624 AND '337 PATENTS

1. Whether Scientific Games has proven by clear and convincing evidence that the invention of claim 18 of the '624 patent is anticipated by any single prior art reference.

2. Whether Scientific Games has proven by clear and convincing evidence that there was a suggestion or motivation to combine prior art references to produce the entire claimed invention of claim 18 of the '624 patent as of the invention date.

3. Whether the invention of the asserted claims of the '624 patent satisfies a long-felt but previously unsolved need.

4. Whether there were incentives for solving the problems solved by the invention of the asserted claims of the '624 patent.

5. Whether others failed to make the invention claimed in the asserted claims of the '624 patent.

6. Whether the invention of the asserted claims of '624 patent received praise and eventual acceptance from others in the field.

7. Whether the invention of the asserted claims of '624 patent has been copied by others.

8. The nature and extent, if any, of the secondary considerations that relate to the claimed inventions of '624 patent.

9. Whether Scientific Games has proven by clear and convincing evidence that the invention of claim 20 or 21 of the '337 patent is anticipated by any single prior art reference.

10. Whether Scientific Games has proven by clear and convincing evidence that there was a suggestion or motivation to combine prior art references to produce the claimed invention of claim 20 or 21 of the '337 patent as of the invention date.

11. Whether products covered by the asserted claims of the '337 patent are commercially successful.

12. Whether the invention of the asserted claims of the '337 patent satisfies a long-felt but previously unsolved need.

13. Whether there were incentives for solving the problems solved by the invention of the asserted claims of the '337 patent.

14. Whether others failed to make the invention claimed in the asserted claims of the '337 patent.

15. Whether the invention of the asserted claims of '337 patent received praise and eventual acceptance from others in the field.

16. Whether the invention of the asserted claims of '337 patent has been copied by others.

17. The nature and extent, if any, of the secondary considerations that relate to the claimed inventions of '337 patent.

## IV.  PATENT DAMAGES

1. The amount of damages due GTECH from Scientific Games to compensate for Scientific Games' infringement.

2. The amount of lost profits due GTECH from Scientific Games on account of Scientific Games' infringement.

3. The amount of royalties owed to GTECH by Scientific Games on any infringing PlayCentral Kiosk machines for which GTECH is not awarded its lost profits.

4. Whether GTECH satisfied the notice requirements of 35 U.S.C. § 287.

5. The amount of enhanced damages due GTECH from Scientific Games due to the infringement being willful.

6. The amount of attorneys fees due GTECH from Scientific Games due to the infringement being willful.

7. The amount of prejudgment interest due GTECH from Scientific Games' infringement.