# EXHIBIT 11

**EXHIBIT 11**

## SCIENTIFIC GAMES' MISCELLANEOUS PRETRIAL ISSUES

1.      Scientific Games objects to GTECH's designation of over *1000 trial exhibits* as excessive and not reflecting a good-faith identification of the exhibits that GTECH intends to introduce at trial.  GTECH should be ordered to provide Scientific Games immediately with a revised list of its trial exhibits, which reflects a good-faith identification of the exhibits that GTECH actually intends to introduce at trial.

2.      GTECH should be precluded from calling Richard Zimmer as a trial witness, as a result of GTECH's failure to identify Mr. Zimmer during the discovery period as someone with knowledge of the facts of this case.  GTECH also should be precluded from offering testimony from Brian Roberts concerning the issue of marking, as a result of GTECH's failure to identify Mr. Roberts during the discovery period as someone with knowledge regarding that issue.  Finally, GTECH should be precluded from offering any documents or other evidence concerning the issue of marking that were not produced to Scientific Games during the discovery period.

3.      GTECH should be precluded from calling Michael Dolan as a trial witness, as a result of GTECH's failure to identify Mr. Dolan during the discovery period as someone with knowledge of the facts of this case.

4.      GTECH should be precluded from offering any evidence or argument concerning Scientific Games' decision not to waive the attorney-client privilege with respect to its opinions of counsel, or to otherwise offer evidence or argument in disregard of the Federal Circuit's decision in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004).

5.    GTECH should be precluded from offering any testimony or evidence from Joseph Perin concerning Scientific Games' alleged failure to exercise due care with respect to the patents in suit, in light of Mr. Perin's lack of expertise on that subject.

496957