IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>               Plaintiff,<br><br>      v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>               Defendants. | C.A. No. 04-138-JJF |

## SCIENTIFIC GAMES' MOTION IN LIMINE NO. 4 TO PRECLUDE GTECH FROM CALLING MICHAEL DOLAN AS A WITNESS AT TRIAL

Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") respectfully move in limine to preclude GTECH Corporation ("GTECH") from calling Michael Dolan as a witness at trial, based on GTECH's failure to identify Mr. Dolan during discovery as someone with knowledge of any facts in this case.

Under Fed. R. Civ. P. 26(a)(1)(A), GTECH was required, "without awaiting a discovery request," to identify "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, . . . identifying the subjects of the information." The parties were required under the Court's Scheduling Order to identify all fact witnesses by April 29, 2005 (D.I. 50). Fact discovery closed on May 27, 2005 (*id.*).

Although Mr. Dolan is apparently a GTECH employee, GTECH never identified him during discovery as someone with knowledge of any facts in this case. GTECH identified Mr. Dolan for the first time in the Joint Pretrial Order (D.I. 175, Ex. 6) -- eight months after it

2.

was supposed to have identified all fact witnesses and seven months after the close of fact discovery.

In fact, even GTECH's identification of Mr. Dolan in the Joint Pretrial Order was belated. The parties agreed (and the Court ordered) that the parties would exchange draft witness lists on December 9, 2005, in preparation for filing the Joint Pretrial Order (D.I. 128). GTECH, however, did not identify Mr. Dolan as a potential witness on December 9 (Ex. A). Two weeks later, GTECH provided a "revised witness list," which identified Mr. Dolan for the first time as a potential trial witness (Ex. B).[1]

Under Fed. R. Civ. P. 37(c)(1), a party that "fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not . . . permitted to use as evidence at trial . . . any witness or information not so disclosed." *See also* Advisory Committee Notes to 1993 Amendments, Fed. R. Civ. P. 37, Subdivision (c) (Rule 37(c)(1) provides a "self-executing sanction for failure to make a disclosure required by Rule 26(a).").[2]

In *Stambler v. RSA Sec., Inc.*, 212 F.R.D. 470, 471-72 (D. Del. 2003), the Court precluded three witnesses from testifying as a result of their late disclosure. The Court noted that

---

[1] GTECH has sought to excuse its belated identification of Mr. Dolan by claiming that he is "a substitution for Thomas Oram" (Ex. C). GTECH identified Mr. Oram as a fact witness on the last day of fact discovery (Ex. D). Two weeks later, GTECH stated that it "[did] not plan . . . to call Mr. Oram . . . at trial," but "reserve[d] the right to do so" (Ex. E). Scientific Games agreed that GTECH could reserve its right to call Mr. Oram as a trial witness, so long as GTECH identified him as a potential witness in the Joint Pretrial Order and made him available for deposition (Ex. F). That agreement said nothing about Mr. Dolan, and was not a blank check that permitted GTECH to make "substitutions" at some later date.

[2] The Court previously precluded GTECH from asserting additional patent claims, based on GTECH's belated assertion of those claims (D.I. 87, ¶ 1; D.I. 89 at 3).

3.

"[t]here is no reason why defendants did not identify [these witnesses] as fact witnesses during fact discovery," and that "allowing these witnesses to testify will disrupt the orderly and efficient resolution of this case." *Id.* at 472. The Court also noted that "[i]n every trial there comes a time when discovery must be closed for the issues to be resolved through summary judgment and/or trial. In the case at bar, that time has long since passed." *Id.; see also Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005) ("As a sanction for failure to comply with the scheduling order in this case, the court is authorized to exclude evidence proffered by the disobedient party.").

Based on its failure to identify Michael Dolan during fact discovery and in accordance with the Court-ordered deadlines, GTECH should be precluded from calling Mr. Dolan as a witness at trial.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
 Attorneys for Defendants

January 24, 2006

502967

**CERTIFICATE OF SERVICE**

I, Rodger D. Smith II, hereby certify that on January 24, 2006, I caused to be electronically filed Scientific Games' Motion in Limine No. 4 to Preclude GTECH from Calling Michael Dolan as a Witness at Trial with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

**BY HAND**

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899

**BY FEDERAL EXPRESS**

> Thomas J. Meloro
> Kenyon & Kenyon
> One Broadway
> New York, NY  10004

> */s/ Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com
>     Attorneys for Defendants