# Exhibit A

## Rodger D. Smith

**From:** Soccoli, Larissa [LSoccoli@kenyon.com]
**Sent:** Friday, December 09, 2005 5:08 PM
**To:** Rodger D. Smith
**Cc:** Jack B. Blumenfeld; Ingersoll, Josy
**Subject:** GTECH v. SciGames - PreTrial Order Exchange

<<PTO Tab 10 - GTECH Misc. Issues - proposed [12.9.05].doc>> <<GTECH Proposed Verdict Form [12.9.05].doc>> <<GTECH proposed Voir Dire - [12.9.05].doc>> <<pretrial order body - GTECH proposed [12.9.05].doc>> <<PTO - TAB 4 - ISSUES OF LAW - GTECH proposed [12.9.05].doc>> <<PTO TAB 1 - Jointly Admitted Facts - GTECH proposed [12.9.05].doc>> <<PTO TAB 2 - ISSUES OF FACT REMAINING - GTECH proposed [12.9.05].doc>> <<PTO TAB 6 - GTECH Witness List [12.9.05].doc>> <<PTO TAB 8 - INTENDED PROOFS - GTECH proposed [12.9.05].doc>>

Rodger,

Pursuant to paragraphs 1 and 2 of the Stipulation and Order Concerning Pre-Trial Matters (D.I. 128), attached are copies of GTECH's proposed drafts of the following documents:

1. PreTrial order (body)
2. admitted facts
3. voir dire
4. verdict form
5. issues of fact remaining to be litigated
6. statement of intended proofs
7. witness list
8. issues of law
9. miscellaneous issues.

I will email you when we are ready to exchange the jury instructions and exhibit lists.

Regards,

Larissa

Larissa A. Soccoli, Esq. | KENYON & KENYON | One Broadway | New York, NY 10004 | Phone (212) 908-6449 | Fax (212) 425-5288 | lsoccoli@kenyon.com

*This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or authorized to deliver this message to the intended recipient(s), you are notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer and destroy any copies.*

**TAB 6**

**WITNESSES GTECH INTENDS TO CALL
IN PERSON OR BY PRIOR SWORN TESTIMONY**

GTECH expects to call the following witnesses in person in its case in chief at trial.  To the extent permitted by the Federal Rules of Evidence, GTECH reserves the right to introduce the prior sworn testimony (e.g. deposition testimony) of any witness named below.

## <u>Fact Witnesses</u>

1.    Robert Burr
       6158 Renaissance Avenue
       San Diego, CA  92122

2.    Patrick Costaregni
       GTECH Corporation
       55 Technology Way
       West Greenwich, RI  02817

3.    Alfred Fulton
       9423 O'Jay Drive Southeast
       Huntsville, AL  35803

4.    Donald Keagle
       2018 Hensel Avenue
       Huntsville, AL  35802

5.    Robert Nealon
       1 Taggart Ct
       Ashland, MA  01721

6.    Thomas Oram
       GTECH Corporation
       55 Technology Way
       West Greenwich, RI  02817

7.    Brian Roberts
       GTECH Corporation
       5764 Pacific Center Blvd.
       San Diego, CA  92121

8.    Ed Turek
      4245 Marble Ridge Lane
      Mason, OH  45040

9.    George Voutes
      GTECH Corporation
      55 Technology Way
      West Greenwich, RI  02817

10.   David Wagoner
      6440 Pickering Grove
      Morrow, OH

11.   Richard Zimmer
      GTECH Corporation
      55 Technology Way
      West Greenwich, RI  02817


**Expert Witnesses**

         The subject matter of the testimony of the following expert witnesses is set forth

in their respective expert reports served in this case and in their expert depositions taken in this

case.

12.   John Jarosz
      Analysis Group
      1889 Pennsylvania Avenue, N.W. Suite 200
      Washington, DC 20006


      Mr. Jarosz is an expert in the field of economics and patent infringement damages
evaluation.  He will testify regarding the damages for which Defendants will be liable if they are
found to have infringed the asserted patent claims.  Mr. Jarosz's opinions are set forth in more
detail in his expert reports and deposition testimony, and he reserves the right to supplement his
reports after the Court's decisions on claim construction and the pending motions.  Mr. Jarosz
also reserves the right to testify as to any opinions set forth in his reports and to respond to
assertions made by Scientific Games' experts.


13.   Joseph Perin
      9781 Cooper Woods Court
      Cincinnati, OH45241

Mr. Perin is an expert in lottery ticket vending machines and mechanical and electrical engineering. He will testify regarding the infringement and validity of the '624 and '337 patents as well as the operation of the PlayCentral and provide background on the technology of instant ticket vending machines ("ITVMs"). Mr. Perin will also testify about Scientific Games' failure to exercise due care in avoiding infringement of the '624 and '337 patents. Mr. Perin's opinions are set forth in more detail in his expert reports and deposition testimony, and he reserves the right to supplement his reports after the Court's decisions on claim construction and the pending motions. Mr. Perin also reserves the right to testify as to any opinions set forth in his reports and to respond to assertions made by Scientific Games' experts.

      14.    Shelia Smith
               25630 Edgecliff Drive
               Euclid, OH 44132

Ms. Smith is an expert in the innovation and marketing of instant lottery tickets, including the promotion and sale of instant tickets sold in ITVMs. She will testify regarding the infringement and validity of the '624 and '337 patents as well as the history and development of instant ticket sales and the commercial success of various ITVM features. Ms. Smith's opinions are set forth in more detail in her expert reports and deposition testimony, and she reserves the right to supplement her reports after the Court's decisions on claim construction and the pending motions. Ms. Smith also reserves the right to testify as to any opinions set forth in her reports and to respond to assertions made by Scientific Games' experts.

* * * *

In addition, GTECH may introduce the deposition (stenographic and/or by video) of one

or more of the following witnesses, or call them live if available and time permits:

      15.    Anthony Bartolone
               Scientific Games International, Inc.
               1500 Bluegrass Lakes Parkway
               Alpharetta, GA 30004.

      16.    William Behm
               Scientific Games International, Inc.
               1500 Bluegrass Lakes Parkway
               Alpharetta, GA 30004.

      17.    Victor Collucci
                7685 Red River Road
               West Palm Beach, FL 33411

      18.    Ralph Conrad
               Scientific Games International, Inc.

1500 Bluegrass Lakes Parkway
Alpharetta, GA 30004.

19.    James V. Farrell
       Scientific Games International, Inc.
       1500 Bluegrass Lakes Parkway
       Alpharetta, GA 30004.

20.    Mark J. Gilmore
       Scientific Games International, Inc.
       1500 Bluegrass Lakes Parkway
       Alpharetta, GA 30004.

21.    Kristopher Johnson
       Scientific Games International, Inc.
       1500 Bluegrass Lakes Parkway
       Alpharetta, GA 30004

22.    Michael Keefe
       Mechanical Engineering Department
       University of Delaware

23.    Brad Myers
       Human Computers Interaction Group
       School of Computer Science
       Carnegie Mellon University Pittsburgh, PA 15213

24.    Marion Stewart
       National Economic Research Associates
       1166 Avenue of the Americas
       New York, NY 10036

25.    Janine L. Whiteman
       Scientific Games International, Inc.
       1500 Bluegrass Lakes Parkway
       Alpharetta, GA 30004.

26.    William Zycinsky
       Scientific Games International, Inc.
       1500 Bluegrass Lakes Parkway
       Alpharetta, GA 30004.

* * * *

GTECH reserves the right to call any additional witness necessitated by any of the Court's pretrial or trial rulings.  In addition, GTECH reserves the right to call, either live or by deposition, (i) additional witnesses to provide foundational testimony should any party contest the authenticity or admissibility of any material proffered at trial; (ii) substitute witnesses for any identified witness whose employment or other relationship with a company changes such that he or she is no longer able, available or willing to testify on that company's behalf at trial; (iii) any witness identified by Scientific Games or required to rebut Scientific Games' case; and/or (iv) additional witnesses to respond to issues raised after the submission of this list, such as the testimony of witnesses who have not yet been deposed.  GTECH further reserves the right to introduce the deposition testimony of any witness who submitted an expert report or declaration on behalf of (or in support of) Scientific Games, but who is not called live at trial.

# Exhibit B

## Rodger D. Smith

**From:** Soccoli, Larissa [LSoccoli@kenyon.com]
**Sent:** Friday, December 23, 2005 5:02 PM
**To:** Rodger D. Smith
**Cc:** Jack B. Blumenfeld; Ingersoll, Josy; Shaw, John
**Subject:** GTECH's pretrial exchange 12.23.05

<<Soccoli to Smith Letter 12.23.05.pdf>> <<PTO - TAB 4 - ISSUES OF LAW - GTECH revised [12.23.05].doc>> <<PTO TAB 2 - ISSUES OF FACT REMAINING - GTECH revised [12.23.05].doc>> <<PTO TAB 6 - GTECH Witness List - revised [12.23.05].doc>> <<PTO Tab 10 - GTECH Misc. Issues - revised [12.23.05].doc>> <<GTECH Revised Exhibit List [12.23.05].xls>>

Rodger,

Attached are GTECH's documents for today's pretrial exchange and attached cover letter.

Happy Holidays!

Regards,

Larissa

Larissa A. Soccoli, Esq. | KENYON & KENYON | One Broadway | New York, NY 10004 | Phone (212) 908-6449 | Fax (212) 425-5288 | lsoccoli@kenyon.com

*This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or authorized to deliver this message to the intended recipient(s), you are notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer and destroy any copies.*

**TAB 6**

**WITNESSES GTECH INTENDS TO CALL
IN PERSON OR BY PRIOR SWORN TESTIMONY**

GTECH expects to call the following witnesses in person in its case in chief at trial. To the extent permitted by the Federal Rules of Evidence, GTECH reserves the right to introduce the prior sworn testimony (e.g. deposition testimony) of any witness named below.

### Fact Witnesses

1. Robert Burr
   6158 Renaissance Avenue
   San Diego, CA  92122

2. Patrick Costaregni
   GTECH Corporation
   55 Technology Way
   West Greenwich, RI  02817

3. Alfred Fulton
   9423 O'Jay Drive Southeast
   Huntsville, AL  35803

4. Donald Keagle
   2018 Hensel Avenue
   Huntsville, AL  35802

5. Robert Nealon
   1 Taggart Ct
   Ashland, MA  01721

6. Michael Dolan (or Thomas Oram)
   GTECH Corporation
   55 Technology Way
   West Greenwich, RI  02817

7. Brian Roberts
   GTECH Corporation
   5764 Pacific Center Blvd.
   San Diego, CA  92121

8.    Ed Turek
      4245 Marble Ridge Lane
      Mason, OH  45040

9.    George Voutes
      GTECH Corporation
      55 Technology Way
      West Greenwich, RI  02817

10.   David Wagoner
      6440 Pickering Grove
      Morrow, OH

11.   Richard Zimmer
      GTECH Corporation
      55 Technology Way
      West Greenwich, RI  02817


**Expert Witnesses**

The subject matter of the testimony of the following expert witnesses is set forth

in their respective expert reports served in this case and in their expert depositions taken in this

case.

12.   John Jarosz
      Analysis Group
      1889 Pennsylvania Avenue, N.W. Suite 200
      Washington, DC 20006


Mr. Jarosz is an expert in the field of economics and patent infringement damages
evaluation.  He will testify regarding the damages for which Defendants will be liable if they are
found to have infringed the asserted patent claims.  Mr. Jarosz's opinions are set forth in more
detail in his expert reports and deposition testimony, and he reserves the right to supplement his
reports after the Court's decisions on claim construction and the pending motions.  Mr. Jarosz
also reserves the right to testify as to any opinions set forth in his reports and to respond to
assertions made by Scientific Games' experts.


13.   Joseph Perin
      9781 Cooper Woods Court
      Cincinnati, OH45241

Mr. Perin is an expert in lottery ticket vending machines and mechanical and electrical engineering. He will testify regarding the infringement and validity of the '624 and '337 patents as well as the operation of the PlayCentral and provide background on the technology of instant ticket vending machines ("ITVMs"). Mr. Perin will also testify about Scientific Games' failure to exercise due care in avoiding infringement of the '624 and '337 patents. Mr. Perin's opinions are set forth in more detail in his expert reports and deposition testimony, and he reserves the right to supplement his reports after the Court's decisions on claim construction and the pending motions. Mr. Perin also reserves the right to testify as to any opinions set forth in his reports and to respond to assertions made by Scientific Games' experts.

14.    Shelia Smith
       25630 Edgecliff Drive
       Euclid, OH 44132

Ms. Smith is an expert in the innovation and marketing of instant lottery tickets, including the promotion and sale of instant tickets sold in ITVMs. She will testify regarding the infringement and validity of the '624 and '337 patents as well as the history and development of instant ticket sales and the commercial success of various ITVM features. Ms. Smith's opinions are set forth in more detail in her expert reports and deposition testimony, and she reserves the right to supplement her reports after the Court's decisions on claim construction and the pending motions. Ms. Smith also reserves the right to testify as to any opinions set forth in her reports and to respond to assertions made by Scientific Games' experts.

\* \* \* \*

In addition, GTECH may introduce the deposition (stenographic and/or by video) of one or more of the following witnesses, or call them live if available and time permits:

15.    Anthony Bartolone
       Scientific Games International, Inc.
       1500 Bluegrass Lakes Parkway
       Alpharetta, GA 30004.

16.    William Behm
       Scientific Games International, Inc.
       1500 Bluegrass Lakes Parkway
       Alpharetta, GA 30004.

17.    Victor Collucci
       7685 Red River Road
       West Palm Beach, FL 33411

18.    Ralph Conrad
       Scientific Games International, Inc.

1500 Bluegrass Lakes Parkway
Alpharetta, GA 30004.

19.    James V. Farrell
       Scientific Games International, Inc.
       1500 Bluegrass Lakes Parkway
       Alpharetta, GA 30004.

20.    Mark J. Gilmore
       Scientific Games International, Inc.
       1500 Bluegrass Lakes Parkway
       Alpharetta, GA 30004.

21.    Kristopher Johnson
       Scientific Games International, Inc.
       1500 Bluegrass Lakes Parkway
       Alpharetta, GA 30004

22.    Michael Keefe
       Mechanical Engineering Department
       University of Delaware

23.    Brad Myers
       Human Computers Interaction Group
       School of Computer Science
       Carnegie Mellon University Pittsburgh, PA 15213

24.    Marion Stewart
       National Economic Research Associates
       1166 Avenue of the Americas
       New York, NY 10036

25.    Janine L. Whiteman
       Scientific Games International, Inc.
       1500 Bluegrass Lakes Parkway
       Alpharetta, GA 30004.

26.    William Zycinsky
       Scientific Games International, Inc.
       1500 Bluegrass Lakes Parkway
       Alpharetta, GA 30004.

* * * *

GTECH reserves the right to call any additional witness necessitated by any of the Court's pretrial or trial rulings. In addition, GTECH reserves the right to call, either live or by deposition, (i) additional witnesses to provide foundational testimony should any party contest the authenticity or admissibility of any material proffered at trial; (ii) substitute witnesses for any identified witness whose employment or other relationship with a company changes such that he or she is no longer able, available or willing to testify on that company's behalf at trial; (iii) any witness identified by Scientific Games or required to rebut Scientific Games' case; and/or (iv) additional witnesses to respond to issues raised after the submission of this list, such as the testimony of witnesses who have not yet been deposed. GTECH further reserves the right to introduce the deposition testimony of any witness who submitted an expert report or declaration on behalf of (or in support of) Scientific Games, but who is not called live at trial.

# Exhibit C



**Larissa A. Soccoli**
Direct 212.908.6449
lsoccoli@kenyon.com

One Broadway
New York, NY  10004-1007
212.425.7200
Fax 212.425.5288

December 23, 2005

**By Email**

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Re:    *GTECH Corp. v. Scientific Games International, Inc., et al.*
       *(D. Del. C.A. No. 04-138-JJF)*

Dear Rodger:

Pursuant to paragraph 4 of the Stipulation and Order Concerning Pre-Trial Matters (D.I. 128), attached are copies of the following documents:

1.  GTECH's revised issues of fact remaining to be litigated

2.  GTECH's revised witness list

3.  GTECH's revised issues of law

4.  GTECH's revised miscellaneous issues, and

5.  GTECH's revised exhibit list.

GTECH has not revised its statement of intended proofs.

Regarding the witness list, GTECH's listing of Michael Dolan is a substitution for Thomas Oram. Pursuant to our prior agreement regarding Mr. Oram, we will make Mr. Dolan available for deposition. Given that, and that Scientific Games had not yet deposed Mr. Oram, there is no prejudice to Scientific Games from this substitution. Accordingly, we expect Scientific Games will not object to this substitution. However, we have listed Mr. Oram in the alternative if objection to Mr. Dolan is made and is ultimately sustained by the Court.

Rodger D. Smith, Esq.
December 23, 2005
Page 2



With regard to the exhibit list, GTECH reserves the right to add, delete and/or modify this list. Certain exhibits on the list may be used only during cross-examination and/or in rebuttal. Listing of an exhibit on this exhibit list shall not constitute an admission by GTECH as to the admissibility of any listed document upon attempted introduction by Scientific Games. The PTX exhibit numbers may change in the final version of the exhibit list to accommodate modifications and/or deletions.

Sincerely,

Larissa A. Soccoli

cc:    Jack Blumenfeld, Esq.
       Josy Ingersoll, Esq. /John Shaw, Esq.

# Exhibit D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GTECH CORPORATION,<br><br>                       Plaintiffs,<br><br>          v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC.,<br>SCIENTIFIC GAMES HOLDINGS<br>CORPORATION, SCIENTIFIC GAMES<br>FINANCE CORPORATION, and SCIENTIFIC<br>GAMES CORPORATION,<br><br>                     Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 04-138-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF GTECH CORPORATION'S RESPONSE TO
### SCIENTIFIC GAMES' SECOND SET OF INTERROGATORIES
### <u>TO PLAINTIFF (NOS. 15-22)</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, GTECH

Corporation ("GTECH"), hereby serves the following objections and responses to Defendants',

Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games

Finance Corporation, and Scientific Games Corporation (collectively, "Defendants"), *Second Set

of Interrogatories to Plaintiff (Nos. 15-22)*.

### <u>GENERAL OBJECTIONS</u>

GTECH hereby incorporates by reference the General Objections set forth in *Plaintiff

GTECH Corporation's Response to Defendants' First Set of Interrogatories* dated August 18,

2004.

**Interrogatory No. 15:**

Identify by name, employment position, address and phone number, the person or persons whose handwritten notes appear on document INLO 200611-735, and specifically on page INLO 200612.

**Response to Interrogatory No. 15:**

GTECH objects to this interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and as calling for information that is not within the possession, custody or control of GTECH. Subject to the General Objections and the foregoing specific objections, GTECH states that it has conducted a reasonable inquiry and is unable to identify the author of the handwritten notes appearing on INLO 200611-735 or, specifically, on INLO 200612.

**Interrogatory No. 16:**

State in detail the reasons you did not notify the defendants of U.S. Patent No. 4,982,337 or U.S. Patent No. 5,222,624 prior to filing this lawsuit, and identify each person with knowledge of those reasons and each document relating to those reasons.

**Response to Interrogatory No. 16:**

GTECH objects to this interrogatory as vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information protected by the attorney client privilege and/or attorney work product doctrine. Subject to the General Objections and the foregoing specific objections, GTECH states that notifying Scientific Games prior to filing of the lawsuit would not have caused Scientific Games to cease its infringing activity. In fact, Scientific Games has continued with its infringing activity notwithstanding the filing of the lawsuit.

2

**Interrogatory No. 17:**

State in detail the reasons that you did not notify the defendants of this lawsuit after you filed it, and identify each person with knowledge of those reasons and each document relating to those reasons.

**Response to Interrogatory No. 17:**

GTECH objects to this interrogatory insofar as it seeks information protected by the

attorney client privilege and/or attorney work product doctrine, and also because it is vague,

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.

**Interrogatory No. 18:**

State in detail the reasons that you did not serve upon the defendants the Complaint or the Amended Complaint filed in this action, and identify each person with knowledge of those reasons and each document relating to those reasons.

**Response to Interrogatory No. 18:**

GTECH objects to this interrogatory insofar as it seeks information protected by

the attorney client privilege and/or attorney work product doctrine, and also because it is vague,

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.

**Interrogatory No. 19:**

Identify all contracts, agreements or other arrangements with the named inventors of U.S. Patent No. 4,982,337 or U.S. Patent No. 5,222,624, state the amount paid to any of those inventors, and identify all documents constituting or relating to any such contracts, agreements or arrangements.

**Response to Interrogatory No. 19:**

GTECH objects to this interrogatory as vague, overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information

protected by the attorney client privilege and/or attorney work product doctrine. Subject to the

General Objections and the foregoing specific objections, GTECH states that it has produced

documents, either electronically or in hard copy form, that have information responsive to this

interrogatory which can be derived or ascertained from those documents, pursuant to Fed. R.

Civ. P. 33(d). *See, e.g.*, GTECH 38786-87.

**Interrogatory No. 20:**

State each fact known to GTECH about Scientific Games' Player-Activated Terminals
("PAT"), sold in the 1980s, and with respect to each such fact, state when that fact was known,
and identify each person with knowledge of that fact [and] each document relating to the fact.

**Response to Interrogatory No. 20:**

GTECH objects to this interrogatory as vague, overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to

this interrogatory to the extent that the facts and documents sought are within Scientific Games'

own possession, custody or control and/or are in Scientific Games' own production to GTECH in

this case. Subject to the General Objections and the foregoing specific objections, GTECH states

that it either has produced documents, either electronically or in hard copy form, or will produce

documents, insofar as any exist, that have information responsive to this interrogatory which can

be derived or ascertained from those documents, pursuant to Fed. R. Civ. P. 33(d). GTECH

further states that insofar as its experts review materials produced by Scientific Games

concerning Scientific Games PATs allegedly sold in the 1980s, or that Scientific Games offers

testimony or evidence on this issue, GTECH reserves the right to offer testimony from its experts

or other witnesses concerning the subject matter of that testimony or evidence, or of this

interrogatory.

4

**Interrogatory No. 21:**

State each fact concerning GTECH's purchase of Scientific Games' on-line lottery business from Bally's Manufacturing, including the facts concerning GTECH's purchase of the technology used in Scientific Games' PAT, and with respect to each such fact, identify each person with knowledge of that fact and each document relating to that fact. (If the documents no longer exist, identify them and explain why they no longer exist.)

**Response to Interrogatory No. 21:**

GTECH objects to this interrogatory as vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this interrogatory to the extent that the facts and documents sought are within Scientific Games' own possession, custody or control and/or are in Scientific Games' own production to GTECH in this case. Subject to the General Objections and the foregoing specific objections, GTECH states that it has produced documents, either electronically or in hard copy form, or will produce documents insofar as any exist, that have information responsive to this interrogatory which can be derived or ascertained from those documents, pursuant to Fed. R. Civ. P. 33(d). Persons having knowledge of facts concerning this upon which GTECH intends to rely include Thomas Oram.

**Interrogatory No. 22:**

State each fact concerning GTECH's efforts to design, develop or manufacture an instant ticket vending machine during the 1980s, and with respect to each such fact, identify each person with knowledge of that fact and each document relating to that fact.

**Response to Interrogatory No. 22:**

GTECH objects to this interrogatory as vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this interrogatory to the extent that the facts and documents sought are within Scientific Games' own possession, custody or control and/or are in Scientific Games' own production to GTECH in

this case. Subject to the General Objections and the foregoing specific objections, GTECH states

that it has produced, either electronically or in hard copy form, or will produce documents,

insofar as any exist, that have information responsive to this interrogatory which can be derived

or ascertained from those documents, pursuant to Fed. R. Civ. P. 33(d). Persons having

knowledge of facts concerning this upon which GTECH intends to rely include Robert Nealon

and Sheryl Ross-Patton.

AS TO OBJECTIONS:

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated: May 27, 2005

Josy W. Ingersoll (#1088)
John Shaw (#3362)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
Facsimile: 302-571-1253

OF COUNSEL:

Thomas J. Meloro
Larissa A. Soccoli
Andrew L. Reibman
KENYON & KENYON
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

6

## CERTIFICATE OF SERVICE

I, John W. Shaw,  hereby certify that on May 27, 2005, copies of the foregoing

document were caused to be served upon the following:

### BY HAND DELIVERY

Jack B. Blumenfield
Morris Nichols Arsht & Tunnell
1201 N. Market Street
P.O.  Box 1347
Wilmington, DE 19899

John W. Shaw (#3362)

# Exhibit E

## Rodger D. Smith

**From:**     Ringel, Douglas [DRingel@kenyon.com]
**Sent:**     Thursday, June 16, 2005 3:47 PM
**To:**       Rodger D. Smith
**Subject:** remaining fact depositions

Dear Rodger,

Further to our conversation of Tuesday June 14, GTECH does not plan, at the present time, to call Mr. Oram or Ms. Ross-Patton at trial; however, we reserve the right to do so. We can agree that, in the event we decide at a later time that they will be trial witnesses, we will make them available for a short deposition in advance of trial.

So that we can wrap up fact discovery as soon as possible, please let me know the availability of Ms. Whiteman, Mr. Zycinsky, and Mr. Hoffman for depositions. We may be able to complete Hoffman and Zycinsky in one day, but whoever is the second of these witnesses should be available the next day in case we need more time.

Best regards,

Doug

Douglas E. Ringel, Esq.
Kenyon & Kenyon
1500 K Street, N.W.
Washington, D.C. 20005
Tel: (202) 220-4225
Fax: (202) 220-4201

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

# Exhibit F

## Rodger D. Smith

**From:**  Rodger D. Smith
**Sent:**  Tuesday, August 02, 2005 2:28 PM
**To:**  'Ringel, Douglas'
**Subject:** RE: remaining fact depositions

Doug,

I just wanted to follow up on your earlier message concerning Mr. Oram and Ms. Ross-Patton. We expect that you will let us know whether you intend to call them as trial witnesses no later than the time at which the parties file the Final Pretrial Order. Please let me know if that is not acceptable to you.

Best regards,
Rodger

> -----Original Message-----
> **From:** Ringel, Douglas [mailto:DRingel@kenyon.com]
> **Sent:** Thursday, June 16, 2005 3:47 PM
> **To:** Rodger D. Smith
> **Subject:** remaining fact depositions
>
> Dear Rodger,
>
> Further to our conversation of Tuesday June 14, GTECH does not plan, at the present time, to call Mr. Oram or Ms. Ross-Patton at trial; however, we reserve the right to do so. We can agree that, in the event we decide at a later time that they will be trial witnesses, we will make them available for a short deposition in advance of trial.
>
> So that we can wrap up fact discovery as soon as possible, please let me know the availability of Ms. Whiteman, Mr. Zycinsky, and Mr. Hoffman for depositions. We may be able to complete Hoffman and Zycinsky in one day, but whoever is the second of these witnesses should be available the next day in case we need more time.
>
> Best regards,
>
> Doug
>
>
> Douglas E. Ringel, Esq.
> Kenyon & Kenyon
> 1500 K Street, N.W.
> Washington, D.C. 20005
> Tel: (202) 220-4225
> Fax: (202) 220-4201
>
> ---
> This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.