IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GTECH CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 04-138-JJF |
| SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION, | : | **REDACTED VERSION** |
| Defendants. | : | |

**SCIENTIFIC GAMES' MOTION IN LIMINE NO. 2 TO PRECLUDE GTECH FROM PRESENTING EXPERT TESTIMONY FROM JOSEPH PERIN CONCERNING THE DUTY OF CARE**

Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") respectfully move in limine to preclude GTECH Corporation ("GTECH") from presenting expert testimony from Joseph Perin concerning the duty of due care.

REDACTED

Mr. Perin is a software engineer, not an expert in the standards which businesses apply in dealing with patents, and has no knowledge or specialized training that would qualify him to testify as an expert on the duty of due care.

The Supreme Court has held that the trial judge must act as a gatekeeper and determine whether expert testimony is relevant and reliable. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993). In particular, it is the responsibility of the trial

judge to determine whether a particular expert has sufficient specialized knowledge to assist jurors in deciding the case. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999).

Under Fed. R. Evid. 702, a witness may testify as an expert if the witness is "qualified as an expert by knowledge, skill, experience, training, or education." *See In re Unisys Savings Plan Litig.*, 173 F.3d 145, 155 (3d Cir. 1999) ("[an expert] witness must have sufficient qualifications in the form of knowledge, skills, and training"); *Surace v. Caterpillar, Inc.*, 111 F.3d 1039, 1056 (3d Cir. 1997) ("[T]here is no evidence in the record to suggest that Brink possesses sufficient knowledge of the phenomenon . . . , either through training or experience, to testify as an expert."). If a witness is not qualified to testify as an expert, any expert testimony from that witness is necessarily unreliable and inadmissible. *See, e.g., Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (8th Cir. 2001).

REDACTED

That is not enough to qualify Mr. Perin as an expert on the duty of due care. *See Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 114 (3d Cir. 1987) ("[A]t a minimum, a proffered expert witness . . . must possess skill or knowledge greater than the average layman . . . .").

REDACTED

       Mr. Perin's proposed testimony is inconsistent with the Federal Circuit's holding in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345 (Fed. Cir. 2004) (*en banc*), that "the assertion of attorney-client and/or work-product privilege and the withholding of the advice of counsel shall no longer entail an adverse inference . . . ."[1]

REDACTED

       It is improper for Mr. Perin to seek to instruct the jury on the law that applies in this case. *See, e.g., United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991) ("[I]t is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury.").[2]

---

[1] REDACTED

[2] To the extent Mr. Perin were permitted to testify about his personal experience in complying with the duty of due care, the Court should make clear that he cannot testify about the legal standard for willfulness or whether Scientific Games' behavior satisfied the duty of due care. *See Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 443 (D. Del. 2004) ("She will not . . . be permitted to testify as to the legal standard for willfulness. Nor will she be permitted to testify as to whether [defendant's] behavior met the standard of reasonableness . . . ."); *Eolas Tech., Inc. v. Microsoft Corp.*, 270 F. Supp. 2d 997, 1008 (N.D. Ill. 2003) ("It is improper for Mr. Harmon to testify about . . . what he believes the legal standard for willful infringement is.").

For the foregoing reasons, GTECH should be precluded from offering expert testimony from Joseph Perin concerning the duty of due care.

<div style="text-align: right;">
MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  Attorneys for Defendants
</div>

Original Filing Date:  January 24, 2006

Redacted Filing Date:  February 1, 2006

502968

# EXHIBIT A

Redacted

# EXHIBIT B

# Redacted

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on February 1, 2006, I caused to be electronically filed under seal Scientific Games' Motion in Limine No. 2 to Preclude GTECH from Presenting Expert Testimony from Joseph Perin Concerning the Duty of Care (Redacted Version) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

**BY HAND**

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

**BY FEDERAL EXPRESS**

Thomas J. Meloro
Kenyon & Kenyon
One Broadway
New York, NY 10004

> /s/ Rodger D. Smith II
> Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> rsmith@mnat.com
> Attorneys for Defendants