IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,

        Plaintiff,

      v.

SCIENTIFIC GAMES INTERNATIONAL,
INC., SCIENTIFIC GAMES HOLDINGS
CORPORATION, SCIENTIFIC GAMES
FINANCE CORPORATION, and
SCIENTIFIC GAMES CORPORATION,

        Defendants.

C.A. No. 04-138-JJF

**REDACTED VERSION**

## SCIENTIFIC GAMES' MOTION IN LIMINE NO. 3 TO PRECLUDE GTECH FROM PRESENTING EVIDENCE CONCERNING MARKING THAT IT FAILED TO DISCLOSE DURING DISCOVERY

Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") respectfully move in limine to preclude GTECH Corporation ("GTECH") from offering any evidence at trial concerning marking that GTECH failed to disclose during discovery.

As the patentee, GTECH has the burden of pleading and proving compliance with the marking requirement of 35 U.S.C. § 287(a).  *See Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (citing *Motorola, Inc. v. United States*, 729 F.2d 765, 770 (Fed. Cir. 1984), and *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894) ("The duty of alleging, and the burden of proving, either [actual notice or constructive notice] is upon the [patentee]."))

Under Fed. R. Civ. P. 26(a)(1)(A), GTECH was required, "without awaiting a discovery request," to identify "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, . . . identifying the subjects of the

information." Under Fed. R. Civ. P. 26(a)(1)(B), GTECH was required, "without awaiting a discovery request," to produce "all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses . . . ."

Scientific Games specifically requested production of all documents on which GTECH intended to rely to support its damages claim -- which necessarily included any documents concerning marking of products sold in the United States (Ex. A at 32):

> Request No. 37: All documents relating to GTECH's contention that it has been damaged by the alleged infringement of the Patents-in-Suit by Scientific Games.

> Request No. 38: All documents relating to GTECH's calculation of damages caused . . . by the alleged infringement of the Patents-in-Suit by Scientific Games.

In response, GTECH said that it would "produce non-privileged documents responsive to this request to the extent such documents exist" (*id.* at 32, 33).

Scientific Games also asked GTECH to disclose its damages contentions -- which necessarily included any marking of products sold in the United States (Ex. B):

> State each fact supporting your allegation that GTECH has been or is being damaged by the alleged infringement of the Patents-in-Suit, state the nature and amount of the damages allegedly incurred, describe in detail the calculation of the amount of damages, . . . and identify each person with knowledge of each such fact and each document relating to that fact.

In its initial response, GTECH said nothing about marking, stating that "this interrogatory is more appropriate for expert discovery . . ." (*id.* at 15). In its first supplemental response, GTECH again said nothing about marking, stating only that "it is entitled to not less than a reasonable royalty including lost profits" (Ex. C at 5). In its second supplemental response, GTECH also said nothing about marking (Ex. D at 5).

REDACTED

The parties were required under the Court's Scheduling Order to complete document productions by November 30, 2004 (D.I. 25). The parties were required to identify fact witnesses by April 29, 2005 (D.I. 50). Fact discovery closed on May 27, 2005 (*id.*). During fact discovery, GTECH did not identify any witnesses with knowledge of marking and did not produce any documents demonstrating marking of any products with the numbers of the patents in suit.

In response to Scientific Games' motion for summary judgment (D.I. 129), GTECH came forward with evidence of supposed marking -- six months after the close of fact discovery. GTECH submitted declarations from Richard Zimmer (D.I. 153) and Brian Roberts (D.I. 155), as well as pictures supposedly taken of its vending machines, none of which were

disclosed during discovery. In the Joint Pretrial Order, GTECH has identified Mr. Zimmer and Mr. Roberts as witnesses that it intends to call at trial (D.I. 175, Ex. 6). GTECH has also listed the photographs of the vending machines as potential trial exhibits (*see, e.g.,* PTX 475, PTX 476, PTX 660) (D.I. 175, Ex. 12).

GTECH should be precluded from calling Mr. Zimmer as a witness at trial, based on its failure to identify him during discovery as someone with knowledge of the facts of this case. GTECH also should be precluded from calling Mr. Roberts as a witness on the subject of marking, based on its failure to identify Mr. Roberts during discovery as someone with knowledge regarding that issue. GTECH also should be precluded from offering any exhibits or other evidence at trial concerning marking that were not produced during discovery.

Under Fed. R. Civ. P. 37(c)(1), a party that "fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not . . . permitted to use as evidence at trial . . . any witness or information not so disclosed." *See Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005) ("As a sanction for failure to comply with the scheduling order in this case, the court is authorized to exclude evidence proffered by the disobedient party.").[1]

In *Stambler v. RSA Sec., Inc.*, 212 F.R.D. 470, 471-72 (D. Del. 2003), the Court precluded three witnesses from testifying as a result of their late disclosure. The Court noted that "[t]here is no reason why defendants did not identify [these witnesses] as fact witnesses during fact discovery," and that "allowing these witnesses to testify will disrupt the orderly and efficient resolution of this case." *Id.* at 472. The Court also noted that "[i]n every trial there comes a time

---

[1]    The Court previously precluded GTECH from asserting additional patent claims, based on GTECH's belated assertion of those claims (D.I. 87, ¶ 1; D.I. 89 at 3).

when discovery must be closed for the issues to be resolved through summary judgment and/or trial. In the case at bar, that time has long since passed." *Id.; see also Tracinda Corp. v. DaimlerChrysler AG*, 2005 WL 927187 (D. Del. Apr. 20, 2005) (imposing sanctions for failure to comply with discovery and scheduling orders).

For the foregoing reasons, GTECH should be precluded from offering any evidence at trial concerning marking that it failed to disclose during discovery. In particular, GTECH should be precluded from calling Richard Zimmer as a trial witness, should be precluded from calling Brian Roberts as a trial witness concerning marking, and should be precluded from offering any exhibits or other evidence concerning marking that were not produced during discovery.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


_____*/s/ Rodger D. Smith II*_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  Attorneys for Defendants

Original Filing Date:  January 24, 2006

Redacted Filing Date:  February 1, 2006
502966

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GTECH CORPORATION,                     )  | |
|                                        )  | |
|                      Plaintiffs,       )  | Civil Action No. 04-138-JJF |
|                                        )  | |
|            v.                          )  | |
|                                        )  | |
| SCIENTIFIC GAMES INTERNATIONAL, INC.,  )  | |
| SCIENTIFIC GAMES HOLDINGS              )  | |
| CORPORATION, SCIENTIFIC GAMES          )  | |
| FINANCE CORPORATION, and SCIENTIFIC    )  | |
| GAMES CORPORATION,                     )  | |
|                                        )  | |
|                      Defendants.       )  | |

## PLAINTIFF GTECH CORPORATION'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Plaintiff, GTECH Corporation ("GTECH"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits the following responses and objections to Defendants' First Set of Requests for the Production of Documents and Things.

## GENERAL OBJECTIONS

1.    GTECH generally objects to Defendants' requests and "Definitions" to the extent that they attempt to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and/or by the Local Rules of the United States District Court for the District of Delaware ("Local Rules").

REQUEST NO. 37:

All documents relating to GTECH's contention that it has been damaged by the alleged infringement of the Patents-in-Suit by Scientific Games.

RESPONSE TO REQUEST NO. 37:

GTECH objects to this request as overly broad and unduly burdensome in calling for "all documents." GTECH objects to the use of the phrase "relating to" as being vague and ambiguous. GTECH also objects to this request in that it seeks information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this request as seeking information that is subject to the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of these objections and its General Objections, GTECH will produce non-privileged documents responsive to this request to the extent such documents exist.

REQUEST NO. 38:

All documents relating to GTECH's calculation of damages caused to GTECH's by the alleged infringement of the Patents-in-Suit by Scientific Games.

**RESPONSE TO REQUEST NO. 38:**

GTECH objects to this request as overly broad and unduly burdensome in calling for "all documents." GTECH objects to the use of the phrase "relating to" as being vague and ambiguous. GTECH also objects to this request in that it seeks information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to this request as seeking information that is subject to the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of these objections and its General Objections, GTECH will produce non-privileged documents responsive to this request to the extent such documents exist.

**REQUEST NO. 39:**

All documents relating to profits that GTECH allegedly lost as a result of the alleged infringement of the Patents-in-Suit by Scientific Games.

**RESPONSE TO REQUEST NO. 39:**

GTECH objects to this request as overly broad and unduly burdensome in calling for "all documents." GTECH objects to the use of the phrase "relating to" as being vague and ambiguous. GTECH also objects to this request in that it seeks information that is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. GTECH further objects to

33

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,  )
  )
  )
            Plaintiffs,  )
  )          Civil Action No. 04-138-JJF
       v.  )
  )
SCIENTIFIC GAMES INTERNATIONAL, INC.,  )
SCIENTIFIC GAMES HOLDINGS  )
CORPORATION, SCIENTIFIC GAMES  )
FINANCE CORPORATION, and SCIENTIFIC  )
GAMES CORPORATION,  )
  )
            Defendants.  )

## PLAINTIFF GTECH CORPORATION'S RESPONSE TO
## DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, GTECH

Corporation ("GTECH"), hereby serves the following objections and responses to Defendants',

Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games

Finance Corporation, and Scientific Games Corporation (collectively, "Defendants"), First Set of

Interrogatories.

### GENERAL OBJECTIONS

1.    GTECH objects to the interrogatories to the extent that the interrogatories, the

instructions and/or definitions contained or incorporated therein are inconsistent with and/or

attempt to impose obligations beyond those imposed by the Federal Rules of Civil Procedure

and/or by the Local Rules of the United States District Court for the District of Delaware ("Local

**Interrogatory No. 10**

For each asserted claim of the Patents-in-Suit, identify the field of the invention, state the level of ordinary skill in the art, state each fact relating to your contention, and identify each person with knowledge of that fact and each document relating to that fact.

**Response No. 10**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, GTECH objects to the terms "field of the invention" as vague and overly broad. Additionally, GTECH specifically objects to the term "each asserted claim" as being vague since discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known. GTECH specifically objects to this interrogatory because it is a compound interrogatory which asks discrete questions that should have been asked, and should be counted, as separate interrogatories.

GTECH also objects to this interrogatory as premature and irrelevant to any presently asserted claim or defense in the case. The Patents-in-Suit are lawfully issued and presumed valid.

**Interrogatory No. 11**

State each fact supporting your allegation that GTECH has been or is being damaged by the alleged infringement of the Patents-in-Suit, state the nature and amount of the damages allegedly incurred, describe in detail the calculation of the amount of damages, including but not limited to the methods and factors used in the calculation, and identify each person with knowledge of each such fact and each document relating to that fact.

14

**Response No. 11**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

As to the extent of the injury suffered and the amount of damages, GTECH objects to the extent that this interrogatory is more appropriate for expert discovery, for which a schedule has been set by the Court.

Subject to the General Objections and the foregoing specific objections, GTECH will produce available non-privileged documents from which information responsive to this interrogatory may be derived or ascertained.

**Interrogatory No. 12**

State each fact supporting your allegation that defendants' infringement of the Patents-in-Suit "has been and will be willful," and identify each person with knowledge relating to each such fact and each document relating to that fact.

**Response No. 12**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to General Objections and the foregoing specific objections, GTECH states that Defendants have had knowledge of their willful conduct and are in the best position to supply information responsive to this request. On information and belief, GTECH asserts that Scientific Games has been aware of the Patents-in-Suit as least as early as its 1997 business interaction with On-Point Technologies regarding ticket vending machines.

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION, )
)
Plaintiffs, )
)
v. )          Civil Action No. 04-138-JJF
)
SCIENTIFIC GAMES INTERNATIONAL, INC., )
SCIENTIFIC GAMES HOLDINGS )
CORPORATION, SCIENTIFIC GAMES )
FINANCE CORPORATION, and SCIENTIFIC )
GAMES CORPORATION, )
)
Defendants. )

## PLAINTIFF GTECH CORPORATION'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 8, 9, 10, 11, 12, AND 14)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, GTECH Corporation ("GTECH"), hereby serves the following supplemental objections and responses to Defendants', Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Defendants"), Interrogatories Nos. 8, 9, 10, 11, 12, and 14.

## GENERAL OBJECTIONS

GTECH incorporates by reference the General Objections set forth in its *Response to Defendants' First Set of Interrogatories* dated August 18, 2004.

**Interrogatory No. 10**

        For each asserted claim of the Patents-in-Suit, identify the field of the invention, state the level of ordinary skill in the art, state each fact relating to your contention, and identify each person with knowledge of that fact and each document relating to that fact.

**Supplemental Response No. 10**

        In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, GTECH objects to the terms "field of the invention" as vague and overly broad. Additionally, GTECH specifically objects to the term "each asserted claim" as being vague since discovery has not yet been completed and all the claims to be asserted in this Action cannot yet be known. GTECH specifically objects to this interrogatory because it is a compound interrogatory which asks discrete questions that should have been asked, and should be counted, as separate interrogatories.

        GTECH further objects to the extent that this interrogatory is premature given the current stage of the case and is more appropriately the subject of expert discovery, for which a schedule has been set by the Court.

**Interrogatory No. 11**

        State each fact supporting your allegation that GTECH has been or is being damaged by the alleged infringement of the Patents-in-Suit, state the nature and amount of the damages allegedly incurred, describe in detail the calculation of the amount of damages, including but not limited to the methods and factors used in the calculation, and identify each person with knowledge of each such fact and each document relating to that fact.

**Supplemental Response No. 11**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

As to the extent of the injury suffered and the amount of damages, GTECH objects to the extent that this interrogatory is more appropriate for expert discovery, for which a schedule has been set by the Court.

Subject to the General Objections and the foregoing specific objections, GTECH has produced or will produce available non-privileged documents from which information responsive to this interrogatory may be derived or ascertained. GTECH's further states that its claim for damages includes that it is entitled to not less than a reasonable royalty including lost profits. Persons having knowledge of the facts concerning this upon which GTECH intends to rely include Patrick Costaregni and George Voutes.

**Interrogatory No. 12**

State each fact supporting your allegation that defendants' infringement of the Patents-in-Suit "has been and will be willful," and identify each person with knowledge relating to each such fact and each document relating to that fact.

**Supplemental Response No. 12**

In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to General Objections and the foregoing specific objections, GTECH states that Defendants have had knowledge of their willful conduct and are in the best position to

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| GTECH CORPORATION, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 04-138-JJF |
| v. | ) | |
| | ) | |
| SCIENTIFIC GAMES INTERNATIONAL, INC., | ) | |
| SCIENTIFIC GAMES HOLDINGS | ) | |
| CORPORATION, SCIENTIFIC GAMES | ) | |
| FINANCE CORPORATION, and SCIENTIFIC | ) | |
| GAMES CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF GTECH CORPORATION'S SUPPLEMENTAL RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES (NO. 4) AND SECOND
SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF
INTERROGATORIES (NOS. 8, 9, AND 11)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff,

GTECH Corporation ("GTECH"), hereby serves the following second supplemental objections

and responses to Defendants', Scientific Games International, Inc., Scientific Games Holdings

Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation

(collectively, "Defendants"), Interrogatories Nos. 8, 9, and 11.

**GENERAL OBJECTIONS**

GTECH incorporates by reference the General Objections set forth in its

*Response to Defendants' First Set of Interrogatories* dated August 18, 2004.

**Interrogatory No. 11**

      State each fact supporting your allegation that GTECH has been or is being damaged by the alleged infringement of the Patents-in-Suit, state the nature and amount of the damages allegedly incurred, describe in detail the calculation of the amount of damages, including but not limited to the methods and factors used in the calculation, and identify each person with knowledge of each such fact and each document relating to that fact.

**Supplemental Response No. 11**

      In addition to the General Objections, GTECH objects to this interrogatory as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

      As to the extent of the injury suffered and the amount of damages, GTECH objects to the extent that this interrogatory is more appropriate for expert discovery, for which a schedule has been set by the Court.

      Subject to the General Objections and the foregoing specific objections, GTECH has produced or will produce available non-privileged documents from which information responsive to this interrogatory may be derived or ascertained. GTECH further states that its claim for damages includes that it is entitled to not less than a reasonable royalty including lost profits. Specifically, GTECH states that Defendants have been awarded contracts to deploy ITVM's in several states, including Colorado, Georgia, Tennessee, and Pennsylvania, and that but for Defendants' infringement, ITVM's would have been purchased from GTECH for deployment in those states. Accordingly, because of Defendants' infringement, GTECH (which includes Interlott, which GTECH acquired) suffered lost profits equal to the amount of profits GTECH would have earned for sale of those ITVM's for deployment in those states. Persons having knowledge of the facts concerning this upon which GTECH intends to rely include Robert Nealon, David Wagoner, Patrick Costaregni and George Voutes.

5

# EXHIBIT E

Redacted

# EXHIBIT F

Redacted

# EXHIBIT G

Redacted

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on January 24, 2006, I caused to be electronically filed under seal Scientific Games' Motion in Limine No. 3 to Preclude GTECH from Presenting Evidence Concerning Marking That It Failed to Disclose During Discovery with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

### BY FEDERAL EXPRESS

> Thomas J. Meloro
> Kenyon & Kenyon
> One Broadway
> New York, NY 10004

> /s/ Rodger D. Smith II
> Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> rsmith@mnat.com
>     Attorneys for Defendants