IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>               Plaintiff,<br><br>     v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC.,<br>SCIENTIFIC GAMES HOLDINGS<br>CORPORATION, SCIENTIFIC GAMES<br>FINANCE CORPORATION, and SCIENTIFIC<br>GAMES CORPORATION,<br><br>               Defendants. | Civil Action No. 04-138-JJF |

**GTECH'S OPPOSITION TO SCIENTIFIC GAMES' MOTION *IN LIMINE* NO. 4
TO PRECLUDE GTECH FROM CALLING MICHAEL DOLAN
AS A WITNESS AT TRIAL**

Dated: February 2, 2006

*Of Counsel:*

Thomas J. Meloro
Larissa A. Soccoli
Andrew Reibman
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Douglas E. Ringel
KENYON & KENYON LLP
1500 K Street NW
Washington, DC 20005
Telephone: (202) 220-4200
Facsimile: (202) 220-4201
*Attorneys for Plaintiff GTECH Corporation*

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
Josy W. Ingersoll (#1088)
John Shaw (#3362)
Karen E. Keller (#4489)
Andrew A. Lundgren (#4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Scientific Games seeks to preclude GTECH from offering testimony from a witness identified on its witness list, Michael Dolan, on the grounds that the disclosure was "belated" – *i.e.* not identified during the fact discovery period. Notably, Scientific Games **nowhere** cites any prejudice or trial disruption that would result from allowing Mr. Dolan to testify. That is because there is none.

GTECH initially identified a witness, Thomas Oram, during the fact discovery period as a person with knowledge of facts upon which GTECH intended to rely on a limited subject matter – GTECH's purchase of Scientific Games' on-line lottery business from Bally's Manufacturing, including technology used in Scientific Games' Iowa PAT. (*See* Ex. D to SciGames' Motion *in Limine* No. 4 at Response 21). Scientific Games **agreed** to defer deposing Mr. Oram until such time as GTECH identified him on its trial exhibit list. (*See* Exs. E and F to SciGames' Motion *in Limine* No. 4; SciGames' Brief at 2, fn.1). Thus, by Scientific Games' agreement, no discovery from a GTECH witness identified on this topic has yet occurred.

Scientific Games bases its request for preclusion on Fed. R. Civ. P. 37(c)(1), which states:

> (c) (1) A party that **without substantial justification** fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, **unless such failure is harmless**, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1) (emphasis added).

Scientific Games does not reference the emphasized text in its brief, but this text is crucial here. The Rule 37 sanction only applies when the failure to supplement was "without substantial justification." Even if the failure was **not** substantially justified, a party should nevertheless be allowed to use the material that was not disclosed if the lack of earlier notice was

"harmless." *See* Advisory Committee Notes to 2000 Amendments, Fed. R. Civ. P. 37, Subdivision (c).

There is substantial justification for GTECH's disclosure of Mr. Dolan at this stage and, more importantly, the lack of earlier notice is completely harmless. GTECH identified Mr. Dolan as a substitution for Mr. Oram on the exact same topic that Mr. Oram was identified. Since no deposition discovery has yet occurred concerning this topic from the GTECH witness identified to testify about it, and GTECH's offer to allow Scientific Games to depose Mr. Dolan prior to trial stands, there is simply no prejudice to Scientific Games from the identification of Mr. Dolan. Further, since the deposition of Mr. Dolan would take place on the same schedule as that which was proposed, and agreed to by Scientific Games, regarding Mr. Oram, there also is no prejudice or trial disruption from Mr. Dolan's identification and deposition at this point.[1]

Notably, the two cases Scientific Games cites, *Stambler v. RSA Sec., Inc.*, 212 F.R.D. 470, 471-72 (D. Del. 2003) and *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005), both rely on four Third Circuit factors for determining if a witness should be precluded from testifying based on failure to earlier disclose:

> . . . (1) the prejudice or surprise in fact to the opposing party, (2) the ability of the party to cure the prejudice, (3) the extent of disruption of the orderly and efficient trial of the case, and (4) the bad faith or willfulness of the non-compliance.

---

[1] Scientific Games' insinuates that GTECH's service of a "revised witness list" on December 23, 2005, identifying Mr. Dolan, was somehow improper. (*See* Scientific Games' Brief at 2, ¶ 1). The parties stipulated to a schedule for exchange of pretrial materials [D.I.128] which provided for the initial exchange of witness lists and then a second exchange of revised lists. [D.I. 128 at ¶¶ 2 and 4] GTECH properly served its lists in accordance with that schedule and identified Mr. Dolan, as discussed below, as soon as GTECH became aware of his knowledge of the information in question.

*Stambler*, 212 F.R.D. at 471 (citing *Greate Bay Hotel & Casino v. Tose*, 34 F.3d 1227, 1236 (3d Cir. 1994)); *see also Praxair*, 231 F.R.D. at 463. Unlike in those cases, these factors are simply not met here.

Here there simply is no prejudice, nor does Scientific Games assert any. Mr. Dolan is identified as a "substitute" for a witness on the same topic, from whom, by agreement, no discovery has yet been taken. Allowing deposition of Mr. Dolan now – as GTECH has offered – would cure any "alleged" prejudice and would not cause any disruption of the trial. Scientific Games has already conceded that it does not believe taking one limited deposition on this topic prior to trial is prejudicial or disruptive since it agreed to do so for Mr. Oram. Finally, there is no willfulness connected with the disclosure at this time. GTECH identified Mr. Dolan promptly upon learning of his knowledge on the topic in question and identified him accordingly.

In these circumstances, the sanction of preclusion is extreme and unwarranted.

> [T]he exclusion of otherwise admissible testimony because of a party's failure to meet a timing requirement is a harsh measure and should be avoided where possible.

*Praxair*, 231 F.R.D. at 463.

## CONCLUSION

For the above reasons, GTECH respectfully requests that the Court deny Scientific Games' motion *in limine* to preclude GTECH from calling Michael Dolan as a trial witness.

Respectfully submitted,

Dated: February 2, 2006

By: /s/ John H. Shaw
YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP
Josy W. Ingersoll (#1088)
John Shaw (#3362)
Karen Keller (#4489)
Andrew A. Lundgren (#4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19889
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Of Counsel:*
Thomas J. Meloro
Larissa A. Soccoli
Andrew Reibman
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Douglas E. Ringel
KENYON & KENYON LLP
1500 K Street NW
Washington, DC 20005
Telephone: (202) 220-4200
Facsimile: (202) 220-4201

*Attorneys for Plaintiff GTECH Corporation*

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on February 2, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>Wilmington, DE 19801

I further certify I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Andrew A. Lundgren*
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>alundgren@ycst.com
>
>*Attorneys for GTECH Corporation*