IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION, | |
| Plaintiff, | |
| v. | C.A. No. 04-138-JJF |
| SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION, | |
| Defendants. | |

**SCIENTIFIC GAMES' RESPONSE TO GTECH'S MOTION IN LIMINE NO. 2 TO PRECLUDE REFERENCE TO ANY OPINION OF COUNSEL RENDERED TO SCIENTIFIC GAMES CONCERNING THE PATENTS-IN-SUIT, BASED UPON ITS REFUSAL TO PRODUCE ANY SUCH OPINION TO GTECH**

Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") do not oppose GTECH's motion in limine to preclude reference to Scientific Games' opinions of counsel -- as long as GTECH is also precluded from referring to, offering any evidence regarding, or seeking to draw any inferences relating to the opinions of counsel.

As discussed in Scientific Games' motion in limine no. 1, Scientific Games has chosen not to waive the attorney-client privilege and work product immunity with respect to the opinions of counsel that it received concerning the patents in suit, and has not asserted an advice of counsel defense to GTECH's charge of willful infringement (D.I. 183). Accordingly, Scientific Games does not intend to rely on, or otherwise refer to, its opinions of counsel at trial.

GTECH also should be precluded, however, from referring to, offering any evidence regarding, or seeking to draw any inferences relating to Scientific Games' opinions of

counsel. In *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345 (Fed. Cir. 2004) (*en banc*), the Federal Circuit held that "the assertion of attorney-client and/or work-product privilege and the withholding of the advice of counsel shall no longer entail an adverse inference as to the nature of the advice."[1]

The only possible reason for GTECH to offer such evidence would be to suggest to the jury that, because Scientific Games did not disclose its opinions of counsel, it must have received unfavorable advice. *See Knorr-Bremse*, 383 F.3d at 1345. As Judge Jordan has noted, however, there is no reason why a patentee (in light of *Knorr-Bremse*) should be permitted to introduce evidence at trial about an opinion of counsel that was not disclosed. *See* D.I. 183, Ex. B at 38 (". . . I have never yet heard anybody make a reasoned argument to me why it could be put before a jury after the *Knorr-Bremse* opinion that an opinion was received but not tendered.").

---

[1] The prejudice caused by GTECH's attempts to present evidence concerning Scientific Games' opinions of counsel would be eliminated if the Court bifurcated damages and willfulness for trial.

3.

Scientific Games does not oppose GTECH's motion in limine to preclude Scientific Games from referring to its opinions of counsel, provided that GTECH is also precluded from referring to, offering any evidence regarding, or seeking to draw any inferences relating to Scientific Games' opinions of counsel.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Rodger D. Smith II
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  Attorneys for Defendants

February 2, 2006

504368

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on February 2, 2006, I caused to be electronically filed Scientific Games' Response To GTECH's Motion In Limine No. 2 To Preclude Reference To Any Opinion Of Counsel Rendered To Scientific Games Concerning The Patents-In-Suit, Based Upon Its Refusal To Produce Any Such Opinion To GTECH with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899

### BY FEDERAL EXPRESS

>Thomas J. Meloro
>Kenyon & Kenyon
>One Broadway
>New York, NY 10004

>/s/ Rodger D. Smith II
>Rodger D. Smith II (#3778)
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>rsmith@mnat.com
>   Attorneys for Defendants