IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,

        Plaintiff,

        v.

SCIENTIFIC GAMES INTERNATIONAL,
INC., SCIENTIFIC GAMES HOLDINGS
CORPORATION, SCIENTIFIC GAMES
FINANCE CORPORATION, and
SCIENTIFIC GAMES CORPORATION,

        Defendants.

C.A. No. 04-138-JJF

**REDACTED VERSION**

**SCIENTIFIC GAMES' RESPONSE TO GTECH'S MOTION IN LIMINE NO. 1 TO
EXCLUDE THE ON-POINT OPINIONS OF COUNSEL**

        Scientific Games International, Inc., Scientific Games Holdings Corporation,

Scientific Games Finance Corporation, and Scientific Games Corporation (collectively,

"Scientific Games") oppose GTECH's motion in limine to exclude the On-Point opinions of

counsel        REDACTED

        The opinions of counsel were received by Brian Roberts -- one of GTECH's trial

witnesses (*see* D.I. 175, Ex. 6) --

REDACTED

GTECH seeks to exclude the On-Point opinions as

REDACTED

That is wrong.  GTECH intends to present evidence that the vending machines with the helical separators are covered by the '337 patent, and that "products covered by the asserted claims of the '337 patent are commercially successful" (D.I. 175, Ex. 2).

REDACTED

GTECH's suggestion that its expert can testify to something like that, but that Scientific Games cannot cross-examine him with its own contrary evidence is ludicrous.  There is no basis for the Court to exclude the contrary On-Point opinions.

In discussing the advantages of the '337 patent as part of the *Georgia-Pacific* factors, GTECH's damages expert has stated that

REDACTED

.[1]  If GTECH argues at trial -- as it has throughout this case -- that vending machines with helical separators are covered by the '337 patent, Scientific Games should be permitted to rebut

---

[1]    GTECH also submitted evidence in opposition to Scientific Games' motion for summary judgment concerning marking, suggesting that all GTECH's vending machines -- including those with helical separators -- have been marked with the number of the '337 patent.

REDACTED

that evidence by introducing the On-Point opinions demonstrating that Mr. Neff told Mr. Roberts that the '337 patent does not cover the vending machines with helical separators.

Finally, GTECH argues that the opinions should be excluded due to a risk of jury confusion, because                                    REDACTED


There is no risk of jury confusion.  The jury will have no trouble understanding that the attorney who prosecuted the '337 patent wrote two opinions stating that the machines using helical separators are not covered by the '337 patent.[2]

For the foregoing reasons, GTECH's motion in limine to exclude the On-Point opinions of counsel should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Rodger D. Smith II

_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  Attorneys for Defendants

Original Filing Date:  February 2, 2006

Redacted Filing Date: February 8, 2006

_____

[2]     GTECH also argues that Scientific Games should not be able to introduce Mr. Neff's opinions  of  counsel                    REDACTED
                                                         Mr. Neff was their attorney. Moreover, Scientific Games was not able to depose Mr. Neff during the period for fact discovery, which ended on May 27, 2005, because GTECH failed to disclose the On-Point opinions until December 1, 2005 -- only after the Court granted Scientific Games' motion to compel on July 11, 2005 (D.I. 96) and denied GTECH's motion for reconsideration on November 22, 2005 (D.I. 145).

# EXHIBIT A

**REDACTED**

# EXHIBIT B

**REDACTED**

# EXHIBIT C

**REDACTED**

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on February 8, 2006, I caused to be electronically filed a redacted version of Scientific Games' Response To GTECH's Motion In Limine No. 1 To Exclude The On-Point Opinions of Counsel (Redacted Version) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

### BY FEDERAL EXPRESS

> Thomas J. Meloro
> Kenyon & Kenyon
> One Broadway
> New York, NY 10004

> */s/ Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> rsmith@mnat.com
>   Attorneys for Defendants