IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GTECH CORPORATION,

        Plaintiff,

        v.

SCIENTIFIC GAMES INTERNATIONAL,
INC., SCIENTIFIC GAMES HOLDINGS
CORPORATION, SCIENTIFIC GAMES
FINANCE CORPORATION, and
SCIENTIFIC GAMES CORPORATION,

        Defendants.

C.A. No. 04-138-JJF

**REDACTED VERSION**

## SCIENTIFIC GAMES' RESPONSE TO GTECH'S MOTION IN LIMINE NO. 3 TO PRECLUDE SCIENTIFIC GAMES FROM OFFERING ITS PLAYCENTRAL "PUSH-BUTTON" MODIFICATION AS A NON-INFRINGING ALTERNATIVE

        Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") oppose GTECH's motion in limine to preclude Scientific Games from presenting evidence concerning Scientific Games' PlayCentral "push-button" modification as a non-infringing alternative.

I.    THE "AVAILABILITY" OF SCIENTIFIC GAMES' "PUSH-BUTTON" ALTERNATIVE IS A QUESTION FOR THE JURY TO DECIDE.

        GTECH argues that Scientific Games should be precluded from presenting evidence concerning its

REDACTED

REDACTED

The Federal Circuit has clearly stated, however, that a non-infringing alternative does not need to be "on the market" to be relevant to a lost profits analysis:

> [A]n alleged substitute not "on the market" or "for sale" during the infringement can figure prominently in determining whether a patentee would have made additional profits . . . . [T]his court's precedent permits available alternatives -- including but not limited to products on the market -- to preclude lost profits damages.

*Grain Processing Corp. v. American Maize Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). As the Federal Circuit explained, consideration of all available alternatives is important in determining the value of the patent:

> [O]nly by comparing the patented invention to its next-best available alternative(s) -- regardless of whether the alternative(s) were actually produced and sold during the infringement -- can the court discern the market value of the patent owner's exclusive right, and therefore his expected profit or reward . . . . [A]n accurate reconstruction of the hypothetical "but for" market takes into account any alternatives available to the infringer.

*Id.* at 1351. The Federal Circuit also set forth the factors to be considered in determining whether a non-infringing alternative was "available" to the alleged infringer during the period of infringement. *Id.* at 1353-54. In particular, the court examined whether the accused infringer had "the necessary equipment, know-how, and experience" to switch to the non-infringing alternative. *Id.* at 1354.

Nowhere in its motion does GTECH address whether Scientific Games had "the necessary equipment, know-how and experience" to switch to the non-infringing push-button alternative.

REDACTED

That is not the test. The test is whether Scientific Games had "the necessary equipment,

REDACTED

That is a question for the jury to decide based on the evidence presented at trial, not for the Court to decide on a motion in limine.[1]

II.    SCIENTIFIC  GAMES'  "PUSH-BUTTON"  ALTERNATIVE
       WAS DISCLOSED DURING DISCOVERY.

GTECH also argues that Scientific Games should be precluded from presenting evidence concerning the push-button alternative

REDACTED

---

[1]    GTECH's reliance on *Micro Chemical, Inc. v. Lextron, Inc.*, 318 F.3d 1119 (Fed. Cir. 2003), is misplaced.  The court in *Micro Chemical* recognized the test set forth in *Grain Processing* for determining whether a non-infringing alternative was "available" during the period of infringement, noting that "[i]n *Grain Processing*, . . . the material and know-how for the alleged substitute were readily available at the time of infringement." *Id.* at 1123.  By contrast, the court found that the accused infringer in *Micro Chemical* "did not have the necessary equipment, know-how, and experience to make the [alleged substitute] at the time of infringement." *Id.*  GTECH does not address whether Scientific Games had the "necessary equipment, know-how, and experience" to switch to the push-button alternative.

4.

REDACTED

Indeed, Mr. Jarosz, GTECH's damages expert, was fully aware of Ms. Whiteman's testimony and cited it in his expert report:

REDACTED

2

---

2     Scientific Games objected to providing a 30(b)(6) witness concerning non-infringing alternatives because        REDACTED

                                           In fact, it was not until GTECH submitted its expert reports that it became clear that a push-button machine was a non-infringing alternative to the '624 patent.

REDACTED

For the foregoing reasons, GTECH's motion in limine to preclude Scientific Games from presenting evidence concerning its "push-button" alternative should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  Attorneys for Defendants

Original Filing Date:  February 2, 2006

Redacted Filing Date: February 8, 2006
505522

# EXHIBIT A

**REDACTED**

# EXHIBIT B

**REDACTED**

# EXHIBIT C

**REDACTED**

# EXHIBIT D

**REDACTED**

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on February 8, 2006, I caused to be electronically filed a redacted version of Scientific Games' Response To GTECH's Motion In Limine No. 3 To Preclude Scientific Games From Offering Its Proposed Hypothetical PlayCentral "Push-Button Modification As An Alleged Non-Infringing Alternative with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

### BY FEDERAL EXPRESS

Thomas J. Meloro
Kenyon & Kenyon
One Broadway
New York, NY 10004

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
    Attorneys for Defendants