IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION, | |
| Plaintiff, | |
| v. | C.A. No. 04-138-JJF |
| SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION, | **REDACTED VERSION** |
| Defendants. | |

**SCIENTIFIC GAMES' RESPONSE TO GTECH'S MOTION IN LIMINE NO. 4 TO EXCLUDE (A) PRIOR ART OTHER THAN THE REFERENCES RELIED UPON BY SCIENTIFIC GAMES' EXPERTS, AND (B) MICHAEL KEEFE'S LOTTERY TICKET EXPERIMENTS**

Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") oppose GTECH's motion in limine to exclude: (a) prior art not relied on by Scientific Games' experts; and (b) Professor Keefe's lottery ticket experiments.

I.  SCIENTIFIC GAMES SHOULD BE PERMITTED TO USE PRIOR ART DISCLOSED DURING DISCOVERY AND IN ITS EXPERT REPORTS.

GTECH argues that "Scientific Games should be precluded from offering any evidence or opinions from their experts on invalidity except for those opinions expressly set forth in their expert reports" (D.I. 187, Tab 4 at 4). Scientific Games does not intend to offer any opinions from its experts that were not disclosed in their expert reports. GTECH, however, seeks to preclude Scientific Games from offering any evidence about prior art discussed in those expert

reports unless the art was the express basis for an anticipation or obviousness opinion. There is no basis for doing so.

Scientific Games should be permitted to offer testimony from its experts at trial -- that was disclosed in their expert reports -- concerning the state of the art at the time of the alleged inventions. *See In re Omeprazole Patent Litigation*, 2002 WL 287785, at *8 (S.D.N.Y. Feb. 27, 2002) ("While it is, of course, acceptable for an expert to consult reference materials to create a background for an opinion at trial, Dr. Porter's testimony concerning those references may not exceed the boundaries of the disclosure made in his initial Expert Report and during his deposition.").

Both of Scientific Games' technical experts -- Professor Michael Keefe and Professor Brad Myers -- provided extensive disclosures of their proposed testimony concerning the state of the art at the time of the alleged inventions. Professor Keefe provided the following disclosure concerning his testimony with respect to prior art vending machines

REDACTED

3.

REDACTED

3.

REDACTED

5.

REDACTED

Professor Myers provided a similar disclosure concerning his proposed testimony with respect to prior art vending machines

REDACTED

REDACTED

REDACTED

Scientific Games should not be precluded from presenting testimony from its experts concerning any prior art references that were disclosed (and discussed) in their expert reports. *See In re Omeprazole Patent Litigation*, 2002 WL 287785, at *5 ("Genpharm may rely on documents G23A, G25, G26, G31, and G32 during its invalidity case . . . because each of those documents in discussed in Dr. Story's original Expert Report . . . ."). Indeed, GTECH acknowledges that

REDACTED

And GTECH had a full opportunity to examine Scientific Games' experts about those references at their depositions.

GTECH also argues that Scientific Games should be precluded from "offering into evidence or making any arguments concerning references, patents or machines . . . other than REDACTED There is simply no basis for GTECH's motion. Scientific Games should be permitted to introduce at trial -- including in cross-examining GTECH's experts and inventors -- any prior art references that Scientific Games disclosed during discovery and in its experts' reports.

In *Clintec Nutrition Co. v. Baxa Corp.*, 1998 WL 560284, at *7 (N.D. Ill. Aug. 26, 1998), the court denied a similar motion to preclude defendant from introducing prior art that was not relied on by defendant's expert. Plaintiff argued that defendant should be limited to introducing evidence concerning a single prior art reference, because defendant's expert "indicated he only relied on a single piece of prior art in reaching his opinion and, thus, only that prior art should be permitted into evidence." *Id.* The court rejected the argument, because defendant had disclosed the prior art references during discovery, and plaintiff had an opportunity to question defendant's expert about the art at his deposition:

> In its sixth supplemental response to [plaintiff's] interrogatory request for prior [art], [defendant] listed an extensive array of prior art patents and articles. . . . [Defendant] provided its interrogatory response months before [plaintiff] deposed [defendant's expert] and thus, [plaintiff] had an opportunity to question [defendant's expert] on the prior art. This is not a situation where [plaintiff] has been unfairly surprised by an untimely disclosure of prior art.

*Id.*; *see also In re Omeprazole Patent Litigation*, 2002 WL 287785, at *5 (S.D.N.Y. Feb. 27, 2002) ("Defendants may introduce at trial prior art either relied on in expert reports or identified in response to contention interrogatories.").

The prior art references upon which Scientific Games intends to rely were disclosed during discovery and in its experts' reports. Moreover, the fundamental premise of GTECH's motion -- that Scientific Games' experts' opinions are based on

REDACTED

-- is wrong. Professor Myers expressly stated in his expert report that

REDACTED

REDACTED

Scientific Games should be permitted to introduce at trial prior art references disclosed during discovery and in its expert reports.

II.   PROFESSOR KEEFE'S LOTTERY TICKET EXPERIMENTS SHOULD NOT BE EXCLUDED.

GTECH seeks to exclude Professor Keefe's

REDACTED                                       GTECH argues that it is

"highly prejudicial to GTECH," because it has deprived GTECH of

REDACTED

That is simply incorrect. GTECH can cross-examine Professor Keefe fully at trial (as it did at his deposition) concerning how he conducted his experiments and what happened to the other tickets that he did not rely on in reaching his conclusions. Moreover, if GTECH wanted to present more favorable results, GTECH could have had its own experts conduct the same experiment to show that they reached results different from those obtained by Professor Keefe. This is not rocket science -- Professor Keefe's "experiment" involved perforated lottery tickets, a scissors, a razor blade, and three ticket dispensers (the prior art Rowe dispenser, Interlott's Classic Burster and Scientific Games' accused PlayCentral burster) (*see* Ex. C).

Those are not materials that are hard to find or otherwise unavailable. Yet, GTECH's experts did not conduct any comparative "experiments" of their own.[1]

Finally, GTECH argues that Professor Keefe had an

REDACTED

The tickets that Professor Keefe discarded, however, were not tickets on which he relied in connection with his expert testimony. The purpose of the "experiment" was to compare the prior art Rowe dispenser to Interlott's Classic Burster. Professor Keefe testified that he did not discard any tickets that he used in either of those mechanisms

REDACTED

---

[1]

REDACTED

[2] GTECH omitted this portion of Professor Keefe's testimony from its lengthy block quote in its motion (*see* D.I. 187, Tab 4 at 5-6).

REDACTED

There is simply no basis for GTECH's motion to exclude Professor Keefe's lottery ticket experiments.

\*   \*   \*

For the foregoing reasons, GTECH's motion in limine to exclude prior art not relied on by Scientific Games' experts, and Professor Keefe's lottery ticket experiments should be denied.

           MORRIS, NICHOLS, ARSHT & TUNNELL LLP

           */s/ Rodger D. Smith II*
           Jack B. Blumenfeld (#1014)
           Rodger D. Smith II (#3778)
           1201 N. Market Street
           P.O. Box 1347
           Wilmington, DE  19899-1347
           (302) 658-9200
           rsmith@mnat.com
            Attorneys for Defendants

Original Filing Date:  February 2, 2006

Redacted Filing Date:  February 8, 2006
504721

# EXHIBIT A

**REDACTED**

# EXHIBIT B

**REDACTED**

# EXHIBIT C

**REDACTED**

# EXHIBIT D

# EXHIBIT D

**REDACTED**

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on February 8, 2006, I caused to be electronically filed Scientific Games' Response To GTECH's Motion In Limine No. 4 To Exclude (A) Prior Art Other Than The References Relied Upon By Scientific Games' Experts, And (B) Michael Keefe's Lottery Ticket Experiments (Redacted Version) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899

### BY FEDERAL EXPRESS

>Thomas J. Meloro
>Kenyon & Kenyon
>One Broadway
>New York, NY 10004

>/s/ Rodger D. Smith II
>Rodger D. Smith II (#3778)
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>rsmith@mnat.com
>    Attorneys for Defendants