IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>Defendants. | C.A. No. 04-138-JJF<br><br>**REDACTED VERSION** |

**SCIENTIFIC GAMES' RESPONSE TO GTECH'S MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE AND TESTIMONY CONCERNING: (A) UNRELATED DISPUTES, (B) PRIOR LITIGATIONS, (C) INDEFINITENESS, (D) INVENTORSHIP, AND (E) INEQUITABLE CONDUCT**

Scientific Games International, Inc., Scientific Games Holdings Corporation, Scientific Games Finance Corporation, and Scientific Games Corporation (collectively, "Scientific Games") oppose GTECH's motion in limine to exclude evidence and testimony concerning: (a) unrelated disputes; (b) prior litigations; (c) indefiniteness; (d) inventorship; and (e) inequitable conduct.

I. STATEMENTS AND TESTIMONY OF GTECH'S WITNESSES IN PRIOR LITIGATION SHOULD NOT BE EXCLUDED.

GTECH seeks to exclude statements and testimony of its own witnesses from prior litigation that are directly contrary to evidence that GTECH intends to offer at trial here. That is not a basis for excluding relevant and admissible evidence.

GTECH seeks to exclude, for example, the deposition testimony of its 30(b)(6) witness in the *Pollard* litigation (*see* D.I. 187, Tab 7 at 7-9). David Wagoner, Interlott's Vice

President of Technology, was designated by Interlott (GTECH's predecessor) to testify as its 30(b)(6) witness concerning instant ticket vending machines that

REDACTED

One of the vending machines about which Mr. Wagoner testified was a machine (made by Instant Technologies) that used the same separating mechanism that is used in Scientific Games' PlayCentral machine.

REDACTED


GTECH argues that Mr. Wagoner's testimony should be excluded because "it is hearsay" (D.I. 187, Tab 7 at 8). It is not. It is a non-hearsay party admission of GTECH. *See Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 504 (D. Del. 2005) ("Eaton's statements qualify as an admission under Rule 801(d)(2) given his role as Chief Executive Officer of Chrysler, one of the predecessors of DaimlerChrysler."); *Sherif v. AstraZeneca*, 2002 WL 32350023, at *2-3 (E.D. Pa. May 9, 2002) (statements of employees/agents of predecessor company that were merged into defendant corporation prior to the merger are admissible as non-hearsay party admissions of defendant corporation). Moreover, Mr. Wagoner's testimony is admissible under Fed. R. Evid. 804(b)(1) as former testimony, since it was "taken at a deposition and [GTECH] had the opportunity to challenge [his] testimony if [it] so chose." *Tracinda*, 362 F. Supp. 2d at 503.

GTECH also argues that the

REDACTED

As noted above, Mr. Wagoner's testimony was the corporate Rule 30(b)(6) testimony of GTECH's predecessor, not a lay opinion. Moreover, in opposing Scientific Games'

motion for summary judgment, GTECH argued that Mr. Wagoner's testimony

REDACTED

There is simply no basis to exclude Mr. Wagoner's testimony in the *Pollard* litigation.

GTECH also argues that Scientific Games should be precluded from offering into evidence documents from the *Interlott v. On-Point* litigation. Again, GTECH seeks to exclude damaging -- but nevertheless relevant and admissible -- statements of its own witnesses. In that litigation, GTECH's witness here, Brian Roberts, verified interrogatory responses (DTX 207) and submitted an affidavit (DTX 208) on behalf of On-Point, which took the position in that case that the '337 patent was invalid.

REDACTED

Scientific Games should be permitted to use those documents (as well as the On-Point opinions of counsel, which are the subject of GTECH's motion in limine no. 1) to cross-examine Mr. Roberts and rebut GTECH's contrary arguments in this litigation.[1]

Finally, GTECH seeks to exclude Professor Guenther's expert report from the *Pollard* litigation (at 5-7), as well as affidavits submitted in the *BLM Resources, Inc. v. Lottery Concepts Int'l* litigation (D.I. 187, Tab 7 at 3-4). Two of the affidavits were submitted, however, by individuals that GTECH has identified as potential trial witnesses in this matter -- Donald

---

[1]  On-Point's statements in the *Interlott v. On-Point* litigation are also admissible as party admissions, since GTECH is the successor in interest to On-Point. *See Tracinda*, 362 F. Supp. 2d at 504; *Sherif*, 2002 WL 32350023, at *2-3.

Keagle (one of the inventors of the '337 patent) and Edmund Turek (the founder and CEO of Interlott) (*see* DTX 203 & DTX 204) -- and relate to facts at issue in this litigation. In his affidavit, for example, Mr. Keagle discusses the development of the patented invention and the roles played in the development by named inventors.

REDACTED

Scientific Games should be permitted to use the testimony and documents from the prior litigations to rebut arguments that GTECH intends to present at trial, and to cross-examine GTECH's witnesses about their prior statements.

II.  SCIENTIFIC GAMES HAS NOT ASSERTED INVENTORSHIP OR INEQUITABLE CONDUCT DEFENSES.

GTECH also seeks to preclude Scientific Games from presenting evidence of indefiniteness, incorrect inventorship or inequitable conduct (D.I. 187, Tab 7 at 9-13). As GTECH acknowledges the issue of indefiniteness is dependent on the Court's claim construction (*id.* at 10), and, thus, and is not capable of resolution at this time, pending the Court's decision concerning claim construction.

As for inventorship and inequitable conduct, Scientific Games has not asserted, and does not intend to assert, defenses of incorrect inventorship or inequitable conduct in this litigation. That does not mean, however, that Scientific Games should be precluded from cross-examining the inventors, or otherwise presenting evidence, about the roles each inventor played in the development of the claimed inventions and what prior art was before the Patent Office during the prosecutions of the patents in suit. *See Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359-60 (Fed. Cir. 1984) ("New prior art not before the PTO may so clearly

invalidate a patent that the burden is sustained merely by proving its existence and applying the proper law . . . .").

*  *  *

For the foregoing reasons, GTECH's motion in limine should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
  Attorneys for Defendants

Original Filing Date: February 2, 2006

Redacted Filing Date: February 8, 2006

504790

# EXHIBIT A

**REDACTED**

# EXHIBIT B

**REDACTED**

# EXHIBIT C

**REDACTED**

# EXHIBIT D

JUL 21 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| INTERLOTT TECHNOLOGIES, INC., | Civil Action No. C-1-00-328 |
| --- | --- |
| | (Judge Beckwith) |
| | (Magistrate Judge Sherman) |
| Plaintiff, | |
| v. | ANSWER OF ON-POINT TECHNOLOGY SYSTEMS, INC., |
| ON-POINT TECHNOLOGY SYSTEMS, INC., | TO PLAINTIFF'S SECOND AMENDED COMPLAINT |
| Defendant. | |

Defendant, On-Point Technology Systems, Inc. ("On-Point"), answers plaintiff's Second Amended Complaint ("Complaint") as follows:

### NATURE OF ACTION

1. Defendant admits plaintiff has asserted a claim of breach of contract and patent infringement. Defendant denies all remaining allegations of paragraph 1 of plaintiff's Complaint.

### THE PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiff's Complaint.

3. Defendant admits that On-Point is a Nevada corporation having its principal place of business at 1370 West San Marcos Boulevard, Suite 100, San Marco, California, 92069. Defendant denies all remaining allegations of paragraph 3 of plaintiff's Complaint.

### JURISDICTION AND VENUE

4. Denied.

5. Denied.

Defendants' Trial Exhibit
**DTX 209**
C.A. No. 04-138-JJF

GTech v. Scientific Games
04-128-JJF

DEFENDANT'S EXHIBIT #24 JD 5/6/05

INLO 205192

6. Defendant admits Interlott markets instant ticket vending machines ("ITVMs") for the lottery industry throughout the United States, as well as internationally. As defendant is uncertain what "Interlott ITVMs" are referenced in the remaining allegations of paragraph 6 of plaintiff's Complaint, and further as defendant has not had the opportunity to inspect all machines so referenced, defendant denies all remaining allegations of paragraph 6 of plaintiff's Complaint.

7. Defendant admits that On-Point is or has engaged in the business of marketing an ITVM design known as the "Model ITR-7000". The "Model ITR-7000" incorporates technology that is different than the technology of the ITR-6000 product. Defendant admits it markets its lottery machines nationally and internationally. Defendant admits its name was change from Lottery Enterprises, Inc. ("LEI") in 1996. Defendant denies all remaining allegations of paragraph 7 of plaintiff's Complaint.

8. Defendant admits BLM Resources, Inc. ("BLM") initiated a lawsuit in the United States District Court for the Southern District of Ohio, Case Number C-1-90-170 ("Ohio Litigation") against Lottery Concepts, Inc. ("LCI") and Robert Burr ("Burr") seeking, *inter alia*, a declaration of its rights under certain contracts attached to the complaint. Defendant denies all remaining allegations of paragraph 8 of plaintiff's Complaint.

9. Defendant admits that on January 1, 1991, United States Patent No. 4,982,337, entitled "System for Distributing Lottery Tickets" (hereinafter "the '337 patent") was duly and legally issued to Burr, Laird A. Campbell, Donald H. Keagle, and Alfred L. Fulton. Defendant admits a copy of the '337 patent is attached to plaintiff's Complaint as Exhibit 1. Defendant is uncertain what plaintiff means by asserting the 337 patent "is directed to the Model ITR-6000

2

Technology", and therefore denies same. Defendant denies all remaining allegations of paragraph 9 of plaintiff's Complaint.

10. Defendant admits the allegations contained in the first two sentences of paragraph 10 of plaintiff's Complaint. Defendant denies all remaining allegations of paragraph 10 to the extent they are inconsistent with the referenced Settlement Agreement.

11. Defendant denies all allegations of paragraph 11 of plaintiff's Complaint regarding the Settlement Agreement, to the extent they are inconsistent with the Settlement Agreement. Defendant denies all remaining allegations of paragraph 11 of plaintiff's Complaint.

12. Defendant admits it has commenced marketing newly designed ITVMs known as the "PlayPoint" and "CounterPoint." Defendant denies all remaining allegations of paragraph 12 of plaintiff's Complaint.

## COUNT I
## BREACH OF CONTRACT

13. Defendant denies each and every allegation contained in paragraphs 1 through 12 of plaintiff's Complaint, except as admitted above.

14. Denied.

15. Defendant admits its legally responsible for the obligations undertaken by LEI in the Settlement Agreement, if any. Defendant denies all remaining allegations of paragraph 15 of plaintiff's Complaint.

16. Denied.

3

## COUNT II
### INFRINGEMENT OF U.S. LETTERS PATENT NO. 4,982,337

17. Defendant denies each and every allegation contained in paragraphs 1 through 16 of plaintiff's Complaint, except as admitted above.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of plaintiff's Complaint.

19. Denied.

20. Denied.

21. Denied.

### DEFENSES

1. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff's complaint is barred by the applicable statute of limitations.

3. Plaintiff acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of defendant, thus barring recovery.

4. Plaintiff has failed to join necessary parties as required by Rule 19 of the Ohio Rules of Civil Procedure.

5. If plaintiff sustained damages as alleged in its Complaint, which is denied, plaintiff has failed to mitigate its damages.

6. Plaintiff's claims are barred as a result of laches, waiver, and/or estoppel.

7. Plaintiff's claims are barred by the doctrine of accord and satisfaction, failure of consideration, release, and *res judicata*.

4

8. Plaintiff's breach of contract claim is barred as the agreement upon which plaintiff bases its claims is not a valid, enforceable contract.

9. Defendant is not a successor in interest to Lottery Concepts International, Inc.

10. This court lacks jurisdiction and venue over the subject matter of the claims brought within this action.

11. This court lacks personal jurisdiction over defendant.

12. Defendant has not infringed and is not now infringing, either directly, contributorily, or through inducement, any properly construed or valid claims of U.S. Letters Patent No. 4,982,337.

13. Plaintiff's Complaint and requested relief are barred by the doctrine of prosecution history estoppel.

14. Plaintiff's Complaint and requested relief are barred by the doctrine of patent misuse.

15. Plaintiff cannot enforce U.S. Letters Patent No. 4,982,337 based on the doctrine of patent misuse.

16. Plaintiff cannot enforce U.S. Letters Patent No. 4,982,337 because it is invalid.

17. Plaintiff's claims are preempted by federal law.

18. Plaintiff's Complaint and requested relief are barred as contrary to federal and state antitrust laws.

19. Defendant incorporates the defenses of all others who may become parties to this action as though more fully set forth herein.

GTech v. Scientific Games
04-128-JJF

INLO 205196

20. Plaintiff's claims are barred by additional defenses that may arise during the course of this litigation, which defendant reserves the right to assert.

### REQUEST FOR RELIEF

Defendant, On-Point Technology Systems, Inc., respectfully requests that this Court:

1. Declare that plaintiff's complaint should be dismissed with prejudice and without cost to defendant;

2. Award to defendant its costs and attorneys fees incurred in the defense of this action; and

3. Award to defendant such other relief as this Court deems just and equitable.

Respectfully submitted,

*F.X. Shadley*

Frederic X. Shadley (0028584)
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 762-6215
Trial Attorney for On-Point Technology Systems, Inc.

OF COUNSEL:

Linda E. Maichl (0042042)
Ulmer & Berne, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 762-6212

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of On-Point Technology Systems, Inc., was upon J. Robert Chambers and Keith R. Haupt, Wood, Herron, & Evans, L.L.P., 2700 Carew Tower, 441 Vine Street, Cincinnati, Ohio, 45202-2917 and L. Clifford Craig and John J. McCoy, Taft, Stettinius & Hollister, LLP, 1800 Firstar Tower, 425 Walnut Street, Cincinnati, Ohio, 45202-3957, Attorneys for plaintiff by regular, U.S. mail postage prepaid this 10th day of July, 2000.

*FXStadley*

7

GTech v. Scientific Games
04-128-JJF

INLO 205198

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on February 8, 2006, I caused to be electronically filed Scientific Games' Response To GTECH's Motion In Limine No. 7 To Exclude Evidence And Testimony Concerning: (A) Unrelated Disputes, (B) Prior Litigations, (C) Indefiniteness, (D) Inventorship, And (E) Inequitable Conduct (Redacted Version) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899

### BY FEDERAL EXPRESS

>Thomas J. Meloro
>Kenyon & Kenyon
>One Broadway
>New York, NY 10004

>*/s/ Rodger D. Smith II*
>Rodger D. Smith II (#3778)
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>rsmith@mnat.com
>    Attorneys for Defendants