IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GTECH CORPORATION,<br><br>               Plaintiff,<br><br>    v.<br><br>SCIENTIFIC GAMES INTERNATIONAL, INC., SCIENTIFIC GAMES HOLDINGS CORPORATION, SCIENTIFIC GAMES FINANCE CORPORATION, and SCIENTIFIC GAMES CORPORATION,<br><br>               Defendants. | Civil Action No. 04-138-JJF<br><br>PUBLIC VERSION filed<br>February 9, 2006 |

**GTECH'S OPPOSITION TO SCIENTIFIC GAMES' MOTION *IN LIMINE* NO. 1 TO PRECLUDE GTECH FROM PRESENTING EVIDENCE OR ARGUMENT CONCERNING SCIENTIFIC GAMES' OPINIONS OF COUNSEL**

Dated: February 2, 2006

*Of Counsel:*

Thomas J. Meloro
Larissa A. Soccoli
Andrew Reibman
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Douglas E. Ringel
KENYON & KENYON LLP
1500 K Street NW
Washington, DC 20005
Telephone: (202) 220-4200
Facsimile: (202) 220-4201
*Attorneys for Plaintiff GTECH Corporation*

YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP
Josy W. Ingersoll (#1088)
John Shaw (#3362)
Karen Keller (#4489)
Andrew A. Lundgren (#4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19889
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

I.  **INTRODUCTION**

GTECH respectfully submits this opposition to *Scientific Games' Motion in Limine No. 1 to Preclude GTECH from Presenting Evidence or Argument Concerning Scientific Games' Opinions of Counsel.*

**REDACTED**

GTECH and Scientific Games appear to be in agreement on this point. *See* GTECH's Motions *in limine* (Nos. 1-8) at motion no. 2 (D.I. 187).

However, to the extent Scientific Games is requesting that GTECH be precluded from introducing the fact that, **at the time of learning of the patents and commencing the infringing activity**, Scientific Games did ***not*** consult counsel or obtain an opinion, that request should be denied. That would improperly extend the scope of the recent Federal Circuit decision in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F. 3d 1337 (Fed. Cir. 2004)(en banc) ("*Knorr-Bremse*"), preventing GTECH from presenting evidence and eliciting facts and testimony relevant to its willful infringement claim.

II.  **ARGUMENT**

*Knorr-Bremse* held that "the failure to obtain an exculpatory opinion of counsel shall no longer provide an adverse inference or evidentiary presumption that such an opinion would be unfavorable." 383 F. 3d at 1346. The Federal Circuit formerly held that the failure to produce an exculpatory opinion of counsel at trial resulted in an inference that "either no opinion was obtained, or if an opinion were obtained, it was contrary to the infringer's desire to initiate or continue its use of a patentee's invention." *Id.* at 1343 (citing *Fromson v. Western Litho Plate*

1

*and Supply Co.*, 853 F.2d 1568, 1572-73 (Fed. Cir. 1988)). *Knorr-Bremse* eliminated this inference or presumption.

Notably, *Knorr-Bremse* did not eliminate and, in fact, **reaffirmed**, that willfulness is still evaluated under the "totality of the circumstances" test as set forth in prior Federal Circuit case law. *Knorr-Bremse,* 383 F.3d at 1346, 1347. Further, *Knorr-Bremse* confirmed that a potential infringer has "an affirmative duty of due care to avoid infringement of the known patent rights of others." *Id.* at 1345 (citation omitted).

> This court has explained that "there are no hard and fast per se rules" with respect to willfulness of infringement. *Rolls-Royce*, 800 F.2d at 1110. Precedent illustrates various factors, some weighing on the side of culpability and some that are mitigating or ameliorating. *See Read v. Portec, supra.*

*Id.* at 1346 (citing *Rolls-Royce Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1110 (Fed. Cir. 1986) and *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992)). *Read v. Portec* lists a number of factors which may be considered in the totality of the circumstances in determining whether due care has been exercised by the accused infringer. One of these factors involves whether, **upon learning of the patent**, the infringer investigated the scope of the patent and formed a good-faith belief that it was not infringing or that the patent was invalid. *Read*, 970 F.2d at 827.

Notably, the Federal Circuit explicitly declined in *Knorr-Bremse* to address whether the plaintiff could inform the fact-finder that the defendant failed to consult counsel:

> Several amici curiae raised the question of whether the trier of fact, particularly a jury, can or should be told whether or not counsel was consulted (albeit without any inference as to the nature of the advice received) as part of the totality of the circumstances relevant to the question of willful infringement. The amici pointed to various hypothetical circumstances in which such information could be relevant, even when there was no issue of attorney-client privilege. That aspect is not raised by this case, was not before the

2

> district court, and has not been briefed on this appeal. Today we resolve only the question of whether adverse inferences of unfavorable opinions can be drawn, and hold that they can not.

*Knorr-Bremse*, 383 F.3d at 1346. However, the Federal Circuit's prior case law supports the conclusion that the plaintiff may inform the fact-finder of the defendant's failure to consult counsel. *See, e.g.*, *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389-90 (Fed. Cir. 1983). Indeed, this very issue was just considered in this District in *IMX, Inc. v. Lending Tree, LLC*, 2006 U.S. Dist. LEXIS 284 (D. Del. January 6, 2006) (J. Robinson) (attached hereto as Exhibit A.) *IMX* specifically held that "[t]he fact that no opinion of counsel on the issue of infringement was acquired by the defendant **may be considered by the trier of fact** in its willful infringement analysis, but no inference may be drawn to suggest that such an opinion, had it been acquired, would have been unfavorable to defendant." *Id.* at *5 (emphasis added).

Here, Scientific Games knew about the patents-in-suit prior to the lawsuit yet did not seek an opinion of counsel at that time. This fact is highly probative of whether Scientific Games proceeded with due care upon learning of the patents.

## III. CONCLUSION

For all the foregoing reasons and the reasons set forth in GTECH's Motion *in Limine* No.2, Scientific Games' motion *in limine* should be denied to the extent it seeks to preclude GTECH from offering evidence concerning Scientific Games' conduct at the time of learning of the patents-in-suit and/or commencement of infringing activity, including the absence of consultation with, or obtaining an opinion of counsel.

Respectfully submitted,

Dated: February 2, 2006

By: /s/ Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
Josy W. Ingersoll (#1088)
John Shaw (#3362)
Karen Keller (#4489)
Andrew A. Lundgren (#4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19889
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Of Counsel:*
Thomas J. Meloro
Larissa A. Soccoli
Andrew Reibman
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Douglas E. Ringel
KENYON & KENYON LLP
1500 K Street NW
Washington, DC 20005
Telephone: (202) 220-4200
Facsimile: (202) 220-4201

*Attorneys for Plaintiff GTECH Corporation*

# EXHIBIT A

LEXSEE 2006 U.S. DIST. LEXIS 284

**IMX, INC., Plaintiff, v. LENDINGTREE, LLC, Defendant.**

Civ. No. 03-1067-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2006 U.S. Dist. LEXIS 284*

January 6, 2006, Decided

**PRIOR HISTORY:** *IMX, Inc. v. LendingTree, LLC, 2005 U.S. Dist. LEXIS 33178 (D. Del., Dec. 16, 2005)*

**COUNSEL:** [*1] For IMX, Inc., Plaintiff: David Ellis Moore, Richard L. Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE; Margaret E. Day, Pro Hac Vice.

For LendingTree LLC, Defendant: Jack B. Blumenfeld, Julia Heaney, Morris, Nichols, Arsht & Tunnell, Wilmington, DE; A. Shane Nichols, Pro Hac Vice.

For IMX, Inc., Counter Defendant: David Ellis Moore, Richard L. Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE.

For LendingTree, Inc., Counter Claimant: Jack B. Blumenfeld, Nichols, Arsht & Tunnell, Wilmington, DE.

For LendingTree LLC, Counter Claimant: Julia Heaney, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

For IMX, Inc., Counter Defendant: Richard L. Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE.

**JUDGES:** Sue L. Robinson, United Status District Judge.

**OPINIONBY:** Sue L. Robinson

**OPINION:**

### MEMORANDUM ORDER

At Wilmington this 6th day of January, 2006, having considered the issues raised by defendant at the December 19, 2005 pretrial conference;

IT IS ORDERED that plaintiff is precluded from seeking to draw an adverse inference or suggesting any adverse evidentiary presumption with respect to the nature of an opinion of counsel on infringement due to defendant's [*2] failure to obtain such an opinion, for the reasons that follow:

1. At the December 19, 2005 pretrial conference, defendant raised the following matter for consideration by the court: "Whether [plaintiff] may make any arguments or seek to draw inferences relating to the fact that the opinion of counsel obtained by defendant addressed the issue of invalidity of the patent-in-suit, but not the issue of infringement."

2. The holding of the Federal Circuit in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corporation, et al., 383 F.3d 1337 (Fed. Cir. 2004)* (en banc), provides a clear answer to the question of whether inferences can be drawn as a result of the absence of an opinion from counsel. The Federal Circuit noted, "We now hold that no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel. Precedent to the contrary is overruled." *Knorr-Bremse, 383 F.3d at 1341*. Pursuant to this holding, plaintiff may not seek to draw the inference that, since the opinion by counsel obtained by defendant failed to discuss infringement, [*3] an opinion by counsel on infringement would have been unfavorable if obtained by defendant.

3. As the court in *Knorr-Bremse* further explained, "Although there continues to be an affirmative duty of due care to avoid infringement of the known patent rights of others, the failure to obtain an exculpatory opinion of counsel shall no longer provide an adverse inference or evidentiary presumption that such an opinion would have been unfavorable." *Id. at 1345* (internal citations omitted). Thus, plaintiff should be precluded from seeking to draw an adverse inference or suggesting any adverse evidentiary presumption as to the nature of an opinion on infringement.

4. As for the propriety of an argument relating to the fact that the opinion of counsel obtained by defendant addressed the issue of invalidity but not infringement, such evidence may be considered by the trier of fact when assessing willful infringement. Unchanged by Knorr-Bremse is the standard that a determination of willfulness is made as a result of consideration of the totality of the circumstances. *Id. at 1342-43*. Several factors may be considered in the totality of the circumstances [*4] analysis used to evaluate willfulness, but no factor deserves per se treatment; each factor must be given the weight warranted by its strength in a particular case. n1 *Rolls-Royce, Ltd. v. GTE Valeron Corp., 800 F.2d 1101, 1110 (Fed. Cir. 1986); Knorr-Bremse, 383 F.3d at 1347*. As a result of the holding in Knorr-Bremse, however, an adjustment is made to the factors used in the evaluation of the totality of the circumstances. *Knorr-Bremse, 383 F.3d at 1346* (vacating a judgment of willful infringement and remanding the case, noting that "because elimination of the adverse inference as drawn by the district court is a material change in the totality of circumstances, a fresh weighing of the evidence is required to determine whether the defendants committed willful infringement."). In other words, while an evaluation of the factors in the totality of the circumstances must still be conducted to make a determination on the issue of willful infringement, such an evaluation must be made in the absence of the evidentiary contribution or presumptive weight of an adverse inference that any opinion of counsel was or would have been unfavorable. [*5] *Id. at 1341*. The fact that no opinion of counsel on the issue of infringement was acquired by defendant may be considered by the trier of fact in its willful infringement analysis, but no inference may be drawn to suggest that such an opinion, had it been acquired, would have been unfavorable to defendant.

n1 The Federal Circuit has identified several factors that may be considered in determining whether infringement is willful: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the defendant's size and financial condition; (5) closeness of the case; (6) the duration of defendant's misconduct; (7) remedial action taken by defendant; (8) defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct. *Read Corp. v. Portec, Inc., 970 F.2d 816, 827 (Fed. Cir. 1992)*.

[*6]

Sue L. Robinson

United Status District Judge

1/6/06

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on February 2, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>Wilmington, DE 19801

I further certify I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Andrew A. Lundgren
>_____
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>alundgren@ycst.com
>
>*Attorneys for GTECH Corporation*